1
2
3
4
5
6
7
8
9
10
11
12
13
14

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

15

16

17

18

19

20

21

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, | Case No. CV 07-05744 AHM (AJWx) |
| Plaintiffs, | |
| v. | **INTERIM PROTECTIVE ORDER** |
| VEOH NETWORKS, INC., a California corporation, DOES 1-10, inclusive, | Judge:   Hon. Andrew J. Wistrich |
| | Ctrm:    690 |
| Defendants. | |

22
23
24
25
26
27
28

Pursuant to the Stipulation for Interim Protective Order submitted by the parties, the Court hereby Orders as follows:

1.     The Court enters the STIPULATED INTERIM PROTECTIVE ORDER set forth below;

2.     Entry of the STIPULATED INTERIM PROTECTIVE ORDER shall be without prejudice to either parties' positions regarding the pending motion for entry of protective order.

3.     Neither party shall disclose any material it receives in discovery which is designated under the STIPULATED INTERIM PROTECTIVE ORDER to any Independent Expert or Consultant (as those terms are used in paragraph 9 of the STIPULATED INTERIM PROTECTIVE ORDER) during the pendency of the motion for entry of protective order presented to the Court;

4.     After the Court's ruling on the motion for entry of protective order, any materials designated under the STIPULATED INTERIM PROTECTIVE ORDER will be governed by the terms of such protective order as the Court may enter in ruling on the motion.

## STIPULATED INTERIM PROTECTIVE ORDER

Plaintiffs UMG Recordings, Inc., Universal Music Corp., Songs of Universal, Inc., Universal-Polygram International Publishing, Inc., Rondor Music International, Inc., Universal Music – MGB NA LLC, Universal Music – Z Tunes LLC, and Universal Music – MGB Music Publishing Ltd. (collectively, "UMG"), and Defendant Veoh Networks, Inc. ("Veoh") (collectively, the "Parties," and each individually, a "Party") recognize that the Parties and third parties may be required, pursuant to discovery, to disclose confidential, proprietary, trade secret, or private information in *Universal Music Group v. Veoh Networks, Inc.*, CV 07-05744 AHM AJWx ("the Action" or the "Litigation").  To protect against the improper use or disclosure of such information, the Parties agree that good cause exists for the entry

1  of this Protective Order pursuant to Rule 26(c), in the above-captioned Action as

2  evidenced by the signatures of their respective counsel, and accordingly stipulate as

3  follows:

4      **IT IS HEREBY ORDERED BY STIPULATION OF THE PARTIES**

5  **THAT**:

6      1.      This Protective Order shall govern all Discovery Materials produced or

7  disclosed in the Litigation by any Party, or by any non-party, or their respective

8  counsel, retained experts, directors, officers, employees, or agents (referred to herein

9  collectively as "Representatives") (the "Producing Party") to any other Party or its

10 Representatives (the "Receiving Party").  The term "Discovery Materials" shall

11 mean and include Documents (as defined below); answers to interrogatories;

12 responses to requests for admissions; depositions; expert reports; briefs,

13 memoranda, or writings filed with or otherwise supplied to the Court; and such other

14 materials and information as may be produced or disclosed during the course of

15 discovery in the Litigation.  The term "Documents" shall mean every means of

16 recording any form of communication or representation upon any tangible thing,

17 including letters, words, pictures, sounds, or symbols, or combinations thereof,

18 whether recorded by handwriting, printing, photostatic, or photographic means,

19 magnetic impulse, tape, computer disk, CD-ROM or any other form of data storage,

20 data compilation, or mechanical or electronic recording, and all other tangible

21 things, including writings, drawings, graphs, charts, photographs, sound recordings,

22 images, and other data or data compilations stored in any medium from which

23 information can be obtained, which come within the meaning of "writing" contained

24 in Rule 1001 of the Federal Rules of Evidence, or within the meaning of

25 "document" or "tangible thing" contained in Rule 34 of the Federal Rules of Civil

26 Procedure.

27     2.      The term "CONFIDENTIAL INFORMATION" shall mean and include

28 non-public confidential information of or in the possession of the Producing Party as

to which the Producing Party considers in good faith to contain Trade Secrets (as that term is defined in California Civil Code § 3426.1)[1] or confidential business, financial, or technical information that may be protected from public disclosure under the Federal Rules of Civil Procedure or California law, including without limitation non-public financial information regarding the party's goods, services and businesses and potential businesses, including cost information, and profit and loss information; non-public financial projections and forecasts; internal P&L statements and other non-public financial and economic information including financial analyses, budgets, sales projections and forecasts; non-public information regarding business development, marketing and sales plans; non-public surveys; non-public technical information including non-public engineering, manufacturing and commercial information and know-how; non-public competitive analyses; customer and member information; confidential agreements with third parties; confidential communications with third parties; information received from third parties under conditions of confidentiality, for example, pursuant to non-disclosure agreements or confidentiality provisions; source code, proprietary databases and other proprietary electronically stored information.

     3.    The term "ATTORNEYS' EYES ONLY INFORMATION" shall mean the subset of CONFIDENTIAL INFORMATION that contains information of an extremely sensitive nature as to which the Producing Party has a good faith belief that disclosure to a Receiving Party, even pursuant to the restrictions of this Protective Order governing CONFIDENTIAL INFORMATION, could pose a significant risk of competitive harm.  The Parties agree that ATTORNEYS' EYES

---

[1] "Trade Secrets" accordingly means "information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."  Cal. Civ. Code § 3426.1.

1  ONLY information should be produced on more restrictive terms than other

2  CONFIDENTIAL INFORMATION to reduce the risk of competitive harm.

3      4.      Recognizing that the ordinary ATTORNEYS' EYES ONLY category

4  should generally protect parties and non-parties against the risk of having even

5  sensitive information exposed to business personnel, the Parties agree that some

6  information is so sensitive that greater protection is warranted.  Therefore, the

7  Parties agree that such highly sensitive information may be designated as

8  "OUTSIDE COUNSEL EYES ONLY," where they reasonably and in good faith

9  believe that providing such information to the limited House Counsel (as defined in

10 Paragraphs 6 and 7) under the Protective Order represents an unreasonable risk of

11 intentional or inadvertent disclosure, including without limitation:

12      (a)    Proprietary and confidential business plans that the other parties

13             could utilize to their competitive advantage if they were provided

14             access to them;

15      (b)    Proprietary and confidential financial information that the other

16             parties could utilize to their competitive advantage if they were

17             provided access to them; and

18      (c)    Other types of proprietary and confidential trade secrets such as

19             lists of customers not publicly known, technical information, cost

20             information, and individual pricing information not either

21             publicly available or available upon the request of a customer

22             that competitors could utilize to their competitive advantage.

23      5.     Any Discovery Materials filed with the Court or produced or provided

24 by any Party or non-party in the course of discovery or other proceedings in this

25 action may be designated by such Party or non-party as CONFIDENTIAL

26 INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE

27 COUNSEL EYES ONLY, so long as a good faith and reasonable basis exists for

28 such a designation.

[PROPOSED] INTERIM PROTECTIVE ORDER

6.     The term "Counsel" shall mean counsel of record in the Litigation and in-house counsel for the companies who are attorneys actively involved in the management and supervision of litigation for their employers ("House Counsel") (subject to the limitations set forth in paragraph 7), and the supporting personnel employed by the attorneys, such as paralegals, translators, secretaries, clerks, shorthand reporters and document copiers.

7.     (a) Each party hereby designates the following individuals as their "House Counsel" unless adjusted pursuant to the terms of this Paragraph:

For UMG:

(1) Michael Ostroff, (2) Harvey Geller, and (3) Darren Schmidt.

For Veoh:

(1) Joshua Metzger, (2) Reserved, and (3) Reserved.

(b) Unless otherwise ordered by the Court or agreed in writing by the parties, a Party that seeks to designate new House Counsel ("Designating Party"), must first serve a written request on the other Party (1) that sets forth the full name, current employer(s) and job title(s) of the proposed new House Counsel, and (2) that identifies which of the previously-designated House Counsel will be relieved of authority to review Attorneys' Eyes Only Discovery Materials.

(c)     A Designating Party that serves a request in accordance with the preceding subparagraph may disclose confidential Discovery Materials to the proposed new House Counsel unless, within seven court days of serving the request, the other party serves the Designating Party with a written objection to the proposed new House Counsel.  Any such objection must set forth with particularity the ground(s) on which it is based.  The Parties must then promptly meet and confer to try to resolve their disagreement.  If no agreement is reached, the Parties shall contact the Court to determine whether it is the Court's preference to resolve the dispute by (1) teleconference, (2)

1  letter briefs, or (3) joint stipulation in accordance with the Local Rule

2  governing discovery disputes.

3      8.     A party or non-party disclosing information or producing documents

4  that are not to be accessed by any House Counsel shall designate such information

5  or documents as OUTSIDE COUNSEL EYES ONLY.

6      9.     An "Independent Expert or Consultant" is any person or organization

7  with whom counsel or a party may deem it necessary to consult concerning

8  technical, financial or other aspects of this case for the preparation or trial thereof.

9  For the purposes of this Order, an Independent Expert or Consultant shall be

10  restricted to a person who is retained or employed as a bona fide consultant or

11  expert for purposes of this litigation, whether full or part time, by or at the direction

12  of counsel for a party, and is not a past or a current employee of any party or of a

13  competitor of any party to this action, and who, at the time of retention, is not

14  anticipated to become an employee of a Party or a competitor of a Party's.  No

15  Independent Expert or Consultant may be shown any CONFIDENTIAL

16  INFORMATION, including ATTORNEYS' EYES ONLY INFORMATION or

17  OUTSIDE COUNSEL EYES ONLY INFORMATION, until such person or

18  organization reads this Protective Order and agrees to be bound by its terms by

19  signing the Non-Disclosure Agreement attached hereto as Exhibit A.  The Party who

20  has retained such an Independent Expert or Consultant shall keep the original Non-

21  Disclosure Agreement signed by the Independent Expert or Consultant and, if

22  requested, make it available for inspection or copying by the Producing Party at the

23  conclusion of the litigation and all appeals, unless the Independent Expert or

24  Consultant has already been designated as a testifying expert, in which case it may

25  be requested by the Producing Party after such designation.

26      10.    Except as provided for below in Paragraphs 11, 12 or 13, any

27  Discovery Materials containing or including any CONFIDENTIAL

28  INFORMATION shall be designated as such by the Producing Party by stamping or

- 6 -

labeling it with, or otherwise affixing thereto, the following legend on every page of the Document:

**<u>CONFIDENTIAL</u>**

11.     Except as provided for in Paragraphs 12 or 13 below, any Discovery Materials containing or including any ATTORNEYS' EYES ONLY INFORMATION shall be designated as such by the Producing Party by stamping or labeling it with, or otherwise affixing thereto, the following legend on every page of the Document:

**<u>CONFIDENTIAL - ATTORNEYS' EYES ONLY</u>**

12.     Except as provided for in Paragraph 13 below, any Discovery Materials containing or including any OUTSIDE COUNSEL EYES ONLY INFORMATION shall be designated as such by the Producing Party by stamping or labeling it with, or otherwise affixing thereto, the following legend on every page of the Document:

**<u>CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY</u>**

13.     All CONFIDENTIAL INFORMATION, including ATTORNEYS' EYES ONLY INFORMATION and OUSIDE COUNSEL EYES ONLY INFORMATION, not reduced to documentary or tangible form or which cannot be conveniently designated in the manner set forth in Paragraphs 9, 10, and 11 above shall be designated by the Producing Party by informing the Receiving Party in writing of the appropriate designation.

14.     If a Producing Party discloses Discovery Materials which, during the pendency of this litigation, it later determines were not, but should have been, designated CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES ONLY, the Producing Party may so designate such Discovery Material by serving a written notice upon the Receiving Party within ten (10) Court days of learning of the incorrect designation, along with a copy of such Discovery Materials marked with the appropriate designation.  The Receiving Party shall then take reasonable steps to destroy or return to the

1   Producing Party all unmarked copies of such Discovery Materials within ten (10)

2   Court days and certify in writing that it has done so.  The Receiving Party is relieved

3   of liability for any good faith reliance on the previous designation.

4        15.    If a Receiving Party wishes to challenge a Producing Party's

5   designation of Discovery Materials as CONFIDENTIAL INFORMATION,

6   ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES

7   ONLY, the Receiving Party may, at any time, notify the Producing Party in writing

8   that it requests a redesignation or release of confidentiality, stating the basis for its

9   request.  Within ten (10) Court days of such a written request, the Producing Party

10  shall either (1) grant in writing the request; or (2) communicate in writing its refusal

11  to do so, stating the basis for its refusal.  If the Producing Party fails to communicate

12  in writing its refusal to release confidentiality within ten (10) Court days, the

13  Producing Party shall be deemed to have refused and the parties shall meet and

14  confer and attempt to resolve the matter without Court intervention.  Similarly, if a

15  refusal is made or deemed made, the parties shall make a good faith effort to resolve

16  the matter without Court intervention.  If a refusal is made and not resolved by the

17  parties, the Receiving Party shall file, within ten (10) Court days of such written

18  request for release, a motion with the Court in support of its request for

19  redesignation or release of confidentiality in which the Receiving Party shall bear

20  first the burden of showing its need for additional disclosure.  If the Receiving Party

21  meets this burden, the burden shifts so that the Producing Party shall bear the burden

22  of showing the appropriateness of the confidentiality designation.  If the Receiving

23  Party fails to file a motion in the prescribed time, the Receiving Party shall be

24  deemed to have withdrawn its objection.  Discovery Materials designated

25  CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY

26  INFORMATION, or OUTSIDE COUNSEL EYES ONLY INFORMATION shall

27  be given the CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY

28  INFORMATION, or OUTSIDE COUNSEL EYES ONLY INFORMATION

1  treatment provided for in this Protective Order until the parties resolve the matter,

2  the refusal to release confidentiality is withdrawn, or the Court orders re-designation

3  of the Discovery Materials.

4       16.    In the event the Producing Party elects to produce CONFIDENTIAL

5  INFORMATION, including ATTORNEYS' EYES ONLY INFORMATION or

6  OUTSIDE COUNSEL EYES ONLY INFORMATION, for inspection by the

7  Receiving Party before copying, no marking need be made by the Producing Party

8  in advance of the inspection, but the Producing Party shall inform the Receiving

9  Party of the intended designation of the Discovery Materials to be inspected.  The

10  Receiving Party shall treat all such CONFIDENTIAL MATERIAL, including

11  ATTORNEYS' EYES ONLY INFORMATION and OUTSIDE COUNSEL EYES

12  ONLY INFORMATION, inspected, during the inspection and thereafter, pursuant

13  to this Protective Order.  Should Documents be copied by or for the Receiving

14  Party, the Producing Party shall mark the copies of such Documents as may contain

15  protected subject matter with the appropriate confidentiality marking at the time the

16  copies are produced to the Receiving Party.

17       17.    Whenever a deposition taken on behalf of any party involves the

18  reference to or disclosure of CONFIDENTIAL INFORMATION, ATTORNEYS'

19  EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES ONLY

20  INFORMATION:

21            (a)    said deposition or portions thereof (including exhibits) that

22                   contains CONFIDENTIAL INFORMATION, ATTORNEYS'

23                   EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES

24                   ONLY INFORMATION shall be so designated by a statement to

25                   such effect on the record in the course of the deposition.

26                   Alternatively, within twenty (20) Court days after receiving the

27                   transcript containing CONFIDENTIAL INFORMATION,

28                   ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE

COUNSEL EYES ONLY INFORMATION the party whose
CONFIDENTIAL INFORMATION, ATTORNEYS' EYES
ONLY INFORMATION, or OUTSIDE COUNSEL EYES
ONLY INFORMATION has been disclosed may designate pages
of the transcript as confidential by listing the pages of the
transcript containing CONFIDENTIAL INFORMATION,
ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE
COUNSEL EYES ONLY INFORMATION and serving copies
of the list to counsel for all parties so that it may be affixed to the
face of the transcript and each copy thereof.  Pending such
designation by counsel, the entire deposition transcript, including
exhibits, shall be deemed ATTORNEYS' EYES ONLY
INFORMATION or, if Discovery Materials designated as
OUTSIDE COUNSEL EYES ONLY INFORMATION are used
during that deposition, as OUTSIDE COUNSEL EYES ONLY.
If no designation is made within the prescribed time, the
transcript shall be considered not to contain CONFIDENTIAL
INFORMATION, ATTORNEYS' EYES ONLY
INFORMATION, or OUTSIDE COUNSEL EYES ONLY
INFORMATION other than those portions designated on the
record during the deposition, if any; and

(b)    either party shall have the right to exclude from attendance at
said deposition, during such time as the CONFIDENTIAL
INFORMATION, including ATTORNEYS' EYES ONLY
INFORMATION or OUTSIDE COUNSEL EYES ONLY
INFORMATION, is to be referenced or disclosed, every
individual excluding the deponent and his attorney, the court
reporter, videographer and those individuals authorized under

this Protective Order to receive the CONFIDENTIAL
INFORMATION, including ATTORNEYS' EYES ONLY
INFORMATION or OUTSIDE COUNSEL EYES ONLY
INFORMATION.

18.     All Discovery Materials designated as CONFIDENTIAL
INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE
COUNSEL EYES ONLY INFORMATION shall be treated as confidential by the
Receiving Party and shall not be used by the Receiving Party for any purpose other
than in connection with this Action unless and until such designation is removed by
agreement of Counsel or by Order of the Court.

19.     Except as provided herein, all Discovery Materials designated as
ATTORNEYS' EYES ONLY shall not be disclosed by the Receiving Party to
anyone other than: (i) Counsel, (ii) Independent Experts or Consultants; and (iii) the
Court, pursuant to the terms of this Protective Order.

20.     Except as provided herein, all Discovery Materials designated as
CONFIDENTIAL INFORMATION but not as ATTORNEYS' EYES ONLY
INFORMATION shall not be disclosed by the Receiving Party to anyone other than:
(i) Counsel, (ii) Independent Experts or Consultants, (iii) any officer, director or
employee of UMG and/or Veoh, to the extent deemed necessary by counsel for
purposes only in connection with this litigation; and (iv) the Court, pursuant to the
terms of this Protective Order.

21.     Unless as otherwise ordered by the Court, information and documents
designated as OUTSIDE COUNSEL EYES ONLY shall not be disclosed to any
person other than:

      (a)     the attorneys of record for the Parties (but not including in-house
counsel for the Parties or any attorney who is an officer, director,
shareholder, or employee of any Party or its corporate affiliates)
and their partners, shareholders, associates, document clerks and

paralegals who are assigned to and necessary to assist such attorneys.  For the purpose of this subparagraph, "affiliate" shall mean any corporate parent or subsidiary of any Party, or any other entity that is under common control with any Party or corporate parent or subsidiary of any Party, or any of their successors or predecessors in interest;

(b) secretaries, stenographers and other office or clerical personnel employed by said attorneys and who assist them with respect to litigation;

(c) the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as OUTSIDE COUNSEL EYES ONLY information;

(d) such other persons as may be consented to by the Party designating such information as OUTSIDE COUNSEL EYES ONLY information;

(e) outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

(f) "independent experts or consultants" as defined and provided for in paragraph 9; and

(g) professional court reporters engaged to transcribe deposition testimony, professional videographers engaged to videotape deposition testimony and translators.

22.   In addition to the authorized persons listed in Paragraphs 19, 20, and 21, with respect to Documents designated as including CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES ONLY INFORMATION, any person indicated on the face of the Document to be its originator or author or a recipient thereof may be shown the

- 12 -

Document. Additionally, any Document designated as including CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, OUTSIDE COUNSEL EYES ONLY INFORMATION may be shown during a deposition to the deposition witness if the witness is employed, at the time of his or her deposition, by the party that produced the Document so designated during the deposition of that person. A Document designated as including CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES ONLY INFORMATION that contains handwriting may be shown to a deposition witness for the purpose of determining whether the deposition witness is the author of the Document or the handwriting, provided that the attorney establishes through deposition testimony a reasonable and good faith basis for believing that the Document or handwriting was or could have been authored by the deposition witness, and provided that the attorney takes reasonable steps to ensure that no unnecessary disclosure of CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES ONLY INFORMATION takes place (e.g., by showing the deposition witness a limited sample of the handwriting at issue).

23. Nothing contained in this Protective Order shall preclude the Producing Party from using or disseminating its own CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES ONLY INFORMATION.

24. CONFIDENTIAL INFORMATION, including ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES ONLY INFORMATION, and all items which reveal the contents thereof to be filed with the Court by any party or non-party shall be filed in sealed envelopes or other appropriately sealed containers on which shall appear a legend which provides as follows:

FILED UNDER SEAL

- 13 -

CONTAINS CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER
The enclosed materials are subject to a Protective Order of the United
States District Court for the Central District of California.  This
envelope may not be opened without Court Order by any person other
than this Court, court personnel or counsel of record.

In order to enable the Court to determine whether there is evidence that the Court should attempt not to disclose, if a party or non-party files with the Court any documents that contain, refer to, or rely on CONFIDENTIAL INFORMATION, all such documents shall clearly identify the particular aspects of the documents that contain, refer to, or rely upon such CONFIDENTIAL INFORMATION.  Absent such notification, the Court will be free to incorporate all such documents and any information contained, referred to, or relied upon therein in its written and oral rulings.  The parties may do so at any time prior to the hearing or trial at which the material may be used.  Under circumstances in which a ruling is likely to be made without a hearing, the parties may do so within one court day of the filing.

25.    No provision of this Protective Order shall be deemed to create a waiver as to inadvertently-produced Discovery Materials that are protected from discovery on the basis of privilege or the work-product doctrine under Rule 26 of the Federal Rules of Civil Procedure.  The inadvertent production of such documents does not waive any privilege or immunity with respect to such production or with respect to other materials or information referred to in the materials produced, so long as a request for the return of such documents or information is made within ten (10) Court days after the Producing Party learns of its inadvertent production.  Within five (5) Court days of such request, the Receiving Party shall take reasonable efforts to return the inadvertently produced documents identified and all copies thereof, and certify in writing that it has done so.  Nothing in this Paragraph shall prejudice the right of any party to seek discovery of communications, documents and things as to which a claim of privilege has been made.

26.     If CONFIDENTIAL INFORMATION, including ATTORNEYS' EYES ONLY INFORMATION or OUTSIDE COUNSEL EYES ONLY INFORMATION, or any portion thereof is disclosed by the Receiving Party, through inadvertence or otherwise, to any person or party not authorized under this Protective Order, then the Receiving Party shall use its best efforts to retrieve immediately all copies of such CONFIDENTIAL INFORMATION, including ATTORNEYS' EYES ONLY INFORMATION or OUTSIDE COUNSEL EYES ONLY INFORMATION, and to bind such person to the terms of this Protective Order.  In such event, the Receiving Party shall also (a) promptly inform such person of all the provisions of this Protective Order; (b) identify such person immediately to the Producing Party; and (c) request such person to execute the Non-Disclosure Agreement attached hereto as Exhibit A.  The foregoing shall not relieve a party of liability, if any, for disclosing CONFIDENTIAL INFORMATION, including ATTORNEYS' EYES ONLY INFORMATION or OUTSIDE COUNSEL EYES ONLY INFORMATION, in violation of this Protective Order.

27.     Nothing in this Protective Order shall be deemed to preclude any party or third party from seeking and obtaining, on an appropriate showing, additional protection regarding materials or information designated as CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES ONLY INFORMATION, or relief from this Protective Order.  In any such request to the Court, the party seeking to obtain additional protection or to obtain relief from this Protective Order, shall bear the burden of showing why such additional protection or relief should be granted.

28.     Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering advice to the attorney's party-client relying upon an examination of CONFIDENTIAL INFORMATION, including ATTORNEYS' EYES ONLY INFORMATION or OUTSIDE COUNSEL EYES ONLY INFORMATION, provided, however, that in rendering such advice and in otherwise

communicating with the party-client, the attorney shall not disclose any CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES ONLY INFORMATION, nor the source of any CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES ONLY INFORMATION to anyone not authorized to receive such Discovery Materials pursuant to the terms of this Protective Order.

29.    Notwithstanding any other provision of this Protective Order, the confidentiality obligations of this Protective Order shall not apply or shall cease to apply (as the case may be) to any CONFIDENTIAL INFORMATION, including ATTORNEYS' EYES ONLY INFORMATION or OUTSIDE COUNSEL EYES ONLY INFORMATION, that:

(1)    at the time of disclosure hereunder, was already in the public domain by publication or otherwise;

(2)    has become, through no act or failure on the part of the Receiving Party, part of the public domain by authorized publication or otherwise lawful means;

(3)    at the time of disclosure, was already in the lawful possession of the Receiving Party;

(4)    after disclosure hereunder, was acquired by the Receiving Party from a third party lawfully possessing such CONFIDENTIAL INFORMATION,  ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES ONLY INFORMATION, and having no confidentiality obligation to the Producing Party;

(5)    the Producing Party agrees may be disclosed to a third party under no confidentiality obligation; or

(6)    the Court, after notice to the parties and upon good cause, orders

to be disclosed.

30.    In the event that the case proceeds to trial, the parties may move the Court, at any time within the deadlines set by the Court for the service and hearing of motions in limine, to maintain the protected status of any information designated as CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES ONLY pursuant to this Protective Order, or to implement alternative or additional protections for such information at trial.  If the moving party shows sufficient cause to maintain the protected status of the information or to implement alternative or additional protections at trial, the Court will enter an order to that effect.  If no party makes a motion under this Paragraph or if the Court denies a party's motion under this Paragraph with respect to any information previously designated as CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES ONLY such information will become public upon commencement of the trial and will be presumptively available to all members of the public.

31.    If a Receiving Party in possession of Discovery Materials designated as CONFIDENTIAL INFORMATION, including ATTORNEYS' EYES ONLY INFORMATION or OUTSIDE COUNSEL EYES ONLY INFORMATION, receives a subpoena or other request from a non-party to either action seeking production or other disclosure of such Discovery Materials, the Receiving Party shall immediately give written notice to the Producing Party, specifying the Discovery Materials sought and enclosing a copy of the request, subpoena or other form of compulsory process.  The Receiving Party shall not produce or otherwise disclose any Discovery materials containing CONFIDENTIAL INFORMATION, including ATTORNEYS' EYES ONLY INFORMATION or OUTSIDE COUNSEL

EYES ONLY INFORMATION, without prior written authority from the Producing Party or order of this Court.

32.     Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.  The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery or to object to a requested inspection of Documents or things, and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

33.     In the event anyone shall violate or threaten to violate the terms of this Protective Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of the Protective Order, and in the event the aggrieved party shall do so, the respondent person, subject to the provisions of this Protective Order, shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy at law.  The parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order.  The foregoing shall not be construed as limiting a party's right to seek other remedies, including damages, if any, in the event of a violation of this Protective Order.

34.     Either party may request any reasonable amendment to this Protective Order to facilitate the efficient and appropriate handling of CONFIDENTIAL INFORMATION, including ATTORNEYS' EYES ONLY INFORMATION or OUTSIDE COUNSEL EYES ONLY INFORMATION.  Non-parties from whom discovery is sought in connection with this action may designate their Discovery Materials as CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES ONLY INFORMATION, under

1   the provisions of this Order.  Any amendment to this Protective Order must be

2   entered by the Court to be effective.

3       35.     All Discovery Materials together with all copies thereof, which have

4   been designated as including CONFIDENTIAL INFORMATION, ATTORNEYS'

5   EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES ONLY

6   INFORMATION and any documents containing such information, shall be

7   destroyed or returned to the respective Producing Party, and as preferred by the

8   Producing Party, within thirty (30) calendar days after the entry of final judgment

9   and conclusion of any and all appeals, or the final settlement of this case, and certify

10  in writing that it has done so.  Notwithstanding the foregoing, outside Counsel may

11  maintain archival copies of pleadings, motion papers, legal memoranda,

12  correspondence and work product that contain any CONFIDENTIAL

13  INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE

14  COUNSEL EYES ONLY INFORMATION.  At all times while in existence, such

15  archival copies shall be treated pursuant to the terms of this Protective Order.

16      36.     All notices, objections and other communications required or permitted

17  to be made pursuant to any provision of this Protective Order shall be in writing.

18      37.     Except as specifically provided herein, the terms, conditions, and

19  limitations of this Protective Order shall survive the termination of this action.  This

20  Protective Order shall remain in force and effect until modified, superseded, or

21  terminated by consent of the parties or by order of the Court made upon reasonable

22  written request.  This Court shall retain jurisdiction over the subject matter of this

23  Order and the parties herein for purposes of enforcing this Order.

24

25  **SO ORDERED.**

26  Dated: May 20, 2008
                                    _____

27                                  Hon. Andrew J. Wistrich

28                                  United States Magistrate Judge

- 19 -

1

2

**EXHIBIT A**

3

**UNITED STATES DISTRICT COURT**

4

**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

5

6  UMG RECORDINGS, INC., *et al.*,               )    Case No. CV 07-05744 AHM (AJWx)
                                                 )
7                    Plaintiffs,                 )
                                                 )
8         v.                                     )    **CONSENT TO BE BOUND BY**
                                                 )    **STIPULATED PROTECTIVE**
9  VEOH NETWORKS, INC., a California )    **ORDER GOVERNING**
   corporation; and DOES 1-10, inclusive, )    **DISCLOSURE OF CONFIDENTIAL**
10                                               )    **MATERIALS**
                     Defendants.                 )
11                                               )    Judge:  Hon. A. Howard Matz
                                                 )    Ctrm:   14
12  _____ )

13  _____

14

15        I hereby certify that I have read the Stipulated Protective Order Governing

16  Disclosure Of Confidential Materials in the above-entitled action.  I agree to be

    bound by its terms.  I also agree that any information I receive pursuant to the

17  Stipulated Protective Order shall not be used other than as provided in the Stipulated

18  Protective Order.  I also hereby consent to be subject to the personal jurisdiction of

19  the United States District Court for the Central District of California for any

20  proceedings relating to the enforcement of the Stipulated Protective Order.

21

22  Dated:_____

23  SF:206560.1                              _____
                                                          [Signature]
24                                           Name:_____

25                                           Affiliation:_____

26                                           Address:_____

27                                                    _____
                                                    _____
28                                           Phone:_____