Rebecca Lawlor Calkins (SBN: 195593)
Email: rcalkins@winston.com
Erin R. Ranahan (SBN: 235286)
Email: eranahan@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: 213-615-1700
Facsimile: 213-615-1750

Jennifer A. Golinveaux (SBN 203056)
Email: jgolinveaux@winston.com
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
(415) 591-1506 (Telephone)
(415) 591-1400 (Facsimile)

Michael S. Elkin (*pro hac vice*)
Email: melkin@winston.com
Thomas P. Lane (*pro hac vice*)
Email: tlane@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166
(212) 294-6700 (Telephone)
(212) 294-4700 (Facsimile)

Attorneys for Defendant
VEOH NETWORKS, INC.



**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>VEOH NETWORKS, INC. a California Corporation, DOES 1-10, inclusive,<br><br>Defendants. | **Case No. CV 07 5744 – AHM (AJWx)**<br><br>Discovery Matter<br><br>**JOINT STIPULATION REGARDING DEFENDANT VEOH NETWORKS, INC.'S MOTION FOR ENTRY OF PROTECTIVE ORDER**<br><br>Date: June 16, 2008<br>Time: 10:00 a.m.<br>Crtrm: 690<br><br>Discovery Cut-Off: January 12, 2009<br>Pretrial Conference Date: April 6, 2009<br>Trial Date: April 21, 2009 |

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

# TABLE OF CONTENTS


I. VEOH'S INTRODUCTION .......... 1

II. UMG'S INTRODUCTION .......... 2

III. VEOH'S CONTENTIONS REGARDING THE DISPUTED ISSUE .......... 4

A. Veoh's Interest In Protecting Its Confidential Information From Competitors .......... 4

B. The Disputed Provision .......... 4

C. Veoh's Efforts To Resolve This Dispute .......... 6

D. Veoh's Legal Discussion .......... 7

IV. UMG'S CONTENTIONS .......... 8

A. Veoh Makes No Showing Of Sensitivity .......... 9

B. Veoh Makes No Showing That UMG's Proposed Order Provides Inadequate Protection .......... 10

C. Veoh's Proposed Restrictions Will Create Unnecessary Problems .......... 13

1. Veoh's restriction would impinge on attorney work-product .......... 13

2. Veoh's restriction would lead to obstruction and delay .......... 14

V. VEOH'S CONCLUSION .......... 15

VI. UMG'S CONCLUSION .......... 15

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 37, Defendant Veoh Networks, Inc. ("Veoh"), as movant, and Plaintiffs UMG Recordings, Inc., Universal Music Corp., Songs of Universal, Inc., Universal-Polygram International Publishing, Inc., Rondor Music International, Inc., Universal Music—MGB NA LLC, Universal Music—Z Tunes LLC and Universal Music—MBG Music Publishing LTD (collectively, "Universal" or "UMG"), as respondent, submit the following Joint Stipulation Regarding Veoh's Motion for Entry of Protective Order. The parties have conferred in good faith in an unsuccessful attempt to resolve the dispute over a specific provision of the proposed protective order.

## I. VEOH'S INTRODUCTION

While the parties agree that a protective order is necessary to protect confidential information in this case, and the parties have largely agreed upon the terms of the protective order proposed by Universal, the parties disagree regarding one provision requested by Veoh, which Universal has refused.

Universal proposed that the parties adopt the same protective order in this case as was entered in Universal's pending litigation against Crackle, Inc., *UMG Recordings, Inc. v. Grouper*, Case No. CV 06-6561 (AHM) (AJWx) (C.D. Cal. filed Oct. 16, 2006). Veoh agreed to virtually all of the proposed terms, but requested that the parties add a provision that would require disclosure of experts or consultants before they were allowed access to a parties' confidential material, and included a reasonable challenge provision.

Universal has already sought extremely broad discovery in this case that will involve disclosure of highly sensitive and trade secret information. Veoh provides software and a website that allow users to post and browse videos and interact with other users. Veoh's is a highly competitive industry and much of Veoh's technological and commercial information is cutting edge and highly sensitive. Not only does Universal itself compete directly with Veoh, consultants or experts that Universal may seek to use might also have relationships with competitors of Veoh that would make

them inappropriate recipients of Veoh's confidential information.

For these reasons, Veoh considers it necessary to include a standard provision in the parties' protective order that requires disclosure of consultants/experts before they are allowed to access confidential material, and include a reasonable challenge procedure. Protective orders entered in cases in which highly confidential material will be exchanged often include such provisions to allow a party to challenge an expert/consultant who the company producing the information would not wish to have access to its confidential material, such as a consultant who works for a competitor. In fact, the model protective order for the Northern District of California includes an optional provision very similar to the one proposed by Veoh.

While the parties have discussed this issue in detail in an attempt to resolve it—and Veoh made edits to its proposed provision in an attempt to address Universal's concerns—Universal ultimately refused Veoh's proposed provision, on the grounds that, in its opinion, it is unnecessary and that any challenge provision would prove unwieldy. Declaration of Jennifer A. Golinveaux ("Golinveaux Decl."), ¶ 5 and Exhibit D. As Veoh's counsel explained to Plaintiff's counsel, however, Veoh will likely be required to turn over far more sensitive technological information in this case than Plaintiffs, and should be permitted the disclosure and challenge provision if it considers it necessary. Veoh's interest in protecting its technology and commercial information from being disclosed to its competitors or consultant who work for its competitors outweighs any perceived burden to Plaintiffs in including such a provision.

For these reasons, and as detailed below, Veoh respectfully requests that the Court enter its form of protective order.

## II. UMG'S INTRODUCTION

UMG agrees that entry of a protective order is important to this case. Indeed, UMG had hoped that such an order could have been agreed upon long ago as a means to move discovery forward more promptly. Veoh seeks to add a provision, however,

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

that is both problematic and unnecessary. Veoh's provision would require a party to disclose the identity of any expert or consultant working on the case before disclosing any designated materials to that expert or consultant, and would provide each party what amounts to a veto power over the other party's choice of experts or consultants.

Veoh fails to make any showing to support its motion. It offers no evidence of the sensitivity of information it seeks to protect, and no proof that the restrictions it seeks are necessary to protect any such information. These failures alone warrant denial of Veoh's motion.

Moreover, even had Veoh had made some minimal showing of sensitivity and the need for restriction, Veoh's requested provision creates more problems than it solves. Veoh's provision would require disclosure of work-product information about experts and consultants, including the identity of individuals who have not yet been, and might never be, identified as testifying experts in this case and the identity of documents chosen by counsel to share with these consultants. Further, beyond disclosure, Veoh's provision would also inject delay into the parties' ability to consult with retained experts and consultants, since any consultant would need to await the opposing party's approval. Finally, as noted, the right to object to an expert or consultant further would create a *de facto* veto power over a party's choice of experts or consultants – at least until such issue could be fully resolved by the Court.

As a compromise to Veoh, UMG offered a proposed protective order provision – based on the model protective order adopted by the Northern District of California – that is more than sufficient to protect against any legitimate concerns Veoh might have. UMG's proposed order would restrict past or present employees of parties or their competitors from being designated as experts under the protective order. This should be sufficient to fully resolve these issues. UMG's proposed form of protective order is sufficient for the needs of this case. UMG respectfully submits that the Court should enter UMG's proposed form of protective order without further delay to allow discovery to move forward promptly.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

## III. VEOH'S CONTENTIONS REGARDING THE DISPUTED ISSUE

### A. Veoh's Interest In Protecting Its Confidential Information From Competitors

Veoh distinguishes itself from its competitors because its website and software use advanced, cutting-edge technology. As such, Veoh has an interest in protecting its sensitive technological and commercial information from disclosure to its competitors. Discovery sought by Plaintiffs in this action is extremely broad, extending to highly sensitive material that Veoh has a significant interest in protecting. For example, Plaintiff UMG Recordings, Inc. has already served 119 document requests and a number of interrogatories that inquire into all aspects of Veoh's business and technology. *See* Golinveaux Decl., ¶ 3 and Exhibit B (copies of Plaintiff's discovery requests). Veoh merely seeks to ensure that reasonable protections are in place.

Veoh's interest in protecting its confidential information from disclosure to competitors is entirely reasonable. Once a compromised expert or consultant is exposed to confidential information, even if information is not deliberately disclosed to a competitor, it would be difficult for the expert/consultant to segregate any knowledge gained from the present case from any future analysis provided to a competitor. *See e.g., Digital Equipment Corp. v. Micro Technology,* 142 F.R.D. 488, 493 (D. Colo. 1992) (noting that confidential data becomes part of expert's "general acquired knowledge" that cannot be "'unlearned' or utilized only on a selective basis"). Accordingly, Veoh seeks to add reasonable safeguards to prevent cpetitive injury from an inappropriate expert or consultant.

### B. The Disputed Provision

Universal proposed that the parties enter the same form of protective order in this case as was entered in the pending litigation against Crackle, Inc., *UMG Recordings, Inc. v. Grouper*, Case No. CV 06-6561 (AHM) (AJWx) (C.D. Cal. filed Oct. 16, 2006). Veoh agreed to virtually all of the proposed terms, but sought to add the following provision set forth in Paragraph 10 of Veoh's proposed protective order



Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

(and earlier versions thereof), which Universal has refused. The only point of dispute between the parties regarding the protective order is the provision set forth in Paragraph 10 that requires disclosure and provides a reasonable challenge provision for experts/consultants who will have access to confidential information. Veoh's proposed Paragraph 10 reads as follows:

> 10. For the purposes of this Order, an Independent Expert or Consultant shall be restricted to a person who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a party, and is not a past or a current employee to any party to this action, and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. The name, business address, curriculum vitae ("CV") and affiliation of each such Independent Expert or Consultant must be disclosed to the producing party at least five (5) court days prior to such person's review of material designated under this Order. The CV shall contain a list of all present employers/clients as well as all past employers/clients for the 60 months preceding the date of employment in this case. During that five-day period, counsel for the designating party shall have the opportunity to oppose the proposed disclosure. Any party opposing disclosure shall within such five (5) day period provide the other party with a written objection, setting forth in reasonable detail the specific grounds for such opposition. If no written objection is received by 5:00 p.m., Pacific time, on the fifth day following the date of disclosure of the identity of the proposed consultant or

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

> testifying expert, then the party seeking to disclose may do so and failure to object shall constitute waiver of the specific objection. However, after the five-day period has expired without objection, a party may still move the Magistrate Judge to allow it to object to an expert if it can show good cause for such objection. In the event that an objection is received, the objecting party shall, within three (3) court days from making such objection send to the other party by facsimile or next business day delivery its portion of a joint stipulation, modeled on the procedure used by this District, to be furnished the court in connection with any motion regarding the objection. Within three (3) court days of receipt of such portion of the joint stipulation, the party seeking to disclose shall send its portion of a joint stipulation to the objecting party by facsimile or next business day delivery. Within two (2) court days of receipt of both portions of the joint stipulation, the objecting party shall file the joint stipulation, with the Court and both parties shall seek a hearing at the Court's earliest convenience. In the event such resolution by the Court is necessary, the material at issue shall not be disclosed to the consultant or testifying expert pending resolution of the issue by the Court.

Veoh's proposed form of protective order is attached in its entirety as Exhibit A to the accompanying Golinveaux Decl.

### C. <u>Veoh's Efforts To Resolve This Dispute</u>

Veoh attempted to resolve Universal's issues with paragraph 10 unsuccessfully. After first discussing the issues with Plaintiffs' counsel, Veoh sent a letter explaining

its position on April 17, 2008 and seeking to meet and confer regarding the issue. *Id.*, ¶ 5. The parties held a meet and confer regarding this dispute on April 25, 2008. Veoh presented various versions in an attempt to alleviate the concerns expressed by Universal's counsel. For example, when Plaintiffs' counsel expressed concern that the challenge provision would cause delay, Veoh shortened the time allowed an objecting party to send its portion of a Local Rule 37 Joint Stipulation to three days, as set forth in Veoh's currently proposed paragraph 10. *Id.*

**D. Veoh's Legal Discussion**

Federal courts are given broad discretion to enter protective orders appropriate to the needs of the case. *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984); Fed. R. Civ. P. 26(c) (protective orders may protect against disclosure of a "trade secret or other confidential research, development or commercial information"). The "opportunity to prevent competitors from gaining access to [] confidential business information" is "a legitimate concern recognized under Rule 26(c)." *In re Neubaurer,* 173 B.R,. 505, 508 (D. Md. 1994). Where sensitive technological information is at issue, courts offer even broader protections. "Courts dress technical information with a heavy cloak of judicial protection because of the threat of serious economic injury to the discloser of scientific information." *Safe Flight Instrument Corp. v. Sundstrand Data Control Inc.,* 682 F. Supp. 20, 22 (D. Del. 1988).

It is commonplace to include disclosure/challenge provisions in protective orders when it comes to disclosing highly confidential information to experts and/or consultants. *See e.g., Frazier, et al. v. Airburst Technologies,* LLC, 2005 U.S, Dist LEXIS 2358, *4 (W.D. Wis. 2005) (imposing sanctions on a plaintiff who failed to follow the expert disclosure procedure laid out in protective order before showing expert confidential information); *Eastman Kodak Co. v. Agfa-Gevaert N.V.*, et al., 2003 U.S. Dist. LEXIS 23260, *1-*2 (W.D. N.Y. 2003) (granting the plaintiff's motion to preclude expert from viewing confidential materials that was brought in accordance with the procedures outlined in the protective order for identification and

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

challenge of experts); *Oregon Health & Science University v. Vertex Pharmaceuticals*, 2002 U.S. Dist. LEXIS 23299, *6-*8 (D.C. Ore. 2002) (ordering the magistrate's order modified so that protective order made disclosure of the experts required prior to disclosing confidential information).

In fact, the United States District Court for the Northern District of California includes disclosure and challenge requirements relating to confidential information shared with experts as an optional provision in its model form of protective order. (Golinveaux Decl., ¶ 4 and Exhibit C (Optional procedure, 7.4, *Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information or Items to "Experts"*).

The protective order governing this action should afford Veoh reasonable protection from competitive harm. Universal will not suffer any hardship if the protections are included. Any minor delay in providing experts/consultants with access to confidential material is outweighed by Veoh's strong interest in protecting its confidential information from disclosure to competitors. *See, e.g., In re Neubaurer*, 173 B.R,. 505, 508 (D. Md. 1994) (protective order entered by the court that required disclosure of experts prior to disclosing to such experts confidential information struck an "appropriate balance" among competing interests.)

## IV. UMG'S CONTENTIONS

To support its request for added protection in this case, Veoh must demonstrate there is a specific need for such protection. Here, the issue involves disclosure to experts and consultants. Veoh seeks the right to effectively delay or veto disclosure of information to experts or consultants that UMG might work with in this case. Generally, even where sensitive information is at issue, a party cannot simply use that fact to interfere with its opponent's right to prepare its case. *See Johnson Foils, Inc. v. Huyck Corp.*, 61 F.R.D. 405, 409-10 (N.D.N.Y. 1973) ("The fact that sensitive information is involved in litigation gives a party neither an absolute nor automatic right to have the discovery process hindered. . . . Each party should be allowed to use

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

all necessary consultation in preparing its litigation, consistent with a good faith effort to comply with any provisions agreed to in a protective order."). UMG proposes a protective order that is more than adequate.

To support its request for additional limitations, Veoh must make a specific showing of need. Indeed, even the cases relied upon by Veoh make clear that "defendants have to show that (1) the interest for which it is seeking protection is confidential business information qualified for protection, and (2) there is good cause to protect this information from disclosure to these particular witnesses." *Frazier v. Layne Christensen Co.*, 2005 U.S. Dist. LEXIS 2358, *2-3 (W.D. Wisc., Feb. 11, 2005) (incorrectly identified by Veoh as *Frazier, et al. v. Airburst Technologies, LLC*); *see also In re Neubauer*, 173 B.R. 505, 507 (D. Md. 1994). As the *Frazier* court made clear, "[d]efendants must prove the second point by specific examples of articulated reasoning as opposed to stereotyped and conclusory statements." Frazier, at *3. Veoh fails to make such a showing here. Veoh fails to demonstrate that discovery will truly involve "highly sensitive" information from Veoh, or that the safeguards contemplated in UMG's proposed Order will be insufficient. Further, the additional restrictions Veoh seeks will create problems both by requiring disclosure of work-product information and by delaying or obstructing a party's ability to prepare its case. For all of these reasons, Veoh's additional restrictions should be denied.

**A. <u>Veoh Makes No Showing Of Sensitivity</u>**

Veoh asserts generally that it "distinguishes itself from its competitors because its website and software use advanced, cutting-edge technology." This one sentence is the sum total of Veoh's purported showing to support the protection it requests. No witness provides any testimony supporting Veoh's one-line assertion of sensitivity. No documents or testimony are provided to suggest what about Veoh's website or software is sensitive or "cutting-edge technology." Veoh asserts that it "has an interest in protecting its sensitive technological and commercial information from disclosure to its competitors. Veoh fails as a threshold matter to even explain what

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

supposedly sensitive technological or commercial information it might need to protect.

In fact, Veoh has not provided any specific examples of the purportedly sensitive material Veoh anticipates being produced in this case. Veoh should not be allowed to place barriers in the discovery process through vague allusions to purportedly sensitive material. See *Johnson Foils, Inc. v. Huyck Corp.*, 61 F.R.D. 405, 409 (N.D.N.Y. 1973) ("Any protective order inhibiting liberal discovery must issue only upon *a specific showing* that the information in question is of the nature that its disclosure should be restricted and that the party disclosing will indeed be harmed by disclosure." (emphasis added)); *National Hand Tool Corp. v. United States*, 14 C.I.T. 490, 494, 1990 WL 106722 at *3 (July 23, 1990) ("[M]ere conjecture" and "conclusory statements may not form the basis for a restriction on the methods the defendant may use in the preparation of its case.").

Because Veoh fails to provide any evidence supporting its claims of sensitivity, its request for additional protections must fail.

### B. Veoh Makes No Showing That UMG's Proposed Order Provides Inadequate Protection

In addition to showing that it has sensitive information at risk (a showing Veoh fails to make), Veoh must also show that the restrictions it seeks are necessary to protect such information. *See generally Zenith Radio Corp. v. Matsuchita Elec. Indus. Co., Ltd.*, 529 F.Supp. 866, 892 (E.D. Pa. 1981) ("[A] protective order should always be narrowly drawn.") Here, the protections Veoh seeks must be measured against UMG's proposed protective order. Thus, Veoh must show that the additional restrictions on disclosure to experts and consultants that it seeks are necessary to protect its information and that UMG's proposed protective order will not be sufficient to protect such information. Veoh does not and cannot make the necessary showing here. Veoh concedes that the restrictions it seeks were not a part of the protective order entered by the Court in UMG's parallel cases against MySpace and

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

Grouper. Veoh does not, however, explain why it requires greater protections than were considered sufficient by both MySpace and Grouper.

Veoh's motion focuses only on disclosure of materials to experts and consultants. UMG's proposed protective order provides multiple restrictions that protect information in connection with such disclosures. First, any disclosure to a consultant or expert requires that such individual sign an undertaking to be bound by the terms of the protective order. Further, UMG's proposed order provides that to qualify as an expert or consultant to whom materials may be disclosed, an individual must be someone "who is not a past or current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's." This limitation, combined with the other limitations on experts or consultants are more than sufficient to protect Veoh's interests in this case. UMG attaches as Exhibit B to the Ledahl Declaration, a side-by-side comparison of UMG's proposed paragraph 9 regarding disclosures to experts and Veoh's proposed paragraph 10. For reference, UMG has underlined the limiting definition of experts, which is identical in both proposals.

UMG's language is taken directly from the definition of an "expert" in the model protective order utilized by the Northern District of California. Northern District Model Order, paragraph 2.12. While Veoh suggests that its proposed provision is also drawn from the Northern District's Model Order, it must concede that its proposed provision is "Optional" within the Northern District Model Order. This optional paragraph (7.4) in the Northern District's Model Order has been held to be unnecessary in situations where the parties disputed whether it should be included. In *Trevino v. ACB American, Inc.*, 2006 WL 391797 (N.D. Cal. Feb. 17, 2006), the parties agreed to enter into NDCA's form protective order but could not agree on whether to include paragraph 7.4. This issue was presented to the Court and the Court ultimately rejected the defendants' request to include the provision. *Id.* at *1. Thus, while parties can mutually agree on the inclusion of this optional provision, it is not

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

accurate to say that it must be included if any party seeks it.[1]

Here, Veoh has not shown any reason for the inclusion of the additional provision. It does not explain how UMG's proposed order will result in disclosure of sensitive information or in any harm of any kind to Veoh. Instead, Veoh merely asserts the existence of such dangers without evidence or explanation. Under such circumstances, Courts reject extending protective orders beyond the limitations upon which the parties agree. *See Johnson Foils, Inc. v. Huyck Corp.*, 61 F.R.D. 405, 410 (N.D.N.Y. 1973) (Defendant's protective order "unduly restricts consultation by plaintiff of this case and others by providing for an overly detailed and cumbersome protection procedure. No bad faith has been alleged against plaintiff nor is evident to me, and in light of the voluntary consent by its attorneys to a protective order on the real concern at issue, namely, to maintain the secrecy of the information from other competitors and the general public, my conclusion is to favor their proposed order.").

Veoh suggests that its concern is with disclosure to competitors. Veoh ignores the prohibition in UMG's proposed protective order that would preclude the use of employees or past employees of competitors of a party as experts. Moreover, Veoh fails to explain what competitors it believes might present some danger of disclosure. The only competitor Veoh purports to identify is UMG. UMG fails to understand how Veoh considers UMG a competitor unless Veoh is conceding that it offers UMG-owned copyrighted content to the public for viewing or sale. Further, if Veoh's concern is about UMG, then UMG's proposed protective order would fully address this concern – employees of a party could not qualify as experts for purposes of the

[1] Veoh suggests that restrictions like those it seeks are commonly entered by Courts. First, several of the cases relied upon by Veoh involved **stipulated agreement** to the kind of restrictions Veoh seeks. *See Frazier v. Layne Christensen Co.*, 2005 U.S. Dist. LEXIS 2358, *4 (W.D. Wisc., Feb. 11, 2005); *Eastman Kodak Co. v. Agfa-Gevaert N.V.*, 2003 U.S. Dist. LEXIS 23260, *1-2 (W.D.N.Y., Dec. 4, 2003). In another, the party opposing a right to object to proposed experts conceded the possibility that it would consult the opponent's competitors as potential experts. *In re Neubauer*, 173 B.R. 505, 507 (D. Md. 1994). Such decisions provide no support for Veoh's motion here. None of Veoh's cases involved a restriction that competitors of the opposing party could not be experts under a protective order – the provision in UMG's proposed protective order.



Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

protective order.

### C. Veoh's Proposed Restrictions Will Create Unnecessary Problems

Veoh's fails to show the need for its proposed restrictions on disclosure of information to consultants and experts. This alone is sufficient to deny its motion and enter UMG's proposed protective order. However, even if Veoh had shown some need for protection, the problems Veoh's proposal would create still support denial of its motion. Veoh's proposal would require disclosure of attorney work-product, and then would impose further delay and potential for obstruction in permitting the parties' to try to block one another's proposed experts and consultants. We address each of these problems in turn.

#### 1. Veoh's restriction would impinge on attorney work-product

The first step in Veoh's proposed restriction would require a party to disclose the identity and background of any consultant or expert to the opposing party before that individual could have any chance to review discovery materials obtained under the protective order. Thus, UMG would have to disclose its experts and consultants to Veoh even before they could perform any analysis. Such disclosures would reveal attorney work-product about, for example, the identities and backgrounds of potential experts under consideration by the opposing party. Courts recognize that such information is subject to the work-product protection. *See In re Pizza Time Theatre Securities Litigation*, 113 F.R.D. 94, 97-98 (N.D. Cal. 1986) ("A solid argument could be advanced that decisions by lawyers about which people to use for confidential pretrial consultation fall into that almost sancrosant category recognized in the last sentence of the first paragraph of Rule 26(b)(3), namely 'the mental impressions, conclusions, opinions, or legal theories of an attorney.' A lawyer's decision about which people to use in confidence for which purposes in preparing a case for trial is as central to lawyering strategy as one can get."). Veoh's proposal would interfere with the parties' right not to disclose such work-product information to the opposing party.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

## 2. Veoh's restriction would lead to obstruction and delay

In addition to the problem of work-product disclosure, Veoh's proposed restriction also would create delay and the potential for obstruction in this case. Not only does Veoh propose that the parties identify to one another any experts and consultants who may review information, Veoh also asserts that each party should be allowed to block (or try to block) its opponent from working with a potential expert or consultant. Veoh proposes that the parties' have a right to object and to present disputes about whether the opposing party should be allowed to consult with a particular expert to the Court. Veoh proposes that all this should take place before any information can actually be shared with the expert or consultant.

Thus, under Veoh's proposal, after a party identifies a potential expert witness, it must disclose that witness to the opponent, and then wait while the opposing party tries to block the disclosure through objection and ultimately motion practice. Throughout the time that this procedure would take place – potentially several weeks or longer – the party would be prevented from disclosing information to the expert or consultant and from having the benefit of his or her analysis.

Veoh's proposal is also problematic for another reason. Veoh claims that its proposed restriction is merely the "optional" provision included in the model protective order in the Northern District of California. Veoh's claim is not entirely true. Specifically, Veoh omitted the last portion of the Northern District's optional procedure which provides that in any motion regarding an objection to a designated expert or consultant, "the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert." While inclusion of this additional language would not solve the problems with Veoh's proposal, its omission by Veoh is troubling. UMG is concerned that a procedure allowing a party to block its opponents from consulting with experts is ripe

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

for abuse. Veoh only increases those concerns by eliminating a provision that would at least put the burden of sustaining such an objection on the objecting party.

## V. VEOH'S CONCLUSION

For the reasons stated above, Veoh respectfully requests that the Court enter its proposed form of protective order, including paragraph 10 requiring disclosure of experts and including a reasonable challenge provision.

## VI. UMG'S CONCLUSION

Veoh has failed to demonstrate any need for the additional restrictions on disclosure to experts and consultants that it seeks. It has not provided anything more than *ipse dixit* assertion that it has sensitive information that needs special protection. It has also made no showing that the substantial protections afforded by UMG's proposed protective order will be insufficient. Further, even if Veoh had made some showing of need for additional restriction, it has failed to show that such need outweighs the substantial problems associated with its proposed restrictions. In light of Veoh's failure to make any showing of any kind, UMG respectfully submits that Veoh's motion should be denied and that UMG's proposed protective order be entered immediately.

Dated: May 22, 2008

**WINSTON & STRAWN LLP**

By /s/ Erin R. Ranahan
Michael S. Elkin
Thomas P. Lane
Jennifer A. Golinveaux
Rebecca L. Calkins
Erin R. Ranahan
Attorneys for Defendant
VEOH NETWORKS, INC.

Dated: May 22, 2008

**IRELL & MANELLA LLP**

By /s/ Brian Ledahl
Steven A. Marenberg
Elliot Brown
Brian Ledahl
Benjamin Glatstein
Attorneys for Plaintiffs



Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

UMG RECORDINGS, INC., UNIVERSAL MUSIC CORP., SONGS OF UNIVERSAL, INC.; UNIVERSAL-POLYGRAM INTERNATIONAL PUBLISHING, INC.; RONDOR MUSIC INTERNATIONAL, INC.; UNIVERSAL MUSIC – MGB NA LLC; UNIVERSAL MUSIC – Z TUNES LLC; and UNIVERSAL – MBG MUSIC PUBLISHING LTD.

SF:206379.1

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543