UMG Recordings, Inc. et al v. Veoh Networks, Inc. et al Doc. 50

Rebecca Lawlor Calkins (SBN: 195593)
Email: rcalkins@winston.com
Erin R. Ranahan (SBN: 235286)
Email: eranahan@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: 213-615-1700
Facsimile: 213-615-1750

Jennifer A. Golinveaux (SBN 203056)
Email: jgolinveaux@winston.com
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
(415) 591-1506 (Telephone)
(415) 591-1400 (Facsimile)

Michael S. Elkin (*pro hac vice*)
Email: melkin@winston.com
Thomas P. Lane (*pro hac vice*)
Email: tlane@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166
(212) 294-6700 (Telephone)
(212) 294-4700 (Facsimile)

Attorneys for Defendant
VEOH NETWORKS, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>VEOH NETWORKS, INC. a California Corporation, DOES 1-10, inclusive,<br><br>Defendants. | **Case No. CV 07 5744 – AHM (AJWx)**<br><br>Discovery Matter<br><br>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF VEOH NETWORKS, INC.'S MOTION FOR ENTRY OF PROTECTIVE ORDER**<br><br>[Joint Stipulation of Parties Filed May 22, 2008]<br><br>Date: June 23, 2008<br>Time: 10:00 a.m.<br>Crtrm: 690, The Hon. Andrew J. Wistrich |



Dockets.Justia.com

## I. INTRODUCTION

Veoh simply seeks to include in the protective order for this case a reasonable provision to protect against competitive harm. Provisions like the one sought by Veoh are commonly included in protective orders. UMG opposes Veoh's reasonable request for a provision requiring disclosure of experts/consultants before they are allowed access to a producing parties' confidential material largely on the grounds that Veoh has failed to establish that discovery in this action is likely to call for confidential and highly sensitive commercial information. As detailed below, even the most cursory review of the extremely broad discovery already served by UMG makes clear that it seeks material relating to all aspects of Veoh's business including, for example, all aspects of how Veoh's technology works; all of Veoh's operating, business and strategic plans; all documents relating to valuations of Veoh; all documents relating to Veoh's revenues, costs, and profits; and all license agreements between Veoh and any person, which would include confidential license agreements subject to non-disclosure agreements. For UMG to argue that Veoh has made no showing that sensitive information will be called for in this litigation is disingenuous.

UMG also urges this Court to refuse Veoh's requested provision because it "creates more problems than it solves." The so-called problems to which UMG refers, however, are based upon either clear mischaracterizations of Veoh's proposed provision—it does not require UMG to disclose the identity of documents shared with consultants as UMG asserts—or hyperbole concerning perceived delay.

Finally, UMG claims that its proposed order is sufficient because it restricts past or present employees of parties or their competitors from being designated as experts under the protective order. While the parties agree that past or present employees of parties or their competitors should not be allowed access to confidential material, it is not adequate for *UMG* to make the determination of which of their consultants are past or present employees of *Veoh's* competitors.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

## II. DISCOVERY IN THIS ACTION WILL CLEARLY CALL FOR VEOH'S CONFIDENTIAL COMMERCIAL INFORMATION

UMG largely bases its opposition to Veoh's requested provision on the grounds that Veoh has failed to establish that discovery in this action is likely to call for confidential and sensitive commercial information. UMG has already served extremely broad discovery in this action.[1] UMG's first round of document requests and interrogatories are attached to the Golinveaux Declaration submitted with the parties' Joint Stipulation. The 119 document requests and numerous interrogatories already served by UMG seek material relating to all aspects of Veoh's confidential technological and commercial information, for example:

- documents and information relating to all aspects of how Veoh's technology works (Golinveaux Decl., Exh. B, Interrogatory No. 3 and RFPs 18-32, 46);
- "All operating, business or strategic plans prepared by [Veoh], or on [Veoh's] behalf." (*Id.,* RFP 38);
- "All documents relating to any valuations of [Veoh]." (*Id.,* RFP 40);
- "All agreements related to potential investment in and/or acquisition of Veoh." (*Id.,* RFP 106);
- All "License Agreements" and "agreements with Veoh Content Providers." (*Id.,* RFP 90);
- "All documents relating to analyses of actual or projected revenues, costs and profits associated with Veoh." (*Id.,* RFP 41);
- All documents relating to any revenue You have earned from advertising on Veoh Software." (*Id.,* RFP 42).

[1] In fact, UMG has already acknowledged repeatedly (in both the Interim Protective Order and Plaintiffs' proposed Protective Order) that in this action, "the Parties [defined to include Veoh] may be required . . . to disclose confidential, proprietary, trade secret or private information." UMG has also agreed to include three levels of confidentiality in the proposed Protective Order, including a category for highly sensitive information that may only be viewed by outside counsel.



Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

In fact, it is hard to imagine any of Veoh's confidential business information that UMG has not requested in this case. Disclosure of Veoh's confidential business information—such as its business plans, license agreements, valuations, revenues, costs and profits—to a consultant who worked for one of Veoh's competitors would put Veoh at an extreme disadvantage. (*See* Declaration of Joseph Papa ¶¶ 2-5.) Likewise, exposing information concerning all aspects of how Veoh's technology works to Veoh's competitors would greatly disadvantage Veoh. (*Id.*) For example, Interrogatory No. 3 requests that Veoh:

> Describe Your network database structure and system architecture - including any aspects thereof provided by third parties - with reasonable precision, including without limitation all clients and servers and the functionality(ies) thereof, all databases, all communication protocols, all media formats and standards, all transcoding, all source code, and all functionality.

Veoh simply requests adequate protective measures that provide Veoh the opportunity to protect this information from real threats of competitive harm.

## III. THE PROVISION WILL NOT UNDULY PREJUDICE UMG

UMG argues that Veoh's provision would "impinge on attorney work-product" including by requiring disclosure of "the identity of documents chosen by counsel to share with" consultants, Joint Stipulation at 3. This is simply not the case: Veoh's provision does not require disclosure of the identity of specific documents. UMG fails to explain why requiring it to simply disclose consultants with whom it shares Veoh's confidential material would prejudice UMG. Any perceived threat in disclosing the identity and background of a potential expert does not outweigh Veoh's interests in protecting its confidential information.

UMG also argues that Veoh's provision would lead to obstruction and delay. Veoh's provision, however, only allows a party five days to object to a consultant, an additional three days to prepare and send its portion of a joint stipulation on the issue, and two days to file the motion. While UMG seems to suggest that Veoh intentionally omitted the portion of the Northern District's model protective order that would

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

require that "the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert," UMG's counsel never requested that language be added, and Veoh does not object to including such language.

## IV. UMG'S PROPOSED RESTRICTIONS ARE INADEQUATE

The restrictions built into UMG's Proposed Protective Order for expert disclosure of confidential information are inadequate to protect Veoh from competitive harm. Requiring that a consultant or expert sign an undertaking to be bound by the terms of the protective order does not guard against situations where the confidential data becomes part of an expert's "general acquired knowledge" that cannot be "unlearned' or utilized only on a selective basis." *Digital Equipment Corp. v. Micro Technology,* 142 F.R.D. 488, 493 (D. Colo. 1992).

Moreover, UMG's proposed protective order states that to qualify as an expert or consultant to whom materials may be disclosed, an individual must be someone "who is *not a past or current employee of a Party or of a competitor* of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's." (emphasis added). Such proposed protections are inadequate because they fail to account for the fact that often experts retained as Veoh's competitors are independent contractors—not employees, and more importantly, Veoh should be the one allowed to make this decision, not UMG.

## V. EXPERT DISCLOSURE PROCEDURES ARE COMMON

UMG attempts to distinguish Veoh's authority where parties in other cases were able to agree to include expert disclosure/challenge procedure without court intervention, noting that "several of the cases relied upon by Veoh involved <u>stipulated agreement</u> to the kind of restrictions Veoh seeks." (emphasis in UMG's footnote 1, p. 12). The frequent use of this commonplace disclosure/challenge procedure, pursuant



Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

to stipulation between the parties, only renders more curious UMG's refusal to allow Veoh to add to UMG's proposed protective order this provision.

UMG also provides one lone example where the optional challenge/disclosure provision—that is built in as optional provision 7.4 in the Model Form Protective Order in the Northern District of California, indicating that 7.4 is commonly agreed to between parties—was not included, *Trevino v. ACB American, Inc.*, 2006 WL 391797 (N.D. Cal. Feb. 17, 2006). Yet in *Trevino,* the concern of the party seeking to include provision 7.4 was that the protective order would not otherwise be enforceable against out-of-state experts. The court found such to be an inadequate reason to include 7.4, given the express consent to jurisdiction explicitly built into the protective order. *Id.* at *1. Conversely, Veoh seeks to include the provision to safeguard against competitive harm that would not otherwise be protected if the protective order is entered without the expert disclosure/challenge provision.[2]

## VI. CONCLUSION

Without Veoh's proposed safeguards, the harm caused by disclosing highly sensitive information to a conflicted expert has the potential to seriously compromise Veoh's business. Such irreparable harm cannot be un-done once the information has been disclosed. UMG's proposed limitations are insufficient to protect Veoh's interests in this case. The provision proposed by Veoh is necessary to protect its confidential commercial information.

Dated: June 9, 2008

**WINSTON & STRAWN LLP**

By /s/ Erin R. Ranahan

Michael S. Elkin
Thomas P. Lane
Jennifer A. Golinveaux
Rebecca L. Calkins
Erin R. Ranahan
Attorneys for Defendant, Veoh Networks

[2] The fact that third parties MySpace and Grouper agreed to lesser protections in another case is irrelevant. Veoh cannot speculate about the concerns of third parties who are not involved in this action. Veoh's legitimate interest in protecting its own confidential information cannot be disregarded because another party did not seek similar protections in another action.



Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543