UMG Recordings, Inc. et al v. Veoh Networks, Inc. et al Doc. 55

Rebecca Lawlor Calkins (SBN: 195593)
Email: rcalkins@winston.com
Erin R. Ranahan (SBN: 235286)
Email: eranahan@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: 213-615-1700
Facsimile: 213-615-1750

Jennifer A. Golinveaux (SBN 203056)
Email: jgolinveaux@winston.com
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
(415) 591-1506 (Telephone)
(415) 591-1400 (Facsimile)

Michael S. Elkin (*pro hac vice*)
Email: melkin@winston.com
Thomas P. Lane (*pro hac vice*)
Email: tlane@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166
(212) 294-6700 (Telephone)
(212) 294-4700 (Facsimile)

Attorneys for Defendant
VEOH NETWORKS, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>VEOH NETWORKS, INC. a California Corporation, DOES 1-10, inclusive,<br><br>Defendants. | **Case No. CV 07 5744 – AHM (AJWx)**<br><br>Discovery Matter<br><br>**VEOH'S RESPONSE TO UMG'S OBJECTIONS TO PAPA DECLARATION**<br><br>[Joint Stipulation of Parties Filed May 22, 2008; Supplemental Memorandum and Papa Declaration filed June 9, 2008]<br><br>Date: June 23, 2008<br>Time: 10:00 a.m.<br>Crtrm: 690, The Hon. Andrew J. Wistrich |



Dockets.Justia.com

## I. INTRODUCTION

As a pretext for supplementing its briefing after the deadline to do so had passed, UMG filed so-called "objections" to the Declaration of Joseph Papa submitted with Veoh's Supplemental Memorandum in support of its motion for entry of Protective Order. There is no basis for UMG's purported objections, and the Court should disregard UMG's unauthorized late filing.

## II. UMG'S "OBJECTIONS" HAVE NO BASIS, AND SHOULD BE DISREGARDED

The Papa Declaration was properly and timely filed in accordance with the briefing procedures of Local Rule 37, and provides specific information regarding Veoh's competitive concerns. Because L.R. 37 requires that the parties submit issues relating to discovery in the form of a joint stipulation, unlike briefing on a typical motion, the moving party is not provided the chance to respond to the opposing party's arguments via reply brief. Instead, the supplemental briefing procedures of L.R. 37-2.3 provide this opportunity. In accordance with L.R. 37-2.3, Veoh timely responded to UMG's portion of the Joint Stipulation on June 9 by filing a Supplemental Memorandum and a supporting Papa Declaration that squarely address arguments advanced by UMG in the Joint Stipulation. Until UMG provided its portion of the Joint Stipulation, Veoh did not know the extent to which UMG would dispute the nature of the confidential material requested from Veoh in this litigation—particularly considering that Veoh's material is called for by UMG's own discovery requests. Thus, the Papa Declaration was properly filed in accordance with the briefing period allowed by L.R. 37.

In its unauthorized filing, UMG took the opportunity to further supplemental its own briefing—after the deadline to do so under L.R. 37-2.3 had passed[1]—in the guise of filing "objections" to the Papa Declaration. The Court should overrule UMG's so called objections because the Papa Declaration was not only properly and timely filed,

[1] UMG concedes in its opening paragraph that the "last day for filing" briefs on this motion has past.

but it offers specific information about why the added disclosure/challenge provision sought by Veoh is necessary to protect Veoh from competitive harm.

In the initial Joint Stipulation, Veoh referred to and attached UMG's discovery requests, which call for all manner of confidential information from Veoh. Veoh's Supplemental Memorandum and the Papa Declaration further addresses specific requests propounded by UMG that call for particularly confidential trade secret and sensitive information, and describes specific competitive threats to Veoh. (Papa Decl. ¶¶ 2-5). UMG now asserts that the Papa Declaration—which lists specific competitors and categories of particularly sensitive information called for by UMG's requests—is "conclusory." The Papa Declaration, however, details precisely what information is particularly sensitive, including information regarding Veoh's "network database structure and system architecture," "license agreements," "operating and business plans" "valuations" and documents relating to "revenues" and "costs." (*Id.*) UMG complained in the Joint Stipulation that it was not aware of any of Veoh's competitors; the Papa Declaration provided examples of those competitors. (*Id.*).

By this motion, Veoh simply seeks to include a commonplace protective measure that will protect Veoh from potentially devastating competitive harm. The fact that UMG has gone to such great lengths to avoid this commonplace, reasonable provision only causes Veoh greater concern about to whom UMG intends to provide Veoh's confidential information.

## III. <u>CONCLUSION</u>

The Court should overrule UMG's late filed "objections" and disregard UMG's untimely filing.

Dated: June 17, 2008

**WINSTON & STRAWN LLP**

By /s/ Erin R. Ranahan
Michael S. Elkin
Thomas P. Lane
Jennifer A. Golinveaux
Rebecca L. Calkins
Erin R. Ranahan
Attorneys for Defendant, Veoh Networks

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543