Rebecca Lawlor Calkins (SBN: 195593)
Email: rcalkins@winston.com
Erin R. Ranahan (SBN: 235286)
Email: eranahan@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: 213-615-1700
Facsimile: 213-615-1750

Jennifer A. Golinveaux (SBN 203056)
Email: jgolinveaux@winston.com
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
(415) 591-1506 (Telephone)
(415) 591-1400 (Facsimile)

Michael S. Elkin (*pro hac vice*)
Email: melkin@winston.com
Thomas P. Lane (*pro hac vice*)
Email: tlane@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166
(212) 294-6700 (Telephone)
(212) 294-4700 (Facsimile)

Attorneys for Defendant
VEOH NETWORKS, INC.

RE: DKT # 73

**Winston & Strawn LLP**
**333 South Grand Avenue**
**Los Angeles, CA 90071-1543**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

UMG RECORDINGS, INC., *et al.*,

Plaintiffs,

vs.

VEOH NETWORKS, INC. a California Corporation, DOES 1-10, inclusive,

Defendants.

**Case No. CV 07 5744 – AHM (AJWx)**

Discovery Matter

**DECLARATION OF REBECCA LAWLOR CALKINS IN SUPPORT OF VEOH NETWORKS, INC.'S MOTION TO COMPEL FURTHER RESPONSES AND FOR PRODUCTION OF DOCUMENTS**

Magistrate Judge: Andrew Wistrich
Date: August 11, 2008



Dockets.Justia.com

Time: 10:00 a.m.
Crtrm: 690

<u>Judge: A. Howard Matz</u>

Fact Discovery:
Cut-Off: January 12, 2009
Pretrial Conference: April 6, 2009
Trial Date: April 21, 2009



Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

I, Rebecca Lawlor Calkins, declare as follows:

1. I am an attorney at the law firm of Winston & Strawn LLP, attorneys for Defendant Veoh Networks, Inc. ("Veoh") in this matter. I am licensed to practice before the Courts of the State of California and this United States District Court. I have personal knowledge of the matters set forth herein, and if called as a witness, could and would competently testify thereto.

2. Pursuant to Local Rule 37-2.1, attached hereto as Exhibit A is a true and correct copy of the Court's scheduling order in *UMG Recordings, Inc. et al. v. Veoh Networks, Inc.,* Case No. CV 07-5744 AHM (AJWx).

3. Attached hereto as Exhibit B is a true and correct conformed copy of Plaintiffs' Complaint for Copyright Infringement against Veoh filed September 4, 2007.

4. Attached hereto as Exhibit C is a true and correct conformed copy of Veoh's Answer to Plaintiffs' Complaint, filed December 14, 2007.

5. On February 11, 2008, Veoh served its First Set of Interrogatories on UMG Recordings, Inc. (UMGR), and its First Set of Requests for Production on Plaintiffs. Attached hereto as Exhibit D is a true and correct copy of Veoh's Interrogatories and as Exhibit E, a true and correct copy of Veoh's Requests for Production of Documents.

6. On April 9, 2008, UMGR and Plaintiffs served written responses to Veoh's discovery requests. Attached hereto as Exhibit F is a true and correct copy of UMGR's Responses to Veoh's Interrogatories and as Exhibit G, a true and correct copy of Plaintiffs' Responses To Veoh's Requests for Production of Documents.

7. While Veoh was readying this Motion, Plaintiffs dumped more than 1.4 million pages of documents on Veoh via a hard drive on June 27, 2008. The 1.4 million pages of documents are in a state of total disarray with no discernable

organization or categorization. Veoh would be forced to spend hundreds of hours at a minimum, attempting to organize the documents into a workable state.

**<u>Veoh's Attempts to Meet and Confer Regarding Veoh's Discovery Requests</u>**

8. On April 25, 2008 Veoh's counsel traveled to Plaintiffs' counsel's offices and spent four hours meeting and conferring with Plaintiffs' counsel regarding Plaintiffs' discovery deficiencies and attempting to reach informal resolution.

9. On April 28, 2008, Veoh's counsel again traveled to Plaintiffs' counsel's offices and spent an additional four hours meeting and conferring with Plaintiffs' counsel regarding Plaintiff's discovery deficiencies and attempting to reach informal resolution.

10. At the April 28, 2008 meeting, Veoh's counsel objected to Plaintiffs' attempt to avoid the obligation to provide all responsive documents by responding in numerous responses that Plaintiffs would search unnamed employees' files using unidentified search terms. (*See* Plaintiffs' Responses to Veoh Requests Nos. 7, 8, 9, etc. as identified in Section II of Veoh's Motion).

11. At the conclusion of the April 28, 2008 meeting, Veoh's counsel, in an effort to resolve the dispute without judicial intervention, agreed to at least review Plaintiffs' proposed lists of search terms and custodians to understand the scope and narrow the dispute. Plaintiffs' counsel stated that he would speak to his client by Thursday of that week (*i.e.* May 1) and expected to be able to identify the custodians and search terms for Veoh's counsel by then.

12. Plaintiffs' counsel did not follow through or respond to Veoh's counsel's multiple subsequent efforts to obtain the promised information, and later refused to provide the information altogether, instead demanding that Veoh provide its own search terms to Plaintiffs.

13. Plaintiffs' counsel refused to provide financial documents and information relating to Plaintiffs' revenues on the basis that Plaintiffs have not yet

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

definitively elected to pursue actual damages and as such, Veoh's requests on the subject were "premature." Veoh's counsel informed Plaintiffs' counsel that Plaintiffs' financial documents and information were relevant nonetheless, as statutory damages must bear some relation to actual damages. Veoh's counsel pointed out that Magistrate Wistrich had recently ordered Plaintiffs to produce financial documents and information on precisely that basis in *UMG Recordings, Inc., et al. v. MySpace, Inc. et al,* Case No. 06-07361. (*See* ¶¶ 18, 20, *infra*). Plaintiffs' counsel still refused.

14. During the two days of meet and confer proceedings in April, Plaintiffs' counsel ultimately agreed to produce all notices sent by Plaintiffs to Veoh, Grouper, and MySpace.

15. Plaintiffs' counsel also agreed to "look for" documents responsive to Request No. 157 but cautioned that he would only be able to do a "reasonable search" without specifying how "reasonable" differed from "diligent" in counsel's mind.

16. Whether any of these documents are buried in Plaintiffs' 1.4 million page document dump of June 27, 2008 is unknown and will be extremely difficult to ascertain given the disorganized state of the production.

17. Attached hereto as Exhibit H is a true and correct copy of this Court's November 8, 2007 Order Re Discovery Disputes in *UMG Recordings, Inc., et al. v. Grouper Networks, Inc., et al.* Case No. CV 06-06561 AHM (AJWx) in which this Court orders Plaintiffs to, among other things:

- identify UMG employees whose job it was to monitor the Grouper/Crackle website and report what they saw (¶ 1);
- identify each song title, artist, and URL for each work of which UMG is aware it contends has been infringed by Crackle in that matter (¶ 2);
- identify all works that were not expeditiously removed after notices of infringement were sent to UMG (¶ 3);

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

- confirm that NetReach is the division within UMGD responsible for viral marketing and explaining the manner in which NetReach conducts its viral marketing (¶ 4);
- provide additional search terms if Crackle believes the terms selected by Plaintiffs are insufficient (¶ 4);

18. Attached hereto as Exhibit I is a true and correct copy of this Court's March 17, 2008 Order in *UMG Recordings, Inc., et al. v. MySpace, Inc. et al,* Case No. 06-07361 in which this Court orders Plaintiffs to, among other things:

- produce documents reflecting the profitability of the allegedly infringed works including the value of the copyrighted works and UMG's lost revenues or lost profits;
- provide a list of UMG personnel responsible for managing UMG's relationships with the artists who performed the allegedly infringed works.

19. Attached hereto as Exhibit J is a true and correct copy of this Court's March 24, 2008 Order in *UMG Recordings, Inc., et al. v. MySpace, Inc. et al,* Case No. 06-07361 in which this Court orders Plaintiffs to, among other things:

- expand the list of persons whose files UMG will search for responsive documents;
- take reasonable steps to ensure the completeness of its production regardless of whether a custodian's name appears on MySpace's requested additional custodians list.

20. Attached hereto as Exhibit K is a true and correct copy of this Court's March 27, 2008 Order in *UMG Recordings, Inc., et al. v. MySpace, Inc. et al,* Case No. 06-07361 in which this Court orders Plaintiffs to, among other things:

- produce documents responsive to requests pertaining to DMCA Notices submitted to various entities and communications with YouTube;

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

- produce documents evidencing the promotional value of various websites;
- produce documents evidencing Plaintiffs' revenues, profits and value of content.

I declare under penalty of perjury under the laws of the United States of America, the foregoing is true and correct. Executed on July 21, 2008, in Los Angeles, California.

/s/ Rebecca Lawlor Calkins

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543