Rebecca Lawlor Calkins (SBN: 195593)
Email: rcalkins@winston.com
Erin R. Ranahan (SBN: 235286)
Email: eranahan@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
(213) 615-1700 (Telephone)
(213) 615-1750 (Facsimile)

Jennifer A. Golinveaux (SBN 203056)
Email: jgolinveaux@winston.com
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
(415) 591-1506 (Telephone)
(415) 591-1400 (Facsimile)

Michael S. Elkin (admitted *pro hac vice*)
Email: melkin@winston.com
Thomas P. Lane (admitted *pro hac vice*)
Email: tlane@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166
(212) 294-6700 (Telephone)
(212) 294-4700 (Facsimile)

Attorneys for Defendant
VEOH NETWORKS, INC.



**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

UMG RECORDINGS, INC., et al.,

Plaintiffs,

vs.

VEOH NETWORKS, INC. a California Corporation; and DOES 1-10, inclusive

Defendants.

**Case No. CV 07-5744 AHM (AJWx)**

**DECLARATION OF JENNIFER A. GOLINVEAUX IN SUPPORT OF VEOH'S OPPOSITION TO UMG'S MOTION TO COMPEL**

[Joint Stipulation of Parties Filed July 21, 2008, Docket #72]

Date: August 11, 2008
Time: 10:00 a.m.
Courtroom: 690

Discovery Cutoff: January 12, 2009
Pretrial Conference: April 6, 2009
Trial Date: April 21, 2009



Dockets.Justia.com

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

# DECLARATION OF JENNIFER A. GOLINVEAUX

I, Jennifer A. Golinveaux, declare as follows:

1. I am an attorney at law duly admitted to practice before all courts of the State of California, and am admitted to practice before the United States District Court, Central District of California. I am a partner with the firm of Winston & Strawn LLP, attorneys of record herein for Defendant Veoh Networks, Inc. ("Veoh"). I am familiar with the pleadings and proceedings in this action. I have personal knowledge of all facts stated in this declaration, and if called upon as a witness, I could and would competently testify thereto. I submit this declaration in support of the Joint Stipulation Under Local Rule 37-2 Regarding UMG Recordings, Inc.'s ("UMG") Motion to Compel Responses to Discovery Against Veoh Networks, Inc. filed herewith.

2. Attached hereto as Exhibit A is a true and correct copy of a letter dated June 13, 2008 that I sent to UMG's counsel, Brian Ledahl, detailing responses Veoh proposed to supplement based upon our meet and confer discussions and requesting that UMG promptly get back to me as to whether the proposals were acceptable, and to let me know whether any outstanding issues remained.

3. Two weeks later, having received no response, I reminded UMG's counsel, Mr. Ledahl, during a telephone call that we were still awaiting a response to the June 13, 2008 Letter, and that we were waiting to supplement discovery responses until we received confirmation that the proposals were acceptable so that we were not in the position of having to review the same categories of documents—including large volumes of emails—more than once. Mr. Ledahl said he understood and acknowledged that he owed me a response to the letter, but to date, UMG has never responded to the June 13, 2008 Letter.

4. On January 17, 2008, UMG served its first set of document requests and interrogatories on Veoh. Because UMG had improperly served its discovery before

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

the parties met and conferred pursuant to Rule 26(f), UMG agreed that responses to its discovery would be due on April 9, 2008.

5. On February 11, 2008, Veoh served its first set of discovery on UMG.

6. On April 9, 2008, both sides timely served written responses to the other side's discovery. Many of UMG's document requests were overbroad. Accordingly, Veoh stated in its written responses to certain requests that it was willing to discuss with UMG an appropriate tailoring of the requests.

7. A week later, on April 15, 2008, Veoh sent UMG a letter regarding UMG's written responses to Veoh's discovery, as UMG had objected to the vast majority of Veoh's discovery requests, largely agreeing to only produce documents found from some unspecified custodians using some unspecified search terms.

8. Later that night, UMG sent Veoh a letter regarding Veoh's discovery responses and requesting a meet and confer to discuss them.

9. On April 25, 2008, UMG and Veoh began meeting and conferring regarding UMG's and Veoh's discovery responses, and continued to do so over the next several weeks.

10. Between June 20 and June 26, 2008, Veoh produced 71,540 documents and 30 versions of the Veoh software, while still awaiting UMG's response to the proposals set forth in my June 13, 2008 Letter. Veoh produced documents in this case prior to UMG, despite the fact that the parties' discovery responses were due on the same day.

11. On June 27, 2008, UMG produced roughly 1.4 million pages on a hard drive, with no organization or discernable categorization, and which appears to be largely a "dump" from its MySpace and Grouper document productions.

12. Less than a week later, on July 3, 2008, UMG's counsel sent Veoh's counsel its portion of this joint stipulation, without any notice, and without ever responding to the proposals in Veoh's June 13, 2008 Letter.

13. Attached hereto as Exhibit B is a true and correct copy of Judge A. J.

Wistrich's Order Re MySpace Inc.'s Motion to Compel the Addition of Custodians and Search Terms by UMG Recordings, Inc. (MySpace's Third Motion to Compel), Docket No. 270, 03/24/2008, from U.S.D.C. (Central District) Case No. CV06-7361 AHM (AJWx), *UMG Recordings, Inc. et al. v. MySpace, Inc., et al.*

14. Attached hereto as Exhibit C is a true and correct copy of a summary chart illustrating each document request at issue in Section IV of the joint stipulation, including Veoh's initial response, and Veoh's further proposal set forth in the June 13, 2008 Letter.

15. Attached hereto as Exhibit D is a true and correct copy of Judge A. J. Wistrich's Order Re Discovery Disputes, Docket No. 82, 11/08/2007, p. 3 (II), ¶¶ 2 – 3 from U.S.D.C. (Central District) Case No. CV06-6561 AHM (AJWx), *UMG Recordings, Inc. et al. v. Grouper Networks, Inc., et al.*

16. During a telephonic meet and confer I participated in with UMG's counsel, Mr. Ledahl, we discussed UMG's position that Requests Nos. 2 and 3 call for deposition transcripts from the *Io* case. Mr. Ledahl was unable to point to any requests which called for the transcripts.

17. Attached hereto as Exhibit E is a true and correct copy of correspondence to Brian Ledahl from Veoh's counsel, dated June 27, 2008.

18. Attached hereto as Exhibit F is a true and correct copy of correspondence to Veoh's counsel from Brian Ledahl, dated July 7, 2008.

19. Attached hereto as Exhibit G is a true and correct copy of UMG Recordings, Inc.'s First Set of Document Requests to Veoh Networks, Inc.

20. During meet and confer discussions, I explained to Mr. Ledahl that Veoh was ready and willing to work with UMG to provide copies of video files and related data, but that Veoh had no way to identify which files "may" contain a work "in which UMG owns a copyright interest" or may contain any work by a "UMG artist," particularly since UMG has refused to specifically identify any infringing files to Veoh.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

21. Veoh has offered to produce to UMG copies of spreadsheets populated from Veoh's video databases that would contain metadata regarding each video uploaded to Veoh (such as title, date of upload, current status of the video, etc.). In addition, Veoh would provide UMG's counsel with secure access to Veoh's video servers, so that UMG could click on a link to any file from the spreadsheet, and access copies of the file in both the original format in which the user had uploaded it, and in Flash format.

22. Attached hereto as Exhibit H is a true and correct copy of Plaintiff's Response to Veoh Networks, Inc.'s First Set of Requests for Production.

23. Attached hereto as Exhibit I is a true and correct copy of Veoh's Organizational Chart, produced to Plaintiffs in this case and Bates numbered VN0000071528 through VN0000071539.

24. With respect to UMG's document request no. 61, during telephonic meet and confer discussions I participated in with UMG's counsel, Mr. Ledahl, he agreed not to push forward with respect to this request so long as Veoh did not require UMG to produce similar documents.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration is being executed on this 16th day of July, 2008, in San Francisco, California.

/s/ Jennifer A.Golinveaux
Jennifer A. Golinveaux

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543