UMG Recordings, Inc. et al v. Veoh Networks, Inc. et al Doc. 95

**Re: Docket #73**

Steven A. Marenberg (101033) (smarenberg@irell.com)
Elliot Brown (150802) (ebrown@irell.com)
Brian Ledahl (186579) (bledahl@irell.com)
Benjamin Glatstein (242034) (bglatstein@irell.com)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>VEOH NETWORKS, INC., a California corporation, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. CV-07-05744 AHM (AJWx)<br><br>**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO VEOH'S MOTION TO COMPEL**<br><br>Magistrate: Hon. Andrew J. Wistrich<br><br>Date: August 11, 2008<br>Time: 10:00 a.m.<br>Courtroom: 690<br><br>Discovery Cutoff: January 12, 2009<br>Pretrial Conference: April 6, 2009<br>Trial Date: April 21, 2009 |



Dockets.Justia.com

UMG submits this supplemental brief in opposition to Veoh's motion to compel pursuant to Federal Rule 37 and Local Rule 37-2.3.

## I. PRELIMINARY STATEMENT

Veoh demands discovery even more broadly than the unreasonable requests previously pursued by MySpace and Grouper in the previous litigation before this Court. Notwithstanding the overbreadth of Veoh's demands, UMG moved forward with an extensive production of more than 1.4 million pages of documents. This production provides even more responsive material than was produce by UMG in the MySpace and Grouper actions. Though it admits it made no meaningful effort to review these documents before rushing to the Court, Veoh nonetheless insists that UMG's extensive production is insufficient.

Unsurprisingly, Veoh offers no meaningful justification for its claims that more discovery is needed – how could it when it does not even bother to find out what it already has. Instead, Veoh offers threadbare arguments that merely reproduce the text of Veoh's requests, as if that were a sufficient showing by itself. Veoh's Motion covers all 24 of Veoh's Interrogatories and 231 of Veoh's 241 Requests for Production. Despite the gargantuan scale of its demands, Veoh offers minimal justification or explanation of the requested discovery's relevance. The lack of substantive argument in Veoh's motion reveals it as nothing more than a tactic to delay, or to try to draw attention away from its own failure to provide meaningful discovery.

## II. VEOH INSISTS UMG'S VAST PRODUCTION IS INSUFFICIENT, DESPITE NOT HAVING LOOKED AT ANY OF THE DOCUMENTS

Remarkably, Veoh concedes that it seeks a court order compelling discovery on over 250 Interrogatories and Requests for Production without having attempted to review the documents UMG has already produced. Veoh makes two inconsistent statements with respect to UMG's production: first, that "Plaintiffs have yet to produce their first document," and second, that UMG's "1.4 million pages of

documents are in a state of total disarray with no discernable organization or categorization." Joint Stipulation Regarding Veoh's Motion to Compel at 79, 3. Both contentions are plainly false. The mistake of stating that UMG has not produced any documents evidences Veoh's intent to file a motion to compel regardless of what discovery UMG produced. The second contention seems to complain that UMG produced *too many* documents, such that Veoh cannot review them.

Veoh seems to argue that because UMG has produced too many documents, Veoh somehow is entitled to even further discovery. It is unclear, however, how more documents, responsive to 231 Requests for Production, will assist Veoh in sorting through UMG's documents. Nor is Veoh's contention that UMG's production is "in a state of total disarray" remotely true. UMG's production is organized consistent with how the documents are stored in the ordinary course of UMG's business, consistent with Federal Rule 34. Specifically, UMG's production is organized by the individuals from whom files were obtained. Given that UMG has broadly searched the files of many UMG employees and executives to identify responsive documents, this organization is not only appropriate but necessary.

Veoh's complaints about the organization of UMG's production fall particularly flat given the electronic, searchable form of UMG's production. Veoh could, for example, search UMG's production for documents containing a particular term. Further, UMG's production includes metadata for the vast majority of the documents (where such data existed for the original electronic document). With this metadata, Veoh can sort the documents by author, date, and other criteria. Thus, Veoh can, through electronic means, reorganize UMG's production in any manner it finds useful. Notably, after having much more time to analyze UMG's production, neither MySpace nor Grouper made the sort of throw-away complaint Veoh offers as an excuse for its failure to review UMG's production. Indeed, Veoh offers no explanation of how its own meager production is organized differently than UMG's.

If Veoh has no idea what is in UMG's existing production, it is only because Veoh has not bothered to review the documents – choosing instead to focus its energy on wasting the Court's time and UMG's time with this irresponsible motion. UMG has already produced documents responsive to many of Veoh's Requests. Veoh makes no effort to explain why these documents are insufficient, or what documents UMG has neglected to produce. Until Veoh explains why UMG's existing production is insufficient, compelling UMG to produce further discovery is premature. It is Veoh's burden to show why additional discovery is needed. *See Convolve, Inc. v. Compaq Computer Corp.*, 223 F.R.D. 162, 167-68 (S.D.N.Y. 2004) (denying additional production where moving party had not shown insufficiency of existing discovery). Just as with Veoh's unsubstantiated discovery requests, Veoh's failure to explain the insufficiency of UMG's existing production makes it impossible for UMG to respond in full to Veoh's Motion. Where Veoh cannot even be bothered to explain the relevance of its requests, UMG cannot be expected to respond to Veoh's nonexistent arguments.

## III. VEOH PROVIDES LITTLE OR NO JUSTIFICATION FOR ITS NUMEROUS DISCOVERY REQUESTS

In its Motion, Veoh demands further response to all of its interrogatories and the vast majority of its Requests for Production. Veoh cobbles together these requests into eight ill-fitting categories. Though numerous requests are grouped together in each category, each is supported by the scantest of justification. As a result, almost all of Veoh's individual Interrogatories and Requests for Production lack any explanation of their relevance. For instance, Veoh's "Issue No. 4" covers 5 Interrogatories and 125 Requests for Production, ranging from the financial analyses of sheet music sales to pleadings in prior copyright litigations. In support of its Motion to compel production on these 130 requests, Veoh provides fewer than *three* pages of Contentions and Points of Authorities to explain why further response or production is needed. These few pages do little more than broadly (and often

incorrectly) summarize the requests, before asserting, without support, that the requests are "clearly" relevant.

This conclusory and superficial submission cannot support Veoh's demands for further discovery from UMG. Veoh asks the Court to accept its *ipse dixit* assertions of relevance, while completely ignoring most of its specific Interrogatories and Requests. The thousands of hours and millions of dollars that would be required to respond to Veoh's wide-ranging requests cannot be justified without even basic explanations of these 255 requests' relevance. Indeed, Veoh's inability or unwillingness to support and explain its sweeping discovery requests reveals Veoh's lack of concern with actually obtaining the discovery at issue in order to prepare its case. Rather, Veoh's primary focus appears to be making UMG's suit more burdensome, costly, and time-consuming.

## IV. UMG ALREADY MADE A SUFFICIENT PRODUCTION

Veoh's demands for additional discovery are even more unreasonable in light of the extensive discovery UMG has already provided. UMG already produced a broad swath of documents responsive to Veoh's discovery requests. This production – over 1,400,000 pages – contains hundreds of thousands more pages of documents even beyond UMG's productions in the MySpace and Grouper litigations. Among other things, UMG already produced the following categories of materials:

- More than 50 agreements between UMG and third parties for the licensing of UMG's copyrighted works
- All responsive, non-privileged documents in the files of many key UMG employees' containing the terms "Veoh," "MySpace," and "Grouper" among others)
- Documents showing the corporate organization of UMG and its subsidiaries
- Financial summaries of UMG's revenues from digital licensing
- Thousands and Thousands of internal email communications

- Policies regarding the use of videos on the internet
- Records of marketing activities, including on-line marketing activities
- Copyright registration information.

All told, UMG's production represents a broad and sufficient collection of UMG's relevant documents in this matter, collected after a lengthy and costly search and review.

Veoh's own production pales in comparison. Veoh's existing production of less than 75,000 pages consists almost entirely of external "takedown" communications between Veoh and third parties and of copies of Veoh's client software. Veoh has also produced one, two-page drawing of its system architecture, which Veoh itself has admitted is out of date, and one organizational chart. Veoh continues to stonewall with respect to any other discovery, withholding clearly relevant documents: to wit, Veoh has produced *zero* internal communications about any subject. Veoh's sweeping demands and contentions about the relevance of UMG's documents stand in stark contrast to Veoh's refusal to produce even the most basic discovery – including even the infringing videos themselves. For all of these reasons, Veoh's motion should be denied.

Dated: July 28, 2008

IRELL & MANELLA LLP
Steven A. Marenberg
Elliot Brown
Brian Ledahl
Benjamin Glatstein

By: /s Brian Ledahl
Brian Ledahl
Attorneys for Plaintiffs