UMG Recordings, Inc. et al v. Veoh Networks, Inc. et al Doc. 96

Rebecca Lawlor Calkins (SBN: 195593)
Email: rcalkins@winston.com
Erin R. Ranahan (SBN: 235286)
Email: eranahan@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: 213-615-1700
Facsimile: 213-615-1750

Jennifer A. Golinveaux (SBN 203056)
Email: jgolinveaux@winston.com
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
(415) 591-1506 (Telephone)
(415) 591-1400 (Facsimile)

Michael S. Elkin (*pro hac vice*)
Email: melkin@winston.com
Thomas P. Lane (*pro hac vice*)
Email: tlane@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166
(212) 294-6700 (Telephone)
(212) 294-4700 (Facsimile)

Attorneys for Defendant
VEOH NETWORKS, INC.



**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>VEOH NETWORKS, INC. a California Corporation, DOES 1-10, inclusive,<br><br>Defendants. | **Case No. CV 07 5744 – AHM (AJWx)**<br><br>Discovery Matter<br><br>**VEOH'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO UMG'S MOTION TO COMPEL DISCOVERY RESPONSES**<br><br>Local Rule 37-2.3<br><br>Magistrate Judge: Andrew Wistrich<br>Date: August 11, 2008<br>Time: 10:00 a.m.<br>Crtrm: 690<br>Judge: Andrew J. Wistrich |



Dockets.Justia.com

Defendant Veoh Networks, Inc. ("Veoh") respectfully submits this Supplemental Memorandum in Opposition to UMG's Motion to Compel Discovery Responses pursuant to Local Rule 37-2.3. This memorandum is presented in further support of Veoh's position that it should not be prematurely forced to assert the advice of counsel defense in response to UMG's Interrogatory No. 2. (*See* Docket No. 71, Joint Stipulation Under Local Rule 37-2 Re UMG Recording, Inc.'s Motion to Compel Responses to Discovery Against Veoh Networks Inc., Section XVI, p. 147-148).

The defense of advice of counsel may be relevant in a copyright infringement action to rebut a claim of willful infringement. *See RCA/Ariola, Int'l, Inc. v. Thomas & Grayston Co.,* 845 F.2d 773, 779 (8th Cir.1988). A copyright plaintiff may elect to recover, instead of actual damages and profits, an award of statutory damages. 17 U.S.C. § 504(c). A finding of willful infringement may entitle a copyright infringement plaintiff to enhanced statutory damages of up to $150,000 for each infringed work. *Id.*

A defendant need not elect the advice of counsel defense early in litigation. As courts have repeatedly recognized, because asserting the advice of counsel defense waives the attorney-client privilege with respect to communications relevant to the defense, parties should be provided sufficient time to make such a determination, even where actions are well into discovery. *Whitserv LLC v. Computer Patent Annuities North America, LLC*, 2006 U.S. Dist. LEXIS 56103, No. 3:04-CV-01897 et al. *13-*15 (D.C. Conn. August 11, 2006) (staying discovery in patent case with respect to advice of counsel issues until after summary judgment motion of non-infringement was decided, and noting "as is the case here, courts are often asked to stay discovery on the advice-of-counsel defense until late in discovery"); *Ball Aerosol and Specialty Container, Inc. v. Limited Brands, Inc., et al.*, 514 F. Supp. 2d 1051, 1066-1067 (N.D. Ill. 2007) (citing *In re Buspirone Patent & Antitrust Litig.*, 210 F.R.D. 43, 55 (S.D.N.Y. 2002) (stating that a defendant must "elect whether it will raise an advice-of-counsel defense before the close of discovery . . ."); *AmQuip Corp., et al. v.*

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

*Admiral Insurance Co.*, 231 F.R.D. 197, 199-202 (E.D. Penn. 2005) (even where the court found the defendant to have delayed over two years in asserting the advice of counsel defense, the court allowed the defendant to assert the advice of counsel defense and remedied any prejudice to plaintiff by allowing additional discovery).

Assertion of the advice of counsel defense may be proper even after the initial deadline for fact discovery has closed. *L.G. Philips LCD Co., LTD. v. Tatung Co.*, 243 F.R.D. 133 (D.C. Del. 2007) (holding that advice of counsel need not be pled in an answer as an affirmative defense, and that even though fact discovery was closed in a patent infringement action, and the defendants had taken several depositions where witnesses were instructed not to answer questions based on the attorney-client privilege, the gravity of a finding of willfulness weighed in favor of allowing the defendant to assert the advice of counsel defense, even though it necessitated extending the discovery period); *Nitinol Medical Technologies, Inc., et al. v. AGA Medical Corp.*, v. 135 F. Supp. 2d 212, 214-215 (D. Mass. 2000) (holding that nearly two years after patent infringement complaint was filed, and in the same month as the close of fact discovery, it was "now the appropriate time" to require the defendant to state whether it intended to rely on the advice of counsel defense).

As explained by the court in *L.G. Philips*:

> Proper resolution of the dilemma of an accused infringer who must choose between the lawful assertion of the attorney-client privilege and avoidance of willfulness finding if infringement is found, is of great importance not only to the parties but to the fundamental values sought to be preserved by the attorney-client privilege. An accused infringer, therefore, should not without the trial court's careful consideration, be forced to choose between waiving the privilege in order to protect itself from a willfulness finding, in which case it may risk prejudicing itself on a finding of liability, and maintaining the

privilege, in which case it may risk being found to be a willful infringer if liability is found.

*Id.* at 136.

The court in *L.G. Philips* allowed the defendant to assert the advice of counsel defense after the original close of fact discovery and despite "some degree of prejudice" that the plaintiff would suffer in having to redepose certain witnesses, and stated that the "prejudice is not as great as that which will be suffered by the [defendants] if they are precluded from asserting advice of counsel in mitigation of [the plaintiff's] willful infringement claims." *Id.* at 139. As explained by the court, "this conclusion best harmonizes the policy considerations invoked by advice of counsel, including allowing the accused infringer, who is the holder of the attorney-client privilege, some choice in determining when to waive the privilege." *Id.*

Here, the cut-off for fact discovery is not until the middle of January, 2009. Moreover, three days ago on July 25, 2008, UMG's counsel met and conferred with Veoh's counsel to discuss UMG's anticipated motion for summary judgment regarding UMG's position that Veoh is not entitled to safe harbor pursuant to the DMCA, 15 U.S.C. §512. UMG's counsel said that UMG intended to file such a motion shortly. As Veoh explained in the parties' Joint Rule 26(f) Report to the Court, Veoh also intends to file a motion for summary judgment regarding its entitlement to DMCA safe harbor. Because the DMCA shields qualifying service providers from monetary damages, a decision regarding Veoh's entitlement to DMCA safe harbor will effect whether it faces monetary damages in this case. At the very least, Veoh should be allowed to wait to assert any advice of counsel defense until after the parties' motions for summary judgment are decided. See e.g., *Whitserv LLC* , *supra,* 2006 U.S. Dist. LEXIS 56103 at *13-*15 (staying discovery on advice of counsel until after resolution of motion for summary judgment). In addition, because Plaintiffs have the opportunity to elect either actual damages and profits or statutory damages under 15 U.S.C. § 504(c), Veoh should not have to determine whether it will rely on an advice



Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

of counsel defense until after Plaintiffs have made such an election and Veoh knows whether Plaintiffs will seek statutory damages.

Veoh will supplement its response to Interrogatory no. 2 to state that at this time Veoh does not intend to waive any privilege with respect to information that would support an advice of counsel defense. If Veoh decides to rely upon an advice of counsel defense, Veoh will promptly inform UMG of its decision by further supplementing its response to Interrogatory no. 2 at that time. UMG's motion to require Veoh to make that determination at this time should be denied as premature.

Dated: July 28, 2008

WINSTON & STRAWN LLP

By: /s/ Erin R. Ranahan

Rebecca L. Calkins
Erin R. Ranahan
333 So. Grand Avenue, 38th Floor
Los Angeles, California 90071
(213) 615-1700
(213) 615-1750 (Facsimile)

Jennifer A. Golinveaux
101 California Street
San Francisco, CA 94111
(415) 591-1506 (Telephone)
(415) 591-1400 (Facsimile)

Michael S. Elkin
Thomas P. Lane
200 Park Avenue
New York, New York 10166
(212) 294-6700
(212) 294-4700 (Facsimile)
Attorneys for Defendants

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543