UMG Recordings, Inc. et al v. Veoh Networks, Inc. et al Doc. 97

Rebecca Lawlor Calkins (SBN: 195593)
Email: rcalkins@winston.com
Erin R. Ranahan (SBN: 235286)
Email: eranahan@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: 213-615-1700
Facsimile: 213-615-1750

Jennifer A. Golinveaux (SBN 203056)
Email: jgolinveaux@winston.com
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
(415) 591-1506 (Telephone)
(415) 591-1400 (Facsimile)

Michael S. Elkin (*pro hac vice*)
Email: melkin@winston.com
Thomas P. Lane (*pro hac vice*)
Email: tlane@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166
(212) 294-6700 (Telephone)
(212) 294-4700 (Facsimile)

Attorneys for Defendant
VEOH NETWORKS, INC.

**Re: Dkt. #73**



**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>VEOH NETWORKS, INC. a California Corporation, DOES 1-10, inclusive,<br><br>Defendants. | **Case No. CV 07 5744 – AHM (AJWx)**<br><br>Discovery Matter<br><br>**VEOH NETWORKS, INC.'S SUPPLEMENTAL MEMORANDUM PURSUANT TO L.R. 37-2.3 IN SUPPORT OF VEOH'S MOTION TO COMPEL FURTHER RESPONSES AND FOR PRODUCTION OF DOCUMENTS FROM PLAINTIFFS UMG RECORDINGS, INC., ET AL.** |



Dockets.Justia.com

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

| | |
|---|---|
| | Magistrate Judge: Andrew Wistrich<br>Date: August 11, 2008<br>Time: 10:00 a.m.<br>Crtrm: 690<br><br>Judge: A. Howard Matz<br><br>Discovery Cut-Off: January 12, 2009<br>Pretrial Conference: April 6, 2009<br>Trial Date: April 21, 2009 |

Veoh Networks, Inc. submits the following Supplemental Memorandum in support of Veoh's Motion to Compel pursuant to Local Rule 37-2.3.

## I. PRELIMINARY STATEMENT

UMG asks this Court to ignore its rampant outright written refusals, meritless objections, and evasive "agreements" to produce, as well as failures as fundamental as the refusal to even verify its responses, holding out its recycled, last minute 1.4 million page production (strategically dumped on Veoh as Veoh was readying its motion[1]), as a "cure-all" for UMG's widespread and undeniable discovery failures.[2] Despite the fact that UMG's million plus page production was already found to be deficient in both *UMG Recordings, Inc., et al. v. MySpace, Inc.*, CV 06-07361 ("*MySpace*") and *UMG Recordings, Inc., et al., v. Grouper Networks, Inc., et al.*, CV 06-06561 ("*Grouper*"), UMG now asks this Court to ignore its own prior orders and suddenly find the production sufficient in this case. Indeed, this deficient production was the subject of multiple motions to compel (which UMG vigorously fought), and a slew of discovery orders *against* UMG in *MySpace* and *Grouper*. UMG avoided

[1] For three months UMG failed and refused to produce a single document. Because Veoh's preparation of this Motion occurred in part during that three month period, a single sentence in Veoh's Motion inadvertently still describes the state of UMG's production *before* June 27, 2008, *i.e.* that UMG had failed to produce a single document. While UMG attempts to make much of this, it was merely an oversight.

[2] UMG admits that it merely re-produced the documents already produced in MySpace and Grouper (Joint Stipulation, p. 83, lines 6-8). UMG then speaks in the vaguest of terms about "additional searching" but conspicuously fails to identify which additional documents, if any, this supposed "additional searching" turned up or were produced. (*Id.* at lines 9-11).

compliance with many of these Orders,[3] including this Court's March 17, March 24, and March 27, 2008 Orders in *MySpace* in which the Court, among other things:

- Ordered UMG to produce documents relating to the revenues, profits, and value of the allegedly infringed works (this Court noted that "evidence of the value of the copyrighted works and UMG's lost revenues or lost profits, if any, is potentially *vital* to MySpace's ability to properly defend itself against UMG's damages claims." (March 17, 2008 Order, Dkt. #260, Declaration of Rebecca Lawlor Calkins in Support of Veoh's Motion to Compel ["Calkins Decl."], Exh. I) (Emphasis added);
- Ordered UMG to produce discovery pertaining to the promotional value to UMG of having its allegedly infringed works on various websites (March 27, 2008 Order, Dkt. #273, Calkins Decl., Exh. K);
- Ordered UMG to supplement responses to discovery seeking the identification of persons possibly possessing relevant knowledge (March 17, 2008 Order, Dkt. #260, Calkins Decl., Exh. I);
- Ordered UMG to expand its list of custodians and search terms (March 24, 2008 Order, Dkt. #270, Calkins Decl., Exh. J).

Consistent with its prior efforts to conceal this and other critical discovery in *MySpace* and *Grouper*, UMG's written responses in this matter contain mostly refusals or grossly deficient responses.

Despite resisting, then avoiding, the production of multiple critical categories of documents and information in *MySpace* and *Grouper*, and despite UMG's written refusals, UMG now asserts that it suddenly and independently "voluntarily undertook" "additional searching" and has "produced even more material to Veoh than was produced in the *MySpace* and *Grouper* actions." (Joint Stipulation, p. 83, lines 9-11).

[3] On April 4, 2008 (eight days after this Court's March 27, 2008 Order), UMG and MySpace filed a Stipulation to Dismiss Case (Docket No. 275). By promptly settling UMG avoided compliance with the Court's discovery orders.



Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

Notably, UMG never identifies specifically what this "material" is or what the purported "additional searching" included. Indeed, Veoh has uncovered nothing in UMG's production suggesting that UMG has suddenly decided to produce documents which only a few short months ago it was fighting tooth and nail to hold back.

## II. UMG'S DISCOVERY CONDUCT IS AT ISSUE IN VEOH'S MOTION TO COMPEL, NOT VEOH'S

UMG complains excessively about Veoh's production, despite the fact that this is Veoh's motion to compel, not UMG's. UMG's complaints on this subject are not only inaccurate and improper here, but are an obvious attempt to distract the Court from UMG's own egregious and repeated discovery failures, many of which, as UMG undoubtedly realizes, have been before this Court many times before.

UMG also attempts to distract with unfounded accusations against Veoh. For example, in connection with Veoh's efforts to obtain documents relating to UMG's purported damages, UMG accuses Veoh of "overreaching" in Veoh's assertion that statutory damages should "bear some relation to actual damages suffered." (Joint Stipulation p. 229, lines 4-5). But, as UMG was already reminded during the parties' meet and confers, this Court held *exactly that* in its March 17, 2008 Order in *MySpace*. (Dkt. #260, Calkins Decl., Exh. I). UMG's repeated disingenuous attempts to shift focus to Veoh, instead of addressing its own discovery failures, are improper and cannot be countenanced.

## III. UMG IGNORES ITS OWN WRITTEN RESPONSES

In its portion of the Joint Stipulation, UMG simply ignores its own written responses, including its multiple refusals to produce any documents or information whatsoever and its responses agreeing to provide the custodians and search terms used. With regard to custodians and search terms, UMG argues without support that UMG's obligation to abide by its own discovery responses is contingent upon Veoh acquiescing to UMG's demand that Veoh produce its search terms and custodians. Of

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

course, UMG offers no authority for such an absurd argument because none exists. UMG then, tellingly, spends much energy arguing that UMG should be excused from producing all documents sought as the Federal Rules contemplate a "reasonable, diligent, good faith search" for documents, which, notably, is something UMG *refuses* to agree to do. (*See generally* UMG's Responses to Veoh's Requests for Production of Documents).

## IV. UMG'S DOCUMENT PRODUCTION IS DEFICIENT

Despite its prior and consistent refusals, UMG now claims that some universe of disputed responsive documents are nonetheless buried in the 1.4 million page recycled document dump. Of course, UMG intentionally frustrates Veoh's ability to test the completeness of UMG's search and production by continuing to conceal the search terms and custodians used.

UMG's discovery failures are chronic and must not be allowed continue. The discovery Veoh seeks is necessary, indeed, critical to preparing its defense in this "winner take all" litigation waged by UMG. UMG cannot hide behind excuses like "burden" for example to avoid producing categories such as financial and other documents, when, as noted by this Court "any burden imposed on UMG in having to produce the documents sought by [here, Veoh] is outweighed by the importance of such documents." (March 17, 2008 Order, Dkt. #260, Calkins Decl., Exh. I).

UMG continues the same conduct that was the subject of multiple discovery orders against UMG in MySpace and Grouper. Veoh's motion for further responses and for production of documents, should be granted.

Dated: July 28, 2008

**WINSTON & STRAWN LLP**

By /s/ Rebecca Lawlor Calkins
Michael S. Elkin
Thomas P. Lane
Jennifer A. Golinveaux
Rebecca L. Calkins

Erin R. Ranahan
Attorneys for Defendant
VEOH NETWORKS, INC.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543