Re: Docket #71

Steven A. Marenberg (101033) (smarenberg@irell.com)
Elliot Brown (150802) (ebrown@irell.com)
Brian Ledahl (186579) (bledahl@irell.com)
Benjamin Glatstein (242034) (bglatstein@irell.com)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>VEOH NETWORKS, INC.,<br><br>Defendant. | Case No. CV-07-05744 AHM (AJWx)<br><br>**UMG'S SUPPLEMENTAL MEMORANDUM REGARDING APPLICABILITY OF PRIOR ORDERS TO UMG'S MOTION TO COMPEL DISCOVERY RESPONSES FROM VEOH NETWORKS, INC.**<br><br>Magistrate: Hon. Andrew J. Wistrich<br><br>Date: N/A<br>Time: N/A<br>Courtroom: 690<br><br>Discovery Cutoff: January 12, 2009<br>Pretrial Conference: April 6, 2009<br>Trial Date: April 21, 2009 |



Dockets.Justia.com

Pursuant to the Court's request at the August 25, 2008, hearing regarding UMG's motion to compel discovery responses from Veoh, UMG submits the following Supplemental Memorandum Regarding the Applicability of the Court's Prior Orders to UMG's Motion to Compel Pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37-2.3.[1]

# I. INTRODUCTION

As the Court indicated, certain issues presented by UMG's motion were the subject of motion practice in the *MySpace* and *Grouper* cases. In the *MySpace* and *Grouper* cases, the Court issued decisions regarding the following relevant motions: UMG's Motion to Compel Grouper (a/k/a Crackle) to Provide Further Responses to Interrogatories (February 25, 2008, Order); and UMG's Motion Against Grouper to Compel Compliance with February 25, 2008, Order (April 22, 2008, Order). Additionally, the Court entered orders in both the *MySpace* and *Grouper* cases resolving certain disputes pursuant to stipulations of the parties: on November 8, 2007, with respect to Grouper and on February 19, 2008, with respect to MySpace. Copies of these various orders are attached as Exhibits A through F to the Second Supplemental Declaration of Brian Ledahl ("2d Supp. Ledahl Decl.").

Veoh repeatedly responds to UMG's pending motion to compel by either refusing to produce the materials that were ordered or agreed to be produced in the *MySpace* and *Grouper* cases or by trying to argue that a particular category of materials that MySpace or Grouper agreed to produce should be the only thing Veoh produces on that subject. While UMG agrees that the same categories of documents that MySpace and Grouper ultimately agreed to produce should be produced by Veoh here, Veoh should not rely on stipulations from the *MySpace* and *Grouper* cases as a limit on Veoh's need to produce. Veoh continues to withhold numerous documents that were not even the subject of disagreement with MySpace or Grouper

[1] Because the Court denied Veoh's Motion to Compel without prejudice, UMG understood the Court to request supplemental briefing regarding the applicability of prior orders to UMG's Motion to Compel.

and thus were not the subject of any stipulation. Thus the stipulated orders reflect a floor, not a ceiling, on Veoh's production obligations. As requested by the Court, UMG addresses below the applicability of these orders to issues raised in UMG's Motion to Compel, identified by Roman Numeral section of the Joint Stipulation.

## II. CATEGORIES OF REQUESTS POTENTIALLY AFFECTED BY PRIOR ORDERS

### A. Communications Regarding Copyright Infringement (Jt. Stip. Section IV)

In a stipulation with UMG, Grouper agreed to produce any communications with any person mentioning alleged, actual, or potential copyright infringement by Grouper. *See* 2d Supp. Ledahl Decl., Ex. A (11/08/2007 Stipulated Order re Discovery Disputes at 3). Veoh suggests that that agreement should limit Veoh's production in response to UMG's Request Number 1 (which seeks "All communications relating to alleged copyright infringement by Veoh"). Veoh still refuses to produce its internal communications about copyright infringement, copyright policies, or the avoidance of copyright infringement – critical documents that Grouper did agree to produce, without the need for motion practice. The stipulated Order in the *Grouper* action arose within the context of Grouper's agreement to produce various other categories of documents that were not in dispute prior to the stipulation. Veoh cannot rely on this isolated agreement – given Grouper's broader commitment to produce – in order to avoid necessary discovery here. Thus, UMG respectfully submits that Veoh should be ordered to produce the requested materials.

### B. Interrogatory No. 5 Re: Identification of Video Files (Jt. Stip. Section VI)

In its February 25, 2008, Order, the Court denied UMG's motion to compel against Grouper (a/k/a Crackle) regarding Universal Music Corp.'s ("UMC") Interrogatory No. 2, which asked Grouper to identify every media file in its

possession, including any quarantined, removed, unavailable, or “deleted” files, containing any work by a UMG Artist (a list of UMG Artists accompanied the request). See 2d Supp. Ledahl Decl., Ex. D (2/25/2008 Order). The Court did not compel a response to this interrogatory, in part due to Grouper’s representation that it had already produced its media files and that the identification of responsive files was an equal task for Grouper or UMG in light of this production. The Court accepted Grouper’s representation but ordered Grouper to complete production of its media files. See *id*.

Here, UMG’s Interrogatory No. 5 makes the same request of Veoh, namely, to identify any media files containing a work by a UMG Artist (identified in a list accompanying the request). Unlike Grouper, however, Veoh has made no production of its media files (of any kind) and has offered no representation (and certainly no evidence) that the burden of identifying the responsive information is equal for UMG and Veoh. Veoh could not possibly make such a representation – it has not produced its media files. UMG respectfully submits that in light of these facts, Veoh is not similarly situated to Grouper with respect to this Interrogatory, and Veoh should be compelled to respond. At a minimum, as the Court did in the *Grouper* case, Veoh should be ordered to produce its media files – something it still has not done.

**C. License Agreements (Jt. Stip. Section XI)**

MySpace and Grouper agreed to produce various categories of license agreements. *See* 2d Supp. Ledahl Decl., Exs. A (11/08/2007 Stipulated Order re: *Grouper*), B (2/13/2008 Stipulation re: *MySpace*), and C (2/19/2008 Order Entering Stipulation re: *MySpace*). As set forth in its moving papers, UMG seeks production of license agreements from Veoh as well. Veoh has yet to produce any such agreements. Veoh inexplicably tries to use the agreement by Grouper and MySpace to produce license agreements as a basis to avoid production of documents here. Veoh argues that the stipulation between the parties in those cases should somehow

narrow Veoh's production obligations. The agreement to produce by MySpace is particularly inapt here because, unlike Veoh, MySpace operated an internet site with many areas not devoted to making videos or music available to the public. Veoh's entire business is performing and distributing videos – making its license agreements relevant to damages, willfulness and other issues as set forth in the Joint Stipulation. At most, the stipulated orders confirm that, like MySpace and Grouper, Veoh should be producing license agreements as requested by UMG, as well as related documents requested by UMG.

**D. Revenues and Advertising (Jt. Stip. Sections XII and XIII)**

MySpace agreed to produce documents summarizing or reporting revenues generated from the MySpace Music or MySpace Video sections, and documents summarizing MySpace's policies, procedures, and practices for the display of advertising, including advertising agreements and general pricing information for advertisements. *See* 2d Supp. Ledahl Decl., Ex. B (2/13/2008 Stipulation at 3). Veoh argues that MySpace's agreement to produce documents (which Veoh continues to withhold) should somehow limit Veoh's production obligations. Unlike Veoh, MySpace agreed (separate and apart from this particular stipulated order) to produce various categories of documents, like internal communications, and to search the files of various employees using a series of search terms to locate potentially responsive documents. Veoh continues to withhold such materials. Veoh cannot invoke the stipulation with MySpace as a basis on which to narrow or limit its overall production obligation. Veoh should produce the materials requested by UMG.

**E. Public Statements and Speeches (Jt. Stip. Section XV)**

News Corp., the parent company of MySpace (and also a defendant in that case), stipulated to produce all speeches, press releases, press statements, transcriptions and/or videos of public statements, made on or after January 1, 2003, concerning copyright infringement, piracy, anti-piracy, content protection,

MySpace, YouTube, or the *UMG v. MySpace* action. 2d Supp. Ledahl Decl., Ex. B (2/13/2008 Stipulation at 5). UMG propounded similar requests here, but Veoh refuses to produce. UMG's motion seeking to compel production of such information should be granted.

**F. Interrogatory No. 6 Re: Veoh's Responses to DMCA Notices (Jt. Stip. Section XVIII)**

In its February 25, 2008, Order, the Court granted UMG's motion to compel a response to Interrogatory No. 5, which asked Grouper to describe in detail its response to each notice of copyrighted content that it received. The Court ruled that while it may be appropriate (at least in part) for Crackle to utilize Fed. R. Civ. P. 33(d) in responding to this request, Crackle's specification of the relevant records must be "clear and detailed." 2d Supp. Ledahl Decl., Ex. D (2/25/2008 Order). UMG's Interrogatory No. 6 to Veoh similarly requests that Veoh describe its response to every notice of copyrighted content on Veoh Software that Veoh has received (substantially similar wording to UMG's interrogatory to Grouper). Like Grouper, Veoh's primary objection to this Interrogatory is burden. Given the nearly identical wording of these interrogatories and the similar arguments made by the defendants, the Court's ruling as to Grouper should apply here. Veoh should respond fully to UMG's Interrogatory No. 6.

//

//

//

//

//

//

//

//

//

## III. CONCLUSION

As set forth above, the application of prior orders from the *MySpace* and *Grouper* actions to UMG's Motion to Compel is limited. Of those prior orders, most were the result of stipulations between the parties and have little application here, except to confirm that Veoh is withholding documents that MySpace and Grouper agreed to produce. Veoh should be ordered to produce the various categories of material that it continues to withhold. The Stipulated Orders should not, however, provide a basis for Veoh to narrow or avoid its discovery obligations in this case.

Dated: September 2, 2008

IRELL & MANELLA LLP

By: ______________________

Brian Ledahl

Attorneys for Plaintiffs