Rebecca Lawlor Calkins (SBN: 195593)
Email: rcalkins@winston.com
Erin R. Ranahan (SBN: 235286)
Email: eranahan@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: 213-615-1700
Facsimile: 213-615-1750

Jennifer A. Golinveaux (SBN 203056)
Email: jgolinveaux@winston.com
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
(415) 591-1506 (Telephone)
(415) 591-1400 (Facsimile)

Michael S. Elkin (*pro hac vice*)
Email: melkin@winston.com
Thomas P. Lane (*pro hac vice*)
Email: tlane@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166
(212) 294-6700 (Telephone)
(212) 294-4700 (Facsimile)

Attorneys for Defendant
VEOH NETWORKS, INC.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*,<br>Plaintiffs,<br>vs.<br>VEOH NETWORKS, INC. a California Corporation, DOES 1-10, inclusive,<br>Defendants. | **Case No. CV 07 5744 – AHM (AJWx)**<br>Discovery Matter<br>**DECLARATION OF THOMAS P. LANE IN SUPPORT OF VEOH NETWORK INC.'S SUMMARY OF DISCOVERY ORDERS IN *MYSPACE/GROUPER* ACTIONS RELEVANT TO CURRENT DISCOVERY DISPUTES** |

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

# DECLARATION OF THOMAS P. LANE

I, Thomas P. Lane, declare as follows pursuant to 28 U.S.C. § 1746:

1. I am an attorney at law duly admitted to practice before this Court, and am a member of Winston & Strawn LLP, attorneys of record for Defendant Veoh Networks, Inc. ("Defendant" or "Veoh"). I am familiar with the facts stated herein and the Complaint in this action and, if called upon as a witness, I could and would competently testify hereto.

2. I have served as counsel for multiple record companies, recording artists, and alleged copyright infringers, including parties in the following actions for copyright infringement, among others: *TeeVee Toons, Inc, et al., v. MP3.com, Inc.*, 00 Civ. 3951 (JSR) (S.D.N.Y), *Fonovisa, Inc. v. MP3.com*, 02 Civ. 8614 (JSR) (S.D.N.Y), *Fonomusic, Inc. v. MP3.com*, 02 Civ. 8617 (JSR) (S.D.N.Y), *HMS Distributors, Inc. v. MP3.com*, 02 Civ. 8616 (JSR) (S.D.N.Y), *Musical Productions, Inc., v. MP3.com*, 02 Civ. 8618 (JSR) (S.D.N.Y), *Country Road Music, Inc., et al. v. MP3.com*, No. 02 Civ. 8006 (JSR) (S.D.N.Y.),[1] *Arista Records et al v. Launch Media, Inc.*, 01 Civ. 4450 (S.D.N.Y.) and *Grateful Dead Productions, et al. v. William Sagan, et al.*, Case No. C 06-7727 (JW) (PVT) (N.D. Cal.).

3. In each of these litigations, plaintiffs produced artist contracts, purchase agreements and related documentation in order to sufficiently demonstrate ownership of the claimed copyrights.

4. In fact, in all of the music copyright litigation I have been involved with, this documentation has either been produced or the claims on that specific copyright have not proceeded.

5. UMG engaged in related litigation against MP3.com. *See UMG Recordings, Inc. v. MP3.com*, No. 00 Civ. 472 (JSR) (S.D.N.Y.).

[1] Upon information and belief, Vivendi Universal, the parent company of the plaintiffs herein, purchased mp3.com in August 2001. Therefore, Universal is familiar with demanding copyright ownership documents as a defendant and having to produce them as a plaintiff.

6. In the MP3 litigation, UMG sought statutory damages for more than 4,700 copyrights. After a bench trial, Judge Rakoff determined that MP3 had willfully infringed UMG's copyrights and set statutory damages at $25,000 per work. *See* Findings of Fact and Conclusions of Law, *UMG Recordings, Inc. v. MP3.com*, a true and accurate copy of which is attached hereto as Exhibit 1.

7. Although UMG sought damages for more than 4,700 copyrights, judgment in the MP3 litigation totaled only $53,400,000. Given that statutory damages were set at $25,000 per work, the final judgment represents a finding that only 2,136 works qualified for statutory damages – less than half of the more than 4,700 works for which UMG had initially sought relief. *See* Final Judgment and Order, *UMG Recordings, Inc. v. MP3.com*, a true and accurate copy of which is attached hereto as Exhibit 2.

8. In the *Launch* litigation, plaintiffs produced artist contracts, purchase agreements and international catalog license agreements to demonstrate assignment or transfer of copyright ownership from various artists, authors or claimants to plaintiffs and to establish that certain copyrights were created as works for hire.

9. As a result of this production, counsel for Launch Media, Inc. discovered hundreds of deficiencies in plaintiffs' copyright ownership claims, amounting to defects in plaintiffs' claim to ownership of 275 of the 835 copyrighted works for which they sought statutory damages, or approximately 33%.

10. Specifically, for 79, or nearly 10%, of the copyrights on which plaintiffs sought relief lacked sufficient ownership documentation, namely a signed agreement containing terms necessary to convey rights to plaintiffs; for 113 (13.5%) of plaintiffs' claimed copyrights, the works were registered after any possible infringement could have occurred; 13 (1.6%) of plaintiffs' claimed copyrights lacked supporting documentation transferring ownership to plaintiffs; for 30 (3.6%) of plaintiffs' claimed copyrights, all registered as works-for hire, the works were created prior to the date of the corresponding agreements; and for certain other of plaintiffs' claimed

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

copyrights, the underlying agreements expressly reserved digital distribution rights to the artist.

11. Further, the very first document UMG produced in this case is a copyright registration for the work "Objeto Extraviado." Attached hereto as Exhibit 3 is a true and correct copy of this copyright registration. According to the registration, the copyright claimant is Universal Music, S.A. de C.V. That entity is not a plaintiff herein. In fact, I am informed that in the first 100 registrations produced by UMG, not a single registration lists a plaintiff herein as author/copyright claimant.

I declare under penalty of perjury under the laws of the United States of America, the foregoing is true and correct. Executed on September 2, 2008, in New York, New York

/s/ Thomas P. Lane
Thomas P. Lane

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543