Steven A. Marenberg (101033) (smarenberg@irell.com)
Elliot Brown (150802) (ebrown@irell.com)
Brian Ledahl (186579) (bledahl@irell.com)
Benjamin Glatstein (242034) (bglatstein@irell.com)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:  (310) 277-1010
Facsimile:  (310) 203-7199

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, | Case No. CV-07-05744 AHM (AJWx) |
| Plaintiffs, | **UMG'S OBJECTIONS TO VEOH'S SUPPLEMENTAL MEMORANDUM REGARDING APPLICABILITY OF PRIOR ORDERS** |
| v. | Magistrate: Hon. Andrew J. Wistrich |
| VEOH NETWORKS, INC., *et al.*, | Date: N/A<br>Time: N/A<br>Courtroom: 690 |
| Defendants. | Discovery Cutoff: January 12, 2009<br>Pretrial Conference: April 6, 2009<br>Trial Date: April 21, 2009 |

UMG'S OBJECTIONS TO VEOH'S SUPPLEMENTAL
MEMORANDUM REGARDING APPLICABILITY OF
PRIOR ORDERS

1925132

Plaintiffs UMG Recordings, Inc., *et al.* (collectively, "UMG") respectfully object to Veoh's (purported) Summary of Discovery Orders in *MySpace/Grouper* Actions Relevant to Current Discovery Disputes and the accompanying declaration of Thomas Lane (Dkt. Nos. 110 and 111).

## I.     Introduction

On August 25, 2008, this Court denied Veoh's Motion to Compel Discovery Responses from UMG ("Veoh's Motion to Compel") (Dkt. No. 73) without prejudice. The Court noted that Veoh's motion contained "hundreds of requests," that it "exceed[ed] 300-pages," that Veoh's grouping of requests was "so broad that [it] really [wasn't] meaningful," and that many "of [Veoh's requests] probably have been largely satisfied at this point." August 25, 2008, Hearing Transcript ("Hearing Transcript") at 19:16-18, 22:12-13 (Dkt. No. 107). The Court therefore "den[ied Veoh's] motion to compel" without prejudice to Veoh's right to "file [another] motion"—*after* "complet[ing its] review of [UMG's] production" and provided that Veoh organized its subsequent motion "in a sensible way." *Id.* at 21:23, 21:25-22:1, 23:16-17. At the close of the hearing, the Court asked the parties to submit supplemental briefs regarding the applicability of the Court's prior orders in the *MySpace* and *Grouper* cases to pending disputes. UMG submitted such a brief. Veoh did not.

Instead, Veoh filed a new 25-page brief which exceeded (by 20 pages) the Local Rule page limits on supplemental briefs, which reargued Veoh's motion that this Court already denied, and which purports to seek reconsideration of various rulings in prior actions. Veoh went even further by filing an improper declaration from Thomas Lane, one of Veoh's counsel of record. Not only did this declaration have nothing to do with the supplemental brief actually requested by the Court, Mr. Lane also offers additional legal argument and testimony in his declaration. None of this was proper, nor requested by the Court. Veoh's improper "supplemental" brief and accompanying Lane Declaration should be rejected. Should Veoh wish to brief

the issues raised, it should do so through a properly noticed motion, consistent with the Court's direction at the August 25 hearing.

## II. Veoh's "Supplemental Brief" Is 20 Pages Too Long

The Court requested that the parties file supplemental briefs identifying issues in pending discovery disputes that were the subject of orders in the prior *MySpace* and *Grouper* cases. Under the local rules: "Unless otherwise ordered by the Court, a supplemental memorandum shall not exceed five (5) pages in length." C.D. Cal. Rule 37-2.3. Veoh ignored this limit in filing its 25-page "supplemental brief." Indeed, Veoh exceeded the limit by a factor of five. Veoh compounded its improperly overlong brief by filing an attorney declaration purporting to offer legal argument (and legal speculation). None of this material is consistent with the Court's request for a supplemental brief. As such, Veoh's submissions should be rejected.

## III. Veoh Purports To Reargue A Motion The Court Denied

Veoh's submissions amount to an argument for reconsideration. Veoh purports to argue both for reconsideration of the Court's denial of Veoh's motion to compel, as well as reconsideration of rulings the Court made in other cases. Veoh has not filed any motion for reconsideration. Indeed, no motion is pending to which such arguments are applicable. If Veoh wishes to present arguments (either new or recycled), it should follow the Court's direction to do so *after* "complet[ing its] review of [UMG's] production" and provided that Veoh organizes its subsequent motion "in a sensible way." Hearing Transcript at 21:23, 21:25-22:1, 23:16-17. UMG addresses here only the improper nature of Veoh's submission. While UMG respectfully disagrees with numerous assertions put forward by Veoh, the appropriate place to address such matters is in connection with a properly submitted, motion, not in an after-the-fact "supplemental" brief, as Veoh has attempted to do.

### A. Veoh Improperly Reargues Its Denied Motion

As stated above, the Court simply asked that the parties file "supplemental briefs … tell[ing] me where I have previously addressed these issues, either in transcript or order, and attach the full transcript or a copy of the order." Hearing Transcript at 56:11-15. Veoh instead submitted lengthy reargument of the very same motion the Court already denied without prejudice. In many instances, Veoh's "supplemental brief" repeats, word-for-word, the same arguments set forth in its denied motion to compel. For example, from page 18, line 25, through page 19, line 3, Veoh's "supplemental" brief reproduces verbatim the argument Veoh presented at page 224, lines 14-20, of the Joint Stipulation. This rote repetition would not even be proper in a motion for reconsideration. It is certainly not appropriate in the context of the Court's request for a supplemental brief.

Moreover, Veoh continues to argue its denied motion with respect to the same overly broad and unhelpfully grouped requests. The Court specifically admonished Veoh that if it wished to present such issues, it must do so in a new motion that was organized in an appropriate manner. *See Hearing Transcript* at 22:11-13, 23:10-17 ("I like categories, but yours were so broad that they really weren't meaningful. … This is an unmanageable package for me … grouped in these very broad, unhelpful categories. . . . So, please, if you're not satisfied with their interrogatory responses, file a motion. But do it in a sensible way next time."). Veoh attempts to circumvent the Court's very specific direction by rearguing the same broadly-grouped motion that the Court already denied. As such, Veoh's submissions should be rejected.

### B. Veoh's Supplemental Memorandum Improperly Reargues Other Cases

Veoh's "supplemental" brief goes beyond merely offering improper reargument of the motion this Court already denied. Veoh proceeds to also argue that the Court should reconsider rulings it issued in other cases. Rather than confine itself to the potential applicability of prior orders in other cases (as the Court

1  requested), Veoh purports to argue the merits of such prior orders.  Most notably,
2  Veoh spends approximately half of its 25-page brief arguing that the Court should
3  reconsider a ruling issued in the *MySpace* case regarding production of certain
4  copyright registration-related information.  First, as with all of its arguments about
5  UMG's production, Veoh is trying to reargue its already-denied motion.  Taking this
6  violation the further step of arguing the merits of a ruling in another case is
7  completely improper.  Veoh purports to offer these reconsideration arguments in a
8  submission untied to any pending motion, and without proper opportunity to
9  respond.  The Court made clear that if Veoh has other issues to raise, it must file a
10 new motion.  If Veoh wishes to pursue such a motion, and argue that the Court
11 should not follow its prior decision, it is free to do so, and UMG will have an
12 appropriate opportunity to respond to Veoh's arguments.  Moreover, the Court
13 would be able to consider Veoh's arguments with respect to specific, properly-
14 grouped discovery requests propounded by Veoh in this case.  Such an approach
15 makes much more sense than simply submitting a brief arguing for reconsideration
16 of a ruling without even a pending motion for particular relief.

Veoh also submitted an improper declaration from its counsel Thomas Lane.  First, the Lane Declaration has nothing to do with the supplemental brief that the Court requested.  Instead Mr. Lane purports to offer argument about why the Court should reconsider prior rulings.  Second, Mr. Lane's declaration purports to offer legal arguments couched as factual matters.  For both of these reasons, the declaration should also be rejected.

**V.     Conclusion**

Veoh failed to comply with the Local Rules' limitations on Supplemental Briefs.  Further, it improperly purports to reargue both its own, already-denied, motion to compel, as well as prior rulings of this Court in other cases.  For all of these reasons, Veoh's "Supplemental Brief" (Dkt. No. 110) and accompanying declaration of Thomas Lane (Dkt. No. 111) are improper and should be rejected.

| | | |
|---|---|---|
| Dated: September 8, 2008 | | IRELL & MANELLA LLP<br>Steven A. Marenberg<br>Elliot Brown<br>Brian Ledahl<br>Benjamin Glatstein |

By:     /s Brian D. Ledahl
       Brian D. Ledahl

Attorneys for Plaintiffs