Rebecca Lawlor Calkins (SBN: 195593)
Email: rcalkins@winston.com
Erin R. Ranahan (SBN: 235286)
Email: eranahan@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: 213-615-1700
Facsimile: 213-615-1750

Jennifer A. Golinveaux (SBN 203056)
Email: jgolinveaux@winston.com
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
(415) 591-1506 (Telephone)
(415) 591-1400 (Facsimile)

Michael S. Elkin (*pro hac vice*)
Email: melkin@winston.com
Thomas P. Lane (*pro hac vice*)
Email: tlane@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166
(212) 294-6700 (Telephone)
(212) 294-4700 (Facsimile)

Attorneys for Defendant
VEOH NETWORKS, INC.

**Winston & Strawn LLP**
**333 South Grand Avenue**
**Los Angeles, CA 90071-1543**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> VEOH NETWORKS, INC. a California Corporation, DOES 1-10, inclusive, <br><br> Defendants. | **Case No. CV 07 5744 – AHM (AJWx)** <br><br> Discovery Matter <br><br> **VEOH'S RESPONSE TO UMG'S OBJECTIONS TO VEOH'S SUPPLEMENTAL MEMORANDUM REGARDING APPLICABILITY OF PRIOR ORDERS** |

LA:222778.1

**VEOH'S RESPONSE TO UMG'S OBJECTIONS TO VEOH'S SUPPLEMENTAL MEMO**
**Case No. CV 07 5744 – AHM (AJWx)**

Dockets.Justia.com

**Winston & Strawn LLP**
**333 South Grand Avenue**
**Los Angeles, CA 90071-1543**

I.      **INTRODUCTION**

In its Objections to Veoh's Supplemental Memorandum Regarding Applicability of Prior Orders (Docket 121), UMG claims that Veoh violated proper procedure in identifying, at this Court's instruction, prior issues litigated in the *MySpace/Grouper* Actions and relevant to both parties' motions to compel. This Court invited the parties to present "very, very good" reasons for why any order should not continue in effect in this case. Veoh identified one such order and provided those "very, very good" reasons; UMG chose not to identify any reason why it should not be forced, for example, to provide the same financial or viral marketing document production here as it did in the *MySpace/Grouper* Actions. UMG's Objections to Veoh's Supplemental Memorandum should be disregarded.

II.     **VEOH MADE EVERY EFFORT TO COMPLY WITH THE COURT'S REQUEST; UMG DID NOT**

On August 25, 2008, the Court asked both parties to provide supplemental briefs describing orders from the *MySpace/Grouper* Actions that relate to current discovery disputes. The Court explicitly noted that "some of these issues, **particularly ones addressed in Veoh's motion** . . . I addressed before. . . and you've pointed to some of it, **but I just want to be sure I have all of it**." (Declaration of Erin R. Ranahan in Support of Veoh's Summary of Discovery Orders ("Ranahan Decl.") (Docket No. 112) and Exh. I, p. 405:3-17) (emphasis added). Accordingly, the Court asked that the parties inform the Court where it "previously addressed the issues." The Court also noted that:

> for UMG's guidance, even though I've denied Veoh's Motion
> to Compel, I'm likely to make every effort to decide
> consistently in this case as I did in previous cases. So you
> should probably go ahead and do what I ordered you to do
> previously. If you don't, I'm going to be looking for a very,

LA:222778.1                              **1**

**Winston & Strawn LLP**
**333 South Grand Avenue**
**Los Angeles, CA 90071-1543**

1  very good reason why this case is so different that you didn't

2  do that.

3  *Id.* at 405:23-25.

4

5  Based on the Court's directive, Veoh (who unlike UMG was not a party in the

6  *MySpace/Grouper* Actions) reviewed and presented orders and transcripts relating to

7  all current discovery disputes—including orders against UMG and orders against the

8  defendants in the *MySpace/Grouper* Actions.  This was not only for the Court's

9  convenience, but to put UMG on notice with respect to the orders that the Court

10  expected UMG to comply with unless it had a "very, very good reason" not to.

11  Veoh's Supplemental Brief presented fourteen separate rulings from the

12  *MySpace/Grouper* Actions—ten that related to Defendants' Motion to Compel and six

13  that related to UMG's Motion to Compel (two related to both) (Docket No. 110).

14  UMG's Supplemental Brief discussed only six total rulings—all six issues related to

15  UMG's Motion.  (Docket No. 109).  UMG conveniently cherry-picked only those

16  decisions and orders in its favor, failing to acknowledge a single ruling against it.

17  Given that UMG was an actual party to *MySpace/Grouper* Actions (and thus had

18  access to sealed materials and additional context for the various disputes unavailable

19  to Veoh) it is surprising that UMG's Supplemental Brief is so scant.  It is no wonder

20  that UMG would consider Veoh's comprehensive Supplemental Brief, that addresses

21  all of the Court's relevant rulings, to be "too long," as UMG intentionally chose to

22  present only rulings in its favor and omitted anything that would require UMG to

23  actually do anything.

24  UMG argued that "most" of Court's orders in the *MySpace/Grouper* Actions

25  "have little application here."  (UMG's Supplemental Brief (Docket 109) p. 6:3-5).  As

26  shown below, UMG even argues that a stipulation between the parties in its favor

27  should be followed, but discounts another stipulation with a reasonable limitation as

28  having "no bearing here:"

LA:222778.1                                     2

| Stipulated Issue | UMG's Position |
|---|---|
| "the parent company of MySpace . . .stipulated to produce all speeches, press releases . . . concerning copyright infringement . . . (UMG's Supplemental Brief, Docket 109, p. 6:3-5). | UMG's motion seeking to compel production of such information should be granted." (*Id.* at p. 5:3-4). |
| The Court entered a stipulation between the parties that limited communications that the defendant was required to produce to "those that mention alleged actual or potential copyright infringement by Grouper." (Veoh's Supplemental Brief, (Docket 110, p. 15:10-20). | "[T]he fact that UMG compromised with MySpace . . . has no bearing here." (UMG's Supplement Brief (Docket 110), p. 5:1-3). |

With respect to just one of the Court's past fourteen orders addressed in Veoh's Supplemental Brief, Veoh requested that the Court reconsider a limitation on discovery regarding ownership of the copyrights at issue in the *MySpace/Grouper* Actions. Veoh presented this discussion, and the supporting Declaration of Thomas P. Lane, because discovery relating to UMG's copyright ownership goes to the heart of this action and is critical to Veoh's defense.

In short, despite the Court's direction to UMG that it "should just go ahead and do what I ordered you to do previously" unless UMG has a "very very good reason" why this case is different, UMG felt that it was sufficient to present a cursory explanation dismissing all the Court's decisions against it in the *MySpace/Grouper* Actions as having "little application." (UMG's Supplemental Brief (Docket 109) p. 6:3-5). Even worse, despite the Court's request that sought to ensure a comprehensive record to resolve and assist with current discovery disputes, "particularly ones addressed in Veoh's Motion," UMG now complains that Veoh has exceeded the scope of the Court's request by including any of the discovery issues "addressed in Veoh's Motion." (Ranahan Decl. (Docket No. 112) and Exh. I, p. 405:3-17).

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

**VEOH'S RESPONSE TO UMG'S OBJECTIONS TO VEOH'S SUPPLEMENTAL MEMO**
**Case No. CV 07 5744 – AHM (AJWx)**

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

1    Veoh's Supplemental Brief sought to comply fully with the Court's request, and

2  provide guidance in going forward to both the Court and UMG.  UMG's Supplemental

3  Brief and Objection to Veoh's Supplemental Brief essentially request that the Court

4  disregard the rulings UMG did not like and ignore everything the Court learned from

5  years of litigation in the *MySpace/Grouper* Actions.  At the same time, UMG seeks to

6  foreclose Veoh's right to challenge just **one** of the Court's fourteen prior orders.

7  UMG's Objection to Veoh's Supplemental Brief should be disregarded.

8

9

10   Dated:  September 10, 2008          **WINSTON & STRAWN LLP**

11                                       By    /s/ Erin R. Ranahan
                                              Michael S. Elkin
12                                            Thomas P. Lane
                                              Jennifer A. Golinveaux
13                                            Rebecca L. Calkins
                                              Erin R. Ranahan
14                                            Attorneys for Defendant
                                              VEOH NETWORKS, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28