| | |
|---|---|
| 1 | Steven A. Marenberg (101033) (smarenberg@irell.com) |
| 2 | Elliot Brown (150802) (ebrown@irell.com) |
| | Brian Ledahl (186579) (bledahl@irell.com) |
| 3 | Benjamin Glatstein (242034) (bglatstein@irell.com) |
| | IRELL & MANELLA LLP |
| 4 | 1800 Avenue of the Stars, Suite 900 |
| | Los Angeles, California 90067-4276 |
| 5 | Telephone: (310) 277-1010 |
| 6 | Facsimile: (310) 203-7199 |
| 7 | Attorneys for Plaintiffs |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| UMG RECORDINGS, INC., *et al.*, | ) | Case No. CV-07-5744 AHM (AJWx) |
| Plaintiffs, | ) ) | **PLAINTIFFS' OPPOSITION TO CERTAIN DEFENDANTS'** *EX PARTE* **APPLICATION TO CONTINUE HEARING AND BRIEFING SCHEDULE OF MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| v. | ) ) | |
| VEOH NETWORKS, INC., *et al.*, | ) ) | |
| Defendants. | ) ) ) | |
| | ) | Judge: Hon. A. Howard Matz |
| | ) | Ctrm: 4 |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1935788

The *ex parte* application of Shelter Capital Partners, LLC, Shelter Venture Fund, L.P., The Tornante Company LLC, Spark Capital Partners, LLC, and Spark Capital, L.P. (collectively "Movants")[1] to Continue Hearing and Briefing Schedule of Plaintiffs' Motion for Partial Summary Judgment Against Defendant Veoh Networks, Inc., ("Veoh") is procedurally and substantively meritless and should be denied on any number of grounds. Weeks after it was filed, Movants seek to delay indefinitely the briefing and hearing on a long-awaited partial summary judgment motion aimed not at Movants, but at Veoh, who has not itself sought to delay the motion in any respect. The principal rationale of Movant's Application is that the partial summary judgment motion should be put off until Movants' proposed motion to dismiss is decided. But the two motions are not intertwined; the decision on the summary judgment motion does not affect, in any way, Movants' potential (and, we submit, ill-considered) motion to dismiss. Moreover, Movants have no right to respond to UMG's Motion because it is directed toward Veoh's affirmative defense, not Movants' – and, in any event, there has been no suggestion that Veoh and its counsel are incapable of adequately and timely responding to the Motion. Finally, Movants' suggestion that UMG's Motion impacts their rights rests on a false legal premise. Movants argue that Veoh's DMCA "defense" could negate the direct infringement element of UMG's claims for secondary infringement liability against them. The DMCA "defense," however, only addresses remedies against Veoh, and does not negate infringement as Movants assume.

On every level, Movant's Application lacks merit. Movants would have been well advised to heed this Court's instruction to "[t]hink twice!" before bringing an *ex parte* application. S*ee* March 17, 2008, Scheduling Order at 8:28-9:3 (Dkt. # 40),

---

[1] Movants characterize themselves as the "Investor Defendants." UMG declines to recognize this moniker as it inaccurately reflects the reasons these entities have been named as parties in this case. Shelter, Tonante and Spark are liable to UMG because they are not merely "investors" in Veoh; rather, they are controlling the company. Indeed, as the Court is aware, UMG decided not to name other Veoh investors in the First Amended Complaint because their participation in the infringing operations of Veoh was more limited than the roles of the Movants.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1935788

PLAINTIFFS' OPPOSITION TO EX PARTE
APPLICATION TO CONTINUE HEARING AND
BRIEFING SCHEDULE

- 1 -

particularly since "[e]*x parte* motions are rarely justified." *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995).

## I. THERE IS NO EMERGENCY WARRANTING *EX PARTE* RELIEF

As a threshold matter, Movants have not met the requirements for *ex parte* relief, even if the Application had any substantive merit (it does not). There are no emergent circumstances here, and Movants' nearly three-week delay in bringing their Application confirms as much. Indeed, after meeting and conferring with Defendant Veoh pursuant to Local Rule 7-3, UMG filed its Motion for Partial Summary Judgment on September 5, 2008 for hearing on October 20, 2008, pursuant to a briefing schedule agreed upon between UMG and Veoh. Movants asked UMG to delay the partial summary judgment motion on September 10, 2008. UMG refused, in part because there was no reason to delay the motion and in part because the motion was not even directed at Movants. Movants then waited nearly two more weeks before filing the instant Application. Notably, the party against whom partial summary judgment is sought – Veoh – has not sought to delay the hearing date for the motion or the agreed-upon briefing schedule. The Movants' delay, independently and coupled with Veoh's inaction, militate against any suggestion that emergency relief is required.

## II. MOVANTS SEEK MORE TIME TO FILE A BRIEF THEY HAVE NO RIGHT TO FILE

Implicit in Movants' Application is the assumption that they have some right to independently and separately respond to UMG's motion for partial summary judgment. They do not. Movants fail to identify any right to file a separate brief in opposition to the partial summary judgment motion directed against an affirmative defense raised by Veoh. Movants do not even suggest that they could or would assert the same defense. Rather they merely suggest (incorrectly as discussed *infra*) that if Veoh prevails on its defense, they will be absolved of any possible liability

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1935788

- 2 -

PLAINTIFFS' OPPOSITION TO EX PARTE
APPLICATION TO CONTINUE HEARING AND
BRIEFING SCHEDULE

for vicarious infringement, contributory infringement or inducement of infringement. They cite no authority suggesting that such circumstances, even if true, entitle them to independently file an opposition to UMG's motion.

Notably, Veoh is not before the Court suggesting that Movants be permitted to file a brief opposing the motion, or itself asking for more time. Indeed, Veoh and UMG agreed to a briefing schedule that provides Veoh more than three times the amount of time provided by the Local Rules to respond to a motion. Nor has Veoh suggested that it is otherwise unable to respond to UMG's partial summary judgment motion in the present posture of the case.

In these circumstances, Movants' Application appears to be a thinly disguised request for permission to file a separate, extra brief in opposition to the summary judgment motion which would evade the page limits set forth in Local Rule 11-6. This Court already rejected UMG's and Veoh's joint stipulation to expand the page limits for briefing UMG's motion. *See* Order Denying Joint Stipulation Regarding Enlargement of Brief (Dkt. #114).

### III. MOVANTS SHOW NO REASON TO DELAY UMG'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Movants argue that all briefing and hearing on UMG's Motion for Partial Summary Judgment should be delayed until after the Court rules on their anticipated Rule 12(b) motion to dismiss. Not only are Movants wrong in assuming they have a right to respond to UMG's motion, but for at least two reasons the premises underlying their arguments are legally incorrect and should be rejected.

#### A. Movants' Arguments Are Inconsistent

In the Application, Movants ask the Court to delay UMG's Motion for Partial Summary Judgment until after a decision on a Rule 12(b) motion to dismiss Movants anticipate they will file in the future. Notably, Movants never explain, because they cannot, why a delay on the motion for summary judgment is necessary to permit them to bring their motion to dismiss. The two motions present different

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1935788

- 3 -

PLAINTIFFS' OPPOSITION TO EX PARTE
APPLICATION TO CONTINUE HEARING AND
BRIEFING SCHEDULE

and independent issues. A decision on the motion for summary judgment, which will determine whether Defendant Veoh can assert an affirmative defense based on Section 512(c) of the DMCA has no effect on Movants' contemplated motion to dismiss, which presumably will reiterate the argument that UMG has failed to allege any basis upon which they could be held liable under theories of contributory infringement, inducing infringement or vicarious liability.

Moreover, if anything, Movants' arguments are wholly circular. They ask the Court to delay a motion so that they can have an opportunity to respond, until after the Court has ruled on their motion that they should be dismissed and never have to respond at all. Movants cite no authority for the proposition that UMG must forego any opportunity to resolve an important issue in this case, and thus avoid potentially large litigation expenses, to permit Movants to bring an ill-advised motion to dismiss.[2]

### B. Movants' Arguments Are Legally Incorrect

The premise for Movants' request for delay is that UMG's pending motion for partial summary judgment somehow impacts whether or not Veoh is a direct infringer. As they correctly assert, an act of direct infringement is a necessary element to the claims of contributory infringement, inducement of infringement, and vicarious infringement asserted against Movants. However, UMG's pending Motion for Partial Summary Judgment, does not ask the Court to decide whether or not Veoh engaged in direct infringement.

Instead, UMG has moved for partial summary judgment only with respect to Veoh's defense under the DMCA, specifically under 17 U.S.C. § 512(c), a defense that does not negate infringement but simply limits the available *remedies* for that infringement. Specifically, Section 512(c) provides that "[a] service provider shall not be liable for monetary relief, or, except as provided in subsection (j), for

---

[2] Though UMG respectfully submits that such a motion to dismiss is not well founded, it will reserve argument on such issues until the appropriate time.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

PLAINTIFFS' OPPOSITION TO EX PARTE
APPLICATION TO CONTINUE HEARING AND
BRIEFING SCHEDULE

1935788                                - 4 -

injunctive or other equitable relief, *for infringement of copyright* by reason of storage at the direction of a user" of copyrighted material under certain conditions. (Emphasis added.). In other words, entitlement to a Section 512(c) "defense" *assumes* that the service provider is guilty of "infringement of copyright." The DMCA only addresses whether the copyright owner may obtain all remedies typically afforded under the Copyright Act for infringement vis-à-vis the service provider. The DMCA does not purport to negate that infringement. UMG's motion addresses whether Veoh is entitled to the limitations of liability provided by Section 512(c), which already presumes that the service provider *has* directly infringed plaintiffs' copyright rights.

Ultimately, issues attendant to Movants' liability are different from the issues addressed in UMG's Motion for Partial Summary Judgment and will have to be addressed separately. The premise of Movants' Application is that their rights are somehow being adjudicated in UMG's Motion for Partial Summary Judgment. That premise is incorrect.

## IV. CONCLUSION

Movants' *ex parte* application addresses no emergency. Rather, after weeks of waiting, Movants brought an application to delay *Veoh's* response to UMG's motion for partial summary judgment. Movants nowhere explain why they have a right to respond to a motion directed at Veoh, or why additional time for Veoh to respond is needed. Nor can they explain how arguments regarding *Veoh's* alleged defense under Section 512(c) — which presumes direct infringement — bear on *Movants'* indirect liability. The Court should therefore deny the Movants' *ex parte* application.

| | |
|---|---|
| Dated: September 23, 2008 | IRELL & MANELLA LLP |
| | By: /s Brian Ledahl |
| | Brian Ledahl |
| | Attorneys for Plaintiffs |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1935788

PLAINTIFFS' OPPOSITION TO EX PARTE
APPLICATION TO CONTINUE HEARING AND
BRIEFING SCHEDULE

- 6 -