Rebecca Calkins (SBN: 195593)
Erin Ranahan (SBN: 235286)
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: 213-615-1700
Facsimile: 213-615-1750
Email: rcalkins@winston.com

Jennifer A. Golinveaux (SBN 203056)
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
(415) 591-1506 (Telephone)
(415) 591-1400 (Facsimile)
Email: jgolinveaux@winston.com

Michael S. Elkin (*pro hac vice pending*)
Thomas P. Lane (*pro hac vice pending*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166
(212) 294-6700 (Telephone)
(212) 294-4700 (Facsimile)
Email: melkin@winston.com
Email: tlane@winston.com

Attorneys for Defendant
VEOH NETWORKS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.* | Case No. CV 07 5744 – AHM (AJWx) |
| Plaintiffs, | **VEOH'S RESPONSE TO PLAINTIFFS' OPPOSITION TO *EX PARTE* APPLICATION BY INVESTOR DEFENDANTS TO CONTINUE HEARING AND BRIEFING SCHEDULE OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| vs. | |
| VEOH NETWORKS, INC., *et al.* | |
| Defendants. | **JUDGE:** Hon. A. Howard Matz<br>**Ctrm:** 4 |

**VEOH'S RESPONSE TO PLTFS' OPP TO *EX PARTE* APP. BY INVESTOR DEFENDANTS TO CONTINUE HEARING AND BRIEFING SCHEDULE OF PLTFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1 | Veoh submits this brief response to correct the record with respect to Plaintiffs' highly misleading Opposition to the *Ex Parte* Application By Investor Defendants to Continue Hearing and Briefing Schedule of Plaintiffs' Motion for Partial Summary Judgment.

In their Opposition, Plaintiffs repeatedly claim that Veoh has not itself sought to delay Plaintiffs' motion for summary judgment in any respect and that Veoh agreed to the current briefing schedule set for Plaintiffs' motion. (Opp. at 1-3.) These statements are highly misleading. During the meet and confer discussions with Plaintiffs concerning their contemplated Motion for Partial Summary Judgment regarding Veoh's eligibility for DMCA safe harbor ("Motion for Partial Summary Judgment"), Veoh's counsel told Plaintiffs' counsel that any such motion would be premature given that Plaintiffs had filed an amended complaint to name three of Veoh's investors who had not yet been served with the amended complaint. Declaration of Jennifer A. Golinveaux ("Golinveaux Decl."), ¶ 2. Veoh's counsel explained that it was Veoh's strong position that Plaintiffs should wait to file its motion until such time as the new parties had either answered the amended complaint or the Court had resolved any motions to dismiss the new parties. *Id.* Veoh's counsel explained that it made no sense for the parties and the Court to deal with Plaintiffs' motion addressing one of the central issues in this litigation—Veoh's eligibility for DMCA safe harbor—piecemeal.

Plaintiffs' counsel reported back that he discussed Veoh's position with Plaintiffs, but that they were unwilling to wait to file their motion until all named parties had appeared and intended to file the motion immediately. *Id.* Accordingly, Veoh stipulated to a briefing schedule for Plaintiffs' Motion for Partial Summary Judgment, only so that it was not in a position of having to respond to a motion for summary judgment on a central issue to the case within the one week default time allotted by the local rules, and without prejudice to Veoh's contention that Plaintiffs' motion was premature. *Id.,* ¶ 4 and Exh. A (Correspondence from Brian Ledahl).

Plaintiffs' insistence on having the Court hear their Motion for Partial Summary Judgment concerning Veoh's eligibility for DMCA safe harbor before three of the parties have even appeared makes no sense. Plaintiffs' assertion that adjudication of Veoh's eligibility for DMCA safe harbor will not effect issues concerning the Investor Defendants' liability is preposterous. Plaintiffs have asserted claims of contributory infringement, vicarious liability, and inducement of copyright infringement against the Investor Defendants based upon alleged infringement by Veoh. Plaintiffs' state in their opposition to the instant *ex parte* application that they have named the Investor Defendants as parties in this case because "they are [allegedly] controlling" Veoh. (Opp. at fn.1.) If Veoh is entitled to DMCA safe harbor concerning Plaintiffs' claims of copyright infringement, it will necessarily effect the remedies available against the Investor Defendants' based upon their alleged contribution to or vicarious liability for the very same underlying claims of infringement.

Veoh urges the Court to continue the briefing and hearing on Plaintiffs' Motion for Partial Summary Judgment until after it has ruled on the Investor Defendants' forthcoming motions to dismiss.

DATED: September 23, 2008         WINSTON & STRAWN LLP

                                  By:   /s/ Jennifer A. Golinveaux
                                        Jennifer A. Golinveaux
                                        Erin R. Ranahan
                                        Attorneys for Defendant

SF:216612.1

2
**VEOH'S RESPONSE TO PLTFS' OPP TO *EX PARTE* APP. BY INVESTOR DEFENDANTS TO CONTINUE HEARING AND BRIEFING SCHEDULE OF PLTFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**