```
                    UNITED STATES DISTRICT COURT

                   CENTRAL DISTRICT OF CALIFORNIA
                           WESTERN DIVISION


     UMG RECORDINGS, INC., ET AL.,  )
                                    )
          PLAINTIFFS,               )
                                    )
          VS.                       )   CASE CV 07-5744-AHM(AJWX)
                                    )
                                    )
     VEOH NETWORKS, INC., ET AL.,   )   LOS ANGELES, CALIFORNIA
                                    )   JUNE 23, 2008
                                    )   (10:12 A.M. TO 10:19 A.M.)
          DEFENDANTS.               )   (11:26 A.M. TO 11:30 A.M.)
     _____)

                                HEARING
                 BEFORE THE HONORABLE ANDREW J. WISTRICH
                     UNITED STATES MAGISTRATE JUDGE




     APPEARANCES:              SEE NEXT PAGE

     COURT REPORTER:           RECORDED; COURT SMART

     COURTROOM DEPUTIES:       YSELA BENAVIDES
                               MEL ZAVALA

     TRANSCRIBER:              DOROTHY BABYKIN
                               COURTHOUSE SERVICES
                               1218 VALEBROOK PLACE
                               GLENDORA, CALIFORNIA  91740
                               (626) 963-0566




     PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING;
     TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.
```

1  APPEARANCES: (CONTINUED)
   FOR THE PLAINTIFF:        IRELL & MANELLA
2                            BY:  BRIAN D. LEDAHL
                                  ATTORNEY AT LAW
3                            1800 AVENUE OF THE STARS
                             SUITE 900
4                            LOS ANGELES, CALIFORNIA  90067

5  FOR THE DEFENDANTS:       WINSTON & STRAWN
                             BY:  JENNIFER A. GOLINVEAUX
6                                 ATTORNEY AT LAW
                             101 CALIFORNIA STREET
7                            39TH FLOOR
                             SAN FRANCISCO, CALIFORNIA  94111
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
1                          I N D E X
     CASE NO. CV 07-5744-AHM(AJWX)                JUNE 23, 2008
2
     PROCEEDINGS:   VEOH NETWORKS, INC.'S MOTION FOR ENTRY OF
3                   PROTECTIVE ORDER.
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1      LOS ANGELES, CALIFORNIA; MONDAY, JUNE 23, 2008; 10:12 A.M.

2          THE CLERK: ALL RISE AND COME TO ORDER. THIS

3  UNITED STATES DISTRICT COURT IS NOW IN SESSION. THE

4  HONORABLE ANDREW J. WISTRICH, PRESIDING.

5          PLEASE BE SEATED.

6          CALLING CASE NUMBER 07-5744-AHM(AJWX), UMG

7  RECORDINGS, INC. VERSUS VEOH NETWORKS.

8          COUNSEL, PLEASE STATE YOUR APPEARANCE FOR THE

9  RECORD.

10         MR. LEDAHL: GOOD MORNING, YOUR HONOR.

11         BRIAN LEDAHL FROM IRELL & MANELLA ON BEHALF OF THE

12  PLAINTIFFS.

13         MS. GOLINVEAUX: GOOD MORNING, YOUR HONOR.

14         JENNIFER GOLINVEAUX WITH WINSTON & STRAWN ON BEHALF

15  OF VEOH NETWORKS.

16         THE COURT: ALL RIGHT. SO, WHO ARE VEOH'S

17  COMPETITORS?

18         MS. GOLINVEAUX: WELL, YOUR HONOR, I THINK THERE

19  COULD BE A NUMBER OF COMPANIES. I THINK THERE MAY BE A

20  NUMBER OF COMPANIES THAT WOULD BE CONSIDERED COMPETITORS.

21  WE'VE GIVEN A FEW EXAMPLES IN MR. PAPA'S DECLARATION -- DAILY

22  MOTION, FOR EXAMPLE, YOUTUBE. I THINK YOUR HONOR HAS

23  PRESIDED OVER DISCOVERY THAT UMG HAS GOT AGAINST OTHER

24  COMPANIES WITH SIMILAR TYPE OF SERVICES, THE CRACKLE SERVICE,

25  FORMERLY KNOWN AS GROUPER, THE MYSPACE SERVICE. COMPANIES

1  SUCH AS THAT.

2          THE COURT: WELL, ONE OF THE CONCERNS I HAVE -- I

3  MEAN, IT SEEMS TO ME EITHER ONE OF THESE PROPOSALS COULD BE

4  MADE TO WORK. BUT I WONDER IF WHAT YOU'RE SUGGESTING IS

5  REALLY NECESSARY. AND I ALSO HAVE CONCERNS ABOUT WHETHER IT

6  IS WORKABLE. BECAUSE YOU SEEM TO HAVE A VERY EXPANSIVE

7  NOTION OF WHAT YOUR CLIENT'S COMPETITORS ARE. AND THERE DOES

8  SEEM TO BE A REAL POSSIBILITY FOR DELAY. BECAUSE IT COULD

9  TAKE THREE TO FOUR WEEKS TO RESOLVE AN OBJECTION EVEN UNDER

10 YOUR TRUNCATED SCHEDULE. AND THEN WE'D HAVE ANOTHER ROUND

11 AND POTENTIALLY ANOTHER.

12         I WAS WONDERING ARE THERE THREE OR FOUR COMPANIES

13 THAT ARE REALLY THE KEY COMPETITORS OF YOUR CLIENT, THAT

14 MAYBE WE CAN JUST SAY NO ONE WHO HAS WORKED FOR IN THE PAST,

15 CURRENTLY IS WORKING FOR, OR EXPECTS IN THE FUTURE TO BE

16 WORKING FOR THESE FIVE COMPANIES.

17         MS. GOLINVEAUX: WELL, YOUR HONOR, I WOULD SAY OUR

18 CLIENT IS A SMALL COMPANY, AND WE'RE NOT GOING TO ENGAGE IN

19 MOTION PRACTICE OVER DISCLOSURE TO THIRD PARTIES UNLESS THERE

20 IS A SERIOUS COMMERCIAL CONCERN. SO, I THINK THAT

21 PLAINTIFF'S CONCERN ABOUT THAT MAY BE MISPLACED TO SOME

22 DEGREE. THIS WOULD BE ONLY IF THERE'S A SERIOUS CONCERN THAT

23 --

24         THE COURT: WHAT ABOUT RESPONDING TO MY QUESTION

25 THOUGH.

1          MS. GOLINVEAUX: IT CERTAINLY MAY BE, YOUR HONOR,
2   THAT WE COULD COME UP WITH A LIST, A SHORT LIST OF THE MOST
3   -- OF THE COMPETITORS THAT WOULD BE OF THE MOST CONCERN.
4          THE COURT: CAN YOU DO THAT NOW?
5          MS. GOLINVEAUX: I WOULD WANT TO CONSULT WITH MY
6   CLIENT TO COME UP WITH THE MOST -- THE COMPANIES THAT WOULD
7   MOST CONCERN THEM.
8          THE COURT: BECAUSE HERE'S WHAT I WAS THINKING. WE
9   PROBABLY SHOULD ADD INDEPENDENT CONTRACTORS AS WELL AS
10  EMPLOYEES. IF YOU HAD A SHORT LIST OF COMPETITORS, WE COULD
11  THEN SAY THAT -- AND THIS WOULD WORK THE SAME FOR EITHER SIDE
12  -- THAT SOMEONE WHO'S GOING TO HIRE A CONSULTANT OR AN
13  EXPERT COULDN'T HIRE ANYBODY WHO HAD WORKED FOR OR WAS GOING
14  TO WORK FOR COMPANIES ON THIS LIST. AND THE EXPERT OR THE
15  CONSULTANT WOULD HAVE TO GIVE A DECLARATION TO THE PARTY
16  RETAINING THEM SAYING THAT THEY HADN'T BEEN SO EMPLOYED.
17         IN THAT WAY WE WOULDN'T HAVE TO DISCLOSE
18  CONSULTANTS TO THE OTHER SIDE. WE WOULDN'T HAVE AN OBJECTION
19  PROCEDURE. WE WOULD BE RELYING MAINLY ON THE PARTY RETAINING
20  THE EXPERT OF THE CONSULTANT TO BE SURE THAT THE PERSON WAS
21  QUALIFIED. BUT THERE WOULD BE SOME CLEAR CRITERIA TO APPLY.
22         MS. GOLINVEAUX: YOUR HONOR, I THINK SOMETHING
23  ALONG THOSE LINES WE COULD CERTAINLY WORK OUT WITH
24  PLAINTIFFS.
25         THE COURT: ALL RIGHT. HOW LONG WOULD IT TAKE YOU

1  TO CONSULT WITH YOUR CLIENT AND GIVE US A LIST?  SHOULD WE
2  TAKE A RECESS SO YOU COULD DO THAT.
3         MS. GOLINVEAUX:  I THINK THAT WE COULD DO THAT.
4         THE COURT:  ALL RIGHT.  LET ME FIRST HEAR FROM
5  PLAINTIFF.
6         MR. LEDAHL:  YOUR HONOR, I THINK THE COURT HAS
7  CORRECTLY IDENTIFIED THE MAJOR CONCERNS THAT WE HAVE, BOTH
8  ABOUT THE DISCLOSURE OF WORK-PRODUCT INFORMATION, ABOUT
9  CONSULTANTS, AND ALSO ABOUT THE POTENTIAL FOR DELAY AND
10 PROBLEMS THAT MIGHT ARISE.
11         I THINK THE COURT'S SUGGESTION IS LIKELY A VERY
12 WORKABLE ONE.  AS YOU MIGHT IMAGINE, PRACTICALLY SPEAKING
13 MANY OF THE ENTITIES THAT MS. GOLINVEAUX MENTIONED ARE INDEED
14 ADVERSE TO OUR CLIENT ANYWAY.  YOUTUBE, IF NOT DIRECTLY, BUT
15 HAS BEEN IN MOTION PRACTICE.  OBVIOUSLY MYSPACE, CRACKLE HAVE
16 BEEN ADVERSE TO US IN LITIGATION THAT THE COURT IS AWARE OF.
17         PRACTICALLY SPEAKING, WE'RE NOT GOING TO BE HIRING
18 THEIR EMPLOYEES AS CONSULTANTS IN THE CASE FOR OTHER OBVIOUS
19 REASONS.
20         I THINK THAT A LIST THAT WAS MANAGEABLE AND COULD
21 BE PROVIDED QUICKLY WOULD BE A WAY OF ADMINISTERING IT.
22 PRACTICALLY SPEAKING WE THINK THAT THE PROPOSAL WE'VE GOT IN
23 PLACE BY THE INTERIM PROTECTIVE ORDER THAT WE SEEK TO HAVE
24 ENTERED ESSENTIALLY CONTEMPLATES THAT AS A PRACTICAL MATTER
25 ANYWAY BECAUSE IT CONTEMPLATES THAT THE PARTIES WON'T USE

1  EMPLOYEES AND PEOPLE WHO WORK FOR COMPETITORS AS EXPERTS.
2          AND I THINK THAT A LIST WOULD CERTAINLY MAKE THAT
3  AN EASIER PROCESS, BUT WE THINK THAT WOULD BE A MANAGEABLE
4  WAY TO HANDLE THIS.
5          THE COURT:  ALL RIGHT.  SO, WHY DON'T YOU CALL YOUR
6  CLIENT.  AND TELL MY CLERK WHEN YOU'RE READY TO COME BACK.
7  AND WE'LL PUT THE LIST OF KEY COMPETITORS ON THE RECORD.
8          IF IT'S MORE THAN FIVE OR SIX, I MAY CONCLUDE IT'S
9  NOT WORKABLE.  SO, GET YOUR CLIENT TO FOCUS ON THE COMPANIES
10 IT'S REALLY MOST CONCERNED ABOUT.
11         MS. GOLINVEAUX:  YES, YOUR HONOR.  I'LL DO THAT.
12         THE COURT:  ALL RIGHT.
13         MR. LEDAHL:  THANK YOU, YOUR HONOR.
14         (RECESS, 10:19 A.M. TO 11:26 A.M.)
15         THE CLERK:  RECALLING CASE NUMBER
16 CV 07-5744-AHM(AJWX), UMG RECORDINGS, INC. VERSUS VEOH
17 NETWORKS, INC.
18         COUNSEL, PLEASE RESTATE YOUR APPEARANCE.
19         MR. LEDAHL:  BRIAN LEDAHL OF IRELL & MANELLA ON
20 BEHALF OF THE PLAINTIFFS.
21         MS. GOLINVEAUX:  AND JENNIFER GOLINVEAUX, WINSTON &
22 STRAWN, ON BEHALF OF VEOH NETWORKS.
23         THE COURT:  OKAY.  WHO ARE THE KEY COMPETITORS?
24         MS. GOLINVEAUX:  WELL, YOUR HONOR, I WAS ABLE TO
25 WORK IT DOWN TO A LIST OF EIGHT.

1                THE COURT:  OKAY.

2                MS. GOLINVEAUX:  AND THE LIST --

3                THE COURT:  HAVE YOU DISCUSSED THE LIST WITH MR.

4    LEDAHL.

5                MS. GOLINVEAUX:  WE HAVE NOT YET DISCUSSED THE

6    LIST.

7                THE COURT:  OKAY.  GO AHEAD.

8                MS. GOLINVEAUX:  THE LIST IS GOOGLE, DAILY MOTION,

9    METACAFE, HULU, SPELLED H-U-L-U --

10               THE COURT:  OKAY.

11               MS. GOLINVEAUX:  -- CRACKLE, COMCAST, TRUVEL,

12   SPELLED T-R-U-V-E-L --

13               THE COURT:  T-R-U-V-E-L.  OKAY.

14               MS. GOLINVEAUX:  YES, YOUR HONOR.  AND THE LAST IS

15   BRIGHTCOVE, ONE WORD, SPELLED B-R-I-G-H-T-C-O-V-E.

16               THE COURT:  ALL RIGHT.

17               IS THAT A LIST YOU CAN LIST WITH, MR. LEDAHL?

18               MR. LEDAHL:  I BELIEVE IT IS, YOUR HONOR.  I'M NOT

19   ACTUALLY PERSONALLY FAMILIAR WITH AT LEAST ONE OF THOSE

20   ENTITIES, BUT I DON'T EXPECT THAT WILL PRESENT A PROBLEM FOR

21   US.

22               THE COURT:  OKAY.

23               MR. LEDAHL:  I DO -- THE COURT HAD MENTIONED

24   EARLIER, AND I DID WANT TO QUICKLY ADDRESS ONE THING THAT YOU

25   HAD STATED ABOUT INDEPENDENT CONSULTANT -- OR INDEPENDENT

1  CONTRACTORS --

2  THE COURT: YES.

3  MR. LEDAHL: -- TO EMPLOYEES. I THINK THAT THAT'S
4  WORKABLE AS LONG AS WE'RE CLEAR THAT IT WOULD NOT PRECLUDE US
5  -- AND THIS MAY BE PROBABLY UNIQUE TO MY CLIENT-- FROM USING
6  AS A CONSULTANT OR WORKING WITH AN EXPERT WHO HAS BEEN SOLELY
7  A LITIGATION CONSULTANT OR EXPERT FOR ONE OF OUR COMPETITORS.

8  AND THE REASON I RAISE THAT IS, AS THE COURT MAY BE
9  AWARE, MY CLIENT IS OFTEN ENGAGED IN LITIGATION JOINTLY WITH
10 ITS COMPETITORS -- OTHER MAJOR RECORD COMPANIES UNDER THE
11 AUSPICES OF THE RECORDING INDUSTRY ASSOCIATION IN WHICH
12 CONTEXT THERE MAY BE LITIGATION CONSULTANTS OR EXPERTS WHO
13 WORK JOINTLY FOR MY CLIENT IN OTHER RECORD COMPANIES IN SUCH
14 LITIGATION.

15 I DON'T WANT TO BE PRECLUDED FROM POSSIBLY
16 CONSULTING WITH OR USING SOMEONE IN THAT CONTEXT, WHICH I
17 THINK TECHNICALLY SPEAKING MIGHT BE CONSIDERED AN INDEPENDENT
18 CONTRACTOR WITHIN THE MEANING OF THE COURT'S LANGUAGE.

19 I DON'T IMAGINE THAT'S A CONCERN, BUT.

20 MS. GOLINVEAUX: YOUR HONOR, IF MR. LEDAHL IS
21 SIMPLY TALKING ABOUT THEIR COMPETITORS, THAT WOULD BE FINE
22 WITH -- NOT PRECLUDING INDEPENDENT CONTRACTORS --

23 THE COURT: WELL, YOUR CONCERN IS NOT PEOPLE WHO
24 WORK ON LITIGATION. IT'S PEOPLE WHO WORK IN THE UNDERLYING
25 BUSINESS ITSELF, RIGHT?

1          MS. GOLINVEAUX:  THAT'S CORRECT, YOUR HONOR.

2          THE COURT:  SO, I'LL GET A NEW VERSION OF THE

3  PROTECTIVE ORDER.

4          MR. LEDAHL:  WE'D BE HAPPY TO PREPARE A PROPOSED

5  ORDER, YOUR HONOR.

6          THE COURT:  OKAY.

7          MR. LEDAHL:  AND CLEAR IT WITH COUNSEL AND SUBMIT

8  IT TO THE COURT.

9          MS. GOLINVEAUX:  IF I COULD ADD ONE THING, YOUR

10 HONOR.  BECAUSE IT'S AN EMERGING SPACE, I WOULD ASK THAT WE

11 HAD LANGUAGE IN THAT ALLOWED VEOH TO JUDICIOUSLY SUPPLEMENT

12 THIS LIST IF IT TURNS OUT THAT A NEW COMPANY EMERGES AS A

13 SIGNIFICANT COMPETITOR.

14         THE COURT:  WELL, BUT WHAT'S GOING TO HAPPEN IF

15 THAT PARTY RETAINS SOMEBODY?

16         MS. GOLINVEAUX:  IT WOULD HAVE TO PROSPECTIVE --

17         THE COURT:  YOU KNOW, WE'RE ONLY TALKING ABOUT A

18 PERIOD OF LESS THAN A YEAR BEFORE YOU GO TO TRIAL.  I THINK

19 YOU'RE JUST GOING TO HAVE TO LIVE WITH THE LIST THAT YOU

20 PROVIDED TODAY.

21         IF YOU JUST ABSOLUTELY MUST SUPPLEMENT THAT LIST

22 YOU FEEL, YOU CAN ASK MR. LEDAHL.  AND IF YOU CAN'T WORK IT

23 OUT, THEN, YOU CAN COME BACK TO ME.

24         BUT I WANT CLARITY HERE FOR BOTH SIDES SO THAT WHEN

25 YOU'RE THINKING ABOUT RETAINING SOMEBODY YOU'LL KNOW WHETHER

1  THEY'RE ELIGIBLE OR NOT.  AND YOU HAVE SOME VERIFIABLE
2  OBJECTIVE CRITERIA TO APPLY.
3            OKAY?
4            MS. GOLINVEAUX:  THAT'S FINE, YOUR HONOR.
5            MR. LEDAHL:  THANK YOU, YOUR HONOR.
6            THE COURT:  THANK YOU.
7            THE CLERK:  COURT IS IN RECESS.
8            (PROCEEDINGS CONCLUDED 11:30 A.M.)
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

C E R T I F I C A T E

    I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE ELECTRONIC SOUND RECORDING OF THE PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

DOROTHY BABYKIN                                SEPTEMBER 23, 2008

_____          _____

FEDERALLY CERTIFIED TRANSCRIBER          DATED

DOROTHY BABYKIN