1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>VEOH NETWORKS, INC., a California corporation, DOES 1-10, inclusive,<br><br>        Defendants. | Case No. CV 07-05744 AHM (AJWx)<br><br>**PROTECTIVE ORDER**<br><br>Judge:  Hon. Andrew J. Wistrich<br>Ctrm:   690 |

Dockets.Justia.com

The Court, having considered the Motion for Entry of Protective Order hereby enters the following Protective Order to govern disclosure of confidential materials for this case:

1. This Protective Order shall govern all Discovery Materials produced or disclosed in the Litigation by any Party, or by any non-party, or their respective counsel, retained experts, directors, officers, employees, or agents (referred to herein collectively as "Representatives") (the "Producing Party") to any other Party or its Representatives (the "Receiving Party"). The term "Discovery Materials" shall mean and include Documents (as defined below); answers to interrogatories; responses to requests for admissions; depositions; expert reports; briefs, memoranda, or writings filed with or otherwise supplied to the Court; and such other materials and information as may be produced or disclosed during the course of discovery in the Litigation. The term "Documents" shall mean every means of recording any form of communication or representation upon any tangible thing, including letters, words, pictures, sounds, or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic, or photographic means, magnetic impulse, tape, computer disk, CD-ROM or any other form of data storage, data compilation, or mechanical or electronic recording, and all other tangible things, including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained, which come within the meaning of "writing" contained in Rule 1001 of the Federal Rules of Evidence, or within the meaning of "document" or "tangible thing" contained in Rule 34 of the Federal Rules of Civil Procedure.

2. The term "CONFIDENTIAL INFORMATION" shall mean and include non-public confidential information of or in the possession of the Producing Party as to which the Producing Party considers in good faith to contain Trade Secrets (as

that term is defined in California Civil Code § 3426.1)[1] or confidential business, financial, or technical information that may be protected from public disclosure under the Federal Rules of Civil Procedure or California law, including without limitation non-public financial information regarding the party's goods, services and businesses and potential businesses, including cost information, and profit and loss information; non-public financial projections and forecasts; internal P&L statements and other non-public financial and economic information including financial analyses, budgets, sales projections and forecasts; non-public information regarding business development, marketing and sales plans; non-public surveys; non-public technical information including non-public engineering, manufacturing and commercial information and know-how; non-public competitive analyses; customer and member information; confidential agreements with third parties; confidential communications with third parties; information received from third parties under conditions of confidentiality, for example, pursuant to non-disclosure agreements or confidentiality provisions; source code, proprietary databases and other proprietary electronically stored information.

　　　　3.　　　The term "ATTORNEYS' EYES ONLY INFORMATION" shall mean the subset of CONFIDENTIAL INFORMATION that contains information of an extremely sensitive nature as to which the Producing Party has a good faith belief that disclosure to a Receiving Party, even pursuant to the restrictions of this Protective Order governing CONFIDENTIAL INFORMATION, could pose a significant risk of competitive harm. The Parties agree that ATTORNEYS' EYES ONLY information should be produced on more restrictive terms than other CONFIDENTIAL INFORMATION to reduce the risk of competitive harm.

---

[1] "Trade Secrets" accordingly means "information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Cal. Civ. Code § 3426.1.

4.      Recognizing that the ordinary ATTORNEYS' EYES ONLY category should generally protect parties and non-parties against the risk of having even sensitive information exposed to business personnel, the Parties agree that some information is so sensitive that greater protection is warranted.  Therefore, the Parties agree that such highly sensitive information may be designated as "OUTSIDE COUNSEL EYES ONLY," where they reasonably and in good faith believe that providing such information to the limited House Counsel (as defined in Paragraphs 6 and 7) under the Protective Order represents an unreasonable risk of intentional or inadvertent disclosure, including without limitation:

(a)     Proprietary and confidential business plans that the other parties could utilize to their competitive advantage if they were provided access to them;

(b)     Proprietary and confidential financial information that the other parties could utilize to their competitive advantage if they were provided access to them; and

(c)     Other types of proprietary and confidential trade secrets such as lists of customers not publicly known, technical information, cost information, and individual pricing information not either publicly available or available upon the request of a customer that competitors could utilize to their competitive advantage.

5.      Any Discovery Materials filed with the Court or produced or provided by any Party or non-party in the course of discovery or other proceedings in this action may be designated by such Party or non-party as CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES ONLY, so long as a good faith and reasonable basis exists for such a designation.

6.      The term "Counsel" shall mean counsel of record in the Litigation and in-house counsel for the companies who are attorneys actively involved in the

management and supervision of litigation for their employers ("House Counsel") (subject to the limitations set forth in paragraph 7), and the supporting personnel employed by the attorneys, such as paralegals, translators, secretaries, clerks, shorthand reporters and document copiers.

7. (a) Each party hereby designates the following individuals as their "House Counsel" unless adjusted pursuant to the terms of this Paragraph:

For UMG:

(1) Michael Ostroff, (2) Harvey Geller, and (3) Scott Bauman.

For Veoh:

(1) Joshua Metzger, (2) Reserved, and (3) Reserved.

(b) Unless otherwise ordered by the Court or agreed in writing by the parties, a Party that seeks to designate new House Counsel ("Designating Party"), must first serve a written request on the other Party (1) that sets forth the full name, current employer(s) and job title(s) of the proposed new House Counsel, and (2) that identifies which of the previously-designated House Counsel will be relieved of authority to review Attorneys' Eyes Only Discovery Materials.

(c) A Designating Party that serves a request in accordance with the preceding subparagraph may disclose confidential Discovery Materials to the proposed new House Counsel unless, within seven court days of serving the request, the other party serves the Designating Party with a written objection to the proposed new House Counsel. Any such objection must set forth with particularity the ground(s) on which it is based. The Parties must then promptly meet and confer to try to resolve their disagreement. If no agreement is reached, the Parties shall contact the Court to determine whether it is the Court's preference to resolve the dispute by (1) teleconference, (2) letter briefs, or (3) joint stipulation in accordance with the Local Rule governing discovery disputes.

8.     A party or non-party disclosing information or producing documents that are not to be accessed by any House Counsel shall designate such information or documents as OUTSIDE COUNSEL EYES ONLY.

9.     An "Independent Expert or Consultant" is any person or organization with whom counsel or a party may deem it necessary to consult concerning technical, financial or other aspects of this case for the preparation or trial thereof. For the purposes of this Order, an Independent Expert or Consultant shall be restricted to a person who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a party, and is not a past employee or independent contractor of, or otherwise retained on behalf of (other than solely as a consultant or expert in connection with litigation, subject to conflict of interest considerations), any party or of a competitor of any party to this action, and who, at the time of retention, is not a current employee or independent contractor of, or otherwise retained on behalf of (other than solely as a consultant or expert of the retaining party in connection with litigation, subject to conflict of interest considerations), a Party or a competitor of a Party's, and does not anticipate becoming so engaged. For purposes of this Order, defendant's competitors refers to Google Inc., Dailymotion S.A., Metacafe Inc., Hulu L.L.C., Crackle, Inc., Comcast, Truveo, Inc., and Brightcove, Inc. No Independent Expert or Consultant may be shown any CONFIDENTIAL INFORMATION, including ATTORNEYS' EYES ONLY INFORMATION or OUTSIDE COUNSEL EYES ONLY INFORMATION, until such person or organization reads this Protective Order and agrees to be bound by its terms by signing the Non-Disclosure Agreement attached hereto as Exhibit A. The Party who has retained such an Independent Expert or Consultant shall keep the original Non-Disclosure Agreement signed by the Independent Expert or Consultant and, if requested, make it available for inspection or copying by the Producing Party at the conclusion of the litigation and all appeals, unless the Independent Expert or

Consultant has already been designated as a testifying expert, in which case it may be requested by the Producing Party after such designation.

10.     Except as provided for below in Paragraphs 11, 12 or 13, any Discovery Materials containing or including any CONFIDENTIAL INFORMATION shall be designated as such by the Producing Party by stamping or labeling it with, or otherwise affixing thereto, the following legend on every page of the Document:

<strong><u>CONFIDENTIAL</u></strong>

11.     Except as provided for in Paragraphs 12 or 13 below, any Discovery Materials containing or including any ATTORNEYS' EYES ONLY INFORMATION shall be designated as such by the Producing Party by stamping or labeling it with, or otherwise affixing thereto, the following legend on every page of the Document:

<strong><u>CONFIDENTIAL - ATTORNEYS' EYES ONLY</u></strong>

12.     Except as provided for in Paragraph 13 below, any Discovery Materials containing or including any OUTSIDE COUNSEL EYES ONLY INFORMATION shall be designated as such by the Producing Party by stamping or labeling it with, or otherwise affixing thereto, the following legend on every page of the Document:

<strong><u>CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY</u></strong>

13.     All CONFIDENTIAL INFORMATION, including ATTORNEYS' EYES ONLY INFORMATION and OUSIDE COUNSEL EYES ONLY INFORMATION, not reduced to documentary or tangible form or which cannot be conveniently designated in the manner set forth in Paragraphs 9, 10, and 11 above shall be designated by the Producing Party by informing the Receiving Party in writing of the appropriate designation.

14.     If a Producing Party discloses Discovery Materials which, during the pendency of this litigation, it later determines were not, but should have been, designated CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY

INFORMATION, or OUTSIDE COUNSEL EYES ONLY, the Producing Party may so designate such Discovery Material by serving a written notice upon the Receiving Party within ten (10) Court days of learning of the incorrect designation, along with a copy of such Discovery Materials marked with the appropriate designation. The Receiving Party shall then take reasonable steps to destroy or return to the Producing Party all unmarked copies of such Discovery Materials within ten (10) Court days and certify in writing that it has done so. The Receiving Party is relieved of liability for any good faith reliance on the previous designation.

15. If a Receiving Party wishes to challenge a Producing Party's designation of Discovery Materials as CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES ONLY, the Receiving Party may, at any time, notify the Producing Party in writing that it requests a redesignation or release of confidentiality, stating the basis for its request. Within ten (10) Court days of such a written request, the Producing Party shall either (1) grant in writing the request; or (2) communicate in writing its refusal to do so, stating the basis for its refusal. If the Producing Party fails to communicate in writing its refusal to release confidentiality within ten (10) Court days, the Producing Party shall be deemed to have refused and the parties shall meet and confer and attempt to resolve the matter without Court intervention. Similarly, if a refusal is made or deemed made, the parties shall make a good faith effort to resolve the matter without Court intervention. If a refusal is made and not resolved by the parties, the Receiving Party shall file, within ten (10) Court days of such written request for release, a motion with the Court in support of its request for redesignation or release of confidentiality in which the Receiving Party shall bear first the burden of showing its need for additional disclosure. If the Receiving Party meets this burden, the burden shifts so that the Producing Party shall bear the burden of showing the appropriateness of the confidentiality designation. If the Receiving Party fails to file a motion in the prescribed time, the Receiving Party shall be

deemed to have withdrawn its objection.  Discovery Materials designated CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES ONLY INFORMATION shall be given the CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES ONLY INFORMATION treatment provided for in this Protective Order until the parties resolve the matter, the refusal to release confidentiality is withdrawn, or the Court orders re-designation of the Discovery Materials.

16.     In the event the Producing Party elects to produce CONFIDENTIAL INFORMATION, including ATTORNEYS' EYES ONLY INFORMATION or OUTSIDE COUNSEL EYES ONLY INFORMATION, for inspection by the Receiving Party before copying, no marking need be made by the Producing Party in advance of the inspection, but the Producing Party shall inform the Receiving Party of the intended designation of the Discovery Materials to be inspected.  The Receiving Party shall treat all such CONFIDENTIAL MATERIAL, including ATTORNEYS' EYES ONLY INFORMATION and OUTSIDE COUNSEL EYES ONLY INFORMATION, inspected, during the inspection and thereafter, pursuant to this Protective Order.  Should Documents be copied by or for the Receiving Party, the Producing Party shall mark the copies of such Documents as may contain protected subject matter with the appropriate confidentiality marking at the time the copies are produced to the Receiving Party.

17.     Whenever a deposition taken on behalf of any party involves the reference to or disclosure of CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES ONLY INFORMATION:

> (a)     said deposition or portions thereof (including exhibits) that contains CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES

ONLY INFORMATION shall be so designated by a statement to such effect on the record in the course of the deposition. Alternatively, within twenty (20) Court days after receiving the transcript containing CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES ONLY INFORMATION the party whose CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES ONLY INFORMATION has been disclosed may designate pages of the transcript as confidential by listing the pages of the transcript containing CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES ONLY INFORMATION and serving copies of the list to counsel for all parties so that it may be affixed to the face of the transcript and each copy thereof. Pending such designation by counsel, the entire deposition transcript, including exhibits, shall be deemed ATTORNEYS' EYES ONLY INFORMATION or, if Discovery Materials designated as OUTSIDE COUNSEL EYES ONLY INFORMATION are used during that deposition, as OUTSIDE COUNSEL EYES ONLY. If no designation is made within the prescribed time, the transcript shall be considered not to contain CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES ONLY INFORMATION other than those portions designated on the record during the deposition, if any; and

(b)     either party shall have the right to exclude from attendance at said deposition, during such time as the CONFIDENTIAL

INFORMATION, including ATTORNEYS' EYES ONLY
INFORMATION or OUTSIDE COUNSEL EYES ONLY
INFORMATION, is to be referenced or disclosed, every
individual excluding the deponent and his attorney, the court
reporter, videographer and those individuals authorized under
this Protective Order to receive the CONFIDENTIAL
INFORMATION, including ATTORNEYS' EYES ONLY
INFORMATION or OUTSIDE COUNSEL EYES ONLY
INFORMATION.

18.     All Discovery Materials designated as CONFIDENTIAL
INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE
COUNSEL EYES ONLY INFORMATION shall be treated as confidential by the
Receiving Party and shall not be used by the Receiving Party for any purpose other
than in connection with this Action unless and until such designation is removed by
agreement of Counsel or by Order of the Court.

19.     Except as provided herein, all Discovery Materials designated as
ATTORNEYS' EYES ONLY shall not be disclosed by the Receiving Party to
anyone other than: (i) Counsel, (ii) Independent Experts or Consultants; and (iii) the
Court, pursuant to the terms of this Protective Order.

20.     Except as provided herein, all Discovery Materials designated as
CONFIDENTIAL INFORMATION but not as ATTORNEYS' EYES ONLY
INFORMATION shall not be disclosed by the Receiving Party to anyone other than:
(i) Counsel, (ii) Independent Experts or Consultants, (iii) any officer, director or
employee of UMG and/or Veoh, to the extent deemed necessary by counsel for
purposes only in connection with this litigation; and (iv) the Court, pursuant to the
terms of this Protective Order.

21.     Unless as otherwise ordered by the Court, information and documents designated as OUTSIDE COUNSEL EYES ONLY shall not be disclosed to any person other than:

(a)     the attorneys of record for the Parties (but not including in-house counsel for the Parties or any attorney who is an officer, director, shareholder, or employee of any Party or its corporate affiliates) and their partners, shareholders, associates, document clerks and paralegals who are assigned to and necessary to assist such attorneys.  For the purpose of this subparagraph, "affiliate" shall mean any corporate parent or subsidiary of any Party, or any other entity that is under common control with any Party or corporate parent or subsidiary of any Party, or any of their successors or predecessors in interest;

(b)     secretaries, stenographers and other office or clerical personnel employed by said attorneys and who assist them with respect to litigation;

(c)     the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as OUTSIDE COUNSEL EYES ONLY information;

(d)     such other persons as may be consented to by the Party designating such information as OUTSIDE COUNSEL EYES ONLY information;

(e)     outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

(f)     "independent experts or consultants" as defined and provided for in paragraph 9; and

(g)    professional court reporters engaged to transcribe deposition testimony, professional videographers engaged to videotape deposition testimony and translators.

22.    In addition to the authorized persons listed in Paragraphs 19, 20, and 21, with respect to Documents designated as including CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES ONLY INFORMATION, any person indicated on the face of the Document to be its originator or author or a recipient thereof may be shown the Document.  Additionally, any Document designated as including CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, OUTSIDE COUNSEL EYES ONLY INFORMATION may be shown during a deposition to the deposition witness if the witness is employed, at the time of his or her deposition, by the party that produced the Document so designated during the deposition of that person.  A Document designated as including CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES ONLY INFORMATION that contains handwriting may be shown to a deposition witness for the purpose of determining whether the deposition witness is the author of the Document or the handwriting, provided that the attorney establishes through deposition testimony a reasonable and good faith basis for believing that the Document or handwriting was or could have been authored by the deposition witness, and provided that the attorney takes reasonable steps to ensure that no unnecessary disclosure of CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES ONLY INFORMATION takes place (e.g., by showing the deposition witness a limited sample of the handwriting at issue).

23.    Nothing contained in this Protective Order shall preclude the Producing Party from using or disseminating its own CONFIDENTIAL INFORMATION,

ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES ONLY INFORMATION.

24.    CONFIDENTIAL INFORMATION, including ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES ONLY INFORMATION, and all items which reveal the contents thereof to be filed with the Court by any party or non-party shall be filed in sealed envelopes or other appropriately sealed containers on which shall appear a legend which provides as follows:

FILED UNDER SEAL
CONTAINS CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER
The enclosed materials are subject to a Protective Order of the United
States District Court for the Central District of California.  This
envelope may not be opened without Court Order by any person other
than this Court, court personnel or counsel of record.

In order to enable the Court to determine whether there is evidence that the Court should attempt not to disclose, if a party or non-party files with the Court any documents that contain, refer to, or rely on CONFIDENTIAL INFORMATION, all such documents shall clearly identify the particular aspects of the documents that contain, refer to, or rely upon such CONFIDENTIAL INFORMATION.  Absent such notification, the Court will be free to incorporate all such documents and any information contained, referred to, or relied upon therein in its written and oral rulings.  The parties may do so at any time prior to the hearing or trial at which the material may be used.  Under circumstances in which a ruling is likely to be made without a hearing, the parties may do so within one court day of the filing.

25.    No provision of this Protective Order shall be deemed to create a waiver as to inadvertently-produced Discovery Materials that are protected from discovery on the basis of privilege or the work-product doctrine under Rule 26 of the Federal Rules of Civil Procedure.  The inadvertent production of such documents does not waive any privilege or immunity with respect to such production or with respect to other materials or information referred to in the

materials produced, so long as a request for the return of such documents or information is made within ten (10) Court days after the Producing Party learns of its inadvertent production. Within five (5) Court days of such request, the Receiving Party shall take reasonable efforts to return the inadvertently produced documents identified and all copies thereof, and certify in writing that it has done so. Nothing in this Paragraph shall prejudice the right of any party to seek discovery of communications, documents and things as to which a claim of privilege has been made.

26. If CONFIDENTIAL INFORMATION, including ATTORNEYS' EYES ONLY INFORMATION or OUTSIDE COUNSEL EYES ONLY INFORMATION, or any portion thereof is disclosed by the Receiving Party, through inadvertence or otherwise, to any person or party not authorized under this Protective Order, then the Receiving Party shall use its best efforts to retrieve immediately all copies of such CONFIDENTIAL INFORMATION, including ATTORNEYS' EYES ONLY INFORMATION or OUTSIDE COUNSEL EYES ONLY INFORMATION, and to bind such person to the terms of this Protective Order. In such event, the Receiving Party shall also (a) promptly inform such person of all the provisions of this Protective Order; (b) identify such person immediately to the Producing Party; and (c) request such person to execute the Non-Disclosure Agreement attached hereto as Exhibit A. The foregoing shall not relieve a party of liability, if any, for disclosing CONFIDENTIAL INFORMATION, including ATTORNEYS' EYES ONLY INFORMATION or OUTSIDE COUNSEL EYES ONLY INFORMATION, in violation of this Protective Order.

27. Nothing in this Protective Order shall be deemed to preclude any party or third party from seeking and obtaining, on an appropriate showing, additional protection regarding materials or information designated as CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES ONLY INFORMATION, or relief from this Protective Order. In

any such request to the Court, the party seeking to obtain additional protection or to obtain relief from this Protective Order, shall bear the burden of showing why such additional protection or relief should be granted.

28. Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering advice to the attorney's party-client relying upon an examination of CONFIDENTIAL INFORMATION, including ATTORNEYS' EYES ONLY INFORMATION or OUTSIDE COUNSEL EYES ONLY INFORMATION, provided, however, that in rendering such advice and in otherwise communicating with the party-client, the attorney shall not disclose any CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES ONLY INFORMATION, nor the source of any CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES ONLY INFORMATION to anyone not authorized to receive such Discovery Materials pursuant to the terms of this Protective Order.

29. Notwithstanding any other provision of this Protective Order, the confidentiality obligations of this Protective Order shall not apply or shall cease to apply (as the case may be) to any CONFIDENTIAL INFORMATION, including ATTORNEYS' EYES ONLY INFORMATION or OUTSIDE COUNSEL EYES ONLY INFORMATION, that:

    (1)    at the time of disclosure hereunder, was already in the public domain by publication or otherwise;

    (2)    has become, through no act or failure on the part of the Receiving Party, part of the public domain by authorized publication or otherwise lawful means;

    (3)    at the time of disclosure, was already in the lawful possession of the Receiving Party;

(4)     after disclosure hereunder, was acquired by the Receiving Party from a third party lawfully possessing such CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES ONLY INFORMATION, and having no confidentiality obligation to the Producing Party;

(5)     the Producing Party agrees may be disclosed to a third party under no confidentiality obligation; or

(6)     the Court, after notice to the parties and upon good cause, orders to be disclosed.

30.    In the event that the case proceeds to trial, the parties may move the Court, at any time within the deadlines set by the Court for the service and hearing of motions in limine, to maintain the protected status of any information designated as CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES ONLY pursuant to this Protective Order, or to implement alternative or additional protections for such information at trial. If the moving party shows sufficient cause to maintain the protected status of the information or to implement alternative or additional protections at trial, the Court will enter an order to that effect. If no party makes a motion under this Paragraph or if the Court denies a party's motion under this Paragraph with respect to any information previously designated as CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES ONLY such information will become public upon commencement of the trial and will be presumptively available to all members of the public.

31.    If a Receiving Party in possession of Discovery Materials designated as CONFIDENTIAL INFORMATION, including ATTORNEYS' EYES ONLY INFORMATION or OUTSIDE COUNSEL EYES ONLY INFORMATION,

receives a subpoena or other request from a non-party to either action seeking
production or other disclosure of such Discovery Materials, the Receiving Party
shall immediately give written notice to the Producing Party, specifying the
Discovery Materials sought and enclosing a copy of the request, subpoena or other
form of compulsory process.  The Receiving Party shall not produce or otherwise
disclose any Discovery materials containing CONFIDENTIAL INFORMATION,
including ATTORNEYS' EYES ONLY INFORMATION or OUTSIDE COUNSEL
EYES ONLY INFORMATION, without prior written authority from the Producing
Party or order of this Court.

32. Neither the taking of any action in accordance with the provisions of
this Protective Order, nor the failure to object thereto, shall be construed as a waiver
of any claim or defense in this action.  The entry of this Protective Order shall not be
construed as a waiver of any right to object to the furnishing of information in
response to discovery or to object to a requested inspection of Documents or things,
and, except as expressly provided, shall not relieve any party of the obligation of
producing information in the course of discovery.

33. In the event anyone shall violate or threaten to violate the terms of this
Protective Order, the parties agree that the aggrieved party may immediately apply
to obtain injunctive relief against any such person violating or threatening to violate
any of the terms of the Protective Order, and in the event the aggrieved party shall
do so, the respondent person, subject to the provisions of this Protective Order, shall
not employ as a defense thereto the claim that the aggrieved party possesses an
adequate remedy at law.  The parties and any other person subject to the terms of
this Protective Order agree that this Court shall retain jurisdiction over it and them
for the purpose of enforcing this Protective Order.  The foregoing shall not be
construed as limiting a party's right to seek other remedies, including damages, if
any, in the event of a violation of this Protective Order.

34. Either party may request any reasonable amendment to this Protective Order to facilitate the efficient and appropriate handling of CONFIDENTIAL INFORMATION, including ATTORNEYS' EYES ONLY INFORMATION or OUTSIDE COUNSEL EYES ONLY INFORMATION. Non-parties from whom discovery is sought in connection with this action may designate their Discovery Materials as CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES ONLY INFORMATION, under the provisions of this Order. Any amendment to this Protective Order must be entered by the Court to be effective.

35. All Discovery Materials together with all copies thereof, which have been designated as including CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES ONLY INFORMATION and any documents containing such information, shall be destroyed or returned to the respective Producing Party, and as preferred by the Producing Party, within thirty (30) calendar days after the entry of final judgment and conclusion of any and all appeals, or the final settlement of this case, and certify in writing that it has done so. Notwithstanding the foregoing, outside Counsel may maintain archival copies of pleadings, motion papers, legal memoranda, correspondence and work product that contain any CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES ONLY INFORMATION. At all times while in existence, such archival copies shall be treated pursuant to the terms of this Protective Order.

36. All notices, objections and other communications required or permitted to be made pursuant to any provision of this Protective Order shall be in writing.

1    37.    Except as specifically provided herein, the terms, conditions, and

2  limitations of this Protective Order shall survive the termination of this action.  This

3  Protective Order shall remain in force and effect until modified, superseded, or

4  terminated by consent of the parties or by order of the Court made upon reasonable

5  written request.  This Court shall retain jurisdiction over the subject matter of this

6  Order and the parties herein for purposes of enforcing this Order.

7

8  **SO ORDERED.**

9  Dated: 9/30/2008

10                                        Hon. Andrew J. Wistrich

11                                        United States Magistrate Judge

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*,<br><br>       Plaintiffs,<br><br>    v.<br><br>VEOH NETWORKS, INC., a California corporation; and DOES 1-10, inclusive,<br><br>       Defendants. | Case No. CV 07-05744 AHM (AJWx)<br><br>**CONSENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER GOVERNING DISCLOSURE OF CONFIDENTIAL MATERIALS**<br><br>Judge:  Hon. A. Howard Matz<br>Ctrm:   14 |

I hereby certify that I have read the Protective Order governing disclosure of confidential materials in the above-entitled action. I agree to be bound by its terms. I also agree that any information I receive pursuant to the Stipulated Protective Order shall not be used other than as provided in the Stipulated Protective Order. I confirm that I meet the requirements for an Independent Expert or Consultant set forth in Paragraph 9 of the Protective Order. I also hereby consent to be subject to the personal jurisdiction of the United States District Court for the Central District of California for any proceedings relating to the enforcement of the Stipulated Protective Order.

Dated:_____

_____
             [Signature]

Name:_____

Affiliation:_____

Address:_____
        _____
        _____

Phone:_____