Rebecca Calkins (SBN: 195593),
Email: rcalkins@winston.com
Erin Ranahan (SBN: 235286),
Email: eranahan@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: 213-615-1700
Facsimile: 213-615-1750

Jennifer A. Golinveaux (SBN 203056),
Email: jgolinveaux@winston.com
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
(415) 591-1506 (Telephone)
(415) 591-1400 (Facsimile)

Michael S. Elkin (admitted *pro hac vice*),
Email: melkin@winston.com
Thomas P. Lane (admitted *pro hac vice*),
Email: tlane@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166
(212) 294-6700 (Telephone)
(212) 294-4700 (Facsimile)

Attorneys for Defendant
VEOH NETWORKS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.* | **Case No. CV 07 5744 – AHM (AJWx)** |
| Plaintiffs, | The Honorable A. Howard Matz |
| v. | **ANSWER OF VEOH NETWORKS, INC. TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DIRECT, CONTRIBUTORY, AND VICARIOUS COPYRIGHT INFRINGEMENT, AND FOR INDUCEMENT OF COPYRIGHT INFRINGEMENT** |
| VEOH NETWORKS, INC, *et al.* | |
| Defendants. | |
| | DEMAND FOR JURY TRIAL |

LA:224488.2                                1

**ANSWER OF VEOH TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**
**Case No. CV 07 5744 – AHM (AJWx)**

Dockets.Justia.com

Defendant Veoh Networks, Inc. ("Veoh") hereby answers the First Amended Complaint of Plaintiffs UMG Recordings, Inc., Universal Music Corp., Songs of Universal, Inc., Universal-Polygram International Publishing, Inc., Rondor Music International, Inc., Universal Music—MGB NA LLC, Universal Music—Z Tunes LLC, Universal Music—MGB Music Publishing Ltd. (collectively "Plaintiffs") as follows:

1. Answering paragraph 1, Veoh lacks information or knowledge sufficient to determine the truth or falsity of said allegations and on that basis Veoh generally and specifically denies each and every allegation contained therein.

2. Answering paragraph 2, Veoh generally and specifically denies each and every allegation contained therein.

3. Answering paragraph 3, Veoh generally and specifically denies each and every allegation contained therein.

4. Answering paragraph 4, Veoh generally and specifically denies each and every allegation contained therein.

5. Answering paragraph 5, Veoh generally and specifically denies each and every allegation contained therein.

6. Answering paragraph 6, Veoh generally and specifically denies each and every allegation contained therein.

## JURISDICTION AND VENUE

7. Answering paragraph 7, Veoh admits said allegations.

8. Answering paragraph 8, Veoh admits that the Court has personal jurisdiction over Veoh, Veoh does business in this District, and Plaintiffs do business in this District, but Veoh generally and specifically denies that Plaintiffs are suffering harm in this District.

9. Answering paragraph 9, Veoh admits said allegations.

## THE PARTIES

10. Answering paragraph 10, Veoh lacks information or knowledge sufficient to determine the truth or falsity of said allegations and on that basis Veoh generally and specifically denies each and every allegation contained therein.

11. Answering paragraph 11, Veoh lacks information or knowledge sufficient to determine the truth or falsity of said allegations and on that basis Veoh generally and specifically denies each and every allegation contained therein.

12. Answering paragraph 12, Veoh lacks information or knowledge sufficient to determine the truth or falsity of said allegations and on that basis Veoh generally and specifically denies each and every allegation contained therein.

13. Answering paragraph 13, Veoh lacks information or knowledge sufficient to determine the truth or falsity of said allegations and on that basis Veoh generally and specifically denies each and every allegation contained therein.

14. Answering paragraph 14, Veoh admits that its principal place of business is in San Diego, California, but Veoh generally and specifically denies each and every remaining allegation contained therein.

15. Answering paragraph 15, Veoh generally and specifically denies each and every allegation contained therein.

16. Answering paragraph 16, Veoh admits that its investors include Shelter Capital Partners, Spark Capital, and the Tornante Company. Veoh generally and specifically denies each and every remaining allegation contained in paragraph 16.

17. Answering paragraph 17, Veoh generally and specifically denies each and every allegation contained therein.

18. Answering paragraph 18, Veoh generally and specifically denies each and every allegation contained therein.

## GENERAL AVERMENTS

19. Answering paragraph 19, Veoh generally and specifically denies each and every allegation contained therein.

20. Answering paragraph 20, Veoh generally and specifically denies each and every allegation contained therein.

21. Answering paragraph 21, Veoh generally and specifically denies each and every allegation contained therein.

22. Answering paragraph 22, Veoh generally and specifically denies each and every allegation contained therein.

23. Answering paragraph 23, and each of its subparts, Veoh generally and specifically denies each and every allegation contained therein.

24. Answering paragraph 24, Veoh generally and specifically denies each and every allegation contained therein.

25. Answering paragraph 25, Veoh generally and specifically denies each and every allegation contained therein.

26. Answering paragraph 26, Veoh generally and specifically denies each and every allegation contained therein.

27. Answering paragraph 27, Veoh generally and specifically denies each and every allegation contained therein.

28. Answering paragraph 28, Veoh generally and specifically denies each and every allegation contained therein.

29. Answering paragraph 29, Veoh generally and specifically denies each and every allegation contained therein.

30. Answering paragraph 30, Veoh generally and specifically denies each and every allegation contained therein.

31. Answering paragraph 31, Veoh generally and specifically denies each and every allegation contained therein.

32. Answering paragraph 32, Veoh generally and specifically denies each and every allegation contained therein.

# COUNT 1

## DIRECT COYPRIGHT INFRINGEMENT

[Against All Defendants]

33. Answering paragraph 33, Veoh repeats and realleges paragraphs 1 through 32 of this Answer and incorporates the same by reference as if fully set forth.

34. Answering paragraph 34, Veoh generally and specifically denies each and every allegation contained therein.

35. Answering paragraph 35, Veoh generally and specifically denies each and every allegation contained therein.

36. Answering paragraph 36, Veoh generally and specifically denies each and every allegation contained therein.

37. Answering paragraph 37, Veoh generally and specifically denies each and every allegation contained therein.

38. Answering paragraph 38, Veoh generally and specifically denies each and every allegation contained therein.

39. Answering paragraph 39, Veoh generally and specifically denies each and every allegation contained therein.

40. Answering paragraph 40, Veoh generally and specifically denies each and every allegation contained therein.

# COUNT II

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

[Against All Defendants]

41. Answering paragraph 41, Veoh repeats and realleges paragraphs 1 through 32 of this Answer and incorporates the same by reference as if fully set forth.

42. Answering paragraph 42, Veoh generally and specifically denies each and every allegation contained therein.

43. Answering paragraph 43, Veoh generally and specifically denies each and every allegation contained therein.

44. Answering paragraph 44, Veoh generally and specifically denies each and every allegation contained therein.

45. Answering paragraph 45, Veoh generally and specifically denies each and every allegation contained therein.

46. Answering paragraph 46, Veoh generally and specifically denies each and every allegation contained therein.

47. Answering paragraph 47, Veoh generally and specifically denies each and every allegation contained therein.

48. Answering paragraph 48, Veoh generally and specifically denies each and every allegation contained therein.

## COUNT III

## VICARIOUS COPYRIGHT INFRINGEMENT

### [Against All Defendants]

49. Answering paragraph 49, Veoh repeats and realleges paragraphs 1 through 32 of this Answer and incorporates the same by reference as if fully set forth.

50. Answering paragraph 50, Veoh generally and specifically denies each and every allegation contained therein.

51. Answering paragraph 51, Veoh generally and specifically denies each and every allegation contained therein.

52. Answering paragraph 52, Veoh generally and specifically denies each and every allegation contained therein.

53. Answering paragraph 53, Veoh generally and specifically denies each and every allegation contained therein.

54. Answering paragraph 54, Veoh generally and specifically denies each and every allegation contained therein.

55. Answering paragraph 55, Veoh generally and specifically denies each and every allegation contained therein.

56. Answering paragraph 56, Veoh generally and specifically denies each and every allegation contained therein.

57. Answering paragraph 57, Veoh generally and specifically denies each and every allegation contained therein.

## COUNT IV

## INDUCING COPYRIGHT INFRINGEMENT

### [Against All Defendants]

58. Answering paragraph 58, repeats and realleges paragraphs 1 through 32 of this Answer and incorporates the same by reference as if fully set forth.

59. Answering paragraph 59, Veoh generally and specifically denies each and every allegation contained therein.

60. Answering paragraph 60, Veoh generally and specifically denies each and every allegation contained therein.

61. Answering paragraph 61, Veoh generally and specifically denies each and every allegation contained therein.

62. Answering paragraph 62, Veoh generally and specifically denies each and every allegation contained therein.

63. Answering paragraph 63, Veoh generally and specifically denies each and every allegation contained therein.

64. Answering paragraph 64, Veoh generally and specifically denies each and every allegation contained therein.

65. Answering paragraph 65, Veoh generally and specifically denies each and every allegation contained therein.

## PRAYER FOR RELIEF

1. Veoh denies the allegations contained in paragraph 1 of Plaintiffs' Prayer for Relief, and contends that Plaintiffs are not entitled to any relief sought therein.

2. Veoh denies the allegations contained in paragraph 2 of Plaintiffs' Prayer for Relief, and contends that Plaintiffs are not entitled to any relief sought therein.

3. Veoh denies the allegations contained in paragraph 3 of Plaintiffs' Prayer for Relief, and contends that Plaintiffs are not entitled to any relief sought therein.

4. Veoh denies the allegations contained in paragraph 4 of Plaintiffs' Prayer for Relief, and contends that Plaintiffs are not entitled to any relief sought therein.

5. Veoh denies the allegations contained in paragraph 5 of Plaintiffs' Prayer for Relief, and contends that Plaintiffs are not entitled to any relief sought therein.

Veoh requests that the Court:

    A. Dismiss all claims asserted by Plaintiffs, with prejudice;

    B. Award Veoh its reasonable costs and attorneys' fees; and

    C. Grant all other and further relief that the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

(Failure to State a Claim for Relief)

66. Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

(17 U.S.C. § 512)

67. Plaintiffs' claims are barred by the statutory immunity granted to service providers under 17 U.S.C. § 512.

### Third Affirmative Defense

(No Primary Liability)

68. Plaintiffs' claims based upon secondary liability are barred because Plaintiffs cannot establish the primary liability of Veoh's users, including because

such users' alleged conduct constitutes fair use, de minimus use and/or is otherwise not actionable.

## Fourth Affirmative Defense

(Staple Articles of Commerce)

69. Plaintiffs' claims based upon secondary liability are barred because Veoh's products and/or services are staple articles of commerce.

## Fifth Affirmative Defense

(No Volitional Act)

70. Plaintiffs' claims are barred because the alleged infringement was not caused by a volitional act attributable to Veoh.

## Sixth Affirmative Defense

(Lack of Knowledge)

71. Plaintiffs' claims based upon contributory liability are barred because Veoh did not have requisite knowledge of the alleged primary infringement and did not encourage or induce the alleged primary infringement.

## Seventh Affirmative Defense

(No Direct Financial Benefit)

72. Plaintiffs' claims based upon vicarious liability are barred because Veoh did not obtain a direct financial benefit from the alleged primary infringement.

## Eighth Affirmative Defense

(No Right or Ability to Control)

73. Plaintiffs' claims based upon vicarious liability are barred because Veoh does not have the right or ability to control the alleged primary infringement.

## Ninth Affirmative Defense

(Fair Use)

74. Veoh's alleged conduct constitutes fair use.

### Tenth Affirmative Defense

(Laches)

75. Plaintiffs' claims are barred by laches.

### Eleventh Affirmative Defense

(Waiver)

76. Plaintiffs' claims are barred by waiver.

### Twelfth Affirmative Defense

(Estoppel)

77. Plaintiffs' claims are barred by estoppel.

### Thirteenth Affirmative Defense

(Unclean Hands)

78. Plaintiffs' claims are barred by unclean hands.

### Fourteenth Affirmative Defense

(Invalidity and Unenforceability of Copyright)

79. Plaintiffs' copyrights are invalid and/or unenforceable.

### Fifteenth Affirmative Defense

(License, Consent and Acquiescence)

80. Plaintiffs' claims are barred by Plaintiffs' license, consent and acquiescence to Veoh's use.

### Sixteenth Affirmative Defense

(Lack of Subject Matter Jurisdiction)

81. Plaintiffs' claims are barred for lack of subject matter jurisdiction because they lack valid registrations for the intellectual property rights asserted.

### Seventeenth Affirmative Defense

(Abandonment and Forfeiture)

82. Plaintiffs' claims are barred to the extent that they have forfeited or abandoned their intellectual property.

## Eighteenth Affirmative Defense

(Standing)

83. Plaintiffs' claims are barred to the extent that the Plaintiffs lack standing.

## Nineteenth Affirmative Defense

(Misuse of Copyright)

84. Plaintiffs' claims are barred by the doctrine of misuse of copyright.

## Twentieth Affirmative Defense

(Non-Infringing Use)

85. Plaintiffs' claims are barred because Veoh's products and/or services are capable of substantial non-infringing uses.

## Twenty-First Affirmative Defense

(Failure to Mitigate Damages)

86. Plaintiffs' claims are barred due to Plaintiffs' failure to mitigate damages.

## Twenty-Second Affirmative Defense

(Innocent Intent)

87. Plaintiffs' claims are barred, in whole or in part, because Veoh's conduct was in good faith and with non-willful intent, at all times.

## Twenty-Third Affirmative Defense

(Unconstitutionality)

88. The statutory damages sought by Plaintiffs are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained, in violation of the Due Process Clause.

## Twenty-Fourth Affirmative Defense

(Statutes of Limitations)

89. Plaintiffs' claims are barred by the applicable statutes of limitations.

## Twenty-Fifth Affirmative Defense

(First Amendment)

90. Plaintiffs' claims are barred to the extent that Veoh's actions and speech are protected by the First Amendment of the Constitution of the United States.

## Twenty-Sixth Affirmative Defense

(Preemption)

91. Plaintiffs' claims are barred to the extent they are preempted by the Copyright Act, 17 U.S.C. § 101 *et seq*.

## Twenty-Seventh Affirmative Defense

(Failure to Register)

92. Plaintiffs' claims are barred in whole or part to the extent that Plaintiffs have not properly or timely registered their works with the U.S. Copyright Office.

Dated: October 9, 2008    WINSTON & STRAWN LLP

By:     /s/ Erin R. Ranahan

Rebecca Lawlor Calkins
Email: rcalkins@winston.com
Erin R. Ranahan
Email: eranahan@winston.com
333 S. Grand Avenue
Los Angeles, California 90071-1543
(213) 615-1700 (Telephone)
(213) 615-1750 (Facsimile)

Jennifer A. Golinveaux
Email: jgolinveaux@winston.com
101 California Street
San Francisco, California 94111-5894

Michael S. Elkin
Email: melkin@winston.com
Thomas P. Lane
Email: tlane@winston.com
200 Park Avenue
New York, New York 10166-4193
Attorneys for Defendant
VEOH NETWORKS, INC.

## DEMAND FOR JURY TRIAL

Veoh hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: October 9, 2008  WINSTON & STRAWN LLP

By: /s/ Erin R. Ranahan
Rebecca Lawlor Calkins
Email: rcalkins@winston.com
Erin R. Ranahan
Email: eranahan@winston.com
333 S. Grand Avenue
Los Angeles, California 90071-1543
(213) 615-1700 (Telephone)
(213) 615-1750 (Facsimile)

Jennifer A. Golinveaux
Email: jgolinveaux@winston.com
101 California Street
San Francisco, California 94111-5894
(415) 591-1000 (Telephone)
(415) 591-1400 (Facsimile)

Michael S. Elkin
Email: melkin@winston.com
Thomas P. Lane
Email: tlane@winston.com
200 Park Avenue
New York, New York 10166-4193
(212) 294-6700 (Telephone)
(212) 294-4700 (Facsimile)

Attorneys for Defendant
VEOH NETWORKS, INC.