Annette L. Hurst (Bar No. 148738)
Annette.Hurst@hellerehrman.com
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104
Telephone: +1 (415) 772-6000
Facsimile: +1 (415) 772-6268

Attorneys for Defendants
SHELTER CAPITAL PARTNERS, LLC and
SHELTER VENTURE FUND, L.P.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION - SPRING STREET

| | |
|---|---|
| UMG RECORDINGS, INC., et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>VEOH NETWORKS, INC., et al.<br><br>  Defendants. | Case No.: CV 07 5744 AHM (AJWx)<br><br>**DECLARATION OF SEAN M. SULLIVAN IN SUPPORT OF MOTION BY INVESTOR DEFENDANTS TO DISMISS FIRST AMENDED COMPLAINT**<br><br>[Fed. R. Civ. P. 12(b)(6)]<br><br>Date: November 3, 2008<br>Time: 10:00 a.m.<br>Trial Date: May 19, 2009<br><br>The Honorable A. Howard Matz |

DECLARATION OF SEAN M. SULLIVAN IN SUPPORT OF MOTION BY INVESTOR DEFENDANTS TO DISMISS FIRST AMENDED COMPLAINT | CASE NO.: CV 07 5744 AHM (AJWX)

Dockets.Justia.com

I Sean M. Sullivan declare as follows:

1. I am an attorney with the law firm of Heller Ehrman LLP, counsel of record in this action for defendants Defendants Shelter Venture Fund LP, Shelter Capital LLC ("Shelter"). I have personal knowledge of the facts set forth below, and, if called as a witness, I could and would competently testify thereto.

2. On February 15, 2008, before Shelter was named as a defendant in this action, Plaintiffs served Shelter with a third party subpoena seeking a very broad production of many documents from Shelter. A true and correct copy of the document subpoena is attached hereto as Exhibit A.

3. On March 19, 2008, counsel for Defendant, Veoh Networks, Inc. ("Veoh"), informed me that they reached an agreement with Plaintiffs on behalf of a number of individual investors, including Shelter, to extend the time to respond to the subpoena until March 31, 2008. Counsel for Veoh subsequently informed me that Plaintiffs later agreed to extend the time to respond to the subpoena to April 9, 2008.

4. On April 8, 2008, Shelter served its objections to Plaintiffs' subpoena. A true and correct copy of the cover letter sent to Brian Ledahl of Irell & Manella LLP, counsel for Plaintiffs in this action, and Shelter's objections to Plaintiffs' document subpoena are attached hereto as Exhibit B. Shelter produced no documents at this time, although it was amenable to doing so upon entry of a protective order in the action.

5. Plaintiffs did not respond to Shelter's objections until May 13, 2008. On May 13, 2008, I received a letter from Mr. Ledahl in which Plaintiffs requested a meet and confer to discuss Shelter's objections. A true and correct copy of the letter from Mr. Ledahl to me is attached hereto as Exhibit C. In the letter, Mr. Ledahl stated that it was Plaintiffs' belief at that time that various Veoh investors, including Shelter, were subject to vicarious liability for Veoh's copyright infringement, but that Plaintiffs had sought discovery from Shelter prior to naming Shelter as a defendant. Mr. Ledahl stated:

1

"UMG believes that various Veoh investors, including Shelter, are subject to vicarious liability for Veoh's copyright infringement. *See UMG Recordings, Inc. v. Bertelsmann AG*, 222 F.R.D. 408 (N.D. Cal. 2004); *Fonovisia, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259 (9th Cir. 1996). Rather than naming Shelter as a defendant initially, UMG sought to pursue discovery first. Given Shelter's resistance to providing UMG's requested discovery, we may simply be forced to amend our complaint to add Shelter as a defendant in light of Court-imposed deadlines for such an amendment."

*See* Exhibit C, page 3. Plaintiffs also requested that Heller Ehrman inform them by May 15, 2008 whether it would accept service of a deposition subpoena on Shelter's behalf.

6. On May 14, 2008, I participated in a tele-conference with Mr. Ledahl during which I agreed to accept service of a deposition subpoena on behalf of Shelter. We also agreed to set up a conference on May 28, 2008 to meet and confer regarding Shelter's objections to Plaintiffs' subpoena.

7. On May 21, 2008, Mr. Ledahl sent me a letter stating that an interim protective order had been entered and requesting that Shelter produce documents. A true and correct copy of the letter and attached Interim Protective Order are attached hereto as Exhibit D.

8. On May 23, 2008, I received a letter from Nicholas Sydow of Irell & Manella LLP, attaching a subpoena requesting that Shelter designate someone to testify regarding seven subject matters pursuant to F.R.C.P. 30(b)(6). The deposition was noticed for June 5, 2008. A true and correct copy of the letter and subpoena are attached hereto as Exhibit E.

9. On May 28, 2008, I participated in a teleconference with Mr. Ledahl to discuss Plaintiffs' concerns with Shelter's objections to the document subpoena and to discuss rescheduling the deposition. During the conference, Mr. Ledahl stated that although Plaintiffs believed they already had enough information to name Shelter as a defendant, they wanted discovery from Shelter to determine whether or not they

DECLARATION OF SEAN M. SULLIVAN IN SUPPORT OF MOTION BY INVESTOR DEFENDANTS TO DISMISS FIRST AMENDED COMPLAINT
CASE NO.: CV 07 5744 AHM (AJWX)

should name Shelter as a defendant. At that time, Shelter asked Plaintiffs to identify what key documents they had not already received from Veoh and/or the other investors that had been served with subpoenas. Shelter, in turn, agreed to look into whether it could produce those documents that had not yet been produced based on a reasonable limitation of the documents sought.

10. On May 30, 2008, I telephoned Mr. Ledahl and informed him that Shelter was willing to produce certain documents requested by Plaintiffs once a privilege review was completed. I told Mr. Ledahl that Shelter would be willing to proceed as soon it heard back from Mr. Ledahl. I also informed Mr. Ledahl that Shelter could not produce Mr. Art Bilger for deposition on June 5, 2008 because of pre-existing professional and personal conflicts. Mr. Bilger had been identified as the person most likely to be able to respond to all of the subject matters listed in the deposition subpoena. In the alternative, I informed Mr. Ledahl that someone from Shelter could be provided to testify regarding some of the categories in the subpoena and then a follow-up deposition scheduled to address any remaining subject matters once Mr. Bilger became available.

11. On June 3, 2008, I sent an email to Mr. Ledahl to follow-up on our telephone conversation. A true and correct copy of my email to Mr. Ledahl is attached hereto as Exhibit F.

12. On June 5, 2008, having heard nothing from Mr. Ledahl, I served on Mr. Ledahl, via email, Shelter's objections to Plaintiffs' deposition subpoena. A true and correct copy of my email to Mr. Ledahl and Shelter's objections are attached hereto as Exhibit G. In the email, I reiterated Shelter's position that Shelter was willing to work with Plaintiffs to schedule the deposition at a mutually agreeable time.

13. Plaintiffs never responded to our offer to produce documents or to our offers to re-schedule the deposition. On June 16, 2008, counsel for Veoh informed me that Plaintiffs had filed a motion to amend the complaint to add a number of investors, including Shelter, as defendants.

3

14. To date, Shelter has not produced any documents in this matter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 3rd day of October, 2008, at Los Angeles, California.

_____
Sean M. Sullivan

4

DECLARATION OF SEAN M. SULLIVAN IN SUPPORT OF MOTION BY INVESTOR DEFENDANTS TO DISMISS FIRST AMENDED COMPLAINT
CASE NO.: CV 07 5744 AHM (AJWX)