Rebecca Calkins (SBN: 195593),
Email: rcalkins@winston.com
Erin Ranahan (SBN: 235286),
Email: eranahan@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: 213-615-1700
Facsimile: 213-615-1750

Jennifer A. Golinveaux (SBN 203056),
Email: jgolinveaux@winston.com
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
(415) 591-1506 (Telephone)
(415) 591-1400 (Facsimile)

Michael S. Elkin (admitted *pro hac vice*),
Email: melkin@winston.com
Thomas P. Lane (admitted *pro hac vice*),
Email: tlane@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166
(212) 294-6700 (Telephone)
(212) 294-4700 (Facsimile)

Attorneys for Defendant
VEOH NETWORKS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.* | Case No. CV 07 5744 – AHM (AJWx) |
| Plaintiffs, | **VEOH'S OPPOSITION TO UMG'S *EX PARTE* APPLICATION FOR PROTECTIVE ORDER RE: DEPOSITIONS** |
| v. | |
| VEOH NETWORKS, INC, *et al.* | Discovery Matter |
| Defendants. | Discovery Cut-Off: January 12, 2009 |

LA:225808.7

## I. INTRODUCTION

Plaintiffs are challenging all aspects of Defendant Veoh's business in this lawsuit, have propounded enormously burdensome discovery, and have already taken Veoh's deposition pursuant to Rule 30(b)(6). Contrary to Plaintiffs' assertions, Veoh has fully complied with its own discovery obligations. Plaintiffs, on the other hand, have refused to provide the most basic discovery—such as identifying any of the allegedly infringing works at issue, or even providing information sufficient to establish ownership of the works they claim—and have refused to produce a single deponent. Plaintiffs first refused to produce any deponents in response to Veoh's notice of deposition pursuant to Rule 30(b)(6), and have now refused to produce two witnesses they themselves identified as having knowledge of key facts in this case.

Remarkably, they now file this *ex parte* application asking the Court to enter a protective order forbidding Veoh from taking <u>any</u> depositions until the Court rules on Plaintiffs' pending motion to compel, despite the fact that fact discovery is set to close in less than three months. To support this remarkable request, they also claim that Veoh has not produced certain categories of documents; claims that are entirely unfounded.

Plaintiffs also seek a protective order preventing Veoh from deposing UMG's Vice President of Business and Legal Affairs, Harvey Geller, a key fact witness whom Plaintiffs themselves identified as having relevant information in their interrogatory responses, and whose name appears on a large number of the documents Plaintiffs have produced in this litigation. (Ranahan Decl. ¶ 2). "A strong showing is required before a party will be denied entirely the right to take a deposition." *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Contrary to Plaintiffs' assertion, Mr. Geller is not "trial counsel" in this litigation, and, in any event, Plaintiffs cannot justify their request that Veoh be denied entirely the right to take Mr. Geller's deposition. Mr. Geller is not immunized from offering non-privileged testimony about relevant, discoverable, factual matters relating to Plaintiffs' business because he

LA:225808.7   1

**VEOH'S OPPOSITION TO UMG'S EX PARTE APPLICATION FOR PROTECTIVE ORDER RE: DEPOS**
Case No. CV 07 5744 – AHM (AJWx)

also has legal responsibilities. Plaintiffs cannot avoid furnishing this key witness with relevant knowledge based on this misleading ground.

Veoh should be entitled to explore every potentially relevant avenue to defend itself. Plaintiffs' attempts to prevent Veoh from proceeding with any depositions at this time, and from ever deposing Mr. Geller should be rejected and Plaintiffs' *Ex Parte* Application should be denied.

## II. THE COURT SHOULD DENY PLAINTIFFS' REQUEST FOR A PROTECTIVE ORDER PREVENTING VEOH FROM TAKING ANY DEPOSITIONS.

Plaintiffs filed this action in September 2007. The discovery cut-off date is January 12, 2009. Despite the rapidly approaching discovery deadline, UMG has refused to allow Veoh to take a single deposition or to comply with this Court's Orders regarding discovery.[1] On July 10, 2008, Plaintiffs took Veoh's 30(b)(6) deposition, and have noticed an additional 30(b)(6) deposition of Veoh.[2] Yet Veoh noticed Plaintiff UMG's 30(b)(6) deposition on July 14, 2008 for August 13, 2008, and Plaintiffs have refused to produce any deponents, based upon unspecified complaints they have with Veoh's document production. (Ranahan Decl. ¶¶ 6-7 and Exhs. C and D). Veoh will now have to file its own *ex parte* application in order to proceed with that deposition.

---

[1] Veoh's *Ex Parte* Application, that Veoh intends to file on or about October 17 2008, relates to Plaintiffs' failure and refusal to comply with this Court's Order to produce documents previously ordered produced in *Grouper* and *MySpace*, and failed to serve supplemental written responses to Veoh's Requests – discovery which is critical to Veoh's preparation of its defense

[2] On September 26, 2008, Plaintiffs purported to notice a second 30(b)(6) deposition of Veoh. This notice is procedurally improper without stipulation or leave of court. (Fed.R.Civ.P.30(a)). Under Rule 30(a), leave is required if the parties have not stipulated to a second deposition of the same deponent that has already been deposed in the case, which applies to depositions pursuant to F.R.C.P. 30(b)(6). See e.g., *Zamora v. D'Arrigo Brother Co.*, 2006 U.S. Dist. Lexis 83106, *4-6 (N.D. Cal. 2006) (noting that leave of court was required before a party may take a second 30(b)(6) notice); *Expert Choice, Inc. v. Gartner, Inc.*, 2006 U.S. Dist. LEXIS 41466, *19 n. 5 (D. Conn. 2006) ("a party must obtain leave of the court to take the deposition of a person who has already been deposed in the case . . . [which] applies to an entity being deposed pursuant to Rule 30(b)(6)") (citing Moore's Federal Practice, § 30.05(1)(c) (Matthew Bender 3d ed. 2005)).

LA:225808.7     2

With Plaintiffs having stonewalled Veoh's attempts to take a Rule 30(b)(6) deposition, on October 10, 2008, Veoh noticed the depositions of two key fact witnesses who together appear on thousands of documents produced by Plaintiffs, Harvey Geller, UMG's Vice President of Business and Legal Affairs, and David Ring, Senior Vice President of Business and Legal Affairs for Universal Music Group[3], eLabs, for October 22 and October 24, respectively. (Ledahl Decl. ISO *ex parte* Exhs. B, C. & D.) Both of these witnesses were identified by Plaintiffs in Plaintiffs' initial disclosures and interrogatory responses as having information crucial to Veoh's defense in this action. (Plaintiffs' Initial Disclosures; Interrogatory Response No. 6). Plaintiffs refused to produce either of these witnesses and now seek a protective order preventing Veoh from taking any depositions until this Court rules on Plaintiffs' pending Motion to Compel, despite the fact that Plaintiff has already taken Veoh's deposition, and noticed a second.

In an attempt to justify this extraordinary request, Plaintiffs claim that Veoh has failed to make a good-faith production of documents, a claim that is entirely unfounded. In response to this Court's order, on September 30, 2008, Veoh supplemented its document production, with categories of documents Veoh had agreed to produce in its written responses to Plaintiffs' discovery requests, and also with documents Veoh offered to produce in a June 13, 2008 letter. Veoh produced close to 100,000 pages on September 30, 2008. Plaintiffs, on the other hand, produced just 1,008 pages to supplement its production in compliance with the August

---

[3] Mr. Ring is a highly relevant fact witness. Plaintiffs have produced 4,067 documents containing his name. (Ranahan Decl. ¶ 2). He had several business discussions with executives from Veoh prior to commencement of this action. Plaintiffs identified Mr. Ring in their initial disclosures as someone with knowledge relevant to this action, specifically, as an individual "likely to have discoverable information" about "the adverse impact of Veoh's copyright infringement on UMG." (*Id.* at ¶ 3 and Exh. A). Plaintiffs also identified Mr. Ring as the very first of the "individuals" "most knowledgeable" about of the "facts, allegations, and claims set forth in the complaint," as sought by Plaintiffs' in Interrogatory No. 6. (*Id.* at ¶ 5 and Exh. B).

LA:225808.7       3
VEOH'S OPPOSITION TO UMG'S EX PARTE APPLICATION FOR PROTECTIVE ORDER RE: DEPOS
Case No. CV 07 5744 – AHM (AJWx)

25, 2008 order, and these were largely press articles and similar documents, and did not contain key categories ordered by the Court. (Ranahan Decl. ¶ 8).

While Plaintiffs have refused to comply with several aspects of the Court's August 25, 2008 order, as addressed in Veoh's *ex parte* application that Veoh intends to file on or about October 17, 2008, Plaintiffs' complaint about Veoh's production is entirely unfounded.[4] For example, Plaintiffs claim that Veoh has failed to produce responsive internal emails. Veoh's September 30, 2008 production did include such documents. In Mr. Ledahl's Declaration, Plaintiffs also claim that Veoh did not produce policy documents responsive to Plaintiffs' requests that Veoh agreed to produce; Veoh has produced non-privileged responsive documents and identified privileged documents on the privilege log provided to Plaintiffs. Plaintiffs also claim that Veoh did not produce documents responsive to their Request for Production No. 102 concerning a speech identified by Plaintiffs; Veoh has searched for but not located responsive documents. Finally, Plaintiffs claim that Veoh failed to produce two categories of documents it agreed to produce in its opposition to Plaintiffs' motion to compel. The instant *ex parte* application is the first time Plaintiffs have raised this issue with Veoh. (*See* Ranahan Decl. ¶¶ 6-7 and Exhs. C and D.) Although the Court has not yet ruled on Plaintiffs' pending motion to compel, Veoh has produced responsive documents. (Ranahan Decl. ¶ 8).

In short, while Plaintiffs repeatedly attempt to concoct discovery disputes to bring before this Court to create the illusion that Veoh is stonewalling discovery, that is simply not the case. Plaintiffs have presented no basis for this Court to take the drastic step of preventing Veoh to move forward with any depositions. The broad discovery provisions of Rule 26(b)(1) of the Federal Rules of Civil Procedure provide that discovery is permitted "regarding any matter, not privileged, that is relevant to the

---

[4] While Plaintiffs' repeatedly malign Veoh's production by describing it as consisting of only about "300,000 pages," even this substantial number misrepresents Veoh's production, which has included very large volumes of documents produced in native form that are not included in this page count. (Ranahan Decl. ¶ 9).

LA:225808.7        4

claim or defense of any party." Rule 30(a)(1) entitles a party to "take the deposition of any person including a party, by deposition upon oral examination." Depositions are generally available as a matter of right, without leave of court, at any time after an action has commenced. Plaintiffs have not set forth any valid grounds to prevent Veoh from proceeding with depositions to which it is rightfully entitled in order to defend itself.

**"A party may not excuse its failure to comply with discovery obligations by claiming that its opposing party is similarly delinquent. Nor may a party condition its compliance with its discovery obligations on receiving discovery from its opponent."** *Fresenius Med. Care Holding, Inc. v. Baxter Int'l, Inc.*, 224 F.R.D. 644, 653 (N.D. Cal. 2004). There is "no priority in propounding discovery," and the fact that one party believes another has additional discovery obligations to complete does not entitle an opposing party to refuse to provide discovery. (*Grateful Dead, et al. v. Sagan, et al.* Order 7/26/07) (condemning "stonewalling" and "tit-for-tat" tactics where plaintiff refused to furnish witnesses for deposition based on its complaints about defendant's document production). (Ranahan Decl. ¶ 7 and Ex. D, at p. 3, note 3.)

UMG's manufactured deficiencies in Veoh's core document production have nothing to do with Veoh's right to take depositions. UMG is entitled to seek separate relief from the Court with respect to these matters. In any event, this Court should not condition Plaintiffs' obligations to comply with their own basic discovery obligations upon their discovery complaints. The Court should deny Plaintiffs request for a protective order preventing from Veoh to take any depositions at this time, and should require UMG to produce the deponents Veoh has properly noticed.

### III. VEOH SHOULD ALSO BE ALLOWED TO DEPOSE MR. GELLER

Mr. Geller is Plaintiff UMG's Senior Vice President of Business and Legal Affairs. He has never appeared in this action and is not listed as litigation counsel. Plaintiffs have produced at least 1,413 documents containing Geller's name. (Ranahan

LA:225808.7 5

VEOH'S OPPOSITION TO UMG'S EX PARTE APPLICATION FOR PROTECTIVE ORDER RE: DEPOS
Case No. CV 07 5744 – AHM (AJWx)

Decl. ¶ 2). Plaintiffs identified Geller as one of seven "individuals" "most knowledgeable" of the "facts, allegations, and claims set forth in the complaint," as sought by Veoh's Interrogatory No. 6. (*Id.* at ¶ 3 and Ex. A). Yet despite producing over a thousand documents with his name on them, Plaintiffs don't think Veoh should be permitted to discover information from the very witness Plaintiffs identified regarding the purported adverse impact of Veoh's copyright infringement on UMG, and most knowledgeable about the subject matter of Plaintiffs' own lawsuit. Further, on at least one occasion, Geller attended what was believed to be a business meeting with Veoh, and sought to discuss prior acts of "infringement" on Veoh.

There are several areas of factual inquiry for which Veoh is entitled to obtain discovery from Geller. First, Plaintiffs have yet to identify a list of purportedly infringing works, identifying only five examples in its motion for summary judgment—*all five of which had been removed since 2007 for copyright violations or otherwise.* (Simons Decl. filed ISO Veoh's Opp. to MSJ, ¶ 6 (Docket 148).) Veoh is entitled to investigate the factual basis upon which Plaintiffs brought this action.

Further, Plaintiffs' failure to provide Veoh with any notice under the DMCA is also a factual matter subject to discovery in this action. For example, to support its DMCA affirmative defense under 17 U.S.C. § 512, Veoh will demonstrate that it did not have knowledge or sufficient notice of the allegedly infringing works. Veoh is thus entitled to investigate on what basis Plaintiffs believe Veoh should have had such notice. Similarly, Geller's testimony can be expected to confirm that UMG intentionally refused to cooperate with DMCA procedures.

In addition to investigating its DMCA defense, Geller's testimony on pre-lawsuit discussions regarding UMG's failure to notify Veoh of any specific infringements is relevant to many of Veoh's affirmative defenses, including Veoh's:

- fifth affirmative defense for no volitional conduct;
- sixth affirmative defense for lack of knowledge;
- tenth affirmative defense for laches,

LA:225808.7
6

VEOH'S OPPOSITION TO UMG'S EX PARTE APPLICATION FOR PROTECTIVE ORDER RE: DEPOS
Case No. CV 07 5744 – AHM (AJWx)

- eleventh affirmative defense for waiver;
- thirteenth affirmative defense for unclean hands; and
- fifteenth affirmative defense for license, consent and acquiescence.

### A. Plaintiffs Have Failed to Make the Required Showing to Deny Veoh the Right to Depose Mr. Geller

"A strong showing is required before a party will be denied entirely the right to take a deposition." *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975) (district court erred in granting protective order ordering plaintiff not to depose Herald-Examiner's publisher when plaintiff suggested possible information publisher might have that others did not). "Absent a strong showing of good cause and extraordinary circumstances, a court should not prohibit altogether the taking of a deposition." *Motsinger v. Flynt et al.,* 119 F.R.D. 373, 378 (M.D.N.C. 1988). "It is very unusual for a trial court to prohibit the taking of a deposition altogether, and absent extraordinary circumstances, such order would likely be in error." *Salter v. UpJohn Co.,* 593 F.2d 649, 651 (5th Cir. 1979); "[A]n order to vacate a notice of taking a deposition is generally regarded by the court as both unusual and unfavorable, and most requests of this kinds are denied." *Grinnell Corp., et al. v. Hackett, et al.,* 70 F.R.D. 326, 333-34 (D.C.R.I. 1976).

As such, it is exceedingly difficult to show any proper grounds for any order barring the taking of a deposition. 8 C. Wright A. Miller & R. Marcus, Federal Practice & Procedure § 2037 at p. 494-95 (1994). *Anderson v. Air West, Inc.,* 542 F.2d 1090, 1092-93 (9th Cir. 1976) (approving denial of Howard Hughes' motion for protective order because he "probably had some knowledge" regarding substance of the plaintiffs' claims). A claimed lack of knowledge or recollection does not provide sufficient grounds for a protective order, since the opposing party is entitled to test that lack of knowledge or recollection. *See Amherst Leasing Corp. v. Emhart Corp.,* 65 F.R.D. 121, 122 (D. Conn. 1974) and *Travelers Rental Co., Inc. v. Ford Motor Co.,* 116 F.R.D. 140, 143 (D. Mass. 1987).

With respect to its claims that Veoh has noticed certain depositions merely as a means to harass Plaintiffs (and apparently requiring Plaintiffs to submit to a single deposition would be harassing), setting aside that these witnesses were *identified by Plaintiffs as having relevant knowledge to this lawsuit and appear on over a thousand documents,* Plaintiffs have not even proposed alternate witnesses to depose. Instead Plaintiffs believe that Veoh is not entitled to take any depositions, and seek to foreclose Veoh's opportunity to take depositions indefinitely. Absent at least some actual showing of undue burden, there is no legal authority for requiring a party to use purportedly less burdensome means of obtaining discovery before allowing depositions. Grateful Dead Order p. 3 (citing Fed.R.Civ.P. 26(c)).

### B. Mr. Geller Is Not "Trial Counsel" Protected From Depositions

Plaintiffs cite authority to suggest that Geller should not be deposed based on his role as "litigation counsel." Plaintiffs' characterization of Geller as "litigation counsel," in an attempt to bootstrap the heightened scrutiny for deposing "trial counsel," is misleading at best. Veoh has not noticed the deposition of any of Plaintiffs' trial counsel, which is Irell and Manella LLP, counsel of record for Plaintiffs in this action. In addition to whatever privileged legal matters Geller may be privy to, Geller is charged as Vice President(s) of *Business Affairs*. The cases cited by Plaintiffs deal with concerns raised when *trial counsel* has been noticed for deposition. *Mass. Mut. Life Ins. Co. v. Cerf,* 177 F.R.D. 472, 478-79 (N.D. Cal. 1998) (describing test for deposing "trial counsel" and finding that the deposition of former trial counsel should proceed); *Shelton v. Am. Motors Corp.,* 805 F.2d 1323, 1327 (8th Cir. 1986) ("we do not hold that *trial counsel* is absolutely immune from being deposed") (emphasis added); (*Sec. and Exch. Comm'n v World-Wide Coin Investments, Ltd.,* 92 F.R.D. 65, 67 (N.D. Ga. 1981) (barring deposition of "trial counsel" in securities action); *Niagara Mohawk Power Corp. v. Stone & Webster Eng'g Corp.,* 125 F.R.D. 578, 593-594 (N.D.N.Y. 1989) (deposition of opposing *trial counsel* barred); *N.F.A. v. Riverview Narrow Fabrics, Inc,* 117 F.R.D. 83, 85

LA:225808.7
8

(M.D.N.C. 1987) (granting protective order against deposition of the plaintiffs' patent attorney in patent infringement action).

Plaintiffs rely heavily on *Mass. Mut. Life Ins. Co.* as setting forth a three part test for when it is appropriate to depose "trial counsel." *Mass. Mut. Life Ins. Co. v. Cerf, supra,* 177 F.R.D. at 478-79. In that case, the court stated that "the Federal Rules of Civil Procedure do not prohibit the taking of attorney depositions." *Id.* at 479. The court further noted that even "trial counsel" is not "absolutely immune from being deposed." *Id.* Notably, the court went on to hold that "the concerns do not require the issuance of a protective order because [the attorney] did not represent [the defendant] in this action . . . she withdrew as [the defendant's] attorney in the divorce case. . . therefore [the plaintiff] is entitled to take [the attorney's] deposition. . ."*Id.* at 479. Accordingly, not only is the test articulated in *Mass Mutual Life Ins. Co.* inapplicable because it applies only to "trial counsel," which Geller is certainly not, the court there found that where the attorney was *formerly* trial counsel, the deposition was appropriate and should proceed. *Id.*

In fact, courts routinely allow the depositions of in-house counsel to proceed. *Younger Mfg. Co. v. Keanon, Inc.*, 247 F.R.D. 586, 588 (C.D. Cal. 2007) (holding that the defendants did not meet their burden "to show the deposition of their General Counsel is for harassment or that all the information [the] plaintiff seeks from [him] is protected by the attorney-client privilege or work product doctrine." The court expressly states that "The Ninth Circuit . . .has not adopted the … reasoning in *Shelton v. American Motors Corp.*" and "the fact that the proposed deponent is a lawyer does not automatically insulate him or her from a deposition nor automatically require prior resort to alternative discovery devices . . ."); *Fru-Con Constr. Corp. v. Sacramento Mun. Util. Dist.*, 2008 U.S. Dist. LEXIS 25592, *61 (E.D. Cal. 2008) ("Travelers offers the deposition testimony of Steven Cohn, SMUD's in-house counsel."). *Doe v. Unocal Corp.*, 248 F.3d 915, 921 (9th Cir.2001) (Total . . . produced . . . witnesses for

deposition: (1) Alain-Marc Irissou (Total's General Counsel); (2) Dominque Mounier (chief in-house legal counsel for . . . a Total subsidiary) . . .).

Mr. Geller has not appeared in this action. Irell & Manella LLP is counsel of record for Plaintiffs in this action, and thus "trial counsel." Not a single Irell attorneys' deposition has been noticed. Thus, the deposition of trial counsel is not at issue, and the three part test from *Mass Mutual Life Ins. Co.* is irrelevant. In the context of this case, Mr. Geller has been identified as a fact witness by Plaintiffs. Plaintiffs' own authority (which deals again with trial counsel) demonstrates that even attorneys are subject to depositions where they are fact witnesses. *N.F.A. v. Riverview Narrow Fabrics, Inc,* 117 F.R.D. 83, 85 (noting that "examples where depositions of an attorney is both necessary and appropriate" is where "the attorney may be a fact witness.") (citing *Levingston v. Allis-Chalmers Corp.,* 109 F.R.D. 546, 550 (S.D Miss. 1985)); *Sullivan v. Stefanik,* 605 F.Supp. 258 (D. Ill. 1985). Veoh should be allowed to proceed with Mr. Geller's deposition.

## IV. CONCLUSION

Plaintiffs have presented no legitimate grounds to foreclose Veoh's right to take relevant depositions so that Veoh may prepare a proper defense or to delay Veoh's taking of deposition. The noticed depositions of UMG, Mr. Geller, and Mr. Ring are entirely proper and will allow Veoh to explore a number of areas relevant to many aspects of this lawsuit, including Veoh's overall defense and investigation of its affirmative defenses. For all of the foregoing reasons, Plaintiffs' *Ex Parte* Application should be denied in its entirety.

Dated: October 17, 2008      WINSTON & STRAWN LLP

By:      /s/ Erin R. Ranahan
Rebecca Lawlor Calkins
Email: rcalkins@winston.com
Erin R. Ranahan
Email: eranahan@winston.com
333 S. Grand Avenue

LA:225808.7      10

Los Angeles, California 90071-1543
(213) 615-1700 (Telephone)
(213) 615-1750 (Facsimile)

Jennifer A. Golinveaux
Email: jgolinveaux@winston.com
101 California Street
San Francisco, California 94111-5894

Michael S. Elkin
Email: melkin@winston.com
Thomas P. Lane
Email: tlane@winston.com
200 Park Avenue
New York, New York 10166-4193

Attorneys for Defendant
VEOH NETWORKS, INC.