Rebecca Lawlor Calkins (SBN: 195593)
Email: rcalkins@winston.com
Erin R. Ranahan (SBN: 235286)
Email: eranahan@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: 213-615-1700
Facsimile: 213-615-1750

Jennifer A. Golinveaux (SBN 203056)
Email: jgolinveaux@winston.com
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
(415) 591-1506 (Telephone)
(415) 591-1400 (Facsimile)

Michael S. Elkin (*pro hac vice*)
Email: melkin@winston.com
Thomas P. Lane (*pro hac vice*)
Email: tlane@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166
(212) 294-6700 (Telephone)
(212) 294-4700 (Facsimile)

Attorneys for Defendant
VEOH NETWORKS, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> VEOH NETWORKS, INC. *et al.*, <br><br> Defendants. | Case No. CV 07 5744 – AHM (AJWx) <br><br> Discovery Matter <br><br> **VEOH NETWORKS, INC.'S *EX PARTE* APPLICATION FOR AN ORDER COMPELLING PLAINTIFFS' COMPLIANCE WITH PRIOR COURT ORDER TO PROVIDE SUPPLEMENTAL RESPONSES AND PRODUCTION OF DOCUMENTS** |

~Heading 2~

**VEOH NETWORKS, INC.'S *EX PARTE* APPLICATION FOR ORDER COMPELLING PLAINTIFFS' COMPLIANCE WITH PRIOR COURT ORDER FOR SUPPLEMENTAL RESPONSES AND FURTHER PRODUCTION OF DOCUMENTS FROM PLAINTIFFS UMG RECORDINGS, INC., ET AL.**
**Case No. CV 07 5744 – AHM (AJWx)**

**Winston & Strawn LLP**
**333 South Grand Avenue**
**Los Angeles, CA 90071-1543**

---

**VEOH NETWORKS, INC.'S *EX PARTE* APPLICATION FOR ORDER COMPELLING PLAINTIFFS' COMPLIANCE WITH PRIOR COURT ORDER FOR SUPPLEMENTAL RESPONSES AND FURTHER PRODUCTION OF DOCUMENTS FROM PLAINTIFFS UMG RECORDINGS, INC., ET AL.**
**Case No. CV 07 5744 – AHM (AJWx)**

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 3 |
| II. | EX PARTE RELIEF IS NECESSARY | 4 |
| | A. The Documents Sought by Veoh Are Vital to the Preparation of Its Case | 4 |
| | B. The January 12, 2009 Discovery Cutoff and the August 25, 2008 Hearing and Order | 4 |
| III. | PROCEDURAL SUMMARY | 6 |
| IV. | THIS COURT PREVIOUSLY ORDERED UMG TO PRODUCE DOCUMENTS RELATING TO PLAINTIFFS' VIRAL MARKETING | 7 |
| | A. This Court's November 8, 2007 Order, and UMG's Deficient Production, in Grouper | 7 |
| | B. UMG's Failure to Comply with the November 8 Order, and Grouper's Motion to Enforce UMG's Compliance | 8 |
| | C. UMG Should Be Ordered To Comply With This Court's August 25, 2008 Order and Conduct a Diligent Search for Documents Relating to Viral Marketing | 8 |
| V. | THIS COURT PREVIOUSLY ORDERED UMG TO PRODUCE FINANCIAL DOCUMENTS | 9 |
| | A. The Court Ordered UMG to Produce Documents Reflecting The Profitability of the Allegedly Infringed Works Including the Value of Copyrighted Works and UMG's Lost Revenues or Lost Profits | 9 |
| | B. This Court's Determination that Documents Evidencing Plaintiffs' Lost Revenues or Profits Are Potentially "Vital" to Defendant's Case | 10 |
| | C. The Court Ordered UMG to Produce Documents Evidencing the Promotional Value of Various Websites | 11 |
| VI. | UMG CONTINUES TO REFUSE TO SERVE SUPPLEMENTAL WRITTEN RESPONSES | 12 |
| VII. | CONCLUSION | 12 |

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

**VEOH NETWORKS, INC.'S *EX PARTE* APPLICATION FOR ORDER COMPELLING PLAINTIFFS' COMPLIANCE WITH PRIOR COURT ORDER FOR SUPPLEMENTAL RESPONSES AND FURTHER PRODUCTION OF DOCUMENTS FROM PLAINTIFFS UMG RECORDINGS, INC., ET AL.**
**Case No. CV 07 5744 – AHM (AJWx)**

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Peer Int'l Corp. v. Pausa Records, Inc.*,
  909 F.2d 1332 (9th Cir. 1990), cert denied, 498 U.S. 1109 (1991) ................... 10

*Van Der Zee v. Greenidge*,
  2006 WL 44020 (S.D.N.Y. 2006) ....................................................................... 10

**OTHER AUTHORITIES**

4 *Nimmer on Copyright* § 14.04 [B][1][a] (2005) .................................................... 10

Local Rule 7-19 ............................................................................................................ 1

ii

**VEOH NETWORKS, INC.'S *EX PARTE* APPLICATION FOR ORDER COMPELLING PLAINTIFFS'
COMPLIANCE WITH PRIOR COURT ORDER FOR SUPPLEMENTAL RESPONSES AND FURTHER
PRODUCTION OF DOCUMENTS FROM PLAINTIFFS UMG RECORDINGS, INC., ET AL.**
**Case No. CV 07 5744 – AHM (AJWx)**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Local Rule 7-19, Defendant Veoh Networks, Inc. ("Veoh") hereby applies to the Court *ex parte*, for an order compelling plaintiffs UMG Recordings, Inc., Universal Music Corp., Songs of Universal, Inc., Universal-Polygram International Publishing, Inc., Rondor Music International, Inc., Universal Music – MGB NA LLC, Universal Music – Z Tunes LLC, Universal Music – MBG Music Publishing Ltd. ("Plaintiffs" or "UMG") to comply with this Court's August 25, 2008 Order ("Order") to provide supplemental responses and production of documents. Specifically, Veoh asks this Court to compel Plaintiffs to: 1) produce all documents of the types which the Court previously ordered UMG to produce in *UMG v. Grouper* and *UMG v. MySpace*;[1] and 2) serve supplemental written responses to Veoh's Request for Production of Documents, Set One ("Requests"), stating whether documents are being withheld on the basis of an objection other than privilege and if so, identifying the objection and describing in general terms what the documents being withheld consist of. (Declaration of Rebecca Lawlor Calkins ("Calkins Decl.") ¶ 11 and Exh. 10, (Order), p. 2).

This *ex parte* application is brought on the grounds that UMG has failed and refused to comply with this Court's Order to produce documents previously ordered produced in *Grouper* and *MySpace*, and failed to serve supplemental written responses to Veoh's Requests – discovery which is critical to Veoh's preparation of its defense.[2] While UMG would apparently drag this Court, and now Veoh, through the same contentious discovery disputes again in a continued attempt to avoid producing the documents and information at issue, Veoh urges this Court to order UMG to comply

---

[1] *UMG Recordings, Inc., et al. v. MySpace, Inc.*, CV 06-07361 ("*MySpace*") and *UMG Recordings, Inc., et al., v. Grouper Networks, Inc., et al.*, CV 06-06561 ("*Grouper*").
[2] The previous orders in Grouper and MySpace, on which the present Order relies, were issued only after multiple lengthy and contested discovery disputes in which UMG fought vigorously to avoid producing the documents which are the subject of the Order.

1

**VEOH NETWORKS, INC.'S *EX PARTE* APPLICATION FOR ORDER COMPELLING PLAINTIFFS' COMPLIANCE WITH PRIOR COURT ORDER FOR SUPPLEMENTAL RESPONSES AND FURTHER PRODUCTION OF DOCUMENTS FROM PLAINTIFFS UMG RECORDINGS, INC., ET AL.**
**Case No. CV 07 5744 – AHM (AJWx)**

with the Order and avoid the wasteful exercise of re-briefing, re-arguing, and re-ordering disputes which have already been extensively briefed, argued, considered, and ruled upon, by this Court, in some cases, multiple times.

*Ex parte* relief is necessary to permit Veoh to obtain discovery and adequately prepare its defense. Veoh has waited for documents and proper written responses long enough. On August 25, 2008, compliance was ordered by September 30, 2008. Veoh must obtain the documents and responses from UMG now in order to be able to sufficiently review the documents and information, identify additional necessary discovery arising therefrom, identify additional deponents and schedule and complete depositions, all before the January 12, 2009 discovery cut-off. UMG's attempts to run the clock on Veoh's discovery efforts and frustrate Veoh's ability to timely and effectively prepare its case are improper and at odds with UMG's discovery obligations under the Federal Rules.

When it became clear that UMG had not served, by mail or otherwise, the supplemental written responses or all documents of the type previously ordered in Grouper and MySpace, Veoh promptly notified UMG of its concerns. In an effort to resolve the matter informally, Veoh sent a letter, requesting that UMG comply with the Order by October 13. UMG refused. (Calkins Decl. ¶ 2-3 and Exhs. 1-2).

The names, addresses, and telephone numbers of UMG's counsel are as follows:

Steven A. Marenberg
Elliot Brown
Brian Ledahl
Benjamin Glatstein
IRELL & MANELLA LLP
1800 Avenue of the Stars, Ste. 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
Email: smarenberg@irell.com
Email: ebrown@irell.com
Email: bledahl@irell.com
Email: bglatstein@irell.com

Counsel for UMG received notice on October 10 that Veoh would file this *ex parte* application if UMG did not comply with this Court's Order by October 13. (Calkins Decl. ¶ 2 and Exh.1). Counsel for UMG indicated that UMG would oppose this *ex parte* application. (*Id.* at ¶ 3 and Exh. 2).

## I. INTRODUCTION

On August 25, 2008, this Court ordered UMG to, by September 30:

- Produce the categories of documents "which the Court previously ordered UMG to produce" in *Grouper* and *MySpace*, which include:
  - documents relating to Plaintiffs' viral marketing;
  - documents relating to financial information, including UMG's revenues, profitability of the allegedly infringing works, the value of copyrighted works and UMG's alleged lost revenues or lost profits; and
- Serve supplemental responses to Veoh's Requests, stating whether documents are being withheld on the basis of an objection other than privilege and if so, identify the objection, and describe in general terms what the documents being withheld consist of.

To date, Plaintiffs have failed to serve supplemental responses as ordered by the Court. On September 30, UMG produced a meager 1,008 additional pages of documents consisting mainly of articles, cover emails, and other documents of a very general nature.

3

**VEOH NETWORKS, INC.'S *EX PARTE* APPLICATION FOR ORDER COMPELLING PLAINTIFFS' COMPLIANCE WITH PRIOR COURT ORDER FOR SUPPLEMENTAL RESPONSES AND FURTHER PRODUCTION OF DOCUMENTS FROM PLAINTIFFS UMG RECORDINGS, INC., ET AL.**
**Case No. CV 07 5744 – AHM (AJWx)**

## II. EX PARTE RELIEF IS NECESSARY

### A. The Documents Sought by Veoh Are Vital to the Preparation of Its Case

Veoh has been seeking essential documents from UMG, including those ordered by this Court on August 25, for eight months. On August 25, Plaintiffs were ordered by this Court to produce the categories of documents at issue in *MySpace* and *Grouper*. In those prior actions, Plaintiffs raised the same arguments and objections relating to vagueness, relevance, and overbreadth as Plaintiffs raise here. Plaintiffs' arguments were fully briefed and argued in the prior cases, sometimes more than once. Because *MySpace* and *Grouper* settled before the date for UMG's compliance however, UMG never complied with certain of this Court's orders including those ordering UMG to produce documents relating to its viral marketing activities and financial documents "potentially vital" to Veoh's ability to defend against UMG's damages claims.[3]

### B. The January 12, 2009 Discovery Cutoff and the August 25, 2008 Hearing and Order

At the August 25, 2008 hearing on the parties' discovery motions, the Court expressed concern about the tight discovery schedule and the looming discovery cut-off:

> The Court: Well, my concern is that we have a discovery cutoff. We'd like to be able to keep to that schedule. I anticipate the possibility that there could be more issues about what was or wasn't produced after the productions are complete. And we really need to get that going.

---

[3] On April 4, 2008 (eight days after this Court's March 27, 2008 Order), UMG and MySpace filed a Stipulation to Dismiss Case (Docket No. 275). By promptly settling UMG avoided compliance with the Court's discovery orders. Grouper settled shortly thereafter.

4

(Calkins Decl. ¶ 4 and Exh. 3; August 25, 2008 Hearing Transcript [Aug. 25 Tr.], 40:20-24).

Plaintiffs' counsel also expressed concern about the fast-approaching cutoff:

> My concern is that we have a January discovery cutoff. After November 15 we hit Thanksgiving, the holidays, et cetera. Getting all these depositions done in a reasonable time becomes very difficult. (*Id.;* Aug. 25 Tr. 48:11-14).

The Court then instructed counsel for the parties:

> I have a request from both of you. And that is some of these issues, particularly ones addressed in Veoh's motion, which has been denied without prejudice, but also some of the ones in UMG's motion are issues that I addressed before, either in a hearing or in orders in the previous UMG cases. (*Id.;* Aug. 25 Tr. 56:3-8).

\* \* \* \* \*

> For UMG's guidance, even though I've denied Veoh's motion to compel, I'm likely to make every effort to decide consistently in this case as I did in the previous cases. So, you should probably *go ahead and do what I ordered you to do previously.* If you don't, I'm going to be looking for a very, very good reason why this case is so different that you didn't do that. (*Id.,* Aug. 25 Tr. 56:3-8, 18-25) (Emphasis added).

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

The Court later emphasized that it expected UMG to "do as to issues in dispute on Veoh's motion essentially what I had ordered them to do in the previous cases." (*Id.,* Aug. 25, Tr. 55:21-23). Notably, the Court also suggested that if there was an inability to resolve discovery issues, to "let my clerk know, and that's probably something we could address on an expedited basis." (*Id.,* Aug. 25 Tr. 58:15-16).

Veoh seeks such expedited basis here, for the good cause set forth above.[4]

## III. PROCEDURAL SUMMARY

On August 25, the Court instructed UMG to look to its prior orders in *MySpace* and *Grouper* and include those documents in UMG's core production to Veoh by September 30. Those prior orders specifically addressed documents relating to Plaintiffs' viral marketing as well as financial documents deemed "potentially vital" by this Court to a defendant's (like Veoh) ability to properly defend against UMG's damages claims. (Calkins Decl. ¶ 5 and Exh. 4, March 17, 2008 Order, (Dkt. 260 in MySpace)). Veoh requested such documents and needs them in order to obtain important facts and information critical to conducting, and streamlining, future discovery.

UMG has long hidden behind its recycled, late, 1.4 million page production, chock full of duplicative and irrelevant documents, as a "cure-all" for UMG's widespread discovery failures.[5] That production was already found to be deficient in both *MySpace* and *Grouper*, yet UMG asks this Court to ignore its own prior findings and conclusions, and suddenly find the production sufficient. Judicial economy would not be served if discovery disputes that were already vigorously fought and

---

[4] Veoh's present *ex parte* does not encompass all of UMG's widespread discovery failures, production deficiencies, and deposition issues. Veoh anticipates filing one or more additional motions to compel to address such issues. Additionally, Veoh anticipates filing one or more motions regarding obtaining documents relating to Plaintiffs' chain of title and ownership of copyright. Veoh will address these additional discovery issues and concerns in forthcoming motions.

[5] UMG admitted that it merely re-produced the documents already produced in MySpace and Grouper (*See* Joint Stipulation re Veoh's Motion to Compel Further Responses and For Production of Documents, p. 83, lines 6-8 (Docket No. 81)).

**VEOH NETWORKS, INC.'S *EX PARTE* APPLICATION FOR ORDER COMPELLING PLAINTIFFS'
COMPLIANCE WITH PRIOR COURT ORDER FOR SUPPLEMENTAL RESPONSES AND FURTHER
PRODUCTION OF DOCUMENTS FROM PLAINTIFFS UMG RECORDINGS, INC., ET AL.
Case No. CV 07 5744 – AHM (AJWx)**

extensively briefed, were re-briefed, re-argued, and re-ordered. UMG should be compelled to comply with the Order.

## IV. THIS COURT PREVIOUSLY ORDERED UMG TO PRODUCE DOCUMENTS RELATING TO PLAINTIFFS' VIRAL MARKETING

### A. This Court's November 8, 2007 Order, and UMG's Deficient Production, in *Grouper*

In its November 8, 2007 Order re Discovery Disputes in the *Grouper* matter (among others), the Court ordered UMG to produce documents and information relating to Plaintiffs' viral marketing. For example, the Court ordered UMG to: 1) confirm the division(s) within UMGD responsible for viral marketing; 2) identify which primary employees conduct its viral marketing activities; and 3) to produce all reports identifying which of UMG's works are marketed virally through UMGD. (November 8 Order, Calkins Decl. ¶ 6 and Exh. 5). UMG subsequently made a limited production relating to NetReach but it was subsequently discovered that UMG's viral marketing was also largely conducted through the efforts of interns and other employees whose files and records UMG had not searched. Because the defendant in that case (Grouper) expressed significant concern that UMG was intentionally omitting documents relating to specific viral marketing efforts, the Court then instructed UMG to expand its search, initially at least, by searching the files of interns and other employees for evidence of viral marketing.

While it appears likely that UMG never conducted an adequate search of files including interns' files as ordered to in *Grouper*, it is a near certainty that UMG has *not* conducted an adequate search here. Indeed, UMG's own custodian list supports that UMG's search was inadequate, as it does not identify a single intern as a custodian whose files were searched. (Plaintiffs' List of Custodians and Search Terms, Calkins Decl., ¶ 8 and Exh. 7).

7

### B. UMG's Failure to Comply with the November 8 Order, and Grouper's Motion to Enforce UMG's Compliance

Because Plaintiff failed to comply with the Court's November 8 Order and make a good faith production of the viral marketing documents and other discovery at issue, Grouper was forced to file another motion seeking Plaintiffs' compliance. (*See* Grouper Notice of Motion and Motion to Compel Viral Marketing Discovery and Request for Sanctions, Calkins Decl. ¶ 7 and Exh. 6). On April 22, 2008 at the hearing on *Grouper's* motion to compel UMG's compliance with the Court's November 8 Order, the Court again confirmed the relevance of documents and information relating to viral marketing, and rejected UMG's attempt to re-argue and expand its argument opposing such production. The Court agreed (with Grouper), that if UMG's viral marketing efforts included leaking free links (e.g., through social networking sites) to the same recordings for which UMG was claiming millions of dollars in damages, that would provide evidence that UMG has not actually been damaged. The Court noted that regardless of UMG's election of statutory damages, evidence that UMG did not lose any profits because it was already permitting the same recordings to be freely viewed on the internet, would be "a factor" for the court to consider in determining the amount of statutory damages to award."

### C. UMG Should Be Ordered To Comply With This Court's August 25, 2008 Order and Conduct a Diligent Search for Documents Relating to Viral Marketing

As shown above, UMG's own custodian list reflects a deficient search, as it does not identify a single intern as a custodian whose files were searched (although the deficiencies are not limited to this failure)[6]. (Plaintiffs' List of Custodians and Search Terms, Calkins Decl., ¶ 8 and Exh. 7).

---

[6] Any search must include, at a minimum, the files of all relevant interns, former interns, and other employees within UMG's control who are responsible for the viral marketing of those artists' works that UMG alleges have been infringed in this action.

8

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

Despite having repeatedly forced motions to compel on this subject by its conduct, and despite having repeatedly lost on the issue before this Court, UMG still refuses to produce documents and feigns confusion, maintaining that the term "viral marketing" is too vague and ambiguous to permit a response. (*See e.g*. UMG's Response to Veoh's Requests Nos. 202-203, 206-207, Calkins Decl. ¶ 9 and Exh. 8). UMG should be ordered to produce all documents relating to viral marketing as previously and repeatedly ordered by this Court in connection with previous motions to compel, and motions to enforce UMG's compliance.

## V. THIS COURT PREVIOUSLY ORDERED UMG TO PRODUCE FINANCIAL DOCUMENTS

### A. The Court Ordered UMG to Produce Documents Reflecting The Profitability of the Allegedly Infringed Works Including the Value of Copyrighted Works and UMG's Lost Revenues or Lost Profits

Despite the Court's previous orders in *MySpace* and *Grouper*, and the August 25 Order in this case, UMG's continued refusal to provide financial documents and information reflecting the profitability of the allegedly infringed works is not only clear from a review of Plaintiffs' voluminous (low quality production), but is also evidenced in Plaintiffs' written refusal to produce documents sufficient to permit Veoh to identify Plaintiffs' profits, revenues, expenses relating to copyrighted works claimed by Plaintiffs. (*See, e.g.,* Plaintiffs' Responses Nos. 34-36 to Veoh's Requests, Set One, refusing to produce documents relating to Plaintiffs' profits, revenues, expenses relating to copyrighted works claimed by Plaintiffs. (Calkins Dec., ¶ 9 and Exh. 8). That these documents were among those ordered produced by this Court previously, and on September 30, is clear.

### B. This Court's Determination that Documents Evidencing Plaintiffs' Lost Revenues or Profits Are Potentially "Vital" to Defendant's Case

On March 17, 2008, after extensive briefing on the issue in *MySpace*, this

9

Court rejected UMG's ongoing effort to withhold relevant financial documents, ordering it to produce documents relating to the revenues, profits, and value of the allegedly infringed works. This Court stated in no uncertain terms that documents evidencing Plaintiffs' revenues and profits were not only relevant, they were likely *"vital,"* noting:

> "evidence of the value of the copyrighted works and UMG's lost revenues or lost profits, if any, is potentially *vital* to MySpace's ability to properly defend itself against UMG's damages claims."

(*MySpace* March 17, 2008 Order, Dkt. #260, Calkins Decl. ¶ 5 and Exh. 4).

Indeed, the relevance of financial documents and information to a claim for statutory or actual damages has been repeatedly recognized by this and other courts. This Court previously rejected the notion that once a party elects statutory damages it is thereafter absolved from any responsibility for actually showing a relationship between the amount of damages sought and the amount of damages purportedly suffered. The Court correctly concluded that even if Plaintiffs ultimately did seek statutory damages instead of actual damages, "[a] district court has wide discretion in awarding statutory damages for copyright infringement and is constrained only by the specified maxima and minima." *Peer Int'l Corp. v. Pausa Records, Inc*., 909 F.2d 1332, 1336 (9th Cir. 1990), cert denied, 498 U.S. 1109 (1991), and that statutory damages still must "bear some relationship to actual damages suffered." *Van Der Zee v. Greenidge*, 2006 WL 44020, *2 (S.D.N.Y. 2006). The Court noted that revenues lost by the plaintiffs [and] the value of the copyright" were factors courts could consider. *Van Der Zee*, *supra*, 2006 WL 44020, at *2; see 4 *Nimmer on Copyright* § 14.04 [B][1][a] (2005) ("the determination of statutory damages within the applicable limits may turn upon such factors as … the revenues lost by the plaintiffs as a result of

10

**VEOH NETWORKS, INC.'S *EX PARTE* APPLICATION FOR ORDER COMPELLING PLAINTIFFS' COMPLIANCE WITH PRIOR COURT ORDER FOR SUPPLEMENTAL RESPONSES AND FURTHER PRODUCTION OF DOCUMENTS FROM PLAINTIFFS UMG RECORDINGS, INC., ET AL.**
**Case No. CV 07 5744 – AHM (AJWx)**

the defendant's conduct and the infringers' state of mind – whether willful, knowing or innocent.").

In the March 27, 2008 Order on MySpace's Motion to Compel, the Court again ordered UMG to produce documents responsive to requests relating to UMG's revenues, profits, and value of content. (Calkins Decl. ¶ 10 and Exh. 9 (3/27/08 Order).)

UMG has been ordered to produce documents reflecting financial information fundamental to this case on multiple previous occasions. UMG argued, and lost on that issue each time. The financial information sought is undeniably relevant, was ordered in the *MySpace* and *Grouper/Crackle* actions, and should be produced by UMG here.

### C. The Court Ordered UMG to Produce Documents Evidencing the Promotional Value of Various Websites

Documents evidencing the promotional value of websites are closely related to, and in some cases, overlap, documents relating to various types of financial information. During the November 5, 2007 hearing on this issue, the Court rejected UMG's characterization of documents and information related to the promotional value, profits, revenues, and other damages-related information as "irrelevant" given UMG's election of statutory damages. The Court responded:

> We're not arguing the merits here . . . we're trying to
> provide each side with the information they need to make
> the best arguments they can. And which one prevails will be
> decided by a different authority.

(*See* Declaration of Erin Ranahan in support of Veoh's Summary of Prior Orders in *MySpace/Grouper* Actions Relevant to Current Discovery Disputes ("Ranahan Decl."), Exh. B at p. 139:7-13 (11/5/07 Transcript).) (Docket # 110).

The Court has acted consistently with its analysis in MySpace, when it ordered

11

1  UMG to produce documents responsive to seven of nine requests that MySpace
2  moved to compel relating to the promotional value of various websites. (March 27
3  Order, Calkins Dec. ¶ 10 and Exh. 9). Plaintiffs however, flatly refuse to produce
4  documents that would evidence the promotional value of various websites. (*See e.g.*
5  Plaintiffs' Responses to Veoh's Requests Nos. 37, 52, 96, Calkins Dec. ¶ 9 and Exh.
6  8).

## VI. UMG CONTINUES TO REFUSE TO SERVE SUPPLEMENTAL WRITTEN RESPONSES

UMG continues to refuse to provide supplemental written responses ordered by this Court. Without the supplemental responses, it is impossible for Veoh to determine the scope of documents being withheld by UMG given that UMG's responses are currently drafted so as to obfuscate entirely the scope of documents withheld. (*See e.g.* Plaintiffs' Responses to Veoh's Requests, Calkins Dec. ¶ 9 and Exh. 8).

Veoh cannot be left to guess where UMG has chosen noncompliance. UMG must comply with the Order.

## VII. CONCLUSION

UMG's latest abdication of its discovery obligations is part of UMG's ongoing effort to deny Veoh documents and information critical to the preparation of its defense and run the clock on discovery deadlines. Indeed, UMG's refusal to comply with this Court's Order is simply another example of UMG's discovery stonewalling, which also includes UMG's: 1) refusal to provide any 30(b)(6) witness on any topic;[7] 2) refusal to produce additionally noticed witnesses for depositions (witnesses that UMG itself identified in multiple submissions and correspondence, including on custodian lists, in Initial Disclosures, and even in an Interrogatory response as a

---

[7] Veoh promptly produced a 30(b)(6) witness for UMG when UMG noticed that deposition. UMG took Veoh's 30(b)(6) deposition in July 2008.

person with the "most knowledge" the facts and allegations at the heart of UMG's claims); and 3) refusal to respond properly to, or even verify, interrogatories. Veoh requests that this Court Order UMG to comply immediately so that discovery may move forward.

Dated: October 17, 2008

**WINSTON & STRAWN LLP**

By   /s/ Rebecca Lawlor Calkins
    Michael S. Elkin
    Thomas P. Lane
    Jennifer A. Golinveaux
    Rebecca L. Calkins
    Erin R. Ranahan
    Attorneys for Defendant
    VEOH NETWORKS, INC.