Rebecca Lawlor Calkins (SBN: 195593)
Email: rcalkins@winston.com
Erin R. Ranahan (SBN: 235286)
Email: eranahan@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: 213-615-1700
Facsimile: 213-615-1750

Jennifer A. Golinveaux (SBN 203056)
Email: jgolinveaux@winston.com
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
(415) 591-1506 (Telephone)
(415) 591-1400 (Facsimile)

Michael S. Elkin (*pro hac vice*)
Email: melkin@winston.com
Thomas P. Lane (*pro hac vice*)
Email: tlane@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166
(212) 294-6700 (Telephone)
(212) 294-4700 (Facsimile)

Attorneys for Defendant
VEOH NETWORKS, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> VEOH NETWORKS, INC. *et al.*, <br><br> Defendants. | **Case No. CV 07 5744 – AHM (AJWx)** <br><br> Discovery Matter <br><br> **DECLARATION OF REBECCA LAWLOR CALKINS IN SUPPORT OF VEOH NETWORKS, INC.'S *EX PARTE* APPLICATION FOR AN ORDER COMPELLING PLAINTIFFS' COMPLIANCE WITH PRIOR COURT ORDER TO PROVIDE SUPPLEMENTAL RESPONSES AND PRODUCTION OF DOCUMENTS** <br><br> Discovery Cut-Off:   January 12, 2009 |

LA:225964.1                                              1

**DECLARATION OF REBECCA LAWLOR CALKINS IN SUPPORT OF VEOH'S *EX PARTE* APPLICATION**
**Case No. CV 07 5744 – AHM (AJWx)**

# DECLARATION OF REBECCA LAWLOR CALKINS

I, Rebecca Lawlor Calkins, declare as follows:

1. I am an attorney at the law firm of Winston & Strawn LLP, attorneys for Defendant Veoh Networks, Inc. ("Veoh") in this matter. I am licensed to practice before the Courts of the State of California and this United States District Court. I have personal knowledge of the matters set forth herein, and if called as a witness, could and would competently testify thereto.

2. When it became clear that UMG had not served, by mail or otherwise, the supplemental written responses or all documents of the type previously ordered in Grouper and MySpace, Veoh promptly notified UMG of its concerns. In an effort to resolve the matter informally, Veoh sent a letter, requesting that UMG comply with the Order by October 13. UMG refused. Counsel for UMG received notice on October 10 that Veoh would file this *ex parte* application if UMG did not comply with this Court's Order by October 13. Attached hereto as Exhibit 1 is a true and correct copy of this October 10 letter.

3. On October 13, Counsel for UMG indicated that UMG would oppose this *ex parte* application. Attached hereto as Exhibit 2 is a true and correct of UMG's October 13 letter. I called UMG counsel Brian Ledahl and Benjamin Glastein on October 15 in an attempt to follow up on my meet and confer and notice letter sent October 10, 2008. I left a voicemail for each Mr. Ledahl and Mr. Glatstein asking for a return call. I did not receive a return call from either Mr. Ledahl or Mr. Glatstein on October 15.

I again attempted to reach Mr. Ledahl by telephone the morning of October 16 in an attempt to further meet and confer. I got Mr. Ledahl's voicemail and left a message asking for a return call as soon as possible. When I did not hear back from Mr. Ledahl by midday, I telephoned him again and left another voicemail asking for a return call. I did not hear back from Mr. Ledahl on October 16 either.

Mr. Glatstein returned my call on October 16. During our telephone conversation, I discussed Plaintiffs' counsel's October 13 letter responding to my October 10 meet and confer and notice letter. I explained to Mr. Glatstein that I wanted to discuss whether there was a possibility that Plaintiffs' counsel would consider complying with the Court's August 25 Order, as requested in my October 10 letter. Mr. Glatstein said he was aware of the letters but did not have them in front of him at the time. Mr. Glatstein stated he would find out if Plaintiffs' position had changed from the position stated in Plaintiffs' counsel's October 13 letter and let me know. I told Mr. Glatstein that if that was the case he should let me know right away. Mr. Glatstein agreed.

On October 17 shortly after 1:00 p.m. I received a voicemail from Mr. Ledahl. He stated he had Mr. Glatstein with him. Mr. Ledahl stated that he wanted to discuss certain of Plaintiffs' discovery issues raised in letters sent by Mr. Ledahl on October 16. He did not respond to my request to Mr. Glatstein the day prior, nor did he gave any indication that Plaintiffs would consider complying with the Court's August 25 Order as requested in my letter and during my call with Mr. Glatstein. Mr. Ledahl then stated he would be unavailable for the rest of the day and not available again until Tuesday to speak. Neither Mr. Ledahl nor Mr. Glatstein responded to my inquiry regarding compliance with the Court's Order.

4. Attached hereto as Exhibit 3 is a true and correct copy of the relevant portions of transcript from the August 25, 2008 hearing.

5. This Court's March 17, 2008 Order in the MySpace action specifically addressed documents relating to Plaintiffs' viral marketing as well as financial documents deemed "potentially vital" by this Court to a defendant's (like Veoh) ability to properly defend against UMG's damages claims. On March 17, 2008, after extensive briefing on the issue in MySpace, this Court rejected UMG's ongoing efforts to withhold relevant financial documents, ordering it to produce documents relating to the revenues, profits, and value of the allegedly infringed works. This Court stated in

1  no uncertain terms that documents evidencing Plaintiffs' revenues and profits were not
2  only relevant, they were likely "vital," noting:

> evidence of the value of the copyrighted works and UMG's lost revenues
> or lost profits, if any, is potentially vital to MySpace's ability to properly
> defend itself against UMG's damages claims.

Attached hereto as Exhibit 4 is a true and correct copy of this March 17, 2008 Order.

6. In its November 8, 2007 Order re Discovery Disputes in the Grouper matter, the Court ordered UMG to produce documents and information relating to Plaintiffs' viral marketing. For example, the Court ordered UMG to: 1) confirm the division(s) within UMGD responsible for viral marketing; 2) identify which primary employees conduct its viral marketing activities; and 3) to produce all reports identifying which of UMG's works are marketed virally through UMGD. Attached hereto as Exhibit 5 is a true and correct copy of this November 8, 2007 Order.

7. Attached hereto as Exhibit 6 is a true and correct copy of Grouper's Notice of Motion and Motion for Sanctions against UMG.

8. UMG's own custodian list reflects a deficient search, as it does not identify a single intern as a custodian whose files were searched. Attached hereto as Exhibit 7 is a true and correct copy of UMG's list of custodians and search.

9. Despite having repeatedly forced motions to compel on this subject by its conduct, and despite having repeatedly lost on the issue before this Court, UMG still refuses to produce documents and feigns confusion, maintaining that the term "viral marketing" is too vague and ambiguous to permit a response. Attached hereto as Exhibit 8 is a true and correct copy of the relevant responses contained in UMG's response to Veoh's first set of requests for production.

10. In the March 27, 2008 Order on MySpace's Motion to Compel, the Court again ordered UMG to produce documents responsive to requests relating to UMG's revenues, profits, and value of content. ordered UMG to produce documents

LA:225964.1                      4
**DECLARATION OF REBECCA LAWLOR CALKINS IN SUPPORT OF VEOH'S *EX PARTE* APPLICATION**
**Case No. CV 07 5744 – AHM (AJWx)**

responsive to seven of nine requests that MySpace moved to compel relating to the promotional value of various websites. Attached hereto as Exhibit 9 is a true and correct copy of this March 27, 2008 Order.

11. Attached hereto as Exhibit 10 is the Court's August 25, 2008 Order.

I declare under penalty of perjury under the laws of the United States of America, the foregoing is true and correct. Executed on October 17, 2008, in Los Angeles, California.

/s/ Rebecca Lawlor Calkins

LA:225964.1

5

**DECLARATION OF REBECCA LAWLOR CALKINS IN SUPPORT OF VEOH'S *EX PARTE* APPLICATION**
**Case No. CV 07 5744 – AHM (AJWx)**