Steven A. Marenberg (101033) (smarenberg@irell.com)
Elliot Brown (150802) (ebrown@irell.com)
Brian D. Ledahl (186579) (bledahl@irell.com)
Benjamin Glatstein (242034) (bglatstein@irell.com)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, <br><br>Plaintiffs, <br><br>v. <br><br>VEOH NETWORKS, INC., *et al.*, <br><br>Defendant. | Case No. CV-07-05744 AHM (AJWx) <br><br>**DECLARATION OF BRIAN LEDAHL IN SUPPORT OF UMG'S OPPOSITION TO VEOH'S *EX PARTE* APPLICATION REGARDING DISCOVERY** <br><br>**Filed concurrently herewith:** <br><br>UMG's Opposition to Veoh's *Ex Parte* Application Regarding Discovery <br><br>Magistrate: Hon. Andrew Wistrich <br><br>Date: TBD <br>Time: TBD <br>Ctrm: 690 <br><br>Discovery Cutoff: January 12, 2009 <br>Pretrial Conference: April 6, 2009 <br>Trial Date: April 21, 2009 |

DECLARATION OF BRIAN LEDAHL IN SUPPORT OF
UMG'S OPPOSITION TO VEOH'S *EX PARTE*
APPLICATION REGARDING DISCOVERY

1950587

# DECLARATION OF BRIAN LEDAHL

I, Brian D. Ledahl, declare as follows:

1. I am an attorney at the law firm of Irell & Manella LLP, counsel of record for plaintiff UMG Recordings, Inc. and other affiliated UMG entities ("UMG") in this case. I am a member in good standing of the State Bar of California and have been admitted to practice before this Court. This declaration is submitted in support of UMG's Opposition to Veoh's *Ex Parte* Application Regarding Discovery. I have personal knowledge of the facts set forth below and if called as a witness, I could and would testify to these same facts under oath.

2. In addition to the documents produced by UMG in the *MySpace* and *Grouper* litigations, UMG has also searched the files of five additional custodians:

- John Bartelson, Vice President, New Media Marketing, Def Jam;
- Steve Berman, President, Sales & Marketing, IGA;
- Andrew Mains, Director, New Media, Interscope;
- David Spingarn, Vice President, New Ventures & Strategic Investments, IGA; and
- Jordan Walker, Artist Development Coordinator, Universal Motown/Universal Republic.

UMG also re-searched the files of all its custodians with various additional search terms:

- ((DMCA OR "digital mill*") AND (notice* OR violat* OR infring* OR demand* OR request* OR claim* OR "take down" OR remov* OR pull*) AND (copyright*) AND ("AIMPages.com" OR "Bebo.com" OR "BlackPlanet.com" OR "Bolt.com" OR "Break.com" OR "Broadcaster.com" OR "Classmates.com" OR "cyworld.com" OR "dailymotion.com" OR "facebook.com" OR "flickr.com" OR "friendster.com" OR "grouper.com" OR "hi5.com" OR "ilike.com" OR "imeem.com" OR "last.fm" OR "linkedin.com" OR "livejournal.com"

OR "mog.com" OR "mystrands.com" OR "orkut.com" OR
"photobucket.com" OR "piczo.com" OR "reunion.com" OR
"revver.com" OR "rockyou.com" OR "secondlife.com" OR
"sixdegrees.com" OR "slide.com" OR "tagworld.com" OR "windows
live spaces" OR "spaces.live.com" OR "xanga.com" OR "yahoo!360"
OR "youtube.com"))
- gracenote OR "grace note"
- notice AND "take down"
- Veoh*

3. UMG and Grouper filed a stipulation to make additional productions, which was entered by the Court on November 8, 2007. UMG produced the materials called for by this stipulated order in the *MySpace* and *Grouper* matters, and has produced such documents to Veoh in this case as well.

4. UMG has searched its custodians' files for documents containing the terms Bolt*, Grouper*, MySpace*, Veoh*, and YouTube*. UMG has produced responsive documents identified by these and other searches, including any documents captured by these searches addressing the "promotional value" of websites offering "video sharing" capabilities.

5. UMG has produced extensive documents about its finances, including documents regarding UMG's quarterly profits and losses, revenues from digital downloads, revenues from video streaming, and revenues by licensing partner. UMG has also produced over 50 license agreements, including agreements for video streaming, which include the financial terms that determine UMG's revenues from video streaming.

6. When Veoh first produced a spreadsheet to UMG containing a list of links to the Flash format versions of its videos, the information Veoh provided regarding how to access these videos was inaccurate. Veoh only provided workable

1  access to these videos after I contacted Veoh's counsel to note UMG's inability to
2  access videos in the manner identified by Veoh.

3      7.    Once UMG obtained access to these videos, and began its automated searches of Veoh's video files for UMG's videos, Jennifer Golinveaux, counsel for Veoh, wrote me to indicate that Veoh had unilaterally terminated UMG's access to Veoh's video files, purportedly because UMG's requests to access the video files were too frequent. Veoh demanded that UMG slow its database accesses to approximately one request per second.

    8.    The spreadsheet Veoh provided UMG containing data about Veoh's video files excluded the substantive data about videos returned by the Audible Magic filtering software. Ms. Golinveaux informed me that this data was excluded from the spreadsheet because Veoh stores the Audible Magic metadata in separate log files. Veoh only agreed to produce this material when UMG threatened motion practice.

    9.    When Veoh finally produced additional materials containing Audible Magic metadata, on October 14, 2008, Veoh only produced imaged printouts of the log files, not the electronic files themselves. Moreover, the printouts were missing much of the basic information provided by Audible Magic, including the song title and performing artist of works identified by the filter.

    10.    When I noted, in a letter to Ms. Golinveaux, that this information was missing from Veoh's production, Ms. Golinveaux acknowledged that Veoh has implemented a system that does not retain some of the data returned to it by Audible Magic about each video that matches a fingerprint in the Audible Magic database.

    11.    On October 17, 2008, UMG received a production of documents from Veoh, including Veoh's terms of use, "Frequently Asked Questions," financial presentations, valuations of Veoh, and other documents. Many of these documents bear Bates-stamps indicating that they were produced by Veoh in its *Io Group* litigation.

| | |
|---|---|
| 1 | 12. Attached hereto as Exhibit 1 is a true and correct copy of the relevant |
| 2 | portions of the transcript of the August 25, 2008 hearing before Judge Andrew J. |
| 3 | Wistrich. |
| 4 | 13. Attached hereto as Exhibit 2 is a true and correct copy of UMG |
| 5 | Recordings, Inc.'s Supplemental Response to Veoh Networks, Inc.'s Interrogatory |
| 6 | No. 18. |

Executed on October 21, 2008, at Los Angeles, California.

I declare under penalty of perjury that the foregoing is true and correct.

　　　　　　　　　　　　　　　　　　/s Brian D. Ledahl
　　　　　　　　　　　　　　　　　　　　Brian D. Ledahl