Rebecca Lawlor Calkins (SBN: 195593)
Email: rcalkins@winston.com
Erin R. Ranahan (SBN: 235286)
Email: eranahan@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: 213-615-1700
Facsimile: 213-615-1750

Jennifer A. Golinveaux (SBN 203056)
Email: jgolinveaux@winston.com
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
(415) 591-1506 (Telephone)
(415) 591-1400 (Facsimile)

Michael S. Elkin (*pro hac vice*)
Email: melkin@winston.com
Thomas P. Lane (*pro hac vice*)
Email: tlane@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166
(212) 294-6700 (Telephone)
(212) 294-4700 (Facsimile)

Attorneys for Defendant
VEOH NETWORKS, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, | Case No. CV 07 5744 – AHM (AJWx) |
| Plaintiffs, | Discovery Matter |
| vs. | **REPLY IN SUPPORT OF VEOH NETWORKS, INC.'S *EX PARTE* APPLICATION FOR AN ORDER COMPELLING PLAINTIFFS' COMPLIANCE WITH PRIOR COURT ORDER TO PROVIDE SUPPLEMENTAL RESPONSES AND PRODUCTION OF DOCUMENTS** |
| VEOH NETWORKS, INC. *et al.*, | |
| Defendants. | |
| | Discovery Cut-Off: January 12, 2009 |

LA:226313.1                                             1

**REPLY IN SUPPORT OF VEOH'S EX PARTE APPLICATION FOR ORDER COMPELLING PLAINTIFFS' COMPLIANCE WITH PRIOR COURT ORDER**
**Case No. CV 07 5744 – AHM (AJWx)**

Dockets.Justia.com

## I. INTRODUCTION

Plaintiffs' ("Plaintiffs" or "UMG") recycled "core" production is undeniably deficient, just as it was in *MySpace* and *Grouper*.[1] Indeed, this Court need look no further than Plaintiffs' written responses for proof of Plaintiffs' outright refusals to produce documents responsive to categories previously ordered by this Court. (*See, e.g.* UMG's Responses to Veoh's Requests Nos. 34-37, 52, 96, 202-203, 206-207).[2] Plaintiffs must not be permitted to hide behind their high page count, low quality production, any longer. Discovery must proceed and Plaintiffs' stall tactics and attempts to distract with finger-pointing must not be indulged.

## II. PLAINTIFFS FAILURES, INCLUDING THE FAILURE TO PRODUCE DOCUMENTS PREVIOUSLY ORDERED BY THE COURT IN *MYSPACE* AND *GROUPER*, ARE CLEAR

Even Plaintiffs cannot deny their failure to comply with orders relating to multiple discovery disputes previously briefed, argued, and ruled upon by this Court. Specifically, Plaintiffs admit (or do not deny) in their Opposition (UMG's Opposition to Veoh's *Ex Parte* Application ["Opp."]) that they:[3]

- Failed to produce documents reflecting the profitability of the allegedly infringed works, including the value of copyrighted works and UMG's lost revenues and profits (Opp, p. 1, lines 19-20, p. 6, lines 6-14);

---

[1] Plaintiffs' own discovery, while voluminous, is filled with a morass of irrelevant data produced in prior actions. In fact, throughout the 1.4 million pages of documents, Veoh is only mentioned ***a grand total of 300 times***. (Calkins Decl. ¶ 2). At the same time, the document count mentioning *MySpace* is 29,519, while the document count mentioning *Grouper* is 930. (*Id.*). On September 30, 2008, Plaintiffs produced just 1008 additional documents. (Calkins Decl. ¶ 3). These were largely articles and documents having nothing to do with the specific facts at issue in this case. Plaintiffs have yet to even identify a list of allegedly infringing works. (*Id.*)

[2] This is not an exhaustive list of Plaintiffs' refusals to produce documents in categories already ordered by this Court.

[3] This list is not exhaustive.

LA:226313.1

2

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90007-1543

- Failed to produce documents relating to viral marketing, including failing to even search for documents relating to viral marketing in the files of the persons primarily responsible for viral marketing activities., *i.e.* interns (Opp. p. 5, lines 14-15);
- Failed to produce documents identifying the works purportedly infringed by Veoh (Opp., p. 1, lines 19-20, p. 6, lines 6-14);
- Failed to serve supplemental written responses as ordered in this Court's August 25, 2008 Order ("Order").

In a desperate attempt to excuse at least some of their discovery failures, UMG actually tries to convince this Court that its November 8, 2007 Order, entitled "Order Re: Discovery Disputes," and beginning with "IT IS ORDERED," (emphasis in original) is not really an order at all, and therefore, UMG could not have been expected to comply in the first place, much less in connection with the Order. This stunning misrepresentation of the Court's November 8 Order is easily remedied by a simple review of the November 8 Order. Veoh therefore respectfully requests that the Court review the November 8, 2007 Order and draw its own conclusion. (*See* Calkins Decl. ¶ 6 and Exh. 5 in Support of Veoh's Ex Parte Application for Order Compelling Compliance with Prior Court Order [Docket No. 82 in *Grouper*]).

### III. PLAINTIFFS' FAILURE TO SERVE SUPPLEMENTAL RESPONSES IN ACCORDANCE WITH THE COURT'S ORDER, IS CLEAR

In an attempt to excuse its failure to comply with its obligation to serve supplemental responses to Veoh's Requests as set forth in the Order, UMG feigns confusion over the reading of the Order, despite the fact that the Order could not be clearer. The Court ordered the parties to serve supplemental responses to document requests and state whether documents are being withheld on the basis of an objection other than privilege and if so, identify the objection, and describe in general terms

LA:226313.1     3
**REPLY IN SUPPORT OF VEOH'S EX PARTE APPLICATION FOR ORDER COMPELLING PLAINTIFFS' COMPLIANCE WITH PRIOR COURT ORDER**
Case No. CV 07 5744 – AHM (AJWx)

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90007-1543

what the documents being withheld consist of. (August 25 Order). UMG failed to do so.

Instead, UMG now disingenuously claims that it "understood" the Order to actually refer to supplemental *interrogatory* responses, and that "*any*" such supplemental interrogatory responses should be served by the deadline. (Opp. p. 8, lines 10-13). Setting aside for the moment that UMG's purported "understanding" is implausible to the point of being absurd, Veoh needs the supplemental responses ordered by the Court immediately in order to determine the categories in which UMG is withholding documents, the basis for such withholding, and the scope of documents withheld, so that it may pursue additional relief and discovery where appropriate, before the January 12, 2009 discovery cutoff. Indeed, with the exception of the Requests to which UMG has flatly refused to produce any documents, UMG's current Responses conceal entirely the universe of documents being withheld and the basis for such withholding.

## IV. <u>UMG SHOULD BE ORDERED TO COMPLY WITH THE COURT'S ORDER IMMEDIATELY</u>

Plaintiffs' stall tactics and attempts to deny Veoh critical discovery while running the clock on the discovery cutoff, continue. Feigned confusion, outright disregard for this Court's Orders, and failure to comply with discovery obligations under the Federal Rules must not be countenanced. Plaintiffs should be ordered to comply with the Court's Order immediately.

Dated: October 22, 2008      **WINSTON & STRAWN LLP**

By    /s/ Rebecca Lawlor Calkins
       Michael S. Elkin
       Thomas P. Lane
       Jennifer A. Golinveaux
       Rebecca L. Calkins
       Erin R. Ranahan
       Attorneys for Defendant

LA:226313.1      4

VEOH NETWORKS, INC.

LA:226313.1

5

**REPLY IN SUPPORT OF VEOH'S EX PARTE APPLICATION FOR ORDER COMPELLING PLAINTIFFS'
COMPLIANCE WITH PRIOR COURT ORDER**
**Case No. CV 07 5744 – AHM (AJWx)**