Robert G. Badal (Bar No. 81313)
Robert.Badal@WilmerHale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Telephone: +1 (213) 443-5300
Facsimile: +1 (213) 443-5400

Annette L. Hurst (Bar No. 148738)
ahurst@orrick.com
ORRICK HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
Telephone: +1 (415) 773-5700
Facsimile: +1 (415) 773-5759

Attorneys for Defendants
SHELTER CAPITAL PARTNERS, LLC and
SHELTER VENTURE FUND, L.P.

[OTHER COUNSEL LISTED ON SIGNATURE PAGES]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS INC. et al., <br><br> Plaintiffs, <br><br> v. <br><br> VEOH NETWORKS, INC. et al., <br><br> Defendants. | Case No. CV07-5744 AHM (AJWx) <br><br> **DECLARATION OF ROBERT G. BADAL IN SUPPORT OF REPLY TO INVESTOR DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT** <br><br> [Fed. R. Civ. P. 12(b)(6)] <br><br> Date: November 10, 2008 <br> Time: 10:00 a.m. <br> Trial Date: April 21, 2009 <br><br> The Honorable A. Howard Matz |

I, Robert G. Badal, declare as follows:

1. I am an attorney at law duly licensed to practice before this Court and the courts of the State of California. I am a partner with the law firm of Wilmer, Cutler, Pickering, Hale, and Dorr LLP, counsel of record in this action for defendants Shelter Venture Fund, LP and Shelter Capital Partners, LLC (collectively, "Shelter"). I have personal knowledge of the facts set forth below, and, if called as a witness, I could and would competently testify thereto.

2. On October 23, 2008, I caused to be emailed a letter to Brian Ledahl, counsel for Plaintiffs UMG Recordings, Inc. et al. ("UMG") and Jennifer Golvineaux, counsel for Defendant Veoh Networks, Inc. My letter addressed certain outstanding discovery matters including a request for copies of all prior discovery and documents produced in this action. Attached hereto as Exhibit "A" is a true and correct copy of the email and my letter of October 23, 2008.

3. The following day, Mr. Ledahl emailed me a letter on October 24, 2008 refusing my request. Attached hereto as Exhibit "B" is a true and correct copy of Mr. Ledahl's email and letter of October 24, 2008.

4. On October 29, 2008, I emailed a second letter to Mr. Ledahl renewing my request for copies of discovery. Attached hereto as Exhibit "C" is a true and correct copy of my email and letter of October 31, 2008.

5. To date, I have not received a response from Mr. Ledahl to my second letter.

6. To the best of knowledge, UMG recently produced documents to Veoh on or about September 30, 2008. UMG has not provided Shelter as well as Defendants Spark Capital LLC, Spark Capital LLP and The Tornante Company, LLC with copies of these documents.

1

| | |
|---|---|
| 1 | I declare under the penalty of perjury under the laws of the United States of |
| 2 | America that the foregoing is true and correct. |
| 3 | Executed this 3rd day of November, 2008, at Los Angeles, California. |

                    */s/ Robert G. Badal*
                    ROBERT G. BADAL

# Exhibit A

October 23, 2008

**By E-mail**

Robert G. Badal

+1 213 443 5321 (t)
+1 213 443 5400 (f)
robert.badal@wilmerhale.com

Brian D. Ledahl, Esq
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276

Jennifer A. Golinveaux, Esq
Winston & Strawn LLP
101 California Street
San Francisco, California 94111

Re: *UMG Recordings, Inc et al v Veoh Networks, Inc et al*; Case No. CV 07 5744 AHM (AJWx)

Dear Brian and Jennifer:

I write on behalf of Shelter Capital Partners, LLC, Shelter Venture Fund, L P, Spark Capital LLC, Spark Capital, L P., and The Tornante Company, LLC (collectively, "Investor Defendants") to address outstanding discovery matters in the above captioned case.

On August 26, 2008, UMG filed its First Amended Complaint, naming the Investor Defendants as parties. The Investor Defendants have timely moved to dismiss that complaint as it relates to each of them and oral argument on the motion to dismiss will be heard on November 10, 2008. It is our view that until that motion is resolved, there should be no further third party or party deposition discovery in this matter. To the extent that UMG and Veoh proceed with depositions, including third party depositions, the Investor Defendants reserve the right to recall each of the witnesses in the event the motion to dismiss is denied.

Additionally, from the discovery motions that UMG and Veoh have filed, we understand that significant discovery has already taken place, including voluminous document productions. Nonetheless, with the exception of a few items served in the past couple of weeks, we have not received copies of the discovery requests, responses, deposition transcripts and document productions made to date. Obviously, to adequately prepare for any future discovery, we must be provided copies of *all* discovery served to date and a reasonable opportunity to review that discovery prior to any additional depositions.

Finally, with regard to the deposition of Time Warner presently scheduled for next week, the Investor Defendants were not served with reasonable notice of that deposition, were not given any opportunity to participate in a consensual setting of the deposition date particularly for an out-of-state deposition, and have not been supplied with copies of any documents produced in this action including those by Time Warner prior to the deposition. In light of these facts, please

confirm by the close of business tomorrow, that UMG and Veoh will take the deposition of Time Warner off calendar and refrain from scheduling any other deposition of Time Warner without first consulting with all defendants' counsel. Further, please confirm that in the interim, UMG and Veoh will promptly provide each of the Investor Defendants with copies of all discovery and discovery responses they have served or produced to date related to Time Warner specifically.

To the extent that UMG and Veoh insist on proceeding with depositions prior to resolution of the Investor Defendants' motion to dismiss and without providing the Investor Defendants with adequate notice, copies of existing discovery and an opportunity to review that discovery, we reserve the right to seek *ex parte* relief from the Court. If you would like to meet and confer regarding this issue, please let my co-counsel – Ms Hurst, Ms. Edelson and Ms. Vento – know when, on Friday, you are available for a teleconference.

Very truly yours,

*Robert G. Badal/mc*

Robert G. Badal

cc: Joseph Serino, Jr., Esq. (counsel for Time Warner)
William Bly, Esq (counsel for Audible Magic Corporation)
Annette Hurst, Esq.
Maria Vento, Esq
Alisa Edelson, Esq

| | |
|---|---|
| From: | Cassidy, Marie [Marie Cassidy@wilmerhale.com] |
| Sent: | Thursday, October 23, 2008 4:18 PM |
| To: | bledahl@irell.coml; JGolinveaux@winston.com |
| Cc: | ahurst@orrick.com; Alisa Edelson; jserino@kirkland.com; billbly@dwt.com; Vento, Maria |
| Subject: | UMG Recordings, Inc., et al. v. Veoh Networks, Inc., et al. |

Counsel:

Please see attached.

Marie Cassidy
Legal Secretary - Specialist
WilmerHale
1117 S California Avenue
Palo Alto, CA 94304 USA
+1 650 858 6115 (t)
+1 650 858 6100 (f)
marie.cassidy@wilmerhale.com
www.wilmerhale.com

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately -- by replying to this message or by sending an email to postmaster@wilmerhale.com -- and destroy all copies of this message and any attachments. Thank you

For more information about WilmerHale, please visit us at http://www.wilmerhale.com

Exhibit B

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE SUITE 400
NEWPORT BEACH CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS SUITE 900
LOS ANGELES, CALIFORNIA 90067-4276

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE (310) 203-7927
bledahl@irell.com

October 24, 2008

**VIA E-MAIL**

Robert Badal, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071

    Re:    <u>UMG Recordings, Inc., et al. v. Veoh Networks, Inc., et al.</u>

Dear Robert:

    I write in response to your letter of late yesterday. Initially, with respect to your position that ongoing discovery in this matter should come to a halt, we do not agree. The group of defendants on whose behalf you write have chosen to pursue a motion to dismiss the claims against them. We made clear before that motion was filed that we believe it was without merit. Nonetheless, defendants chose to pursue that motion rather than answer the complaint and proceed with discovery. Given this decision, defendants cannot also seek to bring ongoing discovery to a halt for other parties. First, if defendants believe that the pending motion to dismiss has merit, there is no need to worry about discovery proceeding. Further, if defendants wish to "hedge their bets," there is nothing to prevent them from attending the deposition. Asserting that you do not belong in the case, but nothing should be able to happen until your motion to dismiss is decided is not an legitimate position.

    With respect specifically to your assertions regarding the deposition of Time Warner, your assertion that defendants were not provided reasonable notice is simply false. I personally notified you (and other defendants' counsel) of the deposition's scheduling on October 14, two weeks before the date set for the deposition. Defendants said nothing about any purported scheduling issue for nine days. Your assertion that the deposition should not go forward is entirely inappropriate. Moreover, your threat to Time Warner that defendants will somehow inappropriately seek some further deposition if Time Warner appears for a deposition noticed long ago is an inappropriate interference with ongoing discovery in this matter. Defendants' inappropriate threats have caused Time Warner to refuse to appear for the deposition at the time agreed upon well in advance. UMG reserves all rights regarding both defendants' highly improper, obstructive conduct and Time Warner's unilateral refusal to appear for this deposition

1953560

**Exhibit B  Page 6**

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Robert Badal, Esq.
October 24, 2008
Page 2

Your further request for immediate production of all discovery materials in this case is the first occasion on which such a request has been made. It is of course, odd that entities arguing they should not even be parties to the action would seek copies of all discovery produced in the matter. Please provide authority for your position that defendants are entitled to demand such materials while contending that they are not proper parties to this case.

We look forward to your prompt response and reserve all rights regarding these matters.

Sincerely,

Brian D. Ledahl

BDL

cc: Jennifer Golinveaux, Esq.
Annette Hurst, Esq.
Maria Vento, Esq.
Alisa Edelson, Esq.
Joseph Serino, Jr., Esq.
William Bly, Esq

1953560

| | |
|---|---|
| From: | Ledahl, Brian [BLedahl@irell.com] |
| Sent: | Friday, October 24, 2008 2:28 PM |
| To: | ~Badal, Robert |
| Cc: | ~Golinveaux, Jennifer; ~Hurst, Annette; ~Vento, Maria; Alisa Edelson; 'Joseph Serino'; 'billbly@dwt.com'; Ledahl, Brian |
| Subject: | UMG Recordings, Inc., et al. v. Veoh Networks, Inc., et al. |

Counsel,

Please see the attached correspondence.

Brian Ledahl
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Direct: 310 203 7927
Facsimile: 310 203 7199
E-mail: bledahl@irell.com

ccmailg.irell.com made the following annotations
---
PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.

---

Exhibit C

# WILMERHALE

*VIA E-MAIL*

October 29, 2008

Brian D. Ledahl, Esq.
Irell & Manella LLP
1800 Avenue of the Stars, #900
Los Angeles, CA 90067-4276

Robert G. Badal

+1 213 443 6321 (t)
+1 213 443 5400 (f)
robert.badal@wilmerhale.com

Re: *UMG Recordings, Inc., et al. v. Veoh Networks, Inc., et al.*

Dear Brian:

I have your letter of October 24, 2008, and I am responding to it on behalf of Shelter Capital Partners, LLC, Shelter Venture Fund, L.P., Spark Capital LLC, Spark Capital, L.P. and The Tornante Company, LLC (collectively, for convenience, "Investor Defendants").

As my letter to you of October 23, 2008 implied, the plaintiffs in this litigation (hereafter, for convenience, "UMG"), have adopted a fundamentally inconsistent position when it comes to the treatment of the Investor Defendants, an inconsistency carried over to, and confirmed by, your letter of October 24. While your letter is dismissive of the fact that the Investor Defendants may not be parties to the litigation in the long run (characterizing their motion to dismiss as "without merit"), it also refuses to recognize UMG's minimum obligations to the Investor Defendants as parties.

Having elected, for whatever reasons, to name the Investor Defendants as parties well after the filing of the initial Complaint and well after the Rule 26 and scheduling conferences, UMG has refused to provide the Investor Defendants with any of the discovery materials or disclosures that preceded the date they were added as parties. Nor has UMG consulted with the Investor Defendants' counsel when it comes to such fundamental issues as the scheduling of party and non-party depositions. The Time-Warner deposition is illustrative of the problem, having been scheduled by UMG without (1) serving us with Notices of Deposition or copies of any non-party deposition subpoenas; (2) providing us with copies of any discovery made by or pertaining to Time-Warner, and; (3) consulting with us regarding the date, length, or location of the deposition. (Needless to say, we will object to any rescheduling of the Time-Warner deposition without UMG first correcting these problems.)

The bottom line is that UMG cannot have it both ways: it cannot insist on adding these entities as parties and then refuse to comply with its basic obligations to the Investor Defendants as parties. Your letter requests authority to support the basic proposition that having named the Investor Defendants and served them with process, UMG must treat them as parties to the suit until they are dismissed. I would direct your attention to Rule 5, for example, which clearly requires that all pleadings and discovery must be served on "every party" absent a court order

Wilmer Cutler Pickering Hale and Dorr LLP, 350 South Grand Avenue, Suite 2100, Los Angeles, California 90071
{00105258.DOC} Beijing   Berlin   Boston   Brussels   London   Los Angeles   New York   Oxford   Palo Alto   Waltham   Washin(

USIDOCS 6869784v1

Exhibit C Page 9

stating otherwise. If UMG does not want to adhere to its basic obligations, it should dismiss the Investor Defendants as parties forthwith.

Unless and until such a dismissal is filed, we renew our request that all party and non-party depositions be suspended at least until UMG has provided us with copies of all prior discovery and disclosures so that, at a minimum, we can have a meaningful opportunity to digest such materials and prepare to participate in such depositions. We also believe that it is incumbent on UMG to consult, and cooperate, with counsel to the Investor Defendants in fashioning a meaningful deposition and discovery schedule. We note again that it was UMG who created the present problems by electing to add these parties well after these proceedings commenced and well after UMG and Veoh obtained a trial date and related deadlines from the Court.

Accordingly, while we continue to believe that discovery should be stayed pending resolution of the motion to dismiss, if UMG and Veoh insist on proceeding with deposition discovery, at a minimum, the parties must work together to work out a meaningful arrangement that takes due account of the fact that UMG has added new parties to the litigation.

Sincerely,

Robert G. Badal

cc: Annette Hurst, Esq. (via e-mail)
Maria Vento, Esq. (via e-mail)
Alisa Edelson, Esq. (via e-mail)
Michael Elkin, Esq. (via e-mail)
Jennifer Golinveaux, Esq. (via e-mail)

From: Badal, Robert [Robert.Badal@wilmerhale.com]
Sent: Wednesday, October 29, 2008 1:12 PM
To: bledahl@irell.com
Cc: ahurst@orrick.com; Vento, Maria; Alisa Edelson; Cavanaugh, Joel; Golinveaux, Jennifer A.; MElkin@winston.com
Subject: Letter

Brian: I attach my letter in response to yours of October 24th. If you have any questions, please call me.


Robert G. Badal
**WilmerHale**
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071 USA
+1 213 443 5321 (t)
+1 213 443 5400 (f)
robert.badal@wilmerhale.com

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately -- by replying to this message or by sending an email to postmaster@wilmerhale.com -- and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com

IRS CIRCULAR 230 DISCLOSURE:
To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

From: Gonzalez, Petra
Sent: Wednesday, October 29, 2008 1:03 PM
To: Badal, Robert
Subject: UMG Recordings, Inc., et al. v. Veoh Networks, Inc., et al. -- Investor Defs.' Ltr. to Brian Ledahl of Irell & Manella