UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

CIVIL MINUTES--GENERAL

Case No.   CV 07-5744 AHM (AJWx)                    Date: November 4, 2008

Title: UMG RECORDINGS, INC., et al. v. VEOH NETWORKS, INC., et al.
================================================================
PRESENT:     **HON.  ANDREW J. WISTRICH, MAGISTRATE JUDGE**

            Ysela Benavides
            Deputy Clerk                          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:         ATTORNEYS PRESENT FOR DEFENDANTS:
         None Present                                  None Present

**ORDER REGARDING UMG'S EX PARTE APPLICATION FOR A PROTECTIVE ORDER**

The ex parte application is **denied.**

Veoh may take Geller's deposition. The Ninth Circuit has not endorsed the rule of Shelton v. American Motors Corp., 805 F.2d 1323 (8th Cir. 1986), other courts have criticized it, see, e.g., In re Freidman, 350 F.3d 65, 71-72 (2d. Cir. 2003), and even the Eighth Circuit has narrowed it. See Pamida, Inc. v. E.S. Originals, Inc., 281 F.3d 2726, 729-731 (8th Cir. 2002). Moreover, Geller is not trial or litigation counsel, as even the authority on which UMG relies recognizes, see William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before Trial § 11:1142 (2008)(stating that "[t]he three Shelton criteria apply only when trial and/or litigation counsel (rather than in-house counsel) are being deposed")(emphasis in original), so Shelton and its progeny would not apply to him in any event. Perhaps more to the point, considering all the circumstances, it seems plausible that Geller may possess some relevant information not shielded from discovery by the attorney-client privilege or the attorney work-product doctrine. If it turns out that he does not, the deposition is likely to be brief.

Veoh is not precluded from taking other depositions regardless of UMG's dissatisfaction with Veoh's discovery responses. Party A's ability to take depositions or pursue other discovery generally does not depend upon whether Party B is satisfied with the quality or completeness of Party A's discovery responses. UMG has not convincingly demonstrated that an exception to that general rule is warranted in this case. The court, of course, expresses no view concerning the quality or completeness of Veoh's discovery responses.

**IT IS SO ORDERED.**
cc:  Parties

MINUTES FORM 11                               Initials of Deputy Clerk_____
CIVIL-GEN