Steven A. Marenberg (101033) (smarenberg@irell.com)
Elliot Brown (150802) (ebrown@irell.com)
Brian Ledahl (186579) (bledahl@irell.com)
Benjamin Glatstein (242034) (bglatstein@irell.com)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Attorneys for Plaintiffs

ADDITIONAL COUNSEL LISTED
ON SIGNATURE PAGE

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>VEOH NETWORKS, INC., *et al.*,<br><br>Defendant. | Case No. CV-07-05744 AHM (AJWx)<br><br>**MOTION TO COMPEL VEOH TO APPEAR AT RULE 30(B)(6) DEPOSITIONS**<br><br>**Filed Concurrently Herewith:**<br>**1. Notice of Motion;**<br>**2. *Ex Parte* Application to Shorten Time Regarding Motion to Compel;**<br>**3. Declaration of Brian Ledahl;**<br>**4. [Proposed] Order;**<br><br>Magistrate: Hon. Andrew J. Wistrich<br><br>Date: December 8, 2008<br>Time: 10:00 a.m.<br>Courtroom: 690<br><br>Discovery Cutoff: January 12, 2009<br>Pretrial Conference: April 6, 2009<br>Trial Date: April 21, 2009 |

## NOTICE OF MOTION AND MOTION

TO DEFENDANTS AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE that on December 8, 2008, or such earlier date to be set by the Court pursuant to UMG's concurrently-filed *Ex Parte* Application to Shorten Time, Plaintiffs UMG Recordings, Inc., Universal Music Corp., Songs of Universal, Inc., Universal-Polygram International Publishing, Inc. Rondor Music International, Inc., Universal Music – MGB NA LLC, Universal Music – Z Tunes LLC, and Universal Music – MGB Music Publishing Ltd. (collectively, "UMG") will, and hereby do, move the above-captioned Court for an order requiring Veoh to appear for its deposition. UMG separately filed an accompanying *Ex Parte* Application requesting expedited consideration of this motion.

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Brian Ledahl, and the exhibits thereto, the complete records and files of this action, and such additional argument or evidence as may be presented to the Court.

Dated: November 12, 2008            IRELL & MANELLA LLP
Steven A. Marenberg
Elliot Brown
Brian Ledahl
Benjamin Glatstein


By: \_\_\_\_/s_____
     Brian Ledahl
     Attorneys for Plaintiffs

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

As the Court is aware, UMG has been frustrated in its efforts to obtain appropriate discovery from Veoh in this action. Now, Veoh refuses to appear for deposition in response to UMG's Second Notice of Deposition of Veoh, pursuant to Federal Rule of Civil Procedure 30(b)(6). Veoh stands on the legally unsound objection that UMG's notice would constitute a second deposition of Veoh and is therefore not permitted under Federal Rule 30. Veoh's position has been roundly rejected where two notices of deposition for a corporate party are addressed to different topics. The Eastern District of North Carolina expressly rejected the precise argument Veoh advances in *Quality Aero Technology v. Telemetric Electronik GmbH*, 212 F.R.D. 313, 319 (E.D. N.C. 2002). Few courts have even had to consider this issue, presumably because few parties are so aggressive as to use this a tactic to avoid a Rule 30(b)(6) deposition. Here, UMG's two notices covered different topics. UMG specifically pursued only a narrow initial notice to facilitate a motion for partial summary judgment. UMG later issued a separate notice relating to other factual issues in the case in the hope that Veoh would have made an appropriate document production before the deposition contemplated by the later notice. Veoh is not in any way prejudiced by appearing for the noticed deposition on different topics, and should appear rather than rely on makeweight objections as a means to delay and obstruct discovery.

Moreover, even if Veoh were correct that UMG were required to seek leave of Court, leave should be granted here. Federal Rule 26(b)(2) provides the relevant standard, which is easily met here. The discovery sought by UMG is entirely non-cumulative, UMG cannot obtain Veoh's testimony except by means of this deposition, and in a case involving potentially hundreds of millions of dollars in damages, UMG's need for the deposition far outweighs any purported

inconvenience to Veoh.  Accordingly, if the Court concludes that leave to take the deposition is required, UMG respectfully submits that it should be granted here.

## II.  FACTUAL BACKGROUND

UMG served written discovery requests on the day of the parties' Rule 26(f) meeting in February, the first day upon which such discovery could be served.[1] When Veoh refused to produce many of the requested categories of documents, even after extensive meet-and-confer discussions, UMG moved to compel production in July 2008.  The Court took UMG's motion under submission on August 25, 2008.  At that time, though the Court took UMG's motion under submission, it directed Veoh to complete its core production of documents – those which Veoh would produce without a Court order – by September 30, 2008.  As UMG has detailed in other submissions, Veoh's "core" production of documents is severely lacking and Veoh continues to withhold numerous categories of highly relevant materials – presumably unless and until the Court orders Veoh to produce such documents in response to UMG's pending First Motion to Compel.  *See* UMG Motion to Compel (Dkt. #71); UMG *Ex Parte* App. for Protective Order (Dkt. #166).

On June 3, 2008, while at a loggerheads with Veoh in its attempt to obtain meaningful document production, UMG issued a Notice of Rule 30(b)(6) Deposition of Veoh Networks ("June 3 Notice"), which related to only one topic – the technical operation of Veoh's systems.  *See* Ledahl Decl., Ex. A (June 3 Notice of Deposition of Veoh Networks) ("June 3 Notice").  (The June 3 Notice's single topic related to UMG's Motion for Partial Summary Judgment, which UMG filed in early September.)  On September 26, 2008, UMG issued a supplemental Notice of Rule 30(b)(6) Deposition to Veoh Networks ("September 26 Notice") which included 29 topics covering a variety of other issues in the case.  *See* Ledahl Decl.,

---

[1] UMG actually served its requests before that date due to Veoh's resistance to scheduling the Rule 26(f) meeting, but ultimately agreed to deem the requests served as of the date of the meeting.

Ex. B (September 26, 2008 Second Notice of Deposition of Veoh Networks) ("September 26 Notice").  UMG issued this notice (covering a broader range of subjects that UMG's June 3 notice) for a deposition to take place after the date set by the Court for Veoh to provide its "core" production of documents.  UMG had hoped that by this time, Veoh would have made an appropriate production.  Veoh contends that UMG's September 26 Notice would constitute a second deposition of the same person, and that Veoh will therefore not appear for deposition unless ordered to by the Court.  UMG sought to resolve this objection with Veoh informally, including by providing Veoh with citation to a case expressly rejecting Veoh's position.  Though Veoh had suggested it might be willing to resolve this issue informally and appear for deposition, on November 12, 2008, Veoh informed UMG that it refused to appear for its deposition without a Court Order.  Thus, UMG promptly brought the instant motion, as well as an accompanying *Ex Parte* Application to consider the motion on shortened time.

### III. LEAVE OF COURT IS NOT REQUIRED FOR UMG'S DEPOSITION NOTICE

Veoh contends that it need not appear for the 30(b)(6) deposition noticed by UMG because UMG requires leave of Court before it can proceed.  Veoh is incorrect: This is not UMG's "second" 30(b)(6) deposition of Veoh.

UMG's June 3 Notice related to a very narrow issue: how Veoh's technology and website operate.  The June 3 Notice included only one topic.  Subsequently, UMG issued a separate Notice of 30(b)(6) deposition on September 26, 2008.  The September 26 Notice included 29 topics, ranging from Veoh's decision to implement screening procedures for copyrighted content (Topic 1), Veoh's sources of revenue (Topic 6), Veoh's advertising (Topic 7), and Veoh's policies and procedures relating to responses to notices of copyright infringement (Topic 15).  The two notices do not contain overlapping topics, and Veoh does not suggest that they contain overlapping topics.

The Court in *Quality Aero Technology v. Telemetrie Elektronik GmbH*, 212 F.R.D. 313, 319 (E.D.N.C. 2002), explained that,

> "Rule 30(b)(6) depositions are different from depositions of individuals. That difference is confirmed by the Advisory Committee Notes to the 1993 amendments to the Federal Rules, which expressly state that for purposes of calculating the number of a depositions in a case, a 30(b)(6) deposition is separately counted as a single deposition, regardless of the number of witnesses designated. Further, there is no aspect of the Rules which either restricts a party to a single 30(b)(6) deposition or restricts the allotted time for taking a 30(b)(6) deposition."

212 F.R.D. at 319.[2] Thus, *Quality Aero* concluded that where two different notices of Rule 30(b)(6) deposition "relat[e] to different subject areas," there is no need to seek leave of court.[3]

Here it is undisputed that UMG's deposition notices do not cover the same or overlapping topics. UMG's June 3 Notice touched on only one topic: Veoh's technical operations. That is, the June 3 Notice related to the manner in which Veoh receives videos from its users and then publicly performs and distributes those videos to the general public. UMG issued this early notice so that it could proceed with a Motion for Partial Summary Judgment, which relied extensively on Veoh's testimony to explain how Veoh functioned. The June 3 Notice clearly was not intended to address all potential issues for which relevant 30(b)(6) testimony would eventually be necessary. Accordingly, UMG issued its September 26 Notice shortly after filing its Motion for Partial Summary Judgment; that Notice covers a wide

---

[2] The 1993 Advisory Committee Notes explain that "A deposition under Rule 30(b)(6) should, for purposes of this [10-deposition] limit, be treated as a single deposition even though more than one person may be designated to testify." Rule 30(a), 1993 Adv. Comm. Notes.

[3] UMG provided this, and other, authority to Veoh. Ledahl Decl., Ex. C (2008-10-23 letter from Glatstein to Calkins). Veoh neither responded to that letter nor identified any contrary authority to support its position.

range of issues in the case, but notably <u>not</u> Veoh's technical operations.  Had UMG sought a second deposition relating to the manner in which Veoh performs and distributes its videos, that deposition might require leave of the Court; it is pursuing entirely different testimony from Veoh, and leave of Court is therefore unnecessary.

Veoh would necessarily concede that if UMG had included all of its topics in a single deposition notice, Veoh would have to appear.  Veoh asserts that merely because distinct sets of topics were divided between two pieces of paper, Veoh can ignore one of them.  Veoh elevates form over substance to an absurd degree – as recognized and rejected by the *Quality Aero* court.[4]  The testimony sought by UMG is distinct from that sought by UMG's prior notice, and Veoh does not dispute that it would have been proper if included in UMG's June 3 Notice.  Accordingly, Veoh should be ordered to appear for the 30(b)(6) deposition noticed by UMG.

## IV. IN THE ALTERNATIVE, LEAVE SHOULD BE GRANTED FOR THIS DEPOSITION

UMG disputes that it requires leave of Court to pursue a "second" Rule 30(b)(6) deposition on entirely distinct topics.  However, even if Veoh were correct, UMG respectfully submits that such leave should be granted here.

Rule 26 governs the propriety of a second deposition.  *See Judicial Watch, Inc. v. United States Dep't of Commerce*, 34 F. Supp. 2d 47, 54 (D.D.C. 1998) (applying Rule 26(b)(2)); *Christy v. Pennsylvania Turnpike Commission*, 160 F.R.D. 51, 52 (E.D. Pa. 1995) (same).  Accordingly, leave should be granted unless Veoh can demonstrate that (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the

---

[4] Notably, in the related *MySpace* and *Grouper* actions previously before this Court, none of the parties stood on an objection like that relied upon by Veoh here.

case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. *See* Fed. R. Civ. Pro. 26(b)(2). Veoh cannot show that any of these three criteria applies.

### A. Veoh Cannot Show That The Deposition Is Cumulative

First, Veoh cannot show that the discovery sought is unreasonably cumulative or duplicative. Rather, as set forth above, UMG's June 3 Notice related only to the manner in which Veoh distributes and performs the videos uploaded by its users. In contrast, UMG's September 26 Notice covers a variety of other issues in the case – from finances to knowledge to filtering to document preservation – but notably does not include the manner in which Veoh distributes and performs copyrighted works. The testimony sought is neither cumulative or duplicative. It is entirely new.

### B. Veoh Cannot Show That UMG Already Had An Opportunity To Obtain The Discovery Sought

Second, Veoh cannot show that UMG has had ample opportunity to obtain the discovery sought. It has not. As noted, Veoh has presented 30(b)(6) testimony on only a narrow topic, to wit, the manner in which it distributes and performs videos. Veoh has not presented any 30(b)(6) deposition discovery relating to any of the other topics included in UMG's September 26 Notice.[5]

### C. Veoh Cannot Show That The Burden Or Expense Of The Deposition Outweighs Its Benefit

Third, Veoh cannot show that the burden or expense of the proposed discovery outweighs its likely benefits, taking into account the needs of the case, the

---

[5] Nor has UMG received documents or other discovery relating to these issues. Many of the issues identified in UMG's September 26 Notice are similar to document requests addressed in UMG's First Motion to Compel currently *sub judice*. Though the Court stated during the August 25 hearing that it was "contemplating granting most of [UMG's Motion]," Veoh has so far refused to produce responsive documents that were the subject of that Motion. Thus, any attempt by UMG to approach the same discovery through other means have also been stymied.

amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. The significant stakes and complexity of this case warrant a comprehensive deposition of Veoh on the relevant issues. Moreover, Veoh's refusal to appear for a corporate deposition will <u>increase</u> not decrease costs in this case because UMG will instead be forced to depose more individual deponents than if Veoh were simply to produce adequately prepared corporate designees on relevant issues.

This is a mass infringement case which may well involve <u>hundreds</u> of millions of dollars in damages. Veoh has asserted <u>twenty-seven</u> affirmative defenses, including defenses under the Digital Millennium Copyright Act, 17 U.S.C. § 512(c), which put at issue, among other things, the financial benefit Veoh derives from infringement (§ 512(c)(1)(B)), Veoh's knowledge of infringement (§ 512(c)(1)(A)(i)), Veoh's ability to control infringement (§ 512(c)(1)(B)), and Veoh's responses to notices of copyright infringement (§ 512(c)(1)(C)). Thus, the testimony sought be UMG is central to both its claims and to Veoh's defenses. Moreover, Veoh is a well-heeled website; in addition to the revenues Veoh receives for displaying advertising on its website, news reports suggest that Veoh has received approximately $70 million in venture capital financing alone.[6]

Not only do the stakes of this case and Veoh's resources warrant UMG's Noticed Deposition of Veoh, but the deposition will actually reduce, not increase costs in this case. If Veoh need not appear for a further corporate deposition as noticed by UMG, UMG will be forced to depose more Veoh individuals trying to identify the right witnesses with relevant knowledge. This process will be more, not less, costly for both Veoh and UMG. Veoh's suggestion that UMG should be forced to engage in such a process rather than Veoh simply producing properly prepared corporate designees to testify on relevant subjects is unreasonable and unwarranted.

---

[6] *See* "Veoh Company Profile," *available at* http://www.crunchbase.com/company/veoh (listing total venture capital investment as of November 12, 2008 at $69.8 million).

MOTION TO COMPEL VEOH TO APPEAR AT RULE
30(B)(6) DEPOSITIONS

1969766                                  - 7 -

1   Accordingly, under the Rule 26(b)(2) standard, even if Veoh were correct that
2   UMG required leave to take this deposition, such leave would be warranted.  UMG
3   respectfully requests that, to the extent the Court concludes that such leave is
4   required, that the Court grant UMG immediate leave to pursue Veoh's deposition to
5   avoid further delay and obstruction.

## V.     CONCLUSION

UMG regrets the need to raise this issue with the Court.  Unfortunately, however, Veoh's discovery behavior necessitates this Motion.  Veoh has no proper basis for its refusal to appear for its deposition pursuant to UMG's notice.  UMG therefore respectfully requests that Veoh be ordered to appear in response to UMG's September 26 Notice of Deposition.

Dated:  November 12, 2008          IRELL & MANELLA LLP
                                   Steven A. Marenberg
                                   Elliot Brown
                                   Brian Ledahl
                                   Benjamin Glatstein


                                   By:     /s
                                        Brian Ledahl

                                   Attorneys for Plaintiffs