Rebecca Lawlor Calkins (SBN: 195593)
Email: rcalkins@winston.com
Erin R. Ranahan (SBN: 235286)
Email: eranahan@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: 213-615-1700
Facsimile: 213-615-1750

Jennifer A. Golinveaux (SBN 203056)
Email: jgolinveaux@winston.com
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
(415) 591-1506 (Telephone)
(415) 591-1400 (Facsimile)

Michael S. Elkin (*pro hac vice*)
Email: melkin@winston.com
Thomas P. Lane (*pro hac vice*)
Email: tlane@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166
(212) 294-6700 (Telephone)
(212) 294-4700 (Facsimile)

Attorneys for Defendant
VEOH NETWORKS, INC.

**Winston & Strawn LLP**
**333 South Grand Avenue**
**Los Angeles, CA 90071-1543**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, | **Case No. CV 07 5744 – AHM (AJWx)** |
| Plaintiffs, | Discovery Matter |
| vs. | **VEOH NETWORKS, INC.'S *EX PARTE* APPLICATION FOR AN ORDER TO SHOW CAUSE WHY PLAINTIFFS AND THEIR COUNSEL SHOULD NOT BE FOUND IN CONTEMPT FOR REFUSAL TO COMPLY WITH THIS COURT'S ORDER** |
| VEOH NETWORKS, INC. *et al.*, | |
| Defendants. | |
| | Discovery Cut-Off:    January 12, 2009 |

LA:228444.1                                    1

**VEOH NETWORKS, INC.'S EX PARTE APPLICATION FOR ORDER TO SHOW CAUSE WHY**
**PLAINTIFFS AND THEIR COUNSEL SHOULD NOT BE FOUND IN CONTEMPT FOR REFUSAL TO**
**COMPLY WITH THIS COURT'S ORDER**
**Case No. CV 07 5744 – AHM (AJWx)**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Local Rule 7-19, Defendant Veoh Networks, Inc. ("Veoh") hereby applies to the Court *ex parte*, for an order to show cause as to why plaintiffs UMG Recordings, Inc. ("UMGR"), Universal Music Corp., Songs of Universal, Inc., Universal-Polygram International Publishing, Inc., Rondor Music International, Inc., Universal Music – MGB NA LLC, Universal Music – Z Tunes LLC, Universal Music – MBG Music Publishing Ltd. (collectively "Plaintiffs" or "UMG") and their Counsel, Irell & Manella LLP, and Brian Ledahl and Benjamin Glatstein of Irell & Manella LLP, should not be found in contempt for refusing to comply with this court's order of November 4, 2008. (Declaration of Rebecca Lawlor Calkins ["Calkins Decl.] ¶ 2 and Exh. A, (Order)).

This *ex parte* application is brought on the grounds that UMG has refused to comply with this Court's Order to allow Veoh to proceed with the depositions of David Ring, and UMGR's 30(b)(6) witnesses.

*Ex parte* relief is necessary to permit Veoh to obtain discovery and adequately prepare its defense. Veoh has attempted to schedule depositions for months to no avail. While UMG has very recently agreed to produce a single deponent, UMG still refuses to provide dates for David Ring or UMGR's 30(b)(6) deponents (Calkins Decl. ¶ 2-14 and Exhs. A-I). As the January 12, 2009 discovery cut-off is less than two months away, UMG's attempts to run the clock on Veoh's discovery efforts and frustrate Veoh's ability to timely and effectively prepare its case are improper and at odds with UMG's discovery obligations under the Federal Rules.

Although Veoh has gone to great lengths to resolve the matter informally, UMG has repeatedly refused to provide dates for the David Ring and UMGR's 30(b)(6) witnesses. (Calkins Decl. ¶ 2-14 and Exhs. A-I).

The names, addresses, and telephone numbers of UMG's counsel are as follows:

Steven A. Marenberg

LA:228444.1

2

**VEOH NETWORKS, INC.'S *EX PARTE* APPLICATION FOR ORDER TO SHOW CAUSE WHY PLAINTIFFS AND THEIR COUNSEL SHOULD NOT BE FOUND IN CONTEMPT FOR REFUSAL TO COMPLY WITH THIS COURT'S ORDER**

**Case No. CV 07 5744 – AHM (AJWx)**

Elliot Brown
Brian Ledahl
Benjamin Glatstein
IRELL & MANELLA LLP
1800 Avenue of the Stars, Ste. 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
Email: smarenberg@irell.com
Email: ebrown@irell.com
Email: bledahl@irell.com
Email: bglatstein@irell.com

Counsel for UMG received notice over a week ago on November 11, 2008, that Veoh would file this *ex parte* application if UMG did not comply with this Court's Order by providing deposition dates by November 12, 2008. (Calkins Decl. ¶¶ 8, 11 Exhs. G, I). Counsel stated it would oppose the *ex parte,* however, UMG also urged Veoh to wait one more day to file its motion, promising to provide all dates by the next day, November 13, 2008. (Calkins Decl., ¶ 9). On November 13, UMG agreed to produce Harvey Geller on November 25, but did not provide any dates for David Ring's or UMGR's 30(b)(6) witness depositions. (Calkins Decl., ¶ 10, Exh. H). On November 14, counsel for Veoh emailed counsel for UMG again requesting that UMG provide the deposition dates as promised, and informing UMG that if it did not, Veoh would have no choice but to move forward with the present *ex parte* application. Veoh's counsel asked UMG to respond by 10:00 a.m. November 17. (Calkins Decl. ¶ 11, Exh. I). To date, UMG's counsel has not responded. (Calkins Decl. ¶ 12).

Dated: November 18, 2008          **WINSTON & STRAWN LLP**


By    /s/ Rebecca Lawlor Calkins
Michael S. Elkin
Thomas P. Lane
Jennifer A. Golinveaux
Rebecca L. Calkins
Attorneys for Defendant
VEOH NETWORKS, INC.

**VEOH NETWORKS, INC.'S *EX PARTE* APPLICATION FOR ORDER TO SHOW CAUSE WHY
PLAINTIFFS AND THEIR COUNSEL SHOULD NOT BE FOUND IN CONTEMPT FOR REFUSAL TO
COMPLY WITH THIS COURT'S ORDER**
**Case No. CV 07 5744 – AHM (AJWx)**

# I. **INTRODUCTION**

On November 4, 2008, this Court issued an order denying Plaintiffs' *Ex Parte* Application for a Protective Order for the Deposition of Harvey Geller ("Geller") ("Order"). (Declaration of Rebecca Lawlor Calkins ["Calkins Decl."], Exh. A). In the Order, the Court addressed not only Mr. Geller's deposition, but also other deposition notices with which Plaintiffs were refusing to cooperate, specifically those of David Ring and Plaintiff Universal Music Group Recordings, Inc.'s ("UMGR") 30(b)(6) witnesses. In addition to specifically ordering that Veoh could take Harvey Geller's deposition, the Court stated that "Veoh is not precluded from taking other depositions regardless of UMG's dissatisfaction with Veoh's discovery responses."

Instead of promptly complying with this Court's clear Order and cooperating with Veoh to schedule the "other depositions," Plaintiffs ignored the Order, continuing their steadfast refusal to provide dates for any witness. It was only when Veoh gave Plaintiffs notice of this *ex parte* application that Plaintiffs showed any interest in discussing dates, and even then Plaintiffs did not provide dates but urged Veoh to wait one more day, until November 13, promising to provide dates for all deponents on that day. (Calkins Decl. ¶ 9). Despite the fact that Veoh's Notice of Deposition of UMGR's 30(b)(6) witnesses was served on July 14, 2008, and Veoh's Notice of Deposition of David Ring was served on October 9, 2008, Veoh, nonetheless, in an effort to reach informal resolution, waited one more day.

On November 13, Plaintiffs did provide a date for a single deponent, but again, provided no dates for David Ring or Plaintiffs' 30(b)(6) witnesses. (Calkins Decl. ¶ 10, Exh. H). Plaintiffs promised to "contact [counsel for Veoh] promptly" with those dates. (*Id*). Veoh's counsel sent Plaintiffs an email on November 14 again asking for the dates as promised. (Calkins Decl. ¶ 11, Exh. I). Plaintiffs counsel never responded. (Calkins Decl. ¶ 12).

The depositions at issue have been properly noticed since July 13, 2008 in the

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

case of the 30(b)(6) notice, and October 9, 2008 in the case of David Ring, and are essential to Veoh's preparation of its defense. Plaintiffs' continued intransigence based on arguments explicitly rejected by this Court should not be countenanced. Plaintiffs should be ordered to show cause why they should not be held in contempt for their defiance of this Court's Order.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Veoh's Notice of Plaintiffs' 30(b)(6) Deposition

On July 14, 2008, Veoh served a Notice of 30(b)(6) deposition on Plaintiff UMGR, setting the deposition for August 13, 2008. (Calkins Decl. ¶ 13, Exh. J). On August 8, 2008, UMGR objected and informed Veoh that no witness would be produced on the date noticed. After multiple attempts, Veoh's counsel finally reached Plaintiffs' counsel on August 26, 2008 to meet and confer.

During several telephone discussions on August 26, Plaintiffs' counsel steadfastly refused to produce a 30(b)(6) witness for deposition, justifying the refusal on Plaintiffs' unilateral opinion that Veoh's document production was incomplete. Plaintiffs' counsel also argued that the categories in Veoh's notice were objectionable for various reasons. (Calkins Decl. G 13). Veoh's counsel offered to review the categories and narrow them if possible in an attempt to resolve the matter informally. Despite this Plaintiffs' counsel still refused to produce any 30(b)(6) witness based on complaints about Veoh's document production. (Calkins Decl., ¶ 3 and Exh. B).

On September 26, Veoh's counsel emailed UMGR's counsel, pointing out that UMGR was not entitled to refuse to appear for its properly noticed 30(b)(6) deposition based on its purported opinion of Veoh's document production. (Calkins Decl., ¶ 4 and Exh. C). Veoh's counsel again asked for UMGR's cooperation in providing a date. (*Id*.). On September 26, UMGR's counsel again refused to provide any dates and accused Veoh of attempting to gain a "tactical advantage" over UMGR. UMGR's counsel accompanied that correspondence with a Notice of UMGR's Second 30(b)(6)

**VEOH NETWORKS, INC.'S *EX PARTE* APPLICATION FOR ORDER TO SHOW CAUSE WHY
PLAINTIFFS AND THEIR COUNSEL SHOULD NOT BE FOUND IN CONTEMPT FOR REFUSAL TO
COMPLY WITH THIS COURT'S ORDER**

Case No. CV 07 5744 – AHM (AJWx)

Deposition of Veoh.  (Calkins Decl. ¶ 5, Exh. D).

**B.**     **Veoh's Notice of Deposition for David Ring**

On October 9, 2008, Veoh served a deposition notice of David Ring, setting the deposition for October 24, 2008.  (Calkins Decl. ¶ 14 and Exh. K).  Veoh is informed and believes that Mr. Ring is an Executive Vice President of Business Development & Business Affairs for eLabs, the division of UMG that handles internet exploitation, new technology business opportunities, and digital downloads.  Mr. Ring's testimony on these topics is clearly essential to Veoh's case, indeed even UMG identified Mr. Ring as one of the individuals "most knowledgeable" and listed him as a person whose files and records are relevant to this action.  Despite this, and despite the fact that Plaintiffs did not seek a protective order to prevent Mr. Ring's deposition, Plaintiffs nonetheless refused to provide a date.

On November 4, this Court specifically stated in its Order that "Veoh is not precluded from taking other depositions. . ."  Even with this Court's Order, Veoh's attempts to secure dates for Ring's deposition have proved fruitless, as Plaintiffs remain resolute in their refusal to provide any dates.  (Calkins Decl. ¶¶ 6-11, Exhs. A, E - I).

**C.**     **Plaintiffs' and UMGR's Defiance of This Court's Order**

After this Court issued its November 4 Order, Veoh again proposed dates for the depositions of Geller, Ring, and UMGR's 30(b)(6).[1]  (Calkins Decl. ¶ 6, Exh. E).  On November 7, Plaintiffs' counsel again did not provide dates, but attempted to condition doing so on extracting an agreement from Veoh to permit Plaintiffs to take a second 30(b)(6) of Veoh, something Plaintiffs are required to seek leave of court to do.  (Calkins Decl. ¶ 7, Exh. F).

On November 11, Veoh's counsel again wrote to Plaintiffs requesting dates and

---

[1] Veoh proposed December 17 – 21 and December 1 – 5 for UMGR's 30(b)(6) witnesses, and December 9 – 11 for David Ring's deposition.  (Calkins Decl., Exh. E).

**VEOH NETWORKS, INC.'S *EX PARTE* APPLICATION FOR ORDER TO SHOW CAUSE WHY PLAINTIFFS AND THEIR COUNSEL SHOULD NOT BE FOUND IN CONTEMPT FOR REFUSAL TO COMPLY WITH THIS COURT'S ORDER**

**Case No. CV 07 5744 – AHM (AJWx)**

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

**Winston & Strawn LLP**
333 South Grand Avenue
Los Angeles, CA 90071-1543

1    informing Plaintiffs that Veoh would move *ex parte* for an order to show cause why

2    Plaintiffs and their counsel should not be held in contempt if they did not provide

3    deposition dates by the following day.  (Calkins Decl. ¶ 8, Exh. G).

4    During counsel's November 12 conference, Plaintiffs did not provide any dates

5    but urged Veoh to wait one more day to file this *ex parte* application, promising to

6    provide dates for all deponents the following day.  (Calkins Decl. ¶ 9).  While

7    Plaintiffs did provide a date for a single deponent the next day, Plaintiffs continued

8    their refusal to provide dates for David Ring or Plaintiffs' 30(b)(6) witnesses.

9    (Calkins Dec. ¶ 10, Exh. H).  Veoh's counsel's subsequent attempts to schedule critical

10   depositions have gone utterly ignored, and Veoh has been left with no choice but to

11   file the present *ex parte* application.  (Calkins Decl. ¶¶ 11, 12, Exh. I).

## III.   **LEGAL DISCUSSION**

13   Courts have the authority to hold parties in contempt for failure to obey court

14   orders.

15   Federal Rule of Civil Procedure Rule 37(b)(2)(A) provides:

16   If a party or a party's officer … fails to obey a order to

17   provide or permit discovery … the court where the action

18   is pending may issue further just orders.  They may

19   include the following:

20   (ii) treating as contempt of court the failure to obey any

21   order except an order to submit to a physical or mental

22   examination.

23   (Fed. R. Civ. P. 37(b)(2)(A)(vii)).

24   Case law is in accord.  "Where the purpose of a civil contempt sanction is to

25   coerce good faith efforts to comply with a discovery request, contempt is proper."

26   *Richmark Corp. v. Timber Falling Consultants, et al.*, 959 F.2d 1468, 1480 (9th Cir.

27   1992) (upholding contempt sanction where the purpose was to compel compliance

28

LA:228444.1

7

**VEOH NETWORKS, INC.'S *EX PARTE* APPLICATION FOR ORDER TO SHOW CAUSE WHY
PLAINTIFFS AND THEIR COUNSEL SHOULD NOT BE FOUND IN CONTEMPT FOR REFUSAL TO
COMPLY WITH THIS COURT'S ORDER**

**Case No. CV 07 5744 – AHM (AJWx)**

with discovery order.)   "It is clear that a court may hold a person in contempt for failing to give a deposition ordered by the court." *The Cadle Co. v. Valdez*, 2008 U.S. Dist. LEXIS 36510 (S.D.N.Y. 2008) (holding that the defendant's failure to appear for deposition may result in contempt and may result in the defendant's incarceration).

Contempt orders are appropriate where a party fails to appear for deposition. *Bank of Credit and Commerce International (Overseas) Limited, v. Tamraz*, 2006 U.S. Dist. 39256, *7 (S.D.N.Y. 2006) (noting that F.R.C.P. 37(b)(2)(D) specifies that "contempt orders will be appropriate where a party fails to appear at his own deposition. . ." ); *Sportschufabriken Adi Dassler Stiftung & Co., et al., v. New Generation f/k/a/ Utopia Textiles, et al.*, 1993 U.S. Dist. LEXIS 10810, *15-16, No. 88 Civ. 5519 (court ordered the defendant to appear individually and as a corporate officer for deposition on a date certain, or else the court would proceed with contempt hearing and decide the plaintiffs' contempt motion); *Id.* at *16; *Energy Capital Co. et al. v. Caribbean Training and Fidelity Corp.*, et al., 1994 U.S. Dist. LEXIS 17814, *16-*18 (where the defendant failed to comply with order to appear for deposition, the court held that the defendant was in contempt of court, and ordered the defendant to appear for his deposition or he would be arrested and incarcerated until he complied.).

"Sanctions against both [parties] and their attorneys are appropriate under Fed. R. Civ. P. 37(b)(2)." *Kraszewski, et al. v. State Farm General Insurance Co., et al.*, 1983 U.S. Dist. LEXIS 16342, *31 (N.D. Cal. 1983) (holding that order requiring the defendants and attorneys to share sanctions appropriate where even though it was the defendants' counsel that played a leading role in not complying with court orders and the defendants chose that counsel and could file a malpractice claim if it turned out they were unwitting victims).  "With respect to defendants' and their attorneys' failure to object Court Orders regarding discovery, this Court has authority to "make such orders in regard to the failure as are just." *Id.* at *21 (citing Fed. R. Civ. P. 37(b)(2)). *Rio Properties Inc. v. Stewart Annoyances, Ltd., et al.* 2005 U.S. Dist. LEXIS 41346,

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

1  *7-*10, *24-25 (D. Nev. 2005) (finding defendants in contempt of court for conduct

2  that included impeding the efficient scheduling and completion of depositions).

3      Plaintiffs and their counsel should not be permitted to continue to flout the clear

4  directive of this Court's November 4 Order.  Because Plaintiffs have consistently

5  refused to allow Veoh to proceed with depositions, Veoh has been left with no choice

6  but to seek the Court's further assistance.   Pursuant to Fed.R.Civ.P. 37(b)(2)(C),

7  Plaintiffs should also be required to pay attorneys' fees incurred by Veoh in bringing

8  this *ex parte* application, because Plaintiffs' defiance of the Court's Order left Veoh no

9  choice but to seek the Court's assistance. [2]

## IV.    CONCLUSION

11     Veoh brings this Application in an effort to secure firm dates on which Veoh

12  may depose David Ring, and Plaintiffs' 30(b)(6) witnesses.  So far, Plaintiffs have

13  refused to set dates for these witnesses whose depositions are essential to Veoh's

14  preparation of its case.  For the reasons set forth above, Veoh requests that this Court

15  issue an order to show cause why Plaintiffs and their counsel should not be held in

16  contempt for failure to comply with this Court's November 4, 2008 Order, and order

17  Plaintiffs to pay monetary sanctions for Veoh being forced to file this *ex parte*

18  application.

Dated:  November 18, 2008          **WINSTON & STRAWN LLP**


By    /s/ Rebecca Lawlor Calkins
        Michael S. Elkin
        Thomas P. Lane
        Jennifer A. Golinveaux
        Rebecca L. Calkins
        Attorneys for Defendant
        VEOH NETWORKS, INC.

---

[2] Fed.R.Civ.P. 37(b)(2)(C),  "Payment of Expenses" also sets forth that:
Instead of or in addition to the orders above, the court must order the disobedient
party, the attorney advising that party, or both to pay the reasonable expenses,
including attorney's fees, caused by the failure, unless the failure was substantially
justified or other circumstances make an award of expenses unjust.