UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

CIVIL MINUTES--GENERAL

Case No.   CV 07-5744 AHM (AJWx)                     Date: November 21, 2008

Title: UMG RECORDINGS, INC., et al. v. VEOH NETWORKS, INC., et al.
==================================================================
PRESENT:     **HON.  ANDREW J. WISTRICH, MAGISTRATE JUDGE**

    Ysela Benavides
    Deputy Clerk                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:         ATTORNEYS PRESENT FOR DEFENDANTS:
    None Present                                None Present

**ORDER REGARDING VEOH'S MOTION TO COMPEL PLAINTIFFS TO IDENTIFY WORKS AT ISSUE AND PRODUCE CHAIN OF TITLE/RIGHTS INFORMATION REGARDING SAME**

The motion is **denied** without prejudice to its renewal on the basis of a more adequate record.

Although some of the propositions asserted by Veoh are unexceptionable (e.g., that UMG must identify the allegedly infringed works at some point, that Veoh is entitled to documents or information necessary to enable it to attempt to rebut the presumption of UMG's ownership or control of the allegedly infringed works in some meaningful way, etc.), this motion is defective.  First, the court previously denied a motion to compel filed by Veoh because that motion was presented in an unmanageable manner.  Rather than file a new motion including copies of the discovery requests and responses thereto that are at issue, Veoh merely refers the court to a portion of the 314 page joint stipulation filed in support of the previously denied motion. Second, the relief Veoh seeks in its proposed order is too broad and has not been shown to be tethered to the scope of any particular discovery requests it has served.  Third, it is unclear whether Veoh is essentially attempting to compel a response to the interrogatory it served on October 24, 2008. [See Veoh's Motion at 3 n.5].  Obviously, any such attempt would be premature.

Based upon assertions made by UMG in its opposition, the court is concerned about the possibility that UMG may not have received the unfettered access to Veoh's video files that Veoh had represented the spreadsheet would allow, and that the court had intended and expected. [See UMG's Opposition at 5-7]. If issues concerning the production of Veoh's video files themselves need to be revisited, the parties should cooperate in promptly placing those issues before the court for resolution.

**IT IS SO ORDERED.**
cc: Parties
MINUTES FORM 11                              Initials of Deputy Clerk_____
CIVIL-GEN