```
                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
                          WESTERN DIVISION


                        CIVIL MINUTES--GENERAL
```

Case No.   CV 07-5744 AHM (AJWx)              Date: November 21, 2008

Title: <u>UMG RECORDINGS, INC., et al. v. VEOH NETWORKS, INC., et al.</u>
==================================================================
PRESENT:      **HON.  <u>ANDREW J. WISTRICH</u>, MAGISTRATE JUDGE**

              <u>  Ysela Benavides  </u>
                 Deputy Clerk                    Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:
          None Present                              None Present

**ORDER REGARDING UMG'S MOTION TO COMPEL VEOH TO PROVIDE RESPONSES OR FURTHER RESPONSES TO DISCOVERY REQUESTS**

The 192 page joint stipulation is divided into 18 separately numbered categories of discovery requests. Some of the categories contain a single request, while others contain multiple requests. The categories are identified by roman numerals II - XIX. For convenience, this order follows the same convention.

The Court trusts that the parties already have complied with the Court's August 25, 2008 ruling. Only those issues not already resolved during the August 25, 2008 hearing are addressed.[1]

As to category III, the motion is **granted**. In any event, Veoh has represented that it is not withholding anything based upon its objection to the definition of the term "Veoh software." [<u>See</u> Joint Stipulation at 24-25].

As to Category IV, the motion is **granted**. However, as to Request 58, insofar as actual litigation is concerned, Veoh need only provide the names of the parties, the court, the case number, and the filing date. If UMG believes that it needs additional information about a particular case, if any, after examining what is available in public court files, it may serve a more specific request seeking additional information regarding that particular case.

As to category V, the motion is **denied.** These requests are overly broad. Narrower requests directed to these subjects might be appropriate. Veoh, of course, is not required to produce any materials that it is prohibited from producing by the protective order entered in the <u>Io Group</u> case in the absence of an order

---

[1] As to categories II, VI, XVI, the motion was resolved on the record during the August 25, 2008 hearing. [<u>See</u> Transcript of August 25, 2008 Hearing at 57-58; Order dated August 25, 2008].

authorizing it to do so from this court or from the court that issued the protective order in the Io Group case. Veoh's assertions concerning possible violations by UMG of the protective order in the Io Group case are not addressed in this order. Veoh may pursue them separately, preferably before the court that issued the protective order in the Io Group case, if necessary.

As to Category VII, the motion is **granted**, except that it is **denied** as to Requests 91 and 92 (which are overly broad), and **denied** as to Request 8 (which is moot). As to Interrogatories 3 and 4, Veoh must provide a high level summary or overview, and UMG may seek additional detail by means of depositions or more narrowly-focused interrogatories, if necessary.

As to category VIII, the motion is **granted**.

As to category IX, the motion is **granted**.

As to category X, the motion is **granted**.

As to category XI, the motion is **granted**, but Requests 59-61 are limited to licenses or other agreements under which Veoh obtained the rights to reproduce or use content owned or controlled by someone else.

As to category XII, the motion is **granted**.

As to category XIII, the motion is **granted**.

As to category XIV, the motion is **granted**. However, the motion is **denied** as to Interrogatory 1.

As to category XV, the motion is **granted**.

As to category XVII, the motion is **granted**. In any event, Veoh has represented to the court that it is not withholding unprivileged documents based on its objections. [See Joint Stipulation at 183].

As to category XVIII, the motion is **denied**, but if Veoh provided oral responses to one or more notices of copyrighted content, then it must serve a supplemental response to Interrogatory 6 describing such oral responses.

As to category XIX, the motion is **denied**.

If the motion has been denied as to a category or request, Veoh nevertheless must produce any documents or information that it previously agreed or offered to produce in a writing, including but not limited to things it previously agreed or offered to produce in Veoh's June 13, 2008 letter. Presumably, Veoh already has done so in response to the August 25, 2008 order.

The Court assumes that most of the documents and most of the information this order requires Veoh to produce already has been provided to UMG. Therefore, compliance by December 8, 2008 is required.

**IT IS SO ORDERED.**

cc: Parties

MINUTES FORM 11                                    Initials of Deputy Clerk_____
CIVIL-GEN