Rebecca Lawlor Calkins (SBN: 195593)
Email: rcalkins@winston.com
Erin R. Ranahan (SBN: 235286)
Email: eranahan@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: 213-615-1700
Facsimile: 213-615-1750

Jennifer A. Golinveaux (SBN 203056)
Email: jgolinveaux@winston.com
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
(415) 591-1506 (Telephone)
(415) 591-1400 (Facsimile)

Michael S. Elkin (*pro hac vice*)
Email: melkin@winston.com
Thomas P. Lane (*pro hac vice*)
Email: tlane@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166
(212) 294-6700 (Telephone)
(212) 294-4700 (Facsimile)

Attorneys for Defendant
VEOH NETWORKS, INC.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> VEOH NETWORKS, INC. *et al.*, <br><br> Defendants. | **Case No. CV 07 5744 – AHM (AJWx)** <br><br> Discovery Matter <br><br> **VEOH'S NOTICE OF MOTION AND RENEWED MOTION TO COMPEL PLAINTIFF UMG TO IDENTIFY WORKS AT ISSUE** <br><br> Hearing: 12/15/08 <br> Time: 10:00 a.m. <br><br> Discovery Cut off: 1/12/09 |

---

Dockets.Justia.com

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on December 15, 2008, or as soon thereafter as this matter can be heard before the Honorable Andrew J. Wistrich of the United States District Court for the Central District of California, at 255 E. Temple Street, Room 690, Los Angeles, California, 90012, Veoh Networks, Inc. ("Veoh") will and hereby does move for an order compelling plaintiff UMG Recordings, Inc. ("UMG") to identify works at issue in this lawsuit.

This Motion is brought on the grounds that more than a year after UMG filed this lawsuit--and just over a month from the January 12, 2009 discovery cut-off-- UMG has yet to identify the allegedly infringing works upon which this entire lawsuit rests. Such information is critical to allow Veoh to adequately prepare its defense, and indeed the Honorable Judge Matz has already granted the same discovery in a parallel action. Without this basic, and crucial, information, Veoh cannot investigate Plaintiffs' alleged claims, evaluate the scope of its potential exposure, or engage in meaningful settlement discussions. Specifically, Veoh moves for an order compelling UMG:

- to identify the copyrighted works and alleged infringements upon which this action is based by responding to Interrogatory Nos. 1, 2, and 3, and producing documents in response to Request for Production ("Request") No. 26.

Veoh originally pursued the discovery sought by this Motion pursuant to Local Rule 37 on August 25, 2008, but the Court denied that Motion without prejudice to be presented in a more manageable format. With the Court's approval, Veoh then presented the Motion pursuant to the expedited November 13, 2008 hearing schedule set forth in the Court's October 28, 2008 Order (Docket 193). On November 21, 2008, the Court issued an order stating that:

. . . the propositions asserted by Veoh are unexceptionable (e.g., that

UMG must identify the allegedly infringing works at some point, that

1

**VEOH'S NOTICE OF MOT. AND RENEWED MOT. TO COMPEL PLAINTIFFS TO IDENTIFY WORKS AT ISSUE; MEMO OF P'S & A'S     Case No. CV 07 5744 – AHM (AJWx)**

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

Veoh is entitled to documents to enable it to attempt to rebut the

presumption of UMG's ownership or control of the allegedly infringing

works in some meaningful way, etc.) . . .

November 21, 2008 Order (Docket 219).

The Court, however, denied Veoh's Motion without prejudice to its renewal with a more "adequate record." Specifically, the Court raised concerns that Veoh had not "included copies of the discovery requests and responses that are at issue," but instead incorporated the requests by reference from its previously filed Motion. *Id.* Veoh has addressed the procedural concerns raised by the Court's Order in this Renewed Motion, clarifying and including the full text of the requests and responses, in addition to copies of the requests at responses that seek this crucial identification information. (Declaration of Erin Ranahan in Support of Veoh Network Inc.'s Renewed Motions to Compel Plaintiff UMG to Identify Works At Issue and Produce Chain of Title/Rights Information Re Allegedly Infringed Works ("Ranahan Decl.") ¶¶ 2-3 and Exhs. A and B).

Veoh presents this Motion as a regularly noticed motion and not pursuant to the joint stipulation procedures of Local Rule 37 given the procedural background of this issue described above, and because the last Motion, which was permitted on an expedited schedule outside of the Local Rule 37 procedures, was denied solely on procedural grounds resolved herein (and not failure to comply with Local Rule 37). Because the discovery cut-off is January 12, 2009, and because the Honorable Judge Wistrich has closed hearing dates between December 22, 2008 and January 12, 2009, today (November 24) is the last day to serve regular notice of this Motion such that relief can be granted sufficiently in advance of the discovery cut-off, which is required to comply with the Scheduling Order of the Honorable Judge Matz. If Veoh were required to re-file this Motion under the joint stipulation procedures of Local Rule 37, given the discovery cut-off, Veoh would not have the opportunity to re-file this Motion to present a more adequate record in accordance with this Court's November 21 Order.

The parties have met and conferred extensively in good faith in an attempt to resolve this dispute as required by Local Rule 37-1. Declaration of Rebecca Lawlor Calkins ¶ 2 ("Calkins Decl."). This Motion is based on this Motion and Notice of Motion, the Calkins Decl., the exhibits thereto, Veoh's Summary of Discovery Orders in the *MySpace/Grouper* Actions Relevant to Current Discovery Disputes (Docket 110), the supporting documents filed concurrently therewith, and upon such oral argument and submissions that may be presented at or before the hearing on this Motion.

Dated: November 24, 2008       **WINSTON & STRAWN LLP**


By     /s/ Erin R. Ranahan
       Michael S. Elkin
       Thomas P. Lane
       Jennifer A. Golinveaux
       Rebecca L. Calkins
       Erin R. Ranahan
       Attorneys for Defendant
       VEOH NETWORKS, INC.

# TABLE OF CONTENTS

Page(s)

**MEMORANDUM OF POINTS AND AUTHORITIES** ............................................. 1

**I.     INTRODUCTION** ......................................................................................... 1

**II.    UMG MUST IDENTIFY THE COPYRIGHTED WORKS AND ALLEGED INFRINGEMENTS UPON WHICH THIS ACTION IS BASED** ................................................................................................................. 2

    **A.     Requests At Issue: Interrogatory Nos. 1, 2 and 3 and Request No. 23** .................................................................................................................. 2

    **B.     UMG Must Identify the Specific Works and Alleged Infringements In Response to Interrogatory Nos. 1, 2, and 3 and Document Request No. 23** ............................................................. 5

    **C.     Judge Matz Has Ordered UMG To Promptly Identify Works In Similar Infringement Lawsuit** ..................................................... 8

    **D.     UMG Has No Excuse For Failing to Provide This Basic Information** ................................................................................................ 12

**III.   CONCLUSION** ........................................................................................... 14

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

VEOH'S NOTICE OF MOT. AND MOT. TO COMPEL PLAINTIFFS TO IDENTIFY WORKS AT ISSUE
AND PRODUCE CHAIN OF TITLE/RIGHTS INFO RE SAME; MEMO OF P'S & A'S
Case No. CV 07 5744 – AHM (AJWx)

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

*Chihuly, Inc. v. Kaindl,*
No. 05-1801 (JPD), 2006 U.S. Dist. LEXIS 2420 (W.D. Wash. 2006)...............7

*Elektra Entm't Group, Inc. v. Barker,*
551 F. Supp. 2d 234 (S.D.N.Y. 2008) ..................................................6

*Four Navy Seals & Jane Doe v. AP,*
413 F. Supp. 2d 1136 (S.D. Cal. 2005) ..............................................6

*Plunket v. Estate of Conan Doyle,*
No. 99-11006 (KMW), 2001 U.S. Dist. LEXIS 2001 (S.D.N.Y. Feb. 22, 2001) ........................................................................................6

**OTHER AUTHORITIES**

Fed. R. Civ. Proc. 33(d) .......................................................................3, 6

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.  INTRODUCTION

Although Plaintiffs filed this copyright infringement action over a year ago, they have refused to define the scope of this action by identifying the allegedly infringing works at issue.  Plaintiffs continue to refuse to provide this critical information even though Judge Matz ordered UMG to promptly produce *exactly the same information* in a similar action, *UMG Recordings, Inc. et al., v. Divx, Inc., et al.* Specifically, during the initial scheduling conference—before any discovery had been served—Judge Matz ordered UMG to identify all allegedly infringing works it was currently aware of within 28 days, and identify any remaining allegedly infringing works discovered within 119 days.  Judge Matz set these deadlines in The *DivX* Action to "avoid avoidable" discovery disputes (like this) and "especially avoid motion practice before the Magistrate Judge" (like Veoh was forced to engage in here).  (Calkins Decl. ¶ 3 and Exh. A, p.7:9-14).  Here, UMG should be ordered to immediately identify the infringing works upon which they base this lawsuit.

At this point, with only seven weeks left in discovery, Veoh has no way to determine whether UMG's infringement allegations amount to ten copyrights, or 10,000, or whether potential damages will be negligible or over a billion dollars.  This is the most basic and fundamental of requests, and one to which Veoh has been awaiting an answer for months.  UMG should be ordered to identify the works and alleged infringements at issue immediately.  For all of these reasons, the Court should order UMG to finally identify the works and infringements at issue in this case— which UMG has already been ordered to identify in The DivX Action—by responding to Veoh's Interrogatory Nos. 1, 2, and 3, and producing documents in response to Requests for Production No. 26, discovery which Veoh initially requested more than eight months ago, as detailed below.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

## II.  UMG MUST IDENTIFY THE COPYRIGHTED WORKS AND ALLEGED INFRINGEMENTS UPON WHICH THIS ACTION IS BASED

Not only does UMG has an affirmative obligation to identify the copyrighted works and alleged infringements upon which this action is based, Veoh served discovery more than eight months ago that specifically requested that UMG identify the copyrighted works at issue and alleged infringements--Interrogatory Nos. 1, 2, 3, and Requests for Production Nos. 26.  Plaintiffs provided responses on April 9, 2008 and refused to identify a single copyrighted work or alleged infringement.[1]  The specific interrogatories and requests for which Veoh seeks responses and information, and UMG's responses to such interrogatories and requests, are set forth below.[2]

### A.  Requests At Issue: Interrogatory Nos. 1, 2 and 3 and Request No. 23

**Interrogatory No. 1**:  Identify all copyrights owned by, or exclusively licensed to, you that you claim Veoh has infringed, and for each, specify whether Veoh's alleged infringement was direct, contributory, or vicarious;

**UMG's Response**:  UMG incorporates by reference each of its General Objections. UMG further objects to this interrogatory, which requires UMG to identify which works have been infringed, on the grounds that such request is unduly burdensome and that this information is within the possession, custody, and control of Veoh, and has not yet been produced. In particular, UMG objects that the discovery necessary to determine whether the infringement was direct, contributory, or vicarious, may be within Veoh's possession, custody, or control.  In addition, this interrogatory incorrectly assumes that Veoh provides UMG with the ability to comprehensively identify all instances of copyright infringement by and through Veoh.  In fact, while Veoh has that ability, UMG does not.  Indeed, it is Veoh and not

---

[2]  In addition to including the substance of Veoh's requests and UMG's responses at issue in this Motion, Veoh attaches a copy of the relevant portions of UMG's interrogatory responses and responses to requests for production as Exhibits A and B to the supporting Ranahan Decl.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

UMG, that possesses the most complete and accurate listing of copyrighted works that have 'been infringed by Veoh. UMG expects that Veoh will take appropriate efforts to identify and retain this information. Since UMG is unable to determine comprehensively which of its copyrights have been infringed by Veoh, information provided by UMG in response to this interrogatory is without waiver of any of UMG's rights and without prejudice to UMG's right to identify additional copyrighted works that have been infringed by Veoh when that information becomes available to UMG.

Subject to and without waiving the foregoing objections, UMG responds as follows: With the caveat that UMG's response to this interrogatory is not necessarily exhaustive, UMG will produce, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, relevant, non-privileged documents showing certain of its copyrighted works that UMG has been able to identify as having been infringed by Veoh for the limited period of time during which UMG performed a limited review of Veoh. Though discovery is ongoing, and reserving its right to supplement its response, pursuant to paragraphs 28-52 of the Complaint, UMG alleges direct, vicarious, and contributory liability as to each of the works identified in response to this Interrogatory.

**Interrogatory No. 2**: For each infringement for which you claim Veoh bears contributory or vicarious liability, identify the direct infringement from which the contributory or vicarious liability arises.

**UMG's Response**: UMG incorporates by reference each of its General Objections. UMG further objects to this interrogatory, which requires UMG to identify which works have been infringed, on the grounds that such request is unduly burdensome and that this information is within the possession, custody, and control of Veoh, and has not yet been produced. In addition, this interrogatory incorrectly assumes that Veoh provides UMG with the ability to comprehensively identify all instances of copyright infringement by and through Veoh. In fact, while Veoh has that ability, UMG does not. UMG expects that Veoh will take appropriate efforts to

identify and retain this information. Since UMG is unable to determine comprehensively which of its copyrights have been infringed by Veoh, information provided by UMG in response to this interrogatory is without waiver of any of UMG's rights and without prejudice to UMG's right to identify additional copyrighted works that have been infringed by Veoh when that information becomes available to UMG. Subject to and without waiving the foregoing objections, UMG responds as follows: Discovery has just begun, and much of the information needed to respond is within Veoh's possession, custody or control.  However, as a preliminary matter, UMG refers Veoh to the facts listed in paragraph 21 of the Complaint filed in this action.

**Interrogatory No. 3**:  For each direct infringement requested to be identified in Interrogatory No. 2, state all facts on which you base your claim that Veoh bears contributory or vicarious copyright infringement liability for such infringement.

**UMG's Response:**  UMG incorporates by reference each of its General Objections, as well as its objections to Veoh's Interrogatory No. 2. UMG objects to this interrogatory on the grounds that it is premature in that it calls for UMG to produce information regarding the factual basis of its claims before UMG has had the opportunity to complete its investigation of the facts or to conduct appropriate discovery into the factual basis of its claims.  Giving an accurate and full response to this interrogatory would be impossible at this time given that much of the information about which specific works have been infringed by Veoh is largely within Veoh's own possession, custody and control, and has not yet been produced.  Finally, the instruction to "state all facts" is overbroad and unduly burdensome.  Subject to and without waiving the foregoing objections, UMG responds as follows: Discovery has just begun, and much of the information needed to respond is within Veoh's possession, custody or control.  However, as a preliminary matter, UMG refers Veoh to the facts listed in paragraph 21 of the Complaint filed in this action.

4

**VEOH'S NOTICE OF MOT. AND RENEWED MOT. TO COMPEL PLAINTIFFS TO IDENTIFY WORKS AT ISSUE; MEMO OF P'S & A'S    Case No. CV 07 5744 – AHM (AJWx)**

**Request For Production No. 26**:  All documents concerning direct infringements of your copyrights claimed in this action, for which you allege Veoh is indirectly liable.

**UMG's Response:**  UMG incorporates by reference each of its General Objections, UMG' further objects to this request to the extent it calls for the production of privileged attorney-client communications, attorney work product, or otherwise privileged or protected material. UMG further objects that the request seeks information that is already in Veoh's possession, custody or control, or reasonably available to Veoh. UMG further objects to this request as vague and ambiguous as to what constitutes documents "concerning" these violations. UMG further objects to the extent that this request seeks documents that are not in UMG's possession, custody or control. UMG further objects to this request on the grounds that it is premature insofar as UMG has not yet been able to identify all of the specific works for which UMG alleges infringement in this action as the information to do so is possessed by Veoh and not UMG. As a result, the nonprivileged documents UMG produces in response to this request, if any, should not be construed as a representation by UMG that the works referred to in such documents constitutes a complete list of UMG's copyrighted works that have appeared on Veoh or as a representation that further factual investigation and discovery will not reveal more of UMG's copyrighted works that have appeared on Veoh. UMG further objects that this request calls for a legal conclusion.  Subject to and without waiving the foregoing objections, UMG will produce non-privileged responsive documents, if any, to the extent identified by a search of the files of specific employees and executives that UMG will identify utilizing specific search terms that UMG will identify.

**B.**  **UMG Must Identify the Specific Works and Alleged Infringements In Response to Interrogatory Nos. 1, 2, and 3 and Document Request No. 23**

5

VEOH'S NOTICE OF MOT. AND RENEWED MOT. TO COMPEL PLAINTIFFS TO IDENTIFY WORKS AT ISSUE; MEMO OF P'S & A'S    Case No. CV 07 5744 – AHM (AJWx)

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

To date UMG has failed to specifically identify *any* of the copyrighted works or alleged infringements at issue as requested in Interrogatory Nos. 1, 2, and 3 and Request for Production 26 (seeking all related documents). This information is critical to allowing the parties to frame this case, and allowing Veoh to defend this action. Plaintiffs offer to provide documents "showing certain of its copyrighted works" pursuant to Fed. R. Civ. Proc. 33(d) in response to Interrogatory No. 1 is entirely insufficient, as Veoh cannot be expected to sift through Plaintiffs' 1.3 million plus page document dump in an attempt to filter out the alleged works. Plaintiffs have refused to provide any substantive response to Veoh's Interrogatory Nos. 2 and 3 seeking identification of the alleged direct infringements for which UMG claims Veoh bears contributory or vicarious liability and the facts supporting each claim other than to refer Veoh to paragraph one of its original complaint, which merely sets forth certain features of Veoh the abstract without placing any such features within the context of any specific alleged infringement, and is no longer the operative complaint in this action.

A copyright plaintiff must notify defendant and the Court early in the proceedings which specific works are at issue so that the defendant may properly respond to requests for discovery and, ultimately, for trial. *Cf. Elektra Entm't Group, Inc. v. Barker,* 551 F. Supp. 2d 234, 238 (S.D.N.Y. 2008) (finding that Rule 8's purpose, "to give fair notice of a claim and the grounds upon which it rests so that the opposing party may identify the nature of the case, respond to the complaint, and prepare for trial," was satisfied where the copyright plaintiff provided a "comprehensive list" of the works allegedly infringed).

Many courts require copyright plaintiffs to attach a complete list of the works potentially at issue to the complaint. *See Four Navy Seals & Jane Doe v. AP*, 413 F. Supp. 2d 1136, 1148 (S.D. Cal. 2005) (granting defendant's motion for a more definite statement and requiring plaintiffs to amend their complaint for lack of sufficient notice); *see also Plunket v. Estate of Conan Doyle,* No. 99-11006 (KMW),

2001 U.S. Dist. LEXIS 2001 (S.D.N.Y. Feb. 22, 2001) (requiring plaintiff to amend her complaint where the "multi-page schedule" of works attached thereto did not provide a complete list of the works potentially at issue). Even courts that do not require a comprehensive list at the time of filing insist that plaintiffs identify the universe of copyrighted works at issue to avoid "delay, notice issues, and … unnecessary cost to the parties." *Chihuly, Inc. v. Kaindl,* No. 05-1801 (JPD), 2006 U.S. Dist. LEXIS 2420 (W.D. Wash. 2006) (requiring plaintiff to notify defendant of the "universe of copyrighted works at issue in this litigation" within 3 months of the filing of the complaint).

In The *MySpace/Grouper* Actions,[3] this Court recognized the importance of this basic information from the very beginning, although it subsequently narrowed the documents required for production. During an October 29, 2007 hearing, the Court noted its "surprise" that UMG had refused to identify copyrights at issue, and recognized how "absolutely basic" UMG's obligations were to produce "chain of title and ownership information:"

> Another thing that I'm going to pick on UMG a little bit here because it's . . . foremost on my mind. But I was very surprised to see the Plaintiff in this case balking at identifying the copyrights at issue, and balking at revealing all the information about chain of title and ownership, and right to sue them. . . . To me, that's absolutely basic . . . in an intellectual property infringement case. We have to know what we're talking about.

(Declaration of Erin R. Ranahan filed in support of Veoh's Summary of Discovery Orders in *MySpace/Grouper* Actions Relevant to Current Discovery Disputes (Docket 112)("Ranahan Decl."), ¶ 2 and Exh. A at p. 5: 13-22; (10/29/07 Transcript).

---

[3] "The *MySpace/Groper* Actions" refer to *UMG Recordings, Inc., et al. v. MySpace, Inc.*, CV 06-07361 and *UMG Recordings, Inc., et al., v. Grouper Networks, Inc., et al.*, CV 06-06561.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

1   UMG cannot reasonably dispute that it has an obligation to produce the

2 information sought by Interrogatory Nos. 1-3 and Request No. 26, especially now on

3 the eve of the discovery cut-off.[4]  Plaintiffs should not be permitted to continue to hide

4 behind excuses and procedural complaints in refusing to define the scope of their

5 lawsuit.  Plaintiffs should be required to immediately provide this information.

6  **C.**  **Judge Matz Has Ordered UMG To Promptly Identify Works In**

7     **Similar Infringement Lawsuit**

8   In a similar lawsuit, *UMG Recordings, Inc. et al., v. Divx, Inc., et al.,* (Case No.

9 CV07-6385-AHM (AJWx) ("The *Divx* Action"), Judge Matz recently ordered UMG

10 to promptly identify allegedly infringing files with corresponding URL information to

11 prevent unnecessary discovery disputes.  During the August 25, 2008 initial

12 scheduling conference in The *Divx* Action*,* before any discovery was even

13 propounded, Judge Matz specifically described the significance of early production of

14 the identity of the works in an infringement action like this one (calling it an

15 "important" and "threshold" issue).  (Calkins Decl. ¶ 3 and Exh. A, p. 6:14-16).  Judge

16 Matz recognized that the same information sought by this Motion would "set the

17 contours for what the dispute is about" and well as define the "outside limit on

18 potential issues of liability and corresponding damages."  (*Id.* at p. 7:17-25).  Judge

19 Matz also set forth concerns if such information was not promptly produced

20 (including "sideshows" and unnecessary discovery disputes):

21

22  **Judge Matz**:  . . . let's address this threshold issue or at least this

23   important issue of specification of infringed works.  I construe that in 30

24

---

25 [4] Veoh filed a regularly noticed motion regarding this issue in accordance with the
procedures of Local Rule 37, but this motion also covered Plaintiffs' numerous

26 additional discovery deficiencies.  Due to the extensive discovery failures raised by
Veoh within one motion, the Court denied Veoh's prior motion to compel without

27 prejudice, inviting Veoh to renew its motion in a more manageable format.  Given the
critical nature of the information sought by this Motion, Veoh requested, and the

28 Court granted, an expedited briefing schedule.  That Motion was denied without
prejudice to re-file with a more "adequate record," which is what Veoh does herein.

days of today, you're prepared to identify the works that you claim to own the copyright in which you know have been infringed, right?

**UMG's Counsel**: Correct.

**Judge Matz:** We'll make it 28 days from today . . . So I'm ordering that as to the works that, regardless of whatever the discovery from DivX may show, UMG currently or by 28 days from now knows or knows part of the array of allegedly identified works, that those be identified and fully identified.

. . .

Now, in other cases. . . there has been varying lengths of time before which I've imposed a deadline for the specification of the infringed works. And the deadline specification contemplates that that will be the outside limit on potential issues of liability and corresponding damages. It . . . sets the contours for what the dispute is all about.

. . .

Because I definitely will impose that obligation on UMG. I'm not going to permit amendments. I'm not going to permit specifications right up to the date of trial.

. . .

it will be 17 weeks  --that's 119 days-- that UMG has to identify the works that it alleges were infringed by the defendant and provide available correspondence of proof of ownership as to those works. . . (Calkins Decl. ¶ 3 and Exh. A, pp. 6:14-12:18).

The Court also made clear that UMG's identification should include URL information for the alleged infringing videos:

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

**Defendants' Counsel:** . . . it's important from our perspective to know what it is on [the defendant's] service that the plaintiffs contend was infringing, the U-R-L or URL at which a supposedly infringing clip was located is important because if they just say, well, it's this work, we have no idea within the universe of hundreds of thousands or millions of clips on the service where it is they contend it appeared or why they contend it's infringing. So in the YouTube/Viacom case, what the plaintiffs have been doing—have been ordered to do is to identify the copyrighted work and then the URL at which the alleged infringement exists so that it's easy for us to compare and say, oh, yes, I see that you contend it's this song, and this song appears to show up in the video.

**Judge Matz:** I understand what you're saying, and I am sure [Plaintiffs' counsel] understand it as well. They're going to be giving you this information based upon what they have independent of what you've produced. It's undoubtedly going to be consistent with that ability and that requirement that they specify the URL because that's how they got it. Am I not right?

**UMG's Counsel:** That would be a fair assumption going forward. In terms of exactly –whether we have it all in that form today for those we're are aware of today, that, I can't represent one way or the other, but I understand what –

**Judge Matz:** Eventually, you're going to have to.

**UMG's Counsel:** . . . Yes, I understand.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

**Judge Matz:**                You're going to have to do that.  And, in fact, that would be an obligation in order to—I think.  I'm not making a definitive ruling on this—in order to carry out your DMCA obligations anyway.  So I think that's something that plaintiffs and entities in your client's position are expecting to have to do no matter what, so. . . URL identification will be in both sides' interests.  Okay?  You have a problem with the material you get on this rolling basis, then pick up the phone . . . I don't want this to disintegrate into the sideshow I've seen in too many of these infringement case[s].  And I know that Judge Wistrich, who is the Magistrate Judge who will have to resolve it at the first blush in discovery disputes, is very busy, very hardworking.  Some, I'm going to take away from him.

(*Id.* at pp. 14:7-16:7).

Thus, not only did Judge Matz order UMG to identify all currently known alleged infringements within 28 days of the initial scheduling conference in The *Divx* Action, Judge Matz ordered UMG to identify the remaining discovered alleged infringements within 119 days.  Plaintiffs filed this action over a year ago and have yet to identify any of the allegedly infringing works at issue with the exception of the five purportedly representative works identified for the first time in Plaintiffs' pending motion for partial summary judgment. Notably, despite having received no notice from Plaintiffs, Veoh had independently disabled access to all five examples cited in Plaintiffs' motion back in 2007.  Simons Decl.¶ 6 (Docket 148).  Two of the videos were terminated in response to DMCA notices Veoh received from a trade organization called the Recording Industry Association of America.  *Id.*  The other three videos were also independently terminated by Veoh.  *Id.*

UMG should be ordered to immediately identify all copyrights claimed in this action in response to Interrogatory No. 1 and all alleged infringements in response to

Interrogatory No. 2 and 3 and Request for Production 26. Judge Matz recognized in The *DivX* Action that UMG must specify URL information to make identification of alleged infringements meaningful. So that Veoh can locate the allegedly infringing files, UMG's identification in response to Interrogatory Nos. 1-3 should include specifically: (i) the name or other unique identifier and Copyright Registration No. of the allegedly infringed work; and (ii) the Veoh Video ID and Permalink (which is the corresponding URL for a specific video) for each video that allegedly infringes that work for which Plaintiffs claim Veoh bears liability. Like Judge Matz recognized in The DivX Action, any meaningful identification of the alleged infringements must include this basic information.

### D. UMG Has No Excuse For Failing to Provide This Basic Information

Plaintiffs have made excuse after excuse attempting to justify their failure to produce this most basic information. Plaintiffs have always had access to the publicly available video files on Veoh, and should have been able to at least identify, from the outset of the lawsuit, any allegedly infringing works that were publicly accessible. With respect to videos to which Veoh had terminated access ("cancelled") for copyright or other reasons, Veoh provided Plaintiffs access to all of its video files including cancelled videos on September 5, 2008. Nonetheless, Plaintiffs have failed to identify a single allegedly infringing video file. Plaintiffs are engaging in nothing more than delay tactics and seek to have this "disintegrate" into precisely the type of "sideshow," Judge Matz specifically ordered UMG to avoid in The *DivX* Action.

Plaintiffs have no justification for failing to identify a single copyrighted work or single infringing video file. The video files uploaded to Veoh are publicly available to any user including Plaintiffs. With respect to files to which Veoh cancelled access based upon its DMCA policy, filtering or otherwise, Veoh provided Plaintiffs with secure access to all video files, including cancelled files, nearly three months ago, and despite their attempts to create a smokescreen to justify their own discovery failures,

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

Plaintiffs have not raised a single issue about any delayed or hindered access with the Court.

While, in earlier filings, Plaintiffs claim that Veoh hindered their access to video files, Plaintiffs entirely misrepresented this issue. First, Plaintiffs claimed that although they were able to access all of the video files in the file format in which they were uploaded, Veoh failed to adequately provide access to all Flash format versions of such files. Although Plaintiffs waited almost a month after receiving access to Veoh's video files to raise this issue, Veoh fully resolved the issue for Plaintiffs within a week of their raising the issue. (Ranahan Decl. ¶¶ 8-9 and Exhs. G-H).

Plaintiffs also claimed that Veoh "unilaterally terminated" their secure access to the video files at one point. On October 9, 2008, more than a month after initially providing Plaintiffs with access to the video files, Veoh's counsel sent Plaintiffs' counsel an urgent email explaining that Plaintiffs' software was using the secured access to access the video database in excess of 60 times per second, which was overloading Veoh's entire system. (Ranahan Decl. ¶ 4 and Exh. C). Veoh's counsel asked Plaintiffs' counsel to confirm whether Plaintiffs were able to limit the access to one file per second, and explained that Veoh would have to terminate Plaintiffs' secure private access until the issue could be resolved. Plaintiffs refused to respond at all for nearly two weeks, forcing Veoh to send two additional letters, and finally threaten to take the issue before the Court, at which point Plaintiffs finally responded that they would agree to abide by compromise access terms proposed by Veoh (allowing them to access the video files ten times per second during off peak hours and once per second during peak hours). *Id.* at ¶¶ 4-7 Exhs. C-F. Veoh restored Plaintiffs' access that same day.

Plaintiffs' latest apparent excuse for refusing to identify the works at issue is that they lack certain information associated with Audible Magic filtering. On October 27, 2008, Plaintiffs filed an *ex parte* application seeking an order requiring Veoh to capture volumes of data that exists only momentarily in RAM on Veoh's system as

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

1    Audible Magic's system processes videos, and has no clear relevance to this case.  The

2    Court ordered Veoh to retain such information prospectively.  (Docket 217).  The

3    additional data at issue however, does not contain fields necessary for UMG to

4    identify its own allegedly infringing works.  Surely UMG does not contend that it has

5    been unable to identify a single infringement because it does not have access to all

6    metadata maintained by third party Audible Magic.

7         In short, none of Plaintiffs' manufactured complaints about Veoh's production

8    of video files should prevent UMG from identifying its own alleged copyrighted

9    works and the allegedly infringing video files, and can certainly provide no excuse for

10   having failed to identify a single work or video file to date.

11        On October 24, 2008, after it became abundantly clear that Plaintiffs intended

12   to entirely stonewall providing information identifying the infringements at issue in

13   response to Veoh's original interrogatories (served nine months earlier), Veoh

14   requested through an interrogatory specific identifying information about the allegedly

15   infringing works.   UMG cannot use this as an excuse to avoid producing the most

16   specific identifying information now, however, including the name or other unique

17   identifier of the allegedly infringed work and Veoh Video ID number.  Indeed, it is

18   clear from Judge Matz' comments at the 8/25 hearing that such information is

19   expected as part of the identification of works in any event, before discovery had even

20   been propounded.  Further, the information sought would be responsive to Veoh's

21   Interrogatory No. 2 ("for each infringement for which you claim Veoh bears

22   contributory or vicarious liability, identify the direct infringement from which the

23   contributory or vicarious liability arises"), for which Plaintiffs served its response on

24   April 9, 2008.  Interrogatory No. 2 is indisputably long overdue, and is specifically at

25   issue and addressed in this  Motion.

26   **III.   CONCLUSION**

27        Veoh respectfully requests that the Court order UMG to immediately identify

28   the copyrighted works and allegedly infringing video files upon which this lawsuit is

based, in response to Interrogatory Nos. 1, 2, 3 and Request for Production 26.

Dated: November 24, 2008          **WINSTON & STRAWN LLP**

By     /s/ Erin R. Ranahan           
            Michael S. Elkin
            Thomas P. Lane
            Jennifer A. Golinveaux
            Rebecca L. Calkins
            Erin R. Ranahan
            Attorneys for Defendant
            VEOH NETWORKS, INC.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

**VEOH'S NOTICE OF MOT. AND RENEWED MOT. TO COMPEL PLAINTIFFS TO IDENTIFY WORKS AT ISSUE; MEMO OF P'S & A'S      Case No. CV 07 5744 – AHM (AJWx)**