1   Rebecca Lawlor Calkins (SBN: 195593)
    Email: rcalkins@winston.com
2   Erin R. Ranahan (SBN: 235286)
    Email: eranahan@winston.com
3   **WINSTON & STRAWN LLP**
    333 South Grand Avenue, 38th Floor
4   Los Angeles, CA 90071-1543
    Telephone: 213-615-1700
5   Facsimile:  213-615-1750

6   Jennifer A. Golinveaux  (SBN 203056)
    Email: jgolinveaux@winston.com
7   **WINSTON & STRAWN LLP**
    101 California Street
8   San Francisco, CA  94111
    (415) 591-1506 (Telephone)
9   (415) 591-1400 (Facsimile)

10  Michael S. Elkin  (*pro hac vice*)
    Email: melkin@winston.com
11  Thomas P. Lane  (*pro hac vice*)
    Email: tlane@winston.com
12  **WINSTON & STRAWN LLP**
    200 Park Avenue
13  New York, New York  10166
    (212) 294-6700 (Telephone)
14  (212) 294-4700 (Facsimile)

15  Attorneys for Defendant
    VEOH NETWORKS, INC.

16
                    **UNITED STATES DISTRICT COURT**
17
                    **CENTRAL DISTRICT OF CALIFORNIA**
18
                          **WESTERN DIVISION**
19
    UMG RECORDINGS, INC., *et al.*,          ) **Case No. CV 07 5744 – AHM (AJWx)**
20                                           )
              Plaintiffs,                    ) Discovery Matter
21                                           )
         vs.                                 ) **VEOH'S NOTICE OF MOTION AND**
22                                           ) **RENEWED MOTION TO COMPEL**
    VEOH NETWORKS, INC. *et al.*,            ) **PLAINTIFF UMG TO PRODUCE**
23                                           ) **CHAIN OF TITLE/RIGHTS**
              Defendants.                    ) **INFORMATION RE ALLEGEDLY**
24                                           ) **INFRINGED WORKS;**
                                             ) **MEMORANDUM OF POINTS AND**
25                                           ) **AUTHORITIES**
                                             )
26                                           ) Hearing: 12/15/08  10:00 a.m.
                                             ) Discovery Cut off:  1/12/09
27  ─────────────────────────────────────── )

28

**Winston & Strawn LLP**
333 South Grand Avenue
Los Angeles, CA 90071-1543

─────────────────────────────────────────────────────────────
**VEOH NOTICE OF MOT. AND RENEWED MOT. TO COMPEL PLAINTIFFS PRODUCE CHAIN OF
TITLE/RIGHTS INFO RE ALLEGEDLY INFRINGED WORKS; MEMO OF P'S & A'S
Case No. CV 07 5744 – AHM (AJWx)**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on December 15, 2008, or as soon thereafter as this matter can be heard before the Honorable Andrew J. Wistrich of the United States District Court for the Central District of California, at 255 E. Temple Street, Room 690, Los Angeles, California, 90012, Veoh Networks, Inc. ("Veoh") will and hereby does move for an order compelling plaintiff UMG Recordings, Inc. ("UMG") to produce chain of title/rights information about the allegedly infringing works at issue in this action.

This Motion is brought on the grounds that more than a year after Plaintiffs filed this lawsuit--and little more than a month from the January 12, 2009 discovery cut-off--Plaintiffs have refused to produce documents to substantiate their rights to allegedly infringing works. Such information is crucial to allow Veoh to adequately prepare its defense, and has repeatedly been ordered to be produced in multiple other cases. Without this basic, and crucial, information, Veoh cannot investigate Plaintiffs' alleged claims, evaluate the scope of its potential exposure, or engage in meaningful settlement discussions. Specifically, Veoh moves for an order compelling Plaintiffs to:

- allow Veoh a meaningful opportunity to rebut the presumption of ownership by responding to Interrogatory No. 23 and producing documents in response to Request Nos. 4, 6, 43, 44, 49, 65, 66, and 67.

The discovery sought by this Motion was originally brought pursuant to Local Rule 37 on August 25, 2008, but the Court denied the Motion without prejudice to be presented in a more manageable format. With the Court's approval, Veoh then presented the Motion pursuant to the expedited November 13, 2008 hearing schedule set forth in the Court's October 28, 2008 Order (Docket 193). On November 21, 2008, the Court issued an order stating that:

. . . the propositions asserted by Veoh are unexceptionable (e.g., that

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

UMG must identify the allegedly infringing works at some point, that Veoh is entitled to documents to enable it to attempt to rebut the presumption of UMG's ownership or control of the allegedly infringing works in some meaningful way, etc.) . . .

November 21, 2008 Order (Docket 219).

The Court, however, denied Veoh's Motion without prejudice to its renewal with a more "adequate record." Specifically, the Court raised concerns that Veoh had not "included copies of the discovery requests and responses that are at issue," but instead incorporated the requests by reference from its previously filed Motion. *Id.* Veoh has addressed the procedural concerns raised by the Court's Order in this Renewed Motion, clarifying and including the full text of the requests and responses, in addition to copies of the requests at responses that seek this crucial identification information. (Declaration of Erin Ranahan in Support of Veoh Network Inc.'s Renewed Motions to Compel Plaintiff UMG to Identify Works At Issue and Produce Chain of Title/Rights Information Re Allegedly Infringed Works ("Ranahan Decl.") ¶¶ 2-3 and Exhs. A and B).

Veoh presents this Motion as a regularly noticed motion and not pursuant to the joint stipulation procedures of Local Rule 37 given the background of this issue described, and because the last Motion, which was permitted on an expedited schedule outside of the Local Rule 37 procedures, was denied solely on procedural grounds resolved herein (and not upon a failure to comply with Local Rule 37). Because the discovery cut-off is January 12, 2009, and because the Honorable Judge Wistrich has closed hearing dates between December 22, 2008 and January 12, 2009, today (November 24) is the last day to serve notice of this Motion such that relief can be granted sufficiently in advance of the discovery cut-off, which is required to comply with the Scheduling Order of the Honorable Judge Matz. If Veoh were required to re-file this Motion under the joint stipulation procedures of Local Rule 37, given the

VEOH NOTICE OF MOT. AND RENEWED MOT. TO COMPEL PLAINTIFFS PRODUCE CHAIN OF
TITLE/RIGHTS INFO RE ALLEGEDLY INFRINGED WORKS; MEMO OF P'S & A'S
Case No. CV 07 5744 – AHM (AJWx)

1  discovery cut-off, Veoh would not have the opportunity to re-file this Motion to

2  present a more adequate record in accordance with this Court's November 21 Order.

3      The parties have met and conferred extensively in good faith in an attempt to

4  resolve this dispute as required by Local Rule 37-1.  Declaration of Rebecca Lawlor

5  Calkins in Support of Veoh Network Inc.'s Renewed Motions to Compel Plaintiff

6  UMG to Identify Works At Issue and Produce Chain of Title/Rights Information Re

7  Allegedly Infringed Works ("Calkins Decl.") ¶ 2.  This Motion is based on this

8  Motion and Notice of Motion, the Declaration of Thomas P. Lane in Support of Veoh

9  Network Inc.'s Renewed Motion to Compel Plaintiff UMG to Produce Chain of

10 Title/Rights Information Re Allegedly Infringed Works "(Lane Decl."), the Calkins

11 Decl., the exhibits thereto, Veoh's Summary of Discovery Orders in the

12 *MySpace/Grouper* Actions Relevant to Current Discovery Disputes (Docket 110), the

13 supporting documents filed concurrently therewith, and upon such oral argument and

14 submissions that may be presented at or before the hearing on this Motion.

15

16 Dated:  November 24, 2008      **WINSTON & STRAWN LLP**

17

18                    By    /s/ Erin R. Ranahan
                           Michael S. Elkin
19                         Thomas P. Lane
                           Jennifer A. Golinveaux
20                         Rebecca L. Calkins
                           Erin R. Ranahan
21                         Attorneys for Defendant
                           VEOH NETWORKS, INC.

22

23

24

25

26

27

28

iii

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

I.     INTRODUCTION ............................................................................ 1

II.    UMG SHOULD BE ORDERED TO PROVIDE DISCOVERY
       RELATING TO ITS RIGHTS IN THE WORKS AT ISSUE ...................... 3

       A.     The Disputed Requests ..................................................... 3

       B.     Evidence Regarding Chain of Title and Rights Information Is
              Critical to Veoh's Defense ............................................... 11

              1.     The Presumption Should Not Be Irrebuttable ............... 11

              2.     The Absence of Burden to UMG; the Compelling Harm to
                     Veoh ............................................................... 14

              3.     This Inquiry is Effective and Common ........................ 16

              4.     The Scope of the Challenge .................................... 17

              5.     Contrary to Plaintiffs' Flawed Assertion, Veoh Undoubtedly
                     Has Standing To Challenge Assignments Between UMG
                     and its Artists and/or Composers ............................ 20

       C.     Judge Matz Ordered UMG to Promptly Produce Ownership
              Evidence In Similar Infringement Lawsuit ........................... 22

       D.     This Court Recognized the Relevance of Ownership Evidence ........... 23

III.   CONCLUSION ............................................................................ 25

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

i

# TABLE OF AUTHORITIES

Page(s)

CASES

*AMC Film Holdings LLC v. Rosenberg*,
   No. 03 Cv. 3835, 2005 WL 2105792, at *4-5 (E.D.N.Y. Aug. 31, 2005) .........19

*Big East Entm't, Inc. v. Zomba Enter., Inc.*,
   453 F. Supp. 2d 788 (S.D.N.Y. 2006) .................................................12

*Coles v. Wonder*,
   283 F.3d 798 (6th Cir. 2002) ........................................................19

*Durham Indus., Inc. v. Tomy Corp.*,
   630 F.2d 905 (2d Cir. 1980) .........................................................12

*Eden Toys, Inc.* v. *Florelee Undergarment Co.*,
   697 F.2d 27 (2d Cir. 1982) .......................................................21, 22

*EZ-TIXZ, Inc. v. HIT-TIX, Inc.*,
   919 F.Supp. 728 (S.D.N.Y. 1996) ....................................................12

*Feist Publ'ns., Inc. v. Rural Tel. Serv. Co., Inc.*,
   499 U.S. 340 (1991)..................................................................11

*Hamil Am., Inc. v. GFI*,
   193 F.3d 92 (2d Cir. 1999) ..........................................................11

*In re Napster, Inc. Copyright Litig.*,
   191 F.Supp.2d 1087 (N.D. Cal. 2002)............................................passim

*Magnuson v. Video Yesteryear*,
   85 F.3d 1424 (9th Cir. 1996) .....................................................21, 22

*Morris v. Bus Concepts, Inc.*,
   259 F.3d 65 (2d Cir. 2001) ..........................................................19

*Motta v. Samuel Weiser, Inc.*,
   768 F.2d 481 (1st Cir. 1985).......................................................18, 19

*Radio Television Espanola S.A. v. New World Entm't, Ltd.*,
   183 F.3d 922 (9th Cir. 1999).........................................................21

ii

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

*Silberman v. Innovation Luggage, Inc.*
   01 Civ. 7109 (GEL), 2003 WL 1787123 (S.D.N.Y April 3, 2003) .................12

*Techniques, Inc., v. Rohn,*
   592 F. Supp. 1195 ...........................................................................................12

*Twin Peaks Prods., Inc. v. Publ'ns. Int'l, Ltd.,*
   996 F.2d 1366 (2d Cir. 1993) ......................................................................11

*UMG Recordings, Inc. v. MP3.com, Inc.*
   No. 00 Civ. 472, 2000 U.S. Dist. Lexis 13293, *18 (S.D.N.Y Sept. 6, 2000)...16

*Warran v. Fox Family Worldwide, Inc.,*
   328 F.3d 1136 (9th Cir. 2003) .....................................................................12

*Yash*, 2006 WL 3257215, at *1 (E.D.N.Y. Nov. 9, 2006).....................................13


**STATUTES**

17 U.S.C. § 106 ........................................................................................................10

17 U.S.C. § 201(b) ...................................................................................................18

17 U.S.C. §204(a) ...............................................................................................18, 19

17 U.S.C. § 410(c) .............................................................................................11, 13

17 U.S.C. §501(b) ....................................................................................................18

17 U.S.C. § 504(c)(2) ...............................................................................................14


**OTHER AUTHORITIES**

5 *Patry on Copyright* § 17:89 (2008) ................................................................11, 19

6 *Patry on Copyright* § 21:7 ...................................................................................12

iii

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Although Plaintiffs filed this copyright infringement action over a year ago, they have refused to produce documents sufficient to enable to rebut UMG's presumption of ownership in a meaningful way.  Plaintiffs continually refuse to provide this critical information even though Judge Matz recently ordered UMG to promptly produce *exactly the same information* in a similar action, *UMG Recordings, Inc. et al., v. Divx, Inc., et al* ("The *DivX* Action"), and this Court recently (in denying the Motion on procedural grounds) characterized the seeking of this information as "unexceptionable" because "Veoh is entitled to documents to enable it to attempt to rebut the presumption of UMG's ownership or control of the allegedly infringing works in some meaningful way, etc."  Even Plaintiffs have recognized the importance of documents sought by this Motion, where UMG's Counsel, Mr. Marenberg has acknowledged that "**the most important document in the chain of title is the recording agreement, which gives us rights to the copyright**."  (Calkins Decl. ¶ 6 and Exh. D. (11/7 Hearing in *MySpace/Grouper* Actions[1] at p. 108: 18-20).

Specifically, during the initial scheduling conference in The *DivX* Action—before any discovery had been propounded—Judge Matz ordered UMG to produce rights information about the allegedly infringing works it was currently aware of within 28 days, and then produce the same information with respect to the additional discovered infringements within 119 days.  Judge Matz set these deadlines in The *DivX* Action to "avoid avoidable" discovery disputes (like this) and "especially avoid motion practice before the Magistrate Judge" (like Veoh was forced to engage in here).  (Calkins Decl. ¶ 3 and Exh. A, p.7:9-14).  Here, Plaintiffs should be ordered to promptly produce chain of title and rights information relating to the allegedly

---

[1] The MySpace/Grouper Actions" refer to UMG Recordings, Inc., et al. v. MySpace, Inc., CV 06-07361 and UMG Recordings, Inc., et al., v. Grouper Networks, Inc., et al., CV 06-06561.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

infringed works.

As first addressed in Veoh's Summary of Discovery Orders in *MySpace/Grouper* Actions Relevant to Current Discovery Disputes (Docket 110),[2] and again herein, permitting Veoh to meaningfully investigate Plaintiffs' purported rights in the allegedly infringing works is essential to preparing Veoh's defense. The presumption of copyright ownership is not irrebuttable and any alleged burden upon Plaintiffs would be minor and outweighed by the compelling harm to Veoh if it is not allowed to investigate Plaintiffs' purported ownership. Such inquiries into copyright ownership are standard and commonplace in infringement actions, and recognized, for example, in *Napster* where the court ordered production of chain of title documents in a mass copyright infringement action and noted that "refusing to allow any discovery on the issue of ownership converts the presumption of ownership into an irrebuttable one." *In re Napster, Inc. Copyright Litig.*, 191 F.Supp.2d 1087, 1100 (N.D. Cal.

---

[2] On August 25, 2008, the Court ordered the parties to file briefs within one week setting forth prior discovery rulings within the related cases The *MySpace/Grouper* Actions, and inviting the parties to present "very, very good" reasons for why any order should not continue in effect in this case. Veoh's Supplemental Brief presented fourteen separate rulings from the *MySpace/Grouper* Actions—ten that related to Defendants' Motion to Compel and six that related to UMG's Motion to Compel (two related to both) (Docket No. 110). Unlike Veoh, UMG was an actual party to the prior actions, but UMG's Supplemental Brief discussed only six total rulings—all six issues related to UMG's Motion. (Docket No. 109). UMG conveniently cherry-picked only those decisions and orders in its favor, failing to acknowledge a single ruling against it. UMG argued that "most" of Court's orders in the *MySpace/Grouper* Actions "have little application here." (UMG's Supplemental Brief (Docket 109) p. 6:3-5).

Of the fourteen orders that Veoh identified in its brief from the *MySpace/Grouper* Actions, Veoh only took issue with one such order, and provided "very, very good" reasons why the court should reconsider its rulings. (Docket 110). Veoh's chief issue with the Court's earlier rulings in the *MySpace/Grouper* Actions concerns limitations placed on discovery related to Plaintiffs' ownership of the copyrights in question. *Id.*

Plaintiffs purported to "object" to Veoh's discussion of this issue in this Summary of Discovery Orders in *MySpace/Grouper* Actions on procedural grounds, insisting that "the appropriate place to address such matters is in connection with a properly submitted motion, not in an after-the-fact 'supplemental' brief." (UMG's Objections (Docket 121), p. 2:25-26). Plaintiffs also stated that "should Veoh wish to brief the issues raised, it should do so through a properly noticed motion." (*Id.* at pp. 1:28-2:1). Veoh thus presents these arguments in this motion.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

---

**VEOH NOTICE OF MOT. AND RENEWED MOT. TO COMPEL PLAINTIFFS PRODUCE CHAIN OF TITLE/RIGHTS INFO RE ALLEGEDLY INFRINGED WORKS; MEMO OF P'S & A'S**
**Case No. CV 07 5744 – AHM (AJWx)**

2002).  The arguments advanced by Plaintiffs to avoid such a standard inquiry have been repeatedly rejected by courts.  *See, In re Napster Copyright Litigation,* 191 F.Supp. 2d  1087, 1099 (N.D. Cal. 2002) (rejecting same string cite UMG relies on here to suggest that Veoh has no standing to seek ownership documents).

For all of these and the foregoing reasons, the Court should order UMG to produce chain of title and rights information relating to the allegedly infringed works by responding to Interrogatory No. 23 and producing documents in response to Request Nos. 4, 6, 43, 44, 49, 65, 66, and 67.

## II. UMG SHOULD BE ORDERED TO PROVIDE DISCOVERY RELATING TO ITS RIGHTS IN THE WORKS AT ISSUE

### A.    <u>The Disputed Requests</u>

Veoh has sought information and documents to allow Veoh a meaningful opportunity to rebut the presumption of ownership through Interrogatory No. 23 and Request Nos. 4, 6, 43, 44, 49, 65, 66, and 67, to which UMG responded on April 9, 2008:[3]

**Interrogatory No. 23:** Describe in detail each instance in which any person has questioned or disputed your rights, ownership, co-ownership, administration or control of any of the allegedly infringed works for which you seek relief in this action.

**UMG's Response:**   UMG incorporates by reference each of its General Objections. UMG objects to this interrogatory which requires UMG to identify which of these works has been infringed, and for which UMG seeks relief in this action, on the grounds that such request is unduly burdensome and that this information is within the possession, custody, and control of Veoh.  UMG has not yet identified every copyrighted work for which it will seek relief in this lawsuit.  Indeed, it is Veoh and not UMG, that possesses the most complete and accurate listing of copyrighted works that have been infringed by Veoh.  UMG expects that Veoh will take appropriate

---

[3]Plaintiffs attach copies of UMG's responses to Veoh's requests, as well as an appendix containing just the discovery requests and responses at issue in this Motion.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

efforts to identify and retain this information. UMG further objects to this interrogatory on the grounds that it is unduly burdensome, overbroad, and seeks information neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence insofar as whether or not any "person" {a term which is also so broad that it renders this interrogatory independently unreasonable) has in the past disputed UMG's ownership, co-ownership, administration or control of, or other rights to, any copyrighted work for which UMG seeks relief in this lawsuit is irrelevant to the claims or defenses of the parties in this action. UMG further objects to the definition of "persons" as overly broad and unduly burdensome.

**Request No. 4:** All documents concerning any communications between you and the United States Copyright Office concerning the allegedly infringed works for which you seek relief in this action, including, but not limited to, all applications to register such works.

**UMG's Response:** UMG incorporates by reference each of its General Objections. UMG further objects to this request on the grounds that it is premature insofar as UMG has not yet been able to identify all of the specific works for which UMG alleges infringement in this action as the information to do so is possessed by Veoh and not UMG. As a result, the nonprivileged documents UMG produces in response to this request, if any, should not be construed as a representation by UMG that the works referred to in such documents constitutes a complete list of UMG's copyrighted works that have appeared on Veoh or as a representation that further factual investigation and discovery will not reveal more of UMG's copyrighted works that have appeared on Veoh. UMG further objects that the request is vague and ambiguous as to what constitutes documents "concerning" these communications. UMG further objects to the extent that this request seeks documents that are not in UMG's possession, custody or control. UMG further objects that this request is

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

overbroad, unduly burdensome, and seeks documents that are neither relevant to the

claims or defenses of any party nor reasonably calculated to lead to the discovery of

admissible evidence.

Subject to and without waiving the foregoing objections, UMG will produce

imaged files of its copyright registrations and/or a list of such copyrights.

**Request No. 6:** All documents concerning assignments or licenses of

copyrights claimed by you in this action.

**UMG's Response:** UMG incorporates by reference each of its General

Objections. UMG objects to this request as overbroad and unduly burdensome in

seeking documents that are not relevant to the claims and defenses in this action, nor

reasonably calculated to lead to the discovery of admissible evidence. UMG further

objects to this request on the grounds that it is premature insofar as UMG has not yet

been able to identify all of the specific copyrights for which UMG alleges

infringement in this action as the information to do so is possessed by Veoh and not

UMG. As a result, the nonprivileged documents UMG produces in response to this

request, if any, should not be construed as a representation by UMG that the works

referred to in such documents constitutes a complete list of UMG's copyrighted works

that have appeared on Veoh or as a representation that further factual investigation

and discovery will not reveal more of UMG's copyrighted works that have appeared

on Veoh. Moreover, giving an accurate and full response to this request would be

impossible at this time given that much of the information about which specific works

have been infringed by Veoh is largely within Veoh's own possession, custody or

control. UMG further objects to this request as vague and ambiguous as to what

constitutes documents "concerning" assignments or licenses of these copyrights. UMG

further objects to the extent that this request seeks documents that are not in UMG's

possession, custody or control.

**Request No. 43**: All documents evidencing, referring or relating to the chain of title for all of the allegedly infringed works in this action.

**UMG's Response:** UMG incorporates by reference each of its General Objections. UMG further objects that this request is overbroad, unduly burdensome, and seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. The burden of production in response to these requests greatly outweighs the potential relevance, if any, of the requested material. UMG further objects to this request on the grounds that it is premature insofar as UMG has not yet been able to identify all of the specific works for which UMG alleges infringement in this action as the information to do so is possessed by Veoh and not UMG. As a result, the nonprivileged documents UMG produces in response to this request, if any, should not be construed as a representation by UMG that the works referred to in such documents constitutes a complete list of UMG's copyrighted works that have appeared on Veoh or as a representation that further factual investigation and discovery will not reveal more of UMG's copyrighted works that have appeared on Veoh. UMG further objects to this request on the grounds that the phrase "evidencing, referring or relating to" is vague and ambiguous and that this request as a whole is vague, ambiguous, and/or unintelligible. UMG further objects to the extent that this request seeks documents that are not in UMG's possession, custody or control.

**Request No. 44:** All documents concerning ownership of, or claims of rights in, all of the allegedly infringed works in this action.

**UMG's Response:** UMG incorporates by reference each of its General Objections. UMG further objects that this request is overbroad, unduly burdensome, and seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. The burden of production in response to these requests greatly outweighs the potential relevance,

6

**VEOH NOTICE OF MOT. AND RENEWED MOT. TO COMPEL PLAINTIFFS PRODUCE CHAIN OF TITLE/RIGHTS INFO RE ALLEGEDLY INFRINGED WORKS; MEMO OF P'S & A'S**
**Case No. CV 07 5744 – AHM (AJWx)**

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

if any, of the requested material. UMG further objects to this request on the grounds that it is premature insofar as UMG has not yet been able to identify all of the specific works for which UMG alleges infringement in this action as the information to do so is possessed by Veoh and not UMG. As a result, the nonprivileged documents UMG produces in response to this request, if any, should not be construed as a representation by UMG that the works referred to in such documents constitutes a complete list of UMG's copyrighted works that have appeared on Veoh or as a representation that further factual investigation and discovery will not reveal more of UMG's copyrighted works that have appeared on Veoh. UMG further objects that the request is vague and ambiguous. UMG further objects to the extent that this request seeks documents that are not in UMG's possession, custody or control.

**Request No. 49:** All documents concerning ownership at any time of the copyrighted works for which you claim infringement in this action, including documents between you and any person concerning any questions, uncertainty or disputes over your ownership, co-ownership, administration, control of, or other rights to, any of the allegedly infringing works.

**UMG's Response:**  UMG incorporates by reference each of its General Objections. UMG further objects that this request is overbroad, unduly burdensome, and seeks documents that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. UMG further objects to this request as vague and ambiguous as to what constitutes documents "concerning" ownership.UMG further objects to the extent that this request seeks documents that are not in UMG's possession, custody or control. UMG further objects to this request on the grounds that it is premature insofar as UMG has not yet been able to identify all of the specific works for which UMG alleges infringement in this action as the information to do so is possessed by Veoh and not UMG. As a result, the nonprivileged documents UMG produces in response to this request, if any, should

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

1  not be construed as a representation by UMG that the works referred to in such

2  documents constitutes a complete list of UMG's copyrighted works that have appeared

3  on Veoh or as a representation that further factual investigation and discovery will not

4  reveal more of UMG's copyrighted works that have appeared on Veoh. UMG further

5  objects to this request to the extent it calls for the production of privileged attorney-

6  client communications, attorney work product, or otherwise privileged or protected

7  material.

8     **Request No. 65:** All documents identifying all persons who have any

9  ownership interest in the copyrighted sound recordings  for which you claim

10  infringement in this action.

11     **UMG's Response:**  UMG incorporates by reference each of its General

12  Objections. UMG further objects that this request is overbroad, unduly burdensome,

13  and seeks documents that are neither relevant to the claims or defenses of any party

14  nor reasonably calculated to lead to the discovery of admissible evidence. UMG

15  objects to this request on the grounds that "any ownership interest" is vague,

16  ambiguous, overbroad, and unduly burdensome. UMG further objects to this request

17  on the grounds that it is premature insofar as UMG has not yet been able to identify all

18  of the specific works for which UMG alleges infringement in this action as the

19  information to do so is possessed by Veoh and not UMG. As a result, the

20  nonprivileged documents UMG produces in response to this request, if any, should

21  not be construed as a representation by UMG that the works referred to in such

22  documents constitutes a complete list of UMG's copyrighted works that have appeared

23  on Veoh or as a representation that further factual investigation and discovery will not

24  reveal more of UMG's copyrighted works that have appeared on Veoh.

25     **Request No. 66:** All documents evidencing, referring or relating to your

26  allegation in paragraph 9 of the Complaint that "UMGR has the exclusive rights … to

27  reproduce the copyrighted sound recordings  in copies or phonorecords; to prepare

28

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

1  derivative audiovisual works based upon the copyrighted sound recordings ; to

2  distribute copies or phonorecords of the copyrighted sound recordings  to the public;

3  and to perform the copyrighted sound recordings  publicly by means of a digital audio

4  transmission," for each of the copyrighted sound recordings  for which you claim

5  infringement in this action.

6       **UMG's Response:**  UMG incorporates by reference each of its General

7  Objections. UMG further objects that this request is overbroad, unduly burdensome,

8  and seeks documents that are neither relevant to the claims or defenses of any party

9  nor reasonably calculated to lead to the discovery of admissible evidence, in that it

10  seeks documents "referring or relating to" this allegation. UMG further objects to this

11  request on the grounds that it is premature insofar as UMG has not yet been able to

12  identify all of the specific copyrighted sound recordings for which UMG alleges

13  infringement in this action as the information to do so is possessed by Veoh and not

14  UMG. As a result, the nonprivileged documents UMG produces in response to this

15  request, if any, should not be construed as a representation by UMG that the works

16  referred to in such documents constitutes a complete list of UMG's copyrighted works

17  that have appeared on Veoh or as a representation that further factual investigation

18  and discovery will not reveal more of UMG's copyrighted works that have appeared

19  on Veoh. UMG further objects to this request to the extent that it seeks documents

20  already within Veoh's possession, custody, or control, and therefore equally or more

21  readily available to Veoh than to UMG. UMG further objects to this request to the

22  extent it calls for the production of privileged attorney-client communications,

23  attorney work product, or otherwise privileged or protected material. UMG further

24  objects to this request on the grounds that the phrase "evidencing, referring or relating

25  to" is vague and ambiguous. UMG further objects to this request on the grounds that it

26  seeks the production legal authorities, for example, treatises, case law, and the like

27  which are equally available to Veoh as to UMG.

28

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

1    Subject to and without waiving the foregoing objections, UMG refers Veoh to

2    17 U.S.C. § 106.

3    **Request No. 67:** All documents evidencing, referring or relating to your

4    allegation in paragraph 10 of the Complaint that "UMC, SOU, UPIP, RMI, and MGB,

5    Z-Tunes, and MGB UK own (in whole or in part) copyrights in" the "copyrighted

6    musical compositions," for each of the copyrighted musical compositions for which

7    you claim infringement in this action.

8    **UMG's Response:** UMG incorporates by reference each of its General

9    Objections. UMG further objects that this request is overbroad, unduly burdensome,

10   and seeks documents that are neither relevant to the claims or defenses of any party

11   nor reasonably calculated to lead to the discovery of admissible evidence, in that it

12   seeks documents "referring or relating to" this allegation. UMG further objects to this

13   request on the grounds that it is premature insofar as UMG has not yet been able to

14   identify all of the specific copyrighted musical compositions for which UMG alleges

15   infringement in this action as the information to do so is possessed by Veoh and not

16   UMG. As a result, the nonprivileged documents UMG produces in response to this

17   request, if any, should not be construed as a representation by UMG that the works

18   referred to in such documents constitutes a complete list of UMG's copyrighted works

19   that have appeared on Veoh or as a representation that further factual investigation

20   and discovery will not reveal more of UMG's copyrighted works that have appeared

21   on Veoh. UMG further objects to this request to the extent it calls for the production

22   of privileged attorney-client communications, attorney work product, or otherwise

23   privileged or protected material. UMG further objects to this request on the grounds

24   that the phrase "evidencing, referring or relating to" is vague and ambiguous.

25   Subject to and without waiving the foregoing objections, UMG will produce

26   imaged files of its copyright registrations and/or a list of such copyrights.

27

28

**VEOH NOTICE OF MOT. AND RENEWED MOT. TO COMPEL PLAINTIFFS PRODUCE CHAIN OF
TITLE/RIGHTS INFO RE ALLEGEDLY INFRINGED WORKS; MEMO OF P'S & A'S
Case No. CV 07 5744 – AHM (AJWx)**

## B. Evidence Regarding Chain of Title and Rights Information Is Critical to Veoh's Defense

Here, Veoh seeks targeted, discrete discovery into the ownership of the copyrights at issue--an inquiry that will not be burdensome in time or expense, particularly as compared to the massive amount in damages that UMG is seeking from Veoh. The inquiry into copyright ownership is one that is necessary, productive, and commonplace. The discovery of copyright ownership documents should not be curtailed in any respect, and will readily demonstrate that many of UMG's copyrights are defective (whether as a rebuttable "work for hire" or otherwise as discussed below), and that those defective copyrights will materially impact the scope of the case and any alleged recovery.

### 1. The Presumption Should Not Be Irrebuttable

To establish copyright infringement, UMG must prove two elements: (1) ownership of a valid copyright, and (2) copying of constituent original elements of the work. *Feist Publ'ns., Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991); see also *Twin Peaks Prods., Inc. v. Publ'ns. Int'l, Ltd.*, 996 F.2d 1366, 1372 (2d Cir. 1993) ("To make out a prima facie case of copyright liability, the copyright holder must prove ownership of a valid copyright, and ... copying of constituent elements of the work that are original.") (citations and quotations omitted). Issuance of a certificate of registration before or within five years of a work's initial publication creates a rebuttable presumption that the recipient is owner of a valid copyright. 17 U.S.C. § 410(c); *Hamil Am., Inc. v. GFI*, 193 F.3d 92, 98 (2d Cir. 1999) (presumption of ownership created by registration may be rebutted). The presumption is modest: "The prima facie status accorded by section 410(c) is slight, since the Copyright Office is merely an office of record. Of necessity, the Office's examination is limited." 5 Patry on Copyright § 17:109. "A certificate of registration creates no

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

irrebuttable presumption of copyright validity." *Durham Indus., Inc. v. Tomy Corp.*, 630 F.2d 905, 908 (2d Cir. 1980).

There are three ways to become a copyright owner: (1) by being the author; (2) by obtaining a valid transfer of an exclusive right from the author; and (3) by operation of law, e.g. via bankruptcy, marital distribution, or corporate merger. Those claiming ownership by transfer bear the burden of proving a clear chain of title. If none of these methods of obtaining ownership apply, the plaintiff lacks standing. *Warran v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1142-43, 1145 (9th Cir. 2003). It should also be noted that the ownership must be in the copyright itself, and not in an entity that owns the copyright. 6 *Patry on Copyright* § 21:7.

Courts regularly dismiss claims of infringement where plaintiffs fail to sufficiently establish copyright ownership. See e.g., *Big East Entm't, Inc. v. Zomba Enter., Inc.,* 453 F. Supp. 2d 788, 800 (S.D.N.Y. 2006) (dismissing claim of copyright infringement where the plaintiff "failed to show undisputed evidence of its copyright ownership"); *Silberman v. Innovation Luggage, Inc.,* 01 Civ. 7109 (GEL), 2003 WL 1787123 (S.D.N.Y April 3, 2003) (dismissing claim for statutory damages where the plaintiff's copyright was registered after the infringing activity); *EZ-TIXZ, Inc. v. HIT-TIX, Inc.*, 919 F.Supp. 728 (S.D.N.Y. 1996) (same); *Techniques, Inc., v. Rohn,* 592 F. Supp. 1195, 1198 (dismissing claim for copyright infringement where the plaintiffs failed to show that they owned the copyright in question).

In earlier argument to this Court, and in their opposition to Veoh's motion to compel, UMG essentially argued that since a copyright registration establishes a presumption of ownership, and since UMG is allegedly going to produce all relevant copyright registrations, UMG need not provide any further documentation to demonstrate ownership, such as chain of title documents or recording agreements.[4]

---

[4] Of course this position is contrary to UMG's stance in The *MySpace/Grouper* Actions, where it apparently *did* produce chain of title documents, at least as it related to titles identified in the complaint (of which there are none here.)

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

**Winston & Strawn LLP**
333 South Grand Avenue
Los Angeles, CA 90071-1543

1   For UMG, the presumption is apparently an irrebuttable assumption.  This is

2   preposterous, and contrary to common practice and to the law.

3          Indeed, in the *Napster* case, cited by UMG, Judge Patel rejects all the

4   arguments UMG makes and the case law it cites.  In allowing discovery of copyright

5   ownership to proceed, the Court stated that:  "refusing to allow any discovery on the

6   issue of ownership converts the presumption of ownership into an irrebuttable one."

7   *In re Napster, Inc. Copyright Litig.*, 191 F.Supp.2d 1087, 1100 (N.D. Cal. 2002).

8   Although this Court need not look further than *Napster,* in case after case, copyright

9   ownership documents are regularly requested and produced.[5]  As the accompanying

10  declaration of Thomas P. Lane sets forth, the production of these documents is not

11  controversial, unexpected, or burdensome.  Record companies, such as UMG, demand

12  such documents when they are defendants and are required to produce them when

13  they are plaintiffs.  (Lane Decl. ¶¶ 2-4).  To order otherwise is to turn a rebuttable

14  presumption into one impossible to rebut.

15         UMG's lone support for its argument that the presumption is irrebuttable, *Yash*

16  *Raj Films (USA) v. Kumar*, is neither binding nor persuasive.  *See Yash*, 2006 WL

17  3257215, at *1 (E.D.N.Y. Nov. 9, 2006), Joint Stip. at 17.  In that case, there were no

18  claims of ownership by authorship in that case, either directly or as works for hire.  *Id.*

19  The defendant's brief in support of the motion did not even mention the rebuttable

20  nature of the presumption accorded by Section 410(c), nor the need for discovery

21  relevant to the registration.[6]  By treating the copyright registrations as complete and

22

23  _____

[5] For example, in *Viacom International, Inc. v. YouTube, Inc*., the Court ordered the
24  plaintiff to produce "all documents directly bearing on plaintiff's ownership of the
    works in suit . . . as well as documents directly bearing on the copyright registration or
25  terms of the license," but not all documents "concerning" those matters.
[6] One reason this standard argument was not even raised may have been due to the
26  defense counsels' documented medical issues.  *Id.* at *1.  As a result, defense counsel
    was attempting to find counsel to assist or replace him.  *Id.*  In the same ruling that
27  plaintiffs' rely on, the court, notwithstanding the defendants' request to obtain
    substitute counsel ruled that "in order to avoid further delay, the Court directed all
28  parties to move forward with discovery." *Id.*

sufficient evidence on the issue of ownership, Yash effectively rendered the rebuttable presumption irrebuttable, contrary to all other authority on this subject.

**2.      The Absence of Burden to UMG; the Compelling Harm to Veoh**

In its opposition to Veoh's motion to compel the chain of title/ownership documents, UMG claims that the burden of production will outweigh its benefit.  To support this conclusion, UMG offers the declaration of Michael Ostroff, who contends that since UMG owns over 100,000 copyrights in sound recordings and musical compositions, identifying related chain of title/ownership documents will somehow cost millions of dollars.  This is baseless, particularly when, at the same time, Mr. Ostroff admits that:  (1) UMG has only "specifically identified 32 copyrighted sound recordings and 29 copyrighted musical compositions in its Complaint against Veoh"; and (2) the total infringements may only be in the "hundreds," (although Mr. Ostroff unilaterally concludes it could "likely" be in the thousands).  Whether the total infringements are the 61 UMG has identified, or hundreds, or thousands, the simple fact is that the alleged "burden" of production of a recording agreement, or of an assignment, or of chain of title documents does not outweigh the massive harm to Veoh by not allowing the production of these few documents.

Copyright infringement carries statutory penalties of up to $150,000 per work.  17 U.S.C. § 504(c)(2).  Where plaintiffs, as here, allege the infringement of thousands or even tens of thousands of works, and seek maximum recovery, the exposure for a defendant can quickly reach billions of dollars.  Given this enormous potential liability, courts regularly (and rightfully) hold copyright plaintiffs to their obligation to provide defendants with relevant discovery to rebut the thin presumption of validity that a copyright registration carries.  See, e.g., *Napster,* 191 F.Supp.2d at 1100 (ordering plaintiffs, including UMG, "to produce all documentation relevant to their ownership of the works listed as 'works for hire'").

In *Arista Records et al v. Launch Media, Inc.,* 01 Civ. 4450 (S.D.N.Y.) ("*Launch*"), the defendant discovered that approximately 33% of the claimed copyrights were defective. (Lane Decl. ¶¶ 8-10). For example, 79 of the copyright registrations at issue (1) lacked a corresponding artist contract that contained terms necessary to convey rights to plaintiffs, namely a signed agreement containing terms necessary to convey rights to plaintiffs or (2) were supported only by contracts that were not signed by the artist. Included in those copyright registrations were artist contracts that had no language indicating a "work for hire" or otherwise transferring ownership at all. These 79 copyright registrations constituted nearly 10% of the 835 copyrights claimed by plaintiffs in that litigation and represented almost $12 million dollars of potential exposure. For 113 (13.5%) of plaintiffs' claimed copyrights, the works were registered after any possible infringement could have occurred; 13 (1.6%) of plaintiffs' claimed copyrights lacked supporting documentation transferring ownership to plaintiffs; for 30 (3.6%) of plaintiffs' claimed copyrights, all registered as works-for hire, the works were created prior to the date of the corresponding agreements; and for certain other of plaintiffs' claimed copyrights, the underlying agreements expressly reserved digital distribution rights to the artist.

Given that UMG has stated its intention to seek statutory damages for potentially thousands of copyrights, the potential reduction of exposure for Veoh here would be even greater. Veoh is doubtlessly entitled to discovery that could reduce its potential liability by tens of millions of dollars.

Although seeking what will amount to massive damages, UMG essentially asks Veoh--and this Court--to simply take UMG at its word that it owns the copyrights at issue, notwithstanding the fact that many of UMG's copyright registrations – including nearly half of the first four thousands documents in the production – do not list a Plaintiff in this action as either an author or a claimant. (See Lane Decl. ¶ 11

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

and Exh. 3).[7] With $150,000 at stake per registration, Veoh has a right to rebut UMG's "word" and obtain the few pages of documentation per copyright that would do so.

### 3. This Inquiry is Effective and Common

In past litigations, similar challenges have revealed deficiencies in ownership claims to thousands of copyrights. UMG's protest that it "is simply not reasonable to suggest that UMG actually does not own these rights on some massive scale" (See Joint Stip re UMG's MTC at 120 (Docket 81)) is wholly disingenuous, as is its contention that Veoh has "no intention of actually reviewing the documents it seeks." (See Docket 202, Opp. at 16.) Past challenges have proven UMG's copyright ownership claims to be massively defective. (Lane Decl. ¶¶ 5-7).

In *UMG Recordings, Inc. v. MP3.com, Inc.,* the defendant apparently successfully challenged 2,564 copyrights, more than half (55%) of the 4,700 copyrights claimed by UMG, thereby reducing liability by $65,000,000. *Compare,* No. 00 Civ. 472, 2000 U.S. Dist. Lexis 13293, *18 (S.D.N.Y Sept. 6, 2000) (noting at least 4,700 copyrights claimed and setting statutory damages at $25,000 per work), *and*, 2000 U.S. Dist. Lexis 17907, *1 (S.D.N.Y. Nov. 14, 2000) (awarding damages for only 2,136 works). *Id.* (Lane Decl. ¶¶ 6-7 and Exhs. 1-2.)[8] Similar challenges in a recent litigation brought by another major record label, Sony/BMG, revealed

---

[7] UMG refers to quantity instead of the complete lack of quality of documents produced. In addition to there being massive amounts of problems with authorship and standing, UMG has offered the hollow and token presentation of "exemplar artists and recording agreements." If UMG can locate "exemplars"—which may or may not relate to a work at issue—surely Veoh has the right to ask for the actual agreements. To say that it will produce "corporate relationship documents" (whatever that means) is simply not enough.

[8] In its most recent opposition, UMG contends that the defendant in the MP3.com case "eliminated entire categories of recordings." That is true—including categories of recordings for which UMG could not prove ownership. (Lane Decl. ¶ 13). It is telling that while UMG goes out of its way to smear Mr. Lane's Declaration, it never offers a shred of proof that UMG's blanket copyright ownership assertions have been upheld by courts or that a multiplicity of UMG copyrights were not rejected in MP3.com. In fact, the docket demonstrates UMG's copyrights were successfully challenged. (Lane Decl. ¶¶ 13-14).

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

deficiencies in 33% of its claimed copyrights.  (*Arista Records et al v. Launch Media*, *Inc.*, 01 Civ. 4450 (S.D.N.Y.); see Lane Decl., ¶¶ 8-9).

Simply stated, the fact that a corporation, such as UMG, is "in the business of obtaining rights to copyrighted sound recordings and musical compositions" (See Joint Stip. re UMG's MTC at 120 (Docket 81)) does not mean that it always properly secures those rights.  Nor does it relieve UMG of its evidentiary burdens.  The enormous potential liability facing Defendant, and the proven capacity of past challenges to decrease such exposure by millions or even tens of millions of dollars, more than justifies any supposed burden on UMG in fulfilling its obligation to prove the most fundamental elements of its case.

**4.      The Scope of the Challenge**

Although UMG repeatedly argues burden in having to produce documents, Veoh is not seeking a warehouse of documents, by any measure.  Since UMG is not an artist and presumably did not create the works that are at issue in this case, its ownership is based either upon the "work for hire" doctrine or by way of assignment and purchase.  To demonstrate proper chain of title/ownership, UMG need merely produce recording agreements in some cases (which UMG admits are vital to its ownership claims)[9] or acquisition or assignment agreements in others.  In all, ownership documents usually cover multiple copyrights at a time, further reducing burden.

There are a variety of challenges to UMG's ownership that can be made, including copyrights for which the registration denotes a Plaintiff as the author but for which there is no signed document transferring ownership – either as a "work for hire" or via assignment – from the artist to the named author or claimant; or, copyrights for which the registration does not denote a Plaintiff as the author and for which there is

---

[9] Calkins Decl. ¶ 6 and Exh. D. (11/7 Hearing in *MySpace/Grouper* Actions at p. 108: 18-20---UMG's Counsel, Mr. Marenberg acknowledged that "**the most important document in the chain of title is the recording agreement, which gives us rights to the copyright.**")

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

no signed document transferring ownership from the author or claimant to a Plaintiff. 17 U.S.C. § 201(b) sets forth the "works made for hire" doctrine, which states that "In the case of a work made for hire, the employer or other person for whom the work was prepared is considered the author for purposes of this title, and, unless the parties have expressly agreed otherwise in a written instrument signed by them, owns all of the rights comprised in the copyright." Of just the first 150 copyright registrations produced by Plaintiffs in this action, only two were not marked "work-for-hire" (and even those two were not marked "not" work-for-hire, they simply weren't filled in at all.)

Where, as here, the copyright claimants are record companies – and not the artists themselves - the Copyright Act requires a writing demonstrating that the claimant is in fact the owner of the work. The Copyright Act specifies with regard to transfers of ownership: "A transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent." 17 U.S.C. §204(a). These are not "statutory formalities" or "minor, technical errors;" these are statutory prerequisites.

Further, under the Copyright Act, the "legal or beneficial owner of an exclusive right under a copyright" may "institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. §501(b). "The existence of a copyright certificate with someone else's name on it does not vest anyone other than the author with rights to the work. In order to show ownership, plaintiffs need to produce chain of title from the listed author to themselves." *Napster,* 191 F.Supp.2d at 1101 (ordering plaintiffs, including UMG, to produce "chain of title to demonstrate ownership"); see also *Motta v. Samuel Weiser, Inc.,* 768 F.2d 481, 484 (1st Cir. 1985) ("If a plaintiff is not the author of the copyrighted work then he or she must establish a proprietary right through the chain of title in order to

**VEOH NOTICE OF MOT. AND RENEWED MOT. TO COMPEL PLAINTIFFS PRODUCE CHAIN OF TITLE/RIGHTS INFO RE ALLEGEDLY INFRINGED WORKS; MEMO OF P'S & A'S**
**Case No. CV 07 5744 – AHM (AJWx)**

**Winston & Strawn LLP**
333 South Grand Avenue
Los Angeles, CA 90071-1543

support a valid claim to the copyright."). "Absent this showing, a plaintiff does not have standing to bring an action under the Copyright Act." *Id.* If a plaintiff claims ownership of a copyright through a transfer or series of transfers, the transfers are "not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent." 17 U.S.C. § 204(a); see also *AMC Film Holdings LLC v. Rosenberg*, No. 03 Cv. 3835, 2005 WL 2105792, at *4-5 (E.D.N.Y. Aug. 31, 2005).

Documents relating to the registrations may also reveal a variety of defects. See e.g., *Coles v. Wonder*, 283 F.3d 798, 802 (6th Cir. 2002) (holding copyright registration invalid where the plaintiff did not submit the required "copy" but only "reconstruction" of work); *Morris v. Bus Concepts, Inc.,* 259 F.3d 65, 72 (2d Cir. 2001) (holding exclusive licensee's copyright registrations invalid where registrations failed to contain all requisite information); 5 *Patry on Copyright* § 17:89 (2008) ("[W]here the original work is unregistered and the derivative work is owned by a different party, section 411(a) has not been satisfied since there is no full public record on ownership.")

For example, in the *Launch* litigation, the defendant discovered 13 copyright registrations for which plaintiffs could not establish ownership through an unbroken chain of title from the original author or artist. In some instances, the *Launch* plaintiffs submitted registrations that did not designate plaintiffs as the author or claimant (like UMG's very first copyright produced in this case, as well as their first hundred overall produced copyrights (See Lane Decl. ¶ 11 and Exh. 3) and failed to include all related transfer agreements evidencing a transfer of ownership from the claimant to, ultimately, one of the plaintiffs. In other instances, the *Launch* plaintiffs produced an agreement purporting to transfer ownership, but the agreement was not signed by the purported transferee. These 13 copyrights represented almost $2 million

dollars of exposure for defendant.[10] Again, because UMG is potentially claiming more copyrights here, the number of potential defects is greater. This is especially true given that of the first four thousand of copyright registrations produced in this action, nearly half do not even list a plaintiff in this action as the author or claimant. (Lane Decl. ¶ 11). This discovery is therefore worth at least several million dollars to Veoh; this potential reduction in exposure alone outweighs any possible burden to UMG.

In most circumstances, the only party with the pressing and immediate incentive to challenge a copyright claimant's ownership stake will be the copyright defendant facing millions or even billions of dollars of potential exposure. The case law holds that copyright defendants must have standing to challenge every claim of ownership – not just those that have previously been disputed or litigated. See *Napster,* 192 F.Supp.2d at 1099, 1100 (expressly acknowledging defendants' standing to challenge all copyrights where the registration lists a plaintiff as the author and granting defendants' challenge to all copyrights where the registration lists a third party as the author). Narrowing a copyright defendant's standing to challenge ownership claims to just those previously challenged by others frustrates Congress's intent that the presumption of ownership be rebuttable. Lest that intent not be eviscerated, UMG should be ordered to produce documents sufficient to demonstrate ownership and chain of title information of all of the copyrights for which it seeks relief, and indicate to which allegedly infringed work such documents relate.

**5.    Contrary to Plaintiffs' Flawed Assertion, Veoh Undoubtedly Has Standing To Challenge Assignments Between UMG and its Artists and/or Composers**

---

[10] With respect to the *Launch* case, UMG asserts that Mr. Lane's Declaration is somehow invalid because he came into the case as trial counsel in October 2006, five years after the case was filed. As is current declaration attests, the copyright ownership challenges were not litigated until trial. (Lane Decl. ¶ 15.) There was no written order or opinion on Westlaw or anywhere else. *Id.* at 16.

20

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

Plaintiffs wrongly suggest that Veoh has no standing to challenge assignments between UMG and its artists and/or composers. The case law cited by UMG is directed to the rare situation in which a copyright holder claims ownership of a work pursuant to an oral transfer agreement under pre-1978 copyright law that is later confirmed in writing. See e.g., *Eden Toys, Inc.* v. *Florelee Undergarment Co.*, 697 F.2d 27, 36 (2d Cir. 1982); *Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1427-28 (9th Cir. 1996) (applying the 1909 Copyright Act and addressing plaintiff's failure to adhere to the Section 204 writing requirement for assignment); *Billy-Bob Teeth*, 329 F.3d at 592-93 (same); see also *Radio Television Espanola S.A. v. New World Entm't, Ltd.*, 183 F.3d 922, 926, 928-29 (9th Cir. 1999) (concerning the writing requirement of Section 204). These cases were not dealing with claimed "work-for-hire," but assignments where there was evidence that no dispute existed with respect to the assignment. Indeed, applying Plaintiffs' line of authority to a case like this was squarely rejected by Judge Patel in the *Napster* case:

> To support their argument, plaintiffs rely on a line of cases exemplified by *Magnuson v. Video Yesteryear*, 85 F.3d 1424 (9th Cir.1996). *See also Radio Television Espanola S.A. v. New World Entm't. Ltd.*, 183 F.3d 922, 929 (9th Cir.1999); *Imperial Residential Design, Inc. v. Palms Dev. Group, Inc.*, 70 F.3d 96, 99 (11th Cir.1995); *Eden Toys, Inc. v. Florelee Undergarment Co., Inc.*, 697 F.2d 27, 36 (2d Cir.1982). In *Magnuson,* plaintiff asserted ownership by assignment and presented documentation registered with the Copyright Office as proof of the assignment. 85 F.3d at 1429. Defendant in *Magnuson* attempted to overcome the presumption by arguing that despite the facial validity of the copyright certificate plaintiff failed to memorialize the assignment in writing as required by section 204(a). *Id*. The *Magnuson* court followed other courts in reasoning that where there is no argument between assignor and assignee,

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

"it would be anomalous to permit a third party infringer to invoke [the writing requirement] against the licensee." *Magnuson*, 85 F.3d at 1428 (quoting *Eden Toys*, 697 F.2d at 36).

The instant case presents an entirely different factual scenario from *Magnuson* and its progeny. Those cases centered on plaintiffs' claims to ownership by assignment where no dispute existed between assignor and assignee. The copyright certificates in the present action list plaintiffs as authors, not owners by assignment . . . Nor is Napster challenging plaintiffs' failure to fulfill a statutory requirement or invoking a Statute of Frauds-like procedural rule to protect itself from the costs of its own wrongdoing. Instead, Napster is arguing that plaintiffs cannot simultaneously hide behind Magnuson to argue that Napster has no standing and continue to maintain that the works are "works for hire." In order for plaintiffs to establish ownership, the works must be, as a matter of logic, either "works for hire" or assigned to plaintiffs.

*In re Napster Copyright Litigation,* 191 F.Supp. 2d 1087, 1099 (N.D. Cal. 2002).

Because the cases cited by Plaintiffs have no bearing on the present situation, which involve post-1978 works in which work-fore-hires are at issue, Veoh unquestionably has standing to investigate and challenge the alleged assignments.

C.  **Judge Matz Ordered UMG to Promptly Produce Ownership Evidence In Similar Infringement Lawsuit**

During the August 25, 2008 scheduling conference in The *DivX* Action, Judge Matz ordered UMG to produce all available documents relating to ownership rights of the allegedly infringing works, within the same timeframe as identifying such works.

Judge Matz acknowledged that copyright registrations alone would be insufficient to establish ownership:

> **Judge Matz:**      And since there's going to be clear and maybe understandable efforts on the part of DivX to challenge the legitimacy of ownership claims, attach not only the specification of the works but the ownership evidence as well.
>
> Now, registration is presumptive.  Evidence of ownership, if you have anything readily available that goes beyond that, to avoid avoidable sideshows and disputes and especially to avoid motion practice before the magistrate judge. . , include it in the 28 days from now.
> (Calkins Decl. ¶ 3 and Exh. A, p. 7:5-14).

Judge Matz has recognized that a defendant in an action like this would have an "understandable" right to discovery of UMG's alleged copyright ownership "beyond" mere registrations, and ordered production of such documents in an attempt to avoid needless discovery disputes.  Plaintiffs' Counsel first sought to limit discovery relating to chain of title and ownership information during the March 17, 2008 initial scheduling conference.  In response, Judge Matz expressly refused to place any such limit on discovery. (Calkins Decl. ¶ 4 and Exh. B).Despite this clear directive, UMG has forced the precise discovery dispute in this action that Judge Matz sought to avoid in The *DivX* Action.

### D.      This Court Recognized the Relevance of Ownership Evidence

Even in denying this Motion on procedural grounds, this Court recognized that ". . . Veoh is entitled to documents to enable it to attempt to rebut the presumption of UMG's ownership or control of the allegedly infringing works in some meaningful way, etc. . . ."  November 21, 2008 Order (Docket 219).

23

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

In The *MySpace/Grouper* Actions, this Court recognized the importance of
these ownership documents from the very beginning, although it subsequently
narrowed the documents required for production.  During an October 29, 2007
hearing, the Court  noted its "surprise" that UMG had refused to identify copyrights at
issue, and recognized how "absolutely basic" UMG's obligations were to produce
"chain of title and ownership information:"

> Another thing that I'm going to pick on UMG a little bit here because it's
> . . . foremost on my mind.   But I was very surprised to see the Plaintiff in
> this case balking at identifying the copyrights at issue, and balking at
> revealing all the information about chain of title and ownership, and right
> to sue them. . . .   To me, that's absolutely basic  . . . in an intellectual
> property infringement case.  We have to know what we're talking about.

(Declaration of Erin R. Ranahan filed in support of Veoh's Summary of
Discovery Orders in *MySpace/Grouper* Actions Relevant to Current Discovery
Disputes (Docket 112)("Ranahan Decl."), ¶ 2 and Exh. A at p. 5: 13-22; (10/29/07
Transcript).

The Court, however, deferred issuing an order in the *MySpace/Grouper*
Actions.  On November 5, 2007, UMG represented to the Court that it had already
produced "chain of title" documents with respect to the 25 works identified as
infringing in its complaint, but not with respect to thousands of others identified by
UMG as infringing.  (Ranahan Decl. ¶ 3 and Exh. B at p. 107:18-108:7 (11/5/07
Transcript).)[11]  On March 27, 2008, the Court ordered UMG in The *MySpace/Grouper*
Actions to produce documents and interrogatory responses pertaining to chain of title

---

[11] Plaintiffs have not identified any works in its complaint in this action, let alone the
25 that UMG identified in its complaint in The *MySpace/Grouper* Actions or the
thousands of others subsequently identified therein.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

in all the works for which they seek relief, but limited the production to "any disagreements or disputes regarding UMG's ownership of [the sound recordings at issue] which rose to a sufficiently serious level that inside or outside counsel became involved . . . "[12] Such an order improperly limits a copyright defendant's standing to challenge copyright ownership to those registrations that have previously been litigated. That limitation finds no support in the case law, and is directly contrary to congressional intent and the interests of justice. Veoh respectfully requests that the Court reconsider the limitations it imposed upon the right to conduct discovery relating to UMG's purported ownership of the works at issue.

## III.    CONCLUSION

Veoh respectfully requests that the Court order UMG to immediately produce chain of title/rights information regarding the allegedly infringing works in response to Interrogatory No. 23 and Request Nos. 4, 6, 43, 44, 49, 65, 66, and 67.

Dated: November 24, 2008                    **WINSTON & STRAWN LLP**


By    /s/ Erin R. Ranahan
      Michael S. Elkin
      Thomas P. Lane
      Jennifer A. Golinveaux
      Rebecca L. Calkins
      Erin R. Ranahan
      Attorneys for Defendant
      VEOH NETWORKS, INC.

---

[12] Plaintiffs attempt to make it seem as if Judge Matz was ordering that this limitation be adopted in this case. (See Docket 202, Opp. at 11.) Of course, Judge Matz could not have ordered any such thing since the hearing in this case before him came days <u>before</u> this Court's limited ruling.