| | |
|---|---|
| 1 | Rebecca Lawlor Calkins (SBN: 195593) |
| | Email: rcalkins@winston.com |
| 2 | Erin R. Ranahan (SBN: 235286) |
| | Email: eranahan@winston.com |
| 3 | **WINSTON & STRAWN LLP** |
| | 333 South Grand Avenue, 38th Floor |
| 4 | Los Angeles, CA 90071-1543 |
| | Telephone: 213-615-1700 |
| 5 | Facsimile: 213-615-1750 |
| 6 | Jennifer A. Golinveaux (SBN 203056) |
| | Email: jgolinveaux@winston.com |
| 7 | **WINSTON & STRAWN LLP** |
| | 101 California Street |
| 8 | San Francisco, CA 94111 |
| | (415) 591-1506 (Telephone) |
| 9 | (415) 591-1400 (Facsimile) |
| 10 | Michael S. Elkin (*pro hac vice*) |
| | Email: melkin@winston.com |
| 11 | Thomas P. Lane (*pro hac vice*) |
| | Email: tlane@winston.com |
| 12 | **WINSTON & STRAWN LLP** |
| | 200 Park Avenue |
| 13 | New York, New York 10166 |
| | (212) 294-6700 (Telephone) |
| 14 | (212) 294-4700 (Facsimile) |
| 15 | Attorneys for Defendant |
| | VEOH NETWORKS, INC. |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.* | Case No. CV 07 5744 – AHM (AJWx) |
| Plaintiffs, | **VEOH NETWORKS, INC.'S *EX PARTE* APPLICATION FOR AN ORDER ALLOWING VEOH TO SHORTEN THE NOTICE PERIOD BY ONE DAY SO THAT ITS DISCOVERY MOTIONS CAN BE HEARD BEFORE THE DISCOVERY CUT-OFF** |
| v. | |
| VEOH NETWORKS, INC, *et al.* | |
| Defendants. | Discovery Cut-Off: January 12, 2009 |
| | Pretrial Conference: April 6, 2009 |
| | Trial Date: April 21, 2009 |

LA:229774.1

VEOH NETWORKS, INC.'S *EX PARTE* APPLICATION FOR AN ORDER ALLOWING VEOH TO
SHORTEN NOTICE PERIOD BY ONE DAY    Case No. CV 07 5744 – AHM (AJWx)

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Local Rule 7-19, Defendant Veoh Networks, Inc. ("Veoh") hereby applies to the Court *ex parte*, for an order allowing Veoh to shorten the notice of motion procedures of Local Rule 7-3 such that Veoh's three motions filed herewith: (1) Veoh's Motion to Compel the Addition of Custodians and Production of Documents ("MTC Custodians"); (2) Veoh's Renewed Motion to Compel Verified Interrogatory Responses ("MTC Rogs") and (3) Veoh's Renewed Motion to Compel Production of Documents Relating to Financial Information and Damages ("MTC Damages") (collectively, "Motion(s)") may be heard in advance of the January 12, 2008 discovery cut-off. The Motions are being timely filed pursuant to Local Rule 7-3 (twenty days prior to the noticed hearing date), but notice is short by one day. Plaintiffs, however, have had notice of the entire substance of these Motions since November 14, 2008 (for the first two Motions) and November 17, 2008 (for the third Motion) through the Joint Stipulation Procedures of Local Rule 37-2.2.

This *ex parte* application is brought on the grounds that despite Veoh providing UMG its portions of the joint stipulations pursuant to Local Rule 37-2.2. in time to allow Veoh to properly notice the Motions yesterday (November 24, 2008) and despite Plaintiffs knowing that Veoh intended to notice the hearings for December 15, 2008, Plaintiffs have engaged in obstructionist tactics specifically designed to delay the timely notice of these Motions. Plaintiffs' gamesmanship should not prevent Veoh from having the opportunity to present its Motions, and obtain discovery to which it is entitled in advance of the discovery cut-off.

*Ex parte* relief is necessary to permit Veoh to obtain discovery and adequately prepare its defense and will not prejudice Plaintiffs. Plaintiffs' attempts to run the clock on Veoh's discovery efforts and frustrate Veoh's ability to timely and effectively prepare its case are improper and at odds with Plaintiffs' discovery obligations under the Federal Rules. On November 24, 2008, Veoh's counsel asked Plaintiffs' counsel whether it would oppose this application, but as of the time of filing, Plaintiffs'

counsel has not responded.

The names, addresses, and telephone numbers of UMG's counsel are as follows:

Steven A. Marenberg
Elliot Brown
Brian Ledahl
Benjamin Glatstein
IRELL & MANELLA LLP
1800 Avenue of the Stars, Ste. 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
Email: smarenberg@irell.com
Email: ebrown@irell.com
Email: bledahl@irell.com
Email: bglatstein@irell.com

Dated: November 25, 2008

**WINSTON & STRAWN LLP**

By /s/ Erin R. Ranahan
Michael S. Elkin
Thomas P. Lane
Jennifer A. Golinveaux
Rebecca L. Calkins
Erin R. Ranahan
Attorneys for Defendant
VEOH NETWORKS, INC

ii

VEOH NETWORKS, INC.'S *EX PARTE* APPLICATION FOR AN ORDER ALLOWING VEOH TO SHORTEN NOTICE PERIOD BY ONE DAY.   Case No. CV 07 5744 – AHM (AJWx)

# I. INTRODUCTION

This application seeks to shorten the notice provision of the Local Rules by one day, so that Veoh's Motions to Compel can be heard on December 15, 2008. Given the closed hearing dates of The Honorable Judge Wistrich between December 22, 2008 and January 12, 2009, December 15, 2008 is the last hearing date to notice a Motion pursuant to Local Rule 7-3 such that it can be heard in compliance with Judge Matz' Standing Order. Plaintiffs are challenging all aspects of Veoh's business in this lawsuit. There should be no question that Veoh is be entitled to explore every potentially relevant avenue to defend itself. The requested relief is particularly appropriate given Plaintiffs' gamesmanship and efforts to delay the filing these Motions as described below. Thus, Veoh respectfully requests that the Court grant Veoh's *ex parte* application to shorten the notice period for Veoh's Motions by one day.

# II. PLAINTIFFS' INAPPROPRIATE DELAY TACTICS

The history of the preparation of these Motions in accord with Local Rule 37 demonstrate unfortunate gamesmanship on Plaintiffs' part that appears specifically designed to prevent Veoh from providing the 21-days notice provided by Local Rule 7-3. That history is as follows:

- Pursuant to Local Rule 37-2.2, Veoh sent its MTC Custodians and MTC Rogs to Plaintiffs on Friday, November 14 at 4:53 p.m., setting forth December 15, 2008 as the hearing date (the last available hearing date before the discovery cut-off). (Declaration of Erin R. Ranahan in Support of *Ex Parte* "Ranahan Decl." ¶ 2 and Exh. 1).

- Pursuant to Local Rule 37-2.2, Plaintiffs' portion was due back to Veoh the following Friday, November 21, 2008 which allowed sufficient time for Veoh to return the final joint stipulations to Plaintiffs the same day and obtain authorization for e-signature in time to file by Monday at

1

midnight, November 24, 2008 which would provide 21 days notice for the December 15, 2008 hearing date.

- Veoh provided its MTC Damages on Monday, November 17, 2008 also in time to file by Monday at midnight. *Id.* at ¶ 3 and Exh. 2.
- Veoh repeatedly informed Plaintiffs that it intended to file the Motions Monday, November 24, 2008 so they would be noticed 21-days in advance of the December 15, 2008 hearing (though only 20 days are required to file a motion under the Local Rule 7-3). *Id.* at ¶ 4 and Exh. 3.
- Plaintiffs proceeded to return their portion at 11:52 p.m., minutes before midnight on Friday, November 21, 2008, apparently so that Veoh would not be able to return the joint stipulations for e-filing signature until the next day. (Ranahan Decl. ¶ 5 and Exh. 4).
- Veoh returned its portion of the joint stipulation at 2:26 a.m. (less than three hours after having received Plaintiffs' portion) with the minor heading revisions requested by Plaintiffs, and asking that Plaintiffs advise Veoh as soon as possible whether it had e-signature authorization to proceed with filing. *Id.* at ¶ 6 and Exh. 5. As Plaintiffs received the final joint stipulation at 2:26 a.m. on Saturday, Plaintiffs were required under Local Rule 37-2.2 to authorize the signature "no later than the end of the next business day," which would be 5:00 p.m. Monday. Having heard nothing by Monday morning, Veoh made repeated attempts to contact Plaintiffs about this issue. *Id.* at ¶ 7 and Exh. 6.
- Plaintiffs withheld their authorization, however, until nine minutes after midnight on Monday, November 24, 2008 so that Veoh was unable to file the Motions on November 24, 2008. *Id.* at ¶ 8 and Exh. 7. Plaintiffs provided authorization for Veoh to file all three Motions at 12:09 a.m. on Monday. *Id.* at ¶ 9 and Exh. 8.

Because Plaintiffs have had notice of the substance of this Motion for more than ten days, and because third parties in this action are not required to respond to this Motion, Veoh's request to shorten the notice period by one day is reasonable, particularly in light of Plaintiffs' antics.

### III. EX PARTE RELIEF IS NECESSARY

The discovery cut-off for this case is January 12, 2009. The Honorable Judge Wistrich has closed hearing dates between December 22, 2008 and January 12, 2009, rendering the next available hearing date January 12, 2008. Noticing a hearing on the last day of the discovery cut-off, however, does not comply with the Honorable Judge Matz' Standing Order, which requires that discovery motions be noticed sufficiently in advance of the discovery cut-off such that if the motion is granted, there is time for any responses ordered as a result of the motion to be obtained within the discovery cut-off. (Judge Matz' Scheduling And Case Management Order, 3/17/08 (Docket 40) at p. 2 II.(A). As a result, the last day to serve notices of motion was November 24, 2008 and the last day to file a regularly-noticed Motion is November 25, 2008. If Veoh were denied this *ex parte* relief of shortening the notice period by one day, or alternatively, making available another hearing date sufficiently in advance of the discovery cut-off to allow UMG to comply with any order issued by the Court, Veoh would not have the opportunity to present before the Court any of the essential Motions.

For the good cause set forth above, Veoh seeks this *ex parte* relief to shorten notice on its Motions by one day, or alternatively, a hearing date in advance of the January 12, 2008 discovery cut-off to allow time for compliance with any order granted, for the good cause set forth above.

### IV. CONCLUSION

Plaintiffs' gamesmanship in seeking to prevent Veoh from filing its Motions on November 24, 2008 should not foreclose Veoh's opportunity to present its Motions to

3

VEOH NETWORKS, INC.'S *EX PARTE* APPLICATION FOR AN ORDER ALLOWING VEOH TO SHORTEN NOTICE PERIOD BY ONE DAY. Case No. CV 07 5744 – AHM (AJWx)

the Court. For these and all the foregoing reasons, this Court should grant Veoh's *ex parte* application to shorten the notice period of Local Rule 7-3 by one day, or alternatively, set the Motions for a date sufficiently in advance of the January 12 discovery cut-off so that any relief granted may be completed in accordance with Judge Matz' Scheduling and Case Management Order.

Dated: November 25, 2008     **WINSTON & STRAWN LLP**


By   /s/ Erin R. Ranahan
   Michael S. Elkin
   Thomas P. Lane
   Jennifer A. Golinveaux
   Rebecca L. Calkins
   Erin R. Ranahan
   Attorneys for Defendant
   VEOH NETWORKS, INC.