Robert G. Badal (Bar No. 81313)
Robert.Badal@WilmerHale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Telephone: +1 (213) 443-5300
Facsimile: +1 (213) 443-5400

Annette L. Hurst (Bar No. 148738)
ahurst@orrick.com
ORRICK HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
Telephone: +1 (415) 773-5700
Facsimile: +1 (415) 773-5759

Attorneys for Defendants
SHELTER CAPITAL PARTNERS, LLC and
SHELTER VENTURE FUND, L.P.

[OTHER COUNSEL LISTED ON SIGNATURE PAGES]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS INC. et al., <br><br> Plaintiffs, <br><br> v. <br><br> VEOH NETWORKS, INC. et al., <br><br> Defendants. | Case No. CV07-5744 AHM (AJWx) <br><br> **INVESTOR DEFENDANTS' MOTION TO SEVER AND STAY OR, IN THE ALTERNATIVE. FOR A STATUS CONFERENCE** <br><br> [Fed. R. Civ. P. 21 and 42(b)] <br><br> Date: December 22, 2008 <br> Time: 10:00 a.m. <br> Trial Date: April 21, 2009 <br><br> The Honorable A. Howard Matz |

Dockets.Justia.com

# **TABLE OF CONTENTS**

Page

NOTICE OF MOTION AND MOTION ...................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................... 1

INTRODUCTION AND SUMMARY OF ARGUMENT ............................ 1

STATEMENT OF FACTS......................................................................... 3

I.      PROCEDURAL BACKGROUND....................................................... 3

II.     OVERVIEW OF THE FAC ................................................................ 8

ARGUMENT ............................................................................................ 9

I.      THE COURT SHOULD GRANT THIS MOTION TO SEVER THE CLAIMS
        AGAINST INVESTOR DEFENDANTS AND TO STAY THE SEVERED
        ACTION UNTIL THE MAIN ACTION BETWEEN PLAINTIFFS AND
        VEOH HAS BEEN RESOLVED ......................................................... 9

        A.      THE COURT HAS BROAD DISCRETION TO SEVER THE CLAIMS
                AGAINST INVESTOR DEFENDANTS AND STAY THE SEVERED
                ACTION PENDING RESOLUTION OF MAIN ACTION BETWEEN
                PLAINTIFFS AND VEOH ...................................................... 9

        B.      THERE ARE COMPELLING REASONS HERE TO GRANT A
                SEVERANCE AND STAY …..………………………..……...12

                1.      THE INVESTOR DEFENDANTS WILL BE SEVERELY
                        PREJUDICED WITHOUT SEVERANCE.................................... 12

                2.      THE ISSUES SOUGHT TO BE TRIED SEPARATELY ARE
                        MATERIALLY DIFFERENT .......................................... 13

                3.      SEVERANCE AND A STAY OF THE SEVERED ACTION
                        PROMOTES CONVENIENCE, EXPEDITION OF THIS
                        ACTION, AND JUDICIAL ECONOMY ...................................... 14

        C.      GRANTING SEVERANCE AND A STAY OF THE SEVERED
                ACTION WILL NOT PREJUDICE OR HARM PLAINTIFFS............ 15

i

        D.      SEVERANCE IS THE RIGHT APPROACH BECAUSE VEOH
                SHOULD NOT BE PREJUDICED BY PLAINTIFFS' DELAYING
                TACTICS ............................................................................................. 15

II.    IN THE ALTERNATIVE, THE COURT SHOULD ORDER AN
       IMMEDIATE STATUS CONFERENCE BETWEEN PLAINITFFS AND THE
       INVESTOR DEFENDANTS TO DISCUSS THE SCHEDULE AS IT
       APPLIES TO PLAINTIFFS' CLAIMS AGAINST THE INVESTOR
       DEFENDANTS ............................................................................................. 16

CONCLUSION…………………………………………….…………………………..17

INVESTOR DEFENDANTS' MOTION TO SEVER AND STAY          CV07-5744 AHM (AJWX)
OR , IN THE ALTERNATIVE, FOR A STATUS CONFERNCE

US1DOCS 6908185V1

# **TABLE OF AUTHORITIES**

Page

## **CASES**

*Butler v. Judge of U.S.D.C. for N.D of Cal.,*
116 F.2 1013(9th Cir. 1941) ..................................................................................... 11

*CMAX, Inc. v. Hall,*
300 F.2d 265 (9th Cir. 1962) ............................................................................... 2, 11

*eBay, Inc. v. MercExchange LLC,*
547 U.S. 388, 126 S.Ct. 1837, 164 L.E.2d 641 (2006) ............................................ 15

*Equal Rights Center v. Equity Residential,*
483 F.Supp.2d 480 (D.Md. 2007) .................................................................. 1, 10, 13

*Figueroa v. Gates,*
207 F.Supp.2d 1085 (C.D.Cal. 2002) ....................................................................... 14

*In re High Fructose Corn Syrup Antitrust Litigation,*
293 F. Supp.2d 854 (C.D I11. 2003) ......................................................................... 10

*Landis v. N. Am. Co. ,*
299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1963) ..................................................... 11

*Mediterranean Enters., Inc. v. Ssangyong Corp.,*
708 F.2 1458 (9th Cir. 1983) .................................................................................... 11

*Rodin Properties-Shore Mall, N.V. v. Cushman & Wakefield of Pennsylvania, Inc.,*
49 F.Supp.2d 709 (D.N.J. 1999) ...................................................................... 1, 9, 10

*THK America, Inc. v. NSK Co.,*
151 F.R.D. 625 (N.D. I11. 1993) ......................................................................... 2, 10

*U.S. v. IBM,*
60 F.R.D. 654 (S.D.N.Y 1973) ................................................................................. 10

*Wynn v. NBC,,*
234 F.Supp.2d 1067(C.D. Cal. 2002) .................................................................. 9, 10

## **STATUTES**

Federal Rule Civil Procedure 21 .......................................................................... 1, 9, 10

Federal Rule Civil Procedure 42(b) ...................................................................... 1, 9, 10

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on December 22, 2008[1] at 10:00 a.m., or as soon thereafter as the matter may be heard, in the above-entitled Court located at 255 East Temple Street, Los Angeles, California, Defendants Shelter Capital Partners, LLC, Shelter Venture Fund, L.P., Spark Capital, LLC, Spark Capital, L.P. and The Tornante Company, LLC (the "Investor Defendants"), by and through their counsel of record, will and hereby do move pursuant to Federal Rules of Civil Procedure 21 and 42(b) to sever and stay the action as to Investor Defendants until the action against Defendant Veoh Networks, Inc. has been resolved or, in the alternative, for the Court to schedule a status conference between Investor Defendants and Plaintiffs UMG Recordings, Inc., Universal Music Corp., Songs of Universal, Inc., Universal-Polygram International Publishing, Inc., Rondor Music International, Inc., Universal Music-MGB NA LLC, Universal Music-Z Tunes LLC, and Universal Music-MBG Music Publishing Ltd. (collectively, "Plaintiffs").

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on November 21, 24, and 25.  (*See* Declaration of Robert G. Badal ¶¶ 15-19&  Exs. M-Q.)

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities following herein, the Declaration of Robert G. Badal (filed herewith), the Declaration of Anjuli McReynolds in Support of Plaintiffs' Motion for Leave to Amend (previously filed at Docket # 62), the Declaration of Jennifer Golinveaux in Support of Veoh's Opposition to the Motion for Leave to Amend (previously filed at Docket # 64), the Declaration of Annette L. Hurst in Support of

---

[1]  Investors Defendants intend to file an ex parte application requesting an order shortening time to hear the Motion.  In light of the Thanksgiving holidays, Investor Defendants are providing Plaintiffs with a courtesy copy of the ex parte papers on November 26, 2008, but will wait to file the papers until Monday, December 1, making any response due Tuesday, December 2, 2008.

Ex Parte Application by Investor Defendants to Continue Hearing and Briefing Schedule of Plaintiffs' Motion for Summary Judgment (previously filed at Docket # 135), the Declaration of Annette L. Hurst in Support of Investor Defendants' Motion to Dismiss the FAC (previously filed at Docket # 176),  the Declaration of Sean Sullivan in Support of Investor Defendants' Motion to Dismiss First Amended Complaint (previously filed at Docket # 177), the Declaration of Rebecca Lawlor Calkins in Support of Veoh's Ex Parte Application for an Order Compelling Plaintiffs' Compliance with Prior Court Order to Provide Supplemental Responses and Production of Documents (previously filed at Docket # 189-2), the Declaration of Brian Ledahl in Support of UMG's Ex Parte Application for Order Requiring Veoh to Retain Evidence (previously filed at Docket # 196), and all other papers and pleadings on file in this action and such additional evidence and argument as may be offered prior to or at the time of hearing.


November 26, 2008                     Respectfully submitted,

                                      WILMER CUTLER HALE PICKERING &
                                      DORR LLP

                                      ORRICK HERRINGTON & SUTCLIFFE LLP


                                      By */s/ Robert G. Badal*
                                              ROBERT G. BADAL

                                      Attorneys for Defendants
                                      SHELTER CAPITAL PARTNERS, LLC and
                                      SHELTER VENTURE FUND, L.P.

November 26, 2008

Respectfully submitted,

KULIK, GOTTESMAN, MOUTON & SIEGEL, LLP


By */s/ Alisa S. Edelson*
        GLEN L. KULIK
        ALISA S. EDELSON

Attorneys for Defendant
THE TORNANTE COMPANY LLC

November 26, 2008

Respectfully submitted,

WILMER CUTLER HALE PICKERING AND DORR LLP


By */s/ Maria Vento*
        MARIA VENTO

Attorneys for Defendants
SPARK CAPITAL PARTNERS, LLC AND SPARK CAPITAL, L.P.

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION AND SUMMARY OF ARGUMENT

Pursuant to Federal Rules of Civil Procedure 21 and 42(b), this Court should sever the claims of the First Amended Complaint ("FAC") as they relate to the Investor Defendants and stay the resulting action until the action between Plaintiffs and Defendant Veoh Networks, Inc. ("Veoh") has been resolved. Severance and a stay are both necessary and appropriate because Plaintiffs waited more than a year to add Defendants Shelter Capital Partners, LLC, Shelter Venture Fund, L.P., Spark Capital, LLC, Spark Capital, L.P. and The Tornante Company, LLC ("Investor Defendants") to this lawsuit, and since adding the Investor Defendants to the case Plaintiffs have refused to provide them with copies of discovery – both discovery served prior to and subsequent to the filing of the FAC – and have refused the Investor Defendants' requests to meet and confer to establish a deposition and discovery schedule which takes into account the procedural status of this case as it relates to the Investor Defendants. In particular, the close of fact discovery deadline is rapidly approaching and based upon the current schedule it is likely that – under the current schedule – fact discovery will end before the time has come for Investor Defendants to answer the Complaint, before they can assert and perfect their affirmative defenses, before they have received and had the opportunity to review the discovery served thus far, and before they have had a meaningful opportunity to take additional discovery.

While there are no specific factors that must be considered when determining whether to grant a motion to sever, courts frequently look to what prejudice will result to the moving party if the motion is denied, whether the issues to be tried are materially different, whether severance will promote convenience, expedition of the action and judicial economy, and what prejudice will result to the non-moving party if the motion is granted. *See Equal Rights Center v. Equity Residential*, 483 F.Supp.2d 482, 489 (D.Md. 2007); *Rodin Properties-Shore Mall, N.V. v. Cushman &*

---

*Wakefield of Pennsylvania, Inc.*, 49 F.Supp.2d 709 (D.N.J. 1999); *THK America, Inc. v. NSK Co.*, 151 F.R.D. 625, 632 (N.D. Ill. 1993). The Ninth Circuit has confirmed that similar factors are to be considered in determining whether to grant a stay. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962 (factors considered in granting a stay are (a) the potential harm that may result from granting a stay; (b) the hardship and inequity to the moving party if the stay is denied; and (c) the conservation of judicial resources by granting the stay (*i.e.*, to avoid duplicative litigation).)

Each of these factors counsels in favor of severance and stay of the severed action. In particular, in light of the rapidly approaching close of fact discovery deadline, the pending motion to dismiss, and Plaintiffs' inexplicable refusal to include the Investor Defendants in discovery and engage in any meaningful meet and confer regarding that ongoing discovery, severe prejudice will result to the Investor Defendants if the motion to sever and stay is not granted. Moreover, the issues to be tried separately are materially different insofar as the Investor Defendants cannot be liable for indirect infringement unless and until Plaintiffs first prove that Veoh or its users have directly infringed. Likewise, severance and a stay will promote convenience, expedition, and judicial economy, as it will result in the threshold claims against Veoh being tried first. The Investor Defendants understand that Plaintiffs and Veoh are apparently prepared to meet the deadlines set by the Court when they were the only parties in the case, and thus, there is no reason to take that Plaintiffs/Veoh action off its present track. If Veoh is successful in its defense, then there will be no need for discovery or a trial regarding Plaintiffs claims against the Investor Defendants. If Veoh is not successful, then the parties can proceed to address the separate issues that are raised by the claims and defenses arising from Plaintiffs' claims against the Investor Defendants. Plaintiffs will not be prejudiced by severance and a stay, as severance and a stay will result in the case proceeding in a more efficient manner, preserving both the parties' resources and the Court's resources.

2

**STATEMENT OF FACTS**

**I.     PROCEDURAL BACKGROUND.**

On September 4, 2007, Plaintiffs filed this action against Defendant Veoh Networks, Inc. ("Veoh") for direct copyright infringement, contributory copyright infringement, vicarious copyright infringement, and inducement of copyright infringement. (Complaint (Docket # 1) ("Compl.").) Plaintiffs alleged Veoh infringed their copyrighted works by making such works available through Veoh's website and software for streaming and downloading. (Compl. ¶¶ 2-4.)

The initial complaint also alleged that Veoh's investors, including Shelter Capital LLC, Spark Capital LLC, and The Tornante Company, LLC, benefited from Veoh's infringing activities. (*Id.* ¶ 14.) Implying that more facts would be required to assert claims against the investors, Plaintiffs purported to reserve their right to add as defendants Veoh's investors "once the full nature and extent of their contribution to, and facilitation of, the infringing conduct taking place on Veoh is known." (*Id.*) Approximately six weeks after the initial complaint was filed, Plaintiffs sent a letter to each of the Investor Defendants informing them of this lawsuit and their asserted potential liability. (Declaration of Anjuli McReynolds in Support of Motion for Leave to Amend ¶ 2 & Ex. 1 (Docket # 62) ("McReynolds Decl.").) Four months later in February 2008, Plaintiffs served wide-ranging document subpoenas upon the Investor Defendants. (*Id.* ¶ 3 & Ex. 2; *see* Declaration of Sean Sullivan in Support of Investor Defendants' Motion to Dismiss First Amended Complaint ("FAC") (Docket # 177) ("Sullivan Decl.") ¶ 2 & Ex. A.) Each of the Investor Defendants served a timely response to the subpoenas in early April 2008. (Declaration of Jennifer Golinveaux in support of Veoh's Opposition to the Motion for Leave to Amend, Ex. B (Docket # 64) ("Golinveaux Decl.").)

In March 2008, Plaintiffs represented to the Court in the Joint Rule 16(b) Report, and at the Scheduling Conference, that Plaintiffs may seek to amend the Complaint depending upon facts they developed through discovery. (McReynolds

Decl. ¶¶ 4, 5 & Ex. 3 at 75, Ex. 4 at 92.) On March 25, 2008, the Court scheduled trial for April 12, 2009 and the discovery cut-off date for January 12, 2009. (Order Setting Case Schedule (Docket #41).) Of course, the Investor Defendants were not involved in the preparation of the Joint Report or the Scheduling Conference.

After the Investor Defendants produced non-confidential documents, and further agreed to produce confidential documents pursuant to the entry of a protective order, Plaintiffs sent letters on May 13, 2008 to each of the Investor Defendants stating that Plaintiffs may seek to add them as defendants with or without additional significant discovery. (Golinveaux Decl. ¶¶ 3, 4 & Exs. B, C.)

Within days of the Court's entry of the Interim Protective Order on May 20, 2008 (Docket # 43), several of the Investor Defendants made substantial productions of confidential documents responsive to the subpoenas. (Golinveaux Decl. ¶ 7.) Other Investor Defendants had offered to make further productions, but Plaintiffs did not bother to take them up on it. (*See* Sullivan Decl. ¶¶ 10-13.) With a fast approaching deadline to amend, Plaintiffs began serving non-party deposition subpoenas. (Golinveaux Decl. ¶ 8.) When Investor Defendants' counsel attempted to work with Plaintiffs' counsel to schedule depositions prior to the deadline to amend, Plaintiffs voluntarily withdrew the deposition notices and did not take a single deposition. (*Id.* ¶ 9; Sullivan Decl. ¶¶ 10-13.) On the last day set by the Court to amend the complaint, Plaintiffs filed their motion for leave to amend to add the Investor Defendants. (McReynolds Decl. ¶5; Docket # 54.) The Court subsequently granted Plaintiffs' motion for leave to amend, and Plaintiffs filed their FAC on August 26, 2008 alleging claims for contributory infringement of copyright, vicarious infringement of copyright, and inducing copyright infringement against the Investor Defendants (FAC Counts II-IV).

In early September 2008, Investor Defendants filed notices of appearance requesting that copies of pleadings, papers and other documents served by any party in this action also be served on each Investor Defendant. (Notices of Appearances

filed on September 4, 8, and 9, 2008 (Docket # 115, 119, 122).) The Investor Defendants promptly notified Plaintiffs on September 5, 2008 of their intent to file a motion to dismiss the FAC's claims (Counts II-IV) against them. (Declaration of Annette L. Hurst in Support of Investor Defendants' Motion to Dismiss the FAC, ¶ 2 & Ex. A (Docket # 176).) As part of a meet and confer, Plaintiffs requested that Investor Defendants delay filing the motion to dismiss so that the briefing would not overlap with Plaintiffs' briefing on their motion for summary judgment, which was scheduled for hearing on October 20, 2008. (Declaration of Annette L. Hurst in Support of Ex Parte Application by Investor Defendants to Continue Hearing and Briefing Schedule of Plaintiffs' Motion for Summary Judgment, ¶ 4 (Docket # 135).) Shortly thereafter, on September 15, 2008, Investor Defendants and Plaintiffs entered into a stipulation extending the time for Investor Defendants to respond to the FAC up to and including October 16, 2008. (*Id.*) Thus, as agreed, Investor Defendants filed their motion to dismiss the FAC (Docket # 174) on October 16, 2008 with a hearing date of November 10, 2008. The Court took the motion under submission prior to the calendared hearing date and has not yet ruled on it.

In the meantime, on October 14, 2008, without consulting or formally serving Investor Defendants with proper and reasonable notice, Plaintiffs notified Defendants by letter that they would be taking the deposition of third party Time Warner in New York on October 28, 2008. (Declaration of Robert Badal filed concurrently herewith ("Badal Decl.") ¶ 2 & Ex. A.) This letter was the first indication that Investor Defendants received that Plaintiffs had engaged in any further discovery following the filing of the FAC[2]. On October 23, 2008, Investor Defendants indicated their

---

[2] Although Investor Defendants took the position deposition discovery should be stayed until the Court ruled on the motion to dismiss, Investor Defendants also requested that if the parties disagreed and intended to proceed with depositions than they should provide the Investor Defendants with copies of existing discovery and a reasonable time to review such materials so that they could prepare for and meaningfully participate in any depositions. (Badal Decl. Exs. B, D, H.)

objection to the deposition going forward in light of the fact that they had not been provided with adequate notice of the deposition, consulted as to the date scheduled, or provided copies of any of the discovery produced by Time Warner, Plaintiffs or Veoh. (*Id.*) Investor Defendants also requested Plaintiffs and Veoh to promptly provide Investor Defendants with copies of all discovery served to date including copies of discovery requests, responses, deposition transcripts, document productions, and third party discovery (including the documents produced by Time Warner). With just a few exceptions, none of this discovery had been previously provided to Investor Defendants. Thus, to the extent discovery was to be ongoing, the Investor Defendants needed this material so that they could review it and be prepared to participate in depositions, as necessary. (*Id.* ¶ 3 & Ex. B.) Plaintiffs refused these requests and also demanded Investor Defendants "provide authority for [their] position that defendants are entitled to demand such materials while contending that they are not proper parties to this case." (*Id.* ¶ 4 & Ex. C.)

On October 29, 2008, the Investor Defendants again requested Plaintiffs to provide copies of discovery materials. (*Id.* ¶ 5 & Ex. D.) Investor Defendants also requested that Plaintiffs coordinate with the Investor Defendants in an effort to put together a meaningful deposition and discovery schedule that would account for the fact that the Investor Defendants had been added as parties so late in the case, *i.e.*, a schedule that would provide them with an opportunity to review existing discovery so that they could meaningfully participate in discovery going forward. (*Id.*) Plaintiffs refused these requests and incorrectly stated that Investor Defendants had been served with all discovery since they had "appeared" in the case. (*Id.* ¶ 6 & Ex. E.) On November 7 and 17, 2008, Investor Defendants renewed their requests for Plaintiffs' discovery materials and a meeting with Plaintiffs to fashion a reasonable deposition and discovery schedule. (*Id.* ¶¶ 7, 9 & Exs. F, H.) In response to the November 7 request, Plaintiffs stated they disagreed that Investor Defendants were entitled to copies of such discovery and promised to explain their rationale at a later

date. (*Id.* ¶ 8 & Ex. G.) On November 10, 2008, Veoh notified Investor Defendants that all of its written discovery had been produced to the Investor Defendants and documents would be forthcoming. (*Id.* ¶ 10 & Ex. I.) Plaintiffs apparently misunderstood Veoh's production to include Plaintiffs' documents and informed Investor Defendants on November 19, 2008 that Plaintiffs no longer had to comply with Investor Defendants' request for copies of discovery as they were produced by Veoh. (*Id.* ¶ 11 & Ex. J.) Plaintiffs did not address or even reference Investor Defendants' prior requests for an agreed upon deposition and discovery schedule. Later that same day, Investor Defendants informed Plaintiffs of their mistake (Veoh had only produced its discovery) and continued to insist that Plaintiffs provide the Investor Defendants with copies of the discovery materials as repeatedly requested. (*Id.* ¶¶ 12, 13 & Exs. K, L.) For the fourth time in approximately three weeks, Investor Defendants requested that Plaintiffs meet and coordinate a deposition and discovery schedule that could realistically reflect their late addition as parties to the case. (*Id.* ¶ 13 & Ex. L.) And, for the fourth time, Plaintiffs ignored that request. (*Id.* ¶ 14.)

To date and even before Investor Defendants were named in this action, significant discovery had taken place without the Investor Defendants. For example, Plaintiffs have taken at least one deposition,[3] and produced more than 1.4 million pages of documents.[4] In addition, on September 30, 2008, well after the date

---

[3] The deposition of Joseph Papa, Veoh's Vice President, Engineering, and a Rule 30(b)(6) deposition, was taken by Plaintiffs on July 10, 2008. (Declaration of Brian Ledahl in Support of UMG's Ex Parte Application for Order Requiring Veoh to Retain Evidence (Docket # 196), ¶ 5 & Ex. E (filed under seal on or about October 27, 2008).)

[4] (Declaration of Rebecca Lawlor Calkins in Support of Veoh's Ex Parte Application for an Order Compelling Plaintiffs' Compliance with Prior Court Order to Provide Supplemental Responses and Production of Documents ("Calkins Decl.") (Docket # 189-2), ¶¶ 2 (UMG has produced 1.4 million pages), 3 (UMG produced an additional 1008 pages on September 30, 2008).)

Investor Defendants filed their notices of appearance and executed a stipulation to be bound by the protective order in this action, Plaintiffs produced additional documents without serving copies on Investor Defendants. (Notices of Appearances filed on September 4, 8, and 9, 2008 (Docket # 115, 119, 122); Stipulation for Protective Order filed on September 10, 2008 (Docket # 125); Order Granted said Stipulation entered on September 30, 2008 (Docket # 151); Calkins Decl., ¶ 3; Badal Decl. ¶ 14.)

Despite repeated requests, Plaintiffs have failed to provide the Investor Defendants with copies of discovery and documents previously produced by them in this action, including Plaintiffs' own documents and written discovery, and third party discovery including that of Time Warner. (Badal Decl. ¶ 14.) Finally, Plaintiffs have refused Investor Defendants' four requests to meet and confer to coordinate a deposition and discovery schedule that could account for Plaintiffs adding them to the litigation well after the original schedule in the case was established and so close to the close of fact discovery. (*Id.*)

## II.    OVERVIEW OF THE FAC

The FAC (Counts II-IV) contains claims for contributory infringement of copyright, vicarious infringement of copyright, and inducement of copyright infringement against the Investor Defendants. Paragraphs 4, 5, 16, and 30-32 in the FAC are the only allegations that are specifically directed to the Investor Defendants. These allegations are based on three principal allegations: (1) that these defendants invested in Veoh, (2) that they each obtained the right to designate a person who sat on Veoh's Board of Directors, and (3) that these Board members collectively exercised their statutorily vested power to manage the affairs of Veoh. (FAC ¶¶ 4, 5, 16, 30-32.)

Specifically, Plaintiffs allege the Veoh Board of Directors—including designees of Shelter, Spark and Tornante—are alleged to have hired executives, and set company and product direction acting in their roles as board members of Veoh. (*Id.* ¶¶ 30-32.) Particular product decisions the Veoh Board is alleged to have made

include the scope of content to be displayed and whether technical measures would be used to prevent or limit infringing content. (*Id.* ¶¶ 16, 30-32.) Finally, the Veoh board members are alleged to have held board meetings at one of Investor Defendant's offices. (*Id.*) The only distinction made amongst the Investor Defendants was one of timing. Shelter Capital was the first to invest in and obtain the right to designate a board member in 2005, Spark and Tornante are alleged to have followed in 2006. (*Id.* ¶¶ 30-32.)

Notably, Plaintiffs allege Veoh or its users not the Investor Defendants purportedly committed direct copyright infringement. (FAC, Count I). That is, if Veoh does not infringe, then the Investor Defendants cannot, as a matter of law, be found liable. Thus, a determination of direct infringement by Veoh is, at a minimum, a predicate for any potential liability of the Investor Defendants. If Plaintiffs are unsuccessful in their action against Veoh, the claims against the Investor Defendants will never be tried.

## ARGUMENT

**I.    THE COURT SHOULD GRANT THIS MOTION TO SEVER THE CLAIMS AGAINST INVESTOR DEFENDANTS AND TO STAY THE SEVERED ACTION UNTIL THE MAIN ACTION BETWEEN PLAINTIFFS AND VEOH HAS BEEN RESOLVED.**

**A.    The Court Has Broad Discretion to Sever the Claims against Investor Defendants and Stay the Severed Action Pending Resolution of The Main Action between Plaintiffs and Veoh**

This Court has broad discretion to sever the claims against Investor Defendants under either Federal Rule of Civil Procedure 21 or 42(b). *Wynn v. NBC*, 234 F.Supp.2d 1067, 1088 (C.D. Cal. 2002) (in granting the motion to sever, the court stated "even if Plaintiffs could somehow meet the minimum legal requirements for joinder, this Court would then exercise its discretion under Rule 20(b), Rule 21 and Rule 42(b) to sever"); *see also Rodin Properties-Shore Mall, N.V. v. Cushman &*

*Wakefield of Pennsylvania, Inc.*, 49 F.Supp.2d 709, 720-21 (D.N.J. 1999). Rule 21 permits the court to "sever any claim against a party." Rule 42(b) permits separate trials of issues or claims "[f]or convenience, to avoid prejudice, or to expedite and economize."

Under Rule 21, the court is not required to determine severance under a particular factor or set of factors. *See Rodin Properties-Shore Mall, N.V. v. Cushman & Wakefield of Pennsylvania, Inc.*, 49 F.Supp.2d 709 (D.N.J. 1999) (stating the court has broad discretion "[w]ith regard to the decision whether to sever a claim, the court is not required to consider anything in particular in reaching its conclusion."). Factors courts have considered, however, include (1) whether the issues sought to be tried separately are significantly different from one another; (2) whether different witnesses and different documentary proof will be required; (3) whether the party opposing severance will be prejudiced if the claims are severed; (4) whether the party requesting severance will be prejudiced if the claims are not severed; (5) whether the settlement of claims or judicial economy will be facilitated; and (6) whether jury confusion would be prevented if severance is granted. *Equal Rights Center v. Equity Residential*, 483 F.Supp.2d 482, 489 (D.Md. 2007) (citations omitted); *In re High Fructose Corn Syrup Antitrust Litigation*, 293 F.Supp.2d 854, 862 (C.D. Ill. 2003); *Wynn*, 234 F.Supp.2d at 1088.

In making a determination to sever pursuant to Rule 42(b), courts will consider similar factors including "(1) convenience; (2) prejudice; (3) expedition; (4) economy; (5) whether the issues sought to be tried separately are significantly different; (6) whether they are triable by jury or the court; (7) whether the discovery has been directed to a single trial of all issues; (8) whether the evidence required for each issue is substantially different; (9) whether one party would gain some unfair advantage from separate trials; (10) whether a single trial of all issues would create the potential for jury bias or confusion; and (11) whether bifurcation would enhance or reduce the possibility of a pretrial settlement." *THK America, Inc. v. NSK Co.*,

10

151 F.R.D. 625, 632 (N.D. Ill. 1993).  However, a court need only find existence of one of the factors enumerated in Rule 42(b) to order a party or claim severed.  *U.S. v. IBM*, 60 F.R.D. 654, 665 (S.D.N.Y. 1973).

Finally, the Court also has broad discretion to stay the severed action pending the resolution of the main action between Plaintiffs and Veoh.  As the United States Supreme Court explained in *Landis*, federal courts have "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936) (recognizing identical parties and issues are not required to grant stay).

Furthermore, the Ninth Circuit has emphatically adopted this rule.  *Butler v. Judge of U.S.D.C. for N.D. of Cal.*, 116 F.2d 1013, 1016 (9th Cir. 1941) (granting stay where earlier filed action was pending); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (granting stay); *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (granting stay) (further stating "'[t]his rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court'") (citation omitted).  In <u>CMAX</u>, the Ninth Circuit enumerated several factors to determine whether a stay should be granted.  These factors consist of (a) the potential harm that may result from granting a stay, (b) the hardship and inequity to the moving party if the stay is denied, and (c) the conservation of judicial resources by granting the stay (i.e. to avoid duplicative litigation).  *Id.* at 268 (citation omitted).

The factors that warrant the severance and a stay overlap.  As discussed below, such factors overwhelmingly support Investor Defendants' motion to be severed from this action and to have the severed action stayed pending resolution of Plaintiffs' claims against Veoh.

11

**B.** **There Are Compelling Reasons Here To Grant A Severance And Stay.**

  1.   The Investor Defendants Will Be Severely Prejudiced Without Severance.

As set out in the previously filed Motion to Dismiss, the claims against the Investor Defendants cannot be sustained as they find no support in law or fact. If the Court grants the motion to dismiss, then this Motion is moot. On the other hand, if the motion to dismiss is denied, Investor Defendants will be greatly prejudiced if they are forced to  proceed on the same pace and in the same action as the main claims against Veoh. The Investor Defendants have not even answered yet and have not yet had the opportunity to consider the scope of affirmative defenses they may wish to present (some of which will undoubtedly differ from those of Veoh), or the scope of any counterclaims that they may wish to pursue. Moreover, on the current schedule, the Investor Defendants will have less than one month to conduct and complete their own discovery before the January 12, 2009 discovery cut-off deadline. And, that is assuming that Plaintiffs immediately provide the Investor Defendants with existing discovery, something they have thus far refused to do, arguing that the Investor Defendants are not "entitled to demand such materials [*i.e.* copies of existing discovery] while contending that they are not proper parties to this case." (Badal Decl. ¶ 4 & Ex. C.)

In particular, as discussed in great detail above, Plaintiffs have completely refused to cooperate since they sought to add Investor Defendants at the last possible moment by filing the FAC more than one year after commencing this action. There were only two months between the time of the noticed hearing date on the Investor Defendants' Motion to Dismiss of November 10, 2008 and the discovery cut-off date of January 12, 2009. Despite this truncated schedule, Plaintiffs repeatedly refused to provide Investor Defendants with discovery materials—including Plaintiffs' 1.4 million pages of documents, Plaintiffs' written discovery and responses, and third

12

party discovery responses and documents – while, nonetheless, insisting that the deposition discovery should continue unabated.

As a result, Plaintiffs have prevented Investor Defendants from preparing and meaningfully participating in discovery in this action (set to close in less than two months) as well as preparing for trial set to commence April 21, 2009. Moreover, even assuming that the Investor Defendants could meaningfully participate in discovery without the existing discovery materials (which they cannot), Plaintiffs have further thwarted their efforts to participate in this case by refusing each of the Investor Defendants' four requests to meet and confer regarding a deposition schedule. The Investor Defendants will have no time remaining to pursue independent discovery matters relating to new affirmative defenses or counterclaims. Thus, the Investor Defendants will be greatly and severely prejudiced if this motion is denied, as, even if Plaintiffs provide this discovery tomorrow and finally agree to meet and confer as to a deposition schedule, the Investor Defendants will have little or no time to review the discovery produced thus far, conduct their own discovery, and prepare for trial. Moreover, under the existing schedule, the time to answer may not even come due until after the close of fact discovery. Such a result strongly compels severance and a stay where "a paramount consideration here is the avoidance of prejudice to defendants and the assurance to them of a fair adjudication." *Equal Rights Center*, 483 F.Supp.2d at 489.

2. The Issues Sought to be Tried Separately Are Materially Different.

Under the above authorities, a court may sever the instant claims against Investor Defendants on the ground they are materially different from the claims asserted against Veoh. As discussed in the *Statement of Facts Section II*, *supra,* Plaintiffs allege direct copyright infringement (FAC Count I) against Veoh but not against any of the Investor Defendants. Instead, Plaintiffs have only alleged contributory infringement, vicarious infringement, and inducement of copyright

infringement against Investor Defendants (FAC Counts II-IV).  Before the claims against Investor Defendants can be decided, Veoh must first be found liable for direct infringement.  Moreover, involving the claims against the Investor Defendants in the same trial will require additional witnesses, exhibits and evidence that may not be necessary, if no direct infringement claim against Veoh is sustained.  The Investor Defendants may well choose to present affirmative defenses, such as a misuse defense, that are not currently being prosecuted by Veoh.  Accordingly, the issues of whether Investor Defendants can be found liable for Counts II-IV are sufficiently substantively and procedurally different from the direct infringement claim against Veoh to warrant severance and a stay.

> ### 3.     <u>Severance and a Stay of the Severed Action Promotes</u>
> <u>Convenience, Expedition of this Action, and Judicial Economy.</u>

Severance and a stay of the severed action as to the Investor Defendants will promote convenience, expedition and judicial economy for several reasons.  First, trial against the Investor Defendants may be avoided altogether if Veoh is found not to have committed direct infringement.  *See Figueroa v. Gates*, 207 F.Supp.2d 1085, 1101-01 (C.D. Cal. 2002).  Second, separate trials and a stay as to the Investor Defendants will also allow the underlying action between Plaintiffs and Veoh to proceed on the schedule that was created when they were the only parties to the case.  Third, Plaintiffs will save time and expense in first litigating its claims against Veoh instead of the three additional defendants.  Finally, although the Investor Defendants have not yet answered the complaint, it is clear that they will have defenses available to them that would be different in kind from those that may be available to Veoh.  These defenses, and the discovery related to them, would result in a more protracted proceeding than the one between Plaintiffs and Veoh alone.

**C. Granting Severance And A Stay Of The Severed Action Will Not Prejudice Or Harm Plaintiffs.**

Severance, and a corresponding stay of the severed action, will not prejudice or harm Plaintiffs. Of course, it is the Investor Defendants' view that the claims should be dismissed with prejudice immediately due to fatal legal defects as set out in the Motion to Dismiss—not the kind of prejudice cognizable in a motion such as this. But if the claims are not dismissed, there is no apparent reason why severance and a stay would prejudice Plaintiffs' legal position as to the claims against the Investor Defendants. To the contrary, a severance and stay will allow Plaintiffs to prosecute their claims in an orderly and efficient manner. Indeed, Plaintiffs may save resources by pursuing the parties seriatim. If Veoh prevails, the result will obviate the need for Plaintiffs to try their case against Investor Defendants altogether, since no direct infringement would have been established, and will save them the expense and time of the additional discovery necessitated by the claims against the Investor Defendants. If Plaintiffs prevail against Veoh, Plaintiffs will still have every opportunity to take discovery regarding and to try their claims against the Investor Defendants.

Nor will Plaintiffs be harmed by delay. The Investor Defendants do not operate the allegedly infringing service, so the claims against the Investors Defendant are directed to money damages. Although irreparable harm could not be presumed in any event (*see eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 392-93, 126 S.Ct. 1837, 164 L.E.2d 641(2006)), a delay in trying the claims against the Investors clearly will not run afoul of any copyright interests.

**D. Severance Is The Right Approach Because Veoh Should Not Be Prejudiced by Plaintiffs' Delay Tactics.**

Finally, Veoh will not be prejudiced by severance and a stay. To the contrary, the Investor Defendants understand from their meet and confer efforts with Veoh that Veoh supports this motion, and believes it is preferable to an extension of the

15

schedule as it applies to all parties. Severance and a stay as to the Investor Defendants is the only approach that balances the interests of all parties. The Investor Defendants will then have the time necessary to assert their defenses and counterclaims, participate in discovery and prepare for trial. Veoh and Plaintiffs will then be able to continue on their currently negotiated schedule, ensuring that Veoh is not penalized by Plaintiffs' decision to add the Investor Defendants late in this action and their willful failure to cooperate with the Investor Defendants in discovery. Thus, severance is the right approach.

## II. IN THE ALTERNATIVE, THE COURT SHOULD ORDER AN IMMEDIATE STATUS CONFERENCE BETWEEN PLAINTIFFS AND THE INVESTOR DEFENDANTS TO DISCUSS THE SCHEDULE AS IT APPLIES TO PLAINTIFFS' CLAIMS AGAINST THE INVESTOR DEFENDANTS.

If the Court denies the Investor Defendants' motion to sever and stay or concludes it needs to hear further from parties about the status of the case, Investor Defendants request the Court then schedule a status conference, at its earliest convenience, between the Investor Defendants and Plaintiffs[5] to discuss an alternative schedule for discovery as it pertains to the Plaintiffs' claims against the Investor Defendants and their defenses thereto. As discussed herein, such a status conference is necessary in light of the fact the Investor Defendants were added as parties in the case at a late date, the fact discovery deadline is fast approaching and Plaintiffs have refused to provide the Investor Defendants with copies of discovery it served both prior to and after the FAC was filed. Plaintiffs have also refused to meet

[5] Plaintiffs informed Investor Defendants that they would be willing to discuss the possibility of a status conference. (Badal Decl. ¶¶ 18, 19 & Exs. P, Q.) As Plaintiffs' counsel has indicated that he could not begin this discussion before December 1, 2008 and the fact discovery deadline is fast approaching, Investor Defendants believed it most efficient to seek this alternative relief now, in case the parties are unable to reach an agreement as to a status conference.

INVESTOR DEFENDANTS' MOTION TO SEVER AND STAY                    CV07-5744 AHM (AJWX)
OR , IN THE ALTERNATIVE, FOR A STATUS CONFERNCE

US1DOCS 6908185V1

1  and confer with the Investor Defendants as to a deposition and discovery schedule.

2  Indeed, Plaintiffs have suggested that the Investor Defendants are not "entitled to

3  demand such materials [copies of discovery] while contending that they are not

4  proper parties to this case [*i.e.* their motion to dismiss is pending]." (Badal Decl. ¶ 4

5  & Ex. C.) Moreover, under the current schedule, the close of fact discovery will

6  likely come and go before the Investor Defendants are required to answer the FAC

7  and assert any affirmative defenses and counterclaims. In light of the foregoing, the

8  Investor Defendants request a status conference to discuss the schedule as it pertains

9  to the Plaintiffs claims against them and their defenses thereto. In light of the rapidly

10  impending close of fact discovery deadline, the Investor Defendants ask the Court to

11  schedule the status conference as soon as practicable.

12  **CONCLUSION**

13  Investor Defendants respectfully request this Court grant their motion to sever

14  the claims against Investor Defendants and stay the severed action until the

15  underlying action between Plaintiffs and Veoh has been resolved. Alternatively,

16  Investor Defendants respectfully request this Court schedule a status conference

17  between Investor Defendants and Plaintiffs.

19  November 26, 2008                    Respectfully submitted,

20                                       WILMER CUTLER HALE PICKERING &
21                                       DORR LLP

22                                       ORRICK HERRINGTON & SUTCLIFFE LLP

24                                       By */s/ Robert G. Badal*
25                                                ROBERT G. BADAL

26                                       Attorneys for Defendants
27                                       SHELTER CAPITAL PARTNERS, LLC and
                                         SHELTER VENTURE FUND, L.P.

28                                       17

November 26, 2008                    Respectfully submitted,

                                     KULIK, GOTTESMAN, MOUTON & SIEGEL,
                                     LLP


                                     By */s/ Alisa S. Edelson*
                                                 GLEN L. KULIK
                                                 ALISA S. EDELSON

                                     Attorneys for Defendant
                                     THE TORNANTE COMPANY LLC


November 26, 2008                    Respectfully submitted,

                                     WILMER CUTLER HALE PICKERING AND
                                     DORR LLP


                                     By */s/ Maria Vento*
                                                 MARIA VENTO

                                     Attorneys for Defendants
                                     SPARK CAPITAL PARTNERS, LLC AND
                                     SPARK CAPITAL, L.P.