Rebecca Lawlor Calkins (SBN: 195593)
Email: rcalkins@winston.com
Erin R. Ranahan (SBN: 235286)
Email: eranahan@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: 213-615-1700
Facsimile: 213-615-1750

Jennifer A. Golinveaux (SBN 203056)
Email: jgolinveaux@winston.com
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
(415) 591-1506 (Telephone)
(415) 591-1400 (Facsimile)

Michael S. Elkin (*pro hac vice*)
Email: melkin@winston.com
Thomas P. Lane (*pro hac vice*)
Email: tlane@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166
(212) 294-6700 (Telephone)
(212) 294-4700 (Facsimile)

Attorneys for Defendant
VEOH NETWORKS, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> VEOH NETWORKS, INC. *et al.*, <br><br> Defendants. | **Case No. CV 07 5744 – AHM (AJWx)** <br><br> Discovery Matter <br><br> **VEOH NETWORKS, INC.'S *EX PARTE* APPLICATION FOR AN ORDER TO SHOW CAUSE WHY PLAINTIFFS SHOULD NOT BE FOUND IN CONTEMPT FOR REFUSAL TO COMPLY WITH THIS COURT'S ORDER, AND FOR AN ORDER ENFORCING COMPLIANCE WITH PRIOR COURT ORDER** |

LA:229693.1                                1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Local Rule 7-19, Defendant Veoh Networks, Inc. ("Veoh") hereby applies to the Court *ex parte*, for: 1) an order to show cause why plaintiffs UMG Recordings, Inc. ("UMGR"), Universal Music Corp., Songs of Universal, Inc., Universal-Polygram International Publishing, Inc., Rondor Music International, Inc., Universal Music – MGB NA LLC, Universal Music – Z Tunes LLC, Universal Music – MBG Music Publishing Ltd. (collectively "Plaintiffs" or "UMG") should not be found in contempt for refusing to comply with this court's order of November 20, 2008; and 2) an order enforcing immediate compliance with this Court's November 20, 2008 order that Plaintiffs provide Veoh with deposition dates for Plaintiffs 30(b)(6) witnesses.

This *ex parte* application is brought on the grounds that Plaintiffs have refused to comply with this Court's Order to provide dates for Plaintiffs' 30(b)(6) designees. The relief sought is necessary to permit Veoh to obtain discovery prior to the discovery cut-off and adequately prepare its defense. Veoh served its Notice of 30(b)(6) deposition on July 14, 2008, *four months ago*, and through a series of false promises and other delay tactics, Plaintiffs have completely stonewalled in providing dates for its 30(b)(6) witnesses. While Plaintiffs very recently provided dates for two designees covering only four of Veoh's forty-one 30(b)(6) topics,[1] Plaintiffs still refuse to provide dates for the remaining topics despite this Court's clear instruction to do so by November 24, 2008. (Declaration of Rebecca Lawlor Calkins ["Calkins Decl.] ¶ 2 and Exh. A, (Order), Calkins Decl. ¶ 3, Exh. B). As the January 12, 2009 discovery cut-off is now barely over six weeks away, Veoh seeks this Court's prompt assistance. Plaintiffs' attempts to run the clock on Veoh's discovery efforts and frustrate Veoh's ability to timely and effectively prepare its case are in violation of

---

[1] Plaintiffs identified a third designee on two topics, but provided no dates for that designee.

LA:229693.1  2

**VEOH NETWORKS, INC.'S *EX PARTE* APPLICATION FOR ORDER TO SHOW CAUSE WHY PLAINTIFFS SHOULD NOT BE FOUND IN CONTEMPT FOR REFUSAL TO COMPLY WITH THIS COURT'S ORDER AND FOR ORDER ENFORCING COMPLIANCE**

**Case No. CV 07 5744 – AHM (AJWx)**

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

UMG's discovery obligations under the Federal Rules.

Although Veoh has gone to great lengths to obtain dates for Plaintiffs' 30(b)(6) witnesses informally, UMG has repeatedly refused to provide such dates.

The names, addresses, and telephone numbers of UMG's counsel are as follows:

Steven A. Marenberg
Elliot Brown
Brian Ledahl
Benjamin Glatstein
IRELL & MANELLA LLP
1800 Avenue of the Stars, Ste. 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile:  (310) 203-7199
Email: smarenberg@irell.com
Email: ebrown@irell.com
Email: bledahl@irell.com
Email: bglatstein@irell.com

Counsel for UMG received notice on November 25, 2008, that Veoh would file this *ex parte* application if UMG did not provide the dates ordered in the Court's Order immediately. (Calkins Decl. ¶ 6). At 11:30 a.m. November 26, during a conference of counsel, UMG's counsel stated it would oppose the *ex parte* and urged Veoh to wait eight more days, to December 4, promising that Plaintiffs would provide dates for their 30(b)(6) designees on that date. (Calkins Decl. ¶ 7). This Court will recall that Plaintiffs' counsel made a similar promise on November 12, 2008, urging Veoh to wait one more day to file the *ex parte* that gave rise to this Court's November 20 Order, and that Plaintiffs would provide 30(b)(6) dates. Plaintiffs of course, did not keep that promise. When nearly another week passed and Plaintiffs still had not provided the promised dates, Veoh's counsel filed an *ex parte* on November 18 which resulted in the November 20 Order that is the subject of the present *ex parte* application.

Dated: November 26, 2008          **WINSTON & STRAWN LLP**

LA:229693.1                              3

**VEOH NETWORKS, INC.'S *EX PARTE* APPLICATION FOR ORDER TO SHOW CAUSE WHY PLAINTIFFS SHOULD NOT BE FOUND IN CONTEMPT FOR REFUSAL TO COMPLY WITH THIS COURT'S ORDER AND FOR ORDER ENFORCING COMPLIANCE**
Case No. CV 07 5744 – AHM (AJWx)

By   /s/ Rebecca Lawlor Calkins
Michael S. Elkin
Thomas P. Lane
Jennifer A. Golinveaux
Rebecca L. Calkins
Attorneys for Defendant
VEOH NETWORKS, INC.

LA:229693.1

4

**VEOH NETWORKS, INC.'S *EX PARTE* APPLICATION FOR ORDER TO SHOW CAUSE WHY PLAINTIFFS SHOULD NOT BE FOUND IN CONTEMPT FOR REFUSAL TO COMPLY WITH THIS COURT'S ORDER AND FOR ORDER ENFORCING COMPLIANCE**

**Case No. CV 07 5744 – AHM (AJWx)**

## I. INTRODUCTION

In its November 20, 2008 Order on Veoh's *ex parte* application seeking relief for Plaintiffs' failure to, among other things, provide Veoh with dates for Plaintiffs' 30(b)(6) witnesses, this Court ordered UMG to "provide Veoh with the dates on which it will produce the witnesses in question for deposition no later than November 24, 2008." (Calkins Decl. ¶ 2, Exh. A). When November 24 came however, Plaintiffs again did not comply with the Court's order, but ignored it, continuing their steadfast refusal to provide 30(b)(6) dates for Plaintiffs' witnesses. Plaintiffs justified their failure by arguing, again, that "UMG cannot be in a position where Veoh has all of UMG's dates but UMG has none of Veoh's." (Calkins Decl. ¶ 3, Exh. B). Plaintiffs cling to this position, despite the fact that this Court has already explicitly rejected such an argument, including in its November 4 order where this Court stated: "Veoh is not precluded from taking other depositions," including the depositions of Plaintiff Universal Music Group Recordings, Inc.'s ("UMGR") 30(b)(6) witnesses, "regardless of UMG's dissatisfaction with Veoh's discovery responses" (Calkins Decl. ¶ 5, Exh. D).

Plaintiffs have had ample time to obtain the dates at issue as Veoh's Notice of Deposition of UMGR's 30(b)(6) witnesses was served a full *four months ago* on July 14, 2008. These dates have also been the subject of now two orders (November 4 and November 20, 2008, Calkins Decl. ¶¶ 2, 5, Exhs. A, D). Yet, on November 24, Plaintiffs' court ordered deadline, Plaintiffs refused to provide all dates.

The depositions at issue have been properly noticed since July 14, 2008 and are essential to Veoh's preparation of its defense. Plaintiffs' continued intransigence based on arguments explicitly and repeatedly rejected by this Court should not be countenanced. Plaintiffs should be ordered to show cause why they should not be held in contempt for their defiance of this Court's Order.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Veoh's Ongoing Efforts to Obtain Plaintiffs' 30(b)(6) Deposition

On July 14, 2008, Veoh served a Notice of 30(b)(6) deposition on Plaintiff UMGR, setting the deposition for August 13, 2008. On August 8, 2008, UMGR objected and informed Veoh that no witness would be produced on the date noticed. After multiple attempts, Veoh's counsel finally reached Plaintiffs' counsel on August 26, 2008 to meet and confer.

During several telephone discussions on August 26, Plaintiffs' counsel steadfastly refused to produce a 30(b)(6) witness for deposition, justifying the refusal on Plaintiffs' unilateral opinion that Veoh's document production was incomplete. Plaintiffs' counsel also argued that the categories in Veoh's notice were objectionable for various reasons.

On September 26, Veoh's counsel emailed UMGR's counsel, pointing out that UMGR was not entitled to refuse to appear for its properly noticed 30(b)(6) deposition based on its purported opinion of Veoh's document production. Veoh's counsel again asked for UMGR's cooperation in providing a date. On September 26, UMGR's counsel again refused to provide any dates and accused Veoh of attempting to gain a "tactical advantage" over UMGR.

On November 4, this Court specifically stated in its Order that "Veoh is not precluded from taking other depositions. . ." On November 20 this Court ordered Plaintiffs to "provide Veoh with the dates on which it will produce the witnesses in question for deposition no later than November 24, 2008." (Calkins Decl. ¶ 5, Exh. D). Veoh's attempts to secure dates for Plaintiffs' 30(b)(6) depositions have proved fruitless, as Plaintiffs remain resolute in their refusal to provide all dates.

LA:229693.1        6

**VEOH NETWORKS, INC.'S *EX PARTE* APPLICATION FOR ORDER TO SHOW CAUSE WHY PLAINTIFFS SHOULD NOT BE FOUND IN CONTEMPT FOR REFUSAL TO COMPLY WITH THIS COURT'S ORDER AND FOR ORDER ENFORCING COMPLIANCE**
**Case No. CV 07 5744 – AHM (AJWx)**

### B. Plaintiffs' and UMGR's Defiance of This Court's Order

Veoh's counsel had multiple telephone calls with Plaintiffs' counsel on November 24. At approximately 2:00 p.m. in the early afternoon, Veoh's counsel asked Plaintiffs when Plaintiffs' 30(b)(6) depositions could be expected. Plaintiff said he did not have dates yet but that they would be provided that day. (Calkins Decl. ¶ 8).

At approximately 5:30 p.m. November 24, Plaintiffs' counsel sent an email to Veoh providing dates, not for all witnesses, as ordered by this Court, but for only two of Plaintiffs' 30(b)(6) designees on only four of Veoh's forty-one topics.[2] (Calkins Decl. ¶ 3, Exh. B). Clearly, this fell far short of complying with the Court's Order. At approximately 10:30 p.m. that same night, Plaintiffs' counsel emailed Veoh again, this time attempting to get Veoh to *agree* to Plaintiffs' defiance of this Court's November 20 order. (Calkins Decl. ¶ 4, Exh. C).

On November 25, Veoh's counsel sent Plaintiffs' counsel a letter asking for the ordered dates immediately. During a November 26, conference of counsel, Plaintiffs' counsel, like it had before, urged Veoh to wait, this time eight days, promising to provide all dates on December 4. (Calkins Decl. ¶ 7).

### III. LEGAL DISCUSSION

Courts have the authority to hold parties in contempt for failure to obey court orders.

Federal Rule of Civil Procedure Rule 37(b)(2)(A) provides:

> If a party or a party's officer … fails to obey a order to provide or permit discovery … the court where the action is pending may issue further just orders. They may include the following:
>
> (ii) treating as contempt of court the failure to obey any

---

[2] Plaintiffs identified a third designee on two topics but failed to provide any dates for that designee.

LA:229693.1 7

**VEOH NETWORKS, INC.'S *EX PARTE* APPLICATION FOR ORDER TO SHOW CAUSE WHY PLAINTIFFS SHOULD NOT BE FOUND IN CONTEMPT FOR REFUSAL TO COMPLY WITH THIS COURT'S ORDER AND FOR ORDER ENFORCING COMPLIANCE**
**Case No. CV 07 5744 – AHM (AJWx)**

order except an order to submit to a physical or mental examination.

(Fed. R. Civ. P. 37(b)(2)(A)(vii)).

Case law is in accord. "Where the purpose of a civil contempt sanction is to coerce good faith efforts to comply with a discovery request, contempt is proper." *Richmark Corp. v. Timber Falling Consultants, et al.*, 959 F.2d 1468, 1480 (9th Cir. 1992) (upholding contempt sanction where the purpose was to compel compliance with discovery order.) "It is clear that a court may hold a person in contempt for failing to give a deposition ordered by the court." *The Cadle Co. v. Valdez*, 2008 U.S. Dist. LEXIS 36510 (S.D.N.Y. 2008) (holding that the defendant's failure to appear for deposition may result in contempt and may result in the defendant's incarceration).

Contempt orders are appropriate where a party fails to appear for deposition. *Bank of Credit and Commerce International (Overseas) Limited, v. Tamraz*, 2006 U.S. Dist. 39256, *7 (S.D.N.Y. 2006) (noting that F.R.C.P. 37(b)(2)(D) specifies that "contempt orders will be appropriate where a party fails to appear at his own deposition. . ." ); *Sportschufabriken Adi Dassler Stiftung & Co., et al., v. New Generation f/k/a/ Utopia Textiles, et al.*, 1993 U.S. Dist. LEXIS 10810, *15-16, No. 88 Civ. 5519 (court ordered the defendant to appear individually and as a corporate officer for deposition on a date certain, or else the court would proceed with contempt hearing and decide the plaintiffs' contempt motion); *Id.* at *16; *Energy Capital Co. et al. v. Caribbean Training and Fidelity Corp.*, et al., 1994 U.S. Dist. LEXIS 17814, *16-*18 (where the defendant failed to comply with order to appear for deposition, the court held that the defendant was in contempt of court, and ordered the defendant to appear for his deposition or he would be arrested and incarcerated until he complied.).

"Sanctions against both [parties] and their attorneys are appropriate under Fed. R. Civ. P. 37(b)(2)." *Kraszewski, et al. v. State Farm General Insurance Co., et al.*, 1983 U.S. Dist. LEXIS 16342, *31 (N.D. Cal. 1983) (holding that order requiring the

LA:229693.1

8

**VEOH NETWORKS, INC.'S *EX PARTE* APPLICATION FOR ORDER TO SHOW CAUSE WHY PLAINTIFFS SHOULD NOT BE FOUND IN CONTEMPT FOR REFUSAL TO COMPLY WITH THIS COURT'S ORDER AND FOR ORDER ENFORCING COMPLIANCE**
**Case No. CV 07 5744 – AHM (AJWx)**

defendants and attorneys to share sanctions appropriate where even though it was the defendants' counsel that played a leading role in not complying with court orders and the defendants chose that counsel and could file a malpractice claim if it turned out they were unwitting victims). "With respect to defendants' and their attorneys' failure to object Court Orders regarding discovery, this Court has authority to "make such orders in regard to the failure as are just." *Id.* at *21 (citing Fed. R. Civ. P. 37(b)(2)). *Rio Properties Inc. v. Stewart Annoyances, Ltd., et al*. 2005 U.S. Dist. LEXIS 41346, *7-*10, *24-25 (D. Nev. 2005) (finding defendants in contempt of court for conduct that included impeding the efficient scheduling and completion of depositions).

Plaintiffs should not be permitted to continue to flout the clear directive of this Court's November 20 Order. Because Plaintiffs have consistently refused to allow Veoh to proceed with depositions, Veoh has been left with no choice but to seek the Court's further assistance. Pursuant to Fed.R.Civ.P. 37(b)(2)(C), Plaintiffs should also be required to pay attorneys' fees incurred by Veoh in bringing this motion as it was necessitated entirely by Plaintiffs' defiance of the Court's Order.[3]

## IV. CONCLUSION

Plaintiffs are now in defiance of two Court orders. On November 4 this Court stated that Veoh was permitted to take the 30(b)(6) depositions sought. Because Plaintiffs defied that order, it was necessary for Veoh to seek this Court's assistance, resulting in a second order, on November 20, ordering Plaintiffs to provide dates for Plaintiffs' 30(b)(6) designees to Veoh "no later than November 24." (Calkins Decl., ¶ 2, Exh. A). Instead of complying, Plaintiffs attempted to get Veoh to agree to Plaintiffs' defiance of this Court's Order.

---

[3] Fed.R.Civ.P. 37(b)(2)(C), "Payment of Expenses" also sets forth that: Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

LA:229693.1      9

**VEOH NETWORKS, INC.'S *EX PARTE* APPLICATION FOR ORDER TO SHOW CAUSE WHY PLAINTIFFS SHOULD NOT BE FOUND IN CONTEMPT FOR REFUSAL TO COMPLY WITH THIS COURT'S ORDER AND FOR ORDER ENFORCING COMPLIANCE**
**Case No. CV 07 5744 – AHM (AJWx)**

Plaintiffs continue to engage in gamesmanship in order to thwart Veoh's discovery efforts and run the clock on the discovery cut-off. Veoh brings this Application in an effort to secure firm dates on which Veoh may depose Plaintiffs' 30(b)(6) witnesses, depositions essential to Veoh's preparation of its case. For the reasons set forth above, Veoh requests that this Court issue an order: 1) to show cause why Plaintiffs, their counsel, and Irell & Manella LLP, should not be held in contempt of court for failure to comply with this Court's November 20 order; and 2) enforcing immediate compliance with this Court's November 20, 2008 order to provide Veoh with deposition dates for Plaintiffs 30(b)(6) witnesses. Veoh also seeks an order that Plaintiffs to pay monetary sanctions for Veoh being forced to file this motion.

Dated: November 26, 2008          **WINSTON & STRAWN LLP**

By   /s/ Rebecca Lawlor Calkins
       Michael S. Elkin
       Thomas P. Lane
       Jennifer A. Golinveaux
       Rebecca L. Calkins
       Attorneys for Defendant
       VEOH NETWORKS, INC.