Robert G. Badal (Bar No. 81313)
Robert.Badal@WilmerHale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Telephone: +1 (213) 443-5300
Facsimile: +1 (213) 443-5400

Annette L. Hurst (Bar No. 148738)
ahurst@orrick.com
ORRICK HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
Telephone: +1 (415) 773-5700
Facsimile: +1 (415) 773-5759

Attorneys for Defendants
SHELTER CAPITAL PARTNERS, LLC and
SHELTER VENTURE FUND, L.P.
[OTHER COUNSEL LISTED ON SIGNATURE PAGES]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS INC. et al., <br><br> Plaintiffs, <br><br> v. <br><br> VEOH NETWORKS, INC. et al., <br><br> Defendants. | Case No. CV07-5744 AHM (AJWx) <br> **INVESTOR DEFENDANTS' *EX PARTE* APPLICATION FOR ORDER SHORTENING TIME TO HEAR MOTION TO SEVER AND STAY OR, IN THE ALTERNATIVE, FOR STATUS CONFERENCE; MEMORANDUM OF POINTS AND AUTHORITIES; BADAL DECLARATION** <br> Date: December 15, 2008 <br> Time: 10:00 a.m. <br> Trial Date: April 21, 2009 <br><br> The Honorable A. Howard Matz |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendants Shelter Capital Partners, LLC, Shelter Venture Fund, L.P., Spark Capital, LLC, Spark Capital, L.P. and The Tornante Company, LLC (the "Investor Defendants") hereby apply to this Court *ex parte*, pursuant to Local Rule 7-19, for an order expediting the hearing of Investor Defendants' Motion to Sever and Stay (the "Motion"). Investor Defendants request that the Motion be heard on December 15, 2008; that Plaintiffs' opposition to the Motion be filed and served no later than 5 p.m. December 5, 2008; and that Defendant Investors' reply to the opposition be filed and served no later than 5p.m. December 9, 2008.

The Motion for which an expedited hearing is sought asks this Court to sever Investor Defendants from the above captioned case and stay the claims as they relate to the Investor Defendants. As grounds for this Motion, Investor Defendants submit that Plaintiffs did not move to add the Investor Defendants as parties until the last day available under the schedule and well after the Court scheduled the discovery deadlines and trial date in this matter. The Investor Defendants promptly moved to dismiss the First Amended Complaint as it relates to them. That motion is pending before this Court. Investor Defendants have not yet answered the First Amended Complaint, and under the existing schedule, the time to answer may not come due until after the close of fact discovery. Moreover, the close of discovery is rapidly approaching and Plaintiffs and Veoh have continued to engage in discovery since the Investor Defendants were added to the case, without Plaintiffs providing Investor Defendants with copies of discovery served both prior to and since the time they were added in the case and without meeting and conferring with Investor Defendants as to a deposition schedule.

In light of the impending close of the fact discovery deadline, the prejudice that will result to Investor Defendants if forced to continue on the current schedule, and potential waste of judicial and parties' resources that may result if resolution of

1

the Motion is delayed, Investor Defendants ask this Court to hear their Motion on an expedited schedule.

Under Local Rule 6-1, the earliest date that Defendant Investors' current Motion would normally be heard by this Court is December 22, 2008 – only three weeks before the discovery cut-off date of January 12, 2009. For the reasons set forth above, Investor Defendants request that the hearing date on the Motion be moved forward one week to December 15, 2008, with Plaintiffs' opposition brief due December 5 at 5 p.m. (just one business day less than under a regular briefing schedule), and the Investor Defendants' reply brief due December 9 at 5 p.m.

Pursuant to Local Rule 7-19, Investor Defendants hereby notify the Court that the names and contact information of Plaintiffs' counsel are as follows: Brian D. Ledahl and Benjamin Glatstein, Irell & Manella LLP, 1800 Avenue of the Stars, Suite 900, Los Angeles, CA 90067; telephone (310) 277-1010; facsimile (310) 203-7199. As set forth in the Declaration of Robert Badal attached hereto, Plaintiffs' counsel was provided advance notice of the Investor Defendants' intention to bring this application by email on Monday, November 24, 2008 at 5:44 p.m. and again on Tuesday, November 25, 2008 at 10:06 a.m. *See* Declaration of Robert G. Badal ¶¶ 17, 19. Plaintiffs' counsel has not yet informed Investor Defendants' counsel whether Plaintiffs will oppose this application or not. *Id.* Additionally, counsel for the Investor Defendants provided Plaintiffs with a courtesy copy of this Application and filed the Motion on Wednesday, November 26, 2008.

In support of their application, Investor Defendants rely on this *Ex Parte* Application, the attached Memorandum of Points and Authorities, the attached Declaration of Robert G. Badal, the Motion, all other pleadings, papers, documents, and records on file with the Court, and any such other and further arguments and evidence as may properly be presented to the Court.

2

INVESTOR DEFENDANTS' EX PARTE APPLICATION FOR ORDER
SHORTENING TIME TO HEAR MOTION TO SEVER AND STAY;
MEMO OF P'S & A'S; BADAL DECLARATION
US1DOCS 6901947v4

CV07-5744 AHM (AJWX)

| | | |
|---|---|---|
| December 1, 2008 | | Respectfully submitted, |

WILMER CUTLER PICKERING HALE & DORR LLP

ORRICK HERRINGTON & SUTCLIFFE LLP

By _/s/ Robert G. Badal_
        ROBERT G. BADAL

Attorneys for Defendants
SHELTER CAPITAL PARTNERS, LLC and SHELTER VENTURE FUND, L.P.

December 1, 2008        Respectfully submitted,

KULIK, GOTTESMAN, MOUTON & SIEGEL, LLP

By _/s/ Alisa S. Edelson_
        GLEN L. KULIK
        ALISA S. EDELSON

Attorneys for Defendant
THE TORNANTE COMPANY LLC

December 1, 2008        Respectfully submitted,

WILMER CUTLER PICKERING HALE AND DORR LLP

By _/s/ Maria Vento_
        MARIA VENTO

Attorneys for Defendants
SPARK CAPITAL PARTNERS, LLC AND SPARK CAPITAL, L.P.

3

INVESTOR DEFENDANTS' EX PARTE APPLICATION FOR ORDER    CV07-5744 AHM (AJWX)
SHORTENING TIME TO HEAR MOTION TO SEVER AND STAY;
MEMO OF P'S & A'S; BADAL DECLARATION
US1DOCS 6901947v4

## MEMORANDUM OF POINTS AND AUTHORITIES

Investor Defendants have filed before this Court a Motion to Sever and Stay Or, In the Alternative, For Status Conference (hereafter "Motion"). By this application, Investor Defendants respectfully request that the hearing of this Motion, and related briefing, be expedited to resolve the issues in the Motion as promptly as possible and to prevent future harm and prejudice to Investor Defendants.

Investor Defendants' ex parte application for an expedited briefing schedule is required in response to Plaintiffs' late addition of Investor Defendants as parties, the rapidly approaching close of the fact discovery deadline, Plaintiffs' refusal to provide Investor Defendants with copies of discovery served both prior to and after the filing of the First Amended Complaint, and Plaintiffs' scheduling of discovery without Defendant Investors' consent or participation. The late date upon which Investor Defendants were named as parties combined with Plaintiffs' refusal to cooperate with Investor Defendants or include them in discovery in this case threaten Investor Defendants' ability to meaningfully participate in discovery and to adequately prepare for depositions, other discovery, and trial. Under Local Rule 6-1, the earliest date that Defendant Investors' current Motion would normally be heard by this Court is December 22, 2008 – only three weeks before the discovery cut-off date of January 12, 2009.

Plaintiffs did not name Investor Defendants in their First Amended Complaint until the last day available under the schedule and well after the Court scheduled the discovery deadlines and trial date in this matter. Investor Defendants promptly moved to dismiss the claims under 12(b)(6) as they relate to them. That motion is pending. Moreover, from early September 2008 when Investor Defendants filed their notices of appearances shortly after being named parties, through mid-November 2008, Investor Defendants made repeated requests that Plaintiffs provide copies of discovery served to date and participate in a meet and confer session regarding ongoing discovery in the case. Badal Decl., ¶¶ 3, 5, 7, 9, 12, 13. Plaintiffs have

4

INVESTOR DEFENDANTS' EX PARTE APPLICATION FOR ORDER  CV07-5744 AHM (AJWX)
SHORTENING TIME TO HEAR MOTION TO SEVER AND STAY;
MEMO OF P'S & A'S; BADAL DECLARATION
US1DOCS 6901947v4

repeatedly refused these requests. *Id.* ¶¶ 4, 6, 8, 14.

Investor Defendants will be irreparably prejudiced if Plaintiffs are permitted to continue discovery without providing Investor Defendants with copies of existing discovery and without meeting and conferring with Investor Defendants as to a deposition and discovery schedule that reflects their status as new parties to the litigation. For example, the Investor Defendants have not yet answered the First Amended Complaint, and if they were forced to continue under the existing schedule, their answer might not be due until after the close of fact discovery.

In light of the impending close of fact discovery deadline, the prejudice that will result to Investor Defendants if forced to continue on the current schedule, and potential waste of judicial and parties' resources that may result if resolution of the Motion is delayed, Investor Defendants ask this Court to hear their motion on an expedited schedule. Investor Defendants request that the hearing date on the Motion be moved forward one week to December 15, 2008 to prevent the continued prejudice Investor Defendants will suffer if not provided adequate time to participate in discovery and prepare for depositions. The issuance of an order to expedite is especially warranted in cases of "temporal urgency" such as this. *See Mission Power Eng'g Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Plaintiffs will not suffer any prejudice in having the Motion heard and briefed on an expedited basis. Plaintiffs' counsel already has been made aware of the issues presented in Investor Defendants' Motion, and was provided a courtesy copy of this application on Wednesday, November 26, 2008. *See* Badal Decl. ¶¶ 15, 20. Moreover, under the briefing schedule set forth in the Proposed Order (filed concurrently herewith), Plaintiffs' counsel will have nine days to respond to the Motion (only one less business day than if the motion is heard on a regular calendar).

For all of the reasons stated above, Investor Defendants respectfully request that this Motion be heard on December 15, 2008; that Plaintiffs' opposition to the Motion be filed and served no later than 5 p.m. on December 5, 2008; and that

5

INVESTOR DEFENDANTS' EX PARTE APPLICATION FOR ORDER
SHORTENING TIME TO HEAR MOTION TO SEVER AND STAY;
MEMO OF P'S & A'S; BADAL DECLARATION
US1DOCS 6901947v4

CV07-5744 AHM (AJWX)

Defendant Investors' reply to the opposition be filed and served no later than 5 p.m. December 9, 2008.

| | |
|---|---|
| December 1, 2008 | Respectfully submitted,<br>WILMER CUTLER PICKERING HALE & DORR LLP<br><br>ORRICK HERRINGTON & SUTCLIFFE LLP<br><br>By */s/ Robert G. Badal*<br>     ROBERT G. BADAL<br><br>Attorneys for Defendants<br>SHELTER CAPITAL PARTNERS, LLC and SHELTER VENTURE FUND, L.P. |
| December 1, 2008 | Respectfully submitted,<br><br>KULIK, GOTTESMAN, MOUTON & SIEGEL, LLP<br><br>By */s/ Alisa S. Edelson*<br>     GLEN L. KULIK<br>     ALISA S. EDELSON<br><br>Attorneys for Defendant<br>THE TORNANTE COMPANY LLC |
| December 1, 2008 | Respectfully submitted,<br><br>WILMER CUTLER PICKERING HALE AND DORR LLP<br><br>By */s/ Maria Vento*<br>     MARIA VENTO<br><br>Attorneys for Defendants<br>SPARK CAPITAL PARTNERS, LLC AND SPARK CAPITAL, L.P. |

6

INVESTOR DEFENDANTS' EX PARTE APPLICATION FOR ORDER SHORTENING TIME TO HEAR MOTION TO SEVER AND STAY; MEMO OF P'S & A'S; BADAL DECLARATION    CV07-5744 AHM (AJWX)

US1DOCS 6901947v4

I, Robert G. Badal, declare as follows:

1. I am an attorney at law duly licensed to practice before this Court and the courts of the State of California. I am a partner with the law firm of Wilmer, Cutler, Pickering, Hale, and Dorr LLP, counsel of record in this action for defendants Shelter Venture Fund, LP and Shelter Capital Partners, LLC (collectively, "Shelter"). I have personal knowledge of the facts set forth below, and, if called as a witness, I could and would competently testify thereto.

2. On October 14, 2008, Benjamin Glatstein, counsel for Plaintiffs UMG Recordings, Inc. et al. ("Plaintiffs"), sent a letter to all defense counsel notifying them that Plaintiffs would be taking the deposition of third party Time Warner in New York on October 28, 2008. Shelter, Spark Capital LLC, Spark Capital LLP and The Tornante Company, LLC ("Investor Defendants") were not consulted in the scheduling of this deposition or formally served with a copy of the deposition subpoena. Attached hereto as Exhibit "A" is a true and correct copy of Mr. Glatstein's email attaching a letter from Brian Ledahl of October 14, 2008.

3. On October 23, 2008, I caused to be emailed a letter to Mr. Ledahl, another of Plaintiffs' counsel, and Jennifer Golvineaux, counsel for Defendant Veoh Networks, Inc. My letter addressed certain outstanding discovery matters including a request for copies of all discovery and documents produced in this action. Attached hereto as Exhibit "B" is a true and correct copy of the email and my letter of October 23, 2008.

4. The following day, Mr. Ledahl emailed me a letter on October 24, 2008 refusing my request. Attached hereto as Exhibit "C" is a true and correct copy of Mr. Ledahl's email and letter of October 24, 2008.

5. On October 29, 2008, I emailed a second letter to Mr. Ledahl renewing my request for copies of discovery. In addition, I also asked Mr. Ledahl to work with counsel for Investor Defendants to fashion a meaningful deposition and discovery schedule that took account of the fact that Investor Defendants had been named as

INVESTOR DEFENDANTS' EX PARTE APPLICATION FOR ORDER
SHORTENING TIME TO HEAR MOTION TO SEVER AND STAY;
MEMO OF P'S & A'S; BADAL DECLARATION

CV07-5744 AHM (AJWX)

US1DOCS 6901947v4

parties late in the case. Attached hereto as Exhibit "D" is a true and correct copy of my email and letter of October 29, 2008.

6. Mr. Ledahl emailed me a letter on November 3, 2008 rejecting my requests. Attached hereto as Exhibit "E" is a true and correct copy of Mr. Ledahl's letter of November 3, 2008.

7. On November 7, 2008, I caused to be emailed a letter to Mr. Ledahl responding to his most recent correspondence and again renewing my requests for copies of discovery and a meeting to arrange a discovery and deposition schedule for the Investor Defendants. Attached hereto as Exhibit "F" is a true and correct copy of my letter to Mr. Ledahl of November 7, 2008.

8. On November 12, 2008, Mr. Ledahl informed me as well as other counsel for Investor Defendants that he disagreed with my letter of November 7, 2008 and would later address those assertions. Attached hereto as Exhibit "G" is a true and correct copy of Mr. Ledahl's email of November 12, 2008.

9. On November 17, 2008, I emailed Mr. Ledahl and asked for copies of discovery from Plaintiffs and Veoh. In addition, I again requested UMG and Investor Defendants agree to a deposition and discovery schedule that took account of the fact that Plaintiffs had added Investor Defendants late in the case. This email was also sent to Michael Elkin, counsel for Defendant Veoh Networks, Inc. Attached hereto as Exhibit "H" is a true and correct copy of my email of November 17, 2008.

10. Later that same day, Mr. Elkin informed me written copies of Veoh's discovery had been provided and Veoh's document production would be forthcoming. Attached hereto as Exhibit "I" is a true and correct copy of Mr. Elkin's email of November 17, 2008.

11. On November 19, 2008, Mr. Ledahl informed me that based on Mr. Elkin's email he assumed Investor Defendants had all the requested discovery. Mr. Ledahl did not address or even reference my previous requests for an agreed upon deposition and discovery schedule that would apply to the Investor Defendants.

8

INVESTOR DEFENDANTS' EX PARTE APPLICATION FOR ORDER
SHORTENING TIME TO HEAR MOTION TO SEVER AND STAY;
MEMO OF P'S & A'S; BADAL DECLARATION
US1DOCS 6901947v4

CV07-5744 AHM (AJWX)

Attached hereto as Exhibit "J" is a true and correct copy of Mr. Ledahl's email of November 19, 2008.

12. On November 19, 2008, Annette Hurst, co-counsel, informed Mr. Ledahl he was mistaken, that Veoh had only provided copies of its own discovery, and that Plaintiffs were still obligated to provide copies of their discovery. Attached hereto as Exhibit "K" is a true and correct copy of Ms. Hurst's email of November 19, 2008, which was copied to my attention.

13. On this same date, I sent another email to Mr. Ledahl confirming Ms. Hurst's email and stating that Plaintiffs still needed to produce copies of their own discovery. I also noted Mr. Ledahl had not responded to my previous requests to meet and agree to a deposition and discovery schedule with the Investor Defendants. Attached hereto as Exhibit "L" is a true and correct copy of my email of November 19, 2008.

14. To the best of my knowledge, Plaintiffs recently produced documents to Veoh on or about September 30, 2008. Plaintiffs have not provided these documents to Shelter or to Defendants Spark Capital LLC, Spark Capital LLP and The Tornante Company, LLC; nor have Plaintiffs provided the Investor Defendants with Plaintiffs' June 30, 2008 document production, Plaintiffs' written discovery to Veoh, Plaintiffs' written discovery responses, Time Warner's third party documents, and Plaintiffs' written discovery to third parties and the third parties' responses served prior to the date the First Amended Complaint was filed. In addition, Plaintiffs have not agreed to meet and coordinate a deposition and discovery schedule with the Investor Defendants.

15. On November 21, 2008, Annette Hurst, co-counsel for Shelter, sent an email to Mr. Ledahl requesting to meet and confer regarding the Investor Defendants' motion to sever and stay. Ms. Hurst also explained the basis for the motion. Attached hereto as Exhibit "M" is a true and correct copy of Ms. Hurst's email of November 21, 2008, which was copied to my attention.

9

INVESTOR DEFENDANTS' EX PARTE APPLICATION FOR ORDER  CV07-5744 AHM (AJWX)
SHORTENING TIME TO HEAR MOTION TO SEVER AND STAY;
MEMO OF P'S & A'S; BADAL DECLARATION
US1DOCS 6901947v4

16. Ms. Hurst telephoned Mr. Ledahl on November 24, 2008 at approximately 1:00 p.m. and left him a voicemail requesting to meet and confer. Attached hereto as Exhibit "N" is a true and correct copy of Ms. Hurst's email of November 24, 2008, which was copied to my attention.

17. On November 24, 2008 at 5:44 p.m., I emailed Mr. Ledahl to follow up on the meet and confer regarding the motion to sever and stay. In addition, I also informed Mr. Ledahl that Investor Defendants intended to also request the Court consider scheduling a status conference in the event the Court denies the motion to sever and stay. I further informed Mr. Ledahl that Investor Defendants intended to move ex parte to set a shorter briefing schedule. Attached hereto as Exhibit "O" is a true and correct copy of my email of November 24, 2008.

18. On November 25, 2008 at 12:01 a.m., Mr. Ledahl emailed me Plaintiffs would not stipulate to the motion to sever and stay their claims against the Investor Defendants. He also stated that he would be available on December 1, 2008 to discuss the possibility of a case management conference because "some adjustments to the schedule may be appropriate." Attached hereto as Exhibit "P" is a true and correct copy of Mr. Ledahl's email of November 25, 2008.

19. At 10:06 a.m. on November 25, 2008, I responded to Mr. Ledahl's email asking him to propose a time for December 1, 2008 to schedule a conference call between counsel for Plaintiffs and the Investor Defendants. In addition, I also stated since Plaintiffs had not agreed to stipulate to the motion to sever and stay the action as to the Investor Defendants, Investor Defendants intended to seek an order shortening time to have the motion heard on December 15, 2008. I asked if Mr. Ledahl would agree to a proposed briefing schedule of December 5, 2008 for his clients' opposition and December 9 for any reply brief. Attached hereto as Exhibit "Q" is a true and correct copy of my email of November 25, 2008. As of the date of this declaration, I have not yet heard back from Mr. Ledahl.

20. On November 26, 2008 at 4:33 p.m., Amanda Walker, on behalf of the

10

INVESTOR DEFENDANTS' EX PARTE APPLICATION FOR ORDER  CV07-5744 AHM (AJWX)
SHORTENING TIME TO HEAR MOTION TO SEVER AND STAY;
MEMO OF P'S & A'S; BADAL DECLARATION
US1DOCS 6901947v4

Investor Defendants, emailed a courtesy copy of the ex parte application to Plaintiffs' counsel.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 1st day of December, 2008, at Los Angeles, California.

*/s/ Robert G. Badal*
ROBERT G. BADAL

11
INVESTOR DEFENDANTS' EX PARTE APPLICATION FOR ORDER
SHORTENING TIME TO HEAR MOTION TO SEVER AND STAY;
MEMO OF P'S & A'S; BADAL DECLARATION
US1DOCS 6901947v4

CV07-5744 AHM (AJWX)