**Re: Docket #239**

Steven A. Marenberg (101033) (smarenberg@irell.com)
Elliot Brown (150802) (ebrown@irell.com)
Brian Ledahl (186579) (bledahl@irell.com)
Benjamin Glatstein (242034) (bglatstein@irell.com)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>VEOH NETWORKS, INC., *et al.*,<br><br>        Defendant. | **Case No. CV-07-05744 AHM (AJWx)**<br><br>**OPPOSITION TO VEOH EX PARTE APPLICATION FOR ORDER TO SHOW CAUSE WHY PLAINIFFS SHOULD NOT BE FOUND IN CONTEMPT (DOCKET #239)**<br><br>Magistrate: Hon. Andrew J. Wistrich<br><br>Date: TBD<br>Time: TBD<br>Courtroom: 690<br><br>Discovery Cutoff: January 12, 2009<br>Pretrial Conference: April 6, 2009<br>Trial Date: April 21, 2009 |

OPPOSITION TO VEOH EX PARTE APPLICATION FOR
ORDER TO SHOW CAUSE WHY PLAINIFFS SHOULD
NOT BE FOUND IN CONTEMPT (DOCKET #239)

1977613

Dockets.Justia.com

# I. INTRODUCTION

Veoh's application contains numerous misrepresentations and falsehoods. Veoh tries to suggest that UMG has prevented Veoh from taking depositions. The opposite is true. By the time Veoh filed its application (the day before Thanksgiving), the deposition of UMG's in-house litigation attorney, Harvey Geller, was not only scheduled, but already completed. The deposition of David Ring, another UMG executive had already long since been scheduled for December 5. As the Court will recall, the depositions of Messrs. Geller and Ring were the subject of UMG's earlier motion for a protective order which the Court denied in its Order of November 7, and were the depositions as to which the Court had ordered UMG to proceed and provide dates. Thus, long before November 24, and long before Veoh filed the instant application, both of those depositions were already scheduled, and one of them was already completed. Any assertion that UMG has prevented Veoh from taking depositions is patently false.

Veoh has also noticed a Rule 30(b)(6) deposition of UMG. Veoh's deposition notice comprised 41 different topics. The parties met and conferred extensively regarding those topics, many of which UMG asserted were improper. Veoh agreed to withdraw certain of the topics, but still pursued some of the topics to which UMG objected. Veoh has never filed a motion seeking to compel UMG to appear for any of those topics, nor obtained any ruling on UMG's objections to any topic in the notice. Nonetheless, UMG has agreed to produce witnesses for the majority of topics Veoh is still pursuing. UMG has already provided dates for three of the witnesses to be designated. UMG designated Mr. Geller for two of the topics and his deposition was already completed. On November 24, UMG also provided dates for two other witnesses designated for other topics. There are three remaining topics which UMG continues to find objectionable, but as to which UMG will nonetheless provide a witness, and one additional topic which UMG believes is premature, but

1977613 - 1 -

OPPOSITION TO VEOH EX PARTE APPLICATION FOR
ORDER TO SHOW CAUSE WHY PLAINIFFS SHOULD
NOT BE FOUND IN CONTEMPT (DOCKET #239)

as to which UMG will also provide a witness. As of the date of this response, UMG has now provided dates for those two additional witnesses as well.

Veoh's application is based entirely on the assertion that though UMG's original motion for protective order was not directed to Veoh's objectionable Rule 30(b)(6) deposition notice, the Court nonetheless entered an order compelling UMG to produce witnesses for that deposition and then further entered an order compelling UMG to schedule all such witnesses for deposition by November 24. UMG respectfully submits that Veoh is aggressively over-reading the Court's Order in an effort to manufacture a nonexistent violation of the Court's Order. Veoh's efforts are particularly ironic in light of UMG's ongoing cooperation in now having scheduled every deposition noticed by Veoh.

UMG's cooperation in scheduling depositions stands in stark contrast to Veoh's conduct. Veoh refused to produce a single witness in response to UMG's supplemental Rule 30(b)(6) deposition, forcing UMG to move to compel Veoh to appear. After waiting until its response to UMG's motion was overdue, Veoh filed a Notice of Non-Opposition – conceding that it must appear for the deposition. To date, however, Veoh has refused to schedule any of the witnesses to be produced in response to that notice. Further, UMG requested that Veoh provide convenient dates for the depositions of two of its individual witnesses to appear. Veoh simply ignored this request, refusing to provide any dates. Thus, Veoh's arguments of obstructing deposition discovery can fairly be applied to Veoh, but certainly not to UMG.

Further, Veoh improperly pursues this issue as an *ex parte* application. Veoh filed an almost identical application previously, which the Court denied, pointing out that the issue raised was not an emergency. As with many of its submissions of late, Veoh completely ignored this Court's rulings and simply pursued the same approach that the Court already rejected as improper. Here, Veoh's application is

OPPOSITION TO VEOH EX PARTE APPLICATION FOR
ORDER TO SHOW CAUSE WHY PLAINIFFS SHOULD
NOT BE FOUND IN CONTEMPT (DOCKET #239)

1977613 - 2 -

both procedurally improper and substantively based on complete falsehoods. UMG respectfully submits that the Court should deny Veoh's application – with prejudice.

## II. FACTUAL BACKGROUND

Because Veoh's application is based upon numerous false assertions and characterizations, UMG respectfully submits that a brief summary of the relevant facts at the outset will help to best frame the issues.

UMG filed a *ex parte* application for a protective order regarding the depositions of Messrs. Geller and Ring which Veoh had noticed. On November 4, this Court denied that application[1] and ordered that UMG should proceed with the depositions. *See* 2008-11-04 Court Order (Docket #201). UMG proceeded to schedule both depositions. On November 18, 2008, Veoh, apparently unsatisfied with UMG's need to consult the schedules of its personnel and counsel, filed an *Ex Parte* Application For Order To Show Cause Why Plainiffs and Their Counsel Should Not Be Found In Contempt (Docket #215). The application related to the Court's November 4 Order denying UMG's application for a protective order. The Court denied Veoh's Application on November 20 before UMG had filed any opposition. *See* 2008-11-20 Court Order (Docket #218). The Court specifically instructed Veoh that it was not appropriate to seek contempt sanctions through *ex parte* applications, and instructed UMG to provide deposition dates to Veoh by November 24, 2008 (the Monday before Thanksgiving).

Prior to the Court's November 20 Order, UMG had already provided dates for the depositions of Messrs. Geller and Ring – the two witnesses whose depositions were the subject of UMG's application for a protective order. Though not clearly the subject of the Court's prior order, UMG also undertook to provide dates for witnesses it would designate in response to Veoh's Rule 30(b)(6) deposition notice. On November 24, UMG provided Veoh with dates for additional witnesses who would be designated in response to Veoh's notice. Ledahl Decl., Ex. F (2008-11-24

---

[1] The Order was received by UMG on November 5.

OPPOSITION TO VEOH EX PARTE APPLICATION FOR
ORDER TO SHOW CAUSE WHY PLAINIFFS SHOULD
NOT BE FOUND IN CONTEMPT (DOCKET #239)

1977613 - 3 -

Glatstein email to Golinveaux and Calkins).  UMG noted at that time that it was still trying to confirm scheduling for an additional witness on three of the topics and that due to the constraints of the Thanksgiving holiday, it would likely not be able to provide those dates until the following week.  *Id.*  UMG further noted that depositions on several of the topics were premature, but agreed that it would produce a witness in due course.  *Id.*

November 24 was also the date on which Veoh's response to UMG's motion to compel Veoh to appear for its Rule 30(b)(6) deposition (Docket #210) was due.  On the afternoon of November 24, nearly two weeks after UMG filed its motion, Veoh contacted UMG to indicate it was willing to produce a witness and requested that UMG withdraw its motion.  UMG communicated that it was willing to withdraw the motion if Veoh would agree to promptly provide dates for the witnesses to appear.  Ledahl Decl., ¶ 2 & Ex. A (2008-11-24 Glatstein email to Calkins).  Veoh indicated that it would not be able to provide dates until the following week due to the Thanksgiving holiday.  UMG sought to accommodate this consideration and suggested that both parties agree to provide remaining outstanding dates – Veoh's dates for its 30(b)(6) witnesses and two other deponents for whom UMG had requested available dates, and UMG's remaining designee(s) on the topics remaining to be scheduled – by December 4.  Ledahl Decl., Ex. A (2008-11-24 Glatstein email to Calkins).  UMG suggested that this would provide both parties the opportunity to schedule the depositions promptly while accounting for the Thanksgiving Holiday.  Veoh never responded to this proposal.  Ledahl Decl., ¶ 3.

On Tuesday, November 25, after 7:00 p.m., Veoh wrote UMG threatening the instant *ex parte* application.  Veoh initially sent its letter threatening an *ex parte* application to UMG's counsel, Messrs. Ledahl and Glatstein.  Ledahl Decl., ¶ 3 & Ex. B.  Veoh was aware even before sending this letter that both Messrs. Ledahl and Glatstein were out of the office for the Thanksgiving holiday at that time.  Ledahl

1977613 - 4 -

OPPOSITION TO VEOH EX PARTE APPLICATION FOR
ORDER TO SHOW CAUSE WHY PLAINIFFS SHOULD
NOT BE FOUND IN CONTEMPT (DOCKET #239)

Decl., ¶ 3. Later that evening, Veoh also transmitted its threats to UMG's counsel, Messrs. Marenberg and Brown. Ledahl Decl., ¶ 3. On Wednesday, November 26 (the day before Thanksgiving), Mr. Marenberg offered to speak with Veoh's counsel about this issue and conducted a conference with Veoh's counsel, Rebecca Calkins. Ledahl Decl., ¶ 4 & Ex. C (2008-11-26 Marenberg letter to Calkins). As reflected in his confirming letter, Mr. Marenberg reiterated UMG's proposal that the parties exchange remaining outstanding deposition dates by December 4. *Id.* Mr. Marenberg further indicated that Veoh's threatened *ex parte* application was not appropriate and suggested that it was not appropriate to take up the Court's time with matters the parties should resolve themselves. *Id.*[2] Veoh refused this proposal and several hours later, at approximately 9:00 p.m. the night before Thanksgiving, filed the instant application.

### III. UMG COMPLIED WITH THIS COURT'S ORDERS

As discussed above, UMG previously sought a protective order regarding two depositions – that of Mr. Geller and that of Mr. Ring. The Court denied that application and directed UMG to proceed with the depositions. Notwithstanding the fact that the Court's order did not set a date by which UMG must complete the depositions or even a date by which they were to be scheduled, Veoh filed an *ex parte* application on November 18, 2008, claiming that UMG was in contempt of the Court's order denying the application for protective order because UMG had not yet scheduled the depositions. In fact, UMG had already scheduled Mr. Geller's deposition by November 13, and provided a date for Mr. Ring's deposition on November 19. Ledahl Decl., ¶¶ 5-6 & Exs. D & E. The Court denied Veoh's application and directed UMG to schedule the depositions by November 24 if it had not already done so. UMG had, in fact, already done so.

---

[2] Mr. Marenberg's letter also indicated that to provide an accurate record of UMG's efforts to resolve this issue, Veoh should attach a copy of his letter with its *ex parte* papers. Veoh did not, and instead misrepresented the factual record.

OPPOSITION TO VEOH EX PARTE APPLICATION FOR
ORDER TO SHOW CAUSE WHY PLAINIFFS SHOULD
NOT BE FOUND IN CONTEMPT (DOCKET #239)

1977613                                - 5 -

Veoh's latest application tries to extrapolate these circumstances into an Order by this Court that UMG provide dates for all witnesses who might appear in response to Veoh's Rule 30(b)(6) deposition notice no later than November 24. Veoh never brought any motion to compel UMG to appear for this deposition, and never obtained any Court order that UMG must do so or must do so by a date certain. The Court has issued orders regarding the depositions of Messrs. Geller and Ring, which were scheduled well before November 24.

Regardless, however, UMG has also provided dates for the Rule 30(b)(6) deposition noticed by Veoh. On November 24, UMG identified witnesses regarding all but three of the topics for which it would agree to provide a witness.[3] As of today, UMG has provided dates for witnesses designated on those remaining three topics as well as one additional topic (though UMG maintains that deposition as to one of those topics – the identification of infringing works – is premature at this stage). Ledahl Decl., ¶¶ 7-8 & Exs. F (2008-11-24 Glatstein email to Golinveaux and Calkins) and G (2008-12-01 Ledahl email to Golinveaux and Calkins).

Despite these facts, Veoh falsely claims in its application that UMG has "consistently refused to allow Veoh to proceed with depositions," *Ex Parte* Application, p. 9:11-12, and that its "attempts to secure dates for Plaintiffs' 30(b)(6) depositions have proved fruitless," *id.* at 6:23-24. The facts set forth above put the lie to Veoh's assertions. *See* Ledahl Decl., ¶¶ 5-8 & Exs. D, E, F, & G (designating witnesses and providing deposition dates for six witnesses).

Given all of these facts, UMG has complied with the Court's November 20 Order. Veoh's assertions to the contrary are false and waste both the Court's time and UMG's time.

---

[3] Veoh suggests in its application that UMG should produce witnesses for all 41 topics in the notice. First, Veoh withdrew many of those topics after meeting and conferring with UMG. Ledahl Decl. Ex. H (2008-09-23 email from R. Calkins limiting topics). Further, Veoh acknowledged in its September 23 email that UMG still maintained objections to some of the topics Veoh continues to pursue. *Id.* Veoh has never sought to raise any of those issues with the Court. Ledahl Decl., ¶ 9.

OPPOSITION TO VEOH EX PARTE APPLICATION FOR
ORDER TO SHOW CAUSE WHY PLAINIFFS SHOULD
NOT BE FOUND IN CONTEMPT (DOCKET #239)

1977613      - 6 -

## IV. THERE IS NO EXIGENCY JUSTIFYING *EX PARTE* RELIEF, LET ALONE A CONTEMPT SANCTION

### A. Veoh's Motion Is Not An Emergency

Veoh filed its previous *Ex Parte* Application for an Order To Show Cause Why Plaintiffs And Their Counsel Should Not Be Held In Contempt on November 18, 2008. *See* Docket #215. The Court promptly denied Veoh's *ex parte* without waiting for UMG to oppose it. *See* 2008-11-20 Order (Docket #218). The Court explained that "[t]his is not an emergency warranting ex parte relief."[4] *Id.* (citing *Mission Power Eng'g. Co. v. Continental Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995)). Despite the Court's admonition, Veoh proceeded with a second nearly identical *ex parte* – even after being informed by UMG's counsel that it would have all remaining deposition dates in a matter of a few additional business days. As with Veoh's previous *ex parte* application, there was no exigent need for Veoh's application; it had been promised deposition dates within a few additional business days, and it received them within the promised time period. Thus, there was simply no need for emergency relief. *Mission Power Eng'g. Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) (litigant must show why it should be allowed to "go to the head of the line in front of all other litigants and receive special treatment"); 3 William W. Schwarzer, et al., *California Practice Guide: Federal Civil Procedure Before Trial*, at § 12:170, p. 12-65 (same).

### B. Veoh Does Not Meet The Standard For Contempt

Contempt sanctions are a serious, quasi-criminal remedy. Where a party has "substantial[ly] complied" with a Court order, no contempt sanction can issue. *See also Go-Video, Inc. v. Motion Picture Ass'n. of America*, 10 F.3d 693, 695 (9th Cir. 1993) (citation omitted) ("'[s]ubstantial compliance' with the court order is a

---

[4] In the last two weeks, Veoh has filed three *ex parte* applications. *See* Docket #215 (*Ex Parte* App. For Order to Show Cause, filed Nov. 18), Docket #223 (*Ex Parte* App. To Shorten Time for Hearing, filed Nov. 25), Docket #239 (*Ex Parte* App. For Order to Show Case, filed Nov. 26).

defense to civil contempt, and is not vitiated by a few technical violations where every reasonable effort has been made to comply."). The standard for contempt is well settled, and presents a high bar to support such a request. "Civil contempt … consists of a party's disobedience to a specific and definite court order by <u>failure to take all reasonable steps</u> within the party's power to comply." *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006) (emphasis added; citation omitted); *see also, e.g., Gates v. Shin*, 98 F.3d 463, 472 (9th Cir. 1996) (reversing contempt finding). "[A] person should not be held in contempt if his action appears to be based on a <u>good faith and reasonable interpretation</u> of the court's order." *Reno Air Racing Ass'n*, 452 F.3d at 1130 (reversing contempt sanction) (citation and internal quotation omitted; emphasis added). "The party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order <u>by clear and convincing evidence,</u> not merely a preponderance of the evidence." *In re Dual-Deck Video Cassette Antitrust Lit.*, 10 F.3d 693, 695 (9th Cir. 1993) (vacating contempt finding) (emphasis added; quotation marks omitted).

UMG respectfully submits that it fully complied with the Court's November 20 Order by providing dates for the depositions of Messrs. Geller and Ring on November 13 and 19 respectively. Even if Veoh were correct in asserting that the Court's Order also required UMG to immediately schedule witnesses for the Rule 30(b)(6) deposition noticed by Veoh (something not set forth clearly in any of the Court's Orders), UMG proceeded to schedule that deposition by November 24 as well. Veoh's only complaint is that witnesses were not scheduled for a small number of the topics as of November 24 – UMG has since provided dates for those topics as well.

UMG's compliance with the Court's November 20 Order stands in stark contrast to the facts of the case upon which Veoh relies, *Richmark Corporation v. Timber Falling Consultants*, 959 F.2d 1468, 1680 (9th Cir. 1992). There, the party accused of contempt deliberately "chose not to comply [with the Court's Order] and

OPPOSITION TO VEOH EX PARTE APPLICATION FOR ORDER TO SHOW CAUSE WHY PLAINIFFS SHOULD NOT BE FOUND IN CONTEMPT (DOCKET #239)

1977613 - 8 -

1  to risk contempt sanctions." *Id.* That is simply not the case here. Veoh has no
2  evidence – because none exists – that UMG has deliberately attempted to evade the
3  Court's orders. To the contrary, UMG complied with the Court's Order, and has
4  proceeded to provide Veoh with all of the deposition dates to which it is entitled.

Veoh cannot even show a technical violation of the Court's November 20 Order, much less a deliberate, willful violation of that Order. Even under Veoh's aggressive reading of that order, UMG moved forward to provide the requested deposition dates. Veoh cannot and does not attempt to show that UMG, or its counsel, failed to take all reasonable steps to comply. The undisputed evidence confirms that UMG worked in good faith to schedule depositions of its witnesses. Veoh cannot show a violation of the Court's order, much less demonstrate a willful and deliberate violation of the Court's order.

## V.   CONCLUSION

UMG takes allegations of contempt seriously. Veoh obviously does not. It slings these allegations about in a misbegotten attempt to gain a tactical advantage. Ironically, for all of Veoh's complaints, the fact remains that Veoh, not UMG, is the party not scheduling depositions. Veoh's complaints are false. UMG has complied with this Court's Orders. Veoh's application should be denied with prejudice.

Dated: December 1, 2008            IRELL & MANELLA LLP
                                   Steven A. Marenberg
                                   Elliot Brown
                                   Brian Ledahl
                                   Benjamin Glatstein


                                   By:      /s
                                         Brian Ledahl

                                   Attorneys for Plaintiffs

1977613                              - 9 -                OPPOSITION TO VEOH EX PARTE APPLICATION FOR
                                                              ORDER TO SHOW CAUSE WHY PLAINIFFS SHOULD
                                                              NOT BE FOUND IN CONTEMPT (DOCKET #239)