**Re: Docket #210**

Steven A. Marenberg (101033) (smarenberg@irell.com)
Elliot Brown (150802) (ebrown@irell.com)
Brian Ledahl (186579) (bledahl@irell.com)
Benjamin Glatstein (242034) (bglatstein@irell.com)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Attorneys for Plaintiffs

ADDITIONAL COUNSEL LISTED
ON SIGNATURE PAGE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>VEOH NETWORKS, INC., *et al.*,<br><br>　　　　　Defendant. | Case No. CV-07-05744 AHM (AJWx)<br><br>**REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL VEOH TO APPEAR AT RULE 30(b)(6) DEPOSITION (DOCKET #210)**<br><br>Magistrate: Hon. Andrew J. Wistrich<br><br>Date:　　December 8, 2008<br>Time:　　10:00 a.m.<br>Courtroom:　690<br><br>Discovery Cutoff: January 12, 2009<br>Pretrial Conference: April 6, 2009<br>Trial Date: April 21, 2009 |

## I. INTRODUCTION

Plaintiffs (collectively "UMG") hereby reply to Veoh's Statement of Non-Opposition to UMG's Motion To Compel Veoh To Appear At Rule 30(b)(6) Deposition. In short, UMG brought this motion only when Veoh refused to produce its witnesses without a Court Order. Only after UMG had expended the resources to bring the motion and after significant delay had ensued, Veoh filed a notice that it did not oppose the motion. Notwithstanding that notice, Veoh still has not actually acceded to the relief requested. Veoh has not provided dates for the deposition at issue in the motion. Thus, UMG respectfully submits this reply to request 1) that the Court enter an Order requiring Veoh to immediately provide dates on which its witnesses will appear for the noticed deposition and 2) that the Court award sanctions against Veoh for its refusal to produce witnesses, necessitating the filing of the instant motion even though Veoh apparently had no intention of actually presenting any opposition to the motion.

## II. THE COURT SHOULD ISSUE AN ORDER REQUIRING VEOH TO APPEAR FOR ITS 30(B)(6) DEPOSITION

After UMG filed the instant motion, Veoh remained silent for nearly two weeks. Then, on the afternoon of November 24, 2008 – twelve days after UMG filed its Motion and the day Veoh's opposition should have been due – counsel for Veoh approached counsel for UMG to request that the parties reach a stipulation to resolve the Motion. Counsel for UMG spent the evening of November 24 conferring with counsel for Veoh to try to resolve the Motion. Those discussions culminated in a proposal which UMG conveyed to Veoh late Monday night. *See* Calkins Declaration In Support Of Statement of Non-Opposition (Docket #224), Ex. C (2008-11-24 Glatstein email to Calkins). Veoh did not respond to UMG's proposal – either to accept or reject it. Finally, on November 25, 2008, the day after its Opposition should have been due and almost two weeks after UMG filed its Motion, Veoh filed its Notice of Non-Opposition to UMG's Motion. *See* Notice of

Non-Opposition to Motion (Docket #224). Veoh does not dispute any of the above facts.

Despite its stated "non-opposition" to UMG's Motion to Compel, Veoh has not provided a single date for a witness to appear for its Rule 30(b)(6) deposition.[1] Thus, Veoh has not provided UMG with the relief sought by the motion. UMG discussed this matter further with counsel for Veoh on November 26, 2008, in an effort to obtain dates for the deposition of Veoh. Veoh refused to provide any such dates. *See* Glatstein Declaration in Support of Reply Brief ("Glatstein Decl."), Ex. A (2008-11-26 Marenberg letter to Calkins). Thus, UMG respectfully submits that an order compelling Veoh to provide dates for deposition remains necessary and appropriate. Having filed its notice of non-opposition to the instant motion, Veoh cannot be heard to object to entry of the relief requested. Considering the substantial delay Veoh has engineered by forcing UMG to file its Motion, and then waiting until the last possible moment to announce that it would not oppose the Motion, UMG respectfully submits that the Court should enter an order requiring Veoh to provide dates immediately so that UMG is not forced to endure further delay.

### III. UMG IS ENTITLED TO ITS ATTORNEYS' FEES FOR A MOTION IT SHOULD NOT HAVE HAD TO FILE

Veoh's Notice of Non-Opposition concedes that UMG was entitled to the relief UMG requested. This is the same relief that UMG requested in a letter to Veoh on October 23. *See* Ledahl Declaration in Support of Motion to Compel Veoh to Appear ("Ledahl Decl.") (Docket #211), Ex. C (2008-10-23 Glatstein letter to Calkins). Indeed, as contemplated by Local Rule 37, UMG's October 23 letter contained the same arguments and legal authority which UMG included in its

---

[1] On November 19, 2008, UMG requested that Veoh provide dates for the deposition of two witnesses, Stacie Simons and Anita Talebizadeh. Glatstein Decl., Ex. B (2008-11-19 Ledahl letter to Golinveaux). Veoh has not provided any dates for these depositions.

Motion. *See id.* (citing, *inter alia*, *Quality Aero Tech. v. Telemetrie Elektronik*, 212 F.R.D. 313, 319 (E.D.N.C. 2002)). UMG's Motion also sought the same relief that UMG requested in no less than four meet and confer discussions on October 24 and 30, and November 3 and 12. *See* Ledahl Decl., ¶ 2. Yet Veoh waited thirteen days after UMG filed its Motion – until November 25 – to finally agree that UMG could proceed with the discovery it had requested. Veoh does not suggest that UMG's meet and confer efforts were deficient, or otherwise attempt to explain its refusal to provide the requested discovery without forcing UMG to file a motion.

In short, Veoh forced UMG to pursue by its Motion relief to which UMG was so clearly entitled that Veoh could not even oppose the Motion in good faith. *See* Notice of Non-Opposition ("Veoh will appear in connection with Plaintiffs' second 30(b)(6) notice…"). Veoh's conduct achieved nothing but delay and imposition of unnecessary costs on UMG.

The Local Rules provide that Motion practice be reserved for good faith disputes between the parties, and instructs the parties to meet and confer in order to "eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible." *See* Local Rule 37-1. UMG followed the Local Rules' procedure by sending Veoh a letter which contained its arguments and legal authority, and then meeting and conferring with Veoh four times regarding the substance of UMG's Motion, before proceeding with its filing. Veoh, in contrast, feigned opposition to a motion it had no intention – or basis – to oppose. This is a violation of Local Rule 37-1.

Unnecessary motion practice wastes the Court's time and the parties' money, and causes significant and unnecessary delay in the litigation. That is precisely why Local Rule 37-4 allows this Court to issue an appropriate sanction against a party whose conduct violates Local Rule 37. UMG therefore respectfully suggests that Veoh be ordered to pay UMG's reasonable attorneys' fees associated with bringing a Motion to which Veoh had no good faith basis to oppose. *See* Local Rule 37; *see*

*also, e.g.*, *Atkins v. Fischer*, 232 F.R.D. 1 16,142 (D.D.C. 2005) (awarding sanctions where "Defendant's intransigence imposed costs upon the plaintiff and required the diversion of scarce judicial resources without justification") (citing Fed. R. Civ. P. 37(a)(4) & 34(b)). As detailed in the accompanying Glatstein Declaration, UMG expended substantial resources to bring this motion, including more than $3,000 in attorneys' fees. UMG respectfully submits that such amount should be awarded as a sanction for Veoh's conduct in forcing UMG to bring the instant motion that Veoh did not even oppose.

Dated: December 1, 2008

IRELL & MANELLA LLP
Steven A. Marenberg
Elliot Brown
Brian Ledahl
Benjamin Glatstein

By: /s/
    Brian Ledahl

Attorneys for Plaintiffs