—

Rebecca Lawlor Calkins (SBN: 195593)
Email: rcalkins@winston.com
Erin R. Ranahan (SBN: 235286)
Email: eranahan@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: 213-615-1700
Facsimile: 213-615-1750

Jennifer A. Golinveaux (SBN 203056)
Email: jgolinveaux@winston.com
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
(415) 591-1506 (Telephone)
(415) 591-1400 (Facsimile)

Michael S. Elkin (*pro hac vice*)
Email: melkin@winston.com
Thomas P. Lane (*pro hac vice*)
Email: tlane@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166
(212) 294-6700 (Telephone)
(212) 294-4700 (Facsimile)

Attorneys for Defendant
VEOH NETWORKS, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> VEOH NETWORKS, INC. *et al.*, <br><br> Defendants. | **Case No. CV 07 5744 – AHM (AJWx)** <br><br> Discovery Matter <br><br> **REPLY IN SUPPORT OF VEOH NETWORKS, INC.'S *EX PARTE* APPLICATION FOR AN ORDER TO SHOW CAUSE WHY PLAINTIFFS SHOULD NOT BE FOUND IN CONTEMPT AND FOR COMPLIANCE WITH PRIOR COURT ORDER** <br><br> Discovery Cut-Off: January 12, 2009 |

LA:230282.1     1

**REPLY IN SUPPORT OF VEOH'S EX PARTE APPLICATION FOR OSC RE CONTEMPT, AND FOR ORDER COMPELLING PLAINTIFFS' COMPLIANCE WITH PRIOR COURT ORDER**
**Case No. CV 07 5744 – AHM (AJWx)**

Dockets.Justia.com

## I. INTRODUCTION

In an effort to avoid the consequences of defying this Court's November 20 Order ("Order") specifically directing Plaintiffs to provide Veoh with dates for Plaintiffs' 30(b)(6) depositions by November 24, Plaintiffs first attempt to confuse this Court as to the scope of the Order,[1] then go on at length about issues never raised in Veoh's *ex parte* application in an obvious attempt to distract this Court from Plaintiffs' failure to comply. While Plaintiffs' Opposition contains misstatements and mischaracterizations of fact too numerous to address individually here, the fact remains that Plaintiffs have, to date, failed to provide dates for all of Plaintiffs' 30(b)(6) designees as ordered.[2]

## II. VEOH'S 30(b)(6) NOTICE AND TOPICS

In Veoh's 30(b)(6) deposition notice, served nearly *five months ago* on July 14, 2008, Veoh identified forty-one 30(b)(6) topics, including topics as fundamental as the identification, ownership, and rights in the copyrighted works allegedly infringed (Topic No. 2), licensing agreements, arrangements and assignments relating to the allegedly infringed works (Topic No. 17), damages arising from the allegations in Plaintiffs' Complaint (Topic No. 22), and revenues from the allegedly infringed works (Topic No. 23).[3] Despite Plaintiffs' broad claims of "cooperation," the reality is that

---

[1] Plaintiffs claim that Veoh's 30(b)(6) notice was not the subject of the Order. Tellingly however, Plaintiffs provided their first 30(b)(6) deposition date precisely on November 24, the deadline set forth in the Order, and asked Veoh for an extension of time beyond November 24 to provide additional dates.

[2] Plaintiffs incorrectly attempt to claim that "Veoh agreed to withdraw certain of the [30(b)(6)] topics." (Opposition p. 1, lines 17-19). Veoh has not agreed to withdraw any topics and all forty-one topics are the subject of Veoh's present *ex parte* application. While Veoh did offer to narrow categories if it would allow the parties to resolve the matter informally and without court intervention, UMG did not accept this offer, as evidenced by the present *ex parte* application. As such, no narrowing has occurred.

[3] This Court again reiterated the relevance of this information in its November 26, 2008 Order.

LA:230282.1 2

**REPLY IN SUPPORT OF VEOH'S EX PARTE APPLICATION FOR OSC RE CONTEMPT, AND FOR ORDER COMPELLING PLAINTIFFS' COMPLIANCE WITH PRIOR COURT ORDER**
**Case No. CV 07 5744 – AHM (AJWx)**

Plaintiffs have, and continue to, refuse to designate *any* witnesses or provide *any* dates for these, and many other topics fundamental to Veoh's preparation of its case.

### III. PLAINTIFFS' ONGOING REFUSAL TO PROVIDE DATES FOR 30(b)(6) WITNESS DEPOSITIONS

Prior to this Court's Order, Plaintiffs had consistently refused to provide a single date or identify a single witness in response to Veoh's 30(b)(6) deposition notice. It was only after the issuance of the Order that Plaintiffs provided a date for a 30(b)(6) witness for the *first time* on November 24, the deadline to comply with the Order. (*See* Calkins Decl. ¶ 3, Exh. B in Support of Veoh's *Ex Parte* filed November 26)

While the filing of Veoh's present *ex parte* caused Plaintiffs to suddenly scramble to provide two additional dates on December 1, Plaintiffs still refuse to provide complete dates for Veoh's 30(b)(6) depositions. To date, Plaintiffs have provided deposition dates and designees for only *eight* of Veoh's forty-one topics, forcing Veoh to seek this Court's assistance to obtain deposition testimony on topics as basic as identification and ownership of the works at issue, licensing, and damages. (*See* Section II, *supra*) While Plaintiffs carry on at length about Plaintiffs' "cooperation" the fact is it took this Court's Order to compel Plaintiffs to produce even one 30(b)(6) deposition date.[4]

---

[4] As of the date of the filing of Veoh's present *ex parte* application, Plaintiffs had provided dates for only *two* witnesses covering only *four* of Veoh's forty-one 30(b)(6) topics. Harvey Geller was designated as a 30(b)(6) witness the afternoon before his individual deposition, and Plaintiffs have *not* provided any dates for Mr. Geller's 30(b)(6) deposition.

LA:230282.1

3

**REPLY IN SUPPORT OF VEOH'S EX PARTE APPLICATION FOR OSC RE CONTEMPT, AND FOR ORDER COMPELLING PLAINTIFFS' COMPLIANCE WITH PRIOR COURT ORDER**
**Case No. CV 07 5744 – AHM (AJWx)**

## IV. THE NOVEMBER 20 ORDER CLEARLY ORDERED PLAINTIFFS TO PROVIDE DATES FOR 30(b)(6) WITNESSES

The main focus of Veoh's November 18 *ex parte* application, which gave rise to this Court's November 20 Order, was Plaintiffs' failure to provide a single date for a single 30(b)(6) witness for a single topic.[5] This Court's November 20 Order on that *ex parte* application stated in no uncertain terms: "UMG is directed to provide Veoh with the dates on which it will produce the witnesses in question (*i.e.* the 30(b)(6) witnesses which were the subject of Veoh's Nov. 18 *ex parte*) for deposition no later than November 24." (*See* Calkins Decl. ¶ 2, Exh. A, in support of Veoh's *Ex Parte* filed November 26, 2008).

In order to excuse their clear failure to comply with the Order, Plaintiffs disingenuously attempt to persuade this Court that Veoh's 30(b)(6) deposition notice was "not clearly the subject of the Court's [November 20] Order" after all.[6] In other words, Plaintiffs hope this Court will forget the subject of its own Order and accept UMG's claim that it suddenly and voluntarily decided to identify its first 30(b)(6) witness precisely on November 24 by sheer coincidence (not because of the Order). Of course, this is ludicrous. That Plaintiffs understood that this Court's Order obligated them to a November 24 deadline to provide Veoh with dates for all of Plaintiffs' 30(b)(6) witnesses is evidenced by Plaintiffs' November 24 request for an *extension* to provide dates for Plaintiffs' 30(b)(6) witnesses. (*See* Calkins Decl. ¶ 3, Exh. B in support of Veoh's Ex Parte Application). One must ask, if Plaintiffs did not believe November 24 was the deadline, why did they see a need to ask for an extension for time beyond that date? The November 20 Order related to Veoh's November 18 *ex parte* application seeking dates for Plaintiffs 30(b)(6) witnesses. Plaintiffs' assertions to the contrary are nonsense.

---

[5] Veoh's November 18 ex parte also sought a deposition date for David Ring, which Plaintiffs provided on November 19, only *after* Veoh filed its *ex parte*.
[6] See Opposition, p. 3, lines 23.

LA:230282.1         4

**REPLY IN SUPPORT OF VEOH'S EX PARTE APPLICATION FOR OSC RE CONTEMPT, AND FOR ORDER COMPELLING PLAINTIFFS' COMPLIANCE WITH PRIOR COURT ORDER**
**Case No. CV 07 5744 – AHM (AJWx)**

## V. UMG SHOULD BE ORDERED TO COMPLY WITH THE COURT'S ORDER IMMEDIATELY

Plaintiffs' defiance of this Court's Order is but the latest in Plaintiffs' history of stall tactics and attempts to deny Veoh critical discovery while running the clock on the discovery cutoff. Misrepresentations, outright disregard for this Court's Orders, and failure to comply with discovery obligations under the Federal Rules must not be countenanced. Veoh's *ex parte* application should be granted.

Dated: December 3, 2008          **WINSTON & STRAWN LLP**

By    /s/ Rebecca Lawlor Calkins
Michael S. Elkin
Thomas P. Lane
Jennifer A. Golinveaux
Rebecca L. Calkins
Erin R. Ranahan
Attorneys for Defendant
VEOH NETWORKS, INC.

LA:230282.1

5

**REPLY IN SUPPORT OF VEOH'S EX PARTE APPLICATION FOR OSC RE CONTEMPT, AND FOR ORDER COMPELLING PLAINTIFFS' COMPLIANCE WITH PRIOR COURT ORDER**
**Case No. CV 07 5744 – AHM (AJWx)**