Rebecca Calkins (SBN: 195593)
Email: rcalkins@winston.com
Erin Ranahan (SBN: 235286),
Email: eranahan@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: 213-615-1700
Facsimile: 213-615-1750

Michael S. Elkin (admitted *pro hac vice*)
Email: melkin@winston.com
Thomas P. Lane (admitted *pro hac vice*)
Email: tlane@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166
Telephone: 212-294-6700
Facsimile: 212-294-4700

Jennifer A. Golinveaux (SBN 203056)
Email: jgolinveaux@winston.com
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
Telephone: 415-591-1506
Facsimile: 415-591-1400

Attorneys for Defendant
VEOH NETWORKS, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> VEOH NETWORKS, INC, *et al.* <br><br> Defendants. | Case No. CV 07 5744 – AHM (AJWx) <br><br> **DEFENDANT VEOH NETWORKS, INC.'S *EX PARTE* APPLICATION FOR PROTECTIVE ORDER ALLOWING IT TO CEASE STORING CANCELLED VIDEO FILES** <br><br> [DECLARATIONS OF DAVID MULLER AND JENNIFER GOLINVEAUX IN SUPPORT THEREOF FILED CONCURRENTLY HEREWITH] <br><br> Discovery Cut-off: January 12, 2009 <br> Pretrial Conference: April 6, 2009 <br> Trial Date: April 21, 2009 <br><br> Complaint Filed: September 4, 2007 |

**DEFENDANT VEOH NETWORKS, INC.'S *EX PARTE* APPLICATION FOR PROTECTIVE ORDER ALLOWING IT TO CEASE STORING CANCELLED VIDEO FILES** Case No. CV 07-5744 – AHM (AJWx)

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Local Rule 7-19, Defendant Veoh Networks, Inc., ("Veoh") hereby applies to the Court *ex parte*, for an order requiring Plaintiffs to complete their review and copying of Cancelled Video Files no later than December 20, 2008, at which time Veoh would be permitted to delete such files.

This *ex parte* application is brought on the grounds that Veoh is currently expending tens of thousands of dollars every month to store copies of video files to which it has terminated access ("Cancelled Video Files"). Veoh provided Plaintiffs with access to these files in early September of this year. In an effort to resolve this matter informally, Veoh explained to Plaintiffs the extreme financial burden it is placing on the company to continue to store these files, and offered to continue to store them for an additional reasonable time in order to allow Plaintiffs to complete their review and copying of any files that Plaintiffs consider relevant to this action. Plaintiffs refused to discuss with Veoh any reasonable accommodation to allow Veoh to delete the Cancelled Video Files.

There is no practical purpose for Veoh to continue to store the Cancelled Video Files. Plaintiffs are free to copy any files they consider relevant to this action. *Ex parte* relief is necessary to allow Veoh to delete the Cancelled Video Files upon a schedule that is reasonable and allows Plaintiffs to complete any review and copying they consider necessary. Veoh regrets having to burden the Court with this issue, but because Plaintiffs have categorically refused to discuss any reasonable accommodation, Veoh needs the Court's assistance to allow it to delete the Cancelled Video Files without facing the threat of motion practice related to issues of spoliation. This is an urgent matter, which if not resolved promptly will cost Veoh (a small technology company), tens of thousands of dollars each month to continue storing the Cancelled Video Files.

///

///

i

The names, addresses, and telephone numbers of UMG's counsel are as follows:

>   Steven A. Marenberg
>   Elliot Brown
>   Brian Ledahl
>   Benjamin Glatstein
>   IRELL & MANELLA LLP
>   1800 Avenue of the Stars, Ste. 900
>   Los Angeles, California 90067-4276
>   Telephone: (310) 277-1010
>   Facsimile:   (310) 203-719
>   Email: smarenberg@irell.com
>   Email: ebrown@irell.com
>   Email: bledahl@irell.com
>   Email: bglatstein@irell.com

Counsel for UMG was provided notice that Veoh would file this *ex parte* application if UMG refused to work with Veoh to resolve this matter informally. Counsel for UMG indicated that UMG would oppose this *ex parte* application.

Dated:  December 4, 2008 **WINSTON & STRAWN LLP**

By   /s/ Jennifer A. Golinveaux
Jennifer A. Golinveaux
Attorneys for Defendant
VEOH NETWORKS, INC

ii

**DEFENDANT VEOH NETWORKS, INC.'S *EX PARTE* APPLICATION FOR PROTECTIVE ORDER ALLOWING IT TO CEASE STORING CANCELLED VIDEO FILES   Case No. CV 07-5744 – AHM (AJWx)**

## I. INTRODUCTION

Plaintiffs have approached discovery in this case in a manner quite clearly aimed to place maximum financial pressure on Veoh, a small technology company with limited resources. The issue raised in this application is a perfect example. Veoh has been paying tens of thousands of dollars every month simply to maintain copies of video files that it has taken down from public access on its system because they violated Veoh's policies (the "Cancelled Video Files.") There is no business purpose for Veoh to maintain such files, but it has done so in order to comply with its obligations in this litigation. Veoh's counsel explained to Plaintiffs the substantial cost Veoh was incurring to do so, and asked Plaintiffs to work with Veoh to set up a reasonable timeline within which Plaintiffs could complete their review of the Cancelled Video Files, and Veoh could then cease paying to store them. Plaintiffs categorically refused.

Plaintiffs have had access to Veoh's Cancelled Video Files since early September, and presumably have made copies of any file that they consider to be relevant evidence in this lawsuit. There is no practical reason that Veoh should be required to continue to pay substantial costs to store this very large quantity of data. Veoh asks the Court to enter an order requiring Plaintiffs to complete their review and copying of files no later than December 20, 2008, at which time Veoh would be permitted to delete the Cancelled Video Files.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs have always had access to the publicly available video files on Veoh, and have always had the ability to copy any suspected infringing video files as evidence in this case. The video files uploaded to Veoh are publicly available to any user including Plaintiffs. With respect to videos to which Veoh had terminated access ("cancelled") for copyright or other reasons, Veoh provided Plaintiffs with secure access to all of its video files including the Cancelled Video Files on September 5, 2008. Declaration of Jennifer A. Golinveaux ("Golinveaux Decl."), ¶ 2.

1

While, in earlier filings, Plaintiffs claimed that Veoh hindered their access to the video files, Plaintiffs have badly misrepresented the issue. First, Plaintiffs claimed that although they were able to access all of the video files in the file format in which they were uploaded, Veoh failed to adequately provide access to all Flash format versions of such files. Although Plaintiffs waited almost a month after receiving access to Veoh's video files to raise this issue, Veoh fully resolved the issue for Plaintiffs within a week of their raising it. Golinveaux Decl., ¶ 3.

Plaintiffs also claimed that Veoh "unilaterally terminated" their secure access to the video files at one point. On October 9, 2008, more than a month after initially providing Plaintiffs with access to the video files, Veoh's counsel sent Plaintiffs' counsel an urgent email explaining that Plaintiffs' software was using the secured access Veoh had provided to access the video database in excess of 60 times per second, which was overloading Veoh's entire system. Golinveaux Decl., ¶ 4 and Exhibit A. Veoh's counsel asked Plaintiffs' counsel to confirm whether Plaintiffs were able to limit the access to one file per second, and explained that Veoh would have to terminate Plaintiffs' secure private access until the issue could be resolved. Plaintiffs refused to respond at all for nearly two weeks. It took Veoh sending follow-up letters, and finally threatening to bring the issue to the Court, before Plaintiffs finally responded and agreed to abide by compromise access terms proposed by Veoh (allowing Plaintiffs to access the video files ten times per second during off peak hours and once per second during peak hours). Veoh restored Plaintiffs' access that same day. Golinveaux Decl., ¶ 5 and Exh. B.

On November 14, 2008, Veoh's counsel wrote to Plaintiffs' counsel and explained that Veoh was expending significant resources maintaining Cancelled Video Files in their native and Flash formats. *Id.,* ¶ 6 and Exh. C. Veoh's counsel further explained that Veoh was willing to maintain the Cancelled Video Files for an additional reasonable time in order to allow Plaintiffs time to complete their review, and then needed to begin deleting the Cancelled Video Files. Veoh proposed

**DEFENDANT VEOH NETWORKS, INC.'S *EX PARTE* APPLICATION FOR PROTECTIVE ORDER ALLOWING IT TO CEASE STORING CANCELLED VIDEO FILES** Case No. CV 07-5744 – AHM (AJWx)

maintaining the files for an additional month. *Id.* On November 19, 2008, Plaintiffs' counsel responded and categorically refused to discuss any accommodation concerning the Cancelled Video Files. Plaintiffs' counsel curtly stated that "UMG retains all rights and in no way agrees that Veoh may destroy evidence." *Id.,* ¶ 6 and Exh. C.

## III. ARGUMENT

### A. Legal Standard

"[A] court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The order may forbid certain discovery or specify terms on which discovery can be had. *Id.* Within Rule 26's framework, courts have broad discretion to fashion appropriate protective orders. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("Rule 26(c) confers broad discretion" to the court to decide what degree of protection is required, and a court has "substantial latitude" to decide the proper scope of a protective order).

### B. The Harm to Veoh If it is Required to Continue to Retain All Cancelled Video Files.

Since May 1, 2008, Veoh has paid tens of thousands of dollars a month to purchase and maintain the additional storage space necessary to maintain copies of the Cancelled Video Files for purposes of this litigation. Over the past six months, Veoh has paid on average $80,000 per month for additional storage space and related set up charges in order to maintain the files. Declaration of David Muller ("Muller Decl."), ¶ 2. On an ongoing basis, Veoh will continue to pay on average $30,000 per month in hardware and datacenter costs to continue to maintain the Cancelled Video Files. In addition, the equivalent of one full-time employee is required to maintain this data. *Id.*, ¶ 3.

While these amounts may seem like a trifle to Plaintiffs, they are very significant sums for a small start-up company. Numerous other courts have granted

3

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1 necessary relief for parties faced with similar or even lower discovery expenses. *See,*
2 *e.g., Graebner v. James River Corp.,* 130 F.R.D. 440, 441-42 (N.D. Cal. 1989)
3 (granting a protective order pursuant to "court's broad discretion" upon finding that
4 the requested discovery, a single deposition, was "unfair and uneconomical" and
5 would subject the movant to "undue burden and expense"); *Jones v. Goord*, 2002 U.S.
6 Dist. LEXIS 8707, *32 (S.D.N.Y. May 15, 2002) (denying motion to compel
7 production of databases where "costs of the efforts required by plaintiffs' requests
8 would," as here, "be in excess of $100,000"); *Echostar Communs. Corp. v. News*
9 *Corp. Ltd.*, 180 F.R.D. 391, 394 (D. Colo. 1998) (denying motion to compel where
10 affidavits proved that "the costs for the requested discovery 'could easily run into the
11 tens (or hundreds) of thousands of dollars.'") (citing affidavit).
12     There is no good reason to require Veoh to continue to pay these storage costs.
13 Plaintiffs have had access to the Cancelled Video Files for months, and Veoh is
14 willing to retain the files for an additional reasonable time to allow Plaintiffs to copy
15 any files they choose. In addition, on December 1, 2008, Plaintiffs finally identified
16 the alleged infringing videos for which they seek damages in this case, although they
17 purported to reserve the right to further supplement their identification. Golinveaux
18 Decl., Paragraph 7 (UMG's Response to Veoh's Interrogatory No. 25.) Veoh
19 respectfully requests that the Court issue an order requiring Plaintiffs to complete their
20 review and copying of the Cancelled Video Files no later than December 20, 2008, at
21 which time Veoh would be permitted to delete the files.

22 **IV. CONCLUSION**
23     For the foregoing reasons, the Court should grant Veoh's application for a
24 protective order and issue an order requiring Plaintiffs to complete their review and
25 copying of the Cancelled Video Files no later than December 20, 2008, at which time
26 Veoh would be permitted to delete the files.
27
28

**DEFENDANT VEOH NETWORKS, INC.'S *EX PARTE* APPLICATION FOR PROTECTIVE ORDER
ALLOWING IT TO CEASE STORING CANCELLED VIDEO FILES    Case No. CV 07-5744 – AHM (AJWx)**

Dated December 4, 2008: WINSTON & STRAWN LLP

By: /s/
Jennifer A. Golinveaux
Attorneys for Defendant

VEOH NETWORKS, INC.

SF:221785.2

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

**DEFENDANT VEOH NETWORKS, INC.'S *EX PARTE* APPLICATION FOR PROTECTIVE ORDER
ALLOWING IT TO CEASE STORING CANCELLED VIDEO FILES  Case No. CV 07-5744 – AHM (AJWx)**