**Re: Docket #239**

Steven A. Marenberg (101033) (smarenberg@irell.com)
Elliot Brown (150802) (ebrown@irell.com)
Brian Ledahl (186579) (bledahl@irell.com)
Benjamin Glatstein (242034) (bglatstein@irell.com)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:  (310) 277-1010
Facsimile:  (310) 203-7199

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> VEOH NETWORKS, INC., *et al.*, <br><br> Defendant. | **Case No. CV-07-05744 AHM (AJWx)** <br><br> **RESPONSE IN SUPPORT OF OPPOSITION TO VEOH EX PARTE APPLICATION FOR ORDER TO SHOW CAUSE WHY PLAINIFFS SHOULD NOT BE FOUND IN CONTEMPT (DOCKET #239)** <br><br> Magistrate: Hon. Andrew J. Wistrich <br><br> Date:         TBD <br> Time:         TBD <br> Courtroom:  690 <br><br> Discovery Cutoff:  January 12, 2009 <br> Pretrial Conference:  April 6, 2009 <br> Trial Date:  April 21, 2009 |

1980659

RESPONSE IN SUPPORT OF OPPOSITION TO VEOH
EX PARTE APPLICATION FOR ORDER TO SHOW
CAUSE WHY PLAINIFFS SHOULD NOT BE FOUND IN
CONTEMPT (DOCKET #239)

While UMG has no desire to burden the Court with still more submissions, Veoh's most recent paper, pressing an untenable and false position that UMG is somehow in contempt of this Court's Orders, contains such blatant factual falsehoods that UMG cannot allow it to remain unanswered. Veoh's abuse of *ex parte* practice (UMG notes that Veoh filed yet another *ex parte* application before this Court on the evening of December 4 (Dkt. # 268) seeking, of all things, permission to destroy evidence) cannot be permitted to continue. UMG submits the following brief recitation of key facts that Veoh distorts or misrepresents in its papers:

**1.** After Veoh served its Notice of Deposition, UMG timely served objections. The merits of those objections have never been presented to the Court. Veoh did not file a motion to compel UMG to appear on each and every topic, despite its objections as to relevance, privilege, third-party confidentiality, burden, or vagueness and ambiguity. Because there has been no merits briefing on those issues, the Court (understandably) did not overrule UMG's objections. At the most, UMG was obligated to produce the names and witnesses of the individuals it agreed to designate in response to Veoh's Rule 30(b)(6) Notice. UMG has done so.

**2.** Indeed, there is no dispute that UMG has done so, having designated five witnesses on 10 different topics. *See* Declaration of Brian Ledahl In Opposition To Veoh's *Ex Parte* Application (Docket #242), at Exhibits D (designing Mr. Harvey Geller), F (designating Messrs. David Benjamin and David Weinberg), and G (designating Mr. Rio Caraeff and Ms. Jennifer Roberts). UMG has also agreed to produce a witnesses to testify regarding damages and lost revenues, but maintains that such a deposition is premature given that it has not yet completed its identification of infringing works due to Veoh's failure to provide appropriate and

1980659 - 1 -

RESPONSE IN SUPPORT OF OPPOSITION TO VEOH
EX PARTE APPLICATION FOR ORDER TO SHOW
CAUSE WHY PLAINIFFS SHOULD NOT BE FOUND IN
CONTEMPT (DOCKET #239)

basic discovery in a timely manner. *See id.* (Docket #242), at Exhibit F (agreeing to produce a witness at an appropriate time).[1]

**3.** Veoh's suggestion that UMG must produce witnesses on all topics is without merit because Veoh itself voluntarily narrowed its Notice of Deposition. On September 23, 2008, counsel for Veoh wrote to counsel for UMG regarding Veoh's Notice of Rule 30(b)(6) Deposition, and stated that "we have reviewed the subject matters of testimony in a good faith effort to narrow the categories and attempt to resolve this matter informally. Toward this end, we will narrow the categories to nos. 1, 2, 4, 6, 7, 9, 10, 15, 19, 22, 23, 24, 25 and 41 as shown on Veoh's Notice of Deposition." *See id.* (Docket 242), at Ex. H. Veoh withdrew the vast majority of its (improper) topics. Veoh voluntarily surrendered these topics. It cannot now revive them, much less claim that UMG was ordered to produce a witness in response to these withdrawn topics.

**4.** Veoh cannot explain how the imposition of contempt sanctions is appropriate. As the case law cited by UMG shows, such sanctions are a serious remedy, and not appropriate if there is either "substantial compliance" or where a party acts on a "good faith and reasonable interpretation of the court's order." *See Go-Video, Inc. v. Motion Picture Ass'n. of America*, 10 F.3d 693, 695 (9th Cir. 1993) (citation omitted) ("'[s]ubstantial compliance' with the court order is a defense to civil contempt, and is not vitiated by a few technical violations where every reasonable effort has been made to comply."). *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006) ("[A] person should not be held in contempt if his action appears to be based on a <u>good faith and reasonable interpretation</u> of the court's order.") (emphasis added).

---

[1] Though Veoh demands that UMG provide all witnesses immediately on Veoh's unilaterally-determined timetable, Veoh failed to provide *any* dates in response to UMG's Notice of Rule 30(b)(6) deposition, despite the fact that it waited two weeks to file a Statement of Non-Opposition to that Motion and has now been ordered to appear.

RESPONSE IN SUPPORT OF OPPOSITION TO VEOH
EX PARTE APPLICATION FOR ORDER TO SHOW
CAUSE WHY PLAINIFFS SHOULD NOT BE FOUND IN
CONTEMPT (DOCKET #239)

1980659 - 2 -

1    **5.**     The remainder of Veoh's Reply inexplicably fails to acknowledge the simple fact that UMG has complied with the Court's rulings. UMG respectfully submits that Veoh's application should be denied with prejudice, and that UMG should be awarded its reasonable attorneys' fees for being forced to defend the same meritless *ex parte* application a second time. *See* Docket #215 (first Veoh *ex parte* for contempt sanctions). Such an award is particularly appropriate considering that (i) Veoh received deposition dates <u>before</u> it filed its *ex parte* application, and (ii) the Court already once instructed Veoh that the relief it sought (and seeks by the present *ex parte*) did not merit emergency relief. If any Court order has been willfully disregarded, it is the Court's directive that Veoh save *ex parte* practice for genuine emergencies. *See* Nov. 20, 2008 Order (Docket #218) ("This is not an emergency warranting ex parte relief") (citing *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995)).

Dated: December 5, 2008

IRELL & MANELLA LLP
Steven A. Marenberg
Elliot Brown
Brian Ledahl
Benjamin Glatstein


By:     /s
        Brian Ledahl

Attorneys for Plaintiffs

1980659

- 3 -

RESPONSE IN SUPPORT OF OPPOSITION TO VEOH
EX PARTE APPLICATION FOR ORDER TO SHOW
CAUSE WHY PLAINIFFS SHOULD NOT BE FOUND IN
CONTEMPT (DOCKET #239)