Rebecca Lawlor Calkins (SBN: 195593)
Email: rcalkins@winston.com
Erin R. Ranahan (SBN: 235286)
Email: eranahan@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: 213-615-1700
Facsimile: 213-615-1750

Jennifer A. Golinveaux (SBN 203056)
Email: jgolinveaux@winston.com
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
(415) 591-1506 (Telephone)
(415) 591-1400 (Facsimile)

Michael S. Elkin (*pro hac vice*)
Email: melkin@winston.com
Thomas P. Lane (*pro hac vice*)
Email: tlane@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166
(212) 294-6700 (Telephone)
(212) 294-4700 (Facsimile)

Attorneys for Defendant
VEOH NETWORKS, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>VEOH NETWORKS, INC. *et al.*,<br><br>Defendants. | Case No. CV 07 5744 – AHM (AJWx)<br><br>Discovery Matter<br><br>**VEOH'S REPLY IN SUPPORT OF RENEWED MOTION TO COMPEL PLAINTIFF UMG TO PRODUCE CHAIN OF TITLE/RIGHTS INFORMATION RE ALLEGEDLY INFRINGED WORKS**<br><br>Continued Hearing: 12/17/08 10:00 a.m.<br><br>Discovery Cut off: 1/12/09 |

---

VEOH NOTICE OF MOT. AND RENEWED MOT. TO COMPEL PLAINTIFFS PRODUCE CHAIN OF
TITLE/RIGHTS INFO RE ALLEGEDLY INFRINGED WORKS; MEMO OF P'S & A'S
Case No. CV 07 5744 – AHM (AJWx)

dockets.Justia.com

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Despite seeking a staggering $238 million in damages for at least 1,591 alleged infringements, Plaintiffs continue their attempt to avoid Judge Matz' order to produce the same information in a similar action (*UMG Recordings, Inc. et al. v. Divx, Inc., et al.* (the "Divx Action")), to ignore this Court's determination that Veoh's request for ownership information is "unexceptional," and to ignore the well-settled case law that requires Plaintiffs to produce documents sufficient to permit Veoh to investigate Plaintiffs' rights in the allegedly infringing works. Plaintiffs' argument boils down to asking this Court to conclude that Plaintiffs own and control of each of the works at issue, and should be entitled to cash in on statutory damages for each and every work, based on nothing more than Plaintiffs' word and the modest, rebuttable presumption afforded by §17 USC 410(c). As detailed extensively in Veoh's Motion, such challenges to ownership have demonstrated numerous deficiencies in the past, and have significantly reduced damages. (*See* Declaration of Thomas Lane in Support of Veoh Network Inc.'s Renewed Motion to Compel Plaintiff to Produce Chain of Title/Rights Information ["Lane Decl."]). Similar attempts to avoid this standard ownership inquiry have been repeatedly rejected by courts, particularly when, like here, such avoidance is coupled with an effort to extract massive amounts in damages from defendants. *See, In re Napster Copyright Litigation,* 191 F.Supp. 2d 1087, 1099 (N.D. Cal. 2002).

On December 1, 2008, well over a year after this action was filed, Plaintiffs finally identified alleged infringements in this action. (Declaration of Rebecca Calkins ["Calkins Decl."] ¶ 2, Exh. 1). Accordingly, the relief sought by this motion can now be tied to producing the chain of title discovery on those 1,591 allegedly infringing videos Plaintiffs have identified,[1] and any additional alleged infringements

---

[1] A number likely far less than 1,591, considering that it appears that a number of the allegedly infringing video files relate to the same alleged works, see e.g., 3 Doors

1

VEOH'S REPLY IN SUPPORT OF RENEWED MOT. TO COMPEL PLAINTIFFS PRODUCE CHAIN OF
TITLE/RIGHTS INFO RE ALLEGEDLY INFRINGED WORKS
Case No. CV 07 5744 – AHM (AJWx)

subsequently identified by Plaintiffs. Veoh submits with this brief a revised proposed order as Exhibit A to incorporate this new information, and to ensure that the relief sought is no broader than necessary. Plaintiffs' familiar argument of "burden" falls particularly flat in light of the massive amount of damages UMG seek. With statutory damages of up to $150,000 per infringement at stake, Plaintiffs must provide the evidence to prove ownership of each of their alleged works.[2]

This Court most recently addressed Plaintiffs' "burden" argument at a December 8, 2008 discovery hearing in the Divx Action, where the Court suggested that Plaintiffs produce chain of title discovery for approximately 25% (or five hundred) of the approximately two thousand works at issue to determine the extent of the defects in Plaintiffs' ownership. The Court proposed a phased approach in Divx given the fact that the Divx discovery cut-off is, unlike in the present action, still several months away. The January 12, 2009 discovery cut-off in this action is in one month,[3] and Plaintiffs have only identified 475 works for which they have Federal Copyright registrations or pending applications—which in total is less than the 500 works (25%) contemplated in the first phase of the Divx production. Thus, Plaintiffs should be ordered to produce the requested discovery on all of the works at issue as soon as possible, and at the very least by January 12, 2008.

Plaintiffs also, once again, seek to distract this Court from the merits of the dispute by raising procedural arguments in the hopes that this Court will again defer ruling substantively on this Motion, and effectively foreclose Veoh's efforts to obtain the critical discovery prior to the discovery cut-off. Veoh has complied precisely with the concerns raised by the Court in the November 21 Order, and filed this Motion in

---

Down's "Kryptonite" is listed as infringements 38-63; Avril Lavigne's "Girlfriend" is listed as infringements 157-184; and Linkin Park's "Faint" is listed as infringements 890-912. (Calkins Decl. ¶ 2 and Exh. 1).
[2] The Court should also set a deadline for Plaintiffs to produce the same information for any additional works identified by Plaintiffs within any deadline set by the Court.
[3] Judge Matz is considering a discovery extension in this action. The parties are submitting their proposals with respect to the length of that extension on December 15.

2

VEOH'S REPLY IN SUPPORT OF RENEWED MOT. TO COMPEL PLAINTIFFS PRODUCE CHAIN OF TITLE/RIGHTS INFO RE ALLEGEDLY INFRINGED WORKS
Case No. CV 07 5744 – AHM (AJWx)

compliance with the direction of the Court given the procedural history of this Motion. (*See* Notice of Motion, pp. i-iii (Docket 222)). Because the Court had already granted permission for Veoh to re-file this Motion on an expedited basis (*see* Docket 193, with a motion and opposition, not pursuant to Rule 37), Veoh's only option at the time it received the order on November 21 (short of seeking *ex parte* relief which this Court has cautioned against) was to re-file the motion by November 24 in order to have this critical issue resolved before the discovery cut-off. (*See* Notice of Motion, pp. i-iii (Docket 222)). Plaintiffs demand that Veoh be sanctioned for again seeking the Court's assistance to obtain this essential discovery -- discovery that is undoubtedly crucial to the preparation of Veoh's defense -- is beyond the pale.

This Court should not discard the relevant authority Veoh has placed before it for the one-sided, legally unsupported approach advocated by Plaintiffs. This Court has acknowledged that "Veoh is entitled to documents to enable it to attempt to rebut the presumption of UMG's ownership or control of the allegedly infringing works in some meaningful way, etc...." (November 21, 2008 Order, Docket No. 219). This Court should follow its own announced intent, the clear direction of Judge Matz, the governing case law, and this Court's approach in the Divx Action, and order Plaintiffs to produce chain of title and rights information relating to the allegedly infringed works. Plaintiffs should be ordered to respond to Interrogatory No. 23 and produce documents in response to Request Nos. 4, 6, 43, 44, 49, 65, 66, and 67 as soon as possible, and no later than January 12, 2008.

## II.   VEOH'S MOTION IS PROPER

Plaintiffs attempt to continue to distract the Court from the substantive failures of their position with extensive argument that Veoh's motion should be rejected on procedural grounds. Plaintiffs suggest that Veoh's effort to promptly address this Court's concerns by filing the present, renewed motion in the precise manner

permitted by this Court in connection with the filing of its prior motion[4] and as quickly as possible in light of the discovery cut-off, was somehow improper. Plaintiffs also absurdly attempt to assign a nefarious motive to Veoh's efforts to obtain a ruling on this issue in advance of the January 12, 2009 discovery cutoff. Veoh would not have had to file any such motion if Plaintiffs would have simply cooperated in producing the critical information, rather than forcing Veoh to seek this Court's assistance.

Indeed, the suggestion that Veoh's efforts to resolve all outstanding discovery disputes prior to the discovery cut-off was really an attempt to interfere with Plaintiffs' counsel's Thanksgiving plans is particularly strange given that UMG served a joint stipulation to Veoh that required a response the day before Thanksgiving.[5] Moreover, the impending discovery cut-off and motion schedule also required Veoh to file three supplemental memoranda pursuant to Rule 37 the Monday after Thanksgiving. It is unfortunate that anyone had to work over Thanksgiving, but there was certainly no effort to inflict any inconvenience on Plaintiffs in this regard. Veoh is simply seeking to have all outstanding discovery issues resolved in advance of the rapidly approaching discovery cut-off, in the manner requested by the Court in its orders.

Veoh had no choice but to follow the procedure approved by this Court in connection with the prior motion as that was the only way to place this matter before the Court,[6] short of an *ex parte* application, prior to the discovery cut-off. As

---

[4] Pursuant to this Court's order, the expedited hearing was scheduled for November 13, 2008. (Docket 193). The Court set an expedited briefing schedule. This briefing was clearly outside of the joint stipulation briefing procedures of Local Rule 37.
[5] Indeed, Plaintiffs have managed to schedule a Veoh response due on, or over, each and every major US holiday this year.
[6] If this Court had not granted expedited consideration of this critical issue pursuant to the October 28, 2008 Order (Docket 193), Veoh would have followed the Local Rule 37 Procedures, and sent a joint stipulation by November 14, as it did with other outstanding discovery motions scheduled to be heard on December 17. Because by the time the Court denied the motion without prejudice, and made no mention of Local Rule 37 in its Order, Veoh relied on the permission to bring these crucial issues to the Court's attention on an expedited basis, outside of Local Rule 37, on November 13. *Id.* Additionally and importantly, the Court's November 21, 2008 Order did not mention failure to comply with Local Rule 37 as a grounds for denial, as such would

4

conceded by Plaintiffs, the arguments in Veoh's present motion come as no surprise as Plaintiffs have opposed (with the same arguments) Veoh's efforts to obtain this critical ownership information no less than three times before.

Plaintiffs also suggest that despite Veoh having sought to comply precisely with the Court's November 21 Order, and having re-filed the motion promptly so that it could be decided before the discovery cut-off, Veoh's Motion should again be deferred on purely procedural grounds, and sanctions should be awarded to Plaintiffs because Veoh has again sought to have this issue decided on the merits. Apparently Plaintiffs believe that Veoh should never have this motion resolved.

As Plaintiffs fail to articulate any prejudice from Veoh's motion, and as the interests of judicial economy would be served by resolving this issue once and for all, Veoh respectfully requests that this Court consider, and rule, on Veoh's Motion.

## III. COURTS, INCLUDING THIS ONE, HAVE REPEATEDLY RECOGNIZED THE CRITICAL NATURE OF THE DISCOVERY SOUGHT

The Court in Napster recognized the essential nature of the discovery sought here, noting that "refusing to allow any discovery on the issue of ownership converts the presumption of ownership into an irrebuttable one." *In re Napster, Inc. Copyright Litig.*, 191 F.Supp.2d 1087, 1100 (N.D. Cal. 2002). This Court similarly recognized the importance of the discovery sought in its November 21 Order where the Court stated in no uncertain terms that "… Veoh is entitled to documents to enable it to attempt to rebut the presumption of UMG's ownership or control of the allegedly

---

have been inconsistent with the Court's own October 28, 2008 Order (Docket 193). Conversely, in denying a recent *ex parte* application by Veoh, this Court's December 5 order explicitly stated that grounds for denial included failure to comply with Local Rule 37. (Docket 271). Thus, if the Court had intended Veoh to re-file the motion in accordance with Rule 37, presumably the Court would have included such language in the Order. In any event, Veoh did not believe that the Court's intention in its November 21 Order was to foreclose Veoh's ability to ever re-file the motion given the discovery cut-off, and never address the merits of the dispute, which Plaintiffs' approach would effectively do.

5

infringing works in some meaningful way, etc...." (November 21, 2008 Order, Docket No. 219). This Court also, as stated above, very recently suggested during the December 8, 2008 hearing in the Divx Action that Plaintiffs produce chain of title documents for 25% of the works at issue—to be selected by Divx—to enable Divx to investigate Plaintiffs' ownership with regard to the works at issue. There is no question that the discovery sought by this motion is relevant and warranted.

## IV. VEOH IS ENTITLED TO REBUT THE PRESUMPTION

Plaintiffs still vainly attempt to avoid producing the documents at issue by asserting that the mere issuance of certificates of registration from the Copyright Office operate to foreclose Veoh from any further inquiry into Plaintiffs' ownership. Of course this is not the law. In particular, Plaintiffs simply ignore the fact that the Copyright Office is merely an office of record that performs, by necessity, only a very limited examination. As such, any presumption in favor of the copyright holder is necessarily slight. 5 Patry on Copyright § 17:109.

Indeed, Plaintiffs simply gloss over the fact that any presumption is rebuttable as established by courts including in *Napster,* where the court ordered production of chain of title documents in a mass copyright infringement action and noted that "refusing to allow any discovery on the issue of ownership converts the presumption of ownership into an irrebuttable one." Instead of addressing this point, Plaintiffs simply avoid it. First, Plaintiffs misplace reliance on *Yash Raj Films,* 2006 WL 3257215, at *1 (E.D.N.Y. Nov. 9, 2006). Second, Plaintiffs suggest without basis that the chain of title discovery sought by Veoh would, at most, potentially uncover "minor technical errors" irrelevant to Plaintiffs' claims against Veoh. (Opposition, p. 14, lines 20-21).

With regard to *Yash Raj Films,* and as stated in Veoh's Motion, there were no claims of ownership by authorship, either directly or as works for hire in that case. In fact, the defendant's brief in support of the motion in that case did not even mention

6
VEOH'S REPLY IN SUPPORT OF RENEWED MOT. TO COMPEL PLAINTIFFS PRODUCE CHAIN OF TITLE/RIGHTS INFO RE ALLEGEDLY INFRINGED WORKS
Case No. CV 07 5744 – AHM (AJWx)

the rebuttable nature of the presumption accorded by Section 410(c). By treating copyright registrations as complete and sufficient evidence on the issue of ownership, *Yash* effectively rendered the rebuttable presumption irrebuttable, contrary to all other authority on this subject. *Yash* is merely an outlier from another district that is neither binding nor persuasive.

As for Plaintiffs' "minor technical errors" argument, Plaintiffs fail to explain how the discovery sought would operate to expose only these "minor" errors and nothing more. Further, whether or not "minor technical errors"[7] are uncovered along with what Veoh expects to be widespread defects in Plaintiffs' copyrights, is irrelevant to the decision to permit such discovery to proceed. While "inadvertent mistakes" may be discovered, and are apparently anticipated by Plaintiffs, the broader purpose of the discovery sought is to inquire into Plaintiffs' ownership of the works at issue – discovery that is indisputably necessary and proper. Plaintiffs' attempt to distract this Court with arguments about "minor technical errors" and *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.,* 345 F.3d 110, 1145 (9th Cir. 2003) (Plaintiffs' authority on "minor technical errors"), should, along with Plaintiffs' burden argument, be rejected.

As this Court recognized during the December 8, 2008 hearing in Divx, in some circumstances Plaintiffs have the burden of proof with respect to ownership. (citing Nimmer in Copyright, 3-12). Indeed, where the plaintiff "claims not as the author" but as the assignee, "the assignee [here, Plaintiffs] has the burden of proving chain of title because nothing in the registration certificate evidences his right to claim through the original copyright owner." Indeed, many of the copyright certificates here do not list any Plaintiff in this action, and certainly Plaintiffs themselves are not the musical artists. (Lane Decl. ¶ 11).

---

[7] It is not entirely clear what Plaintiffs would consider a "minor technical error."

7

## V. THE BENEFIT TO VEOH DRASTICALLY OUTWEIGHS ANY BURDEN ON PLAINTIFFS

Plaintiffs have (as of now) identified 475 works for which they have Federal Copyright registrations or pending applications, and 1,591 purported infringements. As Plaintiffs seek statutory damages of $150,000 per infringement, Veoh potentially faces tens, if not hundreds of millions of dollars in damages. In light of the enormous amount of damages sought, Plaintiffs' "burden" argument cannot survive. Clearly, sought damages are a harm to Veoh that dwarf any possible burden to Plaintiffs.

Indeed, it is in precisely cases like this one, where plaintiffs seek staggering amounts in damages that courts regularly (and rightfully) hold copyright plaintiffs to their obligation to provide defendants with relevant discovery to rebut the thin presumption of validity that a copyright registration carries. See, e.g., *Napster*, 191 F.Supp.2d at 1100 (ordering plaintiffs, including UMG, "to produce all documentation relevant to their ownership of the works listed as 'works for hire'").

Plaintiffs should be ordered to produce documents sufficient to demonstrate ownership and chain of title information of all of the copyrights for which they seek relief, and indicate to which allegedly infringed work such documents relate.

## VI. CONTRARY TO PLAINTIFFS' FLAWED ASSERTION, VEOH UNDOUBTEDLY HAS STANDING TO CHALLENGE ASSIGNMENTS BETWEEN UMG AND ITS ARTISTS AND/OR COMPOSERS

Plaintiffs again wrongly assert that Veoh has no standing to challenge assignments between Plaintiffs and their artists and/or composers. Recognizing that Plaintiffs' untenable position was soundly rejected by the *Napster* court, as set forth in Veoh's Motion at page 22, Plaintiffs resort to attempting to dismiss the *Napster* court's reasoning placed before this Court by Veoh, by arguing that the passage cited in Veoh's papers was merely the opinion of Napster's counsel in that case, not the court's. (Opp. p. 16, lines 22-24 – p. 17, lines 1-2). Of course, this is false. Veoh

8
VEOH'S REPLY IN SUPPORT OF RENEWED MOT. TO COMPEL PLAINTIFFS PRODUCE CHAIN OF TITLE/RIGHTS INFO RE ALLEGEDLY INFRINGED WORKS
Case No. CV 07 5744 – AHM (AJWx)

provided a complete excerpt from *Napster*, including the *Napster* court's rejection of *Magnuson v. Video Yesteryear*, 85 F.3d 1424 (9th Cir. 1996) and its progeny, the very line of cases relied upon by Plaintiffs in arguing that Veoh has no standing. (See Opp. p. 15, line 20 – p. 16, line 2). The Napster court noted: *"the instant case presents an entirely different factual background from Magnuson and its progeny . . . "*.

The Napster court also expressed clear concern with the notion that a mass infringement plaintiff could proceed in claiming massive amounts in damages without clearly establishing ownership. Specifically, the court stated it was:

> Reticent to allow plaintiffs, merely because of the quantity of music they control, to railroad Napster into potentially billions of dollars in statutory damages without adequately proving ownership.

*Napster, supra,* at 1100.

Balancing the competing tensions between the burdens and the benefits where "thousands" of works were at issue (far more than here), the court ordered plaintiffs to "produce all documentation relevant to their ownership of the works listed as 'works for hire.'" *Id.* Because virtually all of the alleged infringements in this case are 'works for hire,' Plaintiffs should be ordered to produce all such documentation relevant to their ownership.

## VII. PLAINTIFFS MISCHARACTERIZE THE MP3.COM LITIGATION AND ATTEMPT TO DISTRACT THIS COURT WITH PERSONAL ATTACKS ON VEOH'S COUNSEL

In an effort to avoid the fact that defects in Plaintiffs' ownership in the MP3.com litigation resulted in a reduction of the copyrights at issue, Plaintiffs attempt to explain away the reduction of copyrights in MP3.com by going on at length about defendants' efforts to challenge liability for recordings that were never downloaded or never hosted on defendant's system. (Opp. p. 18). Tellingly, Plaintiffs *never state* that

Plaintiffs' ownership in copyrights were not *also* challenged or offer a shred of proof that a multiplicity of UMG copyrights were not rejected in the MP3.com litigation on that basis. Plaintiffs merely concede that the defendant in the MP3.com case "eliminat[ed] entire categories of recordings." That is true—including categories of recordings for which Plaintiffs could not prove ownership. (Lane Decl. ¶ 13).

Plaintiffs then attempt to malign Veoh's counsel Thomas Lane in connection with Mr. Lane's sworn declaration regarding facts in *Arista Records, et al. v. Launch Media, Inc.*, a case in which Mr. Lane was counsel of record for Launch at trial and remains Launch's counsel on appeal. It is unclear how Plaintiffs or their counsel purport to have knowledge superior to Mr. Lane's with regard to a case in which neither Plaintiffs nor their counsel had any involvement whatsoever. Mr. Lane's declaration is offered to demonstrate how, in his practical experience as a copyright litigator, these documents are undeniably crucial to Veoh's defense, and how such documents have the potential to dramatically reduce damages. Plaintiffs' baseless personal attacks on Mr. Lane only underscore the dearth of substantive argument available to support Plaintiffs' position.

## VIII. CONCLUSION

Veoh respectfully requests that the Court order UMG to immediately produce chain of title/rights information regarding the allegedly infringing works in response to Interrogatory No. 23 and Request Nos. 4, 6, 43, 44, 49, 65, 66, and 67.

Dated: December 10, 2008                    **WINSTON & STRAWN LLP**

By   /s/ Erin R. Ranahan
Michael S. Elkin
Thomas P. Lane
Jennifer A. Golinveaux
Rebecca L. Calkins
Erin R. Ranahan
Attorneys for Defendant
VEOH NETWORKS, INC.

# EXHIBIT A

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> VEOH NETWORKS, INC., *et al.* <br><br> Defendants. | Case No. CV 07 5744 – AHM (AJWx) <br><br> Discovery Matter <br><br> [PROPOSED] ORDER GRANTING VEOH NETWORK INC.'S RENEWED MOTION TO COMPEL PLAINTIFF UMG RECORDINGS, INC. TO PRODUCE CHAIN OF TITLE/RIGHTS INFORMATION RE ALLEGEDLY INFRINGING WORKS <br><br> Hearing: 12/15/08 10:00 a.m. <br> Discovery Cut off: 1/12/09 |

This Court, having considered Veoh Networks, Inc's ("Veoh") Renewed Motion to Compel Plaintiff UMG Recordings, Inc. to Produce Chain of Title/Rights Information Re Allegedly Infringing Works ("Motion"), the declarations and other evidence submitted, and such other and further evidence as may be considered by this Court, hereby rules as follows:

**IT IS HEREBY ORDERED** that:

Veoh's Motion is **GRANTED**. Plaintiff UMG Recordings, Inc. shall, within _____ days of the date of this Order:

(1) Allow Veoh a meaningful opportunity to rebut the presumption of ownership for the works underlying the 1591 alleged infringements identified by Plaintiffs by responding to Interrogatory No. 23 (Describe in detail each instance in which any person has questioned or disputed your rights, ownership, co-ownership, administration or control of any of the allegedly infringed works for which you seek relief in this action) and producing documents in response to Request for Production Nos.:

- 4 (All documents concerning communications between Plaintiffs and the United States Copyright Office concerning the allegedly infringed works in this action);
- 6 (All documents concerning assignments or licenses of copyrights regarding the allegedly infringed works in this action);
- 43 (All documents evidencing, referring or relating to the chain of title for all of the allegedly infringed works in this action);
- 44 (All documents concerning ownership of, or claims of rights in, all of the allegedly infringed works in this action);
- 49 (All documents concerning ownership at any time of the copyrighted works for which you claim infringement in this action, including documents between you and any person concerning any questions, uncertainty or disputes over your ownership, co-ownership,

1

[PROPOSED] ORDER GRANTING VEOH'S MOTION TO COMPEL
Case No. CV 07 5744 – AHM (AJWx)
EXHIBIT A PAGE 13

administration, control of, or other rights to, any of the allegedly infringing works);

- 65 (All documents identifying all persons who have any ownership interest in the copyrighted sound recordings for which you claim infringement in this action);
- 66 (All documents evidencing, referring or relating to your allegation in paragraph 9 of the Complaint that "UMGR has the exclusive rights ... to reproduce the copyrighted sound recordings in copies or phonorecords; to prepare derivative audiovisual works based upon the copyrighted sound recordings ; to distribute copies or phonorecords of the copyrighted sound recordings to the public; and to perform the copyrighted sound recordings publicly by means of a digital audio transmission," for each of the copyrighted sound recordings for which you claim infringement in this action); and
- 67 (All documents evidencing, referring or relating to your allegation in paragraph 10 of the Complaint that "UMC, SOU, UPIP, RMI, and MGB, Z-Tunes, and MGB UK own (in whole or in part) copyrights in" the "copyrighted musical compositions," for each of the copyrighted musical compositions for which you claim infringement in this action.)
- Plaintiff must also indicate to which allegedly infringed work such documents relate.

(2)  Produce all the same information ordered above for any subsequently identified allegedly infringing works no later than_____.

IT IS SO ORDERED.

Dated: _____

_____
Hon. Andrew J. Wistrich
United States Magistrate Judge
Central District of California

2

DECLARATION OF THOMAS P. LANE IN SUPPORT OF VEOH'S MOT. TO COMPEL
Case No. CV 07 5744 – AHM (AJWx)