Rebecca Lawlor Calkins (SBN: 195593)
Email: rcalkins@winston.com
Erin R. Ranahan (SBN: 235286)
Email: eranahan@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: 213-615-1700
Facsimile: 213-615-1750

Jennifer A. Golinveaux (SBN 203056)
Email: jgolinveaux@winston.com
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
(415) 591-1506 (Telephone)
(415) 591-1400 (Facsimile)

Michael S. Elkin (*pro hac vice*)
Email: melkin@winston.com
Thomas P. Lane (*pro hac vice*)
Email: tlane@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166
(212) 294-6700 (Telephone)
(212) 294-4700 (Facsimile)

Attorneys for Defendant
VEOH NETWORKS, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> VEOH NETWORKS, INC. *et al.*, <br><br> Defendants. | **Case No. CV 07 5744 – AHM (AJWx)** <br><br> Discovery Matter <br><br> **VEOH'S REPLY IN SUPPORT OF ITS RENEWED MOTION TO COMPEL PLAINTIFF UMG TO IDENTIFY WORKS AT ISSUE** <br><br> Hearing: 12/17/08 <br> Time: 10:00 a.m. <br><br> Discovery Cut off: 1/12/09 |

**VEOH'S REPLY IN SUPPORT OF ITS RENEWED MOT. TO COMPEL PLAINTIFFS TO IDENTIFY WORKS AT ISSUE Case No. CV 07 5744 – AHM (AJWx)**

## I. INTRODUCTION

This motion seeks information that is absolutely basic to this lawsuit: the identity of the works Plaintiffs claim Veoh has infringed and the alleged infringements. Veoh quite clearly requested this information more than ten months ago when it served its first discovery requests at issue in this motion. For example, Veoh's Interrogatory no. 1 asks Plaintiffs to identify "all copyrights owned by, or exclusively licensed to you, that you claim Veoh has infringed. . . ." and Veoh's Interrogatory no. 2 asks Plaintiffs to identify the "direct infringement[s] from which [Veoh's] contributory or vicarious liability arises."

Plaintiffs have still never provided meaningful responses to those interrogatories or the related requests at issue in this motion. On December 1, 2008, more than a year into this case, and just over a month before the close of fact discovery, in response to a different interrogatory, and after Veoh filed this motion, Plaintiffs did finally identify 1,591 allegedly infringing video files upon which they are basing this lawsuit, and the copyright works they claim were infringed. Plaintiffs, however, purport to reserve their right to further supplement their identification.

This is not an adequate response to Veoh's discovery requests. Veoh is entitled to a full identification of alleged infringements and asserted works in time to take discovery about Plaintiffs' ownership of those works. Accordingly, Veoh respectfully requests that the Court require Plaintiffs to supplement its responses to Veoh's discovery to immediately identify any remaining works at issue by responding fully to Veoh's Interrogatory Nos. 1, 2, and 3, and producing documents in response to Requests for Production No. 26.

Having no good basis to withhold such basic and crucial information until the very end of fact discovery, Plaintiffs' opposition to this motion instead attempts to shift the Court's focus to procedural issues with respect to the timing of this motion, and to blame Veoh for Plaintiffs' inability to identify alleged infringements.

Plaintiffs attempt to excuse their own discovery failures based upon outright

1

misrepresentations that Veoh has somehow hindered Plaintiffs' access to Veoh's video files. Notably, though Plaintiffs have not been shy to seek this Court's assistance with discovery matters, Plaintiffs have never sought relief regarding its access to Veoh's video files. That is because the issues raised in Plaintiffs' opposition are nothing more than a smokescreen that provide no excuse for allowing Plaintiffs to resist identifying infringements until it is too late for Veoh to take meaningful discovery regarding the alleged works.

Plaintiffs also attempt to continue to seek to distract the Court from the substantive failures of their position with extensive argument that Veoh's motion should be rejected on procedural grounds. The procedural history confirms that Veoh has gone to great lengths seeking to compel this basic information. Plaintiffs suggest that Veoh's effort to promptly address this Court's concerns with its original motion by filing the present, renewed motion in the manner permitted by the Court in connection with the filing of its prior motion[1] and as quickly as possible in light of the discovery cut-off, was somehow improper. Plaintiffs also oddly attempt to assign a nefarious motive to Veoh's efforts to obtain a ruling on this issue in advance of the current January 12, 2009 deadline for fact discovery.[2] Veoh would not have had to file any such motion if Plaintiffs would have simply identified the alleged infringements,

---

[1] The Court permitted expedited briefing of this issue, originally scheduled for November 13, 2008. (Docket 193). That briefing was clearly outside of the joint stipulation briefing procedures contemplated by Local Rule 37.

[2] During a scheduling conference he held last week, Judge Matz indicated that he is now considering a modest extension of the schedule for this case. The parties are submitting their proposals with respect to the length of that extension on December 15.

The suggestion that Veoh's efforts to resolve outstanding discovery disputes before the current January 12 discovery cut-off was nothing more than an attempt to interfere with Plaintiffs' counsel's Thanksgiving plans is particularly odd given that UMG served a joint stipulation that required a response from Veoh the day before Thanksgiving. Moreover, the impending discovery cut-off and motion schedule also required Veoh to file three supplemental memorandums pursuant to Rule 37 the Monday after Thanksgiving. It is unfortunate that anyone had to work over Thanksgiving, but there was certainly no effort to inflict any inconvenience on Plaintiffs in this regard.

rather than forcing Veoh to seek this Court's assistance.[3] As conceded by Plaintiffs, the arguments in Veoh's present motion come as no surprise as Plaintiffs have opposed (with the same arguments) Veoh's efforts to obtain this critical information in the prior briefing. Plaintiffs' suggestion that Veoh should be sanctioned for seeking to obtain this critical information prior to the discovery cut-off is patently without merit.

Veoh's respectfully requests that its motion to compel responses to Interrogatory Nos. 1-3 and Request No. 26 be granted, and the Court require Plaintiffs to promptly identify all alleged infringements.

## II. VEOH'S MOTION IS PROPER

Plaintiffs also suggest that despite Veoh having complied precisely with the Court's November 21 Order, and having re-filed the motion promptly so that it could be decided before the discovery cut-off, Veoh's Motion should again be deferred on purely procedural grounds, and sanctions should be awarded to Plaintiffs because Veoh has sought to have this issue decided on the merits. Apparently Plaintiffs believe that Veoh should never have this motion resolved, which Plaintiffs would effectively accomplish if their approach was adopted.

### A. <u>Veoh Addressed All Points Raised by The Court In Its November 21 Order</u>

---

[3] If this Court had not granted expedited consideration of this critical issue pursuant to the October 28, 2008 Order (Docket 193), Veoh would have followed the Local Rule 37 Procedures, and sent a joint stipulation by November 14, as it did with other outstanding discovery motions scheduled to be heard on December 17. Because by the time the Court denied the motion without prejudice, and made no mention of Local Rule 37 in its Order, Veoh relied on the permission to bring these crucial issues to the Court's attention on an expedited basis, outside of Local Rule 37, on November 13. *Id.* Additionally and importantly, the Court's November 21, 2008 Order did not mention failure to comply with Local Rule 37 as a grounds for denial, as such would have been inconsistent with the Court's own October 28, 2008 Order (Docket 193). Conversely, in denying a recent *ex parte* application by Veoh, this Court's December 5 order explicitly stated that grounds for denial included failure to comply with Local Rule 37. (Docket 271). Thus, if the Court had intended Veoh to re-file the motion in accordance with Local Rule 37, presumably the Court would have included such language in the Order. In any event, Veoh did not believe that the Court's intention in its November 21 Order was to foreclose Veoh's ability to ever re-file the motion given the discovery cut-off, and never address the merits of the dispute, which Plaintiffs' approach would effectively accomplish.

3

**VEOH'S REPLY IN SUPPORT OF ITS RENEWED MOT. TO COMPEL PLAINTIFFS TO IDENTIFY WORKS AT ISSUE   Case No. CV 07 5744 – AHM (AJWx)**

1   The Court's November 21, 2008 Order stated that "the motion is denied without
2   prejudice to its renewal on the basis of a more adequate record." (Docket 219). The
3   Court specifically stated that:

> although some of the propositions asserted by Veoh are
> "unexceptionable" this motion is defective. First, the court previously
> denied a motion to compel filed by Veoh because it was presented in an
> unmanageable manner. Rather than file a new motion including copies
> of the discovery requests and responses thereto that are at issue, Veoh
> merely refers to the court to a portion of the 314 page joint stipulation
> filed in support of the previously denied motion. Second, the relief Veoh
> seeks in its proposed order is too broad and has not been shown to be
> tethered to any particular discovery requests that it has served. Third, it
> is unclear whether Veoh is essentially attempting to compel a response to
> the interrogatory it served on October 24, 2008. Based upon assertions
> by UMG in its opposition, the court is concerned about the possibility
> that UMG may not have received the unfettered access to Veoh's video
> files that Veoh has represented the spreadsheet would allow. . if issues
> concerning the production of Veoh's video files need to be revisited, the
> parties should cooperate in promptly placing those issues before the court
> for resolution.

Contrary to Plaintiffs' assertions that Veoh 'ignored' this Court's November 21 Order, Veoh immediately sought to resolve all issues raised by the Court's Order so that the Motion could be re-filed and re-noticed before the close of discovery. First, Veoh incorporated the specific requests and responses into the motion, so that there was no question which requests and responses were at issue.[4] Second, Veoh added the

---

[4] Veoh originally did not include the specific requests, but incorporated them by reference, because Veoh sought to make the motion more manageable, given that its prior motion was denied on that basis, and to comply with the 25-page limit (which applied given that the Court allowed the motion to be filed outside of Local Rule 37).

4

**VEOH'S REPLY IN SUPPORT OF ITS RENEWED MOT. TO COMPEL PLAINTIFFS TO IDENTIFY WORKS AT ISSUE   Case No. CV 07 5744 – AHM (AJWx)**

specificity to the proposed order, so that it was clear what requests were at issue and what relief was being sought. Finally, Veoh's adding this specificity necessarily resolved the third issue, because it made clear that Veoh was not seeking to prematurely compel a new request, but was moving to compel responses to Interrogatory Nos. 1, 2, and 3, and documents in response to Request for Production No. 26. Veoh also explained in the Motion that it was not seeking to compel a response to Interrogatory No. 25.[5]

As discussed above and in Veoh's Motion, Veoh also squarely addressed Plaintiffs' long-ago resolved complaints about access to video files. Because Veoh resolved all issues addressed in the Court's November 21 Order, the Court should not indulge Plaintiffs' request to again avoid the merits of this crucial discovery dispute, especially because this action is now nearing the close of discovery.

### B. The Procedural History Necessitated Filing A Regularly Noticed Motion In Order For Veoh's Renewed Motion to Be Decided Before the Discovery Period Expired

Veoh originally pursued the discovery sought by this Motion pursuant to Local Rule 37 on August 25, 2008, but the Court denied that Motion without prejudice to be presented in a more manageable format. With the Court's approval, given the crucial nature of this information, Veoh then presented the Motion pursuant to the expedited November 13, 2008 hearing schedule set forth in the Court's October 28, 2008 Order (Docket 193). The Court, however, denied Veoh's Motion without prejudice to its renewal with a more "adequate record."

---

[5] As Veoh explained in its Motion, on October 24, 2008, after it became abundantly clear that Plaintiffs intended to entirely stonewall providing information identifying the infringements at issue in response to Veoh's original interrogatories (served nine months earlier), Veoh requested through an interrogatory specific identifying information about the allegedly infringing works. The information sought would be responsive to Veoh's Interrogatory No. 2 ("for each infringement for which you claim Veoh bears contributory or vicarious liability, identify the direct infringement from which the contributory or vicarious liability arises"), for which Plaintiffs served its response on April 9, 2008. Interrogatory No. 2 is indisputably long overdue, and is specifically at issue and addressed in this Motion, and plaintiffs should be ordered to respond to Interrogatory 2 with all infringements at issue in this action.

5

**VEOH'S REPLY IN SUPPORT OF ITS RENEWED MOT. TO COMPEL PLAINTIFFS TO IDENTIFY WORKS AT ISSUE     Case No. CV 07 5744 – AHM (AJWx)**

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

As Veoh explained in its notice of motion, Veoh presented this Motion as a regularly noticed motion and not pursuant to the joint stipulation procedures of Local Rule 37 given the procedural background of this issue described above, and because the last Motion, which was permitted on an expedited schedule outside of the Local Rule 37 procedures, was denied solely on procedural grounds resolved herein (and not failure to comply with Local Rule 37). Because the discovery cut-off is January 12, 2009, and because the Honorable Judge Wistrich has closed hearing dates between December 22, 2008 and January 12, 2009, November 24, 2008 was the last day to serve regular notice of this Motion such that relief can be granted sufficiently in advance of the discovery cut-off, which is required to comply with the Scheduling Order of the Honorable Judge Matz. If Veoh were required to re-file this Motion under the joint stipulation procedures of Local Rule 37, given the discovery cut-off, Veoh would not have the opportunity to re-file this Motion to present a more adequate record in accordance with this Court's November 21 Order. Plaintiffs fail to articulate any prejudice from Veoh's motion, especially because it has already had the opportunity to set forth its substantive arguments twice before.

## III. THE COURT SHOULD REQUIRE PLAINTIFFS TO PROMPTLY IDENTIFY ALL ALLEGED INFRINGEMENTS

Plaintiffs should be required to immediately identify all alleged infringements as sought by discovery requests issued over eight months ago, and not be allowed to sandbag Veoh with this information at the close of fact discovery when it can no longer take meaningful discovery regarding the alleged infringed works.

In a similar case before Judge Matz, he recognized that the same information sought by this Motion would "set the contours for what the dispute is about" as well as define the "outside limit on potential issues of liability and corresponding damages." *UMG Recordings, Inc. et al., v. Divx, Inc., et al.,* (Case No. CV07-6385-AHM (AJWx) ("The *Divx* Action") (Calkins Decl. ¶ 3 and Exh. A, p. 6:14-16 *Id.* at p. 7:17-25). As Judge Matz also noted, "I definitely will impose that obligation on UMG. I'm

6
**VEOH'S REPLY IN SUPPORT OF ITS RENEWED MOT. TO COMPEL PLAINTIFFS TO IDENTIFY WORKS AT ISSUE    Case No. CV 07 5744 – AHM (AJWx)**

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

1 not going to permit amendments. I'm not going to permit specifications right up to the date of trial." *Id.* (Calkins Decl. ¶ 3 and Exh. A, pp. 6:14-12:18).[6] Thus, not only did Judge Matz order UMG to identify all currently known alleged infringements within 28 days of the initial scheduling conference in The *Divx* Action, Judge Matz ordered UMG to identify the remaining discovered alleged infringements within 119 days.

Plaintiffs appear to be proceeding in precisely the manner that Judge Matz sought to avoid in DivX, seeking to "permit amendments" and "add specifications" right up to trial. Yet this approach forecloses Veoh's ability to investigate Plaintiffs' rights to such works and related discovery. Plaintiffs should be ordered to immediately identify any additional infringements claimed in this action in response to Interrogatory Nos. 1, 2 and 3 and produce documents sought by Request for Production 26.

## IV. PLAINTIFFS' COMPLAINTS REGARDING ACCESS TO VEOH'S VIDEO FILES ARE WITHOUT MERIT

Plaintiffs should not be permitted to continue to hide behind excuses and procedural complaints in refusing to define the scope of their lawsuit. Although Plaintiffs have always had access to the publicly available video files on Veoh, which is a publicly available website, and should have been able to at least identify, from the outset of the lawsuit, any allegedly infringing works that were publicly accessible, Plaintiffs waited until more than a year after this action was filed to identify such works. Plaintiffs have no justification for failing to identify a single copyrighted work or single infringing video file until December 1, 2008, and should be ordered to identify all infringements without further delay.

---

[6] Judge Matz also made clear that UMG's identification should include URL information for the alleged infringing videos, noting that:
[i]t's undoubtedly going to be consistent with that ability and that requirement that they specify the URL because that's how they got it . . . in fact, that would be an obligation . . . I'm not making a definitive ruling on this—in order to carry out your DMCA obligations anyway . . URL identification will be in both sides' interests. Okay? (*Id*. at pp. 14:7-16:7).

7

With respect to videos to which Veoh had terminated access ("cancelled") for copyright or other reasons, Veoh provided Plaintiffs secure access to all of its video files including cancelled videos on September 5, 2008. Plaintiffs' misleading complaints about access are simply an effort to create a smokescreen to justify their own discovery failures. Significantly, though Plaintiffs have not been shy about seeking this Court's assistance on a host of alleged discovery disputes, Plaintiffs have not once raised a single issue regarding delayed or hindered access. That is because each of Plaintiffs' purported issues, were promptly resolved. For example:

- First, Plaintiffs claimed that although they were able to access all of the video files in the file format in which they were uploaded, Veoh failed to adequately provide access to all Flash format versions of such files. Although Plaintiffs waited almost a month after receiving access to Veoh's video files to raise this issue, Veoh fully resolved the issue for Plaintiffs within a week of their raising the issue, back on October 3, 2008. (Ranahan Decl. (Docket 221-2) ¶¶ 8-9 and Exhs. G-H).

- Second, Plaintiffs claim that Veoh "unilaterally terminated" their secure access to the video files at one point. On October 9, 2008, more than a month after initially providing Plaintiffs with access to the video files, Veoh's counsel sent Plaintiffs' counsel an urgent email explaining that Plaintiffs' software was using the secured access to access the video database in excess of 60 times per second, which was overloading Veoh's entire system. (Ranahan Decl. ¶ 4 and Exh. C). Veoh's counsel asked Plaintiffs' counsel to confirm whether Plaintiffs were able to limit the access to one file per second, and explained that Veoh would have to terminate Plaintiffs' secure private access until the issue could be resolved. *Plaintiffs refused to respond at all for nearly two weeks, forcing Veoh to send two additional letters, and finally threaten to take the issue before the Court, at which point Plaintiffs finally responded that they would agree to abide by compromise access terms proposed by Veoh* (allowing them to access the video files ten times per second during off peak

**VEOH'S REPLY IN SUPPORT OF ITS RENEWED MOT. TO COMPEL PLAINTIFFS TO IDENTIFY WORKS AT ISSUE    Case No. CV 07 5744 – AHM (AJWx)**

hours and once per second during peak hours). *Id.* at ¶¶ 4-7 Exhs. C-F. Veoh restored Plaintiffs' access that same day.

Plaintiffs do not dispute that both of these issues were fully resolved some time ago.

Plaintiffs' latest apparent excuse for refusing to identify the works at issue is that they lack certain information associated with Audible Magic filtering. Before this dispute, Plaintiffs had never requested that Veoh capture such additional data, Veoh has never represented that it would capture and retain such data. On October 27, 2008, Plaintiffs filed an *ex parte* application seeking an order requiring Veoh to capture volumes of data that exists only momentarily in RAM on Veoh's system as Audible Magic's system processes videos. The Court ordered Veoh to retain such information prospectively. (Docket 217).

Plaintiffs misleadingly argue that Veoh "destroyed" data associated with Audible Magic. As the Court is aware from earlier briefing, Veoh historically logged certain of the fields available in RAM as Audible Magic's system processes, including the video Id; the corresponding Audible Magic database; the Label; the Recording Owner; and the Vendor Name. These Audible Magic logs have all been produced to Plaintiffs. Veoh logged these fields so that it could record in its video database whether a particular video was blocked by Audible Magic processing, the date it was blocked, and the copyright claimant who had registered the work with Audible Magic. This last piece of information was logged so that Veoh could potentially contact the copyright claimant in the event that Veoh received a "counter-notice" from a user, claiming that the content was blocked in error. Veoh historically did not log the rest of the information that runs through its RAM as Audible Magic processes videos because such logging is not necessary to or part of Veoh's business operations.

Plaintiffs also misleadingly assert that counsel for Veoh represented that Veoh would produce the Audible Magic log data at the August 25, 2008 discovery hearing. Veoh's counsel never represented that Veoh had captured all data from Audible Magic

9

**VEOH'S REPLY IN SUPPORT OF ITS RENEWED MOT. TO COMPEL PLAINTIFFS TO IDENTIFY WORKS AT ISSUE   Case No. CV 07 5744 – AHM (AJWx)**

processing in Veoh's RAM.[7] Veoh's counsel explained to the Court that in response to Plaintiffs' document requests seeking all video files uploaded to Veoh, Veoh was prepared to produce a spreadsheet that "would be organized by video with metadata for each video, which would include, for example, the title that the user provided, any key words that the user provided associated with that video so that they could do those kind of electronic searches within the spreadsheet for whatever titles they might have concern about. . . ." (Declaration of Erin R. Ranahan in Support of Summary of Discovery Orders (Docket 112) ¶ 10 and Exh. I, p. 403.) Veoh maintains a video database that includes more than 100 fields of metadata that may be populated for each video uploaded to Veoh. Veoh has always been explicit that the spreadsheets it planned to produce to Plaintiffs would contain the video metadata maintained in that video database. *See, e.g.,* Joint Stipulation Re UMG' Recordings, Inc.'s Motion to Compel Responses to Discovery Against Veoh Networks, Inc. at 59, Docket No. 78, filed July 21, 2008 ("Veoh offered to produce to UMG copies of spreadsheets populated from Veoh's video databases that would contain metadata regarding each video uploaded to Veoh (such as title, date of upload, current status of video, etc.)".) Veoh produced the spreadsheets populated from the video database.

In any event, it is unclear why Plaintiffs would require this third party data in order to be able to be able to identify infringements of their own work, particularly since they have access to the video files themselves. Moreover, in an effort to resolve this dispute informally, and with no obligation to do so, Veoh requested that Audible Magic run a report of such data and provide it to Veoh this week to provide to Plaintiffs.

## V. CONCLUSION

Veoh respectfully requests that the Court order UMG to immediately identify all copyrighted works and infringements claimed in this action in response to Interrogatory Nos. 1, 2, 3 and Request for Production 26.

---

[7] Veoh is now logging such data in compliance with the Court's November 18 Order.

10

**VEOH'S REPLY IN SUPPORT OF ITS RENEWED MOT. TO COMPEL PLAINTIFFS TO IDENTIFY WORKS AT ISSUE   Case No. CV 07 5744 – AHM (AJWx)**

Dated: December 10, 2008       **WINSTON & STRAWN LLP**

By    /s/ Erin R. Ranahan
    Michael S. Elkin
    Thomas P. Lane
    Jennifer A. Golinveaux
    Rebecca L. Calkins
    Erin R. Ranahan
    Attorneys for Defendant
    VEOH NETWORKS, INC.