UMG Recordings, Inc. et al v. Veoh Networks, Inc. et al                                                                                    Doc. 281

**Re: Docket Nos. 275 & 276**

Steven A. Marenberg (101033) (smarenberg@irell.com)
Elliot Brown (150802) (ebrown@irell.com)
Brian Ledahl (186579) (bledahl@irell.com)
Benjamin Glatstein (242034) (bglatstein@irell.com)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:  (310) 277-1010
Facsimile:   (310) 203-7199

Attorneys for Plaintiffs
UMG Recordings, Inc.;
Universal Music Corp.;
Songs of Universal, Inc.;
Universal-Polygram International Publishing, Inc.;
Rondor Music International, Inc.;
Universal Music – MGB NA LLC;
Universal Music – Z Tunes LLC;
and Universal Music – MGB Music Publishing Ltd.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>VEOH NETWORKS, INC., *et al.*,<br><br>Defendants. | Case No. CV 07-05744 AHM (AJWx)<br><br>**UMG'S OBJECTIONS AND REQUEST TO STRIKE VEOH'S REPLIES IN SUPPORT OF ITS RENEWED MOTIONS TO COMPEL CHAIN OF TITLE AND IDENTIFICATION DISCOVERY**<br><br>Judge:  Hon. Andrew Wistrich<br>Date:   December 17, 2008<br>Time:   10:00 AM<br>Ctrm:   690 |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1984285

UMG'S OBJECTIONS AND REQUEST TO STRIKE
VEOH'S REPLY IN SUPPORT OF ITS RENEWED
MOTION TO COMPEL CHAIN OF TITLE DISCOVERY

Dockets.Justia.com

UMG Recordings, Inc. *et al.* (collectively "UMG") hereby submit the following objections to Veoh Networks, Inc.'s ("Veoh") Replies in Support of its Renewed Motions to Compel Chain of Title and Identification Discovery ("Veoh's Replies") (Dkt. Nos. 275 and 276). Veoh's Replies are the third in a series of motion papers that violate the Local Rules and should be stricken.

## I. VEOH'S REPLIES, LIKE ITS EARLIER MOVING PAPERS, ARE PROCEDURALLY IMPROPER

With respect to this Court's Orders and Local Rules, Veoh either just does not get it or just does not care. In connection with the discovery issues of (1) chain-of-title and (2) infringement identification, Veoh has repeatedly and unrepentantly violated both this Court's Orders and the Local Rules. Now it has done so again by filing "Reply Briefs" in disregard of both. Specifically:

1. On August 25, 2008, this Court heard argument on UMG's and Veoh's first motions to compel. The Court denied in full Veoh's Motion to Compel, which sought, among other things, vastly overbroad chain-of-title and identification discovery. At the hearing, the Court informed Veoh of its intention to follow prior rulings from the *MySpace* action, including the sensible, compromise chain-of-title ruling issued in that case.

2. Ignoring the Court's direction, on October 29, 2008, Veoh filed a motion seeking to compel dramatically broad chain-of-title discovery – broader, in fact, than the chain-of-title request this Court rejected in the *MySpace* action. Veoh also moved to compel UMG to identify works infringed by Veoh – despite having served UMG with an interrogatory demanding the same information just five days earlier and despite having earlier obstructed UMG's efforts to diligently identify Veoh's infringements. Veoh filed these discovery motions without any prior notice to UMG; rather, it simply contacted the Court *ex parte* and sought expedited hearing of its motions. Veoh's actions were a clear violation of Local Rule 7-19.1,

which requires that a party making an application for *ex parte* relief provide notice of the application before going to Court.

3. On November 21, 2008, the Court denied Veoh's renewed motions to compel discovery. The Court held that the relief sought by Veoh was "too broad and has not been shown to be tethered to the scope of any particular discovery requests it served." November 21, 2008, Order (Dkt. No. 219).

4. Veoh then "re-renewed" both motions the very next business day – November 24, 2008, the Monday before Thanksgiving. It hastily amended its previously-denied motions, adding the disputed discovery requests but in no way limiting the overbroad discovery Veoh seeks to compel. Veoh made no effort to comply with Local Rule 37, which provides that discovery motions are to be presented via a joint stipulation of the parties and prepared in accordance with the Local Rule. Nor did Veoh seek *ex parte* permission from the Court to bypass the Local Rules.[1] Instead, it flatly ignored the Local Rules, arguing that because the Court "made no mention of Local Rule 37" in its November 21st denial, the Court intended to exempt Veoh from the Rule's operation. Veoh's suggestion that it could ignore any Local Rules the Court did not explicitly list in an Order is completely nonsensical.

5. Finally, just before midnight on December 10, 2008, Veoh filed two ten-page "reply" briefs in support of its November 24, 2008, motions. Once again, Veoh simply ignored the Local Rules, which limit all supplemental memoranda in support of (or in opposition to) a discovery motion to 5-pages. *See* L.R. 37-2.3. Having ignored the Local Rules in filing its

---

[1] Veoh claims to have avoided seeking *ex parte* relief for a shortened hearing schedule because the Court "cautioned" Veoh against such relief. In fact, the Court reprimanded Veoh's *ex parte* practice over one week after Veoh filed its November 24th motions. Veoh was still filing its slew of *ex parte* applications during the week of Thanksgiving.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1984285

motions, Veoh then "uses" its violation to submit reply briefs that would have been prohibited had it followed the rules.

Enough is enough. Veoh cannot be allowed to repeatedly ignore the Local and Federal Rules. Veoh argues that such procedural objections are just a "smokescreen" to obscure the "real" issues being litigated. That simply isn't so. The "real" issues cannot be effectively litigated if Veoh continues to "unduly burden both the Court and UMG's counsel" with its flagrant disregard of sensible, required procedure. December 5, 2008, Order (Dkt. No. 270). UMG objects to Veoh's Replies and respectfully requests that the Court strike them from the record as noncompliant with L.R. 37-2.3.

## II. VEOH'S REPLIES CONFIRM THE APPROPRIATENESS OF SANCTIONS

UMG also renews its request for sanctions. Veoh's disregard for the Local Rules has seriously prejudiced UMG. Veoh's procedural and substantive failures have forced UMG to oppose the same motion three-times. Motion after motion, Veoh rehashes the same arguments – just as it piles on response after response to UMG's prior opposition. Each time UMG responds to Veoh's renewed (and re-renewed) motions, it must necessarily draft additional opposition material in response to Veoh's latest deficient arguments – or utter disregard for Federal procedure.

This instance is no different. For example, in its improper 10-page "reply" concerning chain-of-title discovery, Veoh suggests that UMG has identified only 475 distinct works for which UMG may claim copyright infringement. That is false. In fact, UMG identified 1,328 distinct copyright rights infringed by Veoh. *See* Ranahan Decl., Ex. 1 at Ex. A. Further, Veoh also accuses UMG of making "personal attacks" on Veoh's counsel, but UMG made no such attacks. UMG simply noted the inaccuracies and deficiencies of Mr. Lane's Declaration – that Mr. Lane assumed, without *any* basis, that the reduction of copyrights at issue in the

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1984285

- 3 -

UMG'S OBJECTIONS AND REQUEST TO STRIKE
VEOH'S REPLY IN SUPPORT OF ITS RENEWED
MOTION TO COMPEL CHAIN OF TITLE DISCOVERY

*MP3.com* litigation resulted from ownership challenges (*see* UMG Opp'n at 17:11-14), and that Mr. Lane offered no judicial order substantiating his assertions as to what allegedly occurred in the *Arista Records* litigation (*see* UMG Opp'n at 18:15-5). Simply put, UMG established why Mr. Lane's Declaration is an insufficient basis for ordering the expensive, burdensome discovery repeatedly sought by Veoh – those are arguments on the merits, not personal attacks.

Local Rule 37-4 provides that "[t]he failure of any counsel to comply with or cooperate in the foregoing procedures may result in the imposition of sanctions." As set forth above, Veoh has repeatedly failed to comply with the Local Rules, including Local Rules 7 and 37. It has twice renewed these discovery motions following their denial, and its doing so has inflicted an undue burden on both UMG and the Court, forcing both to repeatedly respond to the same, insufficient arguments. As set forth in the Declarations of Brian Ledahl in Support of UMG's Opposition to Veoh's Renewed Motions to Compel (Dkt. Nos. 247 and 265), UMG has expended more than $4,000 in responding to these renewed motions. UMG renews its request that the Court enter an award of sanctions against Veoh in the amount of $4,000, reflecting the hardship imposed on UMG as a result of Veoh's continuing failures.

## III. CONCLUSION

For the foregoing reasons, the Court should strike Veoh's Replies and enter an award of sanctions against Veoh.

Dated: December 11, 2008

IRELL & MANELLA LLP
Steven A. Marenberg
Elliot Brown
Brian Ledahl
Benjamin Glatstein

By: _____
Brian Ledahl
Attorneys for Plaintiffs

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1984285

- 4 -

UMG'S OBJECTIONS AND REQUEST TO STRIKE
VEOH'S REPLY IN SUPPORT OF ITS RENEWED
MOTION TO COMPEL CHAIN OF TITLE DISCOVERY