Rebecca Lawlor Calkins (SBN: 195593)
Email: rcalkins@winston.com
Erin R. Ranahan (SBN: 235286)
Email: eranahan@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: 213-615-1700
Facsimile: 213-615-1750

Jennifer A. Golinveaux (SBN 203056)
Email: jgolinveaux@winston.com
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
(415) 591-1506 (Telephone)
(415) 591-1400 (Facsimile)

Michael S. Elkin (*pro hac vice*)
Email: melkin@winston.com
Thomas P. Lane (*pro hac vice*)
Email: tlane@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166
(212) 294-6700 (Telephone)
(212) 294-4700 (Facsimile)

Attorneys for Defendant
VEOH NETWORKS, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>VEOH NETWORKS, INC. *et al.*,<br><br>Defendants. | **Case No. CV 07 5744 – AHM (AJWx)**<br><br>**VEOH'S RESPONSE TO UMG'S OBJECTIONS AND REQUEST TO STRIKE VEOH'S REPLIES IN SUPPORT OF ITS RENEWED MOTIONS TO COMPEL CHAIN OF TITLE AND IDENTIFICATION DISCOVERY**<br><br>Date: 12/17/08<br>Time: 10:00 a.m.<br>Crtrm: 690<br>Discovery Cut-Off: January 12, 2009 |

## I. INTRODUCTION

Veoh files this brief response to UMG's so called "Objections and Request to Strike Veoh's Replies in Support of its Renewed Motions to Compel Chain of Title and Identification Discovery" ("UMG's Objections"). UMG's Objections is a transparent attempt to supplement its briefing in opposition to Veoh's Motions to Identify Works at Issue and Compel Chain of Title/Rights Information Re Same with an unauthorized sur-reply, and illustrates the lengths to which UMG will go in its efforts to avoid having this Court rule on the merits of Veoh's motions.

The thrust of UMG's Objections, that Veoh's reply briefs in support of its motions were procedurally improper, is without merit. As Veoh has explained, Veoh filed its renewed motion(s) to compel in accordance with Local Rule 7 and outside of Local Rule 37 due to the procedural history of the motion(s), after this Court granted Veoh's request to file the initial motion on an expedited basis. Plaintiffs themselves relied on the briefing schedule set forth in Local Rule 7 in filing their oppositions to Veoh's motions. Veoh's replies were filed in accordance with the briefing schedule and page-limits provided by the Local Rules, and Veoh respectfully requests that the Court consider them in ruling on Veoh's motions.

UMG's assertion that Veoh has improperly burdened Plaintiffs with filings around the Thanksgiving holiday and improper *ex parte* filings is equally misplaced, and particularly ironic given the timing and history of Plaintiffs' own copious filings in this action. UMG's Objections also blatantly misrepresent a statement made in Veoh's reply in support of its motion to compel Chain of Title, as explained in Section III below. Finally, UMG's request for sanctions is without any basis and should be rejected out of hand.

UMG's strenuous efforts to avoid having this Court fully consider the merits of Veoh's motions to compel, including its reply briefs, should be rejected, and UMG's request for sanctions should be denied.

## II. VEOH'S REPLIES WERE PROCEDURALLY PROPER

As Veoh explained in its motion and reply, because of the procedural history of these motions, Veoh filed its renewed motions in accordance with Local Rule 7-3, rather than Local Rule 37. Indeed, Plaintiffs filed two oppositions in accordance with the briefing schedule provided by Local Rule 7-9, 14 days before the hearing, one of which was 19-pages (Docket 222) and another of which was 17-pages (Docket 221), which are clearly outside of the Local Rule 37 briefing schemes and instead in accordance with Local Rule 7-9. It is thus curious that Plaintiffs expect to benefit from filing oppositions in accordance with the Local Rule 7-9 briefing procedures, but then seek to sanction Veoh for following the same briefing schedule by filing replies in accordance with Local Rule 7-10.

This Court granted expedited consideration of the critical issues raised in Veoh's Motions to Compel Chain of Title and Identification Discovery pursuant to its October 28, 2008 Order (Docket 193). If it had not, Veoh would have followed the Local Rule 37 Procedures, and sent a joint stipulation by November 14, as it did with other outstanding discovery motions scheduled to be heard on December 17. When the Court denied Veoh's prior Motion to Compel Plaintiffs to Identify Works/Produce Chain of Title Info Re Same without prejudice to Veoh renewing the motion on a more adequate record, Veoh had no choice but to renew its motion following the procedure approved by this Court in connection with the prior motion, which was the only way to place this matter before the Court, short of an *ex parte* application, prior to the discovery cut-off. Veoh relied on the permission to bring these crucial issues to the Court's attention on an expedited basis, outside of Local Rule 37,[1] and did not believe that the Court's intention in its November 21 Order was to foreclose Veoh's

---

[1] Notably, the Court's November 21, 2008 Order did not mention failure to comply with Local Rule 37 as a grounds for denial, as such would have been inconsistent with the Court's own October 28, 2008 Order (Docket 193). Conversely, in denying a recent *ex parte* application by Veoh, this Court's December 5 order explicitly stated that grounds for denial included failure to comply with Local Rule 37. (Docket 271). Thus, if the Court had intended Veoh to re-file the motion in accordance with Rule 37, presumably the Court would have included such language in the Order.

3

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

ability to ever re-file the motion given the discovery cut-off, and never address the merits of the dispute, which the approach for which Plaintiffs' advocate would effectively accomplish.

## III. UMG'S COMPLAINTS ABOUT THE TIMING OF VEOH'S MOTIONS ARE PARTICULARLY IRONIC IN LIGHT OF PLAINTIFFS' TACTICS

It is particularly ironic that Plaintiffs complain about being inconvenienced over the week of the Thanksgiving holiday, when Plaintiffs have repeatedly managed to time their filings to require Veoh to respond at or near a major holiday. For example,

- Late in the afternoon of July 3, 2008—and without any warning, Plaintiffs served their portion of a nearly 200-page joint stipulation pursuant to Local Rule 37, that included eighteen separate sections (Docket 78). This required Veoh's response within five court days (the following week), and thus necessitated devoting considerable time over the Fourth of July weekend. The filing was of particular surprise given that Plaintiffs' counsel had previously indicated that it would provide a written response to Veoh's latest letter proposal regarding the issues raised by the motion, but forewent efforts to resolve the issues informally in favor of filing their motion with no advance notice to Veoh;
- Plaintiffs originally noticed their motion for leave to amend complaint for July 7 (the Monday after the Fourth of July weekend), and subsequently agreed to continue the hearing only under a briefing schedule where Veoh's opposition was due July 4, 2008. (Docket 58). Veoh filed its opposition on July 3, 2008 (Docket 63);
- Plaintiffs filed their motion for partial summary judgment on September 5, 2008, the week of the Labor Day holiday (Docket 117);
- On October 14, 2008, the day after Columbus Day 2008, Plaintiffs filed an *ex parte* application for protective order re depositions (Docket 166);
- Plaintiffs' *ex parte* application for an order requiring Veoh to maintain

4

VEOH'S RESPONSE TO UMG'S OBJECTIONS                                         Case No. CV 07-5744-AHM (AJWx)
LA:231306.3

evidence (Docket 190), required Veoh to file an opposition on Halloween day, October 31, 2008 (Docket 197); and

- After the close of business on Wednesday, November 19, 2008, Plaintiffs served their portion of a joint stipulation regarding (1) search terms, (2) custodians and (3) Skype accounts pursuant to Local Rule 37, which required Veoh to provide its portion of the joint stipulation by Wednesday, November 26, 2008, the day before Thanksgiving.

Similarly, while Plaintiffs complain that Veoh has filed a "slew" of *ex parte* applications, Plaintiffs led the way with numerous *ex parte* applications, including:

- On October 5, 2007, Plaintiffs' *ex parte* application to continue hearings on Veoh's motion to dismiss by one week to avoid calendar conflict with hearings scheduled in related actions (Docket 16);
- On October 14, 2008, Plaintiffs filed an *ex parte* application for protective order re depositions (Docket 166);
- On October 27, 2008, Plaintiffs filed an *ex parte* application for an order requiring Veoh to maintain evidence (Docket 190), and
- On November 12, 2008, Plaintiffs filed an *ex parte* application to shorten time for hearing re: UMG's motion to compel (Docket 212).

Far from adhering strictly to the briefing procedures set forth in the Local and Federal Rules, Plaintiffs have filed numerous briefs not otherwise authorized:

- On October 9, 2007, Plaintiffs filed a "reply" in support of their *ex parte* application to continue hearing on Veoh's motion to dismiss (Docket 22);
- August 28, 2008, Plaintiffs filed a "response" to Veoh's lodging a notice of decision previously requested by the Court (Docket 106);
- On September 8, 2008, Plaintiffs filed a brief/purported "objections" to the Lane Declaration filed in support of Veoh's Summary of Discovery Orders (Docket 121);
- On October 20, 2008, Plaintiffs filed a "reply" in support of their *ex parte*

VEOH'S RESPONSE TO UMG'S OBJECTIONS　　　　　　　　　　　　　　　　　　　Case No. CV 07-5744-AHM (AJWx)
LA:231306.3

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

application for protective order re depositions (Docket 185); and

- December 11, 2008, Plaintiffs filed a brief/purported "objections" to Veoh's replies (Docket 281), wherein it "renews" requests for sanctions against Veoh, necessitating the response herein.

## IV. UMG MISREPRESENTS STATEMENTS MADE IN VEOH'S REPLY

In an apparent attempt to justify its disingenuous request for sanctions, Plaintiffs also falsely state that "Veoh suggests that UMG has identified only 475 distinct works for which UMG may claim copyright infringement." (UMG's Objections (Docket 281) p. 3:22-23).[2] Veoh actually, and entirely accurately, stated that there were only 475 works *for which Plaintiffs had federal copyright registrations.* (Veoh's Reply (Docket 275) p. 2:14-15; p.8:3-4). Notably, Plaintiffs have not disputed this fact. As Plaintiffs waited until December 1, 2008 to identify allegedly infringing works, it was not until Veoh filed its reply briefs that it had an opportunity to address these identifications at all. UMG's finally identifying alleged infringements after the motion and oppositions were submitted, and request to strike Veoh's replies and foreclose Veoh's ability to even address these identifications in timely-filed replies, again confirms the paucity of Plaintiffs' substantive arguments in opposition to Veoh's motions, and the lengths to which UMG will go in an attempt to avoid having this Court consider the merits of those motions.

## V. CONCLUSION

Plaintiffs latest "objections" and request for sanctions are nothing more than a desperate attempt to avoid having this Court ever consider the merits of Veoh's

///
///
///

---

[2] Plaintiffs' reply incorrectly cites to "Ex. 1 at Ex. A" of the "Ranahan Declaration" to show the infringements identified, when Plaintiffs presumably intended to refer to the Calkins Declaration at ¶ 2 and Exh. A, as there was no Ranahan Declaration filed in support of the replies.

6

VEOH'S RESPONSE TO UMG'S OBJECTIONS  Case No. CV 07-5744-AHM (AJWx)
LA:231306.3

motions on two critical discovery issues. Veoh's replies were proper, and UMG's objections should be disregarded.

Dated: December 15, 2008  **WINSTON & STRAWN LLP**

By /s/ Erin R. Ranahan
Michael S. Elkin
Thomas P. Lane
Jennifer A. Golinveaux
Rebecca L. Calkins
Erin R. Ranahan
Attorneys for Defendant
VEOH NETWORKS, INC.