Steven A. Marenberg (101033) (smarenberg@irell.com)
Elliot Brown (150802) (ebrown@irell.com)
Brian Ledahl (186579) (bledahl@irell.com)
Benjamin Glatstein (242034) (bglatstein@irell.com)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:  (310) 277-1010
Facsimile:  (310) 203-7199

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, | Case No. CV-07-05744 AHM (AJWx) |
| Plaintiffs, | **NOTICE OF LODGING OF PROPOSED ORDER RE: VEOH'S MOTION TO COMPEL [DOCKET # 222]** |
| v. | |
| VEOH NETWORKS, INC., | Magistrate: Hon. Andrew J. Wistrich |
| Defendant. | Date:        None<br>Time:        None<br>Courtroom: 690 |

2012492

Dockets.Justia.com

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**:

PLEASE TAKE NOTICE that pursuant to the Court's Order of February 4, 2009, Plaintiffs (collectively "UMG") hereby lodge the attached [Proposed] Order re: Veoh's Motion to Compel Chain of Title Information [Docket # 222]. Although the Court's February 4, 2009 Order directed the party to submit a joint proposed order, the parties were unable to reach agreement on a joint order due to, among other factors, uncertainty as to the intended scope of the Court's February 4 Order. UMG briefly explains the nature of this disagreement below.

## I. BACKGROUND

### A. Veoh's Motion Was Previously Denied Twice

Veoh's Motion sought production of a broad scope of material purportedly regarding the "chain of title" of each of UMG's infringed copyrighted works. Veoh first raised this issue in a motion argued on August 25, 2008. The Court denied Veoh's motion without prejudice at the hearing. Veoh then renewed its motion on October 29, largely repeating the assertions of its previously-denied motion. On November 21, 2008, the Court denied Veoh's motion for the second time (Dkt. # 219). The Court ruled that "the relief Veoh seeks in its proposed order is too broad and has not been shown to be tethered to the scope of any particular discovery requests it has served." *Id.* Veoh then filed the instant motion on the next business day, seeking the same scope of relief the Court previously rejected.

### B. The Court's February 4, 2009 Order

On February 4, 2009, the Court issued an Order granting in part and denying in part Veoh's motion. The Court's written Order did not specify the aspects in which the motion was being granted or denied. The Court directed the parties to submit a joint proposed order in substantially the same form as the order concerning this issue filed in another matter on February 3, 2009. UMG was unable to locate any such order. UMG conferred with counsel for Veoh who indicated that they were also unable to locate any such order. Counsel for Veoh represented to UMG

1  that they contacted the Court and were directed to a proposed order filed January 12
2  at Docket number 122 in the DivX matter.  According to counsel for Veoh, the
3  Court's deputy advised that this proposed order was to be considered for form, not
4  substance (which related to other issues).  Counsel for Veoh sent UMG a Proposed
5  Order that purported to grant Veoh's motion in its entirety.  UMG indicated that this
6  order was unacceptable (as set forth further below) and provided its own
7  counterproposal which Veoh stated was unacceptable.  UMG suggested that the
8  parties could request further guidance from the Court regarding the proposed order
9  to be submitted.  Counsel for Veoh declined and indicated its preference that each
10 party submit its own proposed order.

11 **II.    UMG'S PROPOSED ORDER IS CONSISTENT WITH THE COURT'S**
12 **       FEBRUARY 4, 2009 ORDER**

13         UMG submits the attached proposed order in an effort to comply with the
14 Court's request.  As noted above, the Court's February 4, 2009 Order stated that
15 Veoh's motion was granted in part and denied in part.  UMG's proposed order (in
16 contrast with Veoh's) embodies such a result.  UMG proposes a sampling approach
17 in which UMG would produce the copyright registration as well as the recording
18 contract, artist agreement, songwriter agreement, or acquisition agreement that
19 provides one of the plaintiffs with the right to enforce the copyright in the work for a
20 sample of 15% of the copyright registrations at issue.  For purposes of any kind of
21 statistical analysis, a sample of far less than 15% would be sufficient to obtain
22 appropriate results.  Nonetheless, UMG proposes producing such documents for a
23 sample of 15% of the copyright registrations at issue.  Further, UMG proposes
24 producing (for the same sample of registrations) documents reflecting any dispute
25 regarding a copyrighted work that resulted in any limitation in a plaintiff's right to
26 enforce the copyrighted work.  This approach would provide Veoh with more than
27 adequate discovery regarding this issue.  In particular, UMG's proposal focuses on
28 the actual agreements under which UMG obtained the right to enforce a copyright,

rather than some undefined scope of communications, all licenses ever granted for any purpose to any work, and other similarly irrelevant documents (categories sought in Veoh's motion). Such broad scope would be nearly impossible to collect, and ultimately irrelevant even if produced.

As UMG has demonstrated through unrebutted, sworn declarations, the burden of the far-reaching and ill-defined production Veoh seeks would be enormous. Veoh has never justified such a wide scope of discovery by demonstrating that the importance of such information outweighs these burdens. Indeed, as UMG pointed out in the motion papers and at the December 17, 2008 hearing before the Court, recent amendments to the Copyright Act render the importance of the information Veoh claims to seek even less. Veoh claims it needs this discovery to determine if it can "challenge" UMG's ownership of copyrights based on technical defects, such as the incorrect identification of the work as a work-for-hire rather than owned pursuant to assignment. *See* Veoh Motion (Dkt. # 222) at 15. The amendments to the Copyright Act, specifically the addition of 17 U.S.C. § 411(b), make the kind of "challenges" that Veoh claims it seeks to investigate unavailable to an infringer like Veoh. Veoh has never addressed this issue. Indeed, after ignoring this issue in its papers, Veoh's counsel was unable to address it at all at the December 17, 2008 hearing. *See* December 17, 2008 Transcript at 115 ("I'm not familiar with it [the amendment to section 411(b)].). UMG's proposed order reasonably embodies the result indicated in the Court's February 4, 2008 Order and would provide Veoh with significant discovery for which Veoh has never offered any reasonable justification.

Dated: February 10, 2009                    Respectfully Submitted,

IRELL & MANELLA LLP

By:      /s Brian Ledahl
              Brian Ledahl

Attorneys for Plaintiffs