Steven A. Marenberg (101033) (smarenberg@irell.com)
Elliot Brown (150802) (ebrown@irell.com)
Brian Ledahl (186579) (bledahl@irell.com)
Benjamin Glatstein (242034) (bglatstein@irell.com)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>VEOH NETWORKS, INC.,<br><br>Defendant. | Case No. CV-07-05744 AHM (AJWx)<br><br>**OBJECTIONS TO VEOH'S PROPOSED ORDER RE: MOTION TO COMPEL CHAIN OF TITLE INFORMATION**<br><br>Magistrate: Hon. Andrew J. Wistrich<br><br>Date: None<br>Time: None<br>Courtroom: 690 |

Plaintiffs (collectively "UMG") hereby object to the proposed Order submitted by Veoh in connection with its Motion to Compel Chain of Title Information. As explained in UMG's Notice of Lodging accompanying its proposed Order, the parties were unable to agree upon a joint proposed order in response to the Court's February 4, 2009 Order. In particular the Court's Order stated that Veoh's motion was "granted in part and denied in part," but did not specify in what respects the motion was granted and in what respects it was denied. While UMG submitted a proposed Order consistent with the Court's February 4, 2009 Order (*i.e.*, a proposal that would have granted Veoh's motion in part), Veoh did not. Instead, as set forth below, Veoh simply proposed an Order granting the motion in its entirety.

## I. VEOH'S PROPOSED ORDER IS NOT CONSISTENT WITH THE COURT'S FEBRUARY 4, 2009 ORDER

As discussed above, the Court's February 4 Order states that Veoh's motion is granted in part and denied in part. Veoh's proposed order would require the Court to cross out all of the words after "granted." Veoh proposes an Order in which the Court simply grants everything Veoh seeks. UMG respectfully submits that this is not what the Court contemplated when issuing its February 4 Order. Moreover, Veoh's proposal is inconsistent with the Court's prior orders in which it stated that "the relief Veoh seeks in its proposed order is too broad." *See* November 21, 2008 Order (Dkt. # 219). Veoh's latest proposed order is no different than the proposed order it filed with its motion, except that it repeats some of the text of the document requests within the body of the proposed order, and attempts to argue against UMG's proposed order. As set forth above, Veoh has never demonstrated that the benefit of the sweeping production it seeks outweighs the undisputed, enormous burden to UMG of collecting, reviewing and producing such materials.

Though the Court has previously ruled that Veoh's requests are overbroad, Veoh continues to pursue far more than even the agreements pursuant to which

UMG obtains the rights to enforce the copyrights at issue. Instead, Veoh seeks various communications with the U.S Copyright Office (Req. 4), documents regarding all licensing or assignment of any work for any purpose, ever (Req. 6), and various other ill-defined categories, such as "documents identifying all persons who have any ownership interest in the copyrighted sound recordings for the works-in-suit" (Req. 65). Veoh has never explained to the Court or to UMG how such documents could be necessary (because it cannot). As demonstrated by unrebutted sworn declarations, collecting the kind of broad sweep of materials Veoh purports to seek would be incredibly burdensome, if not impossible. This is yet another reason why Veoh's proposed Order should be rejected.

Veoh's proposal also runs counter to the principles by which this Court addressed a similar issue in the MySpace action. There, the Court recognized that the appropriate balance would require production of information regarding actual disputes, not all information relating tangentially to ownership as Veoh now seeks. UMG's proposal captures the type of information contemplated by the Court, and indeed more. Veoh's proposal completely ignores the Court's prior analysis. Further, Veoh suggests that a sampling approach (as contemplated by UMG's proposed Order) cannot work because the discovery cutoff is approaching in a few months. Veoh's solution, however, is to demand a dramatically broader and irrelevant production, suggesting that this would somehow be more appropriate with less time than a more focused production. Veoh's arguments defy common sense. In light of these factors, Veoh's proposal fails to correspond either with the Court's February 4, 2009 Order or with the Court's prior analysis of this issue, and as such should be rejected.

1 Dated: February 11, 2009          Respectfully Submitted,

2                                   IRELL & MANELLA LLP

3                                   By:    /s Brian Ledahl
4                                          Brian Ledahl

5                                   Attorneys for Plaintiffs