Steven A. Marenberg (101033) (smarenberg@irell.com)
Elliot Brown (150802) (ebrown@irell.com)
Brian Ledahl (186579) (bledahl@irell.com)
Benjamin Glatstein (242034) (bglatstein@irell.com)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> VEOH NETWORKS, INC., <br><br> Defendant. | Case No. CV-07-05744 AHM (AJWx) <br><br> **UMG'S NOTICE OF LODGING OF PROPOSED ORDER PURSUANT TO FEBRUARY 11, 2009 ORDER** <br><br> Magistrate: Hon. Andrew J. Wistrich <br><br> Date: None <br> Time: None <br> Courtroom: 690 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**:

PLEASE TAKE NOTICE that pursuant to the Court's Order of February 11, 2009, Plaintiffs (collectively "UMG") hereby lodge the attached [Proposed] Order re: Veoh's Motion to Compel Chain of Title Information [Docket # 222]. UMG lodges this Order pursuant to the Court's February 11, 2009 Order. Although the Court's February 11, 2009 Order directed the parties to submit a joint proposed order in "substantially the same form as the order concerning this issue that was filed in <u>UMG Recordings, Inc. v. DivX, Inc.</u>, Case No. CV 07-6835-AHM (AJWx) on February 11, 2009," Veoh refused to submit such an Order. Veoh insisted on material changes to the form of the Order the Court directed the parties to follow. When UMG indicated that Veoh's changes were not acceptable, Veoh refused to comply with the Court's February 11, 2009 Order and filed its own proposal. While UMG submits the attached proposed order in the form directed by the Court, UMG makes this submission without waiver of its right to object, move for reconsideration, or otherwise appeal any Order based on the [Proposed] Order.

**I. VEOH REFUSED TO COMPLY WITH THE COURT'S FEBRUARY 11 ORDER**

In its February 11 Order, the Court directed the parties "to lodge by February 18, 2009 a joint proposed order in substantially the same form as the order concerning this issue that was filed in <u>UMG Recordings, Inc. v. DivX, Inc.</u>, Case No. CV 07-6835-AHM (AJWx) on February 11, 2009." At approximately 3:00 p.m. on February 18, 2009, Veoh sent UMG its proposed order, which varied from the order the Court directed the parties to follow in several respects.[1] Veoh's efforts to deviate from the form the Court directed to be followed included:

---

[1] UMG cannot understand why Veoh waited until 3:00 p.m. on the last day, particularly when Veoh was well aware of the fact that the parties were conducting a deposition of a Veoh witness at that time.

- Veoh sought to add an entirely new provision to require UMG to organize its production in a manner to suit Veoh (something the Court has previously rejected when requested by Veoh).
- Veoh sought to change the time for production the Court set previously (to shorten UMG's time by half).

UMG responded at approximately 6:00 p.m. (immediately after the end of the deposition of a Veoh witness conducted the same day). UMG provided a revised proposed order that corrected these deviations and sought to clarify Veoh's definition of "works-in-suit" to take account of the fact that Veoh still has not produced Audible Magic data that Veoh represented to UMG (and indeed to the Court) would be provided long ago. UMG also indicated to Veoh that its notice of lodging the proposed order should include language confirming UMG's reservation of the right to object to any Order ultimately entered by the Court.

Veoh provided no response to UMG until after 9:00 p.m. At that time, Veoh sent a one-line email message stating "We are not able to agree to plaintiffs' changes. It seems the parties will have to submit separate proposed orders." It is unclear why Veoh required more than 3 hours to prepare this one-line email message. Veoh's refusals to comply with the Court's Order and to correct its proposal as UMG requested were unjustified.

**A. Veoh Still Has Not Produced Its Audible Magic Data**

In its proposed order, Veoh proposed that the "works-in-suit" be defined with reference to UMG's response to Veoh's interrogatory number 25 (in response to which UMG has already identified more than 2,500 infringing videos). UMG sought to clarify that UMG would have the right to supplement that response upon receipt of Audible Magic data regarding works identified on Veoh's system by Audible Magic. As the Court may recall, Veoh represented to UMG and the Court at the hearing on December 17, 2008 that such data would soon be forthcoming.

1    As the Court may recall, Veoh admitted that it destroyed much of the
2    important metadata from Audible Magic identifying specific copyrighted works
3    found on Veoh's system.  Veoh destroyed this information during the pendency of
4    this lawsuit.  Veoh represented to UMG and the Court that this data could be
5    recreated.  Though the Court set a January 16, 2009 date for UMG to supplement its
6    response to interrogatory number 25, the Court noted that if Veoh still had not
7    provided the Audible Magic data, that would constitute good cause to later
8    supplement further.
9    When UMG still had not received the Audible Magic data more than a month
10   later in late January, UMG sent Veoh a joint stipulation regarding a motion for
11   sanctions.  Veoh promised that it would promptly obtain and produce the data to
12   UMG at its own expense and requested that UMG withdraw its joint stipulation.
13   UMG indicated its willingness to do so, provided that Veoh also acknowledge that
14   UMG would be permitted to further supplement its response to Interrogatory No. 25
15   after the data was provided.  Veoh's counsel, Ms. Golinveaux, acknowledged that
16   Veoh would agree to that request, and acknowledged that the Court had essentially
17   directed as much already.
18   Now, almost a month later, Veoh's repeated promises that the Audible Magic
19   data will be produced remain illusory.  Worse yet, Veoh now seeks to take
20   advantage of its misconduct by claiming to renege on its agreement that UMG
21   would be permitted to supplement its identification of infringing videos.  Veoh
22   seeks to substantively benefit from its destruction of evidence and refusal to
23   promptly cooperate in an effort to recreate such evidence.  Veoh is trying to limit the
24   scope of its liability by destroying the evidence of its wrongdoing.  This simply
25   cannot be permitted.

### B. Veoh Seeks To Add A Provision Requiring UMG To Organize Its Production

Veoh also added an entirely new paragraph – paragraph 1(e) to its proposed Order. The Order to which the Court referred the parties contains no paragraph 1(e). Veoh's paragraph seeks to require UMG to organize and categorize its production for Veoh according to which work each document might relate. Veoh made a similar request about UMG's document production generally in connection with motions considered at the December 17, 2008 hearing. The Court explained during the hearing that such categorization was not required and was likely unworkable to boot. Veoh has never offered any explanation or justification for such a request, nor has it done so here. Veoh's unauthorized addition is not consistent with the Court's February 11, 2009 Order.

### C. Veoh Sought To Cut UMG's Time To Produce

The Order referred to by the Court provided for 30 days for production of materials contemplated by the Order (after identification of the works for which materials would be produced). Veoh sought to change that time to 15 days. Veoh's only purported explanation for this unauthorized change is that the discovery cut-off is approaching (in two months). Veoh's "explanation" is unavailing. Veoh set its own timing in pursuing the motion at issue here (and did so in procedurally improper means on multiple occasions). Any delay is a product of Veoh's conduct and decisions. Moreover, such delay cannot serve as justification to impose even greater burdens on UMG. UMG respectfully submits that the proposed order attached hereto would impose undue burdens on UMG even with a 30-day time frame, and that Veoh has never provided any explanation or basis to support the imposition of such burdens. In particular, Veoh has never explained how correspondence with the copyright office, the copyright holder, the copyright registrant and the copyright applicant (Veoh's paragraph 1(c)) could bear on any issue in this case. Moreover, Veoh has never explained how the relevance of such

1  materials could possibly outweigh the undisputed burden on UMG of searching for,
2  collecting, and producing them.  Veoh's further insistence on halving the time for
3  UMG to do so is unwarranted and inappropriate.

### D. UMG Must Be Afforded Its Right To Object To The Court's Order

While UMG recognizes the Court's request for submission of an order in a form that the Court could enter, the Court's Order directing submission of such a proposed Order cannot and should not be used as a means to deny UMG the right to object to the substance of the Order.  Put simply, the attached proposal, while consistent with the Court's direction is not UMG's proposal, and the mere submission of it should not serve to waive UMG's rights.  Veoh's attempt to cut off UMG's rights cannot be supported.

*     *     *

For all of these reasons, UMG submits the attached [Proposed] Order pursuant to the Court's February 11, 2009 Order and without waiver of UMG's right to later object, move for reconsideration, or otherwise appeal any Order based on the [Proposed] Order.

Dated:  February 18, 2009

Respectfully Submitted,

IRELL & MANELLA LLP

By:     /s Brian Ledahl
        Brian Ledahl

Attorneys for Plaintiffs