IRELL & MANELLA LLP
Steven A. Marenberg (101033) (smarenberg@irell.com)
Elliot Brown (150802) (ebrown@irell.com)
Brian D. Ledahl (186579) (bledahl@irell.com)
Benjamin Glatstein (242034) (bglatstein@irell.com)
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>VEOH NETWORKS, INC., *et al.*,<br><br>Defendants. | Case No. CV-07-05744 AHM (AJWx)<br><br>**UMG'S *EX PARTE* APPLICATION FOR ORDER CONTINUING HEARING ON VEOH'S MOTION FOR SUMMARY JUDGMENT TO APRIL 27, 2009**<br><br>**Filed Concurrently Herewith:**<br>(1) **Declaration of Steve Marenberg in Support of *Ex Parte* Application;**<br>(2) **Declaration of Brian Ledahl in Support of *Ex Parte* Application;**<br>(3) **[Proposed] Order**<br><br>Judge: Hon. A. Howard Matz<br>Date: TBD<br>Time: TBD<br>Ctrm: 14<br><br>Discovery Cutoff: April 13, 2009<br>Pretrial Conference: July 13, 2009<br>Trial Date: July 28, 2009 |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2029227

UMG'S EX PARTE APPLICATION FOR ORDER
CONTINUING HEARING ON VEOH'S MOTION FOR
SUMMARY JUDGMENT TO APRIL 27, 2009

Dockets.Justia.com

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Local Rule 7-19, Plaintiffs UMG Recordings, Inc., Universal Music Corp., Songs of Universal, Inc., Universal-Polygram International Publishing, Inc., Rondor Music International, Inc., Universal Music – MGB NA LLC, Universal Music – Z Tunes LLC, and Universal Music – MBG Music Publishing Ltd., (collectively "UMG") hereby apply to the Court *ex parte* for an Order Continuing the Hearing on Veoh Networks, Inc.'s ("Veoh") Motion for Summary Judgment Re: Entitlement to Section 512(c) Safe Harbor (Dkt. No. 336) ("Motion for Summary Judgment" or "Motion") to April 27, 2009.

The basis for this *ex parte* is simple: UMG's lead counsel, Steven Marenberg, is unavailable April 13, 2009, the date for which Veoh noticed hearing on its Motion for Summary Judgment. Mr. Marenberg is lead counsel on a separate matter, the arbitration for which runs from April 14 to April 20, 2009, in New York, NY. Declaration of Steven Marenberg ("Marenberg Decl.") ¶ 4. Veoh's Motion for Summary Judgment presents significant issues relating to UMG's claims against Veoh, and, not unreasonably, UMG desires that its lead counsel argue its opposition to Veoh's Motion. UMG therefore requests that this Court continue hearing on Veoh's Motion to April 27, 2009, when Mr. Marenberg is available for argument. This small continuance is consistent with the extended briefing schedule Veoh requested – and to which UMG agreed – in connection with UMG's previously filed motion for summary judgment.

The name, address, and telephone number of counsel for all parties are as follows:

| | |
|---|---|
| Jennifer Golinveaux<br>WINSTON & STRAWN LLP<br>101 California Street<br>San Francisco, CA 94111-5894Fax:<br>Telephone: (310) 586-7800<br>Facsimile: (310) 591-1400<br>Email: jgolinveaux@winston.com | Rebecca Calkins<br>Erin Ranahan<br>WINSTON & STRAWN LLP<br>333 South Grand Avenue, 38th Floor<br>Los Angeles, CA 90071-1543<br>Telephone: (213) 615-1700<br>Facsimile: (213) 615-1750<br>Email: rcalkins@winston.com<br>Email: eranahan@winston.com |
| Michael S. Elkin<br>Thomas P. Lane<br>WINSTON & STRAWN LLP<br>200 Park Avenue<br>New York, New York 10166<br>Telephone: (212) 294-6700<br>Facsimile: (212) 294-4700<br>Email: tlane@winston.com<br>Email: melkin@winston.com | Robert G. Badal<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>350 S. Grand Avenue, Suite 2100<br>Los Angeles, CA 90071<br>Telephone: (213) 443-5300<br>Facsimile: (213) 443-5400<br>Email: robert.badal@wilmerhale.com |
| Maria K. Vento<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>1117 California Avenue<br>Palo Alto, CA 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100<br>Email: maria.vento@wilmerhale.com | Alisa S. Edelson<br>KULIK, GOTTESMAN, MOUTON &<br>SIEGEL, LLP<br>15303 Venture Boulevard, Suite 1400<br>Sherman Oaks, CA 91403<br>Telephone: (310) 557-9200<br>Facsimile: (310) 557-0224<br>Email: aedelson@kgmslaw.com |

///
///
///
///
///
///
///
///
///

Counsel for all parties received notice of this *ex parte* application on March 17, 2009. Declaration of Brian Ledahl ("Ledahl Decl.") ¶ 4 & Exhibit ("Ex.") B. Veoh intends to oppose UMG's application. *See* Ledahl Decl. ¶ 4.

Dated: March 18, 2009

IRELL & MANELLA LLP
Steven A. Marenberg
Elliot Brown
Brian Ledahl
Benjamin Glatstein


By: /s/
    Brian Ledahl

Attorneys for Plaintiffs

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Veoh noticed hearing on its Motion for Summary Judgment for April 13, 2009. It did so notwithstanding UMG's informing Veoh – pre-filing – that April 13 was unworkable for UMG. UMG's lead counsel, Steven Marenberg, has an arbitration trial scheduled in New York City from April 14 through 20. Because Veoh's Motion presents significant issues relating to UMG's claims, UMG desires that Mr. Marenberg argue its opposition, something that is not possible given the present hearing date. In addition, because Mr. Marenberg plays a key role in the preparation and editing of UMG's motion papers in this case, UMG also desires Mr. Marenberg to be available to prepare and edit UMG's opposition to Veoh's Motion for Summary Judgment, currently due on March 30, 2009, a date on which Mr. Marenberg is scheduled to be in Wilmington, Delaware for a short trial on another matter. Veoh's noticed hearing date also denies UMG that opportunity. Having been informed of these matters, Veoh will not agree to continue the hearing on its Motion to accommodate UMG's lead counsel's existing scheduling conflicts. UMG therefore requests that the Court grant this application and continue hearing on Veoh's Motion to April 27, 2009 and continue the date by which UMG must file its opposition until April 6, 2009.

## II. *EX PARTE* RELIEF IS APPROPRIATE AND NECESSARY

*Ex parte* relief is appropriate where the moving party seeks relief that cannot be addressed by a regularly-noticed motion, and will face prejudice if its application is denied, provided that the party is without fault in creating the problem at issue. Here, UMG merely seeks to continue a motion for two weeks to permit its lead counsel to appear in connection with the motion and to participate in the preparation of its opposition papers. This matter could not be addressed by a regularly-noticed motion consistent with the timing required under Local Rule 7. UMG attempted to avoid this difficulty through discussions with counsel for Veoh before the motion

2029227 - 1 -

MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF UMG'S EX PARTE APPLICATION FOR ORDER CONTINUING HEARING ON VEOH'S MOTION FOR SUMMARY JUDGMENT TO APRIL 27, 2009

was filed, but Veoh chose to ignore UMG's requests regarding calendaring the motion.

### A. UMG Will Face Unfair Prejudice If This Application Is Denied

If Veoh's Motion goes forward on April 13, 2009 as noticed, UMG's lead counsel will be unable to appear on UMG's behalf at the hearing. Veoh's Motion for Summary Judgment seeks an order establishing its entitlement to the so-called "safe harbor" provided under 17 U.S.C. § 512(c). Veoh's Motion argues that it should be exempt from all damages for its extensive infringement of UMG's copyrights.

These are – without dispute by either party – significant issues. It is therefore important that UMG's lead counsel – hired by UMG to address precisely such issues – be permitted to argue UMG's opposition to Veoh's Motion. Veoh's proposed hearing date denies Mr. Marenberg that opportunity. Mr. Marenberg is lead counsel in an unrelated arbitration proceeding scheduled between April 14 and April 20, 2009 in New York City. *See* Marenberg Decl. ¶ 4. This arbitration proceeding prevents Mr. Marenberg from appearing before this Court (in Los Angeles) on April 13, 2009. *See id.*

### B. Veoh Created This Problem Despite UMG's Efforts

Veoh purported to confer with UMG about scheduling before filing its motion but then ignored UMG's indication that April 13 and 20 were unworkable hearing dates. On Monday, March 9, and Tuesday, March 10, 2009, UMG and Veoh discussed the briefing schedule for Veoh's then-unfiled Motion for Summary Judgment. *See* Ledahl Decl. ¶¶ 2-3. Veoh initially proposed noticing its motion for April 20, 2009. *Id.*, Ex. A (3/9/2009 email from J. Golinveaux). UMG informed Veoh that this date was unworkable because of Mr. Marenberg's trial obligations. *See id.* ¶ 3; *see also* Marenberg Decl. ¶ 4. Veoh briefly raised the possibility of an April 13 hearing date, which UMG indicated was also unworkable. UMG proposed to Veoh a particular briefing schedule with an April 27 hearing date to

accommodate Mr. Marenberg's schedule.  UMG also pointed out that Mr. Marenberg had a separate trial conflict on March 30 and 31 and consequently sought to insure that UMG's responsive brief would not be due during that short interval. *See* Ledahl Decl. ¶ 3; *see also* Marenberg Decl. ¶ 3.  Veoh agreed to consider UMG's proposal and get back to UMG regarding its proposed schedule.  *See* Ledahl Decl. ¶ 3.  Instead, Veoh filed its Motion, noticing it for an even earlier hearing date than they had initially proposed – April 13 – a date UMG had expressly communicated was not workable (and which would place UMG's response brief due precisely during Mr. Marenberg's other trial proceeding).  UMG requested that Veoh re-notice hearing on its Motion for April 27, but Veoh declined to do so.  *See id.* ¶ 4.

Veoh refuses to reschedule its motion for a hearing only one week after the hearing date Veoh itself initially proposed in discussions with UMG.  Moreover, Veoh's conduct stands in stark contrast to the accommodations Veoh sought, and UMG provided, to Veoh when UMG moved for summary judgment in September 2008.  Then, Veoh requested nearly four weeks to prepare its response to UMG's motion.  *See* Ledahl Decl. ¶ 5.  Veoh's stated reason for needing this long briefing schedule was to accommodate the plans of one of its attorneys, Jennifer Golinveaux (not its lead counsel), to be out of the office for a week to celebrate her 40th birthday.  *See id*.  UMG accommodated this request and calendared its motion accordingly.  Veoh's refusal to accommodate the scheduling conflicts of UMG's lead counsel is entirely unjustified.  Veoh has never provided any reason for its refusal to calendar its motion for April 27 except that Veoh does not want to.  Ledahl Decl. ¶ 4.  Veoh has not (and cannot) identify any prejudice it would suffer from the two-week adjustment (only one week from Veoh's initial scheduling proposal) sought by this application.

## III. CONCLUSION

For the foregoing reasons, UMG requests that this Court continue hearing on Veoh's Motion for Summary Judgment to April 27, 2009.

Dated: March 18, 2009

Respectfully submitted,

IRELL & MANELLA LLP
Steven A. Marenberg
Elliot Brown
Brian D. Ledahl
Benjamin Glatstein

By: /s/
    Brian D. Ledahl
    Attorneys for Plaintiffs