Rebecca Lawlor Calkins (SBN: 195593)
Email: rcalkins@winston.com
Erin R. Ranahan (SBN: 235286)
Email: eranahan@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: 213-615-1700
Facsimile: 213-615-1750

Jennifer A. Golinveaux (SBN 203056)
Email: jgolinveaux@winston.com
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
(415) 591-1506 (Telephone)
(415) 591-1400 (Facsimile)

Michael S. Elkin (*pro hac vice*)
Email: melkin@winston.com
Thomas P. Lane (*pro hac vice*)
Email: tlane@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166
(212) 294-6700 (Telephone)
(212) 294-4700 (Facsimile)

Attorneys for Defendant
VEOH NETWORKS, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>VEOH NETWORKS, INC. *et al.*,<br><br>Defendants. | Case No. CV 07 5744 – AHM (AJWx)<br><br>**VEOH NETWORK INC.'S OPPOSITION TO UMG RECORDINGS, INC.'S *EX PARTE* APPLICATION FOR ORDER CONTINUING HEARING ON VEOH'S MOTION FOR SUMMARY JUDGMENT TO APRIL 27, 2009 [RE DOCKET 370]** |

Veoh Networks, Inc. ("Veoh") hereby submits the following Opposition to UMG's *Ex Parte* Application for Order Continuing Hearing on Veoh's Motion for Summary Judgment to April 27, 2009 ("*Ex Parte* Application").

## I. INTRODUCTION

Veoh noticed its motion for summary judgment regarding entitlement to DMCA safe harbor on a date to accommodate UMG's stated scheduling concerns— that UMG's counsel, Stephen Marenberg, was unavailable on April 20, 2009 due to a trial in another case. During pre-filing discussions, though UMG rejected Veoh's proposed April 20 hearing date, UMG never said that Mr. Marenberg also had a conflict on April 13. When UMG first raised the issue of a conflict with April 13, nearly a week after Veoh filed its motion, Veoh explained that, in order to further accommodate Mr. Marenberg's schedule, it was willing to move the hearing to April 6, but that it could not agree to push the hearing out another two weeks. UMG responded to this offer only by filing the instant *Ex Parte* Application.

This case has placed enormous financial burdens on Veoh, a small young company, and UMG has litigated the case in a manner to maximize those burdens. Having been repeatedly defeated when it comes to substance in this action,[1] UMG has turned to "scorched earth" litigation tactics quite clearly designed to exhaust the

---

[1] On December 29, 2008, UMG's motion for partial summary judgment motion was denied. (Docket 293). In its summary judgment papers, UMG argued that Veoh should not be entitled to the DMCA Section 512(c) safe harbor, but the Court rejected UMG's arguments. *Id.* Additionally, though UMG has sought to inflict additional financial pressure on Veoh by dragging in investors as defendants at the eleventh hour, the Court dismissed the investors from the lawsuit on a 12(b)(6) motion (Docket 298). Though the Court granted leave to amend the complaint, the Court cautioned against such amendment, stating that UMG should "reflect carefully what is likely to result" if UMG decides to amend its complaint, as "the Court's existing scheduling requirements and the near-certain additional costs and complications that will flow from attempting to go after deep pockets whose potential liability could entail vexing issues of corporate governance caution that 'less may be more.'" *Id.* at 10. Despite such warning, UMG proceeded to amend its complaint on February 23, 2009— another means by which UMG now seeks to drag out this litigation. Further, though UMG filed a concurrent lawsuit against Veoh in New York with identical allegations, the action was dismissed.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

resources of its much smaller opponent, for example having filed scores of discovery motions and other filings. Now, for the convenience of one lawyer on a team of at least five lawyers,[2] UMG seeks to further delay this action. Veoh has already gone out of its way to accommodate all scheduling concerns raised by UMG in advance of filing its motion, and UMG has failed to present any scheduling conflict that would make Mr. Marenberg's obligations unworkable. Veoh respectfully requests that the Court deny UMG's *Ex Parte* Application, and not push out Veoh's April 13, 2009 hearing date on its motion for summary judgment.

## II. THE HEARING ON VEOH'S MOTION FOR SUMMARY JUDGMENT SHOULD NOT BE DELAYED

Before filing its motion for summary judgment, Veoh contacted UMG's counsel to discuss a reasonable briefing and hearing schedule. Declaration of Jennifer A. Golinveaux in Support of Veoh Networks, Inc.'s Opposition to UMG's *Ex Parte* Application for Order Continuing Hearing on Veoh's Motion for Summary Judgment to April 27, 2009 ("Golinveaux Decl."), ¶ 2. Veoh's counsel initially proposed a hearing date of April 20, 2009 and a briefing schedule that would allow two weeks for UMG's opposition, two weeks for Veoh's reply, and another two weeks from the filing of the reply to the hearing date. *Id.* and Declaration of Brian Ledahl in Support of UMG's *Ex Parte* Application for Order Continuing Hearing on Veoh's Motion for Summary Judgment to April 27, 2009 ("Ledahl Decl."), Exh. A, p. 3. UMG's counsel rejected the two week/two week/two week schedule out of hand, demanding more time for its opposition and less time for Veoh's reply. Golinveaux Decl. ¶ 2 and Ledahl Decl., Exh. B, p. 4.

UMG's counsel also said that Mr. Marenberg's schedule did not permit an April 20, 2009 hearing because he was in trial on that date. Golinveaux Decl. ¶ 3. UMG's counsel did not indicate that Mr. Marenberg had a conflict on April 13, 2009, only that

---

[2] UMG's counsel, Brian Ledahl, has been the attorney who has taken every deposition UMG has noticed in this action (Stacie Simons, Joseph Papa (twice), Bruce Wiseman,

2

UMG wanted more than two weeks to prepare and file its opposition.[3] *Id.* The parties also discussed whether UMG intended to cross-move, in which case Veoh indicated that it may make sense to build additional time into the briefing schedule. *Id.* at ¶ 4. UMG's counsel said he did not currently intend to cross-move, but that he would discuss the matter further internally and with his client and get back to Veoh, but never did. *Id.* Accordingly, Veoh noticed the hearing on its motion for April 13, 2009, in order to accommodate Mr. Marenberg's April 20, 2009 scheduling conflict, and to provide UMG with more than two and a half weeks to prepare its opposition (even though this provided Veoh with only one week for its reply). *Id.* at ¶ 5. As Veoh's counsel explained to UMG during meet and confer, it is very important for Veoh to have this matter heard at the earliest possible date. *Id.*

Only after Veoh filed its motion noticing an April 13 hearing date, did UMG's counsel tell Veoh for the first time that Mr. Marenberg also had a conflict with April 14. *Id.* at ¶ 6. In that communication UMG demanded that the hearing be moved out to April 27 to accommodate Mr. Marenberg, and suggested that UMG should have nearly three and a half weeks to file its opposition, and that Veoh should have just ten days for its reply. *Id.* at ¶ 6 and Ledahl Decl., Exh. B, p. 5. After Veoh sought to accommodate UMG's scheduling conflicts and provide more than two and a half weeks for UMG to prepare and file an opposition, UMG's belated claim of yet another scheduling conflict should not result in further delay of this action, and allow UMG nearly a month's notice to oppose Veoh's motion, while Veoh has just two weeks to

---

Joshua Metzger, Anita Talebizedeh, Steve Mitgang, third party Audible Magic) and has appeared at every hearing in this action. Mr. Marenberg has never participated in a single meet and confer on discovery issues.

[3] UMG's counsel repeatedly insisted on a minimum of three weeks to prepare its opposition on the grounds that UMG had provided a similar extension to Veoh when UMG filed its motion for summary judgment last fall. *Id.* at ¶ 3. Contrary to UMG's assertion, Veoh never sought a four week extension to file its opposition to UMG's motion, only that Veoh's opposition would not be due the Monday that Veoh's counsel returned from a long planned vacation. *Id.* at ¶ 3.

reply.

In addition, given that UMG has indicated that it does not intend to cross-move at this time with respect to Veoh's entitlement to DMCA Section 512(c) safe harbor, and given that UMG has already briefed issues concerning Veoh and Section 512(c) safe harbor in its earlier failed motion for summary judgment seeking a ruling that Veoh is not eligible for safe harbor, it is unclear why UMG would require nearly a month to prepare its opposition to Veoh's motion.

### III. CONCLUSION

For all of these reasons, UMG's *Ex Parte* Application should be denied.

Dated: March 19, 2009         **WINSTON & STRAWN LLP**

By /s/ Erin R. Ranahan
Michael S. Elkin
Thomas P. Lane
Jennifer A. Golinveaux
Rebecca L. Calkins
Erin R. Ranahan
Attorneys for Defendant
VEOH NETWORKS, INC.

LA:239605.2