UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

CIVIL MINUTES--GENERAL

Case No.   CV 07-5744 AHM (AJWx)                      Date: March 31, 2009

Title: UMG RECORDINGS, INC., et al. v. VEOH NETWORKS, INC., et al.
================================================================
PRESENT:     **HON.  ANDREW J. WISTRICH, MAGISTRATE JUDGE**

              Ysela Benavides
              Deputy Clerk                            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:         ATTORNEYS PRESENT FOR DEFENDANTS:
          None Present                              None Present


**ORDER REGARDING VEOH'S RENEWED MOTION TO COMPEL VERIFIED INTERROGATORY RESPONSES**

Issue 1 - Interrogatories Regarding UMG's Viral Marketing

As to interrogatory 9, the motion is **denied**.

As to interrogatory 10, the motion is **denied**.

As to interrogatory 11, the motion is **denied**.

As to interrogatory 13, the motion is **denied**.

As to interrogatory 15, the motion is **granted** in part and **denied** in part.  The interrogatory is narrowed to persons acting at the direction or request of UMG, or persons acting with the permission or authorization of UMG, and it is further narrowed to Veoh.com or other internet sites not licensed by UMG.

As to interrogatory 16, the motion is **granted** in part, but the interrogatory is narrowed to the identity of the allegedly infringed works and the number of copies of each such work distributed without charge.

As to interrogatory 19, the motion is **denied**.

As to interrogatory 24, the motion is **denied**.  It is not so-called "viral marketing," but rather the uploading of allegedly infringed works to veoh.com or internet sites not licensed by UMG that is relevant, and, if such activity occurred, information concerning it will be provided in response to interrogatory 15.

Issue 2 - Discovery Relating to UMG's Damages, Promotion, Protection, and Value of the Allegedly Infringed Works

As to interrogatory 4, the motion is **granted** in part, but the time period is narrowed to the past 5 years. The information must be provided work-by-work when UMG maintains it on that basis, and on an aggregate basis when UMG does not.

As to interrogatory 12, the motion is **granted**. If UMG contends that it suffered no actual damages, it must say so explicitly. Otherwise, UMG must provide the requested information.

As to interrogatory 14, the motion is **granted** in part and **denied** in part. This interrogatory is narrowed to the allegedly infringed works, and UMG is obligated merely to produce the licenses (to the extent it has not already done so). To the extent that defendant wishes to compile information from those licenses, it may do so for itself.

Issue 3 - Discovery Relating to Notice to Veoh

As to interrogatory 20, the motion is **granted**. UMG must serve a supplemental response describing any oral notices. As to written notices, it is sufficient if UMG produces them.

As to interrogatory 21, the motion is **granted**.

Issue 4 - Interrogatory Regarding "Standard Technical Measures"

As to interrogatory 17, the motion is **granted**. If UMG contends that it did not employ any "standard technical measures" as that term is defined in 17 U.S.C. § 512(i)(2), it must say so explicitly.

Issue 5 - Previous Ownership Disputes Regarding Copyrights at Issue

As to interrogatory 23, the motion is **granted** in part and **denied** in part. If such a dispute rose to the level of litigation, then UMG must provide the court, the names of the parties, the docket number, and the date on which the complaint was filed. If such a dispute did not rise to the level of litigation, but did rise to a sufficiently serious level that inside counsel or outside counsel for UMG became involved, then UMG must describe the dispute in a supplemental response and produce the documents relating to the dispute.

Nothing in this order is intended to restrict UMG's ability to invoke Fed. R. Civ. P. 33(d).

Compliance within 21 days is required.

**IT IS SO ORDERED.**

cc: Parties