Robert G. Badal (Bar No. 81313)
Robert.Badal@WilmerHale.com
Amanda Walker (Bar No. 252380)
Amanda.Walker@WilmerHale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Telephone: +1 (213) 443-5300
Facsimile: +1 (213) 443-5400

Attorneys for Defendants
SHELTER CAPITAL PARTNERS, LLC and
SHELTER VENTURE FUND, L.P.

[OTHER COUNSEL LISTED ON SIGNATURE PAGES]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS INC. et al.,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>VEOH NETWORKS, INC. et al.,<br><br>　　Defendants. | Case No. CV07-5744 AHM (AJWx)<br><br>**INVESTOR DEFENDANTS' EX PARTE APPLICATION FOR A PROTECTIVE ORDER TO STAY LIMITED DISCOVERY BETWEEN UMG AND INVESTOR DEFENDANTS**<br><br>The Honorable A. Howard Matz<br><br>Courtroom: 14<br>Date: TBD<br>Time: TBD<br><br>Discovery Cutoff: April 13, 2009<br>Pretrial Conference: July 13, 2009<br>Trial Date: July 28, 2009 |

INVESTOR DEFENDANTS' APPLICATION FOR EX PARTE ORDER　　　　　　　CV07-5744 AHM (AJWX)

US1DOCS 7118116v1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to Local Rule 7-19, Defendants Shelter Capital Partners, LLC, Shelter Venture Fund, L.P., Spark Capital Partners, LLC, Spark Capital, L.P. and The Tornante Company, LLC (the "Investor Defendants"), hereby apply, *ex parte* and pursuant to Federal Rules of Civil Procedure 26(b) and (c), for a protective order to stay certain, limited discovery between the Investor Defendants and Plaintiffs UMG Recordings, Inc., Universal Music Corp., Songs of Universal, Inc., Universal-Polygram International Publishing, Inc., Rondor Music International, Inc., Universal Music-MGB NA LLC, Universal Music-Z Tunes LLC, and Universal Music-MBG Music Publishing Ltd. (collectively, "UMG") until the Court has ruled on the Investor Defendants' Motion to Dismiss the Second Amended Complaint and a corresponding brief extension as to select dates in the Scheduling Order as they relate only to the Investor Defendants and UMG.

The Investor Defendants' request for *ex parte* relief is appropriate and necessary. On March 31, 2009, UMG served deposition subpoenas on certain senior personnel of the Investor Defendants, and scheduled two such depositions for April 8, 2009 in Los Angeles and one for April 9, 2009 in Boston. Thus, the relief the Investor Defendants are seeking would not be timely had the Investor Defendants proceeded with a regularly noticed motion. Furthermore, the Investor Defendants' Motion to Dismiss the Second Amended Complaint is currently pending determination by this Court. The Investor Defendants seek *ex parte* relief, therefore, in order to avoid the substantial burden and expense related to *six* depositions until such time as the necessity of those depositions is established.

///
///
///

1

INVESTOR DEFENDANTS' APPLICATION FOR EX PARTE ORDER        CV07-5744 AHM (AJWX)

US1DOCS 7118116V1

The names, address and telephone number of UMG's counsel are as follows:

Steven A. Marenberg
Elliot Brown
Brian Ledahl
Benjamin Glatstein
IRELL AND MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010

Counsel for UMG received notice of this ex parte application on April 2, 2009. (Badal Decl. ¶ 9.) Counsel for UMG indicated that UMG opposes this application. (Badal Decl. ¶ 9.)

April 2, 2009                    Respectfully submitted,

                                 WILMER CUTLER HALE PICKERING & DORR LLP

                                 ORRICK HERRINGTON & SUTCLIFFE LLP


                                 By */s/ Robert G. Badal*
                                         ROBERT G. BADAL

                                 Attorneys for Defendants

                                 SHELTER CAPITAL PARTNERS, LLC and
                                 SHELTER VENTURE FUND, L.P.

April 2, 2009                    Respectfully submitted,

                                 KULIK, GOTTESMAN, MOUTON & SIEGEL, LLP



                                 By */s/ Alisa S. Edelson*
                                         GLEN L. KULIK
                                         ALISA S. EDELSON

2

Attorneys for Defendant
THE TORNANTE COMPANY LLC

April 2, 2009

Respectfully submitted,

WILMER CUTLER HALE PICKERING AND DORR LLP

By */s/ Maria Vento*
　　　　　MARIA VENTO

Attorneys for Defendants
SPARK CAPITAL PARTNERS, LLC AND SPARK CAPITAL, L.P.

# **MEMORANDUM OF POINTS AND AUTHORITIES**
## **INTRODUCTION AND SUMMARY OF ARGUMENT**

This Application is filed following the Investor Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint ("Motion to Dismiss SAC"). After thorough briefing of the Investor Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC"), this Court granted the Motion on February 2, 2009.[1] The SAC adds nothing meaningful to meet the basic principles laid out in the Court's February 2, 2009 dismissal order. Instead, it is a transparent attempt to protract these proceedings, keep investor parties in the case, embroil them in costly discovery, and make it procedurally difficult to comply with scheduling requirements set by the Court. (*See* Motion to Dismiss (Docket # 320); Dismissal Order (Docket # 298).)

Pursuant to Federal Rules of Civil Procedure 26(b) and (c), the Investor Defendants respectfully request that the Court grant the Investor Defendants a protective order and stay deposition discovery between UMG and the Investor Defendants until the Court has ruled on the Investor Defendants' Motion to Dismiss SAC, with certain other scheduling deadlines extended briefly from the date of the Court's ruling. Specifically, the Investor Defendants request a protective order staying discovery related only to already noticed depositions, any discovery disputes arising therefrom, and the summary judgment motion deadline. The requested extensions would apply only as between Plaintiffs and the Investor Defendants and would have no bearing on the existing schedule between Plaintiffs and Veoh. Extending these few deadlines will avoid the high costs and complications associated with what may undoubtedly turn out to be unnecessary discovery, while not

---

[1] While granting leave to amend to file a Second Amended Complaint, this Court noted Plaintiffs "should reflect carefully what is likely to result if they do so. The Court's existing scheduling requirements and the near-certain additional costs and complications that will flow from attempting to go after deep pockets whose potential liability could entail vexing issues of corporate governance caution that 'less may be more.'"

1

disrupting the trial date or the overall schedule of the case. Additionally, effecting these minimal changes to the discovery schedule will greatly lessen the prejudice incurred by the Investor Defendants as a result of UMG's unnecessary protraction and complication of this case. If the Court grants the Motion to Dismiss SAC, this discovery, or a substantial part of it, will become unnecessary. Likewise, if no longer parties to the case, the Investor Defendants will not need to file summary judgment motions or meet any of the other applicable pre-trial and trial deadlines. In the event the Court denies the renewed motion to dismiss, the Investor Defendants propose the Court set a schedule requiring (1) the already noticed depositions as between Plaintiffs and the Investor Defendants, subject to any and all objections, to be completed within twenty-one days of the Court's order denying the motion to dismiss; (2) any resulting discovery motions arising therefrom to be filed within twenty-eight days of the that order; and (3) any summary judgment motions as between Plaintiffs and the Investor Defendants to be filed within forty-five days of that order.

Good cause to stay discovery exists here because the requested stay will preserve resources of the parties and the Court, and will lessen further prejudice to the Investor Defendants. In particular, in light of the additional costs and complications resulting from UMG's filing of the SAC, the pending new motion to dismiss, the rapidly approaching fact discovery cutoff of April 13, the expert disclosure cutoff of April 20, and the motions cutoff of April 27, severe prejudice will result to Investor Defendants if certain discovery is not stayed. It is very likely that the current fact discovery deadline will expire before the Court has ruled on the pending motion to dismiss, and before it is time for the Investor Defendants to answer the complaint and assert their affirmative defenses and counterclaims. Thus, although parties have engaged in discovery regarding UMG's claims, the Investor Defendants have not had, and likely will not have, the opportunity to engage in discovery regarding their own claims and defenses.

2
INVESTOR DEFENDANTS' APPLICATION FOR EX PARTE ORDER
US1DOCS 7118116V1

In addition to the unfair prejudice, the Investor Defendants should not have to continue to expend resources unnecessarily as a result of UMG's filing of unmeritorious complaints. Moreover, any argument that UMG would be prejudiced by the minimal stay request is belied by the fact that UMG had previously noticed non-party subpoenas of these same Investor Defendants over one year ago and voluntarily withdrew them. Finally, neither UMG nor Veoh will be prejudiced if a stay is granted as the Investor Defendants are seeking a stay of limited discovery for a brief period time – and only as between the Investor Defendants and UMG – following the Court's ruling on the pending motion to dismiss. The proposed stay will have no effect on the current Veoh/UMG schedule.

## STATEMENT OF FACTS

UMG added the Investor Defendants as parties almost a year after filing the initial complaint (Docket # 1, 104), and well after the Court had established a schedule for the case. (Docket # 40.)[2] On November 26, 2008, the Investor Defendants moved to sever and stay the claims against them to avert prejudice from the manner in which UMG had elected to proceed. (Docket # 238.) UMG then requested and received extensions to the existing schedule despite Veoh's arguments to maintain the initial schedule. (Id. at 15; Docket # 288.) The Court vacated the Investor Defendants' motion to sever and stay, but on February 2, 2009 granted the Investor Defendants' Motion to Dismiss the FAC. (Docket # 288, 298.) In its Order, the Court articulated certain threshold elements that must be met according to the law of secondary liability for copyright infringement, described in detail how UMG failed to meet those elements, and cautioned UMG against amending their complaint. (Docket # 298.) Despite the Court's warning, UMG filed another amended

---

[2] Because the Investor Defendants were added after the date of the Court's original scheduling conference, counsel to the Investor Defendants played no role in any discussions or court filings that ultimately lead to the original schedule set by the Court.

complaint on February 23, 2009.  (Docket # 307.)  Investor Defendants then promptly filed a renewed motion to dismiss on March 2, 2009.  (Docket # 314.)

## I. PROCEDURAL BACKGROUND

Investor Defendants were added late to this action, after the original schedule was established.  On September 4, 2007, UMG filed a complaint against Veoh for direct copyright infringement, contributory copyright infringement, vicarious copyright infringement, and inducement of copyright infringement.  (Complaint (Docket # 1).)  The initial complaint also alleged that Veoh's investors, including Shelter Capital LLC, Spark Capital LLC, and The Tornante Company, LLC, benefited from Veoh's infringing activities.  (*Id.* ¶ 14.)  Implying that more facts would be required to assert claims against the investors, UMG purported to reserve their right to add as defendants Veoh's investors "once the full nature and extent of their contribution to, and facilitation of, the infringing conduct taking place on Veoh is known." (*Id.*)

With a fast approaching deadline to amend, in February 2008, Plaintiffs began serving non-party deposition subpoenas on the Investor Defendants.  (Golinveaux Decl. ¶ 8 (Docket # 64).)  When Investor Defendants' counsel attempted to work with Plaintiffs' counsel to schedule depositions prior to the deadline to amend, Plaintiffs voluntarily withdrew the deposition notices and did not take a single deposition of the Investor Defendants.  (*Id.* ¶ 9; Sullivan Decl. ¶¶ 10-13 (Docket # 177).)  In addition, several of the Investor Defendants made substantial productions of confidential documents responsive to UMG's document subpoenas.  (Golinveaux Decl. ¶ 7.)  Other Investor Defendants had offered to make further productions, but Plaintiffs did not bother to take them up on it.  (*See* Sullivan Decl. ¶¶ 10-13.)

In early September 2008, the Investor Defendants filed notices of appearance requesting that copies of pleadings, papers and other documents served by any party in this action also be served on each Investor Defendant.  (Notices of Appearances filed on September 4, 8, and 9, 2008 (Docket # 115, 119, 122).)  Not until three

months after UMG named the Investor Defendants as parties, on the day parties appeared before the Court in conference, did UMG provide existing discovery to the Investor Defendants. (See Reporter's Transcript of Proceedings, Dec. 4, 2008 at 12-13.)

The Investor Defendants filed their motion to dismiss the FAC (Docket # 174) on October 16, 2008. On February 2, 2009, the Court granted the Investor Defendants' motion. Although the Court granted the motion "without prejudice," the Court provided the caveat that the "existing scheduling requirements," "near-certain additional costs and complications" and "vexing issues" involved with going after these "deep pockets" "caution that 'less may be more.'" (Docket # 298.)

Despite this admonition, UMG filed a second amended complaint, waiting until February 23 – the last day possible – to amend although it had access to the discovery from which it derives the new paragraphs over six months prior – even before it filed the first amended complaint. The SAC (Counts II-IV), like the FAC, attempts to set forth claims for contributory infringement of copyright, vicarious infringement of copyright, and inducing copyright infringement against the Investor Defendants.

In response to the SAC, Investor Defendants promptly filed a renewed motion to dismiss on March 2, 2009.

On March 27, 2009, Investor Defendants served deposition notices scheduling the deposition of UMG 30(b)(6) witnesses for April 8, 9, and 10. (Declaration of Robert G. Badal attached hereto (Badal Decl.), ¶ 4 & Ex. B.) Then, on March 31, 2009, UMG served subpoenas to take three depositions of certain personnel of Investor Defendants on April 8 and 9, 2009 in Los Angeles and Boston, respectively. (*Id.* ¶ 7 & Ex. D.)

Finally, deadlines in the new schedule established by the Court on December 23, 2008 (Docket # 288) might lapse and expire before the Court rules on the pending motion to dismiss. Also, many of these deadlines – including the close of fact

5
INVESTOR DEFENDANTS' APPLICATION FOR EX PARTE ORDER

US1DOCS 7118116V1

discovery – will have come and gone before the time comes for the Investor Defendants to answer UMG's complaint and assert any affirmative defenses and counterclaims.

## ARGUMENT

**I. THE COURT SHOULD ENTER A PROTECTIVE ORDER STAYING LIMITED DISCOVERY BETWEEN UMG AND THE INVESTOR DEFENDANTS UNTIL THE COURT HAS RULED ON THE INVESTOR DEFENDANTS' MOTION TO DISMISS THE SAC.**

To avoid the undue burden and expense of potentially unnecessary discovery and further undue prejudice, the Investor Defendants respectfully request that the Court grant a protective order amending the present schedule and staying limited discovery between Investor Defendants and UMG pending the resolution of the Investor Defendants' Motion to Dismiss the SAC, to apply only to the following:

- Investor Defendant depositions already noticed by UMG and any motions that may be related to such depositions.
- UMG depositions already noticed by the Investor Defendants and any motions that may be related to such depositions.
- The deadline by which UMG and the Investor Defendants must complete deposition discovery as between them and the deadline by which UMG and the Investor Defendants must file motions for summary judgment as between them.

Accordingly, in the event the Court denies the renewed motion, the Investor Defendants propose the Court set a schedule requiring (1) the already noticed depositions as between Plaintiffs and the Investor Defendants, subject to any and all objections, to be completed within twenty-one days of the Court's order denying the motion to dismiss; (2) any resulting discovery motions arising therefrom to be filed within twenty-eight days of the that order; and (3) any summary judgment motions as between Plaintiffs and the Investor Defendants to be filed within forty-five days of

6

that order.  Given that UMG had previously noticed non-party subpoenas of Investor Defendants over one year ago and voluntarily withdrew them, only to request these depositions take place less than one week before the close of fact discovery, UMG cannot in good faith argue that it would be harmed by the minimal stay requested. Moreover, any argument that UMG needs these depositions regardless of whether the Investor Defendants are in the case is belied by UMG's voluntary decision not to take these depositions more than a year ago and their failure to renew their pursuit of these depositions until this week.

Motions for protective orders to stay discovery may be granted upon a showing of "good cause" to "protect a party . . . from . . . undue burden or expense." Fed. R. Civ. P. 26(c). District courts have broad discretion to stay discovery in a case while a dispositive motion is pending and a court's decision to allow or deny discovery is reviewable only for abuse of discretion. *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 672 (S.D. Cal. 2001) (citing *Data Disc, Inc. v. Sys. Tech. Associates, Inc.*, 557 F.2d 1280 (9th Cir. 1977)); *Munoz-Santana v. INS*, 742 F.2d 561, 562 (9th Cir. 1984).

In particular, courts frequently will stay discovery that is not needed to decide a pending motion. *See Orchid Biosciences*, 198 F.R.D. at 672 (where motion to dismiss for lack of personal jurisdiction was pending, court found "any discovery which seeks to reach the merits of this case would be unnecessary, costly and burdensome"). Courts emphasize certain considerations in determining whether to grant a stay of discovery, such as (1) whether the pending motion is "potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed;" and (2) "whether the pending dispositive motion can be decided absent additional discovery." *See Pac. Lumber Co. v. Nat'l Union Fire Ins. Co.*, 220 F.R.D. 349, 352 (N.D. Cal. 2003) (citing *Church of Scientology of San Francisco v. IRS*, 991 F.2d 560, 563 (9th Cir. 1993)); *Qwest Communs. Corp. v. Herakles, LLC*, 2007 U.S. Dist. LEXIS 57757 (E.D. Cal. Aug. 7, 2007). In addition, some courts consider the

"merits of the pending dispositive motion in order to assess the validity of the stay of discovery motion." *Qwest*, 2007 U.S. Dist. LEXIS 57757 at *6; *see also*, *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. Cal. 2002) ("a district court may . . . stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief") (citing *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (citations omitted)).

Analysis of each of these considerations as they relate to this case weighs heavily in favor of a protective order and entry of a limited stay of discovery with a corresponding brief extension of certain case deadlines as they relate to the Investor Defendants and UMG.

### 1. There is Good Cause to Protect the Investor Defendants from Unfair, and Likely Unnecessary, Burden and Expense.

This is the second time that UMG has unnecessarily protracted and complicated this case. UMG waited almost a year – and well after the Court had established a schedule for the proceedings – to first add Investor Defendants to this lawsuit. UMG then inexplicably refused to provide Investor Defendants with existing discovery or to engage in any meaningful meet and confer regarding that ongoing discovery. Now, although Investor Defendants' involvement with this case should have ended given the clarity of this Court's order granting their motion to dismiss and warning against amendment, by filing the second amended complaint, UMG forced the Investor Defendants to file yet another motion to dismiss and restate the arguments that this Court already deemed meritorious. In addition, under the current schedule the close of fact discovery will have come and gone before the time has come for the Investor Defendants to answer the Complaint and before they can assert and perfect their affirmative defenses and counterclaims. The Investor Defendants should not have to continue to undergo costly discovery and be held to the previously set discovery deadlines while their new motion to dismiss is pending. Nor should they have to take discovery on yet unasserted defenses and counterclaims

prior to the time an answer comes due.

Moreover, the limited stay and extension of certain deadlines will ensure efficient use of the parties and Court's resources. If the Court grants the pending motion to dismiss, there will be no need for most of the discovery that is the subject of this motion or any further briefing. Thus, the parties and Court will save significant resources. If the Court denies the pending motion to dismiss, the parties will have twenty-one days after the date of the ruling to take depositions. Thus, granting the motion will not delay in any respect the schedule between Veoh and UMG or the trial schedule, while still allowing the Investor Defendants some opportunity to take discovery relating to their affirmative defenses and counterclaims.

Accordingly, there is good cause to grant a protective order staying limited discovery to protect Investor Defendants from the unfair burden and expense that would otherwise result.

### 2. Additional Discovery Is Not Needed to Resolve the Motion to Dismiss.

Nothing will be lost if this Court grants a protective order staying limited discovery pending the motion to dismiss because the pertinent discovery is not needed to resolve the pending motion. *See Orchid Biosciences*, 198 F.R.D. at 672.

### 3. The Pending Motion to Dismiss Is Dispositive of the Entire Case As It Relates to the Investor Defendants.

If the Court grants the pending motion to dismiss, Investor Defendants will no longer be parties to the case. Thus, if the Court grants the motion, most of the discovery at issue will never be needed and the parties will have no need to file any resulting discovery motions or any motions for summary judgment in regard to the claims against the Investor Defendants. This consideration, therefore, favors a stay. *See Pac. Lumber*, 220 F.R.D. at 352.

### 4. Because the Pending Dispositive Motion Is Likely Meritorious, Failure to Grant a Protective Order Staying Limited Discovery Would Be Wasteful and Unfair to the Investor Defendants.

As set out in the pending motion to dismiss, the claims against the Investor Defendants cannot be sustained as they find no support in fact or law. (*See* Docket # 314.) The Investor Defendants' involvement in this case should be over given this Court's order granting their motion to dismiss and its caution against filing an amended complaint. UMG, however, filed an amended complaint, added nothing new to satisfy the threshold requirements set out in the Court's order, and forced the Investor Defendants to file another motion to dismiss and restate the same arguments that this Court already deemed meritorious.

Given the meritorious motion that is pending, a protective order staying the limited discovery between Investor Defendants and UMG is necessary to prevent the waste of further resources and the continuation of prejudice against the Investor Defendants.

### CONCLUSION

For all the foregoing reasons, Investor Defendants respectfully request this Court grant their motion for a protective order to stay limited discovery between Investor Defendants and UMG pending resolution of Investor Defendants' Motion to Dismiss SAC.

April 2, 2009　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　WILMER CUTLER HALE PICKERING & DORR LLP

　　　　　　　　　　　　　　　ORRICK HERRINGTON & SUTCLIFFE LLP

　　　　　　　　　　　　　　　By */s/ Robert G. Badal*
　　　　　　　　　　　　　　　　　ROBERT G. BADAL

|   |   |   |
|---|---|---|
| | | Attorneys for Defendants<br>SHELTER CAPITAL PARTNERS, LLC and<br>SHELTER VENTURE FUND, L.P. |
| | April 2, 2009 | Respectfully submitted,<br><br>KULIK, GOTTESMAN, MOUTON & SIEGEL, LLP<br><br><br>By */s/ Alisa S. Edelson*<br>　　　GLEN L. KULIK<br>　　　ALISA S. EDELSON<br><br>Attorneys for Defendant<br>THE TORNANTE COMPANY LLC |
| | April 2, 2009 | Respectfully submitted,<br><br>WILMER CUTLER HALE PICKERING AND DORR LLP<br><br><br>By */s/ Maria Vento*<br>　　　MARIA VENTO<br><br>Attorneys for Defendants<br>SPARK CAPITAL PARTNERS, LLC AND<br>SPARK CAPITAL, L.P. |