1   Steven A. Marenberg (101033) (smarenberg@irell.com)
    Elliot Brown (150802) (ebrown@irell.com)
2   Brian Ledahl (186579) (bledahl@irell.com)
    Benjamin Glatstein (242034) (bglatstein@irell.com)
3   IRELL & MANELLA LLP
    1800 Avenue of the Stars, Suite 900
4   Los Angeles, California 90067-4276
    Telephone:   (310) 277-1010
5   Facsimile:   (310) 203-7199

6   Attorneys for Plaintiffs

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                          **WESTERN DIVISION**

| | |
|---|---|
| 11  UMG RECORDINGS, INC., *et al.*, | **Case No. CV-07-05744 AHM (AJWx)** |
| 12           Plaintiffs, | **UMG'S OPPOSITION TO "INVESTOR DEFENDANTS'" *EX PARTE* APPLICATION FOR PROTECTIVE ORDER TO STAY LIMITED DISCOVERY** |
| 14      v. | |
| 15  VEOH NETWORKS, INC., *et al.*, | **Filed Concurrently Herewith:** |
| 16 | **1.  Declaration of Brian Ledahl** |
| 17        Defendant. | Hon. A. Howard Matz |
| 18 | Date:        N/A |
| | Time:        N/A |
| 19 | Courtroom:   14 |
| 20 | Discovery Cutoff:  April 13, 2009 |
| | Pretrial Conference:  July 13, 2009 |
| 21 | Trial Date:  July 29, 2009 |

22

23

24

25

26

27

28

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional  Corporations        2038533

UMG'S OPPOSITION TO "INVESTOR DEFENDANTS'"
EX PARTE APPLICATION FOR PROTECTIVE ORDER
TO STAY LIMITED DISCOVERY

Dockets.Justia.com

## I. INTRODUCTION

Shelter Capital, Spark Capital, and the Tornante Company (collectively, the "Owner Defendants") seek to block certain discovery – specifically deposition discovery. The Owner Defendants suggest that these depositions should be avoided because the Court has not yet ruled on their pending motion to dismiss the claims against each of them. The Owner Defendants ignore the fact that this discovery is relevant to plaintiffs' (collectively "UMG") claims against defendant Veoh Networks, Inc. ("Veoh") regardless of whether the motion to dismiss is granted or denied. UMG needs to go forward with these depositions in an effort to comply with the deadlines set by the Court in its December 23, 2008 Scheduling Order. Granting the Owner Defendants' application would unfairly prejudice UMG, regardless of the outcome of the motion to dismiss.

The Veoh Owners do not dispute that, whether as parties or non-parties, they can provide discovery relevant to UMG's action *against Veoh*. UMG already cited and relied upon discovery provided by the Veoh Owners in opposing Veoh's Motion for Summary Judgment. As members of Veoh's Board of Directors, the Owner Defendants have documents and information which bear on Veoh's liability. As just one example, various of the Owner Defendants have received information reflecting infringement on Veoh. Such communications are relevant to Veoh's knowledge of infringement, independent of the relevance of such communications to the Owner Defendants' liability. Thus, UMG should not be blocked from pursuing this discovery.

Moreover, there is no reason UMG should be prevented from taking discovery relating to claims against the Owner Defendants. Indeed, the Owner Defendants' request is inconsistent with their own conduct to date. The Owner Defendants have, themselves, propounded document requests, interrogatories, and deposition notices to UMG. Thus, they are pursuing documents relevant to the claims against them, while arguing that UMG should not be permitted to do so as

1 well.

2      For all of these reasons, the *Ex Parte* Application should be denied.

3 **II.      UMG TIMELY PROPOUNDED RELEVANT DISCOVERY**

4      UMG maintains that the Owner Defendants are subject to liability under the

5 Copyright Act for vicarious copyright infringement, contributory copyright

6 infringement, and for the inducement of copyright infringement. *See* Second

7 Amended Complaint (alleging same); *see also* Dkt. #352 (UMG Opp'n. to Mtn. to

8 Dismiss Second Amended Complaint).

9      Regardless of the Owner Defendants' liability, however, they are also the

10 Owners and Directors of Veoh. As such, they possess discovery relevant to UMG's

11 claims against Veoh. Thus, UMG sought documents and testimony from the Owner

12 Defendants. The Owner Defendants now seek to block that relevant discovery.

13      **A.      UMG Timely Propounded Subpoenas To The Owner Defendants**

14           **For Documents And Testimony**

15      In addition to party discovery (*e.g.*, Requests for Production, which UMG

16 propounded in December 2008), UMG served document subpoenas on Shelter,

17 Spark, and Tornante. Ledahl Decl. Exs. A-C. All three already produced some

18 documents in response to UMG's subpoenas. Shelter Capital affirms that it will

19 complete its production, regardless of the outcome of the pending Motion to

20 Dismiss. Ledahl Decl., ¶ 6.

21      UMG also served deposition subpoenas on three members of Veoh's Board of

22 Directors – Mr. Dagres (of Spark Capital), Mr. Bilger (of Shelter Capital) and Mr.

23 Eisner (of the Tornante Company). Badal Decl. Ex. D. UMG communicated its

24 intent to pursue these depositions well in advance. UMG contacted counsel for each

25 Owner Defendant to inquire if they would accept service of the subpoenas, and to

26 invite them to discuss scheduling the depositions. Ledahl Decl., ¶ 7. Though all

27 three agreed to accept service, none provided any response regarding dates for the

28

1  depositions, or suggested they would refuse to appear. *Id.* Now, however, the

2  Owner Defendants seek to block such depositions.

3      Regardless of their position that Spark, Shelter, and Tornante should not be

4  parties to this case, the Owner Defendants should not be permitted to simply block

5  discovery relating to Veoh. Even treating the Owner Defendants as third parties,

6  there can be no dispute that UMG utilized a procedurally proper means of obtaining

7  discovery. *See* Fed. R. Civ. Pro. 45. UMG is entitled to this discovery whether or

8  not the Owner Defendants remain as parties.

9      **B.    <u>The Requested Discovery Relates To UMG's Claims Against Veoh</u>**

10      The Owner Defendants do not, and cannot dispute that the depositions sought

11  by UMG are relevant to UMG's case against Veoh. This is fatal to their request.[1]

12  Each deponent has relevant knowledge about a number of subjects:

13      • <u>Veoh's knowledge of infringement.</u> Veoh's knowledge of infringement is

14          relevant to, among other things, Veoh's DMCA defense. *See* 17 U.S.C.

15          § 512(c)(1)(A). The Owner Defendants were well aware of Veoh's

16          infringement. UMG already cited evidence of such knowledge. For

17          example, as set forth in UMG's Opposition to Veoh's Motion for Summary

18          Judgment, Michael Eisner (a Veoh Director) received multiple

19          communications identifying infringing content on the Veoh system.

20          Discovery regarding such communications and awareness is relevant to

21          Veoh's liability – independent of whether it also bears on the Owner

22          Defendants' liability.

23      • <u>Veoh's right and ability to control infringement.</u> Veoh's right and ability to

24          control infringement is also relevant to, among other things, Veoh's

25  _____

26  **[1]** The Owner Defendants also fail to establish that UMG should be prohibited
from pursuing discovery relating to claims against the Owner Defendants. Indeed,
27  their argument is at odds with their own conduct. The Owner Defendants
propounded document requests, interrogatories, and deposition notices on UMG.
28  Ledahl Decl. ¶ 8. Further, this Court previously denied a similar stay request by
these same defendants. Dec. 23, 2008 Order (Dkt. # 288).

1    DMCA defense.  17 U.S.C. § 512(c)(1)(B).  Aware of Veoh's mass
2    infringement, the Owner Defendants approved Veoh policies that
3    facilitated further infringement and deliberately failed to exercise the
4    ability to limit such infringement.  UMG's Opposition to Veoh's recent
5    Motion for Summary Judgment relied on documents produced by the
6    Owner Defendants in connection with such issues.  *See, e.g.*, Batsell Decl.
7    In Support of UMG's Opposition to Veoh's Motion for Summary Judgment
8    (Dkt. #388), at Exs. 44, 67.

9    • <u>Willful Infringement</u>.  The conduct and decisions of the Owner Defendants
10       also bear on whether Veoh should be held liable for willful infringement.
11       The decisions made by these owners and board members to continue to
12       pursue infringing policies and actions support a finding of willful
13       infringement and enhanced damages under the Copyright Act.  *See* 17
14       U.S.C. § 504.

15   Such information is relevant regardless of the outcome of the Motion to
16   Dismiss and UMG should not be blocked from such relevant discovery.

17   **III.   THE OWNER DEFENDANTS ARE NOT ENTITLED TO A**
18   **PROTECTIVE ORDER**

19        A protective order can only issue upon a finding of "good cause" in order to
20   "protect a party . . . from . . . <u>undue</u> burden or expense."  Fed. R. Civ. Pro. 26(c).
21   The Owner Defendants cannot establish that any burden or expense relating to the
22   discovery UMG is pursuing is "undue."  UMG seeks necessary, relevant discovery.
23   Appearing for depositions to provide such information is not an undue burden.

24        Each of the Owner Defendants' arguments for a protective order necessarily
25   collapses when confronted with this simple reality:

26       1. <u>The argument that "there is good cause to protect the investor</u>
27          <u>defendants from unfair, and likely unnecessary, burden and expense"</u>
28          <u>lacks merit.</u>  Because this discovery is independently relevant to the

| | |
|---|---|
| 1 | claims and defenses in UMG's case against Veoh, it cannot be rendered |
| 2 | unnecessary by resolution of the Motion to Dismiss. |
| 3 |     2.  <u>The argument that "additional discovery is not needed to resolve the</u> |
| 4 | <u>motion to dismiss" (*Ex Parte* at 9:14-15) lacks merit.</u> UMG is not |
| 5 | pursuing this discovery to resolve the Motion to Dismiss (the briefing |
| 6 | for which has already been submitted). This discovery relates to |
| 7 | UMG's case-in-chief against Veoh. |
| 8 |     3.  <u>The argument that "the pending motion to dismiss is dispositive of the</u> |
| 9 | <u>entire case as it relates to the investor defendants" (*Ex Parte* at 9:19-20)</u> |
| 10 | <u>lacks merit.</u> As noted above, even if the Court grants the Motion to |
| 11 | Dismiss, UMG is still entitled to the requested discovery because it is |
| 12 | not solely relevant to the Owner Defendants' liability. Thus, the factual |
| 13 | assertion that the motion to dismiss is somehow dispositive of this |
| 14 | discovery is simply false. |
| 15 |     4.  <u>The argument that "failure to grant a protective order staying limited</u> |
| 16 | <u>discovery would be wasteful and unfair to the investor defendants" (*Ex*</u> |
| 17 | <u>Parte* at 10:1-3) lacks merit.</u> The Owner Defendants fail to explain |
| 18 | how UMG's pursuit of discovery relevant to UMG's case against Veoh |
| 19 | would be wasteful or unfair. UMG seeks to take relevant discovery |
| 20 | within the period set by the Court. Once again, the Owner Defendants' |
| 21 | argument is premised on ignoring the fact that the discovery sought is |
| 22 | relevant to UMG's claims against Veoh. |
| 23 | **IV.  CONCLUSION** |
| 24 |     The Owner Defendants ignore the elephant in the room in their application. |
| 25 | They try to pretend that the discovery they seek to block has nothing to do with |
| 26 | UMG's claims against Veoh. Since this premise is false, all of their arguments for a |
| 27 | stay of their depositions fail and their application should be denied. |
| 28 | |

| | |
|---|---|
| 1 | |
| 2 | Dated:  April 3, 2009 | IRELL & MANELLA LLP
Steven A. Marenberg |
| 3 | Elliot Brown
Brian Ledahl |
| 4 | Benjamin Glatstein |
| 5 | |
| 6 | By:      /s Brian Ledahl |
| 7 | Brian Ledahl |
| 8 | Attorneys for Plaintiffs |