```
                   UNITED STATES DISTRICT COURT
                  CENTRAL DISTRICT OF CALIFORNIA
                         WESTERN DIVISION


                      CIVIL MINUTES--GENERAL

Case No.   CV 07-5744 AHM (AJWx)            Date: April 10, 2009

Title:  UMG RECORDINGS, INC., et al. v. VEOH NETWORKS, INC., et al.
================================================================
PRESENT:      HON.  ANDREW J. WISTRICH, MAGISTRATE JUDGE

              Ysela Benavides
              Deputy Clerk                      Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:       ATTORNEYS PRESENT FOR DEFENDANTS:
         None Present                              None Present
```

**ORDER REGARDING VEOH'S RENEWED MOTION TO COMPEL PRODUCTION OF DOCUMENTS RELATING TO FINANCIAL INFORMATION AND DAMAGES**

Veoh describes the relief sought by this motion as follows:

> This Motion seeks to compel the production of the following critical documents relating to Plaintiffs' alleged damages:
>
> • valuation and analyses regarding the allegedly infringed works (Request Nos. 142, 190-191, 193-194, 196-197, 198, 200, 212-213, 227-229);
> • documents relating to deals with third parties with respect to the allegedly infringed works (Request Nos. 98, 110, 126-127, 129, 130-132, 135-138);
> • documents specifically relating to the value of the allegedly infringing works with respect to distribution over the internet, including on veoh.com (Request Nos. 161-162, 164-165, 167-168, 192, 201); and
> • documents regarding Plaintiffs' efforts to protect the allegedly infringing works (Request Nos. 175, 177-178, 182, 184-187, 216, 218, 221, 235).

[Joint Stipulation at 1-2].

Veoh has organized the requests as to which it seeks further responses and production into the four categories or issues outlined above. For convenience, the court adopts the same organization.

As explained during the hearing, this motion, like its predecessor, fails to adequately explain the relevance of much of what is sought or to take into account material that UMG already has produced or already has been ordered to produce. In addition, as also explained during the hearing, some of the requests are very broad and the record does not reflect a conscientious effort by Veoh to narrow them or to tailor them to the needs of this case. While Veoh may have reduced the number of requests at issue since it filed its previous motion, it has not narrowed the broad "relating to" language used in some of the surviving requests. This essentially invites the court to rewrite Veoh's requests itself – a task which the court declines to undertake. Except as indicated below, the motion is **denied** on these grounds, or on the ground that the likely benefit of production is categorized by the likely burden of production. See generally Fed. R. Civ. P. 26(b)(2)(C)(iii).

Unless otherwise indicated, the temporal scope of these requests is narrowed to the period January 1, 2003 to the present.

UMG already may have produced much of what this order directs it to produce. Nothing UMG already has produced need be produced again.

Compliance within 21 days is required.

**Issue 1 - Valuations of the Allegedly Infringed Works**

As to request 213, the motion is **granted**, but the request is narrowed to such "analyses" or "studies" themselves.

As to request 227, the motion is **granted**, but the request is narrowed to such valuations themselves.

As to request 228, the motion is **granted** but the request is narrowed to plans, forecasts, budgets, and comparisons to plan with respect to revenues, costs, and profits.

**Issue 2 - Deals With Third Parties Relating to the Allegedly Infringed Works**

Veoh's perfunctory one paragraph discussion of the requests in this category [see Joint Stipulation at 32] demonstrates neither that these overly broad requests seek relevant materials nor that requiring production in response to these requests would be worth the effort and expense. See Fed. R. Civ. P. 26(b)(2)(C)(iii). They also seek documents relating to things such as "Pressplay," "Total Music," etc., that are not adequately defined and the relevance of which is never adequately explained. Of course, UMG already has been ordered to produce its licenses of the allegedly infringed works [see Order filed March 31, 2009], and even prior to that order probably had produced many of them.

2

**Issue 3 - Information About the Value of Promoting the Allegedly Infringed Works Over the Internet**

As to requests 161, 162, and 164, the motion is **granted**, but the requests are narrowed to veoh.com or other websites not licensed by UMG.

As to requests 165 and 167, the motion is **granted**, but the requests are narrowed to the allegedly infringed works.

As to requests 192 and 201, the motion is **granted**, but the requests are narrowed to the "financial analyses" or "business plans or marketing plans" themselves.

**Issue 4 - Information Regarding the Allegedly Infringed Works**

As to request 175, the motion is **granted**, but the request is narrowed to veoh.com.

**IT IS SO ORDERED.**

cc:  Parties

MINUTES FORM 11                                      Initials of Deputy Clerk_____
CIVIL-GEN