Rebecca Lawlor Calkins (SBN: 195593)
Email: rcalkins@winston.com
Erin R. Ranahan (SBN: 235286)
Email: eranahan@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Jennifer A. Golinveaux (SBN 203056)
Email: jgolinveaux@winston.com
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
Tel: (415) 591-1506/Fax: (415) 591-1400

Michael S. Elkin (*pro hac vice*)
Email: melkin@winston.com
Thomas P. Lane (*pro hac vice*)
Email: tlane@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166
Tel: (212) 294-6700/Fax: (212) 294-4700

Attorneys for Defendant VEOH NETWORKS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UMG RECORDINGS, INC., a Delaware Corporation, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>VEOH NETWORKS, INC., a California Corporation, et al.,<br><br>Defendants. | Case No. CV 07 5744 -- AHM (AJWx)<br><br>**VEOH'S RESPONSE TO UMG'S OBJECTIONS TO NEWLY SUBMITTED EVIDENCE BY VEOH IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**<br><br>Date: April 13, 2009<br>Time: 10:00 AM<br>Courtroom: 14<br>Judge: Hon. A. Howard Matz |

LA:241733.3

**VEOH'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO EVIDENCE– CASE NO. 07 5744 – AHM (AJWx)**

## I. INTRODUCTION

In its effort to manufacture any issue of fact with respect to Veoh's Motion for Summary Judgment re Entitlement to Section 512(c) Safe Harbor (Docket 336) ("motion"), UMG's opposition misleadingly referenced several carefully excerpted items of purported evidence. Though Veoh was able to set the record straight with supplemental evidence presented with its reply, UMG now asks this Court to ignore or disregard this evidence.

For example, UMG's opposition argues that Veoh was on notice of certain alleged infringing works as a result of notices sent by third party the Recording Industry Association of America ("RIAA")—but UMG omits that such videos were promptly cancelled by Veoh. UMG *does not dispute* that Veoh promptly cancelled the videos, but objects to sworn testimony by Veoh's Senior Manager of Copyright Compliance, Stacie Simons, confirming that the videos were promptly cancelled. As another example, UMG included as an exhibit to its opposition a carefully selected portion of email correspondence regarding a suspected infringing movie, but failed to include another portion *of the same email chain* that confirms that the video was immediately cancelled. UMG objects to Veoh's inclusion of the omitted portion with its reply, but again fails to dispute or present any evidence to refute the fact that Veoh promptly cancelled the video. In both cases, UMG sought to introduce evidence in opposition to Veoh's motion that when viewed in light of the complete record, rather than UMG's carefully excerpted version—simply confirms Veoh's compliance with its DMCA/copyright policies through prompt removal of suspected infringements.

As set forth below, UMG's evidentiary objections are immaterial, baseless, and present no issue of material fact that would preclude Veoh from obtaining summary judgment. For these and the foregoing reasons, Veoh respectfully requests that the objections be overruled.

## II. THE EVIDENCE SUBMITTED WITH VEOH'S REPLY IS PROPER

With its reply in support of its motion for summary judgment, Veoh submitted supplemental declarations and supporting exhibits to rebut arguments and present complete facts regarding specific issues raised by UMG's opposition, and to confirm that there are no genuine disputed issues that would preclude Veoh from obtaining summary judgment. UMG now asks this Court to disregard Veoh's supplemental evidence, and in doing so relies on three cases that actually *support* the inclusion of Veoh's supplemental evidence.

First, UMG cites *Provenz, et al. v. Miller, et al.,* 102 F.3d 1478, 1483 (9th Cir. 1996) as supporting its request that the Court should disregard evidence submitted with Veoh's reply. But in *Provenz,* the Ninth Circuit *allowed and considered* the plaintiffs' supplemental declaration to rebut the defendants' evidence, overruling the lower court. ("We believe that the district court erred in not considering plaintiffs' supplemental declaration. ) *Id.* Second, UMG cites *Schwartz, et al. v. Upper Deck Co.,* 183 F.R.D. 672 (S.D. Cal. 1999), which reserved the question of whether the supplemental evidence would be stricken for a later time, but considered such evidence in ruling on the motion. *Id.* at 682. Third, UMG cites to *Edwards, et al. v. Toys "R" Us et al.,* 527 F. Supp. 2d 1197 (C.D. Cal. 2002), which merely states that "new evidence submitted in reply should not be considered without affording plaintiffs an opportunity to respond. *Id.* at 1205, n. 31. UMG has had the opportunity to respond to Veoh's motion, and presented incomplete evidence that Veoh clarified in its reply. Surely if UMG had any further means by which to counter any of the substantive facts set forth in Veoh's supplemental declarations, it would have presented such evidence, or asked this Court to supplement the record. Tellingly, UMG has not done so.

UMG also cites *Contratto v. Ethicon, Inc.,* 227 F.R.D. 304, (N.D. Cal. 2005) as an example of a court striking newly submitted evidence, but in that case, the court explicitly noted that it was only striking in part a declaration, and only to the extent

that it sought to introduce new arguments and facts not raised by the motion or opposition. *Id.* ar 3091, n. 5. Nothing raised or submitted in Veoh's reply presents new arguments or facts not otherwise raised by the motion or opposition. UMG cites one claim construction order in a patent case to support its claim that courts "commonly sustain objections like those it raises, *Enovsys LLC v. Nextel Communications, Inc.,* 2008 WL 4974849 (C.D. Cal. 2008). In *Enovsys LLC,* the court sustained an objection to a newly proposed claim construction that was submitted with a reply. *Id.* Veoh's supplemental evidence which seeks to respond to UMG's arguments in its opposition and provide complete facts, is not at all similar to the situation in *Enovsys,* where the movant sought to present an entirely new claim construction at the reply stage. Because Veoh's supplemental evidence was submitted in direct response to UMG's arguments in its opposition and to present complete facts, UMG's request to disregard the supplemental evidence that Veoh filed with its reply should be rejected.

Finally, UMG cites *Verizon California Inc. v. Ronald A. Katz Technology Licensing, L.P.,* 2003 WL 25761597 (C.D. Cal. Dec. 2, 2003), which involved a case in which the defendant sought to introduce declarations that *contradicted* prior deposition testimony, arguing that to the extent the declarations were inconsistent with such prior depositions, such prior testimony "should be disregarded. *Id.* at *35. As discussed below with respect to the supplemental declarations of Stacie Simons and Joseph Papa, Veoh is not asking this Court to "disregard any prior testimony, as there are no inconsistencies between any of the prior and supplemental testimony. The supplemental declarations of Papa and Simons simply offer clarifying statements to present a complete record in response to distortions raised in UMG's opposition. UMG's attempt to manufacture an "issue of material fact should be rejected.

## III. UMG'S OBJECTIONS TO VEOH'S EVIDENCE ARE WITHOUT MERIT AND SHOULD BE OVERRULED

### A. UMG's Objections to the Supplemental Joseph Papa Declaration Should Be Overruled

UMG's objection to ¶ 2 of the Supplemental Declaration of Joseph Papa (Docket No. 396-4) ("Supp. Papa Decl.") presents no "issue of material fact," as, contrary to its suggestion, UMG presents no inconsistency in Papa's testimony, to wit:

- In Section III.A.1. of UMG's Objections, the discussion UMG quotes from Papa's Rule 30(b)(6) deposition testimony specifically addressed Veoh's "technical ability" to delete content (which is undisputed and necessary for Veoh to comply with its obligations under the DMCA), while the Supp. Papa Del. ¶ 2 simply notes that Veoh is able to remove content upon notice. There is no "inconsistency."

- UMG also claims "inconsistency" between Papa's Supp. Decl. ¶ 3 and the deposition testimony of Shapiro at the Batsell Decl. Ex. B., at 43:8-16. Specifically, UMG cites to a response from Shapiro where he responds to a question about whether "anything" changed about the "way that the client software application functioned." After Veoh lodged an objection on the record specifically to the "technological process," Shapiro responded "I don't know, but I don't believe so." *Id.* Thus, as such was qualified with "I don't know," such can hardly be considered an inconsistency with Papa's testimony, and in an event, presents no disputed fact material to Veoh's motion.

- Regarding Supp. Papa Decl. ¶ 5, UMG cites to Papa's prior deposition testimony when he did not know off-hand what altMeta referred to. Since that deposition on January 20, 2009, and since UMG subsequently served an interrogatory about the field, Papa investigated in order to respond to UMG's interrogatory and to respond to UMG's specious allegations regarding the

manner in which the altMeta field was (and was not) used. Because there is no inconsistency and no genuine issue of disputed fact, UMG's objection should be overruled.

UMG also objects to Papa's testimony about Veoh's policy at Supp. Papa Decl. ¶ 7 as lacking foundation, despite the fact that Papa is the Vice President of Engineering at Veoh and has been employed by Veoh since its inception. As stated in both his original and supplemental declaration(s), Papa has:

> responsibility for the architecture, technical design and implementation of the systems and product engineering for Veoh.com and the Veoh client software. I have been employed by Veoh since its inception. I have personal knowledge of the facts stated herein, and if called as a witness, could and would competently testify thereto.

*Id.* at ¶ 1 and Docket No. 336-9 ¶ 1.

UMG attempts to question the foundation for Papa's knowledge about Veoh's policies, though as Vice President of Engineering responsible for Veoh's "architecture, technical design and implementation of the systems and product engineering for Veoh.com and the Veoh client software," and such architecture, design and implementation are naturally intertwined with the implementation of Veoh's DMCA/copyright policies. *See Bathelemy v. Air Lines Pilots Ass'n,* 897 F.2d 999, 1018 (9th Cir. 1990) ("personal knowledge and competence to testify are reasonably inferred from [the declarant's] position[] and the nature of their participation in the matters to which they swore.") Thus, UMG's objection should be overruled. UMG also points to deposition testimony by Veoh's Chief Executive Officer, Dmitry Shapiro (at Supp. Batsell Decl. Ex. B at 237:22-239:10) wherein UMG presented Shapiro with a screenshot of a music video, and Shapiro's response simply demonstrates that Veoh cannot necessarily recognize by viewing a screenshot whether a video is *suspected* to be infringing. Veoh's statement is that it "errs on the side of caution" in disabling "suspected" infringing content. There is no inconsistency

between the two statements, and in any event, no disputed fact material to the resolution of Veoh's motion.

With respect to Papa's Supp. Decl. ¶ 7 regarding recent downsizing at Veoh, UMG's objections do not refute Veoh's recent layoffs, but instead sets forth additional arguments that are immaterial and irrelevant to Veoh's motion.

### B. UMG's Objections to Stacie Simons' Supplemental Declaration Should Be Overruled

#### 1. Simons' Statement About Her Inspection of Works Identified By The Audible Magic Filter Is Not Inconsistent With Her Deposition Testimony

UMG claims an inconsistency exists between Simons' Supp. Decl. ¶ 2 and Simons' prior deposition testimony in which Simons testified that "Veoh's repeat infringer policy does not relate to the Audible Magic filter. But Simons explains precisely that in Simons' Supp. Decl. ¶ 2. Unlike DMCA notices which are terminated after two notices, Simons Supp. Decl. explains that because of the manner in which the Audible Magic filter works, and because Veoh was not provided information for counter-notifications by the copyright holders who submit works to Audible Magic, she personally reviews the accounts of those who have videos caught by the Audible Magic filter (rather than automatically applying Veoh's policy of two strikes and you are out, such that two hits from the filter would automatically cause termination.) Simons Supp. Decl. ¶ 2 thus describes the alternate way that Veoh treats Audible Magic hits (Simons personally reviewing accounts to make the determination about whether to terminate a user), which is different from Veoh's standard repeat infringer policy with respect to notices of infringement.

#### 2. Simons' Confirmation of RIAA Takedowns is Proper and Remains Undisputed

UMG has not and cannot present any evidence to dispute that Veoh immediately responded to the RIAA notices UMG cites in its opposition as set forth in

Simons Supp. Decl. ¶¶ 4-8. Because UMG has no evidence to suggest that any of the videos listed in the RIAA notices were not promptly removed—it resorts to objecting to statements by Veoh's Senior Management of Copyright Compliance, Stacie Simons, as "lacking foundation, with respect to a handful of RIAA notices that preceded her start date.[1] Simons declares as follows with respect to her job at Veoh:

> my responsibilities include overseeing Veoh's adherence to its copyright policies, including Veoh's response to take down notices sent pursuant to the DMCA. I have been employed by Veoh since April 16, 2007. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, I could and would competently testify thereto.
> Supplemental Declaration of Stacie Simons In Support of Veoh's Motion for Summary Judgment Re Entitlement to Section 512(c) Safe Harbor Supplemental Declaration of Stacie Simons (Docket No. 396-2) ("Supp. Simons Decl. ) ¶ 1).

Simons is Veoh's dedicated full time employee for overseeing adherence to Veoh's copyright policy, which includes managing takedowns and review of suspected infringement. In her capacity as Senior Manager of Copyright Compliance, Simons is at times asked to investigate and research past takedowns—even takedowns that preceded her start date. Accordingly, Simons is well equipped to testify to confirm such takedowns. *See Bathelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir. 1990) ("personal knowledge and competence to testify are reasonably inferred from [the declarant's] position[] and the nature of their participation in the matters to which they swore. ) Because Simons has personal knowledge of all the facts she testifies to in her declarations, and UMG *does not dispute* that any of the videos identified in RIAA notices were not promptly removed, UMG's objections should be overruled.

---

[1] Notably, UMG does not object at all to Simons' Supp. Decl. ¶¶ 9-13 which describes Veoh's prompt response to five RIAA notices that occurred during Ms. Simons' employment.

## C. UMG's Objections to the Ranahan Declaration Are Immaterial

With respect to UMG's objections to the Declaration of Erin Ranahan (Docket 407) ("Ranahan Decl.") ¶ 4, both Exhibits C and D are documents produced long ago in this action, and speak for themselves. Exhibit C is not cited as an example on "Veoh.com," but does stand for the proposition stated regarding videos placed "onto the Internet." The alleged dispute does not create a material disputed issue. Exhibit D is simply yet another example of a purported agent for an alleged UMG artist, Bon Jovi, proposing a deal with Veoh. Notably, UMG does not proffer evidence to substantively refute the contents of either Exhibit, and does not explain how its objections would create a genuine disputed fact material to Veoh's motion.

UMG's objections to Ranahan Decl. ¶ 7 are irrelevant and immaterial—the paragraph refers to the Papa Declaration for the factual support—but this paragraph is included in the Ranahan Decl. in direct response to UMG's suggestion in the Declaration of Brian Ledahl (Docket 384) ¶ 11) ("Ledahl Decl."), which sets forth the baseless speculation that there are missing discovery documents and communications about this internal Veoh "tagging," when instead, it is simply derived from the *user's* descriptions of the videos, and thus no documents would be expected. As the Supp. Papa Decl. provides all the foundation necessary for this statement, UMG's objections should be overruled.

Ranahan Decl. ¶ 8 simply responds to UMG's allegation that no documents relating to Veoh's patent application were produced, in response to UMG's Response to Veoh's Statement of Uncontroverted Fact No. 48, in which UMG falsely states in its Statement of Genuine Issues No. 48 that "Veoh has not produced in any discovery any documents relating to its purported efforts to patent a purported filtering technology." UMG's own objection to this paragraph demonstrates that indeed the statement in the Ranahan Decl. ¶ 8 is true, and UMG's statement that no such documents were produced is false. The substance of such documents or the timing of the production are irrelevant to this motion.

UMG's objection to Ranahan Decl. ¶ 11 is simply its attempt to present only a portion of the email chain (attached as Exhibit 44 to the Batsell Decl. filed with UMG's opposition). What UMG conveniently omits is the portion of the email chain where Veoh states that the suspected infringing videos were immediately taken down. UMG's objection to including the entire context of the email chain should be overruled.

Finally, UMG's objection to the Ranahan Decl. ¶ 12 is a question of semantics—the point of ¶ 12 was that UMG did not inform Veoh's counsel that it sought to complete the Roth, Betka or Dunning depositions in advance of UMG filing its opposition to Veoh's motion for summary judgment. While the original dates upon which the deponents were noticed were in February, all three individuals are no longer employed by Veoh, and Veoh offered to help coordinate the depositions of the ex-employees, and the parties mutually agreed to reschedule those and additional depositions for later dates, without any complaint by UMG that such would interfere with its ability to oppose Veoh's motion for summary judgment.[2] Thus, the statement is factually true, and in any event, this objection is immaterial.

## IV. CONCLUSION

UMG's evidentiary objections are baseless and should be overruled in their entirety.

Dated: April 13, 2009      WINSTON & STRAWN LLP

By: /s/ Erin R. Ranahan
Michael S. Elkin
Thomas P. Lane
Jennifer A. Golinveaux
Rebecca Calkins
Erin Ranahan

Attorneys for Defendant
VEOH NETWORKS, INC.

---

[2] The depositions of Dunning and Betka have now been completed; and UMG has presented Veoh a proposal to authenticate certain documents in exchange for requiring Roth to appear for deposition.