1  IRELL & MANELLA LLP
   Steven A. Marenberg (101033) smarenberg@irell.com
2  Elliot Brown (150802) ebrown@irell.com
   Brian D. Ledahl (186579) bledahl@irell.com
3  Benjamin Glatstein (242034) bglatstein@irell.com
   1800 Avenue of the Stars, Suite 900
4  Los Angeles, California 90067-4276
   Telephone:   (310) 277-1010
5  Facsimile:   (310) 203-7199

6  Attorneys for Plaintiffs

7  ADDITIONAL COUNSEL LISTED
   ON SIGNATURE PAGE

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11
   UMG RECORDINGS, INC., et al.,          )   Case No. CV 07-5744 AHM (AJWx)
12                                         )
                Plaintiffs,                )   **JOINT REPORT PURSUANT TO**
13                                         )   **APRIL 6, 2009 ORDER**
          vs.                              )
14                                         )   Date:    None
   VEOH NETWORKS, INC., et al.,            )   Time:    None
15                                         )   Ctrm:    14
                Defendants.                )   Judge:   Hon. A. Howard Matz
16                                         )

17

18

19

20

21

22

23

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1985765

Dockets.Justia.com

1      Pursuant to the Court's Minute Order of April 6, 2009, the parties hereby

2 submit this joint report regarding scheduling and possible adjustments to the case

3 schedule.  The parties have conferred regarding possible adjustments to the schedule

4 consistent with the Court's Order, but have not reached agreement regarding

5 appropriate adjustments.  As a result, Plaintiffs and Defendants present their

6 respective proposals below.

7 **I.      PLAINTIFFS' PROPOSAL**

8      Plaintiffs (collectively "UMG") respectfully submit that the appropriate

9 mechanism to address issues with the case schedule is to simply extend the dates in

10 that schedule by eight (8) weeks.  Adjusting the schedule in this manner is

11 consistent with the practice the Court has previously articulated and eliminates

12 problems created by Defendants' unduly complicated proposal.

13      UMG's proposal would accommodate the Court's anticipated timing of

14 resolving the pending motion to dismiss by some defendants within the next three

15 weeks, and provide a brief period to complete discovery after that resolution.

16 Defendants, by contrast, propose a partial adjustment of certain dates, accompanied

17 by some additional period for discovery contingent upon the outcome of the pending

18 motion to dismiss.  This "Rube Goldberg" adjustment to the schedule will create

19 conflicts that will likely result in the need for further intervention from the Court.

20      Defendants would shift certain dates, but attempt to retain others.  This

21 approach would result in a collision of dates.  Specifically, Defendants contemplate

22 moving certain current dates regarding discovery, expert discovery, and motion cut-

23 offs by three weeks.  This would result in a new motion cut-off date of May 18,

24 2009.  Under such a schedule, even if motions were calendared for hearing on only

25 21-days notice, such motions could not be heard until June 8, 2009, after the current

26 deadline to meet and confer in advance of the pretrial conference (which Defendants

27 propose to keep).  Further, expert discovery would continue until July 6, 2009 under

28 defendants' proposal, after the current deadline for submission of the pretrial

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

JOINT REPORT PURSUANT TO
APRIL 6, 2009 ORDER

1985765                                    - 1 -

1  conference order, witness lists, exhibit lists, and long after the filing deadline for

2  motions in limine. Such conflicts illustrate why UMG's approach to adjustment is

3  more appropriate.

4       Defendants also propose to create a separate track of discovery and motion

5  practice should the Court deny the pending motion to dismiss. Defendants suggest

6  that discovery involving the defendants who have moved to dismiss should be

7  completed within two weeks of the Court's ruling on the motion. These defendants

8  further suggest that any motions regarding those defendants should be filed within

9  30 days of the Court's ruling on the motion to dismiss. These proposals present

10  several problems. First, Defendants' suggest that discovery as to the moving

11  defendants should be <u>completed</u> on the same day that they would be obliged to

12  answer the Complaint.[1] Thus, Defendants suggest that UMG should not be

13  permitted to take any discovery regarding any as-yet-unasserted defenses by these

14  defendants. UMG's proposal, by contrast, contemplates a discovery period with

15  sufficient time to allow a brief, but fair, opportunity for UMG to take such

16  discovery. The second motion cut-off date that Defendants propose would also

17  present conflicts other parts of the Court's schedule. If the parties assume that the

18  Court will, as suggested in the April 6, 2009 Order, issue an Order regarding the

19  motion to dismiss in approximately 3 weeks, this would lead to a motion cut-off (as

20  to claims involving those defendants) of no earlier than May 25, 2009. Leading to a

21  hearing of any such motions (at the earliest) at least two weeks after the conference

22  in advance of the pre-trial conference, and concurrent with the deadline for

23  submission of motions in limine. Thus, Defendants' proposal creates even more

24  scheduling conflicts with regard to the parties to the pending motion to dismiss.

25

26

---

27       [1] Under Fed R. Civ. P. 12(a), Defendants would have 10 court days after a
28  ruling on the motion to dismiss to provide their answer. Thus, their answer would
     be due on the same day they suggest discovery should be complete.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

JOINT REPORT PURSUANT TO
APRIL 6, 2009 ORDER

1985765                          - 2 -

The need to address these scheduling issues was not caused by UMG. Among other things, certain defendants initially refused to schedule depositions noticed by UMG prior to resolution of the motion to dismiss.[2] As UMG pointed out in opposing those defendants' *ex parte* application for a protective order, the depositions are relevant to UMG's claims against Veoh, as well as the other defendants. The Court denied the *ex parte* application, but some additional time is needed to permit the depositions to take place (none of the moving defendants have yet suggested a time when they are prepared to produce the subpoenaed witnesses). UMG is willing to work with Defendants in scheduling such discovery, but UMG should not be prejudiced in its ability to prepare its case as a consequence. While UMG regrets the need to submit competing proposals to the Court, UMG respectfully submits that Defendants' proposal creates at least as many problems as it attempts to solve. UMG explained these problems to Defendants in making its proposal, but they nonetheless rejected UMG's proposal.

## II.    INVESTOR DEFENDANTS' POSITION

In the Court's April 6, 2009 order denying the Investor Defendants' motion to reset certain deposition and summary judgment deadlines, the Court directed UMG and the Investor Defendants to propose an alternative schedule with respect to three

---

[2] Veoh's suggestion that UMG has in some way dragged out this litigation is patently false. Among other things, Magistrate Judge Wistrich recently granted UMG additional time to identify infringing videos on the Veoh system because Veoh failed to provide key data about videos on its system for more than a year after it was requested by UMG. Indeed, some of the delay was caused by Veoh's destruction of the data during the pendency of this litigation – data that had to later be recreated. Similarly, Magistrate Judge Wistrich recently ruled that "The court is concerned about what appear to be unreasonably narrow interpretations by Veoh of some of UMG's discovery requests . . . , a practice which calls into question the completeness of its entire production. Anomalies in Veoh's production, which may or may not have an entirely innocent explanation, heighten that concern." (Dkt. #401). Veoh's discovery conduct, and its failure to make timely and fair disclosures in response to discovery, are, more than any other factor, the cause of any purported delay or need for additional time in this action.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1985765

- 3 -

JOINT REPORT PURSUANT TO
APRIL 6, 2009 ORDER

1  (3) – and only three – specific scheduled items: 1) fact discovery cutoff, 2) motion
2  cutoff, and 3) expert discovery cutoff.

3      As directed by the Court's order, the parties have met and conferred regarding
4  what adjustments should be made to the schedule.  The Investor Defendants submit
5  that their proposed schedule, set forth below, should be entered for at least the
6  following reasons:

7      (1)  It is consistent with the Court's April 6, 2009 order and extends a
8           limited number of deadlines a short period of time, leaving the trial
9           and related pre-trial dates as currently set;

10     (2)  It allows UMG to take, in short order, the depositions it has argued it
11          will need, regardless of the Court's ruling on the motion to dismiss;

12     (3)  It briefly extends the summary judgment deadline to allow for UMG
13          to utilize any discovery obtained in those depositions (while still
14          maintaining the trial date);

15     (4)  It ensures that the parties and court will utilize their resources in the
16          most efficient manner, by keying the deadlines for the Investor
17          Defendants depositions of UMG and summary judgment motions
18          between UMG and the Investor Defendants off of the Court's
19          decision on the motion to dismiss.  There is no dispute that, should
20          the Court grant the motion to dismiss the Second Amended
21          Complaint, the Investor Defendants need not take these depositions
22          of UMG and no further summary judgment motions between UMG
23          and the Investor Defendants would need to be prepared and filed.
24          Further, even if all claims against the Investor Defendants are not
25          dismissed, this schedule promotes efficiency as it allows the Investor
26          Defendants to tailor the depositions and any subsequent motions to
27          whatever claim or claims may remain after the Court's ruling on the
28          motion to dismiss.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

JOINT REPORT PURSUANT TO
APRIL 6, 2009 ORDER

1985765                                    - 4 -

Specifically, the Investor Defendants submit the following, limited changes to the existing schedule are all that is necessary:

- The present fact discovery cutoff of April 13th would be extended three weeks (to May 4, 2009) to allow UMG to take the depositions of the three investor defendants whose depositions were noticed via subpoena on March 31, 2009.

- As between UMG and Veoh, the present summary judgment motion cutoff date of April 27th would be extended to two weeks after the conclusion of the deposition period in item (1) above, such that the summary judgment motions as between UMG and Veoh would be extended from April 17, 2009 to May 18, 2009.

- As between UMG and the Investor Defendants, the Rule 30(b)(6) depositions of UMG noticed by the Investor Defendants on March 27, 2009 would be convened within two weeks of the Court's ruling on the pending Motion to Dismiss ("MTD") if the Court denied the MTD.

- As between UMG and the Investor Defendants, any motions for summary judgment would be due 30 days after the Court's ruling on the MTD if the Court denied the MTD. (Badal Decl, ¶ 5 & Ex. C.)[3]

Other than as described above, all other dates set out in the Court's original December 23, 2008 scheduling order would remain unchanged.

While the Court directed the parties to provide alternative dates relating to three specific cut-off dates, Plaintiff's response is to request an across the board eight week delay of all existing dates in the Court's scheduling order. There is simply no basis for such a sweeping change to the schedule. In particular, the Court's indication that it could take as much as three weeks (from April 6th, *i.e.,*

---

[3] After receiving the Investor Defendants' proposal, counsel for UMG asked whether Investor Defendants would also agree that the expert and mediation completion deadlines be extended by two weeks, to which the Investor Defendants readily agreed. (Badal Decl., ¶¶ 6-7 & Ex. D.)

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

JOINT REPORT PURSUANT TO
APRIL 6, 2009 ORDER

1  two weeks after the close of fact discovery) to issue an order on the motion to

2  dismiss surely does not provide justification for an *eight* week extension of every

3  item in the entire schedule.  Nor do Plaintiffs provide any explanation as to why

4  they need eight weeks to take three depositions and produce witnesses in response to

5  three identical 30(b)(6) deposition notices (one for each Investor Defendant).

6          Moreover, contrary to Plaintiffs suggestion, the need to address these

7  scheduling issues was no doubt created by Plaintiffs, who indisputably – but

8  inexplicably – waited until the last possible day to move to amend the initial

9  complaint, refused to agree to stay as to the Investor Defendants, and then again

10 waited until the last possible day to file the Second Amended Complaint.

11         Plaintiffs' cries of delay on the part of the Investor Defendants also ring

12 hollow.  First, if these depositions were so critical to Plaintiffs case, they would no

13 doubt have taken them nearly a year ago, when they first served deposition

14 subpoenas on the Investor Defendants.  Instead, Plaintiffs summarily took those

15 depositions off calendar, and did not even suggest a deposition would be necessary

16 until **nine** months later, when notices were served on March 31, 2009 – less than

17 two weeks before the close of fact discovery.  While the Investor Defendants

18 promptly notified Plaintiffs that their witnesses were not available on the noticed

19 dates, Plaintiffs never responded or proposed an alternative date for these

20 depositions.  It is Plaintiffs – not defendants – who at every turn have attempted to

21 prolong this litigation, no doubt hoping that the expense of the litigation will drive

22 Veoh out of business.

23         In sum, the Investor Defendants have carefully crafted and proposed very

24 limited adjustments to the schedule as requested by the Court.  These proposed

25 adjustments take into consideration the Court's order, the procedural posture and

26 existing deadlines in this case, and the discovery that remains to be taken.  The

27 Investor Defendants respectfully submit that the Court should enter an Amended

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1985765

1  Schedule utilizing the deadlines set forth above, and, thereby, decline Plaintiffs

2  invitation to unnecessarily prolong this costly litigation.

3  **III.  VEOH'S POSITION**

4  Veoh supports the Investor Defendants' proposal as discussed above.  At the

5  same time, Veoh is adamantly opposed to UMG's blanket request for an across-the-

6  board eight week extension, one which would carry discovery in this matter

7  needlessly into the summer.

8  UMG filed this suit on September 4, 2007.  As a result, it has had more than

9  sufficient time to take discovery of Veoh.  Indeed, during the discovery period it has

10 issued 209 individual document requests, served multiple sets of interrogatories, and

11 taken eight depositions.  With the exception of two depositions pending[4] and

12 compliance with current orders issued by Magistrate Judge Wistrich, discovery

13 between UMG and Veoh is complete, and should not be extended.  UMG continues

14 to use this litigation – and drag it out – to effectively bleed Veoh dry through

15 litigation costs and fees.  Veoh respectfully requests that the Court adopt the

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

---

25     [4] One of these depositions, of an UMG employee, is scheduled for tomorrow,
26 April 16, 2009.  The other relates to UMG's request that Veoh produce its former
   head of business development, Lew Roth, for deposition.  In the alternative, UMG
27 has asked that Veoh agree to waive any authenticity objection to approximately
   1,700 pages of documents.  Veoh is conducting that review now and this issue will
28 be resolved shortly.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

JOINT REPORT PURSUANT TO
APRIL 6, 2009 ORDER

1  Investor Defendants' proposal, and keep the close of discovery in effect between

2  UMG and Veoh.

3

4      Respectfully submitted,

5

6  Dated:  April 15, 2009                    IRELL & MANELLA LLP

7

8

9                                            By:         /s
                                                 _____
10                                               Steven A. Marenberg
                                                 Attorneys for Plaintiffs
11

12  Dated:  April 15, 2009                    WINSTON & STRAWN LLP

13

14

15                                            By:         /s (with permission)
                                                 _____
16                                               Thomas Lane
                                                 Attorneys for Defendant Veoh
17                                               Networks, Inc.

18

19  Dated:  April 15, 2009                    WILMER CUTLER PICKERING HALE
                                             AND DORR LLP
20                                            ORRICK HERRINGTON & SUTCLIFFE
                                             LLP
21

22

23

24                                            By:         /s (with permission)
                                                 _____
                                                 Robert G. Badal
25                                               Attorneys for Defendants Shelter
                                                 Capital Partners, LLC, and Shelter
26                                               Venture Fund, L.P.

27

28

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1985765

- 8 -

JOINT REPORT PURSUANT TO
APRIL 6, 2009 ORDER

| | |
|---|---|
| 1 | Dated: April 15, 2009 |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | Dated: April 15, 2009 |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |

Dated:  April 15, 2009

KULIK, GOTTESMAN, MOUTON & SIEGEL, LLP


By:      /s (with permission)
    Alisa S. Edelson
    Attorneys for Defendant The Tornante
    Company LLC


Dated:  April 15, 2009

WILMER CUTLER PICKERING HALE AND DORR LLP


By:      /s (with permission)
    Maria Vento
    Attorneys for Defendants Spark
    Capital, LLC, and Spark Capital, L.P.

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1985765

- 9 -

JOINT REPORT PURSUANT TO
APRIL 6, 2009 ORDER