**RE: DOCKET NO. 336**

1. Rebecca Lawlor Calkins (SBN: 195593)
   Email: rcalkins@winston.com
2. Erin R. Ranahan (SBN: 235286)
   Email: eranahan@winston.com
3. **WINSTON & STRAWN LLP**
   333 South Grand Avenue, 38th Floor
4. Los Angeles, CA 90071-1543
   Telephone: (213) 615-1700
5. Facsimile: (213) 615-1750

6. Jennifer A. Golinveaux (SBN 203056)
   Email: jgolinveaux@winston.com
7. **WINSTON & STRAWN LLP**
   101 California Street
8. San Francisco, CA 94111
   Tel: (415) 591-1506/Fax: (415) 591-1400

10. Michael S. Elkin (*pro hac vice*)
    Email: melkin@winston.com
11. Thomas P. Lane (*pro hac vice*)
    Email: tlane@winston.com
    **WINSTON & STRAWN LLP**
12. 200 Park Avenue
    New York, New York 10166
13. Tel: (212) 294-6700/Fax: (212) 294-4700

14. Attorneys for Defendant VEOH NETWORKS, INC.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> VEOH NETWORKS, INC, *et al.*, <br><br> Defendants. | Case No. CV 07 5744 – AHM (AJWx) <br><br> **VEOH NETWORKS, INC.'S *EX PARTE* APPLICATION FOR PERMISSION TO SUPPLEMENT THE RECORD IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT TO INCORPORATE UMG'S RECENT WITHDRAWAL OF ALLEGED INFRINGEMENTS** <br><br> **CONCURRENTLY FILED HEREWITH:** <br><br> **(1) DECLARATION OF ERIN R. RANAHAN IN SUPPORT OF *EX PARTE* APPLICATION; AND** <br><br> **(2) [PROPOSED] ORDER** <br><br> Discovery Cutoff: April 13, 2009 <br> Pretrial Conference: August 3, 2009 <br> Trial Date: August 18, 2009 |

**VEOH'S *EX PARTE* APPLICATION FOR PERMISSION TO SUPPLEMENT THE RECORD ISO ITS MOTION FOR SUMMARY JUDGMENT – Case No. CV 07 5744 AHM (AJWx)**

Dockets.Justia.com

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Local Rule 7-19, Defendant Veoh Networks, Inc. ("Veoh") hereby applies to this Court *ex parte*, for an order granting permission for Veoh to supplement the record in support of its Motion for Summary Judgment Re Entitlement to Section 512(c) Safe Harbor (Docket No. 336) ("Motion") with UMG's recently amended Exhibit A to UMG's Response to Veoh's Interrogatory No. 25, in which UMG withdraws forty alleged infringements from this action. Declaration of Erin R. Ranahan ("Ranahan Decl.") ¶ 2 and Exhibit A (attaching UMG's April 22, 2009 correspondence and amended Exhibit A to UMG's Response to Veoh's Interrogatory No. 25 ("UMG's Withdrawal of Alleged Infringements")).

This *ex parte* application is brought on the grounds that more than four months after UMG identified its list of alleged infringements, two days ago, on April 22, 2009, UMG withdrew its claim with respect to forty of the alleged infringements. *Id.* This amounts to a reduction in potential statutory damages of up to $6,000,000. Notably, after waiting more than a year to identify any alleged infringements in this action, it took UMG (who would be expected to have devoted considerable resources to properly locating and identifying its alleged infringements) more than four months to figure out that it had misidentified numerous works. This information is directly relevant to Veoh's Motion because, in addition to eliminating forty of the alleged infringements at issue in Veoh's Motion, UMG's own difficulties in identifying alleged infringements of its works only highlights that Veoh lacked the ability to make such determinations without cooperation or notification from UMG.

*Ex parte* relief is necessary because this information is directly relevant to Veoh's Motion, and UMG's own error in wrongly identifying certain videos as infringing caused this problem. Veoh only received this information two days ago and would be prejudiced if it is not permitted to supplement the record before the Court rules on its Motion. On April 23, 2009, Veoh's counsel asked Plaintiffs' counsel whether it would oppose this application. On April 24, 2009, Plaintiffs'

1

counsel indicated that it would oppose this application.

The names, addresses, and telephone numbers of UMG's counsel are as follows:

> Steven A. Marenberg
> Elliot Brown
> Brian Ledahl
> Benjamin Glatstein
> IRELL & MANELLA LLP
> 1800 Avenue of the Stars, Ste. 900
> Los Angeles, California 90067-4276
> Telephone: (310) 277-1010
> Facsimile:  (310) 203-7199
> Email: smarenberg@irell.com
> Email: ebrown@irell.com
> Email: bledahl@irell.com
> Email: bglatstein@irell.com

Dated: April 24, 2009      **WINSTON & STRAWN LLP**

By    /s/ Erin R. Ranahan
     Michael S. Elkin
     Thomas P. Lane
     Jennifer A. Golinveaux
     Rebecca L. Calkins
     Erin R. Ranahan
     Attorneys for Defendant
     VEOH NETWORKS, INC

2

**VEOH'S *EX PARTE* APPLICATION FOR PERMISSION TO SUPPLEMENT THE RECORD ISO ITS MOTION FOR SUMMARY JUDGMENT – Case No. CV 07 5744 AHM (AJWx)**

## I. INTRODUCTION

Veoh seeks permission to supplement the record in support of its Motion for Summary Judgment Re Entitlement to Section 512(c) Safe Harbor (Docket No. 336) ("Motion"), to include a supplemental interrogatory response received two days ago, in which UMG withdraws forty of the alleged infringements in this action ("UMG's Withdrawal of Alleged Infringements").

After the parties have completed briefing Veoh's Motion, UMG has now withdrawn forty alleged infringements that it had previously identified, and identified numerous additional errors concerning copyright registration numbers. This information is highly relevant to Veoh's Motion because, in addition to eliminating forty of the alleged infringements at issue in Veoh's Motion, UMG's own difficulties identifying alleged infringements of its works highlights that Veoh lacked the ability to make such determinations without cooperation or notification from UMG.

UMG's supplemental interrogatory response presents additional support for granting Veoh's Motion, and Veoh respectfully requests that the Court grant Veoh's *ex parte* application to consider UMG's Withdrawal of Alleged Infringements.

## II. UMG'S WITHDRAWAL OF FORTY VIDEOS FROM ITS LIST OF ALLEGED INFRINGEMENTS IS DIRECTLY RELEVANT TO VEOH'S PENDING MOTION FOR SUMMARY JUDGMENT

Though UMG filed this action in September 2007, it did not specifically identify any allegedly infringing videos in its Complaint. Not until December 1, 2008 (after Veoh was forced to engage in motion practice) did UMG finally identify alleged infringements in response to Veoh's Interrogatory No. 25. UMG supplemented its list of infringements on January 16, 2009.[1]

---

[1] As addressed in the Motion briefing, UMG identified the alleged infringements in two separate batches. The first batch of 1,591 allegedly infringing videos was identified on December 1, 2008. The second batch of 854 was identified on January 16, 2009, and Plaintiffs have conceded involved videos for which the RIAA sent Veoh DMCA notices (SGI 66), and to which Veoh promptly responded and removed the videos. (Veoh's Reply to Statement of Genuine Issues (Docket No. 415) No. 66; Supplemental Declaration of Stacie Simons (Docket No. 396-2) ¶¶ 4-13 (noting that

1

Just two days ago, on April 22, 2009, UMG notified Veoh that its list of alleged infringements contained numerous errors and that UMG was withdrawing at least forty videos which it had previously claimed were infringing. *See* Ranahan Decl. ¶ 2, Ex. A. This is a significant change amounting to up to a $6,000,000 reduction in potential statutory damages.[2]

In addition to eliminating forty of the alleged infringements at issue in this case, the recent withdrawal is also highly relevant to Veoh's pending Motion because UMG argues as one of the centerpieces of its opposition, that despite its never having sent Veoh a single DMCA notice, Veoh should have had "awareness of apparent infringements" because the allegedly infringing videos contained "red flags" that provided Veoh knowledge of the alleged infringements. *See* UMG's Opposition to Veoh's Motion for Summary Judgment Re Section 512(c) Safe Harbor (Docket No. 380) at pp. 2:9-13, 7:23-8:5, 10:6-11:9. UMG's inability to itself accurately identify infringements *of its own works*—even in the context of providing verified interrogatory responses in the midst of high stakes litigation—only highlights that there were no such "red flags," and moreover, that Veoh lacked the ability to make such determinations without UMG's assistance. UMG's suggestion that Veoh should be on notice of UMG's alleged infringements just by viewing certain videos is absurd considering the admitted errors UMG has experienced in identifying alleged infringements on Veoh. If UMG and its entire team of lawyers, who have been

---

for each of the works identified in the RIAA notices that UMG submitted with its opposition, such works were removed within 24 hours.)

[2] Tellingly, UMG's recent disclosure of numerous errors in its identification of alleged infringements follows UMG being ordered by Magistrate Judge Wistrich to produce chain of title documents for twenty percent of its allegedly infringed works (chosen by Veoh), which came to 241 works. (Docket No. 321). Magistrate Judge Wistrich explained that he would require UMG to produce the information with respect to the twenty percent and if sufficient defects were found in this sample twenty percent, the parties should meet and confer regarding whether production of the remaining eighty percent was warranted and if the parties could not agree, the Court would consider the matter on expedited means. *Id.* Following Magistrate Judge Wistrich's Order, UMG has now withdrawn its claims with respect to 24 (or ten percent) of those sample works. Veoh is now addressing with Plaintiffs the need for ownership information with respect to the other eighty percent.

**VEOH'S *EX PARTE* APPLICATION FOR PERMISSION TO SUPPLEMENT THE RECORD ISO ITS MOTION FOR SUMMARY JUDGMENT – Case No. CV 07 5744 AHM (AJWx)**

1 litigating UMG's claims in this action for nearly two years, are unable to properly
2 identify UMG's alleged infringements, Veoh's employees cannot reasonably be
3 expected to do so. UMG's attempt to force Veoh to shoulder the entire burden of
4 policing and accurately identifying infringements, with no assistance or cooperation
5 from UMG, is unreasonable and unworkable.

## III. *EX PARTE* RELIEF IS NECESSARY

*Ex parte* relief is appropriate here because Veoh is without fault in creating this problem and Veoh would be prejudiced if such matters were heard on regular notice. First, there is no question that UMG delayed four months, and after the Motion papers were submitted, before notifying Veoh that it made significant errors in identifying its alleged infringements at issue in this case. Second, Veoh may be irreparably prejudiced if the Court rules on its Motion without allowing Veoh the opportunity to supplement the record with UMG's newly revised list of alleged infringements. For the good cause set forth above, Veoh respectfully requests that the Court grant Veoh's *ex parte* relief, and consider UMG's Withdrawal of Alleged Infringements as part of the record on Veoh's Motion.

## IV. CONCLUSION

For all the foregoing reasons, Veoh respectfully requests that Court grant Veoh's *ex parte* application and consider UMG's Withdrawal of Alleged Infringements as part of the record on Veoh's Motion.

Dated: April 24, 2009     **WINSTON & STRAWN LLP**

By   /s/ Erin R. Ranahan
Michael S. Elkin
Thomas P. Lane
Jennifer A. Golinveaux
Rebecca L. Calkins
Erin R. Ranahan
Attorneys for Defendant
VEOH NETWORKS, INC.