IRELL & MANELLA LLP
Steven A. Marenberg (101033) (smarenberg@irell.com)
Elliot Brown (150802) (ebrown@irell.com)
Brian Ledahl (186579) (bledahl@irell.com)
Benjamin Glatstein (242034) (bglatstein@irell.com)
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> VEOH NETWORKS, INC., *et al.*, <br><br> Defendants. | Case No. CV-07-05744 AHM (AJWx) <br><br> **UMG'S *EX PARTE* APPLICATION TO CONTINUE TIME TO RESPOND TO VEOH'S MOTION TO COMPEL UMG TO PRODUCE FURTHER CHAIN OF TITLE DOCUMENTS (DKT. # 432); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRIAN LEDAHL** <br><br> Judge: Hon. Andrew J. Wistrich <br><br> Date: TBD <br> Time: TBD <br> Ctrm: 690 <br><br> Discovery Cutoff: May 4, 2009 <br> Pretrial Conference: August 3, 2009 <br> Trial Date: August 18, 2009 |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2056635

UMG'S EX PARTE APPLICATION TO CONTINUE TIME
TO SUBMIT RESPONSE TO VEOH'S MOTION

Docke

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Local Rule 7-19, Plaintiffs UMG Recordings, Inc., Universal Music Corp., Songs of Universal, Inc., Universal-Polygram International Publishing, Inc., Rondor Music International, Inc., Universal Music – MGB NA LLC, Universal Music – Z Tunes LLC, and Universal Music – MBG Music Publishing Ltd. (collectively "UMG") hereby apply to the Court *ex parte* for a continuance of UMG's time to respond to Veoh's Motion to Compel UMG To Produce Further Chain of Title Materials (Dkt. # 432). UMG seeks a continuance of its time to respond to Tuesday, May 12, 2009. Veoh filed its motion at approximately 8:00 p.m. on Monday, May 4, and provided no notice of hearing or other briefing information regarding the motion. Veoh's counsel was apparently notified by the Court on April 30, 2009 of the Court's desire that Veoh file its motion by May 4 and that UMG file its opposition by May 8. Veoh did not, however, inform UMG of this schedule. UMG did not learn of this purported schedule until May 6. Because Veoh did not provide UMG any notice of the briefing schedule desired by the Court, UMG respectfully requests a brief extension (two Court days) to submit its response. This application is based upon the application, the accompanying Memorandum of Points and Authorities, the accompanying declaration of Brian Ledahl, the files and records in this action, and such other matters of which the Court may take judicial notice.

The name, address, and telephone number of Veoh's counsel are as follows:

| | |
|---|---|
| Jennifer Golinveaux | Rebecca Calkins |
| WINSTON & STRAWN LLP | Erin Ranahan |
| 101 California Street | WINSTON & STRAWN LLP |
| San Francisco, CA 94111-5894Fax: | 333 South Grand Avenue, 38th Floor |
| Telephone: (310) 586-7800 | Los Angeles, CA 90071-1543 |
| Facsimile: (310) 591-1400 | Telephone: 213-615-1700 |
| Email: jgolinveaux@winston.com | Facsimile: 213-615-1750 |
| | Email: rcalkins@winston.com |
| | Email: eranahan@winston.com |

Michael S. Elkin

Thomas P. Lane
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email: tlane@winston.com
Email: melkin@winston.com

Counsel for Veoh received notice of this *ex parte* application on May 6, 2009. Ledahl Decl. ¶ 8 & Ex. A. Veoh did not respond to indicate whether they opposed this application.

Dated: May 6, 2009　　　　　　　　　　IRELL & MANELLA LLP
　　　　　　　　　　　　　　　　　　　Steven A. Marenberg
　　　　　　　　　　　　　　　　　　　Elliot Brown
　　　　　　　　　　　　　　　　　　　Brian Ledahl
　　　　　　　　　　　　　　　　　　　Benjamin Glatstein


　　　　　　　　　　　　　　　　　　　By:　　　/s Brian Ledahl
　　　　　　　　　　　　　　　　　　　　　　　Brian Ledahl

　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

UMG seeks a brief continuance because it was not notified of the Court's request for an expedited briefing schedule on Veoh's motion until two days after the motion was filed (and only two days before the response would otherwise purportedly be due). As set forth below, Veoh received some instruction from the Court about its preference for the briefing of Veoh's motion, but Veoh's counsel never provided this information to UMG. UMG seeks to avoid the unfair prejudice from having to respond to Veoh's motion on shortened time without fair notice. Given that Veoh's motion, if granted, would impose massive, costly, burdens on UMG, a fair opportunity for response should be provided. UMG should not be penalized for Veoh's failure to communicate the Court's direction to UMG. Consequently, the brief continuance requested by UMG should be granted.

## II. FACTUAL BACKGROUND

The Court's March 5, 2009 Order contemplated that if further motion practice was to occur the parties were directed to contact the Court for instructions for presenting that dispute. March 5, 2009 Order (Dkt. # 321). On April 28, 2009, the parties placed a joint telephone call to the Court, pursuant to the March 5, 2009 Order, seeking the Court's instruction regarding presentation of Veoh's anticipated motion. Ledahl Decl., ¶ 3. The parties left a voice message and counsel for Veoh, Erin Ranahan, promised that she would promptly advise UMG's counsel if she received a return telephone call. *Id*. Ms. Ranahan never contacted UMG to indicate any return call or other instruction from the Court. Indeed, UMG received no further communication on the subject until Veoh's motion was filed on the night of May 4. Ledahl Decl., ¶ 4.

Veoh's Motion To Compel UMG To Produce Further Chain of Title Materials (Dkt. # 432) was not noticed for any hearing date. The notice of motion and motion provided UMG with no indication of any Court-set briefing schedule for the motion.

Instead, the notice of motion made a vague reference to "oral instructions from the Court received on April 30, 2009." UMG never received any oral instructions from the Court on April 30, 2009. Ledahl Decl., ¶ 5. Veoh never notified UMG of any instructions received from the Court on April 30, 2009. *Id.*

UMG wrote to counsel for Veoh on April 6, after reviewing the moving papers, inquiring about the vague reference in the papers. Ledahl Decl., ¶ 6 and Ex. A. Veoh responded by indicating that on April 30, the Court had directed that Veoh file its motion on May 4, and UMG file its response on May 8. *Id.* This was the first time UMG received any indication of the briefing schedule contemplated by the Court for Veoh's motion. *Id.* Shortly after receiving this response, UMG contacted Veoh's counsel to inquire whether Veoh would oppose an ex parte application seeking additional time in light of these circumstances. Ledahl Decl., ¶ 8 and Ex. A. Veoh never responded. *Id.*

### III. EX PARTE RELIEF SHOULD BE GRANTED TO AVOID UNFAIR PREJUDICE TO UMG

Veoh's motion relates to an underlying motion that was denied in part. In that motion, Veoh previously sought all of the same material it now seeks. (Dkt. # 221). In connection with the briefing of that underlying motion, UMG explained that producing the materials sought would be incredibly burdensome. *See* Declaration of Michael Ostroff (submitted as Ex. C to the Declaration of Brian Ledahl, Dkt. # 247). In his undisputed testimony, Mr. Ostroff explained that collecting and producing the materials sought by Veoh would be a massive undertaking, likely costing millions of dollars. *Id.* UMG strenuously opposes Veoh's current motion as unwarranted. Veoh has no basis for its request for this massively costly discovery. Given the massive costs that Veoh's motion seeks to impose, UMG deserves a fair opportunity to respond.

Veoh obtained some instruction from the Court regarding the timing of briefing for this motion, but, innocently or not, failed to provide that information to

1  UMG.  Thus, after Veoh filed its motion, UMG was left to guess when its response
2  might be due.  UMG had received no notice that the Court requested any expedited
3  response to this motion, much less a particular schedule for such response.  UMG
4  only learned of the schedule two days before its purported deadline.  During the
5  limited time scheduled for briefing, UMG's primary counsel who have been
6  involved in this matter are out of the office for significant periods.  UMG's lead
7  counsel, Mr. Marenberg, is out of the office in connection with another matter for
8  two of the four days purportedly provided for briefing.  Ledahl Decl., ¶ 7.  UMG's
9  attorney who has been directly responsible for handling discovery matters, Mr.
10 Ledahl, is also out of the office in connection with another matter for two of those
11 four days.  *Id.*  Veoh's failure to notify UMG of the Court's proposed briefing
12 schedule prejudices UMG.  Had UMG been timely advised of the Court's requested
13 briefing schedule, it could have immediately requested an adjustment.  Instead,
14 Veoh withheld that information until after its motion had already been filed.

15     This situation warrants *ex parte* relief.  Certainly, no resolution could be had
16 in the time required for a regularly noticed motion.  As described above, UMG will
17 be unfairly prejudiced should the Court not grant a brief continuance.  Further,
18 Veoh, not UMG, created this problem by failing to disclose the Court's requested
19 briefing schedule – despite having promised to contact UMG regarding any
20 response received from the Court.  Veoh's conduct should not be allowed to unfairly
21 prejudice UMG.

## IV. CONCLUSION

For the foregoing reasons, UMG's application should be granted and UMG's time to respond to Veoh's motion should be continued.

Dated: May 6, 2009

Respectfully submitted,

IRELL & MANELLA LLP
Steven A. Marenberg
Elliot Brown
Brian Ledahl
Benjamin Glatstein

By: /s Brian Ledahl
Brian Ledahl
Attorneys for Plaintiffs

# DECLARATION OF BRIAN LEDAHL

I, Brian Ledahl, declare as follows:

1. I am an attorney at the law firm of Irell & Manella LLP, counsel of record for Plaintiffs in the above-captioned action. I am a member in good standing of the State Bar of California and have been admitted to practice before this Court. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. The Court's March 5, 2009 Order contemplated that with respect to the issues presented in Veoh's pending Motion to Compel (Dkt. # 432), "[i]f the Parties cannot reach agreement, they are directed to contact the Court for instructions for bringing the issue to the Court for resolution in an expedited manner."

3. Pursuant to that Order, counsel for Veoh, Erin Ranahan, and I jointly placed a call to the Court on April 28, 2009. Because there was no answer, we left a voice message. In connection with placing this call, Ms. Ranahan indicated that if she received a return call from the Court, she would promptly notify me of any message or return call received from the Court.

4. After this April 28 call, Ms. Ranahan never contacted me to indicate that Veoh had received any return call from the Court.

5. On May 4, 2009, at approximately 8:00 p.m., Veoh filed its motion. In that motion, Veoh stated vaguely in its papers that its filing was pursuant to "oral instructions from the Court received on April 30, 2009." Veoh had never notified UMG of any such oral instructions received from the Court and UMG had never received them. Veoh's motion papers did not set any hearing date for the motion, nor did they indicate anything regarding a briefing schedule for the motion.

6. After having an opportunity to review Veoh's motion, I contacted Ms. Ranahan by email on April 6, 2009 to inquire what instructions were referenced in Veoh's motion papers. Ms. Ranahan responded by indicating that the Court had requested that Veoh file its motion by May 4 and UMG file its opposition by May 8.

1 This was the first indication UMG received of any expedited briefing schedule. A true and correct copy of my email exchange with Ms. Ranahan is attached hereto as Exhibit A.

7. During the four-day period that Veoh identified as UMG's opportunity to respond to Veoh's motion, UMG's lead counsel, Mr. Marenberg, is out of the office for at least two days in connection with another matter. Likewise, during that same four-day period, I am out of the office for at least two days in connection with another matter.

8. After receiving Ms. Ranahan's email identifying the Court's requested briefing schedule, I promptly contacted Ms. Ranahan to inquire whether Veoh would oppose UMG's *ex parte* application for a brief continuance. A true and correct copy of this request is included within the email exchange attached hereto as Exhibit A. Ms. Ranahan has not responded.

Executed on May 6, 2009, at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s Brian Ledahl
Brian Ledahl