IRELL & MANELLA LLP
Steven A. Marenberg (101033) (smarenberg@irell.com)
Elliot Brown (150802) (ebrown@irell.com)
Brian Ledahl (186579) (bledahl@irell.com)
Benjamin Glatstein (242034) (bglatstein@irell.com)
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>VEOH NETWORKS, INC., *et al.*,<br><br>Defendants. | Case No. CV-07-05744 AHM (AJWx)<br><br>**UMG'S SURREPLY IN OPPOSITION TO VEOH'S MOTION TO COMPEL THE PRODUCTION OF ADDITIONAL CHAIN-OF-TITLE DOCUMENTS, OR ALTERNATIVELY TO EXTEND VEOH'S DEADLINE TO COMPLETE ITS REVIEW OF UMG'S CHAIN-OF-TITLE DOCUMENTS**<br><br>**Filed Concurrently Herewith: Supplemental Declaration of Carter Batsell**<br><br>Judge: Hon. Andrew J. Wistrich<br><br>Discovery Cutoff: May 4, 2009<br>Pretrial Conference: August 3, 2009<br>Trial Date: August 18, 2009 |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2061723.1 01

UMG'S SURREPLY IN OPPOSITION TO VEOH'S
MOTION TO COMPEL THE PRODUCTION OF
ADDITIONAL CHAIN-OF-TITLE DOCUMENTS

Dockets.Justia.com

# I. INTRODUCTION

Veoh's latest brief rehashes its demand for so-called "chain-of-title" documents for all copyrighted works at issue. In support of this demand, Veoh's Reply – like its other papers – identifies no "chain-of-title" document produced by UMG that purportedly supports Veoh's defenses. Nor does it identify a single defect in UMG's ownership of copyrights contained in Veoh's sample of works— despite Veoh's having and allegedly reviewing UMG's production of "chain-of-title" documents for over a month. Nor does Veoh's Reply even indicate how Veoh intends to use the documents already produced by UMG, or the mountain of additional documents it seeks, to rebut liability for its massive infringement of UMG's copyrights. All Veoh points to in support of its demand are UMG's good faith, limited corrections to a list of thousands of works infringed by Veoh. UMG's honesty and diligence is no basis for ordering the burdensome production sought by Veoh, and the Court should therefore deny Veoh's motion.

Alternatively, Veoh's Reply seeks production of "chain-of-title" documents for a 20% sample of the thousands of additional infringed works identified by UMG through its review of Audible Magic metadata. Veoh has known since at least April 7, 2009 that UMG would identify additional infringements based on Audible Magic metadata. It could have previously raised this "alternative" relief with the Court— including in its opening brief. It did not. Instead, it waited until now to request these documents, the location, production, and review of which will threaten the current case schedule. Further, Veoh's request is no "alternative." Veoh's discovery conduct confirms that, even if it receives "chain-of-title" documents for a 20% sample of the Audible Magic-identified infringed works, Veoh will simply return to the Court at a later date seeking production of "chain-of-title" documents for all works at issue. Given Veoh's inability to dispute the burden to UMG of producing these documents; Veoh's inability to identify a single defect in UMG's ownership of copyrights identified in Veoh's original sample; and the conflict this

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

production poses to the current case schedule, the Court should likewise reject this alternative.[1]

## II. VEOH FURTHER MISREPRESENTS THE FACTUAL RECORD

As with Veoh's opening brief, so here: Veoh further distorts the factual record to get what it wants. Veoh claims to have "learned that UMG produced certain chain of title documents for the sample 20% two weeks after its deadline and a day before Veoh's analysis was due." Reply at 2:16-18. This is a deliberate misrepresentation. On April 22nd, UMG produced documents Bates stamped UMG01704657-UMG01706993. Supplemental Declaration of Carter Batsell ("Supp. Batsell Decl.") at ¶ 2. This production contained financial documents regarding the works at issue and comprehensive financial statements for UMG. *Id*. There is not a single "chain-of-title" document in this production, *id.*, and thus no "belated production" of "chain-of-title documents" relating to the sample works slowed Veoh's review.

This misrepresentation aside, Veoh's Reply nowhere rebuts UMG's correction of inaccuracies put forward in Veoh's opening brief. For example, UMG noted the sensible organization of its production of "chain-of-title" documents, which was neither "disorganized" nor "haphazard" as Veoh claimed. Opp. at 4:6-28. Veoh's Reply nowhere disputes this fact. Responding to Veoh's claim that a limited number of typographical errors "caused [it] to waste significant resources searching for copyright registrations that were apparently erroneous," UMG noted that it corrected registration number typos as to just <u>two</u> works in Veoh's sample, works for which UMG had correctly identified the registration numbers elsewhere in its list of infringements. Opp. at 5 n.2. Again, Veoh nowhere disputes this fact. Further, UMG noted that a minor, technical glitch regarding document metadata did

---
[1] Veoh also seeks "thirty days to complete its analysis" of the "chain-of-title" documents produced by UMG. Reply at 6:21-24. As UMG explained in its opposition, this request is moot: Veoh has already had *forty* days to review these documents.

not impede Veoh's review of the documents in UMG's "chain-of-title" production, Veoh's claim to the contrary notwithstanding, *see* Opp. at 5:1-12. Again, Veoh does not dispute this correction. In sum, Veoh's Reply effectively concedes that multiple grounds for its requested relief simply were not true. Like Veoh's latest false claim of a "belated chain-of-title production," these were misleading distractions set forth to justify the imposition of an undue burden on UMG.

### III. VEOH'S REQUESTED RELIEF REMAINS INCOMPATIBLE WITH THE CURRENT CASE SCHEDULE

UMG's Opposition explained why the massive document production sought by Veoh is unduly burdensome[2] and incompatible with the current case schedule. Opp. at 8:1-8, 10:3-6. Veoh does not rebut these arguments, except to say that "[t]here will be no impact on the current case schedule if UMG is simply ordered to promptly make a complete production of its chain of title documents." Reply at 4:3-4. This is no answer. Veoh has infringed thousands of UMG's copyrights; UMG's Opposition and the accompanying Declaration of Michael Ostroff detailed the expense and burden of producing "chain-of-title" documents for all of these works. *See* Opp. 7:5-26. UMG's papers clearly articulate why locating, reviewing, and producing chain-of-title documents for all the works at issue is extremely burdensome and infeasible within the current schedule.

Veoh's alleged intention to review these documents is equally untenable, given the current schedule. Through its current motion, Veoh seeks more than thirty days to review the chain-of-title documents already produced for the sample of works; those works alone generated almost 100,000 pages of "chain-of-title" documents. Veoh nowhere explains how it will review the universe of chain-of-title

---

[2] Veoh argues that this burden "has to be weighed against the prism of the over ten million dollar reduction in statutory damages though [sic] the 20% sample . . . ." Veoh's "ten million dollar reduction" claim is in stark contrast to its recently submitted expert report, which advocates the award of minimum statutory damages – $750 – for each work infringed by Veoh.

1  documents, or even chain-of-title documents pertaining to a 20% sample of the
2  Audible Magic-identified infringements, within the current schedule.

      Unable to meaningfully dispute this scheduling conflict, Veoh blames the impasse on UMG, alleging that "UMG delayed more than a year into this lawsuit before identifying any infringements, requiring Veoh to engage in extensive motion practice."[3] Reply at 4:6-7. Veoh claims to have "moved to compel this information in October 2008." *Id.* at 4 n.5. Veoh did move to compel this information in October 2008 (its second motion to compel on this issue)—improperly. The Court rejected Veoh's motion, noting that "it [was] unclear whether Veoh [was] essentially attempting to compel a response to the interrogatory it served on October 24, 2008." November 21, 2008 Order (Docket No. 219). That was precisely what Veoh had done. UMG timely identified infringements in response to the interrogatory Veoh served in October 2008, without any attendant motion practice. Thus, any delay is attributable to Veoh, who did not propound its discovery request until "more than a year into this lawsuit," and who persisted in bringing motions to compel "chain-of-title" discovery rejected as insufficient by this Court. *See* Opp. at 10 n.5.

## IV. UMG'S GOOD FAITH AND DILIGENCE REMAIN VEOH'S SOLE BASIS FOR COMPELLING A MASSIVELY BURDENSOME PRODUCTION

      UMG's Opposition explained that Veoh must come forward with something more than UMG's honesty and diligence to warrant the burdensome production it would impose on UMG. Opp. at 8:10-9:17. Despite having UMG's production of "chain-of-title" documents for forty days, and despite demanding that UMG produce

---

[3] Veoh also complains that UMG did not identify infringements based on Audible Magic metadata until May 11, 2009, engendering further delay. Again, any delay is attributable to Veoh's conduct. Veoh did not provide UMG with Audible Magic metadata until almost March. The data set was massive, and UMG ultimately located over 5,000 additional infringing videos based on this information. Supp. Batsell Decl. at ¶ 3. UMG timely identified these videos on May 11th, the deadline set by this Court. *See* April 6, 2009 Order (Docket No. 400).

"chain-of-title" documents for all of the thousands of works at issue, Veoh still has not indicated how it intends to use these documents to rebut liability for its massive infringement. Nor has Veoh identified a single defect in the infringed works' "chain-of-title." Put differently, Veoh's Reply, like its other papers, advances no persuasive basis for compelling production of additional "chain-of-title" documents.

Previous motion papers submitted by UMG explained why the "chain-of-title" documents sought by Veoh have no bearing on this action. The facially valid copyright registrations produced by UMG are not subject to challenge by *Veoh* on the basis that UMG may have failed to observe statutory formalities, or because contracts assigning copyrights to UMG are defective. "Inadvertent mistakes on registration certificates do not invalidate a copyright and thus do not bar infringement actions, unless the claimant intended to defraud the Copyright Office by making the misstatement." *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1145 (9th Cir. 2003) (citations and ellipsis omitted); *see also* 17 U.S.C. § 411(b)(1)(A), (B) (inaccurate registration information will not bar a plaintiff from enforcing a copyright unless the error was intentional and would have, if known to the Copyright Office, caused the registration to be refused).[4] Nor may Veoh use "chain-of-title" discovery to challenge assignments between UMG and its artists and/or composers: third parties lack standing to challenge the absence of a written assignment where neither the transferor nor the transferee disputes the assignment. *See, e.g., Billy-Bob Teeth, Inc. v. Novelty, Inc.*, 329 F.3d 586 (7th Cir. 2003); *Magnuson v. Video Yesteryear*, 85 F.3d 1424 (9th Cir. 1996); *Hart v. Sampley*, 1992 WL 336496, *1 (D.D.C. June 24, 1992) ("Even if, as defendants suggest, the transfer was in some way defective, the defendants would not have standing to

---

[4] Veoh claims that this "is not the type of defect this chain of title production is designed to locate . . . ." Reply at 4 n.3. But Veoh previously noted its intention to make precisely this sort of challenge. *See* Veoh's Renewed Motion to Compel Chain-of-Title Documents at 19:8-13 ("[d]ocuments relating to the registrations may . . . reveal a variety of defects" including "registrations" that "failed to contain all requisite information").

challenge the validity of the transfer because they were not parties to the agreement"). Despite having and purportedly reviewing UMG's "chain-of-title" documents for over a month, Veoh never indicates how, in light of this authority, it will use "chain-of-title" documents to rebut its liability for the massive infringement of UMG's copyrights.

As such, the basis for Veoh's requested relief remains the same: UMG's good faith, limited corrections to its list of infringements warrant further burdensome discovery. In other words, Veoh asks the Court to punish UMG for diligently reviewing its list of videos and correcting a small number of errors identified therein—corrections not limited to the sample works identified by Veoh, or even the artists in Veoh's sample. Ordering burdensome discovery on these grounds – and not on any purported defect identified by *Veoh* – unjustly penalizes UMG. UMG's good faith is no basis for further production.

## V. CONCLUSION

For all of the foregoing reasons, the Court should deny Veoh's Motion.

Dated: May 19, 2009

Respectfully submitted,

IRELL & MANELLA LLP
Steven A. Marenberg
Elliot Brown
Brian Ledahl
Benjamin Glatstein


By:  /s
      Brian Ledahl

Attorneys for Plaintiffs