Rebecca Lawlor Calkins (SBN: 195593)
Email: rcalkins@winston.com
Erin R. Ranahan (SBN: 235286)
Email: eranahan@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Jennifer A. Golinveaux (SBN 203056)
Email: jgolinveaux@winston.com
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
Tel: (415) 591-1506/Fax: (415) 591-1400

Michael S. Elkin (admitted *pro hac vice*)
Email: melkin@winston.com
Thomas P. Lane (admitted *pro hac vice*)
Email: tlane@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166
Tel: (212) 294-6700/Fax: (212) 294-4700

Attorneys for Defendant VEOH NETWORKS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UMG RECORDINGS, INC., a Delaware Corporation, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> VEOH NETWORKS, INC., a California Corporation, et al., <br><br> Defendants. | Case No. CV 07 5744 -- AHM (AJWx) <br><br> **VEOH'S RESPONSE TO UMG'S OBJECTIONS TO "NEWLY SUBMITTED EVIDENCE" BY VEOH IN SUPPORT OF ITS RENEWED MOTION FOR SUMMARY JUDGMENT RE ENTITLEMENT TO SECTION 512(c) SAFE HARBOR** <br><br> Date: HEARING TAKEN OFF-CALENDAR AND MOTION TAKEN UNDER SUBMISSION (DKT. NO. 484) |

LA:247050.2

**VEOH'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO EVIDENCE– CASE NO. 07 5744 – AHM (AJWx)**

## I. INTRODUCTION

In its effort to manufacture any issue of fact with respect to Veoh's Renewed Motion for Summary Judgment Re Entitlement to Section 512(c) Safe Harbor (Dkt. No. 449) ("Renewed MSJ"), UMG purports to object to "newly submitted evidence"—even though Veoh explicitly cited such evidence as evidence it was relying upon in its Notice of Motion and Motion in Support of its Renewed MSJ (Dkt. No. 449, Notice of Motion and Motion, p. 1). Because there was no "new evidence" submitted with Veoh's reply, as all such evidence was submitted in support of Veoh's Renewed MSJ, UMG's objections to this so-called "newly submitted evidence" are misleading and misplaced.

UMG's additional arguments for excluding the evidence likewise fail. There are no inconsistencies between prior testimony and the testimony provided in the Supp. Papa Decl. (Dkt. No. 396-4) or the Supp. Simons Decl., and the exhibits submitted with the Supp. Ranahan Decl. (Dkt. No. 416)—which contain documents produced in this case—speak for themselves. As set forth below, UMG's evidentiary objections are immaterial, baseless, and present no issue of material fact that would preclude Veoh from obtaining summary judgment. For these and the foregoing reasons, Veoh respectfully requests that UMG's objections be overruled.

## II. THERE IS NO "NEWLY SUBMITTED" EVIDENCE

When Veoh originally noticed its Motion for Summary Judgment Re Entitlement to Section 512(c) Safe Harbor for April 13, 2009 ("Original MSJ"), UMG's opposition referenced several misleadingly excerpted items of purported evidence. Though Veoh was able to set the record straight with supplemental evidence presented with its reply in support of its Original MSJ, UMG asked this Court to ignore or disregard this evidence. (Dkt. No. 420).

1

**VEOH'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO EVIDENCE – CASE NO. 07 5744 – AHM (AJWx)**

When Veoh noticed its Renewed MSJ for June 15, 2009,[1] *Veoh explicitly cited all supplemental declarations that UMG now complains are "newly submitted" in its Notice of Motion and Motion in Support of its Renewed MSJ as evidence it was relying upon in support of its Renewed MSJ.*[2] (Dkt. No. 449, Notice of Motion and Motion, p. 1). *Veoh also cited to the evidence where appropriate in its Statement of Uncontroverted Facts and in Response to UMG's Statement of Genuine Issues.* (Dkt. No. 450, ¶¶ 15, 19, 22, 36, 39, 43, 70-71; Dkt. No. 473, ¶¶ 1, 3, 18, 19-21, 26-28, 41, 50-51, 54-56, 60, 68, 86-87, 116, 119, 122, 125, 129, 133, 134-136, 141, 151, 158, 160, 162-163, 165, 176). In other words, while Veoh submitted supplemental evidence to correct the record in support of its Original MSJ, it did not submit any new evidence in support of its Renewed MSJ. Curiously, now UMG complains that the evidence (evidence that was submitted in March 2009 and April 2009) was "nowhere cited in its Renewed Motion for Summary Judgment," (*see* pp. 1:27-28; 3:16-17; 4:10-11; 5:6-7; 5:18-19; 5:27-28); when the evidence was explicitly referenced in support of Veoh's Renewed Motion for Summary Judgment, and cited in supporting documents where appropriate.

## III. THE EVIDENCE VEOH SUBMITTED IN SUPPORT OF ITS RENEWED MSJ IS ENTIRELY PROPER

UMG asks this Court to disregard evidence Veoh submitted in support of its Renewed MSJ, and in doing so relies on three cases that actually *support* the inclusion of Veoh's evidence even if it had been submitted at the reply stage. First, UMG cites *Provenz, et al. v. Miller, et al.,* 102 F.3d 1478, 1483 (9th Cir. 1996) as supporting its request that the Court should disregard evidence. But in *Provenz,* the Ninth Circuit

---

[1] Veoh initially filed its Motion for Summary Judgment Re Entitlement to Section 512(c) Safe Harbor on March 12, 2009. On April 24, 2009 the Court vacated Veoh's motion instructing that "[o]nce non-expert discovery has ended, any party may file a motion or a renewed motion for summary judgment," and that the non-expert discovery cut-off was May 11, 2009. (Dkt. No. 431.) In accordance with that Order, Veoh renewed its motion for summary judgment.

[2] The April 24, 2009 Order also stated that if the renewed "motion refers to exhibits that were previously filed, the exhibits need not be filed anew." *Id.*

2
**VEOH'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO EVIDENCE– CASE NO. 07 5744 – AHM (AJWx)**

*allowed and considered* the plaintiffs' supplemental declaration to rebut the defendants' evidence, overruling the lower court. ("We believe that the district court erred in not considering plaintiffs' supplemental declaration.") *Id.* Second, UMG cites *Schwartz, et al. v. Upper Deck Co.,* 183 F.R.D. 672 (S.D. Cal. 1999), which reserved the question of whether the supplemental evidence would be stricken for a later time, but considered such evidence in ruling on the motion. *Id.* at 682. Third, UMG cites to *Edwards, et al. v. Toys "R" Us et al.,* 527 F. Supp. 2d 1197 (C.D. Cal. 2002)*,* which merely states that "new evidence submitted in reply should not be considered without affording plaintiffs an opportunity to respond." *Id.* at 1205, n. 31.

UMG has unquestionably had the opportunity to respond to or otherwise rebut the evidence presented in Veoh's Renewed Motion. If UMG had any further means by which to counter any of the substantive facts set forth in Veoh's supplemental declarations, it would have presented evidence in its opposition, in its Statement of Genuine Issues, or in its objections to evidence. Tellingly, UMG has not done so. As UMG has had many opportunities to respond to this evidence that was submitted with Veoh's Renewed MSJ, the concern raised by the *Edwards* court is not present here.

UMG also cites *Contratto v. Ethicon, Inc.,* 227 F.R.D. 304, (N.D. Cal. 2005) as an example of a court striking newly submitted evidence, yet in that case, the court explicitly noted that it was only striking in part a declaration, and only to the extent that it sought to introduce new arguments and facts not raised by the motion or opposition. *Id.* at 309l, n. 5. Veoh did not present *any* new evidence with its reply, let alone evidence that presents new arguments or facts not otherwise raised by the motion or opposition.

Further, UMG cites one claim construction order in a patent case to support its claim that courts "commonly sustain objections" like those UMG raises, *Enovsys LLC v. Nextel Communications, Inc.,* 2008 WL 4974849 (C.D. Cal. 2008). In *Enovsys LLC,* the court sustained an objection to a newly proposed claim construction that was submitted with a reply. *Id.* Once again, the evidence at issue here was submitted with

3
**VEOH'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO EVIDENCE– CASE NO. 07 5744 – AHM (AJWx)**

Veoh's Renewed MSJ—not at the reply stage. The specific evidence was presented with Veoh's Renewed MSJ in anticipation of responding to arguments expected in UMG's opposition and to provide complete facts. Thus, Veoh's previously submitted evidence is nothing like the situation in *Enovsys,* where the movant sought to present an entirely new claim construction at the reply stage. Because Veoh's supplemental evidence was submitted in direct response to UMG's anticipated arguments in its opposition and to present complete facts, and was submitted not with Veoh's reply but in support of its Renewed Motion, UMG's request to disregard the supplemental evidence should be rejected.

Finally, UMG cites *Verizon California Inc. v. Ronald A. Katz Technology Licensing, L.P.,* 2003 WL 25761597 (C.D. Cal. Dec. 2, 2003), which involved a case in which the defendant sought to introduce declarations that *contradicted* prior deposition testimony, arguing that to the extent the declarations were inconsistent with such prior depositions, such prior testimony "should be disregarded." *Id.* at *35. As discussed below with respect to the supplemental declarations of Stacie Simons and Joseph Papa, Veoh is not asking this Court to "disregard" any prior testimony, as there are no inconsistencies between any of the prior and supplemental testimony. The supplemental declarations of Papa and Simons simply offer clarifying statements to present a complete record in response to distortions Veoh expected UMG would raise in its opposition.

Here, we are not even dealing with supplemental evidence submitted at the reply stage, because Veoh explicitly relied on the information in its Renewed MSJ. To the extent UMG objects to Veoh having cited more specifically in its Response to UMG's Statement of Genuine Issues certain sections of the supplemental declarations filed in support of Veoh's Renewed MSJ, the cases cited above would *support* the inclusion of such evidence. As this evidence was submitted long before Veoh filed its Renewed MSJ, and was specifically cited as supporting evidence in its Renewed MSJ, UMG's attempt to manufacture an "issue of material fact" should be rejected.

4
VEOH'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO EVIDENCE– CASE NO. 07 5744 – AHM (AJWx)

## IV. UMG'S OBJECTIONS TO VEOH'S EVIDENCE ARE WITHOUT MERIT AND SHOULD BE OVERRULED

### A. UMG's Objections to the Supplemental Joseph Papa Declaration Should Be Overruled

UMG's objection to ¶ 2 of the Supplemental Declaration of Joseph Papa (Dkt. No. 396-4) ("Supp. Papa Decl.") presents no "issue of material fact" because contrary to UMG's suggestion, there is no inconsistency in Papa's testimony, to wit:

- In Section III.A.1. of UMG's Objections, the discussion UMG quotes from Papa's Rule 30(b)(6) deposition testimony specifically addressed Veoh's "technical ability" to delete content (which is undisputed and necessary for Veoh to comply with its obligations under the DMCA), while the Supp. Papa Decl. ¶ 2 simply notes that Veoh is able to remove content upon notice. There is no "inconsistency."

- UMG also claims "inconsistency" between Papa's Supp. Decl. ¶ 3 and the deposition testimony of Dmitry Shapiro. Batsell Decl. Ex. B., at 43:8-16. Specifically, UMG cites to a response from Shapiro where he responds to a question about whether "anything" changed about the "way that the client software application functioned." After Veoh lodged an objection on the record specifically to the "technological process," Shapiro responded "I don't know, but I don't believe so." *Id.* Thus, as it was qualified with "I don't know," this testimony can hardly be considered an inconsistency with Papa's testimony. In an event, it presents no disputed fact material to Veoh's motion.

- Regarding Supp. Papa Decl. ¶ 5, UMG cites to Papa's prior deposition testimony when he did not know off-hand what altMeta referred to. Since that deposition on January 20, 2009, and since UMG subsequently served an interrogatory about the field, Papa investigated in order to respond to UMG's interrogatory and to respond to UMG's specious allegations regarding the

manner in which the altMeta field was (and was not) used. Because there is no inconsistency and no genuine issue of disputed fact, UMG's objection should be overruled.

**B. UMG's Objections to Stacie Simons' Supplemental Declaration (Dkt. No. 396-2) Should Be Overruled**

**1. Simons' Statement About Her Inspection of Works Identified By The Audible Magic Filter Is Not Inconsistent With Her Deposition Testimony**

UMG claims an inconsistency exists between Simons' Supp. Decl. ¶ 2 (Dkt. No. 396-2) and Simons' prior deposition testimony in which Simons testified that "Veoh's repeat infringer policy" does not relate to the Audible Magic filter. But Simons explains precisely that in Simons' Supp. Decl. ¶ 2. As opposed to Veoh's policy of automatically terminating a user upon Veoh receiving a second DMCA notice, the Simons Supp. Decl. explains that because of the manner in which the Audible Magic filter works, and because Veoh was not provided information for counter-notifications by the copyright holders who submit works to Audible Magic, she personally reviews the accounts of those who have videos caught by the Audible Magic filter (rather than automatically applying Veoh's policy of two strikes and you are out, such that two hits from the filter would automatically cause termination.) Simons Supp. Decl. ¶ 2 thus describes the alternate way that Veoh treats Audible Magic hits (Simons personally reviewing accounts to make the determination about whether to terminate a user), which is different from Veoh's standard repeat infringer policy with respect to notices of infringement. Therefore, there is no "inconsistency" in Simons' testimony.

**C. UMG's Objections to the Ranahan Declaration Are Immaterial**

With respect to UMG's objections to the Declaration of Erin Ranahan (Dkt. No. 407) ("Ranahan Decl.") ¶ 4 and ¶ 11, both Exhibits C and E are documents produced long ago in this action, and speak for themselves.

VEOH'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO EVIDENCE– CASE NO. 07 5744 – AHM (AJWx)

Exhibit C is not cited as an example on "Veoh.com," but does stand for the proposition stated – that UMG produced documents that show that bands' other agents have leaked or otherwise placed videos "onto the Internet." The alleged dispute does not create a material disputed issue. Notably, UMG does not proffer evidence to substantively refute the contents of Exhibit C, and does not explain how its objections would create a genuine disputed fact material to Veoh's motion.

UMG's objection to Exhibit E is simply its attempt to present only a portion of the email chain (attached as Exhibit 44 to the Batsell Decl. filed with UMG's opposition) about suspected infringing videos on Veoh. What UMG conveniently omits is the portion of the email chain where Veoh states that the suspected infringing videos were immediately taken down. Once again, UMG does not proffer evidence to substantively refute the contents of Exhibit C, and does not explain how its objections would create a genuine disputed fact material to Veoh's motion. UMG's objection to including the entire context of the email chain should be overruled.

## V. CONCLUSION

UMG's evidentiary objections are baseless and should be overruled in their entirety.

Dated: June 12, 2009                WINSTON & STRAWN LLP


By: /s/ Erin R. Ranahan
Michael S. Elkin
Thomas P. Lane
Jennifer A. Golinveaux
Rebecca Calkins
Erin Ranahan

Attorneys for Defendant
VEOH NETWORKS, INC.