Steven A. Marenberg (101033) (smarenberg@irell.com)
Brian Ledahl (186579) (bledahl@irell.com)
Benjamin Glatstein (242034) (bglatstein@irell.com)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>VEOH NETWORKS, INC., *et al.*,<br><br>Defendants. | **Case No. CV-07-05744 AHM (AJWx)**<br><br>**UMG'S NOTICE OF MOTION AND MOTION *IN LIMINE* RE: COPYRIGHTED WORKS WITHDRAWN FROM UMG'S LIST OF INFRINGING WORKS (MOTION *IN LIMINE* NO. 2)**<br><br>**Filed Concurrently Herewith: Declaration of Brian Ledahl in Support of UMG's Motions *in Limine* Nos. 1-8; [Proposed] Order Granting UMG's Motion**<br><br>Date: August 3, 2009<br>Time: 10:00 AM<br>Judge: Hon. A. Howard Matz<br>Ctrm: 14<br><br>Discovery Cutoff: May 11, 2009<br>Pretrial Conference: August 8, 2009<br>Trial Date: August 18, 2009 |

| | |
|---|---|
| 1 | **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:** |
| 2 | **PLEASE TAKE NOTICE THAT** on August 3, 2009, at 10:00 a.m., or as |
| 3 | soon thereafter as the matter may be heard by the Honorable A. Howard Matz of the |
| 4 | United States District Court for the Central District of California, at 312 N. Spring |
| 5 | Street, Courtroom 14, Los Angeles, CA, 90012, Plaintiffs UMG Recordings, Inc., *et* |
| 6 | *al.* (collectively "UMG") will move and hereby do move for an order excluding |
| 7 | evidence and argument regarding UMG's removal of certain works from its master |
| 8 | list of infringements in this case. UMG respectfully submits that Defendants, their |
| 9 | counsel, and their witnesses should be prohibited from making any argument |
| 10 | concerning, introducing evidence of, or referring to these matters. The evidence is |
| 11 | irrelevant (and thus inadmissible under Fed. R. Evid. 402) and poses a threat of |
| 12 | confusion to the jury and undue delay (and is thus further inadmissible under Fed. R. |
| 13 | Evid. 403). |
| 14 | This motion is made following the conference of counsel conducted pursuant |
| 15 | to Central District Local Rule 7-3, which took place on June 16, 2009. |
| 16 | This motion is based upon this Notice, the accompanying Memorandum of |
| 17 | Points and Authorities, the Declaration of Brian Ledahl In Support of UMG's |
| 18 | Motions *In Limine* ("Ledahl Declaration") (filed concurrently herewith), all |
| 19 | pleadings, papers, and records on file in this action, all matters of which the Court |
| 20 | may take judicial notice, and such further written and oral argument as may be |
| 21 | presented to the Court. |
| 22 | Dated: July 6, 2009 |

IRELL & MANELLA LLP
Steven A. Marenberg
Brian Ledahl
Benjamin Glatstein

By: /s/ Brian Ledahl
Brian Ledahl
Attorneys for Plaintiffs

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs UMG Recordings, Inc., *et al.* ("UMG") hereby move for an order *in limine* to exclude from trial any evidence or argument relating to UMG's having removed several works from its list of infringing works at issue in this lawsuit. This evidence is both irrelevant and likely to confuse the issues or mislead the jury.

In October 2008, Veoh propounded an interrogatory requesting that UMG identify the works it alleged Veoh infringed. UMG timely responded to Veoh's interrogatory, and then supplemented its response several times. Currently, UMG has identified approximately 7,800 unauthorized videos from Veoh's website. In connection with its ongoing identification of infringing videos, however, UMG identified forty-nine works that it determined should be removed from its list of infringements for various reasons (including data-entry errors in including the works, changes in rights due to the passage of time, and similar corrections). UMG unilaterally identified and removed these works without any input, urging, or suggestion from Veoh.

Any evidence, argument, or reference to UMG's decision to remove these works from its list of infringements would be both irrelevant and likely to confuse and mislead the jury. Veoh has not claimed any rights to perform, reproduce, display, or distribute *any* of the copyrighted works identified in UMG's infringement list—whether or not UMG ultimately decided to assert an infringement claim over that video. Thus, the removal of these works is irrelevant to Veoh's knowledge of infringement on its website, its willful infringement of copyrights, or any other issue. Moreover, reference to UMG's removal of works from its list may confuse and mislead the jury. UMG's removal of works does *not* mean that Veoh did not infringe those works, but only that, at this time, UMG is not pursuing damages as to those works. Indeed, the risk of confusion is particularly acute given that as to some videos included among those removed by UMG, UMG is

maintaining its infringement action as to the musical composition copyright but not the sound recording copyright. That is, UMG may still assert that a particular video was unauthorized for display or distribution by Veoh, but that only one particular copyright (*e.g.*, the musical composition) was infringed.

Evidence relating to UMG's removal of works is therefore inadmissible under Federal Rules of Evidence 402 and 403.

## II. ARGUMENT

Evidence must be excluded if irrelevant or if any probative value is outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time. Evidence and argument relating to UMG's removal of forty-nine works from its list of infringements is inadmissible for all of these independent reasons.

### A. UMG Timely Identified 7,800 Videos In Suit In Response To A Veoh Interrogatory

In October 2008, Veoh propounded an interrogatory to UMG asking for UMG's identification of unauthorized works on Veoh's website. UMG timely responded, identifying approximately 1,500 copyrighted works; it subsequently supplemented its list several times (based in large part on evidence late-produced by Veoh). At last count, UMG identified approximately 7,800 unauthorized videos made available through Veoh's service.

In connection with its ongoing identification of unauthorized videos available on Veoh's service, UMG determined that it should remove forty-nine works from its list of infringed works, which amounted to the removal of thirty-six videos from a list of numbering just over 7,800.[1] UMG removed these works voluntarily without

---

[1] The number of videos removed is less than the number of works removed given that certain videos displayed and distributed by Veoh implicate multiple copyrights owned by UMG. Hence if UMG withdrew its sound recording infringement claim as to a particular video, but maintained its musical composition claim as to the same video, UMG did not remove that video from its infringement

any suggestion or demand from Veoh. The reasons for removing the works vary: As to many, there were simply data entry errors which led to the inclusion of these works. All told, these thirty-six videos represent less than 0.5% of the total videos identified by UMG as having been unlawfully reproduced, distributed, or performed by Veoh.

### B. Evidence Relating to These Removals Is Irrelevant and Therefore Inadmissible Under FRE 402.

The fact that UMG removed these works from its list of infringements is irrelevant.

- UMG's removal of these works is irrelevant to Veoh's direct infringement of the other thousands of works on UMG's infringement list. The fact that UMG removed these works from its infringement list does not mean that Veoh's use of any of UMG's works was proper. It was not. Indeed, Veoh does not claim the right to use any of the thirty-six videos removed from UMG's infringement list, much less the other 7,800 videos as to which UMG asserts infringement. In short, UMG's removal of these works did not give Veoh a right to use of any UMG's works. The fact that Veoh infringed the rights of many copyright holders does not immunize it from liability to UMG.
- Veoh suggests that UMG's removal of works is relevant to its knowledge of infringement. It is not. UMG's removal of these works is irrelevant to Veoh's knowledge. The Digital Millennium Copyright Act, 17 U.S.C. § 512(c)(1)(A)(i), provides that a limitation on liability is unavailable when a service provider has "knowledge that the material or an activity using the material on the system or network is infringing." Therefore, that UMG made corrections to its list of infringing works in litigation has no

list, and Veoh remains liable for its reproduction, display, performance, and distribution.

bearing on Veoh's knowledge that there was infringing material on its system.

- Veoh also suggests that UMG's removal of works from its copyright infringement list is relevant to Veoh's right and ability to control infringement. Again, not so. The DMCA provides a limitation on liability where a service provider lacks the "right and ability to control [infringing] activity." 17 U.S.C. § 512(c)(1)(B). UMG's removal of works from its list of infringements does not affect whether Veoh had the right or ability to control infringing material on its website.

Accordingly, UMG's removal of these works is simply not relevant. Evidence relating to the UGC Principles must be excluded under Federal Rule of Evidence 402. Fed. R. Evid. 402 ("[e]vidence which is not relevant is not admissible").

### C. This Evidence Is Likely To Confuse The Jury And Result In Undue Delay And Waste Of Time

Because UMG's removal of works from its list of infringements has no relevance to these proceedings, evidence or argument relating to this fact is inadmissible under Rule 402. Alternatively, however, that evidence should be excluded under Rule 403, which excludes evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Here, the probative value of such evidence is substantially outweighed by the likelihood that the evidence will confuse the issues and mislead the jury.

Whether Veoh has knowledge of infringing content on its website is a fact independent of whether Veoh (or for that matter, UMG) knows who owns a particular copyrighted work. Veoh does not claim that it owns or had a right to use any of the copyrighted works UMG removed from its infringement list, *let alone* the

1   7,800 videos that remain on UMG's list.  Veoh might not have known who owned
2   these works, but Veoh knew full well that *it* was not the owner.  This distinction,
3   however, may be lost on the jury, which might very wrongly conflate "knowledge of
4   specifically who owns a copyrighted work" with "knowledge that—whoever owns
5   the copyrighted work—*Veoh does not*."  It is only relevant that Veoh knows that it
6   does not own or have license to use the copyrighted works at issue.  Accordingly,
7   evidence or argument relating to the works removed from UMG's list of
8   infringements risks misleading the jury and confusing the issues.

9       Moreover, this fact is likely to waste the Court's and the jury's time.  Veoh's
10  infringement of thousands of copyrighted works has nothing to do with the fact that
11  UMG removed an exceedingly small percentage of works from its list.  Yet if Veoh
12  presents evidence or argument regarding these works, then UMG must respond by
13  explaining why, for each of these works, it ultimately determined not to claim
14  damages.  UMG would need to put on evidence relating to simple data-entry errors,
15  and other ancillary issues.  None of this, however, means that *Veoh* had any right
16  whatsoever to use any of these works—it only explains why UMG ultimately opted
17  not to pursue damages as to these works.  Thus, the mini-trial into the creation of
18  UMG's infringement list would result in a waste of time.

19      Accordingly, Rule 403 bars the admission of evidence or argument relating to
20  UMG's removal of works from its infringement list.

21  **III.  CONCLUSION**

22      For the foregoing reasons, UMG respectfully requests an order excluding
23  //
24  //
25  //
26  //
27  //
28  //

from consideration at trial any evidence or argument relating to UMG's removal of forty-nine works (or thirty-six videos) from its list of infringements.

Dated: July 6, 2009

IRELL & MANELLA LLP
Steven A. Marenberg
Brian Ledahl
Benjamin Glatstein

By: /s/ Brian Ledahl
Brian Ledahl
Attorneys for Plaintiffs