Steven A. Marenberg (101033) (smarenberg@irell.com)
Brian Ledahl (186579) (bledahl@irell.com)
Benjamin Glatstein (242034) (bglatstein@irell.com)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> VEOH NETWORKS, INC., *et al.*, <br><br> Defendants. | **Case No. CV-07-05744 AHM (AJWx)** <br><br> **UMG'S NOTICE OF MOTION AND MOTION *IN LIMINE* RE: EVIDENCE RELATING TO THE UGC PRINCIPLES (MOTION *IN LIMINE* NO. 3)** <br><br> **Filed Concurrently Herewith: Declaration of Brian Ledahl in Support of UMG's Motions *in Limine* Nos. 1-8; [Proposed] Order Granting UMG's Motion** <br><br> Date: August 3, 2009 <br> Time: 10:00 AM <br> Judge: Hon. A. Howard Matz <br> Ctrm: 14 <br><br> Discovery Cutoff: May 11, 2009 <br> Pretrial Conference: August 8, 2009 <br> Trial Date: August 18, 2009 |

# TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE THAT** on August 3, 2009, at 10:00 a.m., or as soon thereafter as the matter may be heard by the Honorable A. Howard Matz of the United States District Court for the Central District of California, at 312 N. Spring Street, Courtroom 14, Los Angeles, CA, 90012, Plaintiffs UMG Recordings, Inc., *et al.* (collectively "UMG") will move and hereby do move for an order excluding evidence and argument regarding Veoh's membership in the so-called "UGC Principles." UMG respectfully submits that Defendants, their counsel, and their witnesses should be prohibited from making any argument concerning, introducing evidence of, or referring to these matters. The evidence is irrelevant (and thus inadmissible under Fed. R. Evid. 402) and poses a threat of confusion to the jury and undue delay (and is thus further inadmissible under Fed. R. Evid. 403).

This motion is made following the conference of counsel conducted pursuant to Central District Local Rule 7-3, which took place on June 16, 2009.

This motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Brian Ledahl In Support of UMG's Motions *In Limine* ("Ledahl Declaration") (filed concurrently herewith), all pleadings, papers, and records on file in this action, all matters of which the Court may take judicial notice, and such further written and oral argument as may be presented to the Court.

Dated: July 6, 2009

IRELL & MANELLA LLP
Steven A. Marenberg
Brian Ledahl
Benjamin Glatstein

By: _____
Brian Ledahl
Attorneys for Plaintiffs

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs UMG Recordings, Inc., *et al.* ("UMG") hereby move for an order *in limine* to exclude from trial any evidence or argument relating to Veoh's being a signatory to a voluntary, non-binding set of website guidelines known as the "UGC Principles." This evidence is both irrelevant, and likely to confuse or mislead the jury.

In the fall of 2007, Veoh signed onto a set of purported "principles for user generated content services" known as the "UGC Principles." Other signatories include companies whose websites were rife with stolen content, including MySpace and Grouper (defendants before this Court in previous actions by UMG), as well as content owners. Veoh lauds itself for signing onto the UGC Principles, though these Principles impose no obligations, requirements, or commitments on signatories. Indeed, the UGC Principles themselves explicitly provide that they have no legal force or effect. In short, they are window dressing. Accordingly, Veoh's decision to sign on to the UGC Principles is entirely irrelevant to any issue in this case, and argument or evidence relating to the UGC Principles is irrelevant under Rule 402.

Moreover, even if arguably relevant for some reason, evidence relating to the UGC Principles is likely to confuse the issues, mislead the jury, and result in a proceeding focused on the UGC Principles, rather than on Veoh. The determination of Veoh's compliance with the Copyright Act is not an opportunity for a derivative lawsuit about the non-binding, voluntary, and ultimately hollow UGC Principles. Evidence relating to the UGC Principles should be excluded under Rule 403.

## II. ARGUMENT

Evidence must be excluded if irrelevant or if any probative value is outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay and waste of time. Evidence and

argument relating to Veoh being a signatory to the UGC Principles is inadmissible for all these reasons.

### A. Evidence Relating to the UGC Principles Is Irrelevant and Therefore Inadmissible Under FRE 402.

#### 1. The UGC Principles have no legal force or effect

The UGC Principles are a set of non-binding, voluntary, "guidelines" for user-generated content websites. The Principles have no force or effect. Indeed, the UGC Principles themselves explicitly provide they should receive no force or effect, and create no binding rights or obligations under the law:

> While we [i.e., the UGC Principles signatories] may differ in our interpretation of relevant laws, we do not mean to resolve those differences in these Principles, which **are not intended to be and should not be construed as a concession or waiver with respect to any legal or policy position or as creating any legally binding rights or obligations**.

UGC Principles, *available at* http://www.ugcprinciples.com (last visited June 26, 2009).

In other words, the UGC Principles create no obligations, establish no rights, and do not waive or modify the legal or policy views of the signatories. Simply, the Principles are specifically designed to be nothing but words on the page.

Nor could they be more than just words. The UGC Principles do not (and cannot) supplant or supersede the standards for liability set by Federal law. For example, if the UGC Principles provided that "any signatory that implemented a copyright filter by January 1, 2008 is immune from copyright liability," that provision would be meaningless in the face of statutory and case law setting forth the standards of conduct and liability under the Copyright Act.

Whether or not Veoh signed or implemented policies and practices consistent with the UGC Principles is not relevant to any claim or defense of a party in this

case. Veoh's liability turns on the Copyright Act, not on a non-binding set of "principles." Accordingly, the UGC Principles are not relevant and evidence relating to the UGC Principles must be excluded under Federal Rule of Evidence 402. Fed. R. Evid. 402 ("[e]vidence which is not relevant is not admissible").

### 2. Signing the UGC Principles is irrelevant to Veoh's actual conduct.

The fact that Veoh *signed* the UGC Principles does not mean that Veoh *complied* with the UGC Principles. Any company can sign the UGC Principles, and then follow them, or not, as it chooses. Indeed, a company can sign the UGC Principles and continue its rampant infringement—as Veoh did. Ultimately, it is Veoh's actions that are relevant to its copyright liability, not the UGC Principles' aspirations. Accordingly, Veoh's signing the UGC Principles is irrelevant.

## B. This Evidence Is Likely To Confuse The Jury And Result In Undue Delay And Waste Of Time

Because the UGC Principles have no relevance to these proceedings, evidence or argument relating to them is inadmissible under Rule 402. Alternatively, however, that evidence should be excluded under Rule 403, which excludes evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Here, the probative value of such evidence is substantially outweighed by the confusion of the issues, undue delay, and waste of time that such evidence would entail.

### 1. Evidence and Argument Relating to the UGC Principles Will Result in Delay and a Waste of Time

If Veoh is permitted to offer evidence of its membership in the UGC Principles as a reason it should be absolved of liability (as it did in its Motion for Summary Judgment; *see* Docket #449 at pp. 7–8), UMG will be forced to respond. Specifically, UMG will need to educate the jury on the true scope, nature, and

function of the UGC Principles, why Veoh really signed the UGC Principles, how Veoh complied or did not comply with the UGC Principles, and similar issues.[1] In short, a mini-trial into the meaning and merits of the UGC Principles would result. Considering that, as detailed above, the UGC Principles are not determinative of, or even relevant to, any issue in dispute, a time-consuming derivative litigation into the Principles would be a waste of time. This evidence is inadmissible under Rule 403 for this independent reason.

### 2. The UGC Principles Are Likely to Result in Confusion

For similar reasons, this evidence would also likely confuse the issues. This case is about Veoh's compliance with the Copyright Act. This case is *not* about Veoh's compliance (or lack thereof) with the UGC Principles. Compliance with the Principles does not result in immunity, and non-compliance with the Principles does not result in liability. However, this distinction might be lost on the jury, which might conclude that Veoh's "compliance" with these voluntary guidelines entitles it to a judgment of non-infringement when, of course, it means nothing of the sort. That danger is particularly acute if Veoh suggests (or the jury wrongly concludes) that being a signatory to the Principles is the equivalent of an imprimatur of good conduct. Indeed, this danger is likely given that Veoh makes this precise, wrongheaded argument in its recently-filed Motion for Summary Judgment. *See* Docket #449, at pp. 7–8.

These are precisely the dangers addressed by Rule 403. For example, by the time UMG explains to the jury what the UGC Principles require and why Veoh did not comply with them, the jury may believe that compliance with those Principles is an issue in this litigation, when it is not. That is, evidence of the UGC Principles presents the risk that "'the whole evidence will be only a mass of confused data

---

[1] For example, before Veoh agreed to sign onto the UGC Principles, it demanded that certain language in the UGC Principles be watered down to accommodate Veoh's failure to install then-industry-standard filtering software.

from which it will be difficult to extract the kernel of controversy.'" *See, e.g.*, 22A Charles Alan Wright, *et al.*, *Federal Practice & Procedure, Evidence*, at § 5216 (quoting 2 Wigmore, *Evidence* (3d. ed. 1940), § 443). Evidence and argument relating to Veoh's signing the UGC Principles has no probative value, but entails a significant risk of confusion. Thus, Rule 403 bars the admission of this evidence.

## III. CONCLUSION

For the foregoing reasons, UMG respectfully requests an order excluding from consideration at trial any evidence or argument relating to the UGC Principles.

Dated: July 6, 2009

IRELL & MANELLA LLP
Steven A. Marenberg
Brian Ledahl
Benjamin Glatstein

By: _____
Brian Ledahl
Attorneys for Plaintiffs