Steven A. Marenberg (101033) (smarenberg@irell.com)
Brian Ledahl (186579) (bledahl@irell.com)
Benjamin Glatstein (242034) (bglatstein@irell.com)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> VEOH NETWORKS, INC., *et al.*, <br><br> Defendants. | Case No. CV-07-05744 AHM (AJWx) <br><br> **UMG'S NOTICE OF MOTION AND MOTION *IN LIMINE* TO PRECLUDE REFERENCE TO EVIDENCE OF VEOH'S CURRENT FINANCIAL POSITION, POTENTIAL BANKRUPTCY, AND LAYOFFS (MOTION *IN LIMINE* NO. 6)** <br><br> **Filed Concurrently Herewith: Declaration of Brian Ledahl in Support of UMG's Motions *in Limine* Nos. 1-8; [Proposed] Order Granting UMG's Motion** <br><br> Date: August 3, 2009 <br> Time: 10:00 AM <br> Judge: Hon. A. Howard Matz <br> Ctrm: 14 <br><br> Discovery Cutoff: May 11, 2009 <br> Pretrial Conference: August 8, 2009 <br> Trial Date: August 18, 2009 |

2081295

UMG'S NOTICE OF MOTION AND MOTION IN LIMINE TO PRECLUDE REFERENCE TO EVIDENCE OF VEOH'S CURRENT FINANCIAL POSITION, POTENTIAL BANKRUPTCY, OR LAYOFFS

Dockets.Justia.com

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on August 3, 2009, at 10:00 a.m., or as soon thereafter as the matter may be heard by the Honorable A. Howard Matz of the United States District Court for the Central District of California, at 312 N. Spring Street, Courtroom 14, Los Angeles, CA, 90012, Plaintiffs UMG Recordings, Inc., *et al.* (collectively "UMG") will move and hereby do move for an order excluding evidence and argument regarding Veoh Networks, Inc.'s ("Veoh") current financial position, potential bankruptcy, and past or anticipated layoffs. UMG respectfully submits that Veoh, its counsel, and its witnesses should be prohibited from making any argument concerning, introducing evidence of, or referring to these matters. These matters are irrelevant to any issue appropriately before the Court. Further, any relevance they may have – UMG submits that there is none – is substantially outweighed by their unduly prejudicial effect, confusion of the issues, and waste of time.

This motion is made following the conference of counsel conducted pursuant to Central District Local Rule 7-3, which took place on June 16, 2009.

This motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Brian Ledahl In Support of UMG's Motions *In Limine* ("Ledahl Declaration") (filed concurrently herewith), all pleadings, papers, and records on file in this action, all matters of which the Court may take judicial notice, and such further written and oral argument as may be presented to the Court.

Dated: July 6, 2009

IRELL & MANELLA LLP
Steven A. Marenberg
Brian Ledahl
Benjamin Glatstein

By: /s/ Brian Ledahl
Brian Ledahl
Attorneys for Plaintiffs

2081295

- 1 -

UMG'S NOTICE OF MOTION AND MOTION IN LIMINE TO PRECLUDE REFERENCE TO EVIDENCE OF VEOH'S CURRENT FINANCIAL POSITION, POTENTIAL BANKRUPTCY, OR LAYOFFS

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs UMG Recordings, Inc. *et al.* ("UMG") hereby move for an order *in limine* to exclude from trial evidence and argument regarding Veoh Networks, Inc.'s ("Veoh") current financial position, potential bankruptcy, and past or anticipated layoffs. This evidence is irrelevant to any issue appropriately before the Court. Moreover, any alleged probative value of such evidence – UMG submits that there is none – is substantially outweighed by its unfairly prejudicial effect, confusion of the issues, and waste of time.

First, Veoh's current financial position, potential bankruptcy, and past or anticipated layoffs are irrelevant to UMG's claims or Veoh's defenses.[1] Relevant evidence has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Evidence which is not relevant is not admissible." Fed. R. Evid. 402. UMG's suit against Veoh concerns Veoh's massive infringement of UMG's copyrights. It turns on Veoh's conduct, and whether such conduct is entitled to safe harbor under Section 512(c) of the Digital Millennium Copyright Act ("DMCA"), or excusable by reason of some other affirmative defense asserted by Veoh. Veoh's current financial position, potential bankruptcy, and past or anticipated layoffs are immaterial to these issues—the DMCA, for example, does not have more or less applicability depending on the infringer's current balance sheet. Nor is this evidence relevant to statutory damages owed by Veoh. Infringers cannot reduce their monetary liability for past infringement by introducing evidence that they now have few assets.

---

[1] The irrelevance of this evidence has not stopped Veoh from citing to it. *See, e.g.,* Veoh's Reply to Plaintiffs' Opposition to Veoh's Motion for Summary Judgment re: Entitlement to Section 512(c) Safe Harbor (Dkt. No. 396) at 4:3-6 and n.1 ("UMG . . . has managed to nearly bankrupt a small, innovative, young company. . . . In recent days, Veoh has announced layoffs of close to half of its employees").

Second, Rule 403 bars presentation of evidence of Veoh's current financial position because its admission would unfairly prejudice UMG, mislead and confuse the jury, and waste time. Rule 403 excludes evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay." The jury may unfairly sympathize with Veoh if it believes that Veoh's monetary liability will force layoffs of multiple employees. In today's economic climate, this danger is particularly acute. Presentation of this evidence will require UMG to explain why infringers are no less guilty for their conduct if their business is unsuccessful. Even with that explanation, the jury may still be reluctant to find Veoh liable if its verdict will engender layoffs.

For the foregoing reasons, this Court should preclude Veoh from referring to or introducing evidence regarding Veoh's current financial position, potential bankruptcy, and past or anticipated layoffs.

Dated: July 6, 2009

IRELL & MANELLA LLP
Steven A. Marenberg
Brian Ledahl
Benjamin Glatstein

By: /s/ Brian Ledahl

Attorneys for Plaintiffs