Steven A. Marenberg (101033) (smarenberg@irell.com)
Brian Ledahl (186579) (bledahl@irell.com)
Benjamin Glatstein (242034) (bglatstein@irell.com)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UMG RECORDINGS, INC., *et al.*, | ) Case No. CV-07-05744 AHM (AJWx) |
|---|---|
| Plaintiffs, | ) **UMG'S NOTICE OF MOTION AND MOTION *IN LIMINE* TO PRECLUDE REFERENCE TO EVIDENCE OF LAWSUITS BROUGHT BY UMG OR THE RIAA AGAINST PERSONS OR ENTITIES OTHER THAN VEOH (MOTION *IN LIMINE* NO. 7)** |
| v. | |
| VEOH NETWORKS, INC., *et al.*, | ) **Filed Concurrently Herewith: Declaration of Brian Ledahl in Support of UMG's Motions *in Limine* Nos. 1-8; [Proposed] Order Granting UMG's Motion** |
| Defendants. | |
| | ) Date: August 3, 2009<br>) Time: 10:00 AM<br>) Judge: Hon. A. Howard Matz<br>) Ctrm: 14 |
| | ) Discovery Cutoff: May 11, 2009<br>) Pretrial Conference: August 8, 2009<br>) Trial Date: August 18, 2009 |

2081223

UMG'S NOTICE OF MOTION AND MOTION IN LIMINE TO PRECLUDE REFERENCE TO EVIDENCE OF LAWSUITS BROUGHT BY UMG OR RIAA AGAINST PERSONS OR ENTITIES OTHER THAN VEOH

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on August 3, 2009, at 10:00 a.m., or as soon thereafter as the matter may be heard by the Honorable A. Howard Matz of the United States District Court for the Central District of California, at 312 N. Spring Street, Courtroom 14, Los Angeles, CA, 90012, Plaintiffs UMG Recordings, Inc., *et al.* (collectively "UMG") will move and hereby do move for an order excluding evidence and argument regarding evidence of lawsuits brought by UMG and/or its affiliated trade association the Recording Industry Association of America ("RIAA") against persons or entities other than Veoh Networks, Inc. ("Veoh"). UMG respectfully submits that Veoh, its counsel, and its witnesses should be prohibited from making any argument concerning, introducing evidence of, or referring to these matters. These other lawsuits are irrelevant to any issue appropriately before the Court. Further, any relevance they may have – UMG submits that there is none – is substantially outweighed by their unduly prejudicial effect, confusion of the issues, and waste of time.

This motion is made following the conference of counsel conducted pursuant to Central District Local Rule 7-3, which took place on June 16, 2009.

This motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Brian Ledahl In Support of UMG's Motions *In Limine* ("Ledahl Declaration") (filed concurrently herewith), all pleadings, papers, and records on file in this action, all matters of which the Court

///
///
///
///
///
///
///

may take judicial notice, and such further written and oral argument as may be presented to the Court.

Dated: July 6, 2009

IRELL & MANELLA LLP
Steven A. Marenberg
Brian Ledahl
Benjamin Glatstein

By: _____
Brian Ledahl

Attorneys for Plaintiffs

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs UMG Recordings, Inc. *et al.* ("UMG") hereby move for an order *in limine* to exclude from trial evidence of lawsuits brought by UMG and/or its affiliated trade association the Recording Industry Association of America ("RIAA") against persons or entities other than Veoh Networks, Inc. ("Veoh"). This evidence is irrelevant to any issue appropriately before the Court. Moreover, any alleged probative value of such evidence – UMG submits that there is none – is substantially outweighed by its unfairly prejudicial effect, confusion of the issues, and waste of time.

First, lawsuits brought by UMG and/or the RIAA against persons or entities other than Veoh are irrelevant to UMG's claims or Veoh's defenses. Relevant evidence has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Evidence which is not relevant is not admissible." Fed. R. Evid. 402. UMG sued Veoh for *Veoh's* massive infringement of UMG's copyrights. This action therefore turns on *Veoh's* conduct, and whether such conduct is entitled to safe harbor under Section 512(c) of the Digital Millennium Copyright Act ("DMCA"), or excusable by reason of some other affirmative defense asserted by Veoh. Lawsuits against persons or entities other than Veoh concern their conduct—not Veoh's. They are therefore immaterial to issues in this action and excludable under Rule 402.

Second, Rule 403 bars presentation of evidence of unrelated lawsuits because their admission would unfairly prejudice UMG, mislead and confuse the jury, and waste time. Rule 403 excludes evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay." The jury may unfairly view such lawsuits as evidence of excessive litigiousness by UMG or the RIAA. This will require that UMG spend time explaining how the persons and entities sued infringed

UMG's or other music companies' copyrights, and why copyright law forbids such conduct. Even with that explanation, the jury may still punish UMG for what it views as "over-enforcement" of UMG's copyrights.

For the foregoing reasons, this Court should preclude Veoh from referring to or introducing evidence regarding lawsuits brought by UMG and/or the RIAA against persons or entities other than Veoh.

Dated: July 6, 2009

IRELL & MANELLA LLP
Steven A. Marenberg
Brian Ledahl
Benjamin Glatstein

By: /s/ Brian Ledahl
Brian Ledahl

Attorneys for Plaintiffs

2081223

- 2 -

UMG'S NOTICE OF MOTION AND MOTION IN LIMINE
TO PRECLUDE REFERENCE TO EVIDENCE OF
LAWSUITS BROUGHT BY UMG OR RIAA AGAINST
PERSONS OR ENTITIES OTHER THAN VEOH