1  Steven A. Marenberg (101033) (smarenberg@irell.com)
2  Brian Ledahl (186579) (bledahl@irell.com)
   Benjamin Glatstein (242034) (bglatstein@irell.com)
3  IRELL & MANELLA LLP
   1800 Avenue of the Stars, Suite 900
4  Los Angeles, California 90067-4276
   Telephone: (310) 277-1010
5  Facsimile: (310) 203-7199

6  Attorneys for Plaintiffs

7

8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                  WESTERN DIVISION

12 UMG RECORDINGS, INC., *et al.*,   ) Case No. CV-07-05744 AHM (AJWx)
                                     )
13                                   ) **UMG'S NOTICE OF MOTION AND**
            Plaintiffs,              ) **MOTION *IN LIMINE* RE: ALLEGED**
14                                   ) **DEFECTS IN UMG'S CHAIN OF**
                                     ) **TITLE (MOTION *IN LIMINE* NO. 8)**
15     v.                            )
                                     ) **Filed Concurrently Herewith:**
16                                   ) **Declaration of Brian Ledahl of in**
   VEOH NETWORKS, INC., *et al.*,    ) **Support of UMG's Motions *in Limine***
17                                   ) **Nos. 1-8; [Proposed] Order Granting**
                                     ) **UMG's Motion**
18          Defendants.              )
                                     )
19                                   ) Judge:    Hon. A. Howard Matz
                                     ) Date:     August 3, 2009
20                                   ) Time:     10:00 a.m.
                                     ) Courtroom: 14
21                                   )
                                     ) Discovery Cutoff: May 4, 2009
22                                   ) Pretrial Conference: August 3, 2009
                                     ) Trial Date: August 18, 2009
23

24

25

26

27

28

                                      UMG'S NOTICE OF MOTION AND MOTION IN LIMINE
                                        RE: ALLEGED DEFECTS IN UMG'S CHAIN OF TITLE
2074769

# TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE THAT** on August 3, 2009, at 10:00 a.m., or as soon thereafter as the matter may be heard by the Honorable A. Howard Matz of the United States District Court for the Central District of California, at 312 N. Spring Street, Courtroom 14, Los Angeles, CA, 90012, Plaintiffs UMG Recordings, Inc., *et al.* (collectively "UMG") will move and hereby do move for an order excluding evidence and argument regarding any suggestion that UMG's copyrights—except for those specifically enumerated by Veoh in discovery—are invalid or unenforceable. UMG respectfully submits that Defendants, their counsel, and their witnesses should be prohibited from making any argument concerning, introducing evidence of, or referring to these matters. This motion is based on the ground that such evidence is inadmissible under Fed. R. Civ. P. 26(e) and 37(c)(1). Moreover, the evidence poses a threat of confusion to the jury and undue delay (and is thus further inadmissible under Fed. R. Evid. 403).

This motion is made following the conference of counsel conducted pursuant to Central District Local Rule 7-3, which took place on June 16, 2009.

This motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Brian Ledahl In Support of UMG's Motions *In Limine* ("Ledahl Declaration") (filed concurrently herewith), all pleadings, papers, and records on file in this action, all matters of which the Court may take judicial notice, and such further written and oral argument as may be presented to the Court.

Dated: July 6, 2009

IRELL & MANELLA LLP
Steven A. Marenberg
Brian Ledahl
Benjamin Glatstein

By: /s/ Brian Ledahl
Brian Ledahl
Attorneys for Plaintiffs

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs UMG Recordings, Inc., *et al.* ("UMG") hereby move for an order *in limine* to exclude from trial any evidence or argument relating to the alleged invalidity of any UMG copyrights asserted in this action except for those previously and specifically identified by Veoh. Any other evidence or argument is automatically excluded pursuant to Federal Rules of Civil Procedure 37(c)(1).

This case involves Veoh's unauthorized use of approximately 7,800 videos containing UMG's copyrighted sound recordings and musical compositions. UMG propounded an interrogatory to Veoh asking it to identify any basis it has for claiming that any of UMG's claimed copyrights in the videos at issue are either invalid or unenforceable. Veoh did not identify any copyrights in response to this interrogatory, though it did separately identify 14 works as to which it contends UMG produced insufficient evidence of ownership.

Under Rule 37(c)(1), if a party fails to supply information in response to an interrogatory, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Accordingly, Rule 37(c)(1) prohibits Veoh from offering any evidence or argument that any of UMG's asserted copyrights are either invalid or unenforceable, except for the 14 copyrights specifically identified to UMG during discovery.

Moreover, evidence and arguments relating to alleged defects in UMG's ownership of the copyrights in suit should be excluded on the grounds that its probative value (if any) is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, and by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

## II. ARGUMENT

Under Federal Rule 37(c)(1), Veoh is precluded from providing evidence or arguments relating to defects in UMG's ownership of the copyrights at issue, except as to purported defects it has otherwise identified during discovery.

### A. UMG's Discovery Sought An Identification Of All Purported Defects In UMG's Ownership of the Copyrights at Issue

#### 1. UMG timely identified the works at issue in this action

On October 24, 2008 (more than a year after this litigation began) Veoh propounded an Interrogatory seeking UMG's identification of unauthorized UMG works on Veoh's website. UMG timely responded. *See* Declaration of Brian Ledahl ("Ledahl Declaration") ¶ 11 & Ex. J (UMG's Response to Veoh's Interrogatory No. 25). After Veoh's late production of evidence—in violation of Magistrate Judge Wistrich's orders[1]—UMG supplemented its response on January 16, April 22, and May 11, 2009, including even more unauthorized videos it had discovered. *See* Ledahl Decl. ¶ 12 & Ex. K (UMG's Supplemental Response to Veoh Interrogatory No. 25).

---

[1] The background of Veoh's spoliation of evidence and its multiple violations of Court Orders is complicated, and is detailed in other pleadings in this matter. UMG respectfully refers the Court to the Joint Stipulation re: Veoh's Motion For Protective Order Allowing It To Cease Storing Video Files. Docket #448, at pp.7–11; *see also* Docket #481 (denying Veoh's motion). In brief, however, Veoh was ordered to produce its metadata (including data generated by its internal filtering system, Audible Magic) by September 5, 2008. It did not. Instead, in late October 2008, Veoh admitted that it had been systematically destroying evidence of infringing videos flagged by its filtering system. Magistrate Judge Wistrich granted UMG's *ex parte* application for a preservation order, concluding that the evidence was relevant and must be preserved. *See* 11/18/2008 Order (Docket #217). Despite Judge Wistrich's Order, Veoh delayed another 3 months—until February 25, 2008—in actually producing the Audible Magic metadata it had previously been spoliating. After it received this very late-produced evidence, UMG timely supplemented its list of infringements.

### 2. UMG produced registration information for the asserted works

After UMG identified approximately 7,800 videos at issue in this lawsuit, it also completed its production of documents establishing UMG's ownership over the relevant copyrighted works. UMG produced Copyright Office registration information for the works it identified. Additionally, for a subsection of works selected by Veoh, UMG produced chain of title documents relating to its ownership over those copyrights. This production included sound recording and publishing agreements, as well as corporate transfer documents sufficient to establish the basis for UMG's ownership or control interest in the copyrights it is asserting.

### 3. Veoh identified certain copyrights works for which it contended UMG did not produce documents sufficient to establish chain of title

After reviewing the chain of title documents UMG produced, Veoh filed a supplemental brief relating to a motion to compel the production of chain of title documents for the remaining UMG copyrights asserted in this action. *See* Docket No. 463. In this filing, Veoh claimed that UMG failed to produce sufficient chain of title documents to establish its ownership interest in 14 copyrighted works (the "14 Identified Works").[2] During the hearing on Veoh's motion, Magistrate Judge Wistrich also discussed with the parties the prospect of submitting some stipulation which would facilitate the handling of issues related to ownership of particular copyrights at a subsequent phase of this case after resolution of liability issues and

---

[2] Specifically, Veoh identified "The Look of Love," by ABC, "Larger Than Life," "Show Me The Meaning of Love," and "The One," by the Backstreet Boys, "Mad About You," by Belinda Carlisle, "Oops! I Did It Again," "Stronger," and "Baby One More Time," by Brittany Spears, "Ain't No Other Man," "Come On Over Baby," and "Hurt," by Christina Aguilera, "Cartoon Heroes" by Aqua, "Smack That," by Akon, and "Tell Me," by Bobby Valentino.

issues of the amount of statutory damages per copyrighted work.[3]  Veoh has not otherwise responded to UMG's interrogatory seeking identification of problems with UMG's chain of title.

On January 17, 2008—at the very outset of this litigation—UMG propounded to Veoh an interrogatory requesting that Veoh "Set forth the basis for any contention You [i.e., Veoh] make that any of Plaintiffs' copyrights are invalid or unenforceable." *See* Declaration of Brian Ledahl ("Ledahl Declaration") Ex. L (Veoh's Responses to UMG's First Set of Interrogatories).  Veoh objected that the interrogatory was premature, and did not identify any copyrighted works as responsive.  *Id.* & Ex. M.  Nor in the intervening 15 months has Veoh supplemented its response.  Ledahl Decl. ¶ 14.  Accordingly, during the course of this litigation, the only alleged deficiencies in UMG's ownership of copyrights that Veoh has identified relate to the 14 Identified Works.

### B. Rule 37 Precludes Veoh From Introducing Evidence Not Provided In Response To UMG's Interrogatory

The Federal Rules prohibit a party from introducing evidence or argument at trial that it failed to provide in response to an interrogatory or otherwise identified in writing during the discovery process.  Here, UMG propounded an interrogatory seeking the identification of all UMG copyrighted works as to which Veoh believed UMG's ownership interest was invalid or unenforceable.  Veoh did not identify any such works, and identified only 14 copyrights elsewhere during discovery.  Rule 37 therefore prohibits Veoh from arguing at trial that there are defects in UMG's rights of ownership as to any other UMG copyrights—except for the 14 Identified Works— which Veoh infringed.

---

[3] The parties have discussed such a stipulation and have agreed in principle on the broad outlines of such a proposal.  UMG remains hopeful that the parties can reach agreement on such issues, which would remove the need for this Court to resolve this motion in connection with the initial phase of this case.

### 1. Rule 37 automatically excludes evidence not provided in response to an interrogatory.

The Federal Rules provide that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), **the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial**, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1) (emphasis added). In turn, Rule 26(e) provides that

> A party who has made a disclosure under Rule 26(a) — or who has responded to an **interrogatory**, request for production, or request for admission — **must supplement or correct its disclosure or response:**
>
> (A) **in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect,** and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]

Fed. R. Civ. P. 26(e) (emphasis added).

The Ninth Circuit has explained that "Rule 37(c)(1) gives teeth to [Rule 26 disclosure requirements] by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (affirming district court's exclusion of expert testimony not disclosed pursuant to Rule 26(a)). Thus, "exclusion is an appropriate remedy for failing to fulfill the required disclosure requirements" even if the party has not "violated an explicit court order to produce … and even absent a showing in the record of bad faith or willfulness." *Id. Newman v. Soderbeck v. Burnett County, WI*, 821 F.2d 446, 453 (7th Cir. 1987) ("under Rule 37, if a party fails to serve proper answers to another party's interrogatories, the court may prohibit that party from introducing into evidence matters that were requested but not disclosed in those interrogatories"); *see also* 8A Charles Alan Wright, Arthur

R. Miller, *et al.*, *Federal Practice & Procedure, Civil, 2d*, at § 2289.1 ("Automatic Exclusion of Undisclosed Information") (explaining that Rule 37(c)(1) provides for the "'automatic' exclusion of witnesses and information that were not disclosed despite a duty to disclose under … Rule 26(e).").

The burden is on Veoh to show that its failure to identify any additional works was either harmless or substantially justified. *SPX Corp. v. Bartec USA, LLC*, 574 F. Supp. 2d 748, 757 (E.D. Mich. 2008) ("A party requesting exclusion under Rule 37(c)(1) need not show prejudice; rather, the burden is on the non-moving party to show that the non-disclosure was harmless or substantially justified."). Here, Veoh can show neither. There is no justification for Veoh's failure to identify purported defects in UMG's ownership in response to an interrogatory propounded more than 18 months ago. *Cf. Adams v. United States*, 2009 WL 1625504, *3 (June 5, 2009 D. Ida.) (failure to disclose substantially justified because of expedited discovery schedule); *Gallegos v. Swift & Co.*, 2007 WL 214416, *3 (Jan. 25, 2007 D. Colo.) (no substantial justification for late amended interrogatory response based on volume of documents produced because "Plaintiffs had ample opportunity to request additional time for discovery if they wished"). UMG, for its part, timely identified infringing videos once Veoh belatedly and in violation of Magistrate Judge Wistrich's Orders produced the data necessary for UMG to undertake that identification. Nor would such eleventh hour evidence or argument be harmless: Trial is weeks away, and UMG is entitled to prepare for trial based on the evidence and arguments Veoh actually disclosed. *Cf. Adams*, 2009 WL 1625504 at *3 (disclosure was harmless because it occurred six months before trial).

### C. Alternatively, Rule 403 Precludes Introduction Of Evidence Of Other Purported Ownership Defects

For the reasons provided above, Rule 37 precludes Veoh from arguing that there are defects in UMG's chain of title as to works other than the 14 Identified Works. Alternatively, however, that evidence should be excluded under Rule 403,

UMG'S NOTICE OF MOTION AND MOTION IN LIMINE
RE: ALLEGED DEFECTS IN UMG'S CHAIN OF TITLE

2074769                                    - 6 -

which excludes evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Here, the probative value of such evidence is substantially outweighed by the confusion of the issues, undue delay and waste of time that such evidence would entail.

UMG has asserted infringement of nearly 2,000 individual copyrighted works which were embodied in approximately 7,800 videos on the Veoh system.[4] UMG owns or controls the copyrighted works at issue, and Veoh has not identified a single instance where that is not the case. Conducting a trial in which Veoh could indiscriminately attempt to challenge UMG's ownership in each work, however, would lead to an incredibly lengthy and unnecessarily complicated trial process. If Veoh proposes to conduct thousands of mini-trials about each individual work, the trial of this matter will last for months (or longer). Where Veoh has not even made the effort to claim defects in ownership during the discovery process, such an detour from the core liability issues in this case would be incredibly wasteful and unnecessary.[5]

---

[4] In many instances, multiple videos embody the same copyrighted sound recording and/or musical composition.

[5] Even as to the 14 works as to which Veoh has claimed some defect, its claims are without merit. For example, Veoh claimed that UMG failed to submit sufficient ownership evidence as to is the work "Smack That," by the artist Akon. Veoh is wrong. UMG produced all necessary documents, but Veoh either chose not to read them or read them and misunderstood them. To start with, UMG produced the musical composition registration certificate for "Smack That" (at UMG01652459-UMG01652462). The certificate lists Marshall Mathers (p/k/a "Eminem") and Michael Strange as authors of the work. UMG separately produced its Administration Agreement with Mr. Mathers (at UMG01652430-UMG01652458). The administration agreement expressly notes that 'Smack That' is subject to the agreement (at UMG01652431). UMG also produced its Exclusive Songwriter and Co-Publishing Agreement with Michael Strange (at UMG01652463-UMG01652492). Again, "Smack That" is a composition under this agreement (on that agreement's Schedule A (at UMG01652487)). Veoh's other challenges are similarly without merit.

Where Veoh has not even identified alleged defects in UMG's ownership during discovery, it should not be permitted to waste the time and attention of the Court and a jury with endless arguments about ownership of individual copyrights. Even Veoh concedes that UMG owns or controls most of the copyrights at issue. At most, if Veoh believes that it has a basis to challenge UMG's ownership of some of the copyrights, the appropriate vehicle for such a challenge is a second phase proceeding after a determination of liability and the appropriate amount of statutory damages per infringed copyright. Allowing Veoh to include such arguments at trial where it never identified any defects in UMG's chain of title during discovery would unduly expend time and resources with ultimately non-meritorious challenges to UMG's copyright ownership.

## III. CONCLUSION

For the foregoing reasons, Veoh should not be permitted to introduce evidence or argument purporting to challenge UMG's ownership or control of the copyrights at issue beyond the 14 works previously identified by Veoh in prior discovery and motion practice

Dated: July 6, 2009

IRELL & MANELLA LLP
Steven A. Marenberg
Brian Ledahl
Benjamin Glatstein

By: _____
Brian Ledahl
Attorneys for Plaintiffs

UMG'S NOTICE OF MOTION AND MOTION IN LIMINE
RE: ALLEGED DEFECTS IN UMG'S CHAIN OF TITLE

2074769

- 8 -