1  Rebecca Calkins (SBN: 195593)
   Erin Ranahan (SBN: 235286)
2  **WINSTON & STRAWN LLP**
   333 South Grand Avenue, 38th Floor
3  Los Angeles, CA 90071-1543
   Telephone: 213-615-1700
4  Facsimile: 213-615-1750
   Email: rcalkins@winston.com
5
   Jennifer A. Golinveaux (SBN 203056)
6  **WINSTON & STRAWN LLP**
   101 California Street
7  San Francisco, CA 94111
   (415) 591-1506 (Telephone)
8  (415) 591-1400 (Facsimile)
   Email: jgolinveaux@winston.com
9
   Michael S. Elkin (*admitted pro hac vice*)
10 Thomas P. Lane (*admitted pro hac vice*)
   **WINSTON & STRAWN LLP**
11 200 Park Avenue
   New York, New York 10166
12 (212) 294-6700 (Telephone)
   (212) 294-4700 (Facsimile)
13 Email: melkin@winston.com
   Email: tlane@winston.com
14
   Attorneys for Defendant
15 VEOH NETWORKS, INC.

*(left margin, vertical text)* Winston & Strawn LLP / 101 California Street / San Francisco, CA 94111-5894

16                **UNITED STATES DISTRICT COURT**

17                **CENTRAL DISTRICT OF CALIFORNIA**

18                     **WESTERN DIVISION**

19

20  UMG RECORDINGS, INC., *et al.*,        )   **Case No. CV 07 5744 – AHM (AJWx)**
                                           )
21            Plaintiffs,                  )
                                           )
22      vs.                                )   **JOINT STIPULATION RE VEOH'S**
                                           )   **MOTION TO COMPEL CHAIN OF**
23  VEOH NETWORKS, INC. a California       )   **TITLE DOCUMENTS PER COURT**
    Corporation, *et al.*,                 )   **ORDER (DKT. NO. 518)**
24                                         )
             Defendants.                   )
25                                         )
                                           )
26                                         )
                                           )
27

28

Dockets.Justia.com

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JOINT STIPULATION

The parties to the above entitled action, by and through their respective counsel of record, hereby file the following joint stipulation pursuant to the Court's July 9, 2009 Order (Dkt. No. 518):

This Court entered an Order on March 5, 2009 Re: Veoh's Renewed Motion to Compel Plaintiffs ("UMG") to Produce Chain of Title/Rights Information Re Same (Dkt. No. 321) ("March 5, 2009 Order") requiring UMG to produce a 20% sample of chain of title documents. Veoh filed its Motion to Compel UMG to Produce Chain of Title Documents for the Remaining 80% of Identified Copyrights Based on Defects Admitted by UMG ("Motion") on May 4, 2009 (Dkt. No. 432). The Court held a hearing regarding Veoh's Motion on June 3, 2009, during which the parties agreed to further discuss the most efficient means by which to resolve the chain of title production and review given the current case schedule, and indicated that the parties would report back to the Court on the progress of those discussions.

## I.    PROGRESS OF THE PARTIES' NEGOTIATIONS

The parties participated in multiple discussions in an effort to reach agreement on the most efficient means by which to resolve the chain of title production and review given the current case schedule. Following these discussions, on July 2, 2009, Veoh sent UMG its proposed stipulation, which is attached hereto as Exhibit A. On July 6, 2009, UMG sent Veoh its proposed stipulation, which is attached hereto as Exhibit B. A redline showing UMG's proposed changes is attached hereto as Exhibit C. A copy or the parties' email correspondence on July 6-7, 2009 is attached hereto as Exhibit D. The parties have not been able to reach agreement on the precise form of a stipulation to address these issues. Pursuant to the Court's Minute Order of July 9, 2009, the parties' submit this supplemental joint stipulation setting forth their respective positions.

## II.   VEOH'S POSITION

Veoh's Motion sets forth in great detail all the reasons that Veoh seeks to compel chain of title documents. Veoh is willing to delay and forego entirely the production in the event that Veoh is not found liable to UMG; but if Veoh is found liable, the production is undoubtedly necessary. Ironically, UMG now argues that because over the course of this litigation Veoh has been nearly driven out of business—a circumstance that UMG undoubtedly helped create—UMG should not be put to the task of producing ownership documents *because* of Veoh's financial status. UMG's latest argument that Veoh should somehow have to prove that it will be able to satisfy an imaginary and unknown judgment amount is wholly irrelevant to what Veoh is entitled to by way of the fundamental discovery Veoh seeks with its Motion.

In an attempt to distract this Court from the remaining issues at hand, UMG suggests that the disagreements remaining are far more complicated than they are. The issues to which the parties have agreed and have been unable to resolve can be best summarized as follows.

The parties have **agreed**:

- that any remaining chain of title production and review can be deferred until post-trial to the extent that Veoh is found liable to UMG for any of the infringement alleged in this action; and
- that resolution of these remaining ownership challenges can occur in a post-trial proceeding.

The parties **have been unable to agree**:

- to the extent that the stipulation would require UMG to produce chain of title documents post-trial, or within a period of time following trial whereby Veoh was found liable to UMG. Veoh has proposed that UMG produce any remaining chain of title documents within thirty days from the date trial has concluded. (*See* Exh. A, ¶ 4.)

2

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

- UMG has sought to preclude Veoh from introducing defects relating to UMG's copyright registration certificates at trial, though Veoh believes such challenges are appropriate and should not be deferred with the underlying ownership challenges.

Veoh's concerns with respect to both of these issues are set forth below.

## A. UMG Has Refused To Agree To Any Post-Trial Production of Chain Of Title Documents

UMG has refused to commit now to producing chain of title ownership documents at all, or within any period of time. Instead, UMG seeks to "submit a joint proposal setting forth a proposed procedure addressing any ownership of any particular copyright in issue" thirty (30) days after any verdict in favor of UMG." (See Exh. B, ¶ 5). Veoh has gone to great lengths seeking to compel this critical information, and has filed multiple rounds of briefing with Judge Wistrich regarding its Motion. (*See* Dkt. Nos. 193, 194, 219, 222, 303, 304, 321, 432, 441, 463 and 464). Without any commitment by UMG to actually produce any remaining ownership documents post-trial, Veoh would prefer to have the Motion resolved while the issue is still current before Magistrate Judge Wistrich.

In contrast, UMG's proposal merely seeks to defer resolution of anything, including any commitment to actually produce any documents sought by the Motion, or even agree to a procedure. Even though this Court has already ordered a 20% sample of the chain of title documents at issue,[1] UMG refers to such production as

---

[1] This sample alone confirmed significant infirmities, causing UMG itself to withdraw dozens of works from the sample 20% entirely from the action. Veoh also located numerous deficiencies within this sample in its preliminary review. (Dkt. No. 463). Moreover, UMG amended and increased its list of alleged infringements on the final day of the discovery period, rendering the 20% sample no longer representative. UMG refused to provide chain of title with respect to any of these amended alleged infringements. In fact, during the April 6, 2009 hearing on Veoh's motion, UMG's counsel explicitly requested that if UMG were given more time to amend to add additional alleged infringements, the Court should shift the burden to Veoh with

3

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1    "unnecessary" and "grossly lacking in support," knowing full well that such

2    documentation is the only means Veoh has to challenge UMG alleged ownership and

3    a potentially devastating award of millions in statutory damages.

4         **B.**    **UMG Has Sought to Limit Veoh's Use of Defects in Copyright**

5              **Certificates UMG Has Already Produced**

6       UMG has also sought to limit Veoh's right to introduce defects in UMG's

7    copyright certificates with respect to any works that UMG purports to own by virtue

8    of the copyright registration alone. While Veoh has indicated that it will not seek to

9    challenge the underlying ownership of these works during trial, to the extent the

10    registrations themselves are deficient, Veoh should be provided the opportunity to

11    address those defects at trial.

12       Contrary to UMG's suggestion, there is nothing confusing or unclear about the

13    fact that Veoh seeks to litigate at trial deficiencies related to the works in which UMG

14    relies solely on the copyright registrations. For those works, there are no further

15    documents to compel or produce. As UMG has purportedly produced all such

16    copyright registrations for all alleged infringements in this action, there is no reason to

17    defer this to a later proceeding.

18       What is clear is that once again, UMG has sought to avoid actually proving it

19    owns the rights to the alleged infringements at issue in this action, even those that it

20    claims it owns by way of copyright registrations. Because the vast majority of

21    copyright registrations for the alleged infringing works in this action *do not even list*

22    *any of the named Plaintiffs in this action* as the copyright owner, it does not appear

23    that the deficiencies with respect to works in which UMG claims to own the work by

24

25    respect to proving that UMG does not own the works. The Court explicitly declined
to shift UMG's ownership burden to Veoh. Such proposition is especially absurd

26    considering that UMG has sought to avoid providing documents that would make
Veoh's investigation possible. Nevertheless, UMG has not produced a single chain of

27    title document for any of the works added to UMG's list of allegedly infringing works
on May 11, 2009, confirming its intention to drive up statutory damages to a massive

28    degree without undertaking its most basic burdens of demonstrating its rights to such
works.

copyright registration alone constitutes many works. UMG has not explained why Veoh's attempts to compel further chain of title documentation beyond copyright registrations should relieve UMG from introducing copyright certificates for those works that UMG claims such documents are sufficient to establish its ownership. As there is no further documentation to collect, produce or review with respect to the alleged infringements for which UMG bases its ownership on the copyright certificates alone, there is no reason to delay such issues from being presented at trial.

**C.** **UMG'S Alleged Flexibility Is Merely A Means To Avoid Production of Documents to Which Veoh Is Entitled**

The "flexibility" UMG repeatedly touts it is seeking to maintain is simply the flexibility to avoid searching or producing any further chain of title documents no matter what the outcome at trial. Veoh has never stated that it would be unwilling to use a "special master" to handle the subsequent ownership challenges—but Veoh has maintained that such proceeding should be held and UMG should be ordered to produce the remaining chain of title documents in the event that Veoh is found liable at trial. Otherwise, Veoh could be left with a staggering damages award and no means whatsoever to rebut UMG's purported ownership of such works.

UMG does not dispute that it is seeking massive damages with its lawsuit. UMG is seeking the maximum amount of statutory damages per work and has litigated this action in a manner to drive up litigation costs. Veoh has accordingly been required to undergo massive discovery efforts and defend itself in this action in a manner that has financially devastated a young innovative company. Now, UMG would like the Court to relieve UMG of committing to producing any further chain of title documents, even if Veoh is found liable to UMG for such works, on the theory that the statutory damages may ultimately be on the low end. If such assumption was proper, it is incredibly inequitable that Veoh has been forced to provide expensive and massively burdensome discovery relating to every video ever uploaded (whether UMG's or not), undergo significant expense in maintaining and recreating discovery

5

1  sought by UMG, if such discovery efforts were considered unnecessary if Veoh were
2  found liable for the minimum amount of statutory damages allowed. UMG has not
3  and cannot cite to any case where speculation of the future statutory damages award—
4  which is in direct contravention to the level advocated by a plaintiff—has somehow
5  relieved the plaintiff from producing crucial information that is necessary to allow a
6  defendant to prepare its case. Veoh should be provided a fair opportunity to rebut
7  UMG's claim to ownership of each work at issue no matter what any actual amount of
8  resulting statutory damages may be.

9      The presumption of copyright ownership is not irrebuttable and any alleged
10  burden upon UMG would be minor and outweighed by the compelling harm to Veoh
11  if it is not allowed to investigate UMG's purported ownership. Such inquiries into
12  copyright ownership are standard and commonplace in infringement actions, and
13  UMG should not be able to avoid this production by claiming that it is "massively
14  burdensome" in an action where it is undisputed that UMG is seeking massive
15  statutory damages from Veoh. For all these reasons and those addressed in Veoh's
16  Motion, the Court should enter Veoh's proposed stipulation, attached hereto as Exhibit
17  A.

18          **III.   UMG'S POSITION**

19      UMG set forth the general contours of a proposal to resolve Veoh's motion
20  during the June 3, 2009 hearing. As the Court likely recalls, UMG raised the
21  possibility of deferring any disputes regarding UMG's ownership of particular
22  copyrights at issue by conducting a staged trial. In the first stage, the parties could
23  litigate the issue of Veoh's liability for infringement, and the statutory damages to be
24  awarded per infringed work. A second proceeding could resolve the precise number
25  of works as to which damages would be awarded. In that second proceeding, Veoh
26  would have the opportunity to present any challenges to UMG's ownership of a
27  particular copyright in order to argue that such copyright should not be included in the
28  final damage award calculation.

6

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Subsequent to the June 3 hearing, the parties discussed this issue and reached a general agreement that such a staged proceeding was a sensible approach to simplify proceedings for both the Court and the parties. Veoh does not suggest that UMG does not own or control any of the asserted copyrights. Indeed, Veoh concedes that UMG owns or controls many of the copyrights at issue, even if Veoh may ultimately dispute UMG's ownership or control of some of them. Thus, the parties agreed that an initial trial on the general issues of liability and damages can be conducted without the specific need to conduct numerous mini-trials regarding the ownership of particular copyrights.

### A. UMG'S PROPOSAL BETTER ADDRESSES THE RELEVANT ISSUES

Veoh eventually provided UMG with a proposed stipulation regarding the staging of trial. Veoh's proposal contained multiple flaws. After discussing some of UMG's concerns with Veoh's counsel, UMG provided Veoh a revised version of the proposed stipulation in an effort to address those concerns. Though Veoh refuses to agree to UMG's proposal, UMG's proposal better addresses the issues under consideration here. First, UMG's proposal more effectively deals with the question of what issues will be addressed in the initial phase of trial, and what will remain to be addressed in a second phase. UMG's proposal also permits (but does not require) that the second phase – relating to litigating the ownership of particular works – could be handled by a special master, rather than requiring the Court to resolve all such issues in the first instance. Additionally, UMG's proposal provides an opportunity for the parties to make more specific proposals about the precise structure of a second-phase proceeding once they know the verdict in the initial phase. The parties and the Court will be in a better position to assess the reasonableness of a particular procedure with such information than they are now, before the first phase even begins. Finally, UMG's proposal does not require UMG to simply stipulate to provide all of the unnecessary materials that Veoh sought by its motion. Veoh's motion was grossly

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

lacking in support. It's attempt to explain its proposal is no better. Rather than

address Veoh's alleged need for further discovery now, UMG proposes that the parties

address that issue after they know what verdict has been rendered. Further, UMG is

concerned that Veoh may not be prepared to pay a large verdict against it. UMG

should not have to go through a costly and burdensome exercise of collecting and

producing voluminous materials unless Veoh is actually prepared to satisfy the

judgment against it. Veoh should not be permitted to use this discovery issue simply

to inflict unnecessary costs on UMG to produce documents that Veoh will never

review.

### 1.    UMG's Proposal Clarifies The Division Of Proceedings

Veoh's proposed stipulation fails to set forth the issues to be litigated in the first

and the second phases of a staged trial. It said nothing about that issue. UMG

proposed language to clarify that during the first trial, the parties would litigate issues

of liability and the appropriate measure of statutory damages to be imposed per

infringed work, should Veoh be found liable. UMG's proposal further clarified that

the parties would not litigate issues of ownership of any of the copyrights at issue

during the first trial. UMG's proposal then confirmed that if Veoh is found liable

during the first stage, issues of ownership of any particular copyright at issue may be

addressed in a second proceeding. This provides the additional clarity that the parties

and the Court require to effectively define the scope of what is being bifurcated.

Veoh's proposal is entirely silent on such issues, and leaves open the possibility

that Veoh will seek to litigate the same issues twice. At a minimum, the lack of

clarity in Veoh's proposal will lead to confusion and a disorganized trial proceeding.

Veoh's proposal became even less clear in light of Veoh's subsequent communications

on the subject. On July 7, Veoh's counsel wrote that "UMG needs to put into evidence

at trial the works UMG purports to own by virtue of the copyright registrations (we

would not challenge underlying ownership, but to the extent the registrations

themselves are deficient, we would need to address that)." Exhibit D – July 7, 2009

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1 Email from Erin Ranahan.

2 　　　In its initial portion of this joint stipulation (only provided to UMG at
3 approximately 2:00 p.m. on the date the Court ordered it filed), Veoh provided no
4 further explanation of its intentions or what it meant by its cryptic remarks. Indeed,
5 Veoh's entire portion of this joint stipulation was only ½ page in length. After
6 receiving UMG's portion, Veoh completely rewrote its portion of the submission,
7 which grew to approximately five pages. Notwithstanding this expansion (and fully
8 aware of this issue), Veoh still cannot explain how it proposes the Court handle this
9 case. Veoh still vaguely suggests that it wishes to litigate some "deficiencies" in
10 UMG's copyright registrations at a first proceeding and makes vague references to
11 some allegation that no named plaintiff appears as a copyright claimant on many
12 registration certificates. UMG reminds the Court that Veoh has made similar, albeit
13 incorrect, to this Court before in connection with this motion. Because Veoh offers no
14 specificity, UMG can only suggest that the Court treat such bald assertions with
15 significant skepticism. As the Court will recall, even in its "cherry-picked" sample of
16 works at issue, Veoh has yet to actually demonstrate that any of the works at issue are
17 not owned or controlled by UMG. Regardless, however, Veoh still asserts vaguely
18 that some unspecified "deficiencies" should be litigated in a first proceeding. Even
19 now, Veoh's position on what this means remains entirely unclear. Veoh has never
20 identified any such "deficiencies" in response to UMG's discovery requests (which is
21 the basis for a pending motion in limine to exclude such arguments). Moreover, Veoh
22 seems to suggest its intention to raise arguments that section 411(b) of the copyright
23 act renders unavailable to Veoh. 17 U.S.C. § 411(b). When arguing this motion
24 before the Court, Veoh's counsel conceded their lack of familiarity with this provision.

25 　　　Ultimately, the division UMG proposes makes sense – an initial trial to litigate
26 issues of liability and the amount of statutory damages to be imposed per copyrighted
27 work, followed by a subsequent proceeding to address any issues of ownership of the
28 underlying works. This will simplify the division of labor between the two

9

proceedings, and will avoid the prospect of holding countless mini-trials on ownership of particular works during the initial phase. Veoh's proposal could stretch an initial trial before Judge Matz into months and months of jury trial. UMG respectfully submits that no one would benefit from this approach. UMG's proposal more adequately provides a framework for the Court and the parties to understand what issues will be tried in an initial proceeding and what will remain for a second phase.

### 2. UMG's Proposal Permits Flexibility In Handling The Second Phase

As UMG has previously indicated, Veoh has infringed a significant number of UMG's copyrighted works. UMG has identified approximately 7800 infringing videos on the Veoh service embodying nearly 2000 of UMG's copyrighted works. If Veoh truly proposes to contest UMG's ownership of a meaningful number of the works at issue, the proceeding to adjudicate such challenges will be very time consuming and tedious. The parties have previously discussed the possibility that these issues would be best-handled by a special master, preferably with some expertise in copyright issues. UMG's proposal, in which the parties would submit their specific proposals for how to handle the second phase of proceedings after a verdict was rendered in the first phase, allows for the flexibility to appoint such a master. Similarly, UMG's proposal provides the flexibility for the parties to consider other options. Indeed, it is possible that with full knowledge of the amount of damages awarded per work, the parties could reach some agreement on the number of works to be included. Veoh's proposal, unlike UMG's removes the flexibility to consider such options. UMG respectfully submits that preserving such flexibility at this point is in both the parties' and the Court's best interest.

### 3. UMG's Proposal Does Not Pre-Compel Burdensome and Potentially Unnecessary Production

At this point in the proceedings, the parties obviously cannot predict what verdict will be returned after trial. Beyond liability, the parties can reasonably expect that any verdict in UMG's favor would specify some, as yet unknown, amount of

10

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1  statutory damages per infringed work. If Veoh is found liable, the relevant amount

2  could, in theory, fall anywhere between $750 and $150,000 per infringed work. UMG

3  respectfully submits that the amount awarded is a relevant factor to determining what

4  further proceedings and potential discovery are appropriate. Veoh seeks massive and

5  burdensome discovery and suggests that the Court should order it despite Veoh's

6  failure to make any meaningful showing that such discovery will lead anywhere.

7  Veoh points to the fact that this matter has been the subject of multiple rounds of

8  briefing as a purported justification to order further production – as though simple

9  repetition would lend merit to Veoh's arguments. There have been multiple rounds of

10  motion practice on this issue because of Veoh's tenacious insistence on burdensome

11  discovery even when its motions are denied by the Court. Veoh suggests that no

12  matter what happens, it simply wants UMG to have to produce vast quantities of

13  material in an unreasonable time frame.

14       As noted above, Veoh has never been able to support its motion. Its proposal

15  asked UMG to simply stipulate to that which the Court has refused to order in the

16  multiple rounds of briefing to which Veoh points. Veoh has repeatedly sought to

17  justify its demand for massive and burdensome discovery by pointing to the potential

18  for $150,000 in damages per infringed work. After a verdict is rendered, both the

19  parties and the Court will know the precise amount awarded per work. This will allow

20  the parties and the Court (or a special master) to better evaluate what level of further

21  discovery and inquiry is appropriate.

22       Veoh does not meaningfully dispute that the production it seeks is massively

23  burdensome. Veoh conceded at the June 3 hearing that nearly 2 months after

24  receiving UMG's production of material regarding a far smaller number of works than

25  it now seeks, Veoh still had not completed its review of the material. Obviously, the

26  lower the amount of damages actually awarded, the greater the likelihood that Veoh

27  will never bother to spend the time or money to even look at the materials it demands

28  should be produced. UMG remains concerned that Veoh seeks this production more

11

to inflict costs on UMG than for any legitimate purpose. Veoh has yet to make any accurate showing that UMG does not control any of the works on its infringement list - even those as to which UMG has produced extensive documentation. After a verdict, the parties' relative incentives will be clear and a reasoned assessment of the need for extensive additional production can be made. Veoh suggests that the Court should act now to ignore the possibility of being able to consider the issue with better information.

Further, UMG is concerned that Veoh's proposal demands that UMG undertake a massive and costly discovery effort in the event that Veoh is found liable, without any guarantee that Veoh will ever satisfy a judgment against it. Veoh has repeatedly protested to this Court that it is running out of money, laying off personnel, and being driven toward insolvency.[2] Certainly, UMG should not be required to provide massively costly post-verdict discovery unless Veoh can somehow provide assurances that it will ultimately be able to satisfy a judgment against it. Veoh's proposal contemplates that UMG should have to produce a massive amount of material in 30 days after a verdict in its favor (a time-frame that would also be impossible to meet). Of course, this scenario only arises if Veoh has been found liable for some amount of damages to UMG. Before UMG is required to undertake any such post-verdict discovery effort, Veoh should be required to secure the possible judgment. For example, the Court could require that Veoh deposit with the Court an amount representing 150% of the maximum damages award (the amount of damages per work awarded by the jury multiplied by the full number of copyrighted works UMG claims

---

[2] Veoh also complains that this lawsuit has been expensive and purportedly devastated Veoh financially. First, such statements suggest that Veoh merely seeks to obtain some kind of financial revenge by inflicting costs on UMG – the victim of Veoh's massive copyright infringement. Moreover, Veoh's suggestions that this litigation has been the cause of any financial failing are grossly overblown. First, Veoh tries to conceal the fact that it had $2 million of insurance coverage to pay for its defense of this case – rendering its claims of financial injury exceedingly hollow. Further, Veoh's own experts acknowledge that Veoh loses money on all aspects of its business. Any financial failings Veoh suffers are a consequence of its own business failures, not UMG's claims against it.

12

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1   as infringed). In this way, UMG would at least be assured that any further discovery

2   effort would not merely be a cost incurred after which Veoh would simply fail to

3   satisfy the ultimate judgment. Given Veoh's protestations about its financial straits,

4   such a requirement is far from unreasonable.

5   ## B.   UMG'S CONCLUSION

6          The parties seem to agree that a staged trial proceeding makes sense. The

7   parties further seem to agree that issues of liability and the amount of damages per

8   infringed work should be litigated in an initial proceeding and that challenges to

9   UMG's ownership rights in particular copyrighted works should be deferred to a

10  second phase in order to determine the total amount of damages to be awarded.

11  Veoh's proposal, however, fails to implement these apparent agreements in a fair or

12  sensible manner. UMG has proposed a reasonable stipulation which would avoid

13  prejudice to either party, would avoid unnecessary burdens on the Court, and would

14  allow the precise procedures for handling the second phase proceeding to be worked

15  out after all parties and the Court know precisely what is at stake. UMG's proposal

16  should be entered.

17

18

19

20

21

22

23

24

25

26

27

28

IT IS SO STIPULATED.

Dated: July 13, 2009                    **WINSTON & STRAWN LLP**


                                        By /s/
                                           Michael S. Elkin
                                           Thomas P. Lane
                                           Jennifer A. Golinveaux
                                           Rebecca Calkins
                                           Erin R. Ranahan
                                           Attorneys for Defendant
                                           VEOH NETWORKS, INC.

Dated:   July 13, 2009                  **IRELL & MANELLA LLP**


                                        By  /s/
                                           Brian Ledahl
                                           Attorney for Plaintiffs
                                           UMG RECORDINGS, INC.,
                                           UNIVERSAL MUSIC CORP., SONGS OF
                                           UNIVERSAL, INC.; UNIVERSAL-
                                           POLYGRAM INTERNATIONAL
                                           PUBLISHING, INC.; RONDOR MUSIC
                                           INTERNATIONAL, INC.; UNIVERSAL
                                           MUSIC – MGB NA LLC; UNIVERSAL
                                           MUSIC – Z TUNES LLC; and
                                           UNIVERSAL – MBG MUSIC
                                           PUBLISHING LTD.

LA:247972.2

# EXHIBIT A

Rebecca Calkins (SBN: 195593)
Erin Ranahan (SBN: 235286)
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: 213-615-1700
Facsimile: 213-615-1750
Email: rcalkins@winston.com

Jennifer A. Golinveaux (SBN 203056)
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
(415) 591-1506 (Telephone)
(415) 591-1400 (Facsimile)
Email: jgolinveaux@winston.com

Michael S. Elkin (*admitted pro hac vice*)
Thomas P. Lane (*admitted pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166
(212) 294-6700 (Telephone)
(212) 294-4700 (Facsimile)
Email: melkin@winston.com
Email: tlane@winston.com

Attorneys for Defendant
VEOH NETWORKS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, | Case No. CV 07 5744 – AHM (AJWx) |
| Plaintiffs, | |
| vs. | **JOINT STIPULATION AND PROPOSAL RE VEOH'S MOTION TO COMPEL CHAIN OF TITLE DOCUMENTS** |
| VEOH NETWORKS, INC. a California Corporation, *et al.*, | |
| Defendants. | |

1

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1

## STIPULATION

2      The parties to the above entitled action, by and through their respective counsel

3 of record, hereby stipulate as follows:

4      WHEREAS this Court entered an Order on March 5, 2009 Re: Veoh's Renewed

5 Motion to Compel Plaintiffs ("UMG") to Produce Chain of Title/Rights Information

6 Re Same (Dkt. No. 321) ("March 5, 2009 Order") requiring UMG to produce a 20%

7 sample of chain of title documents;

8      WHEREAS Veoh filed its Motion to Compel UMG to Produce Chain of Title

9 Documents for the Remaining 80% of Identified Copyrights Based on Defects

10 Admitted by UMG ("Motion") on May 4, 2009 (Dkt. No. 432);

11      WHEREAS the Court held a hearing regarding Veoh's Motion on June 3, 2009,

12 during which the parties agreed to further discuss the most efficient means by which

13 to resolve the chain of title production and review given the current case schedule, and

14 indicated that the parties would report back to the Court on the progress of those

15 discussions;

16      NOW, THEREFORE, the parties to the above entitled action, by and through

17 their respective counsel of record, hereby stipulate as follows:

18      The parties propose the following approach to resolve the issues surrounding

19 the chain of title production and review.

20      For purposes of trial, UMG agrees to produce copyright registration certificates

21 for all allegedly infringed works.

22      If Veoh is found liable to UMG for any alleged work at trial, UMG agrees to

23 produce the remaining chain of title documents (including all categories of documents

24 ordered in the March 5, 2009 Order (Dkt. No. 321)) for any such work within thirty

25 days of the completion of trial.

26      In the event that the first trial results in a finding of liability and damages, a

27 subsequent hearing would be scheduled devoted to resolving any challenges Veoh has

28 to UMG's alleged ownership of any of the works for which Veoh has been found to

1

infringe at trial.

The subsequent hearing would occur no sooner than forty five days after

UMG's complete chain of title production to allow Veoh time to review and analyze

the documents.

This stipulation is without prejudice to Veoh challenging in the first trial any

attempt by UMG to seek separate statutory damages awards in respect of individual

sound recording copyrighted works that were published originally as a compilation.

IT IS SO STIPULATED.

Dated: June ___, 2009          **WINSTON & STRAWN LLP**


By _____
　　Michael S. Elkin
　　Thomas P. Lane
　　Jennifer A. Golinveaux
　　Rebecca Calkins
　　Erin R. Ranahan
　　Attorneys for Defendant
　　VEOH NETWORKS, INC.

Dated:　June ___, 2009          **IRELL & MANELLA LLP**


By _____
　　Brian Ledahl
　　Attorney for Plaintiffs
　　UMG RECORDINGS, INC.,
　　UNIVERSAL MUSIC CORP., SONGS OF
　　UNIVERSAL, INC.; UNIVERSAL-
　　POLYGRAM INTERNATIONAL
　　PUBLISHING, INC.; RONDOR MUSIC
　　INTERNATIONAL, INC.; UNIVERSAL
　　MUSIC – MGB NA LLC; UNIVERSAL
　　MUSIC – Z TUNES LLC; and
　　UNIVERSAL – MBG MUSIC
　　PUBLISHING LTD.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

# EXHIBIT B

Rebecca Calkins (SBN: 195593)
Erin Ranahan (SBN: 235286)
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone:  213-615-1700
Facsimile:   213-615-1750
Email:  rcalkins@winston.com

Jennifer A. Golinveaux  (SBN 203056)
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA  94111
(415) 591-1506 (Telephone)
(415) 591-1400 (Facsimile)
Email:  jgolinveaux@winston.com

Michael S. Elkin  (*admitted pro hac vice*)
Thomas P. Lane  (*admitted pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York  10166
(212) 294-6700 (Telephone)
(212) 294-4700 (Facsimile)
Email: melkin@winston.com
Email: tlane@winston.com

Attorneys for Defendant
VEOH NETWORKS, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>VEOH NETWORKS, INC. a California Corporation, *et al.*,<br><br>Defendants. | **Case No. CV 07 5744 – AHM (AJWx)**<br><br>**JOINT STIPULATION AND PROPOSAL RE VEOH'S MOTION TO COMPEL CHAIN OF TITLE DOCUMENTS** |

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

## STIPULATION

The parties to the above entitled action, by and through their respective counsel of record, hereby stipulate as follows:

WHEREAS this Court entered an Order on March 5, 2009 Re: Veoh's Renewed Motion to Compel Plaintiffs ("UMG") to Produce Chain of Title/Rights Information Re Same (Dkt. No. 321) ("March 5, 2009 Order") requiring UMG to produce a 20% sample of chain of title documents;

WHEREAS Veoh filed its Motion to Compel UMG to Produce Chain of Title Documents for the Remaining 80% of Identified Copyrights Based on Defects Admitted by UMG ("Motion") on May 4, 2009 (Dkt. No. 432);

WHEREAS the Court held a hearing regarding Veoh's Motion on June 3, 2009, during which the parties agreed to further discuss the most efficient means by which to resolve the chain of title production and review given the current case schedule, and indicated that the parties would report back to the Court on the progress of those discussions;

NOW, THEREFORE, the parties to the above entitled action, by and through their respective counsel of record, hereby stipulate as follows:

The parties propose the following approach to resolve the issues surrounding the chain of title production and review.

1.     For purposes of the trial set for August 18, 2009, UMG agrees to produce copyright registration materials for the allegedly infringed works;

2.     The parties agree that trial in this matter will address issues of liability and the appropriate measure of statutory damages per infringed work to be imposed, should Veoh be found liable;

3.     The parties will not litigate issues of ownership of any of the copyrights at issue during the initial trial of this matter;

4.     If Veoh is found liable to UMG for any alleged work at trial, the parties agree that issues of ownership of any particular copyright in issue may be addressed

1

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1 | through a subsequent proceeding;

2 |     5.     Within thirty (30) days after a verdict in favor of UMG, the parties will

3 | submit a joint proposal setting forth a proposed procedure for addressing any issues

4 | regarding ownership of any particular copyright in issue, including whether the issue

5 | is to be addressed to the Court or to a special master appointed for such purpose;

6 |     6.     The parties joint proposal shall also set forth their proposal(s) for

7 | addressing any issues of discovery relating to ownership rights in the works at suit

8 | that were the subject of Veoh's Motion to Compel (Dkt. # 432);

9 |     7.     This stipulation is without prejudice to Veoh challenging, in the initial

10 | phase of trial, any attempt by UMG to seek separate statutory damages awards in

11 | respect of individual sound recording copyrighted works that Veoh contends were

12 | published originally as a compilation.

14 |     IT IS SO STIPULATED.

16 | Dated: June ___, 2009       **WINSTON & STRAWN LLP**

18 |     By _____
19 |        Michael S. Elkin
       Thomas P. Lane
       Jennifer A. Golinveaux
20 |        Rebecca Calkins
       Erin R. Ranahan
21 |        Attorneys for Defendant
       VEOH NETWORKS, INC.

22 | Dated:  June ___, 2009      **IRELL & MANELLA LLP**

24 |     By _____
25 |        Brian Ledahl
       Attorney for Plaintiffs
26 |        UMG RECORDINGS, INC.,
       UNIVERSAL MUSIC CORP., SONGS OF
27 |        UNIVERSAL, INC.; UNIVERSAL-
       POLYGRAM INTERNATIONAL
       PUBLISHING, INC.; RONDOR MUSIC
28 |        INTERNATIONAL, INC.; UNIVERSAL

2

MUSIC – MGB NA LLC; UNIVERSAL
MUSIC – Z TUNES LLC; and
UNIVERSAL – MBG MUSIC
PUBLISHING LTD.

LA:247972.1

EXHIBIT **C**

1  Rebecca Calkins (SBN: 195593)
   Erin Ranahan (SBN: 235286)
2  **WINSTON & STRAWN LLP**
   333 South Grand Avenue, 38th Floor
3  Los Angeles, CA 90071-1543
   Telephone: 213-615-1700
4  Facsimile: 213-615-1750
   Email: rcalkins@winston.com
5
   Jennifer A. Golinveaux (SBN 203056)
6  **WINSTON & STRAWN LLP**
   101 California Street
7  San Francisco, CA 94111
   (415) 591-1506 (Telephone)
8  (415) 591-1400 (Facsimile)
   Email: jgolinveaux@winston.com
9
   Michael S. Elkin (*admitted pro hac vice*)
10 Thomas P. Lane (*admitted pro hac vice*)
   **WINSTON & STRAWN LLP**
11 200 Park Avenue
   New York, New York 10166
12 (212) 294-6700 (Telephone)
   (212) 294-4700 (Facsimile)
13 Email: melkin@winston.com
   Email: tlane@winston.com
14
   Attorneys for Defendant
15 VEOH NETWORKS, INC.

16              **UNITED STATES DISTRICT COURT**

17             **CENTRAL DISTRICT OF CALIFORNIA**

18                     **WESTERN DIVISION**

19
   UMG RECORDINGS, INC., *et al.*,        )   **Case No. CV 07 5744 – AHM (AJWx)**
20                                        )
           Plaintiffs,                    )
21                                        )
        vs.                               )   **JOINT STIPULATION AND**
22                                        )   **PROPOSAL RE VEOH'S MOTION**
   VEOH NETWORKS, INC. a California       )   **TO COMPEL CHAIN OF TITLE**
23 Corporation, *et al.*,                 )   **DOCUMENTS**
                                          )
24         Defendants.                    )
                                          )
25                                        )
                                          )
26                                        )
                                          )
27 ─────────────────────────────────── )
28

                                    1
─────────────────────────────────────────────────────
JOINT STIPULATION RE VEOH'S MOTION TO COMPEL CHAIN OF TITLE DOCUMENTS
              Case No. CV 07 5744 – AHM (AJWx))

EXHIBIT C - PAGE 22

Vinst
n &
traw
LLP
101
alifforni
Street
San
rancisc
A 9411
5894

Vinst
n &
traw
LLP
101
'aliforni
Street
San
rancisc(
A 9411
5894

1                                             **STIPULATION**

2         The parties to the above entitled action, by and through their respective counsel

3 of record, hereby stipulate as follows:

4         WHEREAS this Court entered an Order on March 5, 2009 Re: Veoh's Renewed

5 Motion to Compel Plaintiffs ("UMG") to Produce Chain of Title/Rights Information

6 Re Same (Dkt. No. 321) ("March 5, 2009 Order") requiring UMG to produce a 20%

7 sample of chain of title documents;

8         WHEREAS Veoh filed its Motion to Compel UMG to Produce Chain of Title

9 Documents for the Remaining 80% of Identified Copyrights Based on Defects

10 Admitted by UMG ("Motion") on May 4, 2009 (Dkt. No. 432);

11         WHEREAS the Court held a hearing regarding Veoh's Motion on June 3, 2009,

12 during which the parties agreed to further discuss the most efficient means by which

13 to resolve the chain of title production and review given the current case schedule, and

14 indicated that the parties would report back to the Court on the progress of those

15 discussions;

16         NOW, THEREFORE, the parties to the above entitled action, by and through

17 their respective counsel of record, hereby stipulate as follows:

18         The parties propose the following approach to resolve the issues surrounding

19 the chain of title production and review.

20         1.____For purposes of the trial, set for August 18, 2009, UMG agrees to

21 produce copyright registration ~~certificates~~materials for ~~all~~the allegedly infringed

22 works~~.~~;

23         2.    The parties agree that trial in this matter will address issues of liability

24 and the appropriate measure of statutory damages per infringed work to be imposed,

25 should Veoh be found liable;

26         3.    The parties will not litigate issues of ownership of any of the copyrights

27 at issue during the initial trial of this matter;

28

Vinst
n &
traw
LLP
101
aliforni
Street
San
rancisc
A 9411
5894

1    4.    If Veoh is found liable to UMG for any alleged work at trial, ~~UMG~~

2    ~~agrees to produce the remaining chain of title documents (including all categories of~~

3    ~~documents ordered in the March 5, 2009 Order (Dkt. No. 321)) for any such work~~

4    ~~within thirty days of the completion of trial.~~ the parties agree that issues of ownership

5    of any particular copyright in issue may be addressed through a subsequent

6    proceeding;

7    ~~In the event that the first trial results in a finding of liability and damages, a~~

8    ~~subsequent hearing would be scheduled devoted to resolving any challenges Veoh has~~

9    ~~to UMG's alleged ownership of any of the works for which Veoh has been found to~~

10    ~~infringe at trial.~~

11    ~~The subsequent hearing would occur no sooner than forty-five days after~~

12    ~~UMG's complete chain of title production to allow Veoh time to review and analyze~~

13    ~~the documents.~~

14    5.    Within thirty (30) days after a verdict in favor of UMG, the parties will

15    submit a joint proposal setting forth a proposed procedure for addressing any issues

16    regarding ownership of any particular copyright in issue, including whether the issue

17    is to be addressed to the Court or to a special master appointed for such purpose;

18    6.    The parties joint proposal shall also set forth their proposal(s) for

19    addressing any issues of discovery relating to ownership rights in the works at suit

20    that were the subject of Veoh's Motion to Compel (Dkt. # 432);

21    7.    This stipulation is without prejudice to Veoh challenging, in the

22    ~~first~~initial phase of trial, any attempt by UMG to seek separate statutory damages

23    awards in respect of individual sound recording copyrighted works that Veoh

24    contends were published originally as a compilation.

25

26    IT IS SO STIPULATED.

27

28    Dated: June ___, 2009        **WINSTON & STRAWN LLP**

2

Vinst
n &
traw
LLP
101
aliforni
Street
San
rancisc
A 9411
5894

By _____
Michael S. Elkin
Thomas P. Lane
Jennifer A. Golinveaux
Rebecca Calkins
Erin R. Ranahan
Attorneys for Defendant
VEOH NETWORKS, INC.

Dated:   June ___, 2009          **IRELL & MANELLA LLP**

By _____
Brian Ledahl
Attorney for Plaintiffs
UMG RECORDINGS, INC.,
UNIVERSAL MUSIC CORP., SONGS OF
UNIVERSAL, INC.; UNIVERSAL-
POLYGRAM INTERNATIONAL
PUBLISHING, INC.; RONDOR MUSIC
INTERNATIONAL, INC.; UNIVERSAL
MUSIC – MGB NA LLC; UNIVERSAL
MUSIC – Z TUNES LLC; and
UNIVERSAL – MBG MUSIC
PUBLISHING LTD.

LA:247972.2

JOINT STIPULATION RE VEOH'S MOTION TO COMPEL CHAIN OF TITLE DOCUMENTS
Case No. CV 07 5744 – AHM (AJWx

EXHIBIT C - PAGE 25

EXHIBIT **D**

**From:** Ranahan, Erin R.
**Sent:** Friday, June 26, 2009 5:13 PM
**To:** 'Ledahl, Brian'
**Cc:** Golinveaux, Jennifer A.; Lane, Thomas P.; Elkin, Michael S.
**Subject:** UMG v. Veoh-- Proposed Stipulation re Chain of Title

Brian,

Based on the discussions we have had regarding the most efficient means by which to resolve the chain of title production and review given the current case schedule, attached please find Veoh's proposed stipulation regarding the same. Please let us know if this meets your approval.

Regards,

-Erin

**Erin R. Ranahan**
Associate
Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
D: +1 (213) 615-1835
F: +1 (213) 615-1750

Bio | VCard | Email | www.winston.com

**From:** Ledahl, Brian [mailto:BLedahl@irell.com]
**Sent:** Monday, July 06, 2009 11:46 AM
**To:** Lane, Thomas P.; 'melkin@winton.com'; Golinveaux, Jennifer A.; Ranahan, Erin R.
**Cc:** Ledahl, Brian
**Subject:** UMG v. Veoh

Counsel,

     Further to our conversations about a possible phasing of trial in this matter and deferral of litigating issues of ownership of particular copyrights to a second phase, attached is a mark-up of the stipulation you had previously circulated. Please let us know your thoughts as soon as possible.

Best regards,

Brian


Brian Ledahl
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Direct: 310.203.7927
Facsimile: 310.203.7199
E-mail: bledahl@irell.com


ccmailg.irell.com made the following annotations
--------------------------------------------------------------------
PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.


--------------------------------------------------------------------

## Ranahan, Erin R.

**From:** Ranahan, Erin R.
**Sent:** Tuesday, July 07, 2009 12:37 PM
**To:** 'Ledahl, Brian'; Lane, Thomas P.; 'melkin@winton.com'; Golinveaux, Jennifer A.
**Subject:** RE: UMG v. Veoh

Brian,

The draft stipulation you sent yesterday is not going to work for us.

We have two primary concerns. First, we need UMG to commit now to producing the chain of ownership documents within a period of time. Further, UMG needs to put into evidence at trial the works UMG purports to own by virtue of the copyright registrations (we would not challenge underlying ownership, but to the extent the registrations themselves are deficient, we would need to address that).

If we are unable to resolve these issues, we propose making a joint call to the clerk to discuss submitting our respective stipulations with Judge Wistrich, and he could order further briefing/conduct a hearing if he considers it necessary. Let me know if you are available later this afternoon or tomorrow to make this call.

Best Regards,

-Erin

---

**From:** Ledahl, Brian [mailto:BLedahl@irell.com]
**Sent:** Monday, July 06, 2009 11:46 AM
**To:** Lane, Thomas P.; 'melkin@winton.com'; Golinveaux, Jennifer A.; Ranahan, Erin R.
**Cc:** Ledahl, Brian
**Subject:** UMG v. Veoh

Counsel,

Further to our conversations about a possible phasing of trial in this matter and deferral of litigating issues of ownership of particular copyrights to a second phase, attached is a mark-up of the stipulation you had previously circulated. Please let us know your thoughts as soon as possible.

Best regards,

Brian



Brian Ledahl
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Direct: 310.203.7927
Facsimile: 310.203.7199
E-mail: bledahl@irell.com

EXHIBIT D - PAGE 28

ccmailg.irell.com made the following annotations
-------------------------------------------------------------------
PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.

-------------------------------------------------------------------