| | |
|---|---|
| 1 | Rebecca Lawlor Calkins (SBN: 195593) |
| | Email: rcalkins@winston.com |
| 2 | Erin R. Ranahan (SBN: 235286) |
| | Email: eranahan@winston.com |
| 3 | **WINSTON & STRAWN LLP** |
| | 333 South Grand Avenue, 38th Floor |
| 4 | Los Angeles, CA 90071-1543 |
| | Telephone: (213) 615-1700 |
| 5 | Facsimile: (213) 615-1750 |
| 6 | Jennifer A. Golinveaux (SBN 203056) |
| | Email: jgolinveaux@winston.com |
| 7 | **WINSTON & STRAWN LLP** |
| | 101 California Street |
| 8 | San Francisco, CA 94111 |
| | Tel: (415) 591-1506/Fax: (415) 591-1400 |
| 9 | |
| | Michael S. Elkin (admitted *pro hac vice*) |
| 10 | Email: melkin@winston.com |
| | Thomas P. Lane (admitted *pro hac vice*) |
| 11 | Email: tlane@winston.com |
| | **WINSTON & STRAWN LLP** |
| 12 | 200 Park Avenue |
| | New York, New York 10166 |
| 13 | Tel: (212) 294-6700/Fax: (212) 294-4700 |
| 14 | Attorneys for Defendant VEOH NETWORKS, INC. |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UMG RECORDINGS, INC., a Delaware Corporation, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>VEOH NETWORKS, INC., a California Corporation, et al.,<br><br>Defendants. | **Case No. CV 07 5744 -- AHM (AJWx)**<br><br>**VEOH'S OPPOSITION TO UMG'S MOTION *IN LIMINE* RE: EVIDENCE RELATING TO THE UGC PRINCIPLES (MOTION *IN LIMINE* NO. 3)**<br><br>Hearing Date: 8/3/09<br>Time: 10:00 a.m.<br><br>Hon. A. Howard Matz |

LA:250012.2

**VEOH'S OPP. TO UMG'S MOT. *IN LIMINE* NO. 3– CASE NO. 07 5744 – AHM (AJWx)**

## I. INTRODUCTION

Although Veoh's adherence to (and UMG's refusal to cooperate with) the Digital Millennium Copyright Act ("DMCA") is central to Veoh's defense in this action, UMG asks this Court to exclude from consideration evidence that Veoh is a signatory to the UGC Principles, which constitute guidelines that emulate the very goals that the DMCA is designed to foster. This evidence, which is publicly available and undisputed, demonstrates that Veoh has been at the forefront of efforts to cooperate with content owners like UMG in seeking to advance workable solutions to concerns about copyright infringement, and demonstrates Veoh's public commitment to fostering such cooperation. Accordingly, this evidence is directly relevant to Veoh's defense in this action, and is admissible under FRE 402.

UMG's alternative argument that this evidence should be excluded under FRE 403 because it would "waste time" is also unavailing. To support this argument, UMG claims it would be required to conduct a "mini-trial" and respond with evidence in which Veoh supposedly failed to follow "non-binding, voluntary" guidelines set forth in the UGC Principles. Notably, however, UMG does not cite a single example regarding Veoh's purported failure to adhere to the guidelines set forth in the UGC Principles, most likely because examples simply do not exist. Thus, UMG's efforts to explain Veoh's alleged non-compliance is not likely to take any time, let alone waste time that UMG does not bother to quantify.

Similarly, UMG's suggestion that somehow the jury would be confused into believing the trial is solely about Veoh's compliance with the UGC Principles is misleading and overblown. Veoh will not base any of its jury instructions or elements on the language of the UGC Principles; and UMG is free to explain to the jury that the UGC Principles are voluntary, non-binding guidelines. Thus, there is no genuine risk that the jury will become confused about what it is asked to determine by introduction of this evidence.

Veoh has acted as a model citizen under the DMCA and its signing onto the UGC Principles only further confirms Veoh's commitment. Because the probative value of Veoh's relevant connection to the UGC Principles outweighs any prejudice to UMG, and because the probative value outweighs any concern that this evidence would waste time or cause confusion, UMG's Motion *In Limine* No. 3 should be denied.

## II. FACTUAL SUMMARY

### A. **The DMCA**

The DMCA was "designed to facilitate the robust development and world-wide expansion of electronic commerce, communications, research, development, and education in the digital age." S. Rep. No. 105-190, at 1-2 (1998). "Difficult and controversial questions of copyright liability in the online world prompted Congress to enact Title II of the DMCA, the Online Copyright Infringement Liability Limitation Act (OCILLA)." *Io Group, Inc. v. Veoh Networks, Inc.,* 586 F.Supp.2d 1132, 1142 (N.D. Cal. Aug. 27, 2008) (citing *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004)). "In order to strike a balance between their respective interests, OCILLA seeks to 'preserve[ ] strong incentives for service providers and copyright owners to cooperate to detect and deal with copyright infringements that take place in the digital networked environment.' *Id.* (quoting S. Rep. 105-190, at 20 (1998); H.R. Rep. 105-551(II), at 49 (1998)). "Congress hoped to provide 'greater certainty to service providers concerning their legal exposure for infringements that may occur in the course of their activities.'" *Ellison*, 357 F.3d at 1076 (quoting S. Rep. 105-190, at 20 (1998); H.R. Rep. 105-551(II), at 49-50 (1998)).

### B. **The UGC Principles**

In addition to its strong DMCA policy, Veoh has been at the forefront of collaborative inter-industry efforts alongside content owners to prevent infringing materials from appearing on its service. In October 2007, Veoh, along with major content owners Disney, Viacom, Fox, CBS, and NBC Universal, signed on to "The

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

UGC Principles," available at www.ugcprinciples.com. available at www.ugcprinciples.com. Papa Decl. (Dkt. No. 336-10). ¶ 12 & Ex. F. The UGC Principles serve as a comprehensive set of guidelines to help services like Veoh and content creators work together toward their collective goal of "foster[ing] an online environment that promotes the promises and benefits of UGC Services and protects the rights of Copyright Owners." *Id.*

As the UGC Principles explicitly state:

> In coming together around these Principles, Copyright Owners and UGC Services recognize that they share several important objectives: (1) the elimination of infringing content on UGC Services, (2) the encouragement of uploads of wholly original and authorized user-generated audio and video content, (3) the accommodation of fair use of copyrighted content on UGC Services, and (4) the protection of legitimate interests of user privacy. We believe that adhering to these Principles will help UGC Services and Copyright Owners achieve those objectives.

*Id.* at p. 1.

UMG explicitly refused to sign onto the UGC Principles.

## III. EVIDENCE RELATING TO THE UGC PRINCIPLES SHOULD NOT BE EXCLUDED

### A. **Veoh's Signing Onto The UGC Principles Is Directly Relevant to This Action**

Veoh has not only established and implemented strict policies to prevent suspected infringement in accordance with the DMCA, it has made its commitment to preventing infringement and cooperating with content owners public through its signing onto the guidelines set forth in the UGC Principles, which seek to address challenges in the digital age while fostering cooperation among companies like Veoh and content owners like UMG. UMG's suggestion that the UGC Principles are not

relevant because Veoh "voluntary" entered them is nonsensical—it is precisely the voluntary nature that makes Veoh's signing onto the UGC Principles probative— Veoh was not obligated to sign onto the UGC Principles but did anyway, once again demonstrating that its commitment goes above and beyond what is required by law in seeking to cooperate in solving these challenges. Evidence is not unfairly prejudicial simply because it is detrimental to a party's case. *Van Deelen v. Johnson*, No. 05-4039-SAC, 2008 WL 4683022, at *3 (D. Kan. 2008) (citing United States v. Martinez, 938 F .2d 1078, 1082 (10th Cir.1991)).

Further, UMG's claim that the UGC Principles are "non-binding" in a legal sense does not detract from the public position that Veoh has taken, or the practical impact it has on Veoh's relationship with its fellow signatories, some of which (like Viacom) are Veoh's partners. Veoh is thus motivated to comply not only to ensure that it is consistent with its public commitments, but to honor its commitments to its partners. Moreover, UMG seeks to portray Veoh as an inherently "bad actor," one that flaunted and deliberately disregarded copyright law. Veoh's signing onto – and compliance with – the UGC Principles clearly shows a company that respects copyright law and wants to work with content owners, not against them. This evidence is clearly relevant under FRE 403.

### B. **This Evidence Is Not Likely To Waste Time or Confuse the Jury**

UMG has not set forth any valid reason to exclude this evidence under Rule 403 because there are no legitimate concerns that outweigh its probative value. *See e.g., United States v. Allen*, 341 F.3d 870, 885-86 (9th Cir. 2003), *cert. denied*, 541 U.S. 975 (2004) (evidence held admissible where no concerns outweighed probative value); *Czarnecki v. Home debot U.S.A.*, No. 07-4384, 2009 WL 1706582, at *2 (E.D. Pa. 2009) (two experts were permitted to testify on the same issue). Moreover, the evidence is this case is not a "waste of time" under Rule 403.

#### 1. **There Is No Legitimate Threat That This Evidence Will Waste Time**

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1  Although UMG argues that through admission of this evidence, UMG will have to educate the jury on the true "scope, nature and function" of the UGC Principles, UMG does not bother to estimate how much time this brief testimony would take. Indeed, far from being a "time-consuming derivative litigation," testimony (both direct and cross) would likely take less than an hour. UMG also does not bother to explain how it can possibly ascribe some nefarious motive to Veoh's seeking to follow guidelines that foster cooperation between companies like Veoh and UMG. UMG also fails to list any examples of Veoh's failure to adhere to the UGC Principles for good reason—there are no examples.[1] In short, UMG has set forth nothing to substantiate its claim that this limited evidence will waste time in any way, let alone to the extent that it would outweigh any probative value under FRE 403.

### 2. There is No Legitimate Threat That This Evidence Will Confuse the Jury

UMG summarily concludes that the "distinction [between the law and the UGC Principles] might be lost on the jury," and therefore the evidence should be excluded. Nonsense. Any reasonable jury will be able to understand what the UGC Principles represent, and distinguish them from the applicable law. Surely UMG's counsel is capable of explaining the distinction between the elements in the case that a party is seeking to establish or refute, and the UGC Principles. Just as surely, this Court's charge will give the jury the law and the appropriate elements, which they are duty bound to follow.

UMG also complains that a juror may conclude that "being a signatory to the Principles is the equivalent of an imprimatur of good conduct." While surely UMG would prefer the jury not reach this conclusion (especially when contrasted with UMG's refusal to sign onto the UGC Principles) this potential inference explains precisely why this evidence is probative. This evidence is simply one of the many

---

[1] Surely UMG does not want to be forced to explain why itself refused to enter into the UGC Principles, because it has no reason for doing so except that it has never been interested in cooperating under the DMCA.

LA:250012.2                                5
**VEOH'S OPP. TO UMG'S MOT. *IN LIMINE* NO. 3 – CASE NO. 07 5744 – AHM (AJWx)**

examples that Veoh goes above and beyond its legal requirements as a model citizen under the DMCA. Thus, the probative value of this evidence outweighs any genuine risk of confusion.

IV. CONCLUSION

For all the foregoing reasons, UMG's Motion *In Limine* No. 3 should be denied.

Dated: July 20, 2009　　　　　　　　WINSTON & STRAWN LLP

By: /s/ Erin R. Ranahan
　　　Michael S. Elkin
　　　Thomas P. Lane
　　　Jennifer A. Golinveaux
　　　Rebecca Calkins
　　　Erin Ranahan

　　　Attorneys for Defendant
　　　VEOH NETWORKS, INC.