| | |
|---|---|
| 1 | Rebecca Lawlor Calkins (SBN: 195593) |
| | Email: rcalkins@winston.com |
| 2 | Erin R. Ranahan (SBN: 235286) |
| | Email: eranahan@winston.com |
| 3 | **WINSTON & STRAWN LLP** |
| | 333 South Grand Avenue, 38th Floor |
| 4 | Los Angeles, CA 90071-1543 |
| | Telephone: (213) 615-1700 |
| 5 | Facsimile: (213) 615-1750 |
| 6 | Jennifer A. Golinveaux (SBN 203056) |
| | Email: jgolinveaux@winston.com |
| 7 | **WINSTON & STRAWN LLP** |
| | 101 California Street |
| 8 | San Francisco, CA 94111 |
| | Tel: (415) 591-1506/Fax: (415) 591-1400 |
| 9 | |
| 10 | Michael S. Elkin (admitted *pro hac vice*) |
| | Email: melkin@winston.com |
| 11 | Thomas P. Lane (admitted *pro hac vice*) |
| | Email: tlane@winston.com |
| 12 | **WINSTON & STRAWN LLP** |
| | 200 Park Avenue |
| 13 | New York, New York 10166 |
| | Tel: (212) 294-6700/Fax: (212) 294-4700 |
| 14 | Attorneys for Defendant VEOH NETWORKS, INC. |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UMG RECORDINGS, INC., a Delaware Corporation, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>VEOH NETWORKS, INC., a California Corporation, et al.,<br><br>Defendants. | **Case No. CV 07 5744 -- AHM (AJWx)**<br><br>**VEOH'S OPPOSITION TO UMG'S MOTION *IN LIMINE* RE: ALLEGED DEFECTS IN UMG'S CHAIN OF TITLE (MOTION *IN LIMINE* NO. 8)**<br><br>Hearing Date: 8/3/09<br>Time: 10:00 a.m.<br><br>Hon. A. Howard Matz |

LA:250117.2

**VEOH'S OPP. TO UMG'S MOT. *IN LIMINE* NO. 8– CASE NO. 07 5744 – AHM (AJWx)**

## I. INTRODUCTION

Aside from suffering from a unique combination of arrogance and absurdity in arguing that Veoh has not complied with discovery obligations when it is UMG itself that has refused, UMG's Motion to exclude chain of title information is premature. Veoh has been seeking to compel UMG to produce complete chain of title documents for over a year, and this motion is still pending. Magistrate Judge Wistrich has heard multiple rounds of briefing on the issue, where Veoh has set forth in great detail all the reasons that Veoh seeks to compel chain of title documents. Pursuant to the procedures outlined in the Court's March 5, 2009 Order where UMG was ordered to produce a 20% sample of chain of title documents, Veoh has sought to compel production of remaining works based on the admitted defects evidenced by UMG's withdrawals and defects identified through Veoh's preliminary review of the 20% sample.

Accordingly, Veoh filed its Motion to Compel UMG to Produce Chain of Title Documents for the Remaining 80% of Identified Copyrights Based on Defects Admitted by UMG ("Motion") on May 4, 2009 (Dkt. No. 432). On June 3, 2009, the Court held a hearing regarding Veoh's Motion, during which the parties agreed to further discuss the most efficient means by which to resolve the chain of title production and review given the current case schedule, and indicated that the parties would report back to the Court on the progress of those discussions. Veoh is willing, and the parties have agreed in principle, to delay and forego entirely the production and review in the event that Veoh is not found liable to UMG; but if Veoh is found liable at trial, further production will be necessary. Most recently, Judge Wistrich held a hearing today, on July 20, 2009, regarding the parties' competing stipulations, and has ordered the parties to submit another proposed stipulation by next Monday, July 27, 2009. Thus, UMG's Motion to exclude evidence of the alleged defects in UMG's chain of title cannot be reasonably decided until the outcome of Veoh's pending motion is resolved.

1

**VEOH'S OPP. TO UMG'S MOT. *IN LIMINE* NO. 8– CASE NO. 07 5744 – AHM (AJWx)**

Rule 37 of the Federal Rules of Civil Procedure was not designed to preclude a party from introducing evidence that it was prevented from obtaining during discovery, especially considering the great lengths Veoh has gone to in compelling this chain of title information. Further, the probative value of UMG producing documents to prove its ownership of the works at issue—especially considering that UMG is seeking $150,000.00 in statutory damages for each work—far outweigh any concern for jury confusion, waste of time, or delay. For all the foregoing reasons, UMG's Motion should be denied.

## II. FACTUAL BACKGROUND

### A. Veoh Goes To Great Lengths To Compel Chain Of Title Information From UMG

Veoh has diligently sought to compel chain of title information regarding the allegedly infringing works in this action. (*See* Dkt. Nos. 193, 194, 219, 222, 303, 304, 321, 432, 441, 463 and 464). As Veoh has explained throughout this litigation, permitting Veoh the opportunity to meaningfully investigate UMG's purported rights in the allegedly infringing works is essential to preparing Veoh's defense.

Congress has made UMG's burdens in this case very clear. First, a plaintiff must prove it owned the copyright at the time of the alleged infringement. *See* 17 U.S.C. § 501; *see also Feist Publ'ns., Inc. v. Rural. Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Eckes v. Card Prices Update*, 736 F.2d 859, 861 (2d Cir. 1984). A copyright is originally owned by the author of the work, who is either the person who created the work or the person who had the work created as a "work made for hire." 17 U.S.C. § 201(a)-(b). A work may be made for hire only if: (1) the creator is an employee; or (2) the work is "specially ordered or commissioned," the work falls into one of nine specified categories of copyrightable works, and the parties signed a pre-creation writing that states that the work is made for hire. See 17 U.S.C. § 101; *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 748 (1989) (analyzing whether the hired party is an employee in the context of a work for hire under the common law of

agency, including the hiring party's control over the manner and means of the work created, the skill required, the source instrumentalities and tools, and the location of the work); *Ross v. CCS int '1, Ltd.,* No. 98 CV 4090 (RO), 2000 WL 1804103, at *3 (S.D.N.Y. Dec. 8, 2000). Finally, an author may chose to assign the work to another who is then considered the owner and may bring suit. *See* 17 U.S.C. § 201(d). A plaintiff can, therefore, prove it created a work, it is the author of the work as a work made for hire, or that it owns the work as an assignment.

Second, a plaintiff must have a valid and timely copyright registration. *See id.* § 411. *See also id.* § 412 (requiring timely copyright registration to obtain statutory damages). A copyright registration is obtained by submitting required materials to the Register of Copyrights who then determines whether "the material deposited constitutes copyrightable subject matter and that the other legal and formal requirements of [Title 17] have been met." *Id.* § 410. One of the required materials to register an album of sound recordings is a Form SR or a Form N. See 5-21 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 21.03 (1993). The form must be completed in its entirety and must disclose the author of the work and the basis for ownership, including whether it is a work made for hire. See 17 U.S.C. § 409.

In short, UMG has the burden to prove it owns each work. *See Feist Publ 'ns., Inc. v. Rural. Tel. Serv. Co*., 499 U.S. 340, 361 (1991); *Eckes v. Card Prices Update*, 736 F.2d 859, 861 (2d Cir. 1984). UMG must produce valid copyright registrations to bring this action for infringement and obtain statutory damages. See 17 U.S.C. § 411(a) ("no action for infringement of the copyright in any United States work shall be instituted until pre-registration or registration of the copyright claim has been made in accordance with this title"). *See also id.* § 412; *In re Napster, Inc. Copyright Litig*., 191 F. Supp. 2d 1087, 1101 (N.D. Cal. 2002).

The presumption of copyright ownership is not irrebuttable and any alleged burden upon UMG would be minor and outweighed by the compelling harm to Veoh if it is not allowed to investigate UMG's purported ownership. Such inquiries into

1 copyright ownership are standard and commonplace in infringement actions.
2 Nevertheless, UMG has continually refused and delayed making this basic production,
3 forcing Veoh to undertake great efforts in seeking to compel chain of title information.
4 (See Dkt. Nos. 193, 194, 219, 222, 303, 304, 321, 432, 441, 463 and 464). On March
5 5, 2009, this Court recognized that production of chain of title documents was
6 warranted, ordering UMG to produce chain of title information for 20% of the
7 allegedly infringing works to determine whether there were sufficient defects. (March
8 5, 2009 Order Re: Veoh's Renewed Motion to Compel Plaintiffs ("UMG") to Produce
9 Chain of Title/Rights Information Re Same (Dkt. No. 321) ("March 5, 2009 Order")).

On April 22, 2009, nine business days after UMG purportedly provided chain of title documents for the 20% sample works identified by Veoh, and before Veoh had completed its analysis of the 20% sample, UMG withdrew twenty-six of the works within the 20% sample from the action entirely, and identified numerous additional errors and inaccuracies in its list of alleged infringements. To date, UMG has now withdrawn a total of forty-nine works, amounting to a reduction in over $7,000,000 in potential statutory damages. On May 11, 2009, UMG amended its list of infringements, adding thousands of new videos to its list, and rendering the 20% sample no longer representative. UMG refused to provide chain of title with respect to any of these amended alleged infringements. On July 17, UMG changed its list again.

Veoh filed its Motion to Compel UMG to Produce Chain of Title Documents for the Remaining 80% of Identified Copyrights Based on Defects Admitted by UMG ("Motion") on May 4, 2009 (Dkt. No. 432). On June 3, 2009, the Court held a hearing on Veoh's motion whereby it acknowledged that Veoh should be afforded some means by which to rebut the presumption of ownership, but was concerned about the timing of the production and the review given the current case schedule. The Court suggested that the parties seek to resolve the issue informally, and the parties did discuss postponing ownership challenges only after it is determined at trial that Veoh

4
**VEOH'S OPP. TO UMG'S MOT. *IN LIMINE* NO. 8 – CASE NO. 07 5744 – AHM (AJWx)**

has any liability to UMG. The parties agreed to further discuss the most efficient means by which to resolve the chain of title production and review given the current case schedule, and indicated that the parties would report back to the Court on the progress of those discussions.

### B. The Pending Stipulation

The parties participated in multiple discussions in an effort to reach agreement on the most efficient means by which to resolve the chain of title production and review given the current case schedule. Following these discussions, on July 2, 2009, Veoh sent UMG its proposed stipulation. (*See* Joint Stipulation, Dkt. No. 522). On July 6, 2009, UMG sent Veoh its proposed stipulation. *Id.* at Exh. A. While the parties exchanged drafts of stipulations about this approach, UMG refused to stipulate that it would actually agree to produce any chain of title documents in advance of the post-trial proceeding. (*See* Joint Stipulation, Dkt. No. 522). The parties have not been able to reach agreement on the precise form of a stipulation to address these issues, though they have agreed to defer the copyright review and production until after the first trial.

With respect to the pending stipulation, the issues to which the parties have agreed and have been unable to resolve can be best summarized as follows.

The parties have agreed:

• that any remaining chain of title production and review can be deferred until post-trial to the extent that Veoh is found liable to UMG for any of the infringement alleged in this action; and

• that resolution of these remaining ownership challenges can occur in a post-trial proceeding.

The parties have been unable to agree:

• to the extent that the stipulation would require UMG to produce chain of title documents post-trial, or within a period of time following trial whereby Veoh was found liable to UMG. Veoh has proposed that UMG produce any remaining chain of

title documents within thirty days from the date trial has concluded. (See Exh. A, ¶ 4.)

• UMG has sought to preclude Veoh from introducing defects relating to UMG's copyright registration certificates at trial, though Veoh believes such challenges are appropriate and should not be deferred with the underlying ownership challenges.

(*See* Joint Stipulation, Dkt. No. 522).

Veoh's concerns with respect to both of these issues are set forth below.

### 1. UMG Has Refused To Agree To Any Post-Trial Production of Chain Of Title Documents

UMG has refused to commit now to producing chain of title ownership documents at all, or within any period of time. Instead, UMG seeks to "submit a joint proposal setting forth a proposed procedure addressing any ownership of any particular copyright in issue" thirty (30) days after any verdict in favor of UMG." (*Id.* Exh. B, ¶ 5). Veoh has gone to great lengths seeking to compel this critical information, and has filed multiple rounds of briefing with Judge Wistrich regarding its Motion. (See Dkt. Nos. 193, 194, 219, 222, 303, 304, 321, 432, 441, 463 and 464). Without any commitment by UMG to actually produce any remaining ownership documents post-trial, Veoh would prefer to have the Motion resolved while the issue is still current before Magistrate Judge Wistrich.

In contrast, UMG's proposal merely seeks to defer resolution of anything, including any commitment to actually produce any documents sought by the Motion, or even agree to a procedure. Even though this Court has already ordered a 20% sample of the chain of title documents at issue, UMG refers to such production as "unnecessary" and "grossly lacking in support," knowing full well that such documentation is the only means Veoh has to challenge UMG alleged ownership and a potentially devastating award of millions in statutory damages.

### 2. UMG Has Sought to Limit Veoh's Use of Defects in Copyright Certificate

UMG has also sought to limit Veoh's right to introduce defects in UMG's copyright certificates, or lack thereof, with respect to the works, which UMG must produce in order to make its *prima facie* showing. While Veoh has indicated that it will not seek to challenge the underlying ownership of these works during the initial trial, to the extent the registrations have not even been produced after years of litigation, Veoh should be provided the opportunity to address those defects at trial. UMG has not explained why Veoh's attempts to compel further chain of title documentation beyond copyright registrations should relieve UMG from introducing copyright certificates. As there is no further documentation to collect, produce or review with respect to the alleged infringements for which UMG bases its ownership on the copyright certificates alone, there is no reason to delay such issues from being presented at trial.

## III. ARGUMENT

### A. This Dispute Is Of UMG's Own Making

Because this open and ongoing dispute is well-known to UMG, it is unclear why UMG is seeking relief that would only be appropriate if UMG had provided Veoh the underlying chain of title documents necessary to allow Veoh to provide a supplemental interrogatory response. UMG should not be able to claim Veoh has somehow failed to comply with its discovery obligations when it is UMG that has failed to do so. Veoh could not possibly identify all chain of title errors in UMG's works when (a) UMG continues to change the works it believes are at issue (including as recently as this past weekend), and (b) UMG continues to refuse to actually provide the chain of title documentation for the subject works. To suggest that this is all a failure by Veoh to comply with Rule 37 is ludicrous.

## B. Evidence Of Chain Of Title Defects Is More Probative Than Prejudicial, And Veoh Must Be Provided The Opportunity To Review Such Documents

UMG does not dispute that it is seeking massive damages with its lawsuit. UMG is seeking the maximum amount of statutory damages per work and has litigated this action in a manner to drive up litigation costs. Veoh has accordingly been required to undergo massive discovery efforts and defend itself in this action in a manner that has financially devastated a young innovative company. Veoh should be provided a fair opportunity to rebut UMG's claim to ownership of each work at issue no matter what any actual amount of resulting statutory damages may be, for all of the reasons cited in the multiple motions before Magistrate Judge Wistrich.

The presumption of copyright ownership is not irrebuttable and any alleged burden upon UMG would be minor and outweighed by the compelling harm to Veoh if it is not allowed to investigate UMG's purported ownership. Such inquiries into copyright ownership are standard and commonplace in infringement actions, and UMG should not be able to avoid this production by claiming that it is "massively burdensome" in an action where it is undisputed that UMG is seeking massive statutory damages from Veoh.

Though UMG has cited several cases in an attempt to support its premature Motion, none of those cases involve a situation where a party was actively prevented from obtaining the discovery needed to respond, and where there is still a motion pending regarding the production of such documents. *See, Yeti by Molly, Ltd. V. Deckers Outdoor Corp.*, 259 F.3d 1101 (9th Cir. 2001) (expert report excluded because party seeking to introduce evidence could have disclosed a preliminary report and updated it as needed, but willfully withheld the report to undermine opposing expert just weeks before trial); *Newman v. Soderbeck v. Burnett County*, 821 F.2d 446 (7th Cir. 1987) (witness testimony excluded on the grounds that party failed to properly respond to an interrogatory soliciting the purpose for which the witness was

**VEOH'S OPP. TO UMG'S MOT. *IN LIMINE* NO. 8 – CASE NO. 07 5744 – AHM (AJWx)**

going to be called); *SPX Corp. v. Bartec USA, LLC*, 574 F. Supp. 2d 748, 752 (E.D. Mich. 2008) (extensive and unexplained delays of a parties disclosure of their "own activities" and printed publications result in the exclusion of last minute documents and supplements to interrogatories); *Kelly v. MTS Inc.*, 5 Fed. Appx. 755, 757 (9th Cir. 2001) (party had substantial justification in failing to disclose because opposing counsel had yet to fully disclose documents necessary for parties response); *Gallegos v. Swift & Co.*, 2007 WL 214416 (Jan. 25, 2007 D. Colo.) (plaintiff fails to justify their untimely disclosure because information used to supplement initial disclosure was available to plaintiff for years prior to trial); *Bosch v. Title Max, Inc.*, 2004 U.S. Dist. LEXIS 30162, *14 (N.D. Ala. Aug. 25, 2004) (The plaintiffs had a reasonable basis for waiting until a ruling on their motion before proceeding); *Cf. Adams v. United States*, 2009 WL 1625504, (June 5, 2009 D. Ida.) (supplemental interrogatory responses permitted because new information came to the responding party's attention).

## IV.   CONCLUSION

For all the foregoing reasons, UMG's Motion *In Limine* No. 8 should be denied.

Dated: July 20, 2009                    WINSTON & STRAWN LLP

By: /s/ Erin R. Ranahan
    Michael S. Elkin
    Thomas P. Lane
    Jennifer A. Golinveaux
    Rebecca Calkins
    Erin Ranahan

    Attorneys for Defendant
    VEOH NETWORKS, INC.