| | |
|---|---|
| 1 | Steven A. Marenberg (101033) (smarenberg@irell.com) |
| 2 | Brian Ledahl (186579) (bledahl@irell.com) |
|   | Benjamin Glatstein (242034) (bglatstein@irell.com) |
| 3 | IRELL & MANELLA LLP |
|   | 1800 Avenue of the Stars, Suite 900 |
| 4 | Los Angeles, California 90067-4276 |
|   | Telephone: (310) 277-1010 |
| 5 | Facsimile: (310) 203-7199 |
| 6 | |
|   | Attorneys for Plaintiffs |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, | **Case No. CV-07-05744 AHM (AJWx)** |
| Plaintiffs, | **UMG'S REPLY IN SUPPORT OF MOTION *IN LIMINE* RE: EVIDENCE RELATING TO THE UGC PRINCIPLES (MOTION *IN LIMINE* NO. 3)** |
| v. | |
| VEOH NETWORKS, INC., *et al.*, | Date: August 3, 2009 |
| | Time: 10:00 AM |
| | Judge: Hon. A. Howard Matz |
| Defendants. | Ctrm: 14 |
| | Discovery Cutoff: May 11, 2009 |
| | Pretrial Conference: August 8, 2009 |
| | Trial Date: August 18, 2009 |

## I. INTRODUCTION

The UGC Principles are nothing more than a set of informal, non-binding, guidelines created by a group of some (but certainly not all) entertainment industry and tech industry firms. They do not have the force of law – or any force or effect whatsoever. In any event, this case is about Veoh's compliance with the **Copyright Act**, not its compliance (if any) with the UGC Principles. Hence, it is unsurprising that this Court can scour Veoh's Opposition papers without finding any claim or defense as to which Veoh's alleged compliance with the UGC principles is relevant. The reason is simple: Compliance with the Copyright Act does not turn on character evidence purportedly showing that Veoh is a "model citizen." Opp. at 2:1-2. It is only Veoh's compliance with the Copyright Act – not the UGC Principles – that is relevant. This evidence should be excluded.

Moreover, Veoh's own opposition to UMG's Motion *In Limine* confirms that presentation of this evidence would confuse and mislead the jury. Veoh's Opposition suggests that Veoh's compliance with the UGC Principles evidences compliance with the DMCA. For example, Veoh states that the UGC Principles "constitute guidelines that emulate the very goals the DMCA is designed to foster." Opp. at 1:5-6. In other words, Veoh intends to argue that the UGC Principles offer an alternative standard for liability. Of course, the UGC Principles and the DMCA are independent – a website could comply with either, both, or neither. It is for this precise reason that evidence and argument relating to the UGC Principles is confusing and prejudicial.

## II. ARGUMENT

### A. Evidence Relating to the UGC Principles Is Irrelevant and Therefore Inadmissible Under FRE 402.

Veoh does not dispute that the UGC Principles are not the relevant baseline for determining liability. The Copyright Act provides that standard. *See* Opp. at

5:16-17 (agreeing that the jury must "understand what the UGC Principles represent, and distinguish them from the applicable law").

Instead, Veoh claims that the UGC Principles are relevant because this evidence shows that Veoh "has been at the forefront of efforts to cooperate with content owners like UMG in seeking to advance workable solutions to concerns about copyright infringement, and demonstrates Veoh's public commitment to fostering such cooperation." Opp. at 1:7-10. This is entirely irrelevant for the following reasons.

***First***, and most fundamentally, Veoh cannot point to any claim or defense that relates to this evidence. This lawsuit is not a referendum on Veoh's "public commitment" to "cooperat[ing] with copyright owners" (1:6-10) or on whether Veoh is a "model citizen" (Opp. at 2:1). What is at issue is Veoh's compliance with the Copyright Act, which is measured (not surprisingly) by the standards of the Copyright Act itself. Because this evidence does not have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable," it is irrelevant and inadmissible. Fed. R. Evid. 401.

***Second***, Veoh contends that this evidence will show that Veoh is a "model citizen" with a "public commitment to fostering … cooperation." In other words, are evidence of Veoh's good character. But Veoh points to no authority suggesting that good character – *i.e.*, purporting to show a "public commitment to fostering … cooperation" – is a defense to copyright infringement. It is not. Thus, this evidence is inadmissible because it is irrelevant under Rule 401, and (independently) because it is character evidence under Rule 404. *See, e.g.*, *United States v. Hill*, 40 F.3d 164, 168 (7th Cir. 1994) (district court properly excluded evidence "offered to prove that [defendant] had a good character and acted in conformity therewith").[1]

---

[1] It is no more relevant that Veoh is a "model citizen" by virtue of signing onto UGC Principles, than it would be if Veoh participated in a corporate charity golf tournament. Model citizenry is not relevant.

1   ***Third***, the UGC Principles are entirely voluntary and non-binding, meaning
2   that they do not require any specific action from signatories.  Veoh does not dispute
3   that the UGC Principles are nothing but paper.  Thus, these "guidelines" necessarily
4   show *only* that Veoh signed onto them, not that it took any steps whatsoever.  The
5   fact that Veoh publicly claimed to care about copyright law is immaterial to what it
6   actually did.
7   In short, whether Veoh is a "model citizen under the DMCA" (Opp. at 6:1-2)
8   is measured by the DMCA, not by the voluntary guidelines that carry no weight and
9   demand nothing of signatories.  This evidence is irrelevant, and therefore
10  inadmissible.

### B. This Evidence Is Likely To Confuse The Jury

Veoh's Opposition confirms that this evidence is likely to confuse the jury and result in an undue delay and waste of time.  Consider the following statements by Veoh, which conflate the safe harbor under the Digital Millennium Copyright Act, 17 U.S.C. § 512(c) ("DMCA"), with the requirements of the UGC Principles.  For example, Veoh states the following:

- that the UGC Principles "constitute guidelines that *emulate the very goals the DMCA is designed to foster*." Opp. at 1:5-6 (emphasis added).
- that companies sign onto the UGC Principles if they are "interested in *cooperating under the DMCA*." Opp. at 5:28 (emphasis added).
- that the UGC Principles "evidence is simply one of the many examples [sic] that Veoh goes above and beyond its legal requirements as a *model citizen under the DMCA*." Opp. at 5:26-6:2 (emphasis added).
- that the UGC Principles "demonstrat[e] that [Veoh's] commitment goes above and beyond what is required by law in seeking to cooperate." Opp. at 4:4-5.

Whether Veoh is a "model citizen" is independent from its compliance with copyright law – a fact conflated by Veoh's counsel.  If Veoh's own counsel – who

are sophisticated and knowledgeable about copyright – conflate and confuse UGC Principles compliance with Copyright Act compliance, it is likely the jury will as well.

Finally, for the same reasons, this character evidence is unduly prejudicial. Veoh may be a "model citizen," but may also violate the Copyright Act. Veoh's status as a "model citizen" (which UMG disputes) does not excuse its conduct, though it may prejudice the jury into believing Veoh should escape liability.

### C. This Evidence Will Result In Undue Delay And Waste Of Time

Veoh claims that all testimony relating to the UGC Principles "would likely take less than an hour." Opp. at 5:5. UMG respectfully submits that even an hour would be an inappropriate expenditure of time and resources on evidence that is both irrelevant and confusing. But even so, Veoh's estimate is incorrect. If Veoh is permitted to introduce this irrelevant evidence, UMG would be forced to introduce multiple additional categories of evidence:

- UMG would need to present evidence that Veoh sought to water down the UGC Principles before joining them. Specifically, UMG would present documents and testimony showing that because Veoh was the *only* website participating that did not have filtering technology already operational, it lobbied the other UGC Principles participants to remove language that would have been inconsistent with Veoh's dilatory conduct.[2] No doubt Veoh would then attempt to present evidence to explain its behavior.
- UMG would need to present evidence that Veoh failed to implement systems and procedures consistent with the UGC Principles. For example, the UGC Principles suggest that signatories should both implement filtering technology (which Veoh did not) *and* that they

---

[2] Veoh even went so far as to try to censor other UGC Principles signatories' press releases when they were unflattering to infringers, like Veoh.

|     |     |
| --- | --- |
| 1   | should use that filtering technology "at intervals that are reasonably |
| 2   | timed throughout each year to achieve the goal of eliminating |
| 3   | infringing content." *See* User Generated Content Principles, ¶ 3(h) |
| 4   | (*available at* http://www.ugcprinciples.com). Even after Veoh |
| 5   | belatedly implemented filtering technology, it failed to use that |
| 6   | technology on the backlog of videos on its website. Thus, it allowed |
| 7   | infringing material to stay available for viewing and download for more |
| 8   | than nine months when it had the right and ability to remove it. Again, |
| 9   | no doubt Veoh would attempt to present evidence explaining why it |
| 10  | failed to implement and use its filter. |

- UMG would need to present evidence that Veoh failed to comply with the UGC Principles in 2005 (when Veoh began operates), or in 2006, or in 2007, or until June of 2008. For example, in 2005, 2006, and 2007, commercial filtering technology was available – the very technology whose adoption is suggested by the UGC Principles. Veoh did not implement this filtering technology. No doubt Veoh will likely want to try to explain why it failed to comply with the UGC Principles for the first several years of its operations.

The above examples demonstrate that permitting evidence and argument relating to Veoh's joinder in the UGC Principles will necessarily lead to lengthy, collateral proceedings requiring significant resources and time. Moreover, these collateral proceedings would represent a complete detour from the real issues in this case. Considering that the UGC Principles do not provide the relevant standards of liability, UMG respectfully suggests that any time spent on this evidence – let alone that necessary to catalogue the host of Veoh's failures to implement and follow the UGC Principles' procedures – is not a proper use of this Court's time.

2096556

- 5 -

UMG'S REPLY IN SUPPORT OF MOTION IN LIMINE
RE: EVIDENCE RELATING TO THE UGC PRINCIPLES
(MOTION IN LIMINE NO. 3)

## III. CONCLUSION

For the foregoing reasons, UMG respectfully requests an order excluding from consideration at trial any evidence or argument relating to the UGC Principles.

Dated: July 27, 2009

IRELL & MANELLA LLP
Steven A. Marenberg
Brian Ledahl
Benjamin Glatstein

By: _____
Brian Ledahl
Attorneys for Plaintiffs