Steven A. Marenberg (101033) (smarenberg@irell.com)
Brian Ledahl (186579) (bledahl@irell.com)
Benjamin Glatstein (242034) (bglatstein@irell.com)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, | **Case No. CV-07-05744 AHM (AJWx)** |
| Plaintiffs, | **UMG'S REPLY IN SUPPORT OF MOTION *IN LIMINE* RE: ALLEGED DEFECTS IN UMG'S CHAIN OF TITLE (MOTION *IN LIMINE* NO. 8)** |
| v. | |
| VEOH NETWORKS, INC., *et al.*, | Judge: Hon. A. Howard Matz<br>Date: August 3, 2009<br>Time: 10:00 a.m.<br>Courtroom: 14 |
| Defendants. | Discovery Cutoff: May 4, 2009<br>Pretrial Conference: August 3, 2009<br>Trial Date: August 18, 2009 |

UMG'S REPLY IN SUPPORT OF MOTION IN LIMINE
RE: ALLEGED DEFECTS IN UMG'S CHAIN OF TITLE
(MOTION IN LIMINE NO. 8)

2097227

## I. INTRODUCTION

UMG seeks to exclude (under Federal Rule of Civil Procedure 37(c)(1)) any arguments or evidence regarding alleged defects in UMG's rights to own or control the copyrights at issue in this litigation, except as to 14 specific works Veoh identified during discovery. In its opposition, Veoh does not dispute: (*i*) that UMG propounded an interrogatory obligating Veoh to identify any alleged defects in UMG's rights to own or control the copyrights at issue, (*ii*) that Veoh did not identify any such defects in response to that interrogatory, and (*iii*) that Veoh identified 14 works (and only 14 works) in separate briefing of a motion before the Magistrate Judge that it claims UMG does not own or control. Under Rule 37(c)(1), therefore, Veoh is precluded from adducing evidence or argument of such defects as to any work beyond these 14. To allow otherwise would condone trial by surprise.

Veoh appears to argue that it should be excused from mandatory preclusion because of a discovery dispute before the Magistrate Judge. Veoh's assertion misses the point and ignores the substance of UMG's Motion *in limine*. The discovery dispute before the Magistrate Judge relates to whether UMG should produce additional materials. In connection with that dispute, the parties have discussed the possibility of bifurcating trial of this matter. Specifically, the parties have discussed conducting an initial phase of trial to address issues of liability for infringement and statutory damages that should be assessed per infringed work. The parties have contemplated a second phase proceeding (should UMG prevail in the initial phase) at which the total number of copyrighted works infringed would be determined and any issues as to UMG's ownership or control of particular works could be addressed. The parties have not, to date, reached meaningful agreement on the precise terms of such bifurcation, particularly given Veoh's apparent desire to litigate ownership issues in both proceedings in some way.

Should the Court bifurcate proceedings (either by stipulation or order), such that all issues relating to UMG's ownership or control of the copyrights in issue are

reserved to a second phase proceeding, UMG would be prepared to withdraw this Motion as to the initial phase of trial.  Absent such bifurcation, however, Veoh must be limited in light of its failure to respond to UMG's interrogatory.

**II.   ARGUMENT**

Veoh does not dispute that it identified alleged problems with UMG's ownership of only 14 works, and that it was required to disclose any other defects in response to UMG's interrogatory.  Thus, these are the only defective works Veoh can refer to or rely upon during the trial.

### A.   Veoh Disputes UMG's Ownership of Only 14 Works

#### 1.   UMG Produced Voluminous Documentation of Its Ownership or Control Over the Copyrights At Issue

During discovery, UMG produced copyright registration information for the works at issue.  Pursuant to an Order from Magistrate Judge Wistrich, UMG subsequently produced further documents relating to its ownership or control (including, for example, through an exclusive right to distribute or exclusive license) for a sample of 20% of the works at issue (selected by Veoh).[1]  Despite the voluminous materials produced, Veoh never provided a substantive response to UMG's interrogatory seeking identification of alleged defects in UMG's rights to own or control the copyrights at issue.  However, during further briefing regarding discovery issues, Veoh identified 14 works at issue in suit whose ownership or control Veoh claimed to dispute.

---

[1] Veoh is correct that it filed multiple motions to compel the production of various materials (many of which are totally irrelevant to this motion).  The reason for these multiple motions is simply that Magistrate Judge Wistrich did not agree with Veoh's arguments, and denied its motions several times.  The fact that Veoh filed meritless motions multiple times shows only that the materials sought lacked relevance and the arguments proffered lacked merit.  Nothing more can be inferred.

## 2. Veoh Must Be Limited to Evidence and Argument Relating to the 14 Works It Identified

The Federal Rules require that Veoh be limited during trial to evidence or argument relating to just these 14 works. Veoh agrees that UMG propounded an interrogatory seeking an identification of copyrights whose ownership rights Veoh challenged. Veoh agrees that it did not respond to this interrogatory. Veoh agrees that during the course of discovery, it identified only 14 works whose ownership or control by the plaintiffs is arguably disputed.

Thus, Veoh is precluded from presenting at trial any evidence regarding other alleged defects in UMG's rights to own or control any other works in suit. *See* Fed. R. Civ. P. 37(c)(1) ("the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial…"). The "basic purpose of Rule 37(c)(1) [is] preventing surprise and prejudice to the opposing party." *Southern St. Race & Fixture v. Sherwin-Williams*, 318 F.3d 592, 596 (4th Cir. 2003). *See also Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1139 (9th Cir. 2006) ("Trial by surprise is no longer countenanced."). Yet a "trial by surprise" is precisely what would result if Veoh is permitted to present evidence or arguments it has not disclosed in response to a properly propounded discovery request.

### B. The Discovery Dispute Over Ownership Documents Is A Red Herring

Evidence not properly disclosed may be admitted if the admission is harmless or justified. Here, neither is the case.

First, for the reasons provided above, admission of the evidence would be prejudicial to UMG. It is now less than a month before trial – and even in opposition to UMG's Motion *In Limine* – Veoh still has not identified any works beyond the 14 referenced above. Simply, UMG cannot fairly prepare its case for trial when it does not know what arguments or evidence Veoh will present.

Rather than address the issue presented in UMG's motion, Veoh spends its entire opposition arguing about a discovery dispute it has already presented to the Magistrate Judge. That is not the issue before this Court. The only issue presented by UMG's motion is whether Veoh may present evidence regarding contentions it failed to identify in response to a discovery request from UMG. Rule 37 makes clear that it should not be permitted to do so. Veoh's contention that it is somehow dissatisfied with rulings issued by the Magistrate Judge cannot change this fundamental principle.

## III. CONCLUSION

For the foregoing reasons, Veoh should not be permitted to introduce evidence or argument purporting to challenge UMG's ownership or control of the copyrights at issue beyond the 14 works previously identified by Veoh in prior discovery and motion practice.

Dated: July 27, 2009

IRELL & MANELLA LLP
Steven A. Marenberg
Brian Ledahl
Benjamin Glatstein

By: _____
Brian Ledahl
Attorneys for Plaintiffs