| | |
|---|---|
| Steven A. Marenberg (101033) (smarenberg@irell.com)<br>Brian Ledahl (186579) (bledahl@irell.com)<br>Benjamin Glatstein (242034) (bglatstein@irell.com)<br>IRELL & MANELLA LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, California 90067-4276<br>Telephone: (310) 277-1010<br>Facsimile: (310) 203-7199<br><br>Attorneys for Plaintiffs | |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>VEOH NETWORKS, INC., *et al.*,<br><br>  Defendants. | Case No. CV-07-05744 AHM (AJWx)<br><br>**REPLY BRIEF IN SUPPORT OF UMG'S MOTION *IN LIMINE* TO PRECLUDE REFERENCE TO EVIDENCE THAT VEOH RELIED UPON OR BELIEVED IN THE ALLEGED LEGALITY OF ITS CONDUCT (MOTION *IN LIMINE* NO. 4)**<br><br>Date: August 3, 2009<br>Time: 10:00 AM<br>Judge: Hon. A. Howard Matz<br>Ctrm: 14<br><br>Discovery Cutoff: May 11, 2009<br>Pretrial Conference: August 8, 2009<br>Trial Date: August 18, 2009 |

2098816

REPLY IN SUPPORT OF MOTION TO PRECLUDE REFERENCE TO EVIDENCE THAT VEOH RELIED UPON OR BELIEVED IN THE ALLEGED LEGALITY OF ITS CONDUCT (MOTION IN LIMINE NO. 4)

## I. INTRODUCTION

UMG's Motion seeks to exclude from trial evidence that Veoh relied upon or believed in the alleged legality of its conduct. The basis for UMG's Motion is simple: UMG alleges that Veoh willfully infringed UMG's copyrights. This analysis implicates a wide range of materials showing Veoh's state of mind, including the advice Veoh received from its legal counsel. Veoh does not dispute that it barred UMG from discovery into that advice by asserting the attorney-client privilege over documents and testimony directly bearing on Veoh's state of mind. Having used the shield of the attorney-client privilege to hide certain (possibly damaging) materials, it cannot simply proffer the "good" evidence that remains.

Veoh's Opposition rests on the argument that it should be entitled to rely on the "countless public, non-privileged forms of evidence that demonstrate why Veoh would rightfully believe in the legality of its conduct." Opp. at 1:8-9. Veoh misses the point. Veoh's belief that its conduct was allegedly lawful implicates *all* information at its disposal—whether public or nonpublic, privileged or nonprivileged. But Veoh has only presented a biased subsection of that evidence, and withheld the rest based on privilege. Thus, the existence of other evidence supporting Veoh's position is irrelevant. The Court should exclude evidence that Veoh relied upon or believed in the alleged legality of its conduct.

## II. ARGUMENT

### A. Veoh Elected To Claim Privilege Over Categories Of Evidence Relating To Its State Of Mind

Veoh argues that its "employees and officers have stated their belief that Veoh's actions were legal and did not amount to willful infringement." Opp. at 7:5-7. Veoh also implicitly acknowledges that its employees' opinions are informed by a variety of evidence, including by the advice of counsel. *See, e.g.*, Opp. at 2:9-10 ("evidence surrounding Veoh's belief in the legality of its conduct extends far beyond privileged communications"). Veoh affirmatively elected to waive reliance

on advice of counsel, and instead asserted attorney-client privilege to prevent discovery of such state-of-mind evidence. Veoh does not dispute that documents and information bearing on its belief in the legality of its conduct exist, but were withheld from discovery on the basis of the attorney-client privilege.

Thus, Veoh seeks to rely on one type of state-of-mind evidence ("public, nonprivileged" evidence), while withholding another category of state-of-mind evidence (presumably the less favorable evidence) behind the privilege. This is improper. The fact that other "numerous sources" might relate to Veoh's alleged believe in the legality of its conduct is immaterial. Having selectively shielded a portion of this evidence, Veoh cannot offer the remainder that it contends supports its position.

### B. Veoh Made A Knowing And Voluntary Election Eight Months Ago That Has Affected All Subsequent Fact And Expert Discovery

Veoh had a choice. UMG filed suit on September 4, 2007. Approximately one year later, on August 25, 2008, Magistrate Judge Wistrich provided Veoh with a deadline to decide whether it would assert reliance on advice of counsel (in which case it would be obliged to disclose that advice). *See* Civil Minutes re: UMG's Motion to Compel Discovery Responses (Dkt. No. 144). Judge Wistrich gave Veoh until November 15, 2008 to make its election. *Id.* ("[i]f defendant intends to rely upon an advice of counsel defense, it must notify plaintiff no later than November 15, 2008"). November 15 came and went, and Veoh chose not to assert reliance on advice of counsel.

Accordingly, during fact and expert discovery, UMG was unable to question Veoh's witnesses about advice received from its counsel and was unable to review documents and other evidence about the advice Veoh received from its counsel. Such evidence, undeniably related to Veoh's state of mind, was shielded as privileged. Thus, the ship has sailed; Veoh cannot undo what it voluntarily elected

to do in response to Magistrate Judge Wistrich's order more than eight months ago. Veoh must accept the consequences of its voluntary and knowing election.

### C. UMG's Motion Is Supported By Black-Letter Law That Veoh Ignores

The law is clear. When willfulness is at issue, a party must choose between *either* (1) asserting an innocent state of mind, and producing *all* evidence relating to that position (whether or not otherwise privileged); *or* (2) asserting the privilege over evidence bearing on state of mind, and thereby waiving the right to assert an innocent state of mind. Veoh either ignores or misreads the cases cited by UMG in its Motion – all of which compel the exclusion of state of mind evidence where the state of mind cannot be fully evaluated without evidence withheld as privileged. Veoh simply ignores (and does not cite to or address) the majority of UMG's case law, including:

- *Pereira v. United Jersey Bank*, 1997 WL 773716, *4 (S.D.N.Y. Dec. 11, 1997). *See* Mot. at 3:12-17. In *Pereira*, the court explained that a defendant may not assert privilege over a communication and then "mak[e] factual assertions the truth of which can only be assessed by examination of the privileged communication." *Id.* (quoting *Liberty Environmental Systems, Inc. v. County of Westchester*, 1997 WL 471053, *3 S.D.N.Y. Aug. 18, 1997)) (internal quotations omitted). Again, that is precisely what Veoh attempts to do: Claim that its state of mind was pure, even though the truth of that assertion can only be evaluated with the full body of evidence.

- *Cox v. Administrator, U.S. Steel & Carnegie*, 17 F.3d 1386 (11th Cir. 1994). *See* Mot. at 3:18-27. In *Cox*, the defendant (like Veoh) waived its advice of counsel defense, but still asserted that it "believed the policy to be lawful." *Id.* at 1418-20. The district court concluded that the defendant thereby waived the privilege. It stated – and the Eleventh

Circuit agreed – that the defendant's position "necessarily implicates *all* of the information at its disposal" when it acted. *Id.* at 1418 (emphasis added). The same applies to Veoh. Veoh cannot claim that it believes its conduct is lawful – this assertion "necessarily implicates all of the information at [Veoh's] disposal," which should must be produced.

- *Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc.*, 259 F.3d 1186, 1196 (9th Cir. 2001). *See* Mot. at 3:7-12. *Columbia Pictures* involved a defendant who was precluded from relying on an advice of counsel defense after having asserted the privilege over communications with his counsel regarding his state of mind. The Ninth Circuit stated that "Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived." *Id.* (citing *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992)). The same is true here: Having asserted the privilege over a portion of its state-of-mind evidence, it cannot offer the remainder.

These cases show that the exclusion order UMG seeks is not controversial, but is in fact required given Veoh's election to assert the privilege over a category of relevant evidence that could have been used to impeach Veoh's alleged belief in the legality of its conduct. Veoh offers no reason why this rule should not apply here. It does not even discuss these authorities.

Where Veoh discusses cases, it misstates their holdings  First, Veoh asserts that *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991), did not "consider excluding any evidence as to defendant's state of mind," and is therefore irrelevant to this dispute. Opp. at 9:18. Not so. *Bilzerian* explained that a defendant has the choice between presenting *all* state of mind evidence, or presenting *none*. Specifically, it approved of the trial court's ruling that "left

defendant free to testify without getting into his state of mind, but correctly held that if he asserted his good faith, the jury would be entitled to know the basis of his understanding that his actions were legal." *Bilzerian*, 926 F.2d at 1294. Here, Veoh blocked discovery into the reasons that it believes it actions were legal. Having done so consistently through nearly two years of discovery, it cannot now testify that it acted in good faith. *See also id.* ("A defendant may not use the privilege to prejudice his opponent's case."). *Bilzerian*, along with common sense and every other case cited by UMG, dictates this result.

Veoh repeatedly cites to *United States v. White*, 887 F.2d 267 (D.C. Cir. 1987), for the proposition that a party can both "deny[] an element of the action against the defendant and stat[e] that such a belief was based on advice of counsel." Opp. at 6:24-26. But *White* says no such thing. Rather, *White* reversed a district court's conclusion that a defendant waived the privilege because it denied *mens rea*. It instead concluded that "[a] rule thus forfeiting the privilege upon denial of *mens rea* would deter individuals from consulting with their lawyers to ascertain the legality of contemplated actions; it would therefore undermine the animating purpose of the privilege." *Id.* at 270. But *White* only concluded that a defendant could not be forced to choose between denying *mens rea* or forfeiting the privilege. *See id*; *see also Bilzerian*, 926 F.2d at 1292 (explaining that *White* is satisfied where "the district court's ruling … did not prevent defendant from denying criminal intent; the district judge merely said that Bilzerian's own testimony as to his good faith would open to the door to cross-examination, possibly including inquiry into otherwise privileged communications with his attorney."). Here, Veoh can (and has) denied that it acted willfully. Thus, *White* is satisfied.[1] The question presented

---

[1] *White* is distinguishable on other grounds as well. Unlike in *White*, Veoh's state of mind is informed by the advice it received from counsel; Veoh concedes that it asserted the privilege over evidence that informed Veoh's belief in the legality of its conduct. This is a stark (and critical) contrast to *White*, where the defendant

by UMG's Motion is the proper evidentiary consequence for Veoh's simultaneous assertion of the privilege and denial of willfulness. Under *White* (and every other case cited by UMG), the answer is exclusion of other state of mind evidence.

## III. CONCLUSION

Having knowingly and intentionally elected not to produce certain evidence regarding its belief in the legality of its conduct, Veoh cannot now present other cherry-picked evidence. To do so unfairly prejudices UMG, and allows Veoh to select the evidence it believes is best, hiding the rest from UMG behind the shield of the attorney-client privilege. Veoh should be excluded from presenting evidence or argument regarding its belief in the legality of its conduct.

Dated: July 27, 2009

IRELL & MANELLA LLP
Steven A. Marenberg
Brian Ledahl
Benjamin Glatstein

By: _____
Brian Ledahl
Attorneys for Plaintiffs

---

"refrained from relying on any statements of counsel." *Id.* Thus, unlike in *White*, Veoh has precluded UMG from viewing the whole picture.