Rebecca Calkins (SBN: 195593)
Erin Ranahan (SBN: 235286)
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: 213-615-1700
Facsimile: 213-615-1750
Email: rcalkins@winston.com

Jennifer A. Golinveaux (SBN 203056)
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
(415) 591-1506 (Telephone)
(415) 591-1400 (Facsimile)
Email: jgolinveaux@winston.com

Michael S. Elkin (*admitted pro hac vice*)
Thomas P. Lane (*admitted pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166
(212) 294-6700 (Telephone)
(212) 294-4700 (Facsimile)
Email: melkin@winston.com
Email: tlane@winston.com

Attorneys for Defendant
VEOH NETWORKS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> VEOH NETWORKS, INC. a California Corporation, *et al.*, <br><br> Defendants. | **Case No. CV 07 5744 – AHM (AJWx)** <br><br> **JOINT STIPULATION AND PROPOSAL RE VEOH'S MOTION TO COMPEL CHAIN OF TITLE DOCUMENTS** |

## STIPULATION

The parties to the above entitled action, by and through their respective counsel of record, hereby stipulate as follows:

WHEREAS this Court entered an Order on March 5, 2009 Re: Veoh's Renewed Motion to Compel Plaintiffs (collectively "UMG") to Produce Chain of Title/Rights Information Re Same (Dkt. No. 321) ("March 5, 2009 Order") requiring UMG to produce a 20% sample of chain of title documents;

WHEREAS Veoh filed its Motion to Compel UMG to Produce Chain of Title Documents for the Remaining 80% of Identified Copyrights Based on Defects Admitted by UMG ("Motion") on May 4, 2009 (Dkt. No. 432);

WHEREAS the Court held a hearing regarding Veoh's Motion on June 3, 2009, during which the parties agreed to further discuss the most efficient means by which to resolve the chain of title production and review given the current case schedule, and indicated that the parties would report back to the Court on the progress of those discussions;

WHEREAS on July 6, 2009 UMG filed a motion *in limine* seeking to exclude evidence or argument by Veoh of any alleged defects in UMG's chain of title or any invalidity of any of UMG's alleged copyrights other than those previously identified by Veoh. (Dkt. No. 508);

WHEREAS the Court held a further hearing regarding Veoh's Motion on July 20, 2009 to consider proposed stipulations filed by both sides on July 13, 2009 (Dkt. No. 522), and at that hearing directed the parties to file a further joint stipulation with the Court by July 27, 2009;

NOW, THEREFORE, the parties to the above entitled action, by and through their respective counsel of record, hereby stipulate as follows:

The parties propose the following approach to further resolution of the issues surrounding the presentation of evidence relating to issues of copyright ownership, and challenges to ownership, in the trial of this matter.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1 The parties agree that the initial trial in this matter, set to begin on August 18, 2009, will address issues of liability and the appropriate measure of statutory damages to be imposed for each infringed work, if any.

In the event that the first trial results in a finding of liability and damages, the parties agree that a subsequent proceeding would be scheduled, devoted to resolving any issues relating to UMG's rights to the works Veoh has been found to infringe at trial, and that no final judgment shall be entered until completion of such hearing.

The parties will not litigate issues of UMG's rights to any of the copyrights at issue during the initial trial of this matter, except that Veoh seeks to reserve a right to challenge the inclusion of any work as set forth in the final paragraph of this stipulation.

Within thirty (30) days after a verdict in favor of UMG (if any), the parties will submit a joint proposal setting forth a proposed procedure for addressing any issues regarding UMG's rights to any particular copyright in issue, including whether the issue is to be addressed to the Court or to a special master appointed for such purpose.

The parties' joint proposal shall also set forth their proposal(s) for addressing any issues of discovery relating to ownership rights in the works at suit. To the extent the parties cannot agree on the scope of ownership discovery to be provided by UMG in preparation for that procedure, this Court will rule on Veoh's Motion to the extent it has not already.

This stipulation is without prejudice to Veoh challenging in the initial phase of trial, any attempt by UMG to seek separate statutory damages awards in respect of individual sound recording copyrighted works that Veoh contends were published originally as a compilation. In addition nothing in this stipulation alters the ultimate burden of proof with respect to UMG's rights in valid copyrights.

The parties continue to disagree regarding certain issues relating to the matters set forth above. In particular, the parties disagree as to the nature and timing or presentation of evidence regarding UMG's rights in the asserted copyrights. Veoh

2

contends that UMG must come forward (in connection with the initial trial of this matter set for August 18, 2009) with certificates of U.S. copyright registration for each allegedly infringed work, and documentation sufficient to establish that one of the plaintiffs to this action owns the copyright registration and to make a prima facie showing of ownership of each alleged work. Veoh also contends that it should be entitled to challenge the inclusion of any work in the initial trial for which UMG cannot make this showing. The parties also disagree about the requirements for pursuit of an action for infringement of copyright. Veoh contends that UMG must establish ownership of each copyright as defined in the Copyright Act. UMG contends that the Copyright Act permits UMG to assert infringement of copyrighted works as to which UMG controls the relevant rights, including without limitation via an exclusive right to distribute or an exclusive license. UMG contends that the procedure Veoh proposes is unnecessary and inconsistent with the division of proceedings. UMG contends that it has already produced copyright registration information for the asserted copyrights in the form of either a copy of the Certificate of Registration issued by the Copyright Office, or a printout of the data regarding the registration from the internet website made available by the Copyright Office (with the exception of materials associated with a small number of copyrights as to which the relevant registrations remain pending before the Copyright Office). UMG further contends that presentation of registration information in the initial phase of proceedings is unnecessary and results in wasteful duplication. UMG continues to re-review its identification of infringements in advance of the trial of this matter, and is willing to provide a representation in advance of a trial in this matter, on information and belief, solely for the purposes of the initial phase of trial of this matter, that it owns or controls sufficient rights in each of the asserted copyrights, including without limitation through an exclusive right to distribute or an exclusive license, to assert a claim for damages in this action in connection with the infringement of such copyrights. These areas of disagreement remain for Judge Matz to resolve in advance

3

**JOINT STIPULATION RE VEOH'S MOTION TO COMPEL CHAIN OF TITLE DOCUMENTS**
**Case No. CV 07 5744 – AHM (AJWx**

of a trial in this matter.

    IT IS SO STIPULATED.

Dated: July 27, 2009                  **WINSTON & STRAWN LLP**

By /s/ Erin R. Ranahan_____
Michael S. Elkin
Thomas P. Lane
Jennifer A. Golinveaux
Rebecca Calkins
Erin R. Ranahan
Attorneys for Defendant
VEOH NETWORKS, INC.

Dated: July 27, 2009                  **IRELL & MANELLA LLP**

By /s/ Brian Ledahl_____
Brian Ledahl
Attorney for Plaintiffs
UMG RECORDINGS, INC.,
UNIVERSAL MUSIC CORP., SONGS OF UNIVERSAL, INC.; UNIVERSAL-POLYGRAM INTERNATIONAL PUBLISHING, INC.; RONDOR MUSIC INTERNATIONAL, INC.; UNIVERSAL MUSIC – MGB NA LLC; UNIVERSAL MUSIC – Z TUNES LLC; and UNIVERSAL – MBG MUSIC PUBLISHING LTD.

SF:257340NY:1248771.1

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894