Rebecca Calkins (SBN: 195593)
Email: rcalkins@winston.com
Erin Ranahan (SBN: 235286)
Email: eranahan@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Michael S. Elkin (admitted *pro hac vice*)
Email: melkin@winston.com
Thomas P. Lane (admitted *pro hac vice*)
Email: tlane@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Jennifer A. Golinveaux (SBN 203056)
Email: jgolinveaux@winston.com
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
Telephone: (415) 591-1506
Facsimile: (415) 591-1400

Attorneys for Defendant
VEOH NETWORKS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.* | Case No. CV 07 5744 – AHM (AJWx) |
| Plaintiffs, | **JOINT STATUS REPORT PURSUANT TO COURT'S SEPTEMBER 11, 2009 ORDER** |
| v. | |
| VEOH NETWORKS, INC, *et al.* | |
| Defendants. | |

## I. JOINT INTRODUCTION

On September 11, 2009 the Court granted Veoh's Motion for Summary Judgment Regarding Entitlement to Safe Harbor Pursuant to Section 512(c) of the Digital Millennium Copyright Act. The Court also ordered the parties "to meet and confer as to whether there are any issues remaining in this case that truly require judicial resolution" and to "file a joint status report by not later than September 23, 2009." *UMG Recordings, Inc. v. Veoh Networks, Inc.*, No. 07-5744, slip op. at 29 (C.D. Cal. Sept. 11, 2009). The parties met and conferred, but disagree over what

1

1 issues remain for the court. The parties briefly set forth their respective positions
2 more fully below.

## II. VEOH'S POSITION

Because UMG has acknowledged that Veoh has already disabled access to all files alleged to be infringing; because Veoh has a "take down and stay down" procedure using hash filtering, which will prevent those files from being uploaded in the future; and because Veoh has a repeat infringer policy that this Court has deemed reasonable; Veoh's position is that any injunctive relief available to UMG pursuant to Section 512(j) of the DMCA is moot. UMG's position stated during meet and confer is that Veoh should stipulate to infringement and be enjoined from providing access to any of the titles identified by UMG as having been infringed in the First Amended Complaint. (Veoh did not have the opportunity to review and respond to UMG's position stated in this joint report, which may or may not differ or expand upon what was discussed during meet and confer.) As further explained below, Veoh does not intend to stipulate to infringement, and the relief requested by UMG exceeds that permitted by Section 512(j).

### A. Any Injunctive Relief Available to UMG is Moot

As the Court stated, Veoh sought a determination that it satisfies the requirements of section 512(c) safe harbor and "is therefore not liable for monetary *or injunctive relief.*" *UMG Recordings*, slip op. at 1 (emphasis added). The Court's September 11, 2009 order granted Veoh's motion and asked the parties to advise the Court as to whether any issues remained in the case that truly require judicial resolution. Any limited injunctive relief available to UMG pursuant to Section 512(j) is moot, and, therefore, no issues remain in the case that require judicial resolution.

A service provider that qualifies for DMCA safe harbor "shall not be liable for monetary relief, or, except as provided in subsection (j), for injunctive or other equitable relief." 17 U.S.C. § 512(c)(1); *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1158 (9th Cir. 2007). The DMCA safe harbor shields service providers

from "most equitable relief." *Io Group, Inc. v. Veoh Networks, Inc.*, 586 F. Supp. 2d 1132, 1154 (N.D. Cal. 2008); *Corbis Corp. v. Amazon.com, Inc.*, 351 F. Supp. 2d 1090, 1099 (W.D. Wash. 2004); *In re Subpoena to University of North Carolina at Chapel Hill*, 367 F. Supp. 2d 945, 948 (M.D.N.C. 2005). The Ninth Circuit terms the injunctive relief available as "narrow." *Amazon.com*, 508 F.3d at 1158. Other courts describe it as "limited." *Corbis,* 351 F. Supp. 2d at 1099; *Chapel Hill*, 367 F. Supp. 2d at 948. The relief is not mandatory, but rather at the discretion of the Court. 17 U.S.C. § 512(j)(1)(A) ("the court may grant").

Section 512(j) only permits injunctive relief that directs a service provider (i) to restrain "from providing access to infringing material or activity residing at a particular online site on the provider's system or network," (ii) to restrain "from providing access to a subscriber or account holder of the service provider's system or network who is engaging in infringing activity and is identified in the order," or (iii) to stop "infringement of copyrighted material specified in the order of the court at a particular online location, if such relief is the least burdensome to the service provider among the forms of relief comparably effective for that purpose." 17 U.S.C. § 512(j).

Two cases have considered the propriety of injunctive relief against a service provider after holding that it qualified for DMCA safe harbor. In both cases, the courts concluded that any available injunctive relief was moot. In *Io*, the court noted that Veoh had already removed the video files that allegedly infringed plaintiff's works and that the court could offer no further relief. *Io*, 586 F. Supp. 2d at 1155. *Corbis* reached a similar result, 351 F. Supp. 2d at 1110-11, holding that 512(j) injunctive relief was moot and could not be awarded when the service provider asserted that it had already terminated the accounts of those allegedly engaging in infringement. *Id.* at 1111. There was no longer a cognizable remedy. *Id.* The facts in this case offer an even stronger basis for finding mootness than in *Io* and *Corbis*.

First, UMG admits that Veoh has removed or disabled access to all of the files identified by UMG as infringing. *UMG Recordings*, slip op. at 14 ("UMG does not

3

**JOINT STATUS REPORT PURSUANT TO COURT'S SEPT. 11, 2009 ORDER**
**Case No. CV 07-5744 – AHM (AJWx)**

dispute that when Veoh became aware of allegedly infringing videos as a result of DMCA notices sent by the RIAA, and later on as a result of the lists UMG produced during this litigation, it removed the files."); RSGI ¶¶ 64-68, 75. Veoh also has a "take down and stay down" procedure using hash filtering, which will prevent those files from being uploaded in the future. RSGI ¶ 47. Veoh also responds promptly to DMCA notices, and UMG acknowledges that Veoh responded to all notices sent by the RIAA on UMG's behalf and took down the allegedly infringing material. *UMG Recordings*, slip op. at 6, 11, 14, 19 (citing RSGI ¶¶ 64-68, 71, 75). Veoh also terminates the user accounts of repeat infringers according to its repeat infringer policy. It is undisputed that Veoh has terminated thousands of user accounts for repeat copyright violations, *id.* at 6 (citing RSGI ¶¶ 30, 43), and the court found that Veoh's termination policy was reasonable, *id.* 28. There is no further relief for this Court to provide under section 512(j).

Second, it is even more clear in this case than in *Io* or *Corbis* that plaintiff has abandoned any claim to 512(j) relief. Veoh expressly argued in its summary judgment motion that if it qualified for safe harbor, the Court should dismiss UMG's case as moot. (Veoh's Br. [Docket No. 449] at 24-25.) UMG never responded to Veoh's argument in its opposition, and therefore conceded that any 512(j) relief would be moot, and UMG should not be permitted to re-litigate the matter. *See Coufal Abogados v. AT & T, Inc.*, 223 F.3d 932, 937 (9th Cir .2000); *Foster v. City of Fresno*, 392 F. Supp. 2d 1140, 1147 (E.D. Cal. 2005); *Franklin v. Potter*, 600 F. Supp. 2d 38, 60 (D.D.C. 2009); *Taylor v.. City of New York*, 269 F. Supp. 2d 68, 75 (E.D.N.Y. 2003); *Welch v. Delta Air Lines, Inc.*, 978 F. Supp. 1133, 1140 (N.D. Ga. 1997). During the summary judgment hearing, UMG's counsel even conceded that as of now, "we may not have a copyright infringement claim against them." (Tr. of Summary Judgment Hearing at 22:11-12 (C.D. Cal. Sept. 8 2009).)

## B. UMG's Position is Untenable

During meet and confer, UMG took the position that Veoh must stipulate to a finding of infringement and to an injunction requiring Veoh to disable access to or remove videos containing the UMG music titles at issue in this case. UMG's demands are inappropriate. Even apart from DMCA safe harbor, Veoh is unlikely to be found liable for infringing UMG's alleged works, and Veoh does not intend to stipulate to liability.[1] As discussed above, even if found liable, any injunctive relief available to UMG under the limited injunction provision of the DMCA is moot. UMG's proposed injunction is also unworkable and would impose a burden on Veoh contrary to the law of this case.

UMG seeks an injunction requiring Veoh to disable access to or remove videos containing the UMG music titles at issue in this case. But this Court has already explained that the DMCA does not require Veoh to ferret out possible infringements. Veoh would still have to conduct the very types of searches that this Court held Veoh need not conduct. The proposed injunction is not authorized under 512(j)—which

---

[1] UMG's direct infringement claim fails because Veoh lacks the requisite volition – that is, as merely the service provider, it lacks the requisite causal connection to the infringement. *Cartoon Network v. CSC Holdings*, 536 F.3d 121, 132 (2d Cir. 2008); *CoStar Group, Inc. v. LoopNet, Inc.*, 373 F.3d 544, 550 (4th Cir. 2004); *UMG Recordings, Inc. et al., v. Veoh Networks, Inc.,* No. 07- 05744, Order Denying UMG's Motion for Partial Summary Judgment at 2 (C.D. Cal. 2008); *Io Group, Inc. v. Veoh Networks, Inc.,* 586 F. Supp. 2d 1132, 1148 (N.D. Cal. 2008) ("[V]ideo files are uploaded through an automated process which is initiated entirely at the volition of Veoh's users."); *Religious Tech. Ctr v. Netcom On-Line Commc'n Servs.*, Inc., 907 F. Supp. 1361, 1369-70 (N.D. Cal. 1995); *Field v. Google Inc.*, 412 F. Supp. 2d 1106, 1115 (D. Nev. Jan 19, 2006). The contributory infringement claim, which requires intentional and knowing contribution, fails for the same reasons this Court discussed when finding Veoh did not have actual or constructive knowledge of infringement for purposes of the DMCA. The vicarious claim similarly fails. As this Court discussed, Veoh lacks the right and ability to control the alleged infringement (as opposed to its system). Moreover, Veoh does not enjoy a direct financial benefit from infringement; it operates a general-purpose video service that receives no special benefit from hosting infringing content. *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004); H.R. Rep. 105-551(II) at 54 (1998).

requires the Court to specify the material for removal—and would improperly reallocate the burdens and responsibilities between service providers and content owners.

Veoh argued that all injunctive relief was moot in its motion papers and UMG did not respond. Only now, after failing in its opposition, does UMG demand relief under section 512(j). Any injunctive relief available is moot under *Io* and *Corbis*, and the injunction proposed by UMG is impracticable, and contrary to the law of this case. In addition, UMG seeks an injunction as part of an unreasonable demand that Veoh stipulate to liability, which Veoh will not do. Veoh reserves the right to fully challenge the scope of any other injunctive relief proposed by UMG. This initial response illustrates problems with UMG's proposal and how any proposal that is not moot, will necessarily fall outside the narrow scope of injunctive relief permitted by section 512(j).

## III. UMG'S POSITION

The Court's September 11, 2009 Order regarding Veoh's alleged defense under 17 U.S.C. § 512(c) does not resolve all issues in this case. Section 512 – the subject of Veoh's summary judgment motion – only provides for "[l]imitations on liability relating to material online." 17 U.S.C. § 512. The section does not create immunity from infringement liability. It instead circumscribes the remedies available for copyright infringement where the defendant meets the statutory requirements for the limitation on liability. The Court ruled that Veoh was entitled to the protections of the limitation on liability provided under Section 512(c) for the acts of infringement identified by UMG. Service providers qualifying for Section 512(c)'s limitation on liability, "shall not be liable for monetary relief, or, except as provided in subsection (j), for injunctive or other equitable relief . . . ." 17 U.S.C. § 512(c)(1) (emphasis added). Section 512(j) provides for limited injunctive relief that would, in essence,

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

require Veoh to remove (and not reinstate) the videos UMG identified as infringing and to terminate (and not reinstate) the repeat infringers who uploaded such videos.[2]

UMG recognizes that the Court is loathe to conduct a trial on issues of infringement in light of the scope of relief remaining available and the complexity of such a potential trial. UMG, however, must preserve its rights to appeal the Court's prior rulings, which requires a final judgment. At present, UMG respectfully submits that such a judgment is not ripe.

In an effort to avoid the need for lengthy further proceedings, UMG suggested to Veoh that the parties could potentially stipulate to the limited relief available under 17 U.S.C. § 512(j) (in substance that Veoh would stipulate that the videos identified by UMG would be unavailable and remain unavailable on its service, and that any repeat infringers terminated as a consequence of posting the videos identified by UMG would not be reinstated). UMG suggested that if Veoh were to stipulate to this relief, it would practically render any further proceedings moot in light of the Court's prior orders. This approach would thus facilitate entry of a final judgment that could then be the subject of an appeal.

In substance, UMG proposed that the parties could stipulate essentially as follows:

- In light of the Court's Order dated December 29, 2008 (Dkt. No. 293) ("December 2008 Order") and its September 2009 Order, if UMG is entitled to relief on its copyright infringement claims against Veoh, such relief is limited to the equitable relief provided under 17 U.S.C. § 512(j).
- As provided in 17 U.S.C. § 512(j), Veoh would agree to undertake the following:
  - Veoh will not provide access to videos identified by UMG as infringing (*see* 17 U.S.C. § 512(j)(1)(A)(i)); and

---

[2] UMG refers to these issues in light of the Court's prior rulings, but respectfully reserves all rights of appeal regarding the Court's prior orders in this matter. No waiver of any of UMG's rights to appeal such rulings should be inferred from this submission.

7

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

- - Veoh will not provide access to the Veoh service to a subscriber or account holder whose account was terminated as a consequence of posting videos identified by UMG as infringing (*see* 17 U.S.C. § 512(j)(1)(A)(ii)).
- In light of the above,
  - UMG would agree that it is entitled to no further relief on its copyright infringement claims against Veoh, except in the event the Court's December 2008 and/or September 2009 Orders are reversed, vacated or otherwise altered on appeal; and
  - the parties would agree that no issues in the action require further judicial resolution, except in the event the Court's December 2008 Order and/or September 2009 Orders are reversed, vacated or otherwise altered on appeal.
- Nothing contained in the parties' stipulation would be intended as:
  - an admission by UMG that Veoh's alleged defense under 17 U.S.C. § 512(c) or any other of its alleged defenses has merit; or
  - an admission by Veoh that UMG's copyright infringement claims have merit.

Veoh rejected UMG's proposed approach. Veoh asserts that all remaining issues in this case are moot, and that UMG is entitled to no further relief. Veoh denied an obligation to refrain from reinstating videos removed as a consequence of this litigation. Section 512(c) expressly provides that, in the event a "service provider" is entitled to Section 512(c)'s safe harbor, the copyright holder may seek equitable relief pursuant to Section 512(j). *See* 17 U.S.C. § 512(c). Section 512(j) allows the Court to enter an order "restraining a service provider from providing access to infringing material . . . residing at a particular online site on the provider's system or network," and/or an order "restraining the service provider from providing access to a subscriber or account holder . . . who is engaging in infringing activity . . . by terminating the accounts of the subscriber or account holder." *Id.* at § 512(j).

Veoh relies upon *Corbis Corp. v. Amazon.com, Inc.*, 351 F. Supp. 2d 1090 (W.D. Wash. 2004), and *Io Group, Inc. v. Veoh Networks, Inc.*, 586 F. Supp. 2d 1132

(N.D. Cal. 2008) to support its position. Neither case supports Veoh's view. *Corbis* holds that "[t]he DMCA safe harbors *do not* render a service provider immune from copyright infringement. They . . . protect eligible service providers from . . . *most* equitable relief that may arise from copyright liability." 351 F. Supp. 2d at 1098-99 (emphasis added). Hence a plaintiff that "can show that a safe harbor-eligible service provider has violated her copyright" is "entitled to the limited injunctive relief set forth in 17 U.S.C. § 512(j)." *Id.* at 1099.

*Io* likewise acknowledges the availability of injunctive relief under Section 512(j): "Because the court finds that, under the particular facts presented here, Veoh qualifies for safe harbor under Section 512(c), the only relief available to plaintiff is the limited injunctive relief under Section 512(j)." *Io*, 586 F. Supp. 2d at 1154. The *Io* court found the issue of equitable relief moot because "Veoh independently removed all adult content, including video files of plaintiff's works, and it no longer allows such material on veoh.com." *Id.* at 1155.

Such relief is not moot here. Veoh still permits music content on its sites. It is one of eight categories of content hosted by Veoh and displayed on its homepage. *See* http://www.veoh.com/, visited on September 22, 2009. Further, Veoh refuses to permanently disable access to videos identified by UMG as infringing its copyrights. Veoh suggested that if it reinstated such videos UMG's remedy was to file a new lawsuit – asserting essentially the same claims already presented in this lawsuit. Veoh's position confirms that a live controversy remains. UMG has not received the relief to which it may be entitled.

The Court directed the parties to meet and confer regarding "whether there are any issues remaining in this case that truly require judicial resolution." September 2009 Order at 29. UMG suggested a means to address and defer the remaining issues otherwise requiring resolution by this Court. Veoh rejected that proposal, incorrectly contending that no relief was available to UMG.

JOINT STATUS REPORT PURSUANT TO COURT'S SEPT. 11, 2009 ORDER
Case No. CV 07-5744 – AHM (AJWx)

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

| | |
|---|---|
| Dated September 23, 2009: | WINSTON & STRAWN LLP |
| | By: /s/ Erin R. Ranahan |
| | **WINSTON & STRAWN LLP** |
| | Michael S. Elkin (*pro hac vice*) |
| | Thomas P. Lane (*pro hac vice*) |
| | Jennifer A. Golinveaux |
| | Rebecca Lawlor Calkins |
| | Erin R. Ranahan |
| | |
| | Attorneys for Defendant |
| | VEOH NETWORKS, INC. |
| | |
| Dated September 23, 2009: | IRELL & MANELLA LLP |
| | |
| | By: /s/ Brian Ledahl |
| | Brian Ledahl |
| | |
| | Attorney for Plaintiffs |
| | UMG RECORDINGS, INC., UNIVERSAL MUSIC CORP., SONGS OF UNIVERSAL, INC.; UNIVERSAL-POLYGRAM INTERNATIONAL PUBLISHING, INC.; RONDOR MUSIC INTERNATIONAL, INC.; UNIVERSAL MUSIC – MGB NA LLC; UNIVERSAL MUSIC – Z TUNES LLC; and UNIVERSAL – MBG MUSIC PUBLISHING LTD. |