Rebecca Calkins (SBN: 195593)
Erin Ranahan (SBN: 235286)
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: 213-615-1700
Facsimile: 213-615-1750
Email: rcalkins@winston.com
Email: eranahan@winston.com

Jennifer A. Golinveaux (SBN 203056)
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
(415) 591-1506 (Telephone)
(415) 591-1400 (Facsimile)
Email: jgolinveaux@winston.com

Michael S. Elkin (*admitted pro hac vice*)
Thomas P. Lane (*admitted pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166
(212) 294-6700 (Telephone)
(212) 294-4700 (Facsimile)
Email: melkin@winston.com
Email: tlane@winston.com

Attorneys for Defendant
VEOH NETWORKS, INC.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>VEOH NETWORKS, INC. a California Corporation,<br><br>Defendant. | **Case No. CV 07 5744 – AHM (AJWx)**<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER REQUESTING ENTRY OF JUDGMENT** |

Plaintiffs Songs of Universal, Inc., Universal-Polygram International Publishing, Inc., Rondor Music International, Inc., Universal Music – MGB NA LLC, UMG Recordings, Inc., Universal Music – Z Tunes LLC, Universal Music – MBG Music Publishing Ltd., and Universal Music Corp. (collectively "UMG") and defendant Veoh Networks, Inc. ("Veoh"), by and through their undersigned counsel, stipulate and agree and ask the Court to enter an Order as follows:

WHEREAS, on September 4, 2007, UMG sued Veoh for direct, contributory, vicarious, and inducing copyright infringement (the "Action");

WHEREAS, on December 29, 2008, the Court issued an Order denying UMG's motion for partial summary judgment that Veoh's alleged infringement of copyright was not "by reason of the storage at the direction of a user of material that resides on a system or network controlled or operated by or for the service provider" as set forth in 17 U.S.C. § 512(c) (the "December 2008 Order") (Dkt. No. 293);

WHEREAS, on September 11, 2009, the Court issued an Order in connection with Veoh's motion for summary judgment expressing, among other things, the Court's conclusion that Veoh has satisfied the remaining requirements of 17 U.S.C. § 512(c) and is thus entitled to that section's limitations on liability (the "September 2009 Order") (Dkt. No. 575);

WHEREAS even if UMG were to prevail on its underlying claims in this case, pursuant to 17 U.S.C. §512(c)(1) Veoh would not be liable for monetary relief, and any injunctive relief would be limited to that permitted by 17 U.S.C. § 512(j);

WHEREAS, on May 11, 2009, UMG identified the video files set forth in Exhibit A to this stipulation (the "Allegedly Infringing Video Files") that it contends were uploaded to Veoh and infringe UMG's alleged copyrights;

WHEREAS Veoh represents that it has disabled user access to each of the Allegedly Infringing Video Files;

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

WHEREAS before this lawsuit was filed Veoh had implemented hash filtering to prevent video files with hash values that are identical to files disabled for copyright infringement from being accessed by users;

NOW THEREFORE, the parties hereto, by and through their respective counsel of record STIPULATE AND AGREE as follows:

1. As provided in 17 U.S.C. § 512(j),

   a. Veoh agrees to continue to disable access to the Allegedly Infringing Video Files and to continue to use hash filtering to prevent video files with hash values that are identical to the Allegedly Infringing Video Files from being accessed by users; and

   b. Veoh will not reinstate accounts that were terminated as a consequence of Veoh receiving multiple DMCA notices concerning the account holder posting allegedly infringing video files, and that included one or more of the Allegedly Infringing Video Files, and will not allow such terminated account holders to open a new account with the same user name or email address associated with the terminated account. The foregoing is without prejudice to UMG's contention that any such policy is insufficient to satisfy 17 U.S.C. § 512(i)(1)(A).

2. In light of the Court's December 2008 and September 2009 Orders, and Veoh's agreement to undertake the restrictions provided under paragraph 1 herein:

   a. UMG agrees that, even if it were to prevail on its remaining claims against Veoh in this action, it is entitled to no further relief, except in the event the Court's December 2008 and/or September 2009 Orders, Docket Nos. 293 and 575, respectively, are reversed, vacated, remanded or otherwise altered on appeal; and

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

b. The parties agree that no issues in this Action require further judicial resolution, except in the event the Court's December 2008 Order and/or September 2009 Orders are reversed, vacated, remanded or otherwise altered on appeal, and other than resolution of any motions or applications regarding fees and costs associated with this action, and so stipulate. Nothing contained herein shall prejudice either party's rights regarding any such motion or application.

3. Nothing contained in this stipulation is intended as

a. an admission by UMG that Veoh's alleged defense under 17 U.S.C. § 512(c) or any other of its alleged defenses has merit; or

b. an admission by Veoh that UMG's copyright infringement claims have merit.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

4. The parties agree that in light of the foregoing, any further proceedings in this action are moot, absent any reversal, vacatur, remand, or other alteration of the Court's December 2008 and/or September 2009 Orders on appeal, and that final judgment may be entered pursuant to this stipulation.

IT IS SO STIPULATED.

Dated: October 30, 2009

WINSTON & STRAWN LLP

By /s/ Erin R. Ranahan
Michael S. Elkin
Thomas P. Lane
Jennifer A. Golinveaux
Rebecca Calkins
Erin R. Ranahan

Attorneys for Defendant
VEOH NETWORKS, INC.

Dated: October 30, 2009

IRELL & MANELLA LLP

By /s/ Brian Ledahl
Brian Ledahl

Attorney for Plaintiffs
UMG RECORDINGS, INC., UNIVERSAL MUSIC CORP., SONGS OF UNIVERSAL, INC.; UNIVERSAL-POLYGRAM INTERNATIONAL PUBLISHING, INC.; RONDOR MUSIC INTERNATIONAL, INC.; UNIVERSAL MUSIC – MGB NA LLC; UNIVERSAL MUSIC – Z TUNES LLC; and UNIVERSAL – MBG MUSIC PUBLISHING LTD.

Pursuant to the foregoing stipulation, IT IS SO ORDERED. The Court will proceed to enter final judgment.

Dated: ____________________

______________________________
Hon. A. Howard Matz
United States District Court Judge



Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894