# CIVIL APPEALS DOCKETING STATEMENT
# ATTACHMENT C: PRINCIPAL ISSUES PROPOSED
# TO BE RAISED ON APPEAL

Plaintiffs appeal the District Court's Final Judgment, made pursuant to Fed. R. Civ. P. 54(b) and entered on November 4, 2009. Two orders, issued by the District Court on summary judgment motions, underlie that judgment: the Court's December 29, 2008 Order on UMG's motion for partial summary judgment (the "December 2008 Order"), and the Court's September 11, 2009 Order on Veoh's motion for summary judgment (the "September 2009 Order"). UMG will challenge the Court's legal conclusions in these orders on appeal, as briefly set forth below.

First, in its motion for partial summary, UMG argued that Veoh was not entitled to 17 U.S.C. § 512(c)'s limitations on copyright infringement liability because Veoh's infringement did not occur by reason of "storage at the direction of a user," as that term is used in 17 U.S.C. § 512(c)(1). The District Court denied UMG's motion and expressed, among other things, the Court's conclusion that functions performed by Veoh's software qualify as "storage" undertaken "at the direction of a user" for the purposes of 17 U.S.C. § 512(c). UMG will challenge this conclusion on appeal.

Second, in its own motion for summary judgment, Veoh argued that it satisfied the remaining requirements of 17 U.S.C. § 512(c) and was thus entitled to that section's limitations on liability for copyright infringement. In its September 2009 Order, the Court concluded that Veoh satisfied the remaining requirements of 17 U.S.C. § 512(c), holding that "when [Veoh] did acquire knowledge of infringing material . . . it expeditiously removed such material[;]" that Veoh did not have "actual knowledge [of infringing material]" that it failed to expeditiously remove; that Veoh "was not aware of 'red flags'" indicating infringement; that "Veoh did not have the requisite 'right and ability to control'" infringement; and that Veoh's repeat

infringement policy "satisfie[d]" Section 512's requirements.  UMG will challenge these conclusions on appeal.