Rebecca Lawlor Calkins (SBN: 195593)
Email: rcalkins@winston.com
Erin R. Ranahan (SBN: 235286)
Email: eranahan@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Jennifer A. Golinveaux (SBN 203056)
Email: jgolinveaux@winston.com
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
Tel: (415) 591-1506/Fax: (415) 591-1400

Michael S. Elkin (*pro hac vice*)
Email: melkin@winston.com
Thomas Lane (*pro hac vice*)
Email: tlane@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166
Tel: (212) 294-6700/Fax: (212) 294-4700

Attorneys for Defendant,
VEOH NETWORKS, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UMG RECORDINGS, INC., a Delaware Corporation, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> VEOH NETWORKS, INC., a California Corporation, et al., <br><br> Defendants. | Case No. CV 07 5744 -- AHM (AJWx) <br><br> **VEOH NETWORKS, INC.'S APPLICATION TO FILE UNDER SEAL:** <br><br> **SUPPLEMENTAL DECLARATION OF ERIN R. RANAHAN IN SUPPORT OF VEOH'S MOTION FOR ATTORNEYS' FEES AND COSTS** |

Dockets.Justia.com

Pursuant to Local Rule 79-5 of the Stipulated Protective Order [attached hereto as Exhibit A], Defendant Veoh Networks, Inc. ("Veoh"), seeks leave to file under seal the Supplemental Declaration of Erin Ranahan In Support of Veoh's Motion for Attorneys' Fees and Costs.

This document describes and include information that contains attorney-work product and attorney-client privilege with respect to Veoh's attorneys' fees and costs. Accordingly, Veoh seeks to seal the document to preserve the confidentiality of this information.

This Application is narrowly tailored to seal only those materials containing confidential information Veoh seeks to protect.

Thus, Veoh respectfully requests that the Court grant Veoh's application to file the aforementioned document under seal, pursuant to Stipulated Interim Protective Order governing this action.

Dated: November 23, 2009                WINSTON & STRAWN LLP

By: *Erin R. Ranahan/µ*

Michael S. Elkin
Thomas Lane
Jennifer A. Golinveaux
Rebecca Lawlor Calkins
Erin R. Ranahan

Attorneys for Defendant
VEOH NETWORKS, INC.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

# EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, | Case No. CV 07-05744 AHM (AJWx) |
| Plaintiffs, | |
| v. | **PROTECTIVE ORDER** |
| VEOH NETWORKS, INC., a California corporation, DOES 1-10, inclusive, | Judge: Hon. Andrew J. Wistrich<br>Ctrm:   690 |
| Defendants. | |

1      The Court, having considered the Motion for Entry of Protective Order

2  hereby enters the following Protective Order to govern disclosure of confidential

3  materials for this case:

4      1.    This Protective Order shall govern all Discovery Materials produced or

5  disclosed in the Litigation by any Party, or by any non-party, or their respective

6  counsel, retained experts, directors, officers, employees, or agents (referred to herein

7  collectively as "Representatives") (the "Producing Party") to any other Party or its

8  Representatives (the "Receiving Party").  The term "Discovery Materials" shall

9  mean and include Documents (as defined below); answers to interrogatories;

10  responses to requests for admissions; depositions; expert reports; briefs,

11  memoranda, or writings filed with or otherwise supplied to the Court; and such other

12  materials and information as may be produced or disclosed during the course of

13  discovery in the Litigation.  The term "Documents" shall mean every means of

14  recording any form of communication or representation upon any tangible thing,

15  including letters, words, pictures, sounds, or symbols, or combinations thereof,

16  whether recorded by handwriting, printing, photostatic, or photographic means,

17  magnetic impulse, tape, computer disk, CD-ROM or any other form of data storage,

18  data compilation, or mechanical or electronic recording, and all other tangible

19  things, including writings, drawings, graphs, charts, photographs, sound recordings,

20  images, and other data or data compilations stored in any medium from which

21  information can be obtained, which come within the meaning of "writing" contained

22  in Rule 1001 of the Federal Rules of Evidence, or within the meaning of

23  "document" or "tangible thing" contained in Rule 34 of the Federal Rules of Civil

24  Procedure.

25      2.    The term "CONFIDENTIAL INFORMATION" shall mean and include

26  non-public confidential information of or in the possession of the Producing Party as

27  to which the Producing Party considers in good faith to contain Trade Secrets (as

28

[PROPOSED] PROTECTIVE ORDER

EXHIBIT A  PAGE 4

1  that term is defined in California Civil Code § 3426.1)[1] or confidential business,

2  financial, or technical information that may be protected from public disclosure

3  under the Federal Rules of Civil Procedure or California law, including without

4  limitation non-public financial information regarding the party's goods, services and

5  businesses and potential businesses, including cost information, and profit and loss

6  information; non-public financial projections and forecasts; internal P&L statements

7  and other non-public financial and economic information including financial

8  analyses, budgets, sales projections and forecasts; non-public information regarding

9  business development, marketing and sales plans; non-public surveys; non-public

10 technical information including non-public engineering, manufacturing and

11 commercial information and know-how; non-public competitive analyses; customer

12 and member information; confidential agreements with third parties; confidential

13 communications with third parties; information received from third parties under

14 conditions of confidentiality, for example, pursuant to non-disclosure agreements or

15 confidentiality provisions; source code, proprietary databases and other proprietary

16 electronically stored information.

17        3.    The term "ATTORNEYS' EYES ONLY INFORMATION" shall mean

18 the subset of CONFIDENTIAL INFORMATION that contains information of an

19 extremely sensitive nature as to which the Producing Party has a good faith belief

20 that disclosure to a Receiving Party, even pursuant to the restrictions of this

21 Protective Order governing CONFIDENTIAL INFORMATION, could pose a

22 significant risk of competitive harm.  The Parties agree that ATTORNEYS' EYES

23 ONLY information should be produced on more restrictive terms than other

24 CONFIDENTIAL INFORMATION to reduce the risk of competitive harm.

25        [1] "Trade Secrets" accordingly means "information, including a formula,
26 pattern, compilation, program, device, method, technique, or process, that: (1)
   Derives independent economic value, actual or potential, from not being generally
27 known to the public or to other persons who can obtain economic value from its
   disclosure or use; and (2) Is the subject of efforts that are reasonable under the
28 circumstances to maintain its secrecy."  Cal. Civ. Code § 3426.1.

1    4.    Recognizing that the ordinary ATTORNEYS' EYES ONLY category

2    should generally protect parties and non-parties against the risk of having even

3    sensitive information exposed to business personnel, the Parties agree that some

4    information is so sensitive that greater protection is warranted.  Therefore, the

5    Parties agree that such highly sensitive information may be designated as

6    "OUTSIDE COUNSEL EYES ONLY," where they reasonably and in good faith

7    believe that providing such information to the limited House Counsel (as defined in

8    Paragraphs 6 and 7) under the Protective Order represents an unreasonable risk of

9    intentional or inadvertent disclosure, including without limitation:

10            (a)    Proprietary and confidential business plans that the other parties

11                   could utilize to their competitive advantage if they were provided

12                   access to them;

13            (b)    Proprietary and confidential financial information that the other

14                   parties could utilize to their competitive advantage if they were

15                   provided access to them; and

16            (c)    Other types of proprietary and confidential trade secrets such as

17                   lists of customers not publicly known, technical information, cost

18                   information, and individual pricing information not either

19                   publicly available or available upon the request of a customer

20                   that competitors could utilize to their competitive advantage.

21    5.    Any Discovery Materials filed with the Court or produced or provided

22    by any Party or non-party in the course of discovery or other proceedings in this

23    action may be designated by such Party or non-party as CONFIDENTIAL

24    INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE

25    COUNSEL EYES ONLY, so long as a good faith and reasonable basis exists for

26    such a designation.

27    6.    The term "Counsel" shall mean counsel of record in the Litigation and

28    in-house counsel for the companies who are attorneys actively involved in the

[PROPOSED] PROTECTIVE ORDER

EXHIBIT A  PAGE 6

1 | management and supervision of litigation for their employers ("House Counsel")
2 | (subject to the limitations set forth in paragraph 7), and the supporting personnel
3 | employed by the attorneys, such as paralegals, translators, secretaries, clerks,
4 | shorthand reporters and document copiers.

5 |      7.    (a) Each party hereby designates the following individuals as their
6 | "House Counsel" unless adjusted pursuant to the terms of this Paragraph:

7 |      For UMG:

8 |          (1) Michael Ostroff, (2) Harvey Geller, and (3) Scott Bauman.

9 |      For Veoh:

10 |          (1) Joshua Metzger, (2) Reserved, and (3) Reserved.

11 |      (b) Unless otherwise ordered by the Court or agreed in writing by the
12 | parties, a Party that seeks to designate new House Counsel ("Designating Party"),
13 | must first serve a written request on the other Party (1) that sets forth the full name,
14 | current employer(s) and job title(s) of the proposed new House Counsel, and (2) that
15 | identifies which of the previously-designated House Counsel will be relieved of
16 | authority to review Attorneys' Eyes Only Discovery Materials.

17 |      (c)    A Designating Party that serves a request in accordance with the
18 | preceding subparagraph may disclose confidential Discovery Materials to the
19 | proposed new House Counsel unless, within seven court days of serving the
20 | request, the other party serves the Designating Party with a written objection
21 | to the proposed new House Counsel. Any such objection must set forth with
22 | particularity the ground(s) on which it is based. The Parties must then
23 | promptly meet and confer to try to resolve their disagreement. If no
24 | agreement is reached, the Parties shall contact the Court to determine whether
25 | it is the Court's preference to resolve the dispute by (1) teleconference, (2)
26 | letter briefs, or (3) joint stipulation in accordance with the Local Rule
27 | governing discovery disputes.

28 |

1      8.    A party or non-party disclosing information or producing documents

2  that are not to be accessed by any House Counsel shall designate such information

3  or documents as OUTSIDE COUNSEL EYES ONLY.

4      9.    An "Independent Expert or Consultant" is any person or organization

5  with whom counsel or a party may deem it necessary to consult concerning

6  technical, financial or other aspects of this case for the preparation or trial thereof.

7  For the purposes of this Order, an Independent Expert or Consultant shall be

8  restricted to a person who is retained or employed as a bona fide consultant or

9  expert for purposes of this litigation, whether full or part time, by or at the direction

10  of counsel for a party, and is not a past employee or independent contractor of, or

11  otherwise retained on behalf of (other than solely as a consultant or expert in

12  connection with litigation, subject to conflict of interest considerations), any party or

13  of a competitor of any party to this action, and who, at the time of retention, is not a

14  current employee or independent contractor of, or otherwise retained on behalf of

15  (other than solely as a consultant or expert of the retaining party in connection with

16  litigation, subject to conflict of interest considerations), a Party or a competitor of a

17  Party's, and does not anticipate becoming so engaged.  For purposes of this Order,

18  defendant's competitors refers to Google Inc., Dailymotion S.A., Metacafe Inc.,

19  Hulu L.L.C., Crackle, Inc., Comcast, Truveo, Inc., and Brightcove, Inc.  No

20  Independent Expert or Consultant may be shown any CONFIDENTIAL

21  INFORMATION, including ATTORNEYS' EYES ONLY INFORMATION or

22  OUTSIDE COUNSEL EYES ONLY INFORMATION, until such person or

23  organization reads this Protective Order and agrees to be bound by its terms by

24  signing the Non-Disclosure Agreement attached hereto as Exhibit A.  The Party who

25  has retained such an Independent Expert or Consultant shall keep the original Non-

26  Disclosure Agreement signed by the Independent Expert or Consultant and, if

27  requested, make it available for inspection or copying by the Producing Party at the

28  conclusion of the litigation and all appeals, unless the Independent Expert or

1   Consultant has already been designated as a testifying expert, in which case it may

2   be requested by the Producing Party after such designation.

3         10.    Except as provided for below in Paragraphs 11, 12 or 13, any

4   Discovery Materials containing or including any CONFIDENTIAL

5   INFORMATION shall be designated as such by the Producing Party by stamping or

6   labeling it with, or otherwise affixing thereto, the following legend on every page of

7   the Document:

8                           **CONFIDENTIAL**

9         11.    Except as provided for in Paragraphs 12 or 13 below, any Discovery

10   Materials containing or including any ATTORNEYS' EYES ONLY

11   INFORMATION shall be designated as such by the Producing Party by stamping or

12   labeling it with, or otherwise affixing thereto, the following legend on every page of

13   the Document:

14               **CONFIDENTIAL - ATTORNEYS' EYES ONLY**

15         12.    Except as provided for in Paragraph 13 below, any Discovery Materials

16   containing or including any OUTSIDE COUNSEL EYES ONLY INFORMATION

17   shall be designated as such by the Producing Party by stamping or labeling it with,

18   or otherwise affixing thereto, the following legend on every page of the Document:

19          **CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY**

20         13.    All CONFIDENTIAL INFORMATION, including ATTORNEYS'

21   EYES ONLY INFORMATION and OUSIDE COUNSEL EYES ONLY

22   INFORMATION, not reduced to documentary or tangible form or which cannot be

23   conveniently designated in the manner set forth in Paragraphs 9, 10, and 11 above

24   shall be designated by the Producing Party by informing the Receiving Party in

25   writing of the appropriate designation.

26         14.    If a Producing Party discloses Discovery Materials which, during the

27   pendency of this litigation, it later determines were not, but should have been,

28   designated CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY

1 INFORMATION, or OUTSIDE COUNSEL EYES ONLY, the Producing Party may

2 so designate such Discovery Material by serving a written notice upon the Receiving

3 Party within ten (10) Court days of learning of the incorrect designation, along with

4 a copy of such Discovery Materials marked with the appropriate designation. The

5 Receiving Party shall then take reasonable steps to destroy or return to the

6 Producing Party all unmarked copies of such Discovery Materials within ten (10)

7 Court days and certify in writing that it has done so. The Receiving Party is relieved

8 of liability for any good faith reliance on the previous designation.

9     15.    If a Receiving Party wishes to challenge a Producing Party's

10 designation of Discovery Materials as CONFIDENTIAL INFORMATION,

11 ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES

12 ONLY, the Receiving Party may, at any time, notify the Producing Party in writing

13 that it requests a redesignation or release of confidentiality, stating the basis for its

14 request. Within ten (10) Court days of such a written request, the Producing Party

15 shall either (1) grant in writing the request; or (2) communicate in writing its refusal

16 to do so, stating the basis for its refusal. If the Producing Party fails to communicate

17 in writing its refusal to release confidentiality within ten (10) Court days, the

18 Producing Party shall be deemed to have refused and the parties shall meet and

19 confer and attempt to resolve the matter without Court intervention. Similarly, if a

20 refusal is made or deemed made, the parties shall make a good faith effort to resolve

21 the matter without Court intervention. If a refusal is made and not resolved by the

22 parties, the Receiving Party shall file, within ten (10) Court days of such written

23 request for release, a motion with the Court in support of its request for

24 redesignation or release of confidentiality in which the Receiving Party shall bear

25 first the burden of showing its need for additional disclosure. If the Receiving Party

26 meets this burden, the burden shifts so that the Producing Party shall bear the burden

27 of showing the appropriateness of the confidentiality designation. If the Receiving

28 Party fails to file a motion in the prescribed time, the Receiving Party shall be

[PROPOSED] PROTECTIVE ORDER

EXHIBIT A  PAGE 10

1   deemed to have withdrawn its objection.  Discovery Materials designated

2   CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY

3   INFORMATION, or OUTSIDE COUNSEL EYES ONLY INFORMATION shall

4   be given the CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY

5   INFORMATION, or OUTSIDE COUNSEL EYES ONLY INFORMATION

6   treatment provided for in this Protective Order until the parties resolve the matter,

7   the refusal to release confidentiality is withdrawn, or the Court orders re-designation

8   of the Discovery Materials.

9        16.    In the event the Producing Party elects to produce CONFIDENTIAL

10  INFORMATION, including ATTORNEYS' EYES ONLY INFORMATION or

11  OUTSIDE COUNSEL EYES ONLY INFORMATION, for inspection by the

12  Receiving Party before copying, no marking need be made by the Producing Party

13  in advance of the inspection, but the Producing Party shall inform the Receiving

14  Party of the intended designation of the Discovery Materials to be inspected.  The

15  Receiving Party shall treat all such CONFIDENTIAL MATERIAL, including

16  ATTORNEYS' EYES ONLY INFORMATION and OUTSIDE COUNSEL EYES

17  ONLY INFORMATION, inspected, during the inspection and thereafter, pursuant

18  to this Protective Order.  Should Documents be copied by or for the Receiving

19  Party, the Producing Party shall mark the copies of such Documents as may contain

20  protected subject matter with the appropriate confidentiality marking at the time the

21  copies are produced to the Receiving Party.

22       17.    Whenever a deposition taken on behalf of any party involves the

23  reference to or disclosure of CONFIDENTIAL INFORMATION, ATTORNEYS'

24  EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES ONLY

25  INFORMATION:

26            (a)    said deposition or portions thereof (including exhibits) that

27                   contains CONFIDENTIAL INFORMATION, ATTORNEYS'

28                   EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES

1    ONLY INFORMATION shall be so designated by a statement to

2    such effect on the record in the course of the deposition.

3    Alternatively, within twenty (20) Court days after receiving the

4    transcript containing CONFIDENTIAL INFORMATION,

5    ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE

6    COUNSEL EYES ONLY INFORMATION the party whose

7    CONFIDENTIAL INFORMATION, ATTORNEYS' EYES

8    ONLY INFORMATION, or OUTSIDE COUNSEL EYES

9    ONLY INFORMATION has been disclosed may designate pages

10    of the transcript as confidential by listing the pages of the

11    transcript containing CONFIDENTIAL INFORMATION,

12    ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE

13    COUNSEL EYES ONLY INFORMATION and serving copies

14    of the list to counsel for all parties so that it may be affixed to the

15    face of the transcript and each copy thereof. Pending such

16    designation by counsel, the entire deposition transcript, including

17    exhibits, shall be deemed ATTORNEYS' EYES ONLY

18    INFORMATION or, if Discovery Materials designated as

19    OUTSIDE COUNSEL EYES ONLY INFORMATION are used

20    during that deposition, as OUTSIDE COUNSEL EYES ONLY.

21    If no designation is made within the prescribed time, the

22    transcript shall be considered not to contain CONFIDENTIAL

23    INFORMATION, ATTORNEYS' EYES ONLY

24    INFORMATION, or OUTSIDE COUNSEL EYES ONLY

25    INFORMATION other than those portions designated on the

26    record during the deposition, if any; and

27    (b)    either party shall have the right to exclude from attendance at

28    said deposition, during such time as the CONFIDENTIAL

- 9 -

INFORMATION, including ATTORNEYS' EYES ONLY
INFORMATION or OUTSIDE COUNSEL EYES ONLY
INFORMATION, is to be referenced or disclosed, every
individual excluding the deponent and his attorney, the court
reporter, videographer and those individuals authorized under
this Protective Order to receive the CONFIDENTIAL
INFORMATION, including ATTORNEYS' EYES ONLY
INFORMATION or OUTSIDE COUNSEL EYES ONLY
INFORMATION.

18.    All Discovery Materials designated as CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES ONLY INFORMATION shall be treated as confidential by the Receiving Party and shall not be used by the Receiving Party for any purpose other than in connection with this Action unless and until such designation is removed by agreement of Counsel or by Order of the Court.

19.    Except as provided herein, all Discovery Materials designated as ATTORNEYS' EYES ONLY shall not be disclosed by the Receiving Party to anyone other than: (i) Counsel, (ii) Independent Experts or Consultants; and (iii) the Court, pursuant to the terms of this Protective Order.

20.    Except as provided herein, all Discovery Materials designated as CONFIDENTIAL INFORMATION but not as ATTORNEYS' EYES ONLY INFORMATION shall not be disclosed by the Receiving Party to anyone other than: (i) Counsel, (ii) Independent Experts or Consultants, (iii) any officer, director or employee of UMG and/or Veoh, to the extent deemed necessary by counsel for purposes only in connection with this litigation; and (iv) the Court, pursuant to the terms of this Protective Order.

[PROPOSED] PROTECTIVE ORDER

EXHIBIT A  PAGE 13

1    21.    Unless as otherwise ordered by the Court, information and documents

2  designated as OUTSIDE COUNSEL EYES ONLY shall not be disclosed to any

3  person other than:

4              (a)    the attorneys of record for the Parties (but not including in-house

5                     counsel for the Parties or any attorney who is an officer, director,

6                     shareholder, or employee of any Party or its corporate affiliates)

7                     and their partners, shareholders, associates, document clerks and

8                     paralegals who are assigned to and necessary to assist such

9                     attorneys. For the purpose of this subparagraph, "affiliate" shall

10                    mean any corporate parent or subsidiary of any Party, or any

11                    other entity that is under common control with any Party or

12                    corporate parent or subsidiary of any Party, or any of their

13                    successors or predecessors in interest;

14             (b)    secretaries, stenographers and other office or clerical personnel

15                    employed by said attorneys and who assist them with respect to

16                    litigation;

17             (c)    the authors, senders, addressees and designated copy recipients

18                    of any document or thing which has been designated as

19                    OUTSIDE COUNSEL EYES ONLY information;

20             (d)    such other persons as may be consented to by the Party

21                    designating such information as OUTSIDE COUNSEL EYES

22                    ONLY information;

23             (e)    outside litigation support vendors, including commercial

24                    photocopying vendors, scanning services vendors, coders and

25                    keyboard operators;

26             (f)    "independent experts or consultants" as defined and provided for

27                    in paragraph 9; and

28

- 11 -

1    (g) professional court reporters engaged to transcribe deposition

2       testimony, professional videographers engaged to videotape

3       deposition testimony and translators.

4   22. In addition to the authorized persons listed in Paragraphs 19, 20, and

5 21, with respect to Documents designated as including CONFIDENTIAL

6 INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE

7 COUNSEL EYES ONLY INFORMATION, any person indicated on the face of the

8 Document to be its originator or author or a recipient thereof may be shown the

9 Document. Additionally, any Document designated as including CONFIDENTIAL

10 INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, OUTSIDE

11 COUNSEL EYES ONLY INFORMATION may be shown during a deposition to

12 the deposition witness if the witness is employed, at the time of his or her

13 deposition, by the party that produced the Document so designated during the

14 deposition of that person. A Document designated as including CONFIDENTIAL

15 INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE

16 COUNSEL EYES ONLY INFORMATION that contains handwriting may be

17 shown to a deposition witness for the purpose of determining whether the deposition

18 witness is the author of the Document or the handwriting, provided that the attorney

19 establishes through deposition testimony a reasonable and good faith basis for

20 believing that the Document or handwriting was or could have been authored by the

21 deposition witness, and provided that the attorney takes reasonable steps to ensure

22 that no unnecessary disclosure of CONFIDENTIAL INFORMATION,

23 ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES

24 ONLY INFORMATION takes place (e.g., by showing the deposition witness a

25 limited sample of the handwriting at issue).

26   23. Nothing contained in this Protective Order shall preclude the Producing

27 Party from using or disseminating its own CONFIDENTIAL INFORMATION,

28

[PROPOSED] PROTECTIVE ORDER

EXHIBIT A  PAGE 15

1 ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES

2 ONLY INFORMATION.

3     24.    CONFIDENTIAL INFORMATION, including ATTORNEYS' EYES

4 ONLY INFORMATION, or OUTSIDE COUNSEL EYES ONLY

5 INFORMATION, and all items which reveal the contents thereof to be filed with the

6 Court by any party or non-party shall be filed in sealed envelopes or other

7 appropriately sealed containers on which shall appear a legend which provides as

8 follows:

9                         FILED UNDER SEAL
                CONTAINS CONFIDENTIAL INFORMATION
10                      SUBJECT TO PROTECTIVE ORDER
           The enclosed materials are subject to a Protective Order of the United
11             States District Court for the Central District of California.  This
           envelope may not be opened without Court Order by any person other
12                  than this Court, court personnel or counsel of record.

13 In order to enable the Court to determine whether there is evidence that the Court

14 should attempt not to disclose, if a party or non-party files with the Court any

15 documents that contain, refer to, or rely on CONFIDENTIAL INFORMATION, all

16 such documents shall clearly identify the particular aspects of the documents that

17 contain, refer to, or rely upon such CONFIDENTIAL INFORMATION.  Absent

18 such notification, the Court will be free to incorporate all such documents and any

19 information contained, referred to, or relied upon therein in its written and oral

20 rulings.  The parties may do so at any time prior to the hearing or trial at which the

21 material may be used.  Under circumstances in which a ruling is likely to be made

22 without a hearing, the parties may do so within one court day of the filing.

23     25.    No provision of this Protective Order shall be deemed to create a

24 waiver as to inadvertently-produced Discovery Materials that are protected from

25 discovery on the basis of privilege or the work-product doctrine under Rule 26 of

26 the Federal Rules of Civil Procedure.  The inadvertent production of such

27 documents does not waive any privilege or immunity with respect to such

28 production or with respect to other materials or information referred to in the

1  materials produced, so long as a request for the return of such documents or

2  information is made within ten (10) Court days after the Producing Party learns of

3  its inadvertent production. Within five (5) Court days of such request, the

4  Receiving Party shall take reasonable efforts to return the inadvertently produced

5  documents identified and all copies thereof, and certify in writing that it has done so.

6  Nothing in this Paragraph shall prejudice the right of any party to seek discovery of

7  communications, documents and things as to which a claim of privilege has been

8  made.

9      26.    If CONFIDENTIAL INFORMATION, including ATTORNEYS'

10  EYES ONLY INFORMATION or OUTSIDE COUNSEL EYES ONLY

11  INFORMATION, or any portion thereof is disclosed by the Receiving Party,

12  through inadvertence or otherwise, to any person or party not authorized under this

13  Protective Order, then the Receiving Party shall use its best efforts to retrieve

14  immediately all copies of such CONFIDENTIAL INFORMATION, including

15  ATTORNEYS' EYES ONLY INFORMATION or OUTSIDE COUNSEL EYES

16  ONLY INFORMATION, and to bind such person to the terms of this Protective

17  Order. In such event, the Receiving Party shall also (a) promptly inform such

18  person of all the provisions of this Protective Order; (b) identify such person

19  immediately to the Producing Party; and (c) request such person to execute the Non-

20  Disclosure Agreement attached hereto as Exhibit A. The foregoing shall not relieve

21  a party of liability, if any, for disclosing CONFIDENTIAL INFORMATION,

22  including ATTORNEYS' EYES ONLY INFORMATION or OUTSIDE COUNSEL

23  EYES ONLY INFORMATION, in violation of this Protective Order.

24      27.    Nothing in this Protective Order shall be deemed to preclude any party

25  or third party from seeking and obtaining, on an appropriate showing, additional

26  protection regarding materials or information designated as CONFIDENTIAL

27  INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE

28  COUNSEL EYES ONLY INFORMATION, or relief from this Protective Order. In

[PROPOSED] PROTECTIVE ORDER

EXHIBIT A  PAGE 17

1  any such request to the Court, the party seeking to obtain additional protection or to

2  obtain relief from this Protective Order, shall bear the burden of showing why such

3  additional protection or relief should be granted.

4       28.   Nothing in this Protective Order shall bar or otherwise restrict any

5  attorney herein from rendering advice to the attorney's party-client relying upon an

6  examination of CONFIDENTIAL INFORMATION, including ATTORNEYS'

7  EYES ONLY INFORMATION or OUTSIDE COUNSEL EYES ONLY

8  INFORMATION, provided, however, that in rendering such advice and in otherwise

9  communicating with the party-client, the attorney shall not disclose any

10  CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY

11  INFORMATION, or OUTSIDE COUNSEL EYES ONLY INFORMATION, nor

12  the source of any CONFIDENTIAL INFORMATION, ATTORNEYS' EYES

13  ONLY INFORMATION, or OUTSIDE COUNSEL EYES ONLY INFORMATION

14  to anyone not authorized to receive such Discovery Materials pursuant to the terms

15  of this Protective Order.

16       29.   Notwithstanding any other provision of this Protective Order, the

17  confidentiality obligations of this Protective Order shall not apply or shall cease to

18  apply (as the case may be) to any CONFIDENTIAL INFORMATION, including

19  ATTORNEYS' EYES ONLY INFORMATION or OUTSIDE COUNSEL EYES

20  ONLY INFORMATION, that:

21         (1)   at the time of disclosure hereunder, was already in the public

22              domain by publication or otherwise;

23         (2)   has become, through no act or failure on the part of the

24              Receiving Party, part of the public domain by authorized

25              publication or otherwise lawful means;

26         (3)   at the time of disclosure, was already in the lawful possession of

27              the Receiving Party;

28

1

**EXHIBIT A**

2

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

3

**WESTERN DIVISION**

UMG RECORDINGS, INC., *et al.*,                    ) Case No. CV 07-05744 AHM (AJWx)

4

                    Plaintiffs,                    )

5

                                                   ) **CONSENT TO BE BOUND BY**
        v.                                         ) **STIPULATED PROTECTIVE**

6

                                                   ) **ORDER GOVERNING**
VEOH NETWORKS, INC., a California )                 **DISCLOSURE OF CONFIDENTIAL**

7

corporation; and DOES 1-10, inclusive, )           **MATERIALS**

8

                    Defendants.                    )

                                                   ) Judge:  Hon. A. Howard Matz

9

_____ )                Ctrm:   14

10

_____

11

12

        I hereby certify that I have read the Protective Order governing disclosure of

13

confidential materials in the above-entitled action.  I agree to be bound by its terms.

14

I also agree that any information I receive pursuant to the Stipulated Protective

15

Order shall not be used other than as provided in the Stipulated Protective Order.  I

16

confirm that I meet the requirements for an Independent Expert or Consultant set

17

forth in Paragraph 9 of the Protective Order.  I also hereby consent to be subject to

18

the personal jurisdiction of the United States District Court for the Central District

19

of California for any proceedings relating to the enforcement of the Stipulated

20

Protective Order.

21

Dated:_____

22

                                        _____
                                                [Signature]

23

                                        Name:_____

24

                                        Affiliation:_____

25

                                        Address:_____
                                        _____

26

                                        _____

27

                                        Phone:_____

28