IRELL & MANELLA LLP
Steven A. Marenberg (101033) (smarenberg@irell.com)
Brian D. Ledahl (186579) (bledahl@irell.com)
Carter R. Batsell (254396) (cbatsell@irell.com)
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> VEOH NETWORKS, INC., <br><br> Defendant. | Case No. CV-07-05744 AHM (AJWx) <br><br> **UMG'S OBJECTIONS TO VEOH'S APPLICATION TO CLERK TO TAX CERTAIN COSTS** <br><br> Date: December 10, 2009 <br> Time: 11:00 AM <br> Ctrm: N/A |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2161840

UMG'S OBJECTIONS TO VEOH'S APPLICATION TO
CLERK TO TAX CERTAIN COSTS

Dockets.Justia.com

## I. INTRODUCTION

Pursuant to Local Rule 54-7, Plaintiffs UMG Recordings, Inc., *et al.* ("UMG") object to Veoh Networks, Inc.'s ("Veoh") Application to the Clerk to Tax Certain Costs. Veoh may only recover those costs provided under Rule 54(d) and the applicable local rules.[1] It cannot recover all charges it incurred in this litigation. But Veoh's Bill of Costs improperly includes costs not allowed by the governing rules. The Clerk should reject those costs, totaling $39,293.09.

## II. OBJECTIONS

Veoh seeks costs either not allowed by the local rules, or not adequately supported by the accompanying evidence. If the Clerk is inclined to grant any of Veoh's costs, it should adjust the proper amount accordingly.

**1.** Veoh seeks costs for videotaped depositions, which are not allowed "unless otherwise ordered by the Court." L.R. 54-4.6(a)-(b); *see, e.g.,* Application Ex. A at 19 ("Video reporting, etc. for Harvey Geller deposition"); *id.* at Ex. C at 50 ("Video – Initial fee"). The Court has not entered any such order, and thus these costs, totaling $15,034.25, are inappropriate and should be rejected.

**2.** Veoh seeks costs for "rough" transcripts, which are not allowed under the Local Rules. L.R. 54-4.6(a) ("[t]he costs of the original and one copy of the transcription"); *see, e.g.,* Application Ex. C at 49 ("Transcript – Rough ASCII"). The Clerk should reduce Veoh's costs by $5,251.00, the amount claimed for these "rough" transcripts.

**3.** Veoh may only seek costs for "non-expedited transcripts." L.R. 54-4.6(a)-(b). But Veoh seeks costs for at least two expedited transcripts. *See* Application Ex. C at 51 ("Delivery: Daily"), 61 ("Delivery: Expedited"). Veoh does not break out the

---

[1] While UMG respectfully submits that Veoh has not established its entitlement to any award of costs under Federal Rule of Civil Procedure 54(b), UMG does not address such arguments here. UMG reserves its right to present such arguments in opposing Veoh's Motion for Attorneys' Fees and Costs.

cost of expediting a transcript, and thus fails to justify its request for costs related to the expedited transcripts identified in its submission, which total $4,724.40.

**4.** Veoh's Bill of Costs claims $48,623.75 in "Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case." *See* Bill of Costs at 1. Exhibit C purportedly includes invoices for costs allowable by Local Rules 54-4.5 and 54-4.6, *i.e.*, the costs included in Veoh's $48,623.75 sum. But those invoices only add to $45,779.28. Thus Veoh has failed to submit invoices justifying almost $3,000 in costs it seeks.[2] Similarly, Veoh reports $11,952.31 in costs associated with outside vendor copying charges, *see* Application Ex. A at 5, but its supporting invoices only sum to $11,249.29. Thus $1,955.99 should be deducted from Veoh's request as a result of these incongruities.

**5.** Veoh seeks costs totaling $24,655.49 "for exemplification and copies of papers necessarily obtained for use in the case." But Veoh's supporting materials nowhere confirm that all of its reproduction costs are allowed under Rule 54-4.11. That rule only permits reproduction costs incurred in connection with (a) "copies of an exhibit attached to a document necessarily filed and served[;]" (b) "copies of documents admitted into evidence when the original is not available or the copy is substituted for the original at the request of an opposing party[;]" (c) "an official certification of proof respecting the non-existence of a document or record[;]" (d) certain Patent Office charges; (e) notary fees; and (f) "fees for necessary certification or exemplification of any document." L.R. 54-4.11. Many of Veoh's invoices do not appear to cover costs allowed under this rule. *See* Application Ex. B at 26 ("CD Duplication"), 27 ("DVD Duplication"), 40 ("92,340 Pages B&W Blow Back with Blue Slip Sheets[;] UMG01611716-UMG01704055"). Further, the only evidence Veoh submits in support of its claim that copies were "necessarily obtained

---

[2] Of this difference, $1,591.50 is addressed in the $15,034.25 total set forth in objection no. 1. UMG has adjusted the total deduction warranted from Veoh's costs accordingly, removing any potential double-counting.

UMG'S OBJECTIONS TO VEOH'S APPLICATION TO
CLERK TO TAX CERTAIN COSTS

2161840 - 2 -

for use in the case" is a form declaration signed by a single attorney. *See* Bill of Costs at 1. Courts have reduced reproduction costs awarded by at least 50% in such circumstances. *See, e.g., Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990) (affirming reduction of copying costs sought by prevailing party by 50%); *In re Turn-Key-Tech Matters*, 2002 WL 32521815, *2 (C.D. Cal. Nov. 22, 2002) (citing cases and granting Defendants only "50% of the total amount they are seeking for copying costs"). Consistent with these prior cases, Veoh's reproduction costs should be similarly reduced by half, or $12,327.45.

### III. CONCLUSION

For the foregoing reasons, the Clerk should deny those costs improperly included in Veoh's Application, totaling $39,293.09.

Dated: December 1, 2009　　　　　　　　IRELL & MANELLA LLP
　　　　　　　　　　　　　　　　　　　　Steven A. Marenberg
　　　　　　　　　　　　　　　　　　　　Brian D. Ledahl
　　　　　　　　　　　　　　　　　　　　Carter R. Batsell


　　　　　　　　　　　　　　　　　　　By:　　/s (with permission)
　　　　　　　　　　　　　　　　　　　　　　Brian D. Ledahl

　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs