Rebecca Lawlor Calkins (SBN: 195593)
Email: rcalkins@winston.com
Erin R. Ranahan (SBN: 235286)
Email: eranahan@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Jennifer A. Golinveaux (SBN 203056)
Email: jgolinveaux@winston.com
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
Tel: (415) 591-1506/Fax: (415) 591-1400

Michael S. Elkin (*pro hac vice*)
Email: melkin@winston.com
Thomas Patrick Lane (*pro hac vice*)
Email: tlane@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166
Tel: (212) 294-6700/Fax: (212) 294-4700

Attorneys for Defendant,
VEOH NETWORKS, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OFCALIFORNIA**

| | |
|---|---|
| UMG RECORDINGS, INC., a Delaware Corporation, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>VEOH NETWORKS, INC., a California Corporation, et al.,<br><br>Defendants. | **Case No. CV 07 5744 -- AHM (AJWx)**<br><br>**VEOH'S REPLY TO UMG'S OBJECTIONS TO VEOH'S APPLICATION TO CLERK TO TAX CERTAIN COSTS**<br><br>Date: Previously Scheduled for December 10, 2009 at 11:00 a.m., but vacated by the Clerk on December 7, 2009<br><br>Judgment Entered: November 3, 2009 |

VEOH'S REPLY TO UMG'S OBJECTIONS TO VEOH'S APPLICATION TO CLERK TO TAX CERTAIN COSTS
LA:261089.2

## I. INTRODUCTION

Significantly, UMG is not challenging $33,986.15 of the taxable costs requested by Veoh, and does not dispute that Veoh is the prevailing party under Local Rule 54-2. Veoh requests that the Clerk grant its application to tax certain costs ("Application") less the cost for expediting delivery of two transcripts of $1,887.75, and less the cost of two "rough" transcripts, $1,032.75. *See* Application Ex. C at 49, 51, 53, 61; Supplemental Declaration of Erin R. Ranahan in support of Veoh's Application to Clerk to Tax Certain Costs, filed concurrently herewith ("Supp. Ranahan Decl") ¶¶ 2-3. As explained below, UMG's additional objections do not warrant a reduction in costs. Veoh thus requests that the Clerk of the Court tax $70,358.74 in costs.

## II. REPLY TO OBJECTIONS

1. ***Costs for Videotaped Depositions***: UMG concedes that costs for videotaped deposition are proper if ordered by the Court. L.R. 54-4.6(a); *Ready Transp., Inc. v. CRST Malone, Inc.*, 2009 WL 1916405 at *3 (June 30, 2009 C.D.Cal.) (awarding the prevailing party cost of deposition videographer). Veoh has filed a motion with the Court for attorney's fees and costs, which is currently scheduled for hearing on December 21, 2009. *See* Dkt. Nos. 587 and 596. Veoh seeks from the Court an order that UMG pay full costs,[1] including costs for video depositions. *See* Dkt. Nos. 587 and 596. As Veoh has moved for these costs with the Court pursuant to Fed. R. Civ. P. 54(d)(1), these costs in the amount of $15,034.25 for videotaped deposition should be included upon Order by the Court approving Veoh's costs in connection with video depositions.

2. ***"Rough" Transcripts:*** UMG has failed to identify where its $5,251.00 figure for "rough" transcripts comes from, except to point to one invoice for $380.25.

---

[1] In connection with its motion for attorneys' fees and costs pending before the Court, Veoh seeks not only its costs incurred from videotaped depositions, which are taxable when Court ordered, but its full costs, as Courts may award otherwise non-taxable costs to the prevailing party under 17 USC § 505. *Twentieth Century Fox Film Corp. v. Entertainment Distributing*, 429 F.3d 869, 884-85 (9th Cir. 2005).

1
VEOH'S REPLY TO UMG'S OBJECTIONS TO VEOH'S APPLICATION TO CLERK TO TAX CERTAIN COSTS
LA:261089.2

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Veoh can only assume UMG is attempting to lump in invoices that state "unedited ASCII" transcripts into the total to which they are objecting. *See* Application Ex. C at 65, 68-71, 74, 77, 81, 84, 86-90. Local Rule 54-4.6(a) allows for "the costs of the original and one copy of the transcription." A case from the Northern District of California, interpreting its version of this rule, has awarded costs for rough transcripts when the roughs were the only versions of the transcripts sought. *Robertson v. Qadri*, Not Reported in F.Supp.2d, 2009 WL 150952 at *5 (Jan. 21, 2009 N.D.Cal.). The unedited ASCII transcripts in Ex. C at 65, 68-71, 74, 77, 81, 84, 86-90 are the *only* version of the transcripts purchased. *See* Supp. Ranahan Decl ¶ 2. Costs for these rough versions are therefore appropriate. There are only two invoices for which a rough transcript is sought *in addition to* the original and one copy allowed under local rules, for a total of $1,032.75. *Id.;* Application Ex C. at 49, 53. Thus, $1,032.75 can be subtracted from Veoh's Application.

3. ***Expedited Transcripts*** Veoh will reduce its Application for costs in the amount of the additional fee added to two transcripts for expedited delivery, totaling $1,887.75. *See* Supp. Ranahan Decl ¶ 3; Application Exhs. A and C at 51 ($1449.00) and 61 ($438.75). Veoh remains entitled to costs for "non-expedited transcripts" totaling $46,736.00. *See* L.R. 54-4.6(a)-(b); and Supp. Ranahan Decl. ¶ 5 and Exh. 2.

4. ***Supplemental Invoices*** While all costs sought were accounted for by Veoh's previously submitted Exhibit A, Veoh hereby submits additional invoices relating to copying charges amounting to $1077.33, and additional invoices relating to transcript and other deposition charges amounting to $4725.60. Supp. Ranahan Decl., ¶¶ 4-5 and Exhs. 1 and 2. While Plaintiffs complain of missing invoices totaling $4955.99, Veoh now submits additional back up for $5802.93, more than accounting for the purported discrepancies.

5. ***Document Preparation Costs*** Local Rule 54-4.11 allows for "[d]ocument preparation costs." L.R. 54-4.11; *see also* L.R. 54-4.13 (costs of "visual aids reasonably necessary to assist the jury or the Court in understanding the issues at

2

trial" are proper). Veoh has provided more than sufficient material to support its request of $24,655.49 for the costs objected to by UMG. UMG attempts to argue that courts have routinely cut requests for copying costs by 50% without any review of the costs claimed. This is not the case. The Court in *Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir, 1990) affirmed a district court's reduction of requested copying costs *after* the district court had determined and held "that half of the 320,000 papers copied by Haagen-Dazs were necessarily obtained for use in the case even though they were not introduced into evidence in the plaintiff in *Haagen-Dazs'* successful motion for summary judgment." *Id.*

The defendant in *Haagen-Dazs* "contended that it should be assessed copying costs only for those documents which were 'actually used in this case and made a part of the record,'" but the Ninth Circuit rejected this "narrow interpretation"[2] holding that copying costs are *not* limited to copies actually submitted into evidence or with the court. *Id.* Thus, the court found that the defendant failed to show that the district court judge, "who was intimately familiar with the case," abused his discretion by awarding copying costs "for those documents which he found to have been necessarily obtained for use in the case but not offered as evidence." *Id.* The fifty-percent figure was not some magic number the court chose out of the air. Rather, the court, familiar with the action, analyzed which of the copies were "necessarily obtained for use in the

---

[2] As the court noted:

> This narrow interpretation of section 1920(4), however, is not supported by the plain language of that section or by case law. *See* 28 U.S.C. § 1920(4) (section 1920(4) enables a court to award copying costs for any document "necessarily obtained for use in the case" and does not specifically require that the copied document be introduced into the record to be an allowable cost); *see, e.g., Illinois v. Sangamo Const. Co.*, 657 F.2d 855, 867 (7th Cir.1981) ("[t]he underlying documents need not be introduced at trial in order for the cost of copying them to be recoverable"); *see also* 6 Moore's Federal Practice ¶ 54.77[6], p. 54-465 (2d ed. 1988) (a document "may be 'necessarily obtained for use in the case' though it is not offered in evidence at a hearing or trial ...").

*Haagen-Dazs* 920 F.2d at 588.

VEOH'S REPLY TO UMG'S OBJECTIONS TO VEOH'S APPLICATION TO CLERK TO TAX CERTAIN COSTS
LA:261089.2

case." *Id.*

UMG also cites *In Re Tech Matters*, 2002 WL 32521815 (C.D. Cal. 2002) to support its claim that the Clerk should reduce Veoh's costs by 50%, but in that case, the Court granted in part the prevailing party's request to increase copying costs. *Id.* at *2. As the court explicitly held, "the specifically enumerated items in Local Rule 54-4.11 are non-exhaustive and . . . the Court may, in its discretion, allow other costs for copies, *i.e.*, those costs that are necessarily obtained for use in the case." *Id.*

Significantly, UMG does not assert that any of Veoh's included copying costs were not incurred in connection with this case, and Veoh's supporting documentation shows that all of its copying costs were related to documents or visual aids necessarily obtained for use in the case. Consequently, the Clerk should not reduce Veoh's request for a reduction in copying costs.

## III. CONCLUSION

For all of the foregoing reasons, Veoh requests the Clerk approve its application to tax costs in the amount of $70,358.74.

Dated: December 7, 2009      WINSTON & STRAWN LLP

By: /s/ Erin R. Ranahan
    Michael S. Elkin
    Thomas Lane
    Jennifer A. Golinveaux
    Rebecca Lawlor Calkins
    Erin R. Ranahan

Attorneys for Defendant
VEOH NETWORKS, INC.