IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CALIFORNIA 90067-4276

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

WRITER'S DIRECT
TELEPHONE 310-203-7547
smarenberg@irell.com

October 1, 2007

**VIA EMAIL AND U.S. MAIL**

Michael S. Elkin, Esq.
Winston & Strawn LLP
200 Park Avenue
New York, New York 10166

      Re:    <u>UMG Recordings, Inc., et al. v. Veoh Networks, Inc.</u>

Dear Mr. Elkin:

      I write in response to your letter of September 24, 2007. I am not quite sure what prompted your letter or what purpose it serves. Perhaps it was written as posturing "for the record." If so, and because it is so riddled with inaccuracies, I am obliged to respond.

      First, your letter suggests that UMG's Complaint against Veoh Networks, Inc. ("Veoh") does not identify works infringed by Veoh. This assertion is wrong. As just one example – indeed the example referenced in your letter – UMG's Complaint makes clear that the music video for the song "Fergalicious" appears without authorization on the Veoh internet site. A brief investigation reveals that Veoh has chosen, notwithstanding UMG's filing of its Complaint on September 4, 2007, to leave this content on the Veoh site. In fact, running the same search (using the word "Fergie") referenced in UMG's Complaint reveals even more infringing content on Veoh's site appears today, than on the day UMG's Complaint was filed. These facts belie the assertion in your letter that "Veoh takes allegations of copyright infringement very seriously."

      But the "Fergalicious" video is only one of thousands of infringements that are taking place daily on Veoh's internet site – as UMG's Complaint makes clear. Your letter professes an inability to identify those infringements or even copyrighted material on Veoh. This assertion is not credible – nor will it serve Veoh well in the lawsuit – particularly given Veoh's decision not to remove even the exemplary infringing content identified in UMG's Complaint. UMG is not, as your letter suggests, obliged to police Veoh's internet site to identify each instance in which Veoh is displaying unauthorized content, nor would it be possible for UMG to do so, since Veoh controls its own site. Veoh is well aware that it has not been authorized to use UMG content on its internet site. Your letter confirms that Veoh has taken no steps to remove UMG content from its internet site or to prevent further

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

Michael S. Elkin, Esq.
October 1, 2007
Page 2

infringement in any way. Instead, it appears that Veoh has increased the scope of its infringement since the filing of UMG's Complaint.

In any event, I do not believe it would be productive to continue to respond to inaccurate self-serving letters. Due consideration of the issues raised by UMG's Complaint, including the parties' positions regarding the applicability or inapplicability of 17 U.S.C. § 512(c) to Veoh's conduct, is better reserved for presentation to the Court. If Veoh wishes to demonstrate its seriousness about removing infringing content, it can readily undertake to do so.

Very truly yours,

Steven A. Marenberg

SAM:bdl

1758947

Exhibit C Page 36