Steven A. Marenberg (101033) (smarenberg@irell.com)
Brian Ledahl (186579) (bledahl@irell.com)
Carter R. Batsell (254396) (cbatsell@irell.com)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>VEOH NETWORKS, INC.,<br><br>    Defendant. | Case No. CV-07-05744 AHM (AJWx)<br><br>**DECLARATION OF CARTER R. BATSELL IN SUPPORT OF UMG'S OPPOSITION TO VEOH'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>**Filed Concurrently Herewith:**<br>  1. **UMG's Opposition to Veoh's Motion for Attorneys' Fees and Costs**<br>  2. **Declaration of Brian Ledahl in Support of UMG's Opposition**<br><br>Judge: Hon. A. Howard Matz<br>Date: December 21, 2009<br>Time: 10:00 AM<br>Courtroom: 14 |

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2165271

DECLARATION OF CARTER R. BATSELL IN SUPPORT
OF UMG'S OPPOSITION TO VEOH'S MOTION FOR
ATTORNEYS' FEES AND COSTS

# DECLARATION OF CARTER R. BATSELL

I, Carter R. Batsell, declare as follows:

1. I am an attorney at the law firm of Irell & Manella LLP, counsel of record for UMG Recordings, Inc., and other affiliated UMG entities (collectively, "UMG") in the above-captioned action. I am a member in good standing of the State Bar of California and have been admitted to practice before this Court. I submit this declaration in support of UMG's Opposition to Veoh Networks, Inc.'s ("Veoh") Motion for Attorneys' Fees and Costs. Except where otherwise noted, I have personal knowledge of the facts set forth below and if called as a witness, I could and would testify to these same facts under oath.

2. I have reviewed Exhibit 4 to the Supplemental Declaration of Erin Ranahan in Support of Veoh's Motion for Attorneys' Fees and Costs, which Ms. Ranahan states is a copy of time entries associated with Winston & Strawn LLP's work on behalf of Veoh in this action. Based on my review, I calculated the fees Veoh expended on certain categories of work, as more fully set forth below.[1]

3. I undertook to review the billing entries provided by Veoh to identify those which corresponded to the various categories described below, and sum the amounts attributable to the entries for each category. With respect to that calculation, if a time entry described multiple, unrelated tasks, I only counted fees associated with the category of work at issue. If Veoh identified the time spent performing the task, I adjusted the total fee associated with that task accordingly. (Hence the fee totals below should not include fees unrelated to the relevant category.) Further, if Veoh identified a single task containing multiple components, only one of which is relevant to a category of work at issue (*e.g.*, "conference call

---

[1] If the Court would find it helpful, UMG will submit an annotated copy of Exhibit 4 to the Ranahan Declaration highlighting the billing entries attributable to the categories described below.

- 1 -

2165271

DECLARATION OF CARTER R. BATSELL IN SUPPORT OF UMG'S OPPOSITION TO VEOH'S MOTION FOR ATTORNEYS' FEES AND COSTS

re: general status and motion to dismiss (1.0)"), I reduced the fee by an appropriate amount (*e.g.*, "1/2").

4. There are occasions where an entry was insufficiently descriptive to identify whether a particular item fell within any of the categories described below. Thus the fee totals below may be underinclusive.

5. Ranahan Exhibit 4 reveals that Veoh seeks an award of fees for work performed in connection with motions or oppositions pursued by Veoh that it ultimately lost. This includes work done in connection with Veoh's motion to dismiss and work done in connection with Veoh's opposition to UMG's motion to amend its complaint. With respect to the former, Veoh moved to dismiss UMG's suit in the Central District of California on the grounds that Veoh filed a declaratory judgment action against UMG in the Southern District of California first. UMG likewise moved to dismiss that action, prompting this Court to stay Veoh's motion. UMG prevailed: Judge Whelan of the Southern District dismissed Veoh's complaint, concluding that it was "tactical" and "more a bargaining chip than a sincere prayer for relief." *Veoh Networks, Inc. v. UMG Recordings, Inc., et al.*, 522 F. Supp. 2d 1265, 1271 (S.D. Cal. 2007). Hence this Court denied Veoh's motion "because Judge Whelan [had] dismissed" Veoh's suit. Attached hereto as Exhibit A is a true and correct copy of the Court's Order denying Veoh's motion. With respect to UMG's motion to amend, UMG sought to add claims against separate parties (*i.e.*, not Veoh but its investors) to its complaint. UMG's amendment did not alter its claims against Veoh, and it occurred within the Court-ordered deadline for amendment. Veoh nevertheless opposed UMG's motion to amend. The Court rejected Veoh's opposition and granted UMG's motion in an August 22, 2008 Order, a true and correct copy of which is attached hereto as Exhibit B. The Court reminded Veoh of "the extremely liberal pleading standards under Rule 15," holding that Veoh had shown no "undue delay" or "bad faith" on the part of UMG, and that Veoh had suffered no "undue prejudice." Veoh's current motion seeks to recover all

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

DECLARATION OF CARTER R. BATSELL IN SUPPORT
OF UMG'S OPPOSITION TO VEOH'S MOTION FOR
ATTORNEYS' FEES AND COSTS

2165271                                - 2 -

of its expenditures in connection with this failed motion practice. Based upon my review of the materials submitted with Veoh's motion, Veoh seeks to recover at least $128,039 for this work.

6. Ranahan Exhibit 4 further reveals that Veoh seeks to recover all of its fees associated with various discovery motions, oppositions, and positions with respect to which Magistrate Judge Wistrich found in favor of UMG. As set forth below, Magistrate Judge Wistrich:

- Granted the lion's share of UMG's Motion to Compel Veoh to Provide Responses or Further Responses to Discovery Requests. UMG moved to compel eighteen categories of discovery withheld by Veoh; Magistrate Judge Wistrich granted UMG's request as to fourteen of those categories. A true and correct copy of the associated Order is attached hereto as Exhibit C. Prior to hearing on UMG's motion, Veoh sent UMG a letter offering to provide certain discovery, provided UMG would agree that such discovery satisfied Veoh's obligations as to certain requests for production. Veoh's letter prompted Judge Wistrich to state "some of what you agree to do in your letter you should have done from the very beginning. And I don't know why you're still waiting to do that." August 25, 2008 Hearing Transcript at 36:15-18, a true and correct excerpted copy of which is attached hereto as Exhibit D. Veoh seeks to recover all of its fees associated with its unsuccessful effort to oppose UMG's motion.
- Granted UMG's Motion to Compel Veoh to Appear at Rule 30(b)(6) Depositions. Early in this case, UMG served a Rule 30(b)(6) deposition notice covering a small number of topics regarding Veoh's operation. The resulting deposition formed the basis of UMG's motion for partial summary judgment. UMG served Veoh with a second notice of deposition pursuant to Rule 30(b)(6), seeking testimony relating to separate and distinct topics. Veoh refused to produce any witness in response to this notice, requiring UMG to file a motion to compel. Veoh later changed its position, agreeing to produce witnesses in response to the

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2165271

- 3 -

DECLARATION OF CARTER R. BATSELL IN SUPPORT
OF UMG'S OPPOSITION TO VEOH'S MOTION FOR
ATTORNEYS' FEES AND COSTS

notice. It ultimately filed a statement of non-opposition to UMG's motion. Magistrate Judge Wistrich subsequently granted UMG's motion. A true and correct copy of the associated Order is attached hereto as Exhibit E. Veoh seeks to recover all of its fees associated with attempting to oppose UMG's deposition notice.

- Granted in part UMG's Motion to Compel Regarding (1) Search Terms, (2) Custodians, and (3) "Skype" Accounts. This motion concerned the scope of Veoh's document collection. UMG contended that Veoh's collection process was too narrow, and that it should remedy that failure by searching its document custodian's electronic files with more "search terms," by expanding the number of custodians whose files it would search, and by searching those custodians' "Skype" accounts[2] (in addition to their email accounts). Magistrate Judge Wistrich agreed that Veoh's document collection was too narrow and granted UMG's motion with respect to items (2) and (3), ordering Veoh to search the files of additional employees and to search its employees' Skype communications for responsive documents. A true and correct copy of the associated Order is attached hereto as Exhibit F. Veoh seeks to recover all of the fees it expended in unsuccessfully opposing this discovery.

- Granted in part UMG's Motion for Sanctions and to Compel Veoh to Produce Audible Magic Metadata. Each time Veoh runs a video through Audible Magic's filtering software, Audible Magic returns metadata associated with that video's soundtrack. That metadata can include the soundtrack's artist and title. UMG requested that Veoh produce this data, which would enable UMG to more quickly identify videos implicating its copyrights that were available through Veoh. But Veoh had purposefully avoided retaining this data, which prompted UMG to move to compel it, and to seek an extension regarding UMG's

---

[2] Skype is a software program that allows users to chat through text instant-messaging, among other things.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2165271

- 4 -

DECLARATION OF CARTER R. BATSELL IN SUPPORT
OF UMG'S OPPOSITION TO VEOH'S MOTION FOR
ATTORNEYS' FEES AND COSTS

obligation to identify infringing videos. After UMG filed its motion, Veoh agreed to UMG's demand and regenerated and produced the Audible Magic metadata. Hence Magistrate Judge Wistrich denied a portion of UMG's motion as moot. But Veoh's conduct prompted Judge Wistrich to extend UMG's deadline for identifying infringing videos to May 11, 2009. A true and correct copy of Magistrate Judge Wistrich's Order is attached hereto as Exhibit G. Veoh seeks to recover all of the fees it spent in opposing UMG's efforts to obtain this information about the copyrighted music identified on Veoh's system by the Audible Magic filter.

- Granted in part UMG's Motion for Sanctions and to Compel Compliance with Prior Court Orders. After Magistrate Judge Wistrich ordered Veoh to produce multiple categories of documents, UMG remained concerned that Veoh's production was missing many responsive documents. In reviewing documents produced by third parties, including Veoh's investors, UMG discovered that the third-party productions included documents that Veoh's did not, despite Veoh's document custodians being recipients of the same documents. This led UMG to the conclusion that Veoh was not complying with Magistrate Judge Wistrich's prior orders, prompting UMG's motion to compel. Magistrate Judge Wistrich granted UMG's motion in part, ruling: "The court is concerned about what appear to be unreasonably narrow interpretations by Veoh of some of UMG's discovery requests, a practice which calls into question the completeness of its entire production. Anomalies in Veoh's production, which may or may not have an entirely innocent explanation, heighten that concern. . . . Veoh is directed to review its production and to have its general counsel (if any) and its lead trial counsel in this case certify to the court under penalty of perjury that under a fair reading of the requests for production as to which it has agreed to produce documents or been ordered to produce documents, its production is complete." A true and correct copy of the Order is attached hereto as Exhibit H. Following

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2165271

- 5 -

DECLARATION OF CARTER R. BATSELL IN SUPPORT
OF UMG'S OPPOSITION TO VEOH'S MOTION FOR
ATTORNEYS' FEES AND COSTS

Magistrate Judge Wistrich's Order requiring certification, Veoh produced thousands of additional documents called for under the Court's prior orders. Veoh seeks to recover all of the fees it spent in opposing UMG's efforts to obtain such documents and compliance with the Court's Orders.

- Granted UMG's *Ex Parte* Application for Order Requiring Veoh to Retain Evidence. At the first discovery hearing on August 5, 2008, Veoh represented that it would promptly produce the data relating to its videos. When Veoh produced this data, UMG discovered that it had not produced the data returned by Audible Magic relating to videos identified by that company's filter. This data would include the title and artist associated with copyrighted music identified by the filter. UMG contacted Veoh about this discrepancy and Veoh claimed that Audible Magic information was contained in a different database that Veoh would then produce. When UMG finally received this information, it discovered that Veoh still had not produced information such as the title, artist and album associated with copyrighted music. Veoh then indicated that although it received such information from Audible Magic, it had a practice of not retaining that data, and was continuing on an ongoing basis to destroy such data. UMG moved *ex parte* to stop Veoh from deleting the Audible Magic metadata referenced above. Magistrate Judge Wistrich granted UMG's application, holding that "[t]he additional metadata fields sought by UMG are relevant for purposes of Fed. R. Civ. P. 26(b)(1), and since Veoh is already selectively retaining and producing some of the metadata fields, requiring Veoh to retain and produce the additional metadata fields as well would not impose an undue burden." A true and correct copy of the Order is attached hereto as Exhibit I. Veoh seeks to recover all of its fees associated with its efforts not to retain the Audible Magic data.

- Denied Veoh's first motion to compel. When UMG brought its initial motion to compel (which was almost entirely granted), Veoh filed its own motion to be

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2165271

- 6 -

DECLARATION OF CARTER R. BATSELL IN SUPPORT
OF UMG'S OPPOSITION TO VEOH'S MOTION FOR
ATTORNEYS' FEES AND COSTS

heard at the same time. Veoh filed its motion notwithstanding the fact that UMG had already made a voluminous production of documents that Veoh had not meaningfully reviewed. Magistrate Judge Wistrich denied Veoh's motion on the record at the August 25, 2008 hearing, noting that Veoh's motion contained "hundreds of requests," that it "exceed[ed] 300-pages," that Veoh's grouping of requests was "so broad that [it] really [wasn't] meaningful," and that many "of [Veoh's requests] probably have been largely satisfied at this point." August 25, 2008 Hearing Transcript at 19:16-18, 22:12-13, a true and correct excerpted copy of which is attached hereto as Exhibit D. The Court therefore "den[ied Veoh's] motion to compel" without prejudice to Veoh's right to "file [another] motion"— after "complet[ing its] review of [UMG's] production" and provided that Veoh organized its subsequent motion "in a sensible way." *Id.* (21:23, 21:25-22:1, 23:16-17). Veoh seeks to recover all of the fees associated with this failed motion.

- Denied Veoh's Motion to Compel Plaintiffs to Identify Works at Issue and Produce Chain of Title/Rights Information Regarding the Same. On October 29, 2008, Veoh renewed its previously-denied motion to compel. This motion sought the same relief as various portions of its first motion to compel. The Court denied the motion again, stating: "the court previously denied a motion to compel filed by Veoh because that motion was presented in an unmanageable manner. Rather than file a new motion including copies of the discovery requests and responses thereto that are at issue, Veoh merely refers the court to a portion of the 314-page joint stipulation filed in support of the previously denied motion." A true and correct copy of the associated Order is attached hereto as Exhibit J. Veoh seeks to recover all of the fees associated with this failed motion.

- Denied Veoh's Motion for Protective Order Allowing it to Cease Storing Video Files. In its first requests for discovery, UMG sought production of the videos

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

DECLARATION OF CARTER R. BATSELL IN SUPPORT
OF UMG'S OPPOSITION TO VEOH'S MOTION FOR
ATTORNEYS' FEES AND COSTS

2165271

- 7 -

on the Veoh service. Veoh opposed these requests, claiming burden, and instead represented to the Court that it would make the videos available to UMG by providing it dedicated online access to Veoh's video archive. Veoh represented to the Court at the August 25, 2008 discovery hearing that this mechanism would be comparable to producing copies of the video files directly. Subsequently, however, Veoh moved for an order permitting it to cease storing videos it cancels from its system – including videos embodying UMG's copyrights – essentially to destroy the videos and prevent their use as evidence. Magistrate Judge Wistrich denied Veoh's motion, holding that "when the burden is weighed against the highly relevant nature of the material at issue, the balance tips against granting this motion." A true and correct copy of the associated Order is attached hereto as Exhibit K. Veoh seeks to recover all of the fees associated with its failed attempt to obtain permission to destroy these videos.

- Denied Veoh's Motion to Compel UMG to Produce Remaining Chain-of-Title Documents. Veoh sought from the beginning of discovery to compel UMG to produce all documents relating to its ownership of every copyright at issue in this case. Veoh's motion was denied twice. Subsequently, the Court directed UMG to produce materials relating to the "chain of title" of a 20% sample of the works at issue. Following UMG's production of this sample, Veoh demanded that UMG produce the same documents for the remaining 80% of works at issue. UMG noted that such a production, and Veoh's review of it, was not compatible with the current case schedule, and that the parties should address the issue following a trial on liability. Magistrate Judge Wistrich agreed, holding that "Veoh's motion is denied without prejudice to its renewal on an expedited basis after trial." A true and correct copy of the associated Order is attached hereto as Exhibit L. Veoh seeks to recover all fees associated with its failed motion to compel production of the remaining 80% of chain-of-title documents.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

DECLARATION OF CARTER R. BATSELL IN SUPPORT
OF UMG'S OPPOSITION TO VEOH'S MOTION FOR
ATTORNEYS' FEES AND COSTS

2165271

- 8 -

1. - Held that the parties had resolved Veoh's "renewed motion to compel plaintiffs to identify the works at issue." Veoh suggested to the Court that UMG had not identified the videos UMG contended to be infringing in this case. The Court held that this issue had been resolved without the need for a ruling because Veoh propounded the discovery relevant to its "renewed motion" on October 24, 2008, and UMG timely responded to it. A true and correct copy of the civil minutes reflecting this conclusion are attached hereto as Exhibit M. Veoh seeks to recover all fees associated with this unnecessary motion.

Based upon my review of the materials submitted with Veoh's motion, Veoh seeks to recover at least $363,397 for its fees associated with these various failed discovery motions, oppositions, and applications.

7. Ranahan Exhibit 4 also shows that Veoh seeks an award of attorneys' fees that pertain to work performed by Winston & Strawn LLP on behalf of entities other than Veoh, or work done in connection with UMG's claims against entities other than Veoh. This work includes:

- Work performed by Winston & Strawn LLP attorneys on behalf of Veoh's investors. This includes, for example, Veoh's attorneys reviewing documents on behalf of Veoh's investors, whom UMG served with third-party subpoenas. *See, e.g.*, Supp. Ranahan Decl. Ex. 4 at 51 ("Begin reviewing and analyzing documents on IPRO database in preparation for responding/producing documents in response to investor subpoena to Tornante"). It also includes, for example, Veoh's attorneys drafting the investors' motion for attorneys' fees, or advising the investors on their motion to dismiss. *See, e.g., id.* at Ex. 4 at 233 ("Draft, revise and edit motion for investors' attorneys' fees"). Veoh seeks to recover all fees incurred in working for entities other than Veoh.
- Work performed by Winston & Strawn LLP attorneys on behalf of Dan Klores Communications ("DKC"). UMG served a third-party subpoena on Dan Klores Communications, which performed public relations work for Veoh. Veoh's

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2165271

- 9 -

DECLARATION OF CARTER R. BATSELL IN SUPPORT
OF UMG'S OPPOSITION TO VEOH'S MOTION FOR
ATTORNEYS' FEES AND COSTS

1 attorneys reviewed documents on behalf of DKC. *See, e.g., id.* at Ex. 4 at 183 ("Review and analyze DKC documents (1k-3.5k) in advance for production (5.1)"). Veoh seeks to recover all fees incurred in connection with representing non-party Dan Klores Communications.

Based upon my review of the materials submitted with Veoh's motion, Veoh seeks to recover at least $270,990 for its fees associated with work performed for other parties or non-parties to this case.

8. Ranahan Exhibit 4 also shows that Veoh seeks an award of attorneys' fees for multiple *ex parte* applications brought by Veoh and denied by Magistrate Judge Wistrich, or otherwise abandoned. Magistrate Judge Wistrich denied the following *ex partes* brought by Veoh:

- Veoh's *Ex Parte* Application for an Order Compelling UMG to Comply with Prior Order Requiring Supplemental Responses and Production. Veoh moved *ex parte* on the ground that UMG was allegedly not complying with orders issued in the *MySpace* and *Grouper* actions. Though Magistrate Judge Wistrich "granted this application in part," he simply reiterated that "UMG must comply with paragraph 2 of the August 25, 2008 Order" in this action, a proposition with which UMG did not disagree. Nor did Judge Wistrich rule that UMG had failed to so comply. Further, Judge Wistrich stated that "Veoh appears to be attempting to stretch the statements made by the court during the August 25, 2008 hearing a bit too far. What the court wanted to discourage was the re-litigation by UMG of issues it have previously contested and lost in the *Grouper* case or the *MySpace* case . . . . On the present record, UMG does not appear to be doing what the court sought to discourage." A true and correct copy of the Order associated with this *ex parte* is attached hereto as Exhibit N.

- Veoh's *Ex Parte* Application for an Order to Show Cause Why Plaintiffs Should Not Be Found in Contempt for Refusal to Comply with the Court's November 20, 2008 Order. Veoh suggested that UMG was not complying with its

discovery obligations under the Federal Rules and was thus subject to contempt. The Court denied Veoh's *ex parte*, ruling that the record was inadequate to support Veoh's suggestion, and that "this [was] not an emergency warranting an *ex parte* application." A true and correct copy of the Order associated with this *ex parte* is attached hereto as Exhibit O.

- Veoh's *Ex Parte* Application for Protective Order Allowing It to Cease Storing Cancelled Video Files. Veoh moved for an order permitting it to cease storing videos it cancels from its system—including videos embodying UMG's copyrights. Prior to bringing a noticed motion on this issue (which was denied), Veoh sought this relief by *ex parte* application. The Court denied Veoh's application, reminding Veoh that *ex partes* are reserved for emergencies only. Magistrate Judge Wistrich also stated: "Although the Court has perhaps been more liberal than it should have been in tolerating Veoh's use of the *ex parte* application mechanism, Veoh has overused it to the point that it is unduly burdening both the Court and UMG's counsel. Therefore, from this point forward, Veoh is forbidden from filing *ex parte* applications regarding discovery disputes without obtaining the prior telephonic permission of the Clerk." A true and correct copy of the Order associated with this *ex parte* is attached hereto as Exhibit P.

Though Magistrate Judge Wistrich ultimately ruled that Veoh had abused the *ex parte* procedure and unduly burdened both the Court and UMG, Veoh seeks recovery for all of its fees associated with bringing such unduly burdensome applications. Based upon my review of the materials submitted with Veoh's motion, Veoh seeks to recover at least $60,204 for its fees associated with its *ex parte* practice.

9. Ranahan Exhibit 4 also reveals that Veoh is seeking to recover attorneys' fees for work performed on tasks that have no apparent connection to UMG's claims against Veoh. For example, on page 29, there is an entry that reads:

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2165271

- 11 -

DECLARATION OF CARTER R. BATSELL IN SUPPORT
OF UMG'S OPPOSITION TO VEOH'S MOTION FOR
ATTORNEYS' FEES AND COSTS

"Email Mr. Keats of Goldman Sachs re: request for IO papers and attention to same." *See also, e.g.,* Ranahan Ex. 4 at 167 ("Proofread and cite check NYLJ article (1.30); confer with D. Neustadt and T. Lane re same (.20)"), 187 ("Need to sub this out with entry with narrative – inserted to run prebill for time"), 218 ("communicate regarding trademark issue (.25)"). Veoh even seeks recovery for its attorneys' contemplated motion to withdraw. *See* Ranahan Ex. 4 at 239 ("Meet with Lane (.40); begin preparing motion papers relating to our firm's motion to withdraw (.40)"). Veoh seeks to recover fees incurred with these activities though they have no relation to this case. Based upon my review of the materials submitted with Veoh's motion, Veoh seeks to recover at least $28,757 in connection with such work.

10. As set forth in Ranahan Exhibit 4 and Exhibit 2, Veoh also seeks to recover for all of the work performed by and in connection with Veoh's damages expert (Roy Weinstein), his report, and/or his opinions. Mr. Weinstein opined that UMG benefitted from Veoh's infringement of UMG's copyrighted works. Veoh did not offer this opinion in evidence or in support of any motion presented to the Court. Based upon my review of the materials submitted with Veoh's motion, Veoh seeks to recover at least $163,113 for this work.

11. Ranahan Exhibit 4 also shows that Veoh seeks to recover all amounts spent reviewing documents by attorneys and staff at Winston & Strawn LLP. These entries address both Veoh's review of UMG's documents, and Veoh's review of its own documents, in anticipation of production. Based upon my review of the materials submitted with Veoh's motion, Veoh seeks to recover at least $938,087 for such work.

12. Ranahan Exhibit 4 shows that the fees associated with work done in connection with UMG's Motion for Partial Summary Judgment total approximately $152,721.00.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2165271

DECLARATION OF CARTER R. BATSELL IN SUPPORT
OF UMG'S OPPOSITION TO VEOH'S MOTION FOR
ATTORNEYS' FEES AND COSTS

- 12 -

13.     Rananhan Exhibit 4 shows that the fees associated with work done in connection with Veoh's Motion for Summary Judgment total approximately $336,336.

14.     I also reviewed Exhibit D to the Declaration of Erin Ranahan in Support of Veoh's Motion for Attorneys' Fees and Costs, which, according to Ms. Ranahan, "details the attorneys' fees and costs incurred by Veoh on account of the work done by Winston & Strawn LLP." Ranahan Decl. at ¶ 15. In connection with Veoh's alleged costs, which begin on page 256 of that exhibit, Veoh has submitted multiple entries that have no associated description—they are either wholly redacted or blank. Costs associated with these blank or wholly redacted entries total $65,271.69.

Executed on December 7, 2009, at Los Angeles, California.

I declare under penalty of perjury that the foregoing is true and correct.

/s
Carter R. Batsell

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2165271

DECLARATION OF CARTER R. BATSELL IN SUPPORT
OF UMG'S OPPOSITION TO VEOH'S MOTION FOR
ATTORNEYS' FEES AND COSTS

- 13 -