O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-5744 AHM (AJWx) | Date | August 22, 2008 |
|---|---|---|---|
| Title | UMG RECORDINGS, INC., et al. v. VEOH NETWORKS, INC. et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE |
|---|---|

| Stephen Montes | Not Reported | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:        Attorneys **NOT** Present for Defendants:

**Proceedings:**        IN CHAMBERS (No Proceedings Held)

## I.     INTRODUCTION

       This matter is before the Court on the motion of Plaintiffs UMG Recordings, Inc. *et al.* (collectively, "UMG") for leave to file a First Amended Complaint ("FAC") naming additional defendants.  UMG's proposed FAC adds as defendants several companies that UMG alleges own, control and operate Defendant Veoh Networks Inc. ("Veoh").  The FAC asserts claims for contributory copyright infringement, vicarious copyright infringement, and inducement of copyright infringement against Shelter Capital Partners, LLC, Shelter Venture Fund, L.P., Spark Capital, LLC, Spark Capital, L.P., and The Tornante Company, LLC (collectively, "the investor defendants").[1]  Defendant Veoh opposes this motion.  Given the extremely liberal pleading standards under Rule 15, the Court grants UMG's motion for the following reasons.

## II.     BACKGROUND

       On September 4, 2007, UMG filed this action against Veoh, asserting four claims for relief: (1) direct copyright infringement; (2) contributory copyright infringement, (3) vicarious copyright infringement, and (4) inducement of copyright infringement.  The Complaint alleges that Veoh, through its website and software, makes available for

---

       [1]  In connection with Bet Tzedek Legal Services in the early and mid-1990s, the Court worked closely with Arthur Bilger, Managing Member of Shelter Capital Partners, LLC, and developed great respect for him.  On rare occasions since then, the Court has spoken with Mr. Bilger at various social events.

Exhibit B Page 15
Dockets.Justia.com

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5744 AHM (AJWx) | Date | August 22, 2008 |
|---|---|---|---|
| Title | UMG RECORDINGS, INC., et al. v. VEOH NETWORKS, INC. et al. | | |

streaming and downloading UMG's copyrighted works.  Compl. ¶¶ 2-4.  The Complaint also alleges that: Veoh "has been able to attract tens of millions of dollars of financial support from various investors, all of whom benefit from Veoh's infringing acts."  *Id.*, ¶ 14.  Among those investors, the Complaint alleged, were Shelter Capital Partners, LLC, Spark Capital, LLC, and the Tornante Company, LLC.  *Id.*  The Complaint then added this notice: "Plaintiffs reserve the right to add as defendants Veoh's investors, directors, and officers once the full nature and extent of their contribution to, and facilitation of, the infringing conduct taking place on Veoh is known."  *Id.*

On October 18, 2007, UMG sent each of the investor defendants a letter informing them of UMG's suit against Veoh and of their potential liability.  McReynolds Decl. Ex. 1.  On February 15, 2008, UMG served document subpoenas upon the investor defendants.  McReynolds Decl. Ex. 2.  Each of the investor defendants timely served written responses to the document subpoenas in April 2008.  Golinveaux Decl. Ex. B.  In the Joint Rule 16(b) Report, filed on March 10, 2008, UMG stated that "it may seek to amend its complaint to add one or more of the investors in Veoh as defendants in this action, depending upon information learned in discovery."  McReynolds Decl. Ex. 3 at 75.  At the March 17, 2008 Scheduling Conference, counsel for UMG stated that UMG would make an appropriate determination whether to add these investors after receiving discovery from them.  McReynolds Decl. Ex. 4 at 92.  The Court set June 16, 2008 as the last date to amend the complaint to identify Does or to add new parties or claims.  *Id.* at 93.  The Court stated that it did not "want to have to deal with motion practice relating to [Rule] 15(a) unless there is really a tenable basis to preclude amendment, given the liberal standard for amendment[.]"  *Id.*

UMG filed this motion on June 16, 2008, the last date the Court set to amend the complaint.  UMG claims that preliminary discovery shows that each of the investor defendants has the right and ability, through financial investments and seats on Veoh's Board of Directors, to supervise and/or control the infringing conduct of Veoh.  *See* FAC ¶¶ 30-32.  UMG alleges that the investor defendants materially contributed to the infringing conduct by exercising control over "all critical decisions regarding the content available on Veoh" with full knowledge of the infringing conduct.  *Id.*

## III. <u>LEGAL STANDARDS APPLICABLE TO MOTION FOR LEAVE TO AMEND THE COMPLAINT</u>

Exhibit B Page 16

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5744 AHM (AJWx) | Date | August 22, 2008 |
|---|---|---|---|
| Title | UMG RECORDINGS, INC., et al. v. VEOH NETWORKS, INC. et al. | | |

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend a pleading "only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). The Rule further provides that "leave [to amend] shall be freely given when justice so requires." *Id.* "Under Rule 15(a), courts are cautioned to apply the policy of free amendment of pleadings with extreme liberality." *SAES Getters S.P.A. v. Aeronex, Inc.*, 219 F.Supp.2d 1081, 1086 (S.D. Cal. 2002) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). "Though the decision to grant or deny a motion for leave to amend is governed by the district court's discretion, the general rule is that amendment of pleadings is to be permitted unless the opposing party makes a showing of undue delay, bad faith, undue prejudice, or futility of amendment on the part of the moving party." *Id.* at 1086-87 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Thus, the burden of persuasion is on the party opposing amendment.

"The four factors are generally not accorded equal weight; a showing of delay alone, for example, usually will not justify denial of leave to amend." *Id.* (citing *DCD Programs, Ltd.*, 833 F.2d at 186). "The factors are fairly self-explanatory, but have evolved in the case law as follows. To show undue delay, the opposing party must at least show delay past the point of initiation of discovery; even after that time, courts will permit amendment provided the moving party has a reasonable explanation for the delay." *Id.* (citations omitted). "[C]ourts have understood ['bad faith'] to mean such tactics as, for example, seeking to add a defendant merely to destroy diversity jurisdiction." *Id.* (citation omitted). "'Undue prejudice' means substantial prejudice or substantial negative effect; the Ninth Circuit has found such substantial prejudice where the claims sought to be added 'would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense.'" *Id.* (citing *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

"Finally, an amendment is 'futile' only if it would clearly be subject to dismissal." *Id.* (citing *DCD Programs, Ltd.*, 833 F.2d at 188; *Moore v. Kayport Package Express*, 885 F.2d 531, 542 (9th Cir. 1989)). "While courts will determine the legal sufficiency of a proposed amendment using the same standard as applied on a Rule 12(b)(6) motion, *see Miller v. Rykoff- Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), such issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion

Exhibit B Page 17

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5744 AHM (AJWx) | Date | August 22, 2008 |
|---|---|---|---|
| Title | UMG RECORDINGS, INC., et al. v. VEOH NETWORKS, INC. et al. | | |

for leave to amend." *Id.* (citing William W. Schwarzer, et al., *California Practice Guide: Federal Civil Procedure Before Trial* § 8:422).

## IV.    DISCUSSION

### A.    Undue Delay

Veoh argues that UMG "could have [named the investor defendants] ten months ago when UMG filed its initial Complaint in this action" and that UMG's delay in seeking amendment "indicates that UMG's true motive is to protract this litigation . . . ." Opp'n. at 9.  At the March 17, 2008 scheduling conference, the Court set June 16, 2008 as the last date by which UMG could amend its complaint.  Veoh did not object at the conference to the Court's deadline and UMG complied with the deadline.  UMG has established that the supposed "delay" actually was necessitated by the time it took UMG to determine whether to add the investors after receiving discovery from them in April 2008.

### B.    Bad Faith

Veoh's contentions that UMG seeks this amendment in bad faith "to expand and unnecessarily delay this case and put maximum pressure on Veoh and its investors" are unpersuasive.  Opp'n. at 1.  There is no evidence that UMG seeks to add the new defendants for any improper purpose, such as to affect the Court's jurisdiction.  As shown above, from the outset of the case, including in the original complaint, UMG disclosed that it may assert claims for relief against one or more of Veoh's investors.  *See* Compl. ¶ 14.  A month after filing the complaint, UMG sent each of the investor defendants a letter informing them of UMG's suit against Veoh, and a few months later, served document subpoenas upon them.  McReynolds Decl. Ex. 1, 2.  In addition, UMG stated in the Joint Rule 16(b) Report and at the Scheduling Conference that it might seek to amend its complaint to add one or more of the investors in Veoh as defendants after receiving discovery from them.  McReynolds Decl. Ex. 3, 4.  At the scheduling conference, the Court set June 16, 2008 as the last date to move to amend the complaint and UMG complied with this deadline.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5744 AHM (AJWx) | Date | August 22, 2008 |
|---|---|---|---|
| Title | UMG RECORDINGS, INC., et al. v. VEOH NETWORKS, INC. et al. | | |

### C.    Undue Prejudice

Veoh has not met its burden of establishing that prejudice will result from UMG's amendment. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (noting that prejudice is the "touchstone of the inquiry under rule 15(a)" and that the party opposing amendment "bears the burden of showing prejudice"). The only prejudice that Veoh claims it will suffer as a result of the amendment is a delay of the pre-trial schedule in this case. However, discovery is still at a relatively early stage. The non-expert discovery cut-off is January 12, 2009. No depositions had been conducted by the date of the filing of this motion. In addition, Veoh and the investor defendants have had notice that UMG may add the investors as defendants since the filing of the original complaint nearly one year ago, mitigating any "surprise" from this amendment. "[T]he Ninth Circuit has found such substantial prejudice where the claims sought to be added 'would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense.'" *SAES Getters S.P.A.*, 219 F.Supp.2d at 1086 (citing *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). Veoh has established no such prejudice. This motion was timely filed and discovery can be timely completed.

### D.    Futility

Finally, Veoh claims that the amendment would be futile because "UMG's overreaching efforts to bring the Investors into this case based upon the mere fact that they invested in Veoh and chose a person for its Board[] should be rejected out of hand." Opp'n. at 10. "[A]n amendment is 'futile' only if it would clearly be subject to dismissal." *SAES Getters S.P.A.*, 219 F.Supp.2d at 1086 (citations omitted). A defendant may be liable for contributory copyright infringement if it "knowingly contributes to the infringing conduct of another." *Fonovisia, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 264 (9th Cir. 1996). Vicarious liability for copyright infringement lies where the defendant possesses the right and ability to supervise the infringing activity and has a direct financial interest in the exploitation of the copyrighted materials. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005); *Fonovisia*, 76 F.3d at 262-63.

In the proposed FAC, UMG alleges that the investor defendants, by seeking and

Exhibit B Page 19

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5744 AHM (AJWx) | | Date | August 22, 2008 |
|---|---|---|---|---|
| Title | UMG RECORDINGS, INC., et al. v. VEOH NETWORKS, INC. et al. | | | |

obtaining seats on Veoh's Board of Directors as a condition of their investments, exercised substantial control over Veoh's operations, with full knowledge of Veoh's alleged copyright infringement. FAC ¶¶ 30-32. UMG alleges that the investor defendants exercised control over "all critical decisions regarding the content available on Veoh" and whether and how Veoh would "implement any technology and filter copyrighted content to prevent infringement on Veoh's site." *Id.* ¶¶ 31-32. Rather than use their control to remove infringing content from Veoh, the investor defendants allegedly decided instead "to continue Veoh's infringing operations in order to continue to attract users and advertising dollars to Veoh, and increase the value of their financial interests in Veoh." *Id.* ¶ 31.

The parties challenge whether UMG has alleged sufficient facts to state claims for contributory and vicarious infringement. The parties raise different inferences from these allegations and the preliminary discovery. Only in a cursory fashion do they cite the decisions of other district courts– including, most notably, *UMG Recordings, Inc. v. Bertelsmann AG*, 222 F.R.D. 408, 414 (N.D.Cal. 2004) ("[A]t this stage the court need not pass upon the question of whether mere financial support of a contributing and vicarious infringer such as Napster-without more direct involvement-would give rise to a claim for contributory or vicarious infringement against the party providing the funding. Plaintiffs' far more extensive allegations suffice to defeat defendants' motions to dismiss."). However, what is clear is that based on this record the claims against the investor defendants would not "clearly be subject to dismissal." To test the validity of these claims in a more appropriate manner, the investor defendants may file a motion under Fed. R. Civ. P. 12(b)(6). *See* William W. Schwarzer, et al., *California Practice Guide: Federal Civil Procedure Before Trial* § 8:422 ("Ordinarily, courts do not consider the validity of a proposed amended pleading in deciding whether to grant leave to amend.").

/ / /

/ / /

/ / /

/ / /

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5744 AHM (AJWx) | Date | August 22, 2008 |
|---|---|---|---|
| Title | UMG RECORDINGS, INC., et al. v. VEOH NETWORKS, INC. et al. | | |

## V.    CONCLUSION

For the foregoing reasons, the Court grants UMG's motion.[2]  No hearing is necessary.  Fed. R. Civ. P. 78(b); L. R. 7-15.

_____ : _____

Initials of Preparer                SMO

_____

[2]  Dkt. No. 54.

Exhibit B Page 21