```
                       UNITED STATES DISTRICT COURT

                      CENTRAL DISTRICT OF CALIFORNIA
                              WESTERN DIVISION


   UMG RECORDINGS, INC., ET AL., )
                                 )
         PLAINTIFFS,             )
                                 )
         VS.                     )   CASE CV 07-5744-AHM(AJWX)
                                 )
                                 )
   VEOH NETWORKS, INC., ET AL.,  )   LOS ANGELES, CALIFORNIA
                                 )   AUGUST 25, 2008
                                 )   (10:07 A.M. TO 11:17 A.M.)
         DEFENDANTS.             )
   _____)

                                HEARING
                  BEFORE THE HONORABLE ANDREW J. WISTRICH
                      UNITED STATES MAGISTRATE JUDGE




   APPEARANCES:              SEE NEXT PAGE

   COURT REPORTER:           RECORDED; COURT SMART

   COURTROOM DEPUTY:         YSELA BENAVIDES

   TRANSCRIBER:              DOROTHY BABYKIN
                             COURTHOUSE SERVICES
                             1218 VALEBROOK PLACE
                             GLENDORA, CALIFORNIA  91740
                             (626) 963-0566




   PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING;
   TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.
```

```
 1   APPEARANCES:  (CONTINUED)
     FOR THE PLAINTIFF:        IRELL & MANELLA
 2                             BY:  BRIAN D. LEDAHL
                                    STEVEN A. MARENBERG
 3                                  ANJULI MC REYNOLDS
                               ATTORNEYS AT LAW
 4                             1800 AVENUE OF THE STARS
                               SUITE 900
 5                             LOS ANGELES, CALIFORNIA  90067

 6
     FOR THE DEFENDANTS:       WINSTON & STRAWN
 7                             BY:  JENNIFER A. GOLINVEAUX
                                    ATTORNEY AT LAW
 8                             101 CALIFORNIA STREET
                               39TH FLOOR
 9                             SAN FRANCISCO, CALIFORNIA  94111

10                             WINSTON & STRAWN
                               BY:  REBECCA LAWLOR CALKINS
11                                  ATTORNEY AT LAW
                               333 SOUTH HOPE STREET
12                             38TH FLOOR
                               LOS ANGELES, CALIFORNIA  90071
13
                               WINSTON & STRAWN
14                             BY:  THOMAS P. LANE
                                    ATTORNEY AT LAW
15                             200 PARK AVENUE
                               NEW YORK, NEW YORK  10166
16

17

18

19

20

21

22

23

24

25
```

```
 1                        I N D E X
     CASE NO. CV 07-5744-AHM(AJWX)              AUGUST 25, 2008
 2
     PROCEEDINGS:  PLAINTIFF'S MOTION TO COMPEL DISCOVERY
 3                 RESPONSES FROM VEOH
                   DEFENDANTS' MOTION TO COMPEL FURTHER RESPONSES
 4                 AND FOR PRODUCTION OF DOCUMENTS FROM
                   PLAINTIFFS.
 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1  GOING TO REQUIRE BOTH SIDES TO EXCHANGE CUSTODIANS AND SEARCH
2  TERMS ACROSS THE BOARD SO THAT EVERYONE WILL HAVE THAT
3  INFORMATION.  SO, LET'S TAKE THAT AS A GIVEN.
4          MS. CALKINS:  OKAY.
5          THE COURT:  NOW, WOULDN'T IT MAKE SENSE FOR ME TO
6  DENY YOUR MOTION WITHOUT PREJUDICE AND LET YOU BRING SUCH
7  PARTS OF IT AS ARE STILL RELEVANT AFTER YOU'VE REVIEWED THEIR
8  PRODUCTION.
9          MS. CALKINS:  I WOULD ASK THAT YOUR HONOR -- I
10 THINK IN MY OPINION IF WE CONTINUED THE HEARING PERHAPS AND
11 IN THE MEANTIME IN ADDITION TO THE SEARCH TERMS, UMG WOULD
12 PROVIDE US --
13         THE COURT:  HERE'S THE PROBLEM I HAVE WITH THAT.  I
14 THOUGHT ABOUT THAT BECAUSE I DON'T WANT TO INCONVENIENCE YOU
15 OR CAUSE DELAY.
16         <u>THIS JOINT STIPULATION EXCEEDS 300 PAGES.  IT'S GOT</u>
17 <u>HUNDREDS OF REQUESTS IN THERE.  AND IT WAS MY SENSE THAT MANY</u>
18 <u>OF THEM PROBABLY HAVE BEEN LARGELY SATISFIED AT THIS POINT.</u>
19 PERHAPS NOT ALL.  IT'S VERY CUMBERSOME FOR ME TO DEAL WITH
20 SOMETHING LIKE THIS.
21         SO, I THINK REALLY IF YOU REDID IT IN LIGHT OF WHAT
22 YOU'VE LEARNED NOW THAT YOU'VE REVIEWED THEIR PRODUCTION, WE
23 CAN FOCUS ON WHAT REALLY NEEDS TO BE DECIDED WITHOUT HAVING
24 TO WADE THROUGH THIS VERY LENGTHY PIECE OF PAPER.
25         MS. CALKINS:  I WOULD JUST ASK THEN ANOTHER WAY TO

```
1   EXPEDITE IT IN ADDITION TO THAT, YOUR HONOR, WOULD BE FOR UMG
2   TO PRODUCE A LIST OR IDENTIFY WHICH OTHER DOCUMENTS CORRELATE
3   TO WHICH OF OUR REQUESTS.  THAT WOULD BE -- THAT WAY WE CAN
4   AT LEAST UNDERSTAND WHAT THEY HAVE PRODUCED IN RESPONSE TO
5   PARTICULAR REQUESTS.  THEY CAN BE CATEGORIZED FOR THAT
6   MATTER.
7           OTHERWISE, WE'RE LEFT WITH AN EXTREMELY LARGE
8   VOLUME OF DOCUMENTS WITHOUT KNOWING WHERE THEY HAVE DECIDED
9   TO PRODUCE IN RESPONSE TO REQUESTS THEY PREVIOUSLY REFUSED.
10          WE JUST HAVE NO SENSE FOR WHERE THEY HAVE COMPLIED
11  AND WHAT TO BRING BEFORE YOUR HONOR SUBSEQUENTLY.
12          THE COURT:  WELL, THAT'S NOT VERY HELPFUL TO ME.
13  YOU HAVE NO SENSE OF WHERE THEY'VE COMPLIED AND WHERE THEY
14  HAVEN'T.
15          MS. CALKINS:  WELL --
16          THE COURT:  OTHER THAN HAVING THEM ORGANIZE THE
17  WHOLE PRODUCTION IN THE WAY THAT YOU WOULD FIND MOST
18  CONVENIENT, WHICH PROBABLY IS NOT REALISTIC, WHAT ELSE COULD
19  I DO TO SIMPLIFY THE SITUATION?
20          MS. CALKINS:  NO, YOUR HONOR, PERHAPS THEY COULD
21  JUST IDENTIFY -- FOR EXAMPLE, THIS BATES RANGE RELATES TO
22  VIRAL MARKETING, AND THAT IS OUR PRODUCTION ON VIRAL
23  MARKETING.  THAT WAY --
24          THE COURT:  ISN'T THAT A MATTER OF INTERPRETATION
25  IN PART?  AND WOULD YOU THEN NECESSARILY AGREE WITH THEIR
```

```
 1   CHARACTERIZATION?
 2           MS. CALKINS:  WELL, THERE IS A LARGE -- VIRAL
 3   MARKETING IS LARGELY UNDISPUTED.  THEY HAVE A DIVISION THAT'S
 4   DEVOTED TO VIRAL MARKETING.  THEY HAVE DOCUMENTS ENTITLED,
 5   "VIRAL MARKETING."
 6           FOR THOSE AT A MINIMUM THEY COULD IDENTIFY, YES,
 7   THESE ARE -- THIS IS WHERE YOU GO TO LOOK TO SEE -- TO TEST
 8   THE QUALITY OF OUR PRODUCTION IN THIS PARTICULAR CATEGORY.
 9           AND I DON'T THINK THAT WOULD BE UNREASONABLE.  THEY
10   HAD TO ORGANIZE AND COLLECT AND GATHER THE DOCUMENTS IN A
11   SIMILAR FASHION.  AND THEY KNOW WHERE THEY WENT AND WHICH
12   DOCUMENTS THEY PRODUCED TO WHICH --
13           THE COURT:  WELL, THAT'S NOT THE WAY THEY DESCRIBE
14   WHAT THEY DID, IS IT?  DIDN'T THEY SAY THEY USED SEARCH TERMS
15   -- WHICH WE DON'T KNOW WHAT THOSE TERMS ARE YET.  AND THEY
16   SEARCHED ON THOSE.  AND WHEN THEY FOUND HITS, THEY PRODUCED
17   THEM.
18           MS. CALKINS:  WELL, I THINK YOUR HONOR MAKES A GOOD
19   POINT.  THEY DON'T DESCRIBE WHAT THEY DID.  THEY --
20           THE COURT:  ALL RIGHT.  WELL, WE'RE GOING TO HAVE--
21   WE'LL GET PAST THAT BARRIER.
22           OKAY.  I THINK THE BEST THING, ALTHOUGH I DO IT
23   <u>WITH SOME RELUCTANCE, IS TO DENY YOUR MOTION TO COMPEL</u>
24   <u>WITHOUT PREJUDICE TO YOUR RENEWING SUCH PARTS OF IT AS ARE</u>
25   <u>NECESSARY TO RENEW AFTER YOU'VE COMPLETED YOUR REVIEW OF</u>
```

```
 1   THEIR PRODUCTION.
 2              MS. CALKINS:  YOUR HONOR, THERE ARE CERTAIN
 3   CATEGORIES OF REQUESTS ALSO THAT THEY COMPLETELY REFUSED TO
 4   PRODUCE DOCUMENTS IN RESPONSE TO THAT WOULD ALSO BE
 5   INDEPENDENT OF -- I APPRECIATE YOUR HONOR'S --
 6              THE COURT:  I'M HAPPY TO ADDRESS THAT, BUT I'M NOT
 7   GOING TO WADE THROUGH OVER 300 PAGES TRYING TO FIND THEM.
 8   AND I'M NOT GOING TO ASK YOU TO TRY TO LIST THEM FOR ME ON
 9   THE RECORD.
10              AND IN RESPONSE TO MOST OF THE REQUESTS -- I MEAN,
11   I THINK IN ONE OF THE CATEGORIES YOU PROVIDED -- I LIKE
12   CATEGORIES, BUT YOURS WERE SO BROAD THAT THEY REALLY WEREN'T
13   MEANINGFUL.  YOU KNOW, GROUPINGS OF RELATED REQUESTS.  YOU
14   HAVE 50, 60 PAGES OF REQUESTS AND THEN ONE PAGE OF ARGUMENT.
15              AND THAT REALLY DOES NOT HELP ME IN UNDERSTANDING
16   WHAT YOUR CONCERN IS AND TRYING TO GET A HANDLE ON WHAT I
17   SHOULD OR SHOULDN'T DO.
18              I'M SURE YOU'LL DO A BETTER JOB WITH THIS NEXT
19   TIME, AND IT WILL BE MORE CONCISE.  AND FOCUS THE COURT
20   BETTER ON WHAT'S REALLY AT ISSUE.
21              THANK YOU.
22              MS. CALKINS:  YOUR HONOR, MAY I JUST ADDRESS ONE
23   MORE THING?
24              THE COURT:  YES.
25              MS. CALKINS:  WE HAVE INTERROGATORIES ALSO THAT ARE
```

1  A PART OF THE MOTION TO COMPEL.  THEY -- PLAINTIFF REFUSED TO

2  ANSWER 24 OF OUR 18 INTERROGATORIES --

3             THE COURT:  24 OF YOUR 18?

4             MS. CALKINS:  EXCUSE ME.  18 OF OUR 24.

5             THE COURT:  OKAY.

6             MS. CALKINS:  AND THE REMAINING SIX CONTAINED

7  RESPONSES THAT IN OUR VIEW ARE EXTREMELY DEFICIENT.

8             MAY WE PROCEED WITH THAT PORTION OF THE --

9             THE COURT:  YOU CAN FILE A SEPARATE MOTION ON THAT.

10            I WANT YOU TO MAKE THIS -- THIS IS AN UNMANAGEABLE

11 PACKAGE FOR ME OF THIS LENGTH OF THINGS GROUPED IN THESE VERY

12 BROAD, UNHELPFUL CATEGORIES.  I'M NOT TRYING TO BE UNKIND,

13 BUT THIS IS REALLY POOR IN TERMS OF PRESENTING IT TO THE

14 COURT.

15            <u>SO, PLEASE, IF YOU'RE NOT SATISFIED WITH THEIR</u>

16 <u>INTERROGATORY RESPONSES, FILE A MOTION.  BUT DO IT IN A</u>

17 <u>SENSIBLE WAY NEXT TIME.  OKAY?</u>

18            MS. CALKINS:  THANK YOU, YOUR HONOR.

19            THE COURT:  ALL RIGHT.  LET'S TALK ABOUT

20 PLAINTIFFS' MOTION.

21            MR. LEDAHL:  YOUR HONOR, I'M HAPPY TO PROCEED

22 CATEGORY BY CATEGORY IF THE COURT WOULD PREFER.  OR IF THERE

23 ARE PARTICULAR AREAS YOU'D LIKE ME TO FOCUS ON, I'M HAPPY TO

24 DO THAT AS WELL.

25            I THINK BASICALLY ONE OF OUR PRIMARY CONCERNS, AS

```
 1    MOST OF WHAT THEY'RE SEEKING IN THIS MOTION FRANKLY.  AND HE
 2    NEVER RESPONDED AT ALL.
 3           WHEN WE'RE ON THE PHONE SEVERAL WEEKS LATER, I
 4    REMINDED HIM THAT WE WERE WAITING FOR A RESPONSE, AND THAT WE
 5    WEREN'T GOING TO GO THROUGH AND REVIEW EMAIL COMMUNICATIONS,
 6    A VERY LARGE BODY OF EMAIL COMMUNICATIONS MULTIPLE TIMES SO I
 7    WANTED TO MAKE SURE WE HAD COME TO REASONABLE COMPROMISES.
 8    AND HE SAID HE UNDERSTOOD THAT WE WERE WAITING FOR A
 9    RESPONSE.
10           BUT WE NEVER GOT A RESPONSE.  INSTEAD, THEY FILED
11    THEIR MOTION TO COMPEL I THINK THE DAY AFTER THEY DID THEIR
12    MASSIVE DOCUMENT PRODUCTION.  SO, THERE'S BEEN NO EFFORT TO
13    DELAY HERE.  WE'VE BEEN TRYING -- WE TRIED TO BE VERY
14    REASONABLE ON THESE --
15           THE COURT:  WELL, THE ONLY THING I WOULD SAY IS I
16    THINK THAT SOME OF WHAT YOU AGREE TO DO IN YOUR LETTER YOU
17    SHOULD HAVE DONE FROM THE VERY BEGINNING.  AND I DON'T KNOW
18    WHY YOU'RE STILL WAITING TO DO THAT.  I MEAN, THAT'S MY TAKE
19    ON IT.
20           I KNOW YOU TRIED TO WORK THINGS OUT.  YOU DON'T
21    WANT TO DO THING MULTIPLE TIMES.  I UNDERSTAND THOSE
22    CONCERNS.  BUT SOME OF THIS MATERIAL IS VERY PLAINLY
23    RELEVANT.
24           WHAT ABOUT THE VIDEOS?
25           MS. GOLINVEAUX:  WELL, YOUR HONOR, WITH THE VIDEOS
```

```
 1
 2                    C E R T I F I C A T E
 3
 4        I CERTIFY THAT THE FOREGOING IS A CORRECT
 5   TRANSCRIPT FROM THE ELECTRONIC SOUND RECORDING OF THE
 6   PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.
 7
 8
 9   DOROTHY BABYKIN                          AUGUST 29, 2008
10   _____         _____
11   FEDERALLY CERTIFIED TRANSCRIBER          DATED
12   DOROTHY BABYKIN
13
14
15
16
17
18
19
20
21
22
23
24
25
```