UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

CIVIL MINUTES--GENERAL

Case No.   CV 07-5744 AHM (AJWx)                Date: November 26, 2008

Title: UMG RECORDINGS, INC., et al. v. VEOH NETWORKS, INC., et al.
================================================================
PRESENT:     **HON.  ANDREW J. WISTRICH, MAGISTRATE JUDGE**

          Ysela Benavides
          Deputy Clerk                            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:          ATTORNEYS PRESENT FOR DEFENDANTS:
     None Present                                    None Present

**ORDER REGARDING VEOH'S EX PARTE APPLICATION FOR AN ORDER COMPELLING UMG TO COMPLY WITH PRIOR ORDER REQUIRING SUPPLEMENTAL RESPONSES AND PRODUCTION**

The ex parte application is **granted** in part and **denied** in part. To the extent that the ex parte application is denied, the denial is without prejudice to its renewal on the basis of a more adequate record.

Veoh may serve UMG with a letter identifying any requests for production which were the subject of Veoh's motion to compel (the one which was denied during the August 25, 2008 hearing) and as to which Veoh contends UMG's production remains incomplete. As to those requests for production, UMG must comply with paragraph 2 of the August 25, 2008 order within 11 days of service of Veoh's letter.

As to the remainder of the ex parte application, Veoh appears to be attempting to stretch the statements made by the court during the August 25, 2008 hearing a bit too far.  What the court wanted to discourage was the re-litigation by UMG of issues it had previously contested and lost in the Grouper case or the Myspace case (such as by arguing in this case that the profitability or value of allegedly infringed works is irrelevant if UMG seeks only statutory damages - an argument rejected in the March 17, 2008 order in the Myspace case), not the litigation of issues resolved by negotiation (even if they later were embodied in a stipulated order, such as the November 8, 2007 order).  On the present record, UMG does not appear to be doing what the court sought to discourage.[1]  If it is,

---

[1] For example, it appears that UMG has produced documents regarding its revenues and the profitability of the allegedly infringed works to the extent that it is able to. [See UMG's Opposition at 6].  It does not appear that UMG is relying on the argument previously rejected by the court in the March 17, 2008 order in the Myspace case, namely, that such material is irrelevant

then Veoh is going to have to make that more clear than it has in this ex parte application.

Of course, the court would prefer that UMG simply produce every type of document which it produced in the Myspace or Grouper cases that would be relevant to this case, regardless of whether it was ordered to do so or merely agreed to do so. UMG, however, is only prohibited from litigating in this case issues that were both contested and decided adversely to UMG in the Myspace case or the Grouper case. Naturally, to the extent that there is evidence of an agreement by UMG to produce particular types of documents in the Myspace case or the Grouper case, the court is likely to be heavily influenced by it in this case because that agreement probably reflects a reasonable compromise of the disputed issue that even UMG found acceptable in the past.

**IT IS SO ORDERED.**

cc:  Parties

MINUTES FORM 11                                   Initials of Deputy Clerk_____
CIVIL-GEN

---

because UMG is seeking only statutory damages.
    Similarly, although UMG's production of documents related to so-called "viral marketing" may or may not be complete, it does not appear from the present record that UMG is withholding such documents based on the contention that its viral marketing, if any, is irrelevant. [See UMG's Opposition at 5 n.1].

2