Rebecca Lawlor Calkins (SBN: 195593)
Email: rcalkins@winston.com
Erin R. Ranahan (SBN: 235286)
Email: eranahan@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Jennifer A. Golinveaux (SBN 203056)
Email: jgolinveaux@winston.com
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA 94111
Tel: (415) 591-1506/Fax: (415) 591-1400

Michael S. Elkin (*pro hac vice*)
Email: melkin@winston.com
Thomas Lane (*pro hac vice*)
Email: tlane@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166
Tel: (212) 294-6700/Fax: (212) 294-4700

Attorneys for Defendant,
VEOH NETWORKS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UMG RECORDINGS, INC., a Delaware Corporation, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>VEOH NETWORKS, INC., a California Corporation, et al.,<br><br>Defendants. | **Case No. CV 07 5744 -- AHM (AJWx)**<br><br>**DECLARATION OF REBECCA LAWLOR CALKINS IN SUPPORT OF VEOH'S REPLY IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Date: December 21, 2009<br>Time: 10:00 a.m.<br><br>Judgment Entered: November 3, 2009 |

LA:261596.2

## DECLARATION OF REBECCA LAWLOR CALKINS

I, Rebecca Lawlor Calkins, declare as follows:

1. I am an attorney at the law firm of Winston & Strawn LLP, attorneys for Defendant Veoh Networks, Inc. ("Veoh") in this matter. I am licensed to practice before the Courts of the State of California and this United States District Court. I have personal knowledge of the matters set forth herein, and if called as a witness, could and would competently testify thereto.

2. Attached hereto as **Exhibit 1** is a true and correct copy of the invoices issued to Veoh in connection with costs and fees incurred in this action, that match precisely the costs and fees listed on Paragraph 19 of the previously filed Declaration of Erin R. Ranahan, filed under seal in support of Veoh's motion for fees and costs on or about November 18, 2009, at Dkt. No. 592.

3. UMG implies that the Court granted all of its discovery requests, though numerous requests and significant portions of each its motions were denied. For example:

   a) The Court DENIED UMG's *ex parte* application for protective order to prevent Veoh from taking depositions, stating that "Veoh may take Geller's deposition. . .," and noting that the authority cited by UMG in support of its ex parte application was "not endorsed" by the Ninth Circuit[1] (11/4/08 Order (Dkt. No. 201).) Attached hereto as **Exhibit 2** is a true and correct copy of that Order;

   b) The Court DENIED several of UMG's requests in its first motion to compel, including requests from Categories V, VII (which the Court found were "overly broad"), XIV, XVIII and XIV (11/21/08 Order, (Dkt. No. 220).) Attached hereto as **Exhibit 3** is a true and correct copy of that Order;

   c) The Court DENIED UMG's motion to compel with respect to UMG's attempts to extend Veoh's search obligations to include the words

LA:261596.2

2

DECL. OF REBECC LAWLOR CALKINS ISO VEOH'S MOTION FOR ATTORNEYS' FEES
CASE NO. 07 5744 – AHM (AJWx)

"music" and "YouTube," finding such terms were "too broad" (12/12/08 Order (Dkt. No. 289).) Attached hereto as **Exhibit 4** is a true and correct copy of that Order;

    d) The Court DENIED UMG's motion to compel license agreements and Skype files as moot, because Veoh's production was complete (4/6/09 Order (Dkt. No. 401).) Attached hereto as **Exhibit 5** is a true and correct copy of that Order;

    e) The Court DENIED UMG's motion to compel audible magic metadata, because UMG's counsel conceded at the hearing that such production was complete (4/6/09 Order (Dkt. No. 400).) Attached hereto as **Exhibit 6** is a true and correct copy of that Order;

    f) UMG also sought sanctions against Veoh multiple times, and each time, sanctions were denied. *See e.g.*, 4/6/09 Orders (Dkt. Nos. 400 and 401), See above Exhibits 5 and 6.

4. Attached hereto as **Exhibit 7** are relevant portions of the September 8, 2009 hearing on Veoh's motion for summary judgment, wherein the Court specifically stated:

> THE COURT: . . . I think what the parties ought to do is in fairness to their respective clients, see if they can negotiate some kind of agreed-to statement about any remaining claim for injunctive relief because I don't see there being a trial on direct infringement claims . . .
>
> \* \* \*
>
> THE COURT: . . . there is another way of looking at it and that is to have some kind of kiss and make up kind of consent decree saying Veoh will continue to engage in appropriate efforts using the available means that it has described in its papers to the Court to assure that infringing materials were removed and you got your injunction.

9/8/09 Trans. 41:19-21; 43:3-9.

* * *

THE COURT: Well, you know, it's kind of amusing to me that you are stressing what they didn't deal with extensively when you didn't deal with the IO case at all.

MR. MARENBERG: Well, I think the IO case is actually a decent case for me.

THE COURT: Why didn't you even cite it?

MR. MARENBERG: Well, because I don't like the result and I don't think the analysis on many issues was sound.

9/8/09 Trans. 12:9-16.

5. Attached hereto as **Exhibit 8** is a true and correct copy of the relevant portion of the transcript in the *DivX* action in which Judge Matz ordered UMG to identify all allegedly infringing works it was currently aware of within 28 days, and identify any remaining allegedly infringing works discovered within 119 days. At the same time, Judge Matz ordered UMG to produce corresponding rights information about these same works in accordance with the same schedule. Judge Matz set these deadlines in the DivX Action to "avoid avoidable" discovery disputes and "especially avoid motion practice before the Magistrate Judge." 8/25/08 Trans. 6:14-8:9.

6. Attached hereto as **Exhibit 9** is a true and correct copy of the relevant portions of UMG's objections responses to Interrogatories, that were provided to Veoh by UMG on April 9, 2009, months before the discovery hearing seeking to compel responses. Interrogatories Nos. 1 and 2 request, respectively, that UMG "[i]dentify all copyrights owned by, or exclusively licensed to, you that you claim Veoh has infringed, and for each, specify whether Veoh's alleged infringement was direct, contributory, or vicarious" and "[f]or each infringement for which you claim Veoh bears contributory or vicarious liability, identify the direct infringement from which the contributory or vicarious liability arises."

7. On December 1, 2008, more than a year into this case, UMG finally identified its first batch of 1,591 allegedly infringing video files. UMG's list was a moving target, however, as UMG continued to amend the list after the initial discovery cut-off in 5/09, and after that, indicated that it still needed more time.

8. With respect to UMG's chain of title production, in March 2009, the Court entered its Order granting, in part, Veoh's renewed motion to compel UMG to produce chain of title/rights information re allegedly infringing works. Attached hereto as **Exhibit 10** is a true and correct copy of this Order. (Dkt. No. 321). Shortly thereafter, UMG voluntarily withdrew a total of forty works.

9. Attached hereto as **Exhibit 11** is a true and correct copy of the relevant portions of the June 3, 2009 hearing (Dkt. No. 500). As Magistrate Judge Wistrich acknowledged at the 6/3/09 hearing, it appeared that the exercise of searching for the chain of title documents had uncovered mistakes:

> One thing that did occur to me is that going through this process of production seems to have had a disciplining effect and a hard look was taken and some mistakes were eliminated.

6/3/09 Trans. p. 30:1-4 (Dkt. No. 500).

At the same hearing, Magistrate Judge Wistrich suggested that there was no viable way for Veoh to rebut the rebuttable presumption of ownership without the chain of title documents. *Id.* at p. 35:19-24. The parties ultimately entered a stipulation to defer ownership issues until trial. Attached hereto as **Exhibit 12** is a true and correct copy of this stipulation.

10. Attached hereto as **Exhibit 13** is a true and correct copy of an Order in which Judge Matz denied a motion for reconsideration of similar *DivX* Order by Magistrate Judge Wistrich.

11. Attached hereto as **Exhibit 14** is a true and correct copy of an Order in which the Court vacated Veoh's first motion for summary judgment re entitlement to

1  Section 512(c) safe harbor, ordering the parties to complete discovery before filing
2  additional summary judgment motions.  4/29/09 Order (Dkt. No. 431).

3      12.     Attached hereto as **Exhibit 15** is a true and correct copy of the 11/18/08
4  Order that states "[t]he Court expresses no view as to whether Veoh had an obligation
5  to retain and produce the additional metadata fields prior to the date of this Order."
6  (Dkt. No. 217).

7      13.     Attached hereto as **Exhibit 16** is a true and correct copy of the relevant
8  portions of the 8/25/09 hearing transcript in which the Court said it would make sense
9  for Veoh to complete review of UMG's 1.4 million page production to see if any of
10 the issues were resolved before seeking relief from the Court.  Judge Wistrich
11 acknowledged that he "agreed" with Veoh that he did "not really like the way [UMG]
12 framed [their responses] because it seems to exclude the possibility of, for example,
13 talking to people and asking them where relevant documents might be found.  So I'd
14 rather they phrase that differently.").  Trans. p. 11:11-15.

15     14.     Attached hereto as **Exhibit 17** is a true and correct copy of the 8/25/08
16 Hearing (Dkt. 107) at 10:13-11:15.  During the 8/25/08 hearing, the Court also
17 ordered UMG to "go ahead and do what I ordered you to do previously" in the
18 *MySpace* and *Grouper* actions.  UMG refused to adhere to this Order, forcing Veoh to
19 seek additional relief from the Court, which was granted in part.  11/26/08 Order (Dkt.
20 No. 237).  Moreover, the Court's Order purportedly denying Veoh's motion required
21 both parties to complete their "core production" by 9/30/08, and stated that "as to
22 [UMG], the documents produced should include the types of documents which the
23 Court previously ordered UMG to produce in *UMG v. Grouper* and *UMG v.*
24 *MySpace*."  8/25/09 Order (Dkt. No. 144).

25     15.     Attached hereto as **Exhibit 18** is a true and correct copy of the 11/26/08
26 Order, Dkt. No. 237.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

16. UMG also attempts to suggest that Veoh's additional discovery efforts were wasted and unnecessary, when in fact, Veoh prevailed on numerous critical discovery motions and applications, including:

    a) The Court GRANTED Veoh's renewed motion to compel UMG to identify works at issue and to supplement certain interrogatory responses (12/17/08 Order (Dkt. No. 285).) Attached hereto as **Exhibit 19** is a true and correct copy of this Order;

    b) The Court GRANTED Veoh's motion to compel the addition of certain custodians and organizational charts (12/29/08 Order (Dkt. No. 290).) Attached hereto as **Exhibit 20** is a true and correct copy of this Order;

    c) The Court GRANTED, after multiple rounds of briefing, Veoh's motion to compel UMG to produce chain of title/rights information regarding allegedly infringed works (2/2/09 Order (Dkt. No. 299); 2/11/09 Order (Dkt. No. 304); which required UMG to ultimately produce a 20% sample chain of title documents (Dkt. No. 321) Attached hereto as **Exhibit 21** are a true and correct copies of these Orders;

    d) The Court GRANTED Veoh's motion to compel verified interrogatory responses to interrogatory nos. 4, 12, 14, 15, 16, 17, 20, 21 and 23 (3/31/09 Order (Dkt. No. 379).) Attached hereto as **Exhibit 22** is a true and correct copy of this Order;

    e) The Court GRANTED Veoh's motion to compel production of instant messages (4/4/09 Order (Dkt.No. 399).) Attached hereto as **Exhibit 23** is a true and correct copy of this Order;

    f) The Court GRANTED Veoh's motion to compel production of documents relating to financial information and damages (4/10/09 Order (Dkt. No. 411).) Attached hereto as **Exhibit 24** is a true and correct copy of this Order.

17. In connection with this action, Veoh collected emails, files and any instant messages of twenty-two custodians. Veoh reviewed and analyzed more than three million documents in preparation for production. Veoh also searched for and produced discovery from additional sources uncovered through Veoh's focused investigations. Certain of these items were produced in native form, and contained substantial volumes of responsive information that is not captured with traditional bates number counts. Similarly, Veoh provided access to metadata of hundreds of thousands of cancelled video files. We also reviewed and analyzed documents of third parties, which was an extension of Veoh's factual investigation to prepare Veoh's defense. This included productions from Tornante, Shelter, Time Warner, Audible Magic, Firefly 3, Jonathan Dolgen, Spark, Advertising.com (AOL), Audible Magic, Casale Media, Dan Klores Communications, Goldman Sachs, Limelight Networks, RIAA, and Time Warner.

//
//
//
//
//
//
//
//
//
//
//
//
//

18. I declare under penalty of perjury under the laws of the United States of America, the foregoing is true and correct. Executed on December 14, 2009, in Los Angeles, California.

          /s/ Rebecca Lawlor Calkins

          Rebecca Lawlor Calkins