# EXHIBIT 12

EXHIBIT 12  PAGE 818



Rebecca Calkins (SBN: 195593)
Erin Ranahan (SBN: 235286)
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone:   213-615-1700
Facsimile:    213-615-1750
Email:  rcalkins@winston.com

Jennifer A. Golinveaux  (SBN 203056)
**WINSTON & STRAWN LLP**
101 California Street
San Francisco, CA  94111
(415) 591-1506 (Telephone)
(415) 591-1400 (Facsimile)
Email:  jgolinveaux@winston.com

Michael S. Elkin  (*admitted pro hac vice*)
Thomas P. Lane  (*admitted pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York  10166
(212) 294-6700 (Telephone)
(212) 294-4700 (Facsimile)
Email: melkin@winston.com
Email: tlane@winston.com

Attorneys for Defendant
VEOH NETWORKS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

|  |  |
|---|---|
| UMG RECORDINGS, INC., *et al.*, | Case No. CV 07 5744 – AHM (AJWx) |
| Plaintiffs, | |
| vs. | **JOINT STIPULATION AND PROPOSAL RE VEOH'S MOTION TO COMPEL CHAIN OF TITLE DOCUMENTS** |
| VEOH NETWORKS, INC. a California Corporation, *et al.*, | |
| Defendants. | |

*Winston & Strawn LLP*
*101 California Street*
*San Francisco, CA 94111-5894*

## **STIPULATION**

The parties to the above entitled action, by and through their respective counsel of record, hereby stipulate as follows:

WHEREAS this Court entered an Order on March 5, 2009 Re: Veoh's Renewed Motion to Compel Plaintiffs (collectively "UMG") to Produce Chain of Title/Rights Information Re Same (Dkt. No. 321) ("March 5, 2009 Order") requiring UMG to produce a 20% sample of chain of title documents;

WHEREAS Veoh filed its Motion to Compel UMG to Produce Chain of Title Documents for the Remaining 80% of Identified Copyrights Based on Defects Admitted by UMG ("Motion") on May 4, 2009 (Dkt. No. 432);

WHEREAS the Court held a hearing regarding Veoh's Motion on June 3, 2009, during which the parties agreed to further discuss the most efficient means by which to resolve the chain of title production and review given the current case schedule, and indicated that the parties would report back to the Court on the progress of those discussions;

WHEREAS on July 6, 2009 UMG filed a motion *in limine* seeking to exclude evidence or argument by Veoh of any alleged defects in UMG's chain of title or any invalidity of any of UMG's alleged copyrights other than those previously identified by Veoh. (Dkt. No. 508);

WHEREAS the Court held a further hearing regarding Veoh's Motion on July 20, 2009 to consider proposed stipulations filed by both sides on July 13, 2009 (Dkt. No. 522), and at that hearing directed the parties to file a further joint stipulation with the Court by July 27, 2009;

NOW, THEREFORE, the parties to the above entitled action, by and through their respective counsel of record, hereby stipulate as follows:

The parties propose the following approach to further resolution of the issues surrounding the presentation of evidence relating to issues of copyright ownership, and challenges to ownership, in the trial of this matter.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1

The parties agree that the initial trial in this matter, set to begin on August 18, 2009, will address issues of liability and the appropriate measure of statutory damages to be imposed for each infringed work, if any.

In the event that the first trial results in a finding of liability and damages, the parties agree that a subsequent proceeding would be scheduled, devoted to resolving any issues relating to UMG's rights to the works Veoh has been found to infringe at trial, and that no final judgment shall be entered until completion of such hearing.

The parties will not litigate issues of UMG's rights to any of the copyrights at issue during the initial trial of this matter, except that Veoh seeks to reserve a right to challenge the inclusion of any work as set forth in the final paragraph of this stipulation.

Within thirty (30) days after a verdict in favor of UMG (if any), the parties will submit a joint proposal setting forth a proposed procedure for addressing any issues regarding UMG's rights to any particular copyright in issue, including whether the issue is to be addressed to the Court or to a special master appointed for such purpose.

The parties' joint proposal shall also set forth their proposal(s) for addressing any issues of discovery relating to ownership rights in the works at suit. To the extent the parties cannot agree on the scope of ownership discovery to be provided by UMG in preparation for that procedure, this Court will rule on Veoh's Motion to the extent it has not already.

This stipulation is without prejudice to Veoh challenging in the initial phase of trial, any attempt by UMG to seek separate statutory damages awards in respect of individual sound recording copyrighted works that Veoh contends were published originally as a compilation. In addition nothing in this stipulation alters the ultimate burden of proof with respect to UMG's rights in valid copyrights.

The parties continue to disagree regarding certain issues relating to the matters set forth above. In particular, the parties disagree as to the nature and timing or presentation of evidence regarding UMG's rights in the asserted copyrights. Veoh

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

2

1  contends that UMG must come forward (in connection with the initial trial of this

2  matter set for August 18, 2009) with certificates of U.S. copyright registration for each

3  allegedly infringed work, and documentation sufficient to establish that one of the

4  plaintiffs to this action owns the copyright registration and to make a prima facie

5  showing of ownership of each alleged work.  Veoh also contends that it should be

6  entitled to challenge the inclusion of any work in the initial trial for which UMG

7  cannot make this showing.  The parties also disagree about the requirements for

8  pursuit of an action for infringement of copyright.  Veoh contends that UMG must

9  establish ownership of each copyright as defined in the Copyright Act.  UMG

10  contends that the Copyright Act permits UMG to assert infringement of copyrighted

11  works as to which UMG controls the relevant rights, including without limitation via

12  an exclusive right to distribute or an exclusive license.  UMG contends that the

13  procedure Veoh proposes is unnecessary and inconsistent with the division of

14  proceedings.  UMG contends that it has already produced copyright registration

15  information for the asserted copyrights in the form of either a copy of the Certificate

16  of Registration issued by the Copyright Office, or a printout of the data regarding the

17  registration from the internet website made available by the Copyright Office (with

18  the exception of materials associated with a small number of copyrights as to which

19  the relevant registrations remain pending before the Copyright Office).  UMG further

20  contends that presentation of registration information in the initial phase of

21  proceedings is unnecessary and results in wasteful duplication.  UMG continues to re-

22  review its identification of infringements in advance of the trial of this matter, and is

23  willing to provide a representation in advance of a trial in this matter, on information

24  and belief, solely for the purposes of the initial phase of trial of this matter, that it

25  owns or controls sufficient rights in each of the asserted copyrights, including without

26  limitation through an exclusive right to distribute or an exclusive license, to assert a

27  claim for damages in this action in connection with the infringement of such

28  copyrights.  These areas of disagreement remain for Judge Matz to resolve in advance

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

3

1  of a trial in this matter.

2

3       IT IS SO STIPULATED.

4

Dated: July 27, 2009                    **WINSTON & STRAWN LLP**

5

6

7  By /s/ Erin R. Ranahan_____
     Michael S. Elkin

8       Thomas P. Lane
     Jennifer A. Golinveaux

9       Rebecca Calkins
     Erin R. Ranahan

10       Attorneys for Defendant
     VEOH NETWORKS, INC.

11  Dated: July 27, 2009                    **IRELL & MANELLA LLP**

12

13  By /s/ Brian Ledahl_____
     Brian Ledahl

14       Attorney for Plaintiffs
     UMG RECORDINGS, INC.,

15       UNIVERSAL MUSIC CORP., SONGS OF
     UNIVERSAL, INC.; UNIVERSAL-

16       POLYGRAM INTERNATIONAL
     PUBLISHING, INC.; RONDOR MUSIC

17       INTERNATIONAL, INC.; UNIVERSAL
     MUSIC – MGB NA LLC; UNIVERSAL

18       MUSIC – Z TUNES LLC; and
     UNIVERSAL – MBG MUSIC

19       PUBLISHING LTD.

20

21

22

23  SF:257340NY:1248771.1

24

25

26

27

28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

4

# EXHIBIT 13

EXHIBIT 13  PAGE 824

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| Case No. | CV 07-06835 AHM (AJWx) | Date | March 13, 2009 |
|---|---|---|---|
| Title | UMG RECORDINGS, INC., et al. v. DIVX, INC. et al | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:                Attorneys Present for Defendants:

**Proceedings:**          (In Chambers)–No Proceedings Held

Plaintiffs and Defendant have filed separate motions to review discovery-related orders by Magistrate Judge Wistrich.  For the reasons stated below, the Court DENIES both motions.

Plaintiffs challenge two rulings by Magistrate Judge Wistrich.  The first order, filed on February 3, 2009, requires in relevant part that Plaintiffs produce:

C.    Documents sufficient to show all royalties or other revenue for the works-in-suit, including any licenses or other agreements that encompass one or more of the works-in-suit and any royalty reports, summaries or compilations of royalties for the works-in-suit; and

D.    All written licenses, agreements or other documents concerning the right to use, publicly display, or otherwise exploit online any of the works-in-suit, whether for compensation or for free . . . .

Morris Decl. Exs. M, N.  Magistrate Judge Wistrich's second order, filed on February 11, 2009, requires that Plaintiffs produce chain of title documents, copyright registrations and renewals, and correspondence pertaining to copyright registration and ownership, for up to 20% of the "works-in-suit" identified by Plaintiffs.  Morris Decl. Ex. O.

Defendant challenges Judge Wistrich's February 3, 2009 order requiring Defendant to pay 50% of the cost of the Audible Magic analysis of music files on Defendant's database.  *See* Rees Decl. Ex. A.

EXHIBIT 13  PAGE 825

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Case No. | CV 07-06835 AHM (AJWx) | Date | March 13, 2009 |
|---|---|---|---|
| Title | UMG RECORDINGS, INC., et al. v. DIVX, INC. et al | | |

      In reviewing a nondispositive ruling by a magistrate judge, the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).  An order is "clearly erroneous" if "the district court is left with the definite and firm conviction that a mistake has been made." *Computer Econs. v. Gartner Group, Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999) (citing *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)).

      None of the Magistrate Judge's orders challenged by the parties' motions is "clearly erroneous or is contrary to law."  As to the discovery orders challenged by Plaintiffs, it is not clearly erroneous or unlawful to conclude that the financial and chain-of-title documents sought by Defendant are necessary for it to mount a defense to the lawsuit.  As to the order imposing half the costs of hiring Audible Magic on Defendant, it is not clearly erroneous or unlawful to conclude that Defendant, the producing party, should share the costs of  narrowing the universe of files relevant to this suit.  Those costs are not unduly burdensome.

      For these reasons the Court DENIES the motions to review the orders of the Magistrate Judge.[1]

      No hearing is necessary.  Fed. R. Civ. P. 78; L. R. 7-15.

:  _____

Initials of Preparer        SMO

---

[1] Docket Nos. 138, 144.

EXHIBIT 13  PAGE 826

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Case No. | CV 07-06835 AHM (AJWx) | Date | March 13, 2009 |
|---|---|---|---|
| Title | UMG RECORDINGS, INC., et al. v. DIVX, INC. et al | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

**Proceedings:**        (In Chambers)–No Proceedings Held

Plaintiffs and Defendant have filed separate motions to review discovery-related orders by Magistrate Judge Wistrich. For the reasons stated below, the Court DENIES both motions.

Plaintiffs challenge two rulings by Magistrate Judge Wistrich. The first order, filed on February 3, 2009, requires in relevant part that Plaintiffs produce:

> C.      Documents sufficient to show all royalties or other revenue for the works-in-suit, including any licenses or other agreements that encompass one or more of the works-in-suit and any royalty reports, summaries or compilations of royalties for the works-in-suit; and

> D.      All written licenses, agreements or other documents concerning the right to use, publicly display, or otherwise exploit online any of the works-in-suit, whether for compensation or for free . . . .

Morris Decl. Exs. M, N. Magistrate Judge Wistrich's second order, filed on February 11, 2009, requires that Plaintiffs produce chain of title documents, copyright registrations and renewals, and correspondence pertaining to copyright registration and ownership, for up to 20% of the "works-in-suit" identified by Plaintiffs. Morris Decl. Ex. O.

Defendant challenges Judge Wistrich's February 3, 2009 order requiring Defendant to pay 50% of the cost of the Audible Magic analysis of music files on Defendant's database. *See* Rees Decl. Ex. A.

EXHIBIT 13  PAGE 827

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| Case No. | CV 07-06835 AHM (AJWx) | Date | March 13, 2009 |
|---|---|---|---|
| Title | UMG RECORDINGS, INC., et al. v. DIVX, INC. et al | | |

In reviewing a nondispositive ruling by a magistrate judge, the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). An order is "clearly erroneous" if "the district court is left with the definite and firm conviction that a mistake has been made." *Computer Econs. v. Gartner Group, Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999) (citing *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)).

None of the Magistrate Judge's orders challenged by the parties' motions is "clearly erroneous or is contrary to law." As to the discovery orders challenged by Plaintiffs, it is not clearly erroneous or unlawful to conclude that the financial and chain-of-title documents sought by Defendant are necessary for it to mount a defense to the lawsuit. As to the order imposing half the costs of hiring Audible Magic on Defendant, it is not clearly erroneous or unlawful to conclude that Defendant, the producing party, should share the costs of narrowing the universe of files relevant to this suit. Those costs are not unduly burdensome.

For these reasons the Court DENIES the motions to review the orders of the Magistrate Judge.[1]

No hearing is necessary. Fed. R. Civ. P. 78; L. R. 7-15.

|  | : |
|---|---|
| Initials of Preparer | SMO |

---

[1] Docket Nos. 138, 144.

EXHIBIT 13  PAGE 828

CV-90 (06/04)                    CIVIL MINUTES - GENERAL                    Page 2 of 2

# EXHIBIT 14

EXHIBIT 14  PAGE 829

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 07-5744 AHM (AJWx) | Date | April 29, 2009 |
|---|---|---|---|

| Title | UMG RECORDINGS, INC., et al. v. VEOH NETWORKS INC., et al. |
|---|---|

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE |
|---|---|

| Stephen Montes | Not Reported | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:          Attorneys **NOT** Present for Defendants:

**Proceedings:**          IN CHAMBERS (No Proceedings Held)

When Veoh filed its motion for summary judgment on March 12, 2009, the then-existing pre-trial deadlines required parties to file dispositive motions by April 27, 2009. The non-expert discovery cut-off was April 13, 2009. (*See* Dec. 23, 2008 Order.) On March 30, 2009, UMG filed its opposition to the motion. Two days later Veoh produced additional documents that UMG believes are relevant to the motion for summary judgment, and on April 6, 2009 (the same day that Veoh filed its Reply brief), UMG filed an *ex parte* application to supplement the record in support of its opposition. Veoh opposes the application. On April 9, 2009, the Court took Veoh's summary judgment motion under submission. On April 21, 2009, the Court extended the pre-trial deadlines, making the non-expert discovery cut-off May 11, 2009, and the last day to file dispositive motions May 26, 2009. (*See* April 21, 2009 Order.) On April 22, 2009, UMG informed Veoh that it was amending its response to one of Veoh's interrogatories and removing a number of music videos from its list of allegedly infringing files on Veoh's system. On April 24, 2009, Veoh thereupon filed an *ex parte* application for leave to supplement its March 30, 2009 motion for summary judgment. UMG opposes the application.

Given that discovery is still ongoing,[1] and that it makes no sense for the parties to

---

[1] On April 28, 2009, Veoh filed a "Certification re Complete Production" per the April 6, 2009 order of Magistrate Judge Wistrich, stating that "Veoh hereby certifies that its production is complete." However, it goes on, "Veoh is aware of its continuing discovery obligations, and to the extent Veoh discovers additional responsive documents, it will promptly produce any such documents."          EXHIBIT 14  PAGE 830

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-5744 AHM (AJWx) | Date | April 29, 2009 |
|---|---|---|---|
| Title | UMG RECORDINGS, INC., et al. v. VEOH NETWORKS INC., et al. | | |

repeatedly bombard the Court with *ex parte* applications based upon newly discovered evidence, the Court hereby VACATES Veoh's motion for summary judgment,[2] and DENIES the pending *ex parte* applications.[3]  The parties are not to file any further summary judgment motions until the close of non-expert discovery.  Once non-expert discovery has ended, any party may file a motion or a renewed motion for summary judgment.  If a motion refers to exhibits that were previously filed, the exhibits need not be filed anew.

|  | : |  |
|---|---|---|
| Initials of Preparer | | SMO |

---

[2] Docket No. 336.

[3] Docket Nos. 412, 425.

EXHIBIT 14  PAGE 831

# EXHIBIT 15

EXHIBIT 15  PAGE 832

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

**CIVIL MINUTES--GENERAL**

Case No.  CV 07-5744 AHM (AJWx)              Date: November 18, 2008

Title: <u>UMG RECORDINGS, INC., et al. v. VEOH NETWORKS, INC., et al.</u>
=================================================================
PRESENT:    **HON.  ANDREW J. WISTRICH, MAGISTRATE JUDGE**

        Ysela Benavides                  _____
        Deputy Clerk                        Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:     ATTORNEYS PRESENT FOR DEFENDANTS:
        None Present                             None Present

**ORDER REGARDING UMG'S EX PARTE APPLICATION FOR ORDER REQUIRING VEOH TO RETAIN EVIDENCE**

The court has considered UMG's ex parte application and Veoh's opposition thereto.  The ex parte application is **granted**.

Information - such as the metadata fields sought by UMG in this case - is not necessarily immunized from discovery merely because it is transitorily stored in RAM.  <u>See</u> <u>California Pictures, Inc. v. Bunnell</u>, 245 F.R.D. 443, 446-448 (C.D. Cal. 2007).  The additional metadata fields sought by UMG are relevant for purposes of Fed. R. Civ. P. 26(b)(1), and since Veoh is already selectively retaining and producing some of the metadata fields, requiring Veoh to retain and produce the additional metadata fields as well would not impose an undue burden.

The obligation to retain and produce the additional metadata fields begins immediately and ends with the dismissal or entry of final judgment in this case unless the court subsequently orders otherwise.

The court expresses no view as to whether Veoh had an obligation to retain and produce the additional metadata fields prior to the date of this order.

**IT IS SO ORDERED.**

cc:  Parties

MINUTES FORM 11                        Initials of Deputy Clerk_____
CIVIL-GEN

EXHIBIT 15  PAGE 833

# EXHIBIT 16

EXHIBIT 16  PAGE 834

1

2                    UNITED STATES DISTRICT COURT

3                    CENTRAL DISTRICT OF CALIFORNIA
                          WESTERN DIVISION

4


5
    UMG RECORDINGS, INC., ET AL., )
6                                 )
            PLAINTIFFS,           )
7                                 )
            VS.                   )  CASE CV 07-5744-AHM(AJWX)
8                                 )
                                  )
9   VEOH NETWORKS, INC., ET AL.,  )  LOS ANGELES, CALIFORNIA
                                  )  AUGUST 25, 2008
10                                )  (10:07 A.M. TO 11:17 A.M.)
            DEFENDANTS.           )
11  _____ )

12                            HEARING
             BEFORE THE HONORABLE ANDREW J. WISTRICH
13                UNITED STATES MAGISTRATE JUDGE

14


15


16
    APPEARANCES:              SEE NEXT PAGE
17
    COURT REPORTER:           RECORDED; COURT SMART
18
    COURTROOM DEPUTY:         YSELA BENAVIDES
19
    TRANSCRIBER:              DOROTHY BABYKIN
20                            COURTHOUSE SERVICES
                              1218 VALEBROOK PLACE
21                            GLENDORA, CALIFORNIA  91740
                              (626) 963-0566
22


23


24
    PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING;
25  TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.

EXHIBIT 16  PAGE 835

1    SEEK RELIEF.

2            DOESN'T THAT MAKE SENSE?

3            MS. CALKINS:  THERE ARE CERTAIN ISSUES THAT STAND

4    INDEPENDENT FROM THE DOCUMENT PRODUCTION.  FOR EXAMPLE, IN

5    PLAINTIFF'S WRITTEN RESPONSES THEY HAVE MADE NO SECRET OF THE

6    FACT THAT THEY WILL NOT SEARCH ALL EMPLOYEES' FILES FOR

7    DOCUMENTS.  AND THEY WILL NOT DO A COMPREHENSIVE SEARCH.

8            THE FEDERAL RULES CONTEMPLATE THAT A DILIGENT

9    SEARCH OCCUR.  THEIR WRITTEN RESPONSES SPECIFICALLY DO NOT

10   AGREE TO DO THAT.  INSTEAD, THEY AGREE --

11           THE COURT:  OKAY.  I AGREE WITH YOU THAT I DON'T

12   REALLY LIKE THE WAY THAT THEY FRAMED IT BECAUSE IT SEEMS TO

13   EXCLUDE THE POSSIBILITY OF, FOR EXAMPLE, TALKING TO PEOPLE

14   AND ASKING THEM WHERE RELEVANT DOCUMENTS MIGHT BE FOUND.  SO,

15   I'D RATHER THEY PHRASE THAT DIFFERENTLY.

16           BUT THEY DON'T REALLY HAVE TO LOOK AT EVERY PIECE

17   OF PAPER IN THE COMPANY, DO THEY?  THEY DON'T HAVE TO TALK TO

18   EVERY SINGLE EMPLOYEE IN THE SHIPPING DEPARTMENT OR WHATEVER,

19   DO THEY?

20           MS. CALKINS:  I AGREE WITH YOUR HONOR ON THAT.  SO,

21   THAT'S WHY IN THE RESPONSES THEY AGREED TO PRODUCE CERTAIN

22   DOCUMENTS FROM CERTAIN EMPLOYEES WHO THEY WILL IDENTIFY USING

23   CERTAIN SEARCH TERMS THAT THEY WILL IDENTIFY.

24           BUT WHEN WE HAD OUR MEET AND CONFER, MR. LEDAHL AT

25   THE END OF THE SECOND DAY AGREED TO PRODUCE SUCH A LIST.  A

EXHIBIT 16  PAGE 836

# EXHIBIT 17

EXHIBIT 17  PAGE 837

1              WHO WOULD LIKE TO GO TO THE LECTERN?

2              MS. CALKINS:  GOOD MORNING, YOUR HONOR.

3              THE COURT:  GOOD MORNING.

4              SO, AS I READ THROUGH THIS OVER THE WEEKEND I

5    BECAME A LITTLE CONFUSED.  THERE WAS ONE PLACE WHERE I THINK

6    YOU SAID NOT ONE DOCUMENT HAS BEEN PRODUCED.  ANOTHER PLACE

7    WHERE YOU SAID 1.4 MILLION PAGES HAVE BEEN PRODUCED.  AND WE

8    HAVEN'T EVEN BEEN ABLE TO LOOK AT THEM.

9              WHAT'S THE CORRECT --

10             MS. CALKINS:  YES, YOUR HONOR.

11             I ADDRESSED THAT IN A FOOTNOTE IN THE RESPONSIVE --

12   OR IN THE REPLY BRIEF.

13             THE MOTION WAS WELL UNDERWAY BECAUSE WE HAD REACHED

14   SUCH AN IMPASSE WITH PLAINTIFFS ON THE DISCOVERY ISSUES.  AND

15   THEY PRODUCED 1.4 MILLION PAGES OF DOCUMENTS A FEW DAYS

16   BEFORE WE FILED THIS MOTION.  AND THAT'S JUST A SENTENCE THAT

17   WAS LEFT OVER.  AND I APOLOGIZE.

18             THE COURT:  ALL RIGHT.  WELL, NOW YOU'VE GONE

19   THROUGH THEIR PRODUCTION.

20             MS. CALKINS:  WE HAVE GONE THROUGH THE MAJORITY OF

21   THEIR PRODUCTION.  YES, YOUR HONOR.

22             THE COURT:  OKAY.  MY FIRST INSTINCT WHEN I LOOKED

23   THROUGH ALL OF THIS AND ASSUMED THAT THEY HAD PRODUCED

24   SOMETHING WAS THAT REALLY YOU SHOULD COMPLETE THE PROCESS OF

25   GOING THROUGH THEIR PRODUCTION FIRST BEFORE YOU COMPLAIN AND

EXHIBIT 17  PAGE 838

1    SEEK RELIEF.

2            DOESN'T THAT MAKE SENSE?

3            MS. CALKINS:  THERE ARE CERTAIN ISSUES THAT STAND

4    INDEPENDENT FROM THE DOCUMENT PRODUCTION.  FOR EXAMPLE, IN

5    PLAINTIFF'S WRITTEN RESPONSES THEY HAVE MADE NO SECRET OF THE

6    FACT THAT THEY WILL NOT SEARCH ALL EMPLOYEES' FILES FOR

7    DOCUMENTS.  AND THEY WILL NOT DO A COMPREHENSIVE SEARCH.

8            THE FEDERAL RULES CONTEMPLATE THAT A DILIGENT

9    SEARCH OCCUR.  THEIR WRITTEN RESPONSES SPECIFICALLY DO NOT

10   AGREE TO DO THAT.  INSTEAD, THEY AGREE --

11           THE COURT:  OKAY.  I AGREE WITH YOU THAT I DON'T

12   REALLY LIKE THE WAY THAT THEY FRAMED IT BECAUSE IT SEEMS TO

13   EXCLUDE THE POSSIBILITY OF, FOR EXAMPLE, TALKING TO PEOPLE

14   AND ASKING THEM WHERE RELEVANT DOCUMENTS MIGHT BE FOUND.  SO,

15   I'D RATHER THEY PHRASE THAT DIFFERENTLY.

16           BUT THEY DON'T REALLY HAVE TO LOOK AT EVERY PIECE

17   OF PAPER IN THE COMPANY, DO THEY?  THEY DON'T HAVE TO TALK TO

18   EVERY SINGLE EMPLOYEE IN THE SHIPPING DEPARTMENT OR WHATEVER,

19   DO THEY?

20           MS. CALKINS:  I AGREE WITH YOUR HONOR ON THAT.  SO,

21   THAT'S WHY IN THE RESPONSES THEY AGREED TO PRODUCE CERTAIN

22   DOCUMENTS FROM CERTAIN EMPLOYEES WHO THEY WILL IDENTIFY USING

23   CERTAIN SEARCH TERMS THAT THEY WILL IDENTIFY.

24           BUT WHEN WE HAD OUR MEET AND CONFER, MR. LEDAHL AT

25   THE END OF THE SECOND DAY AGREED TO PRODUCE SUCH A LIST.  A

EXHIBIT 17  PAGE 839

# EXHIBIT 18

EXHIBIT 18  PAGE 840

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

CIVIL MINUTES--GENERAL

Case No.  CV 07-5744 AHM (AJWx)                Date: November 26, 2008

Title: UMG RECORDINGS, INC., et al. v. VEOH NETWORKS, INC., et al.
==================================================================
PRESENT:  **HON.  ANDREW J. WISTRICH, MAGISTRATE JUDGE**


_____Ysela Benavides_____          _____
            Deputy Clerk                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:          ATTORNEYS PRESENT FOR DEFENDANTS:
     None Present                                None Present

**ORDER REGARDING VEOH'S EX PARTE APPLICATION FOR AN ORDER COMPELLING UMG TO COMPLY WITH PRIOR ORDER REQUIRING SUPPLEMENTAL RESPONSES AND PRODUCTION**

The ex parte application is **granted** in part and **denied** in part. To the extent that the ex parte application is denied, the denial is without prejudice to its renewal on the basis of a more adequate record.

Veoh may serve UMG with a letter identifying any requests for production which were the subject of Veoh's motion to compel (the one which was denied during the August 25, 2008 hearing) and as to which Veoh contends UMG's production remains incomplete. As to those requests for production, UMG must comply with paragraph 2 of the August 25, 2008 order within 11 days of service of Veoh's letter.

As to the remainder of the ex parte application, Veoh appears to be attempting to stretch the statements made by the court during the August 25, 2008 hearing a bit too far.  What the court wanted to discourage was the re-litigation by UMG of issues it had previously contested and lost in the Grouper case or the Myspace case (such as by arguing in this case that the profitability or value of allegedly infringed works is irrelevant if UMG seeks only statutory damages - an argument rejected in the March 17, 2008 order in the Myspace case), not the litigation of issues resolved by negotiation (even if they later were embodied in a stipulated order, such as the November 8, 2007 order).  On the present record, UMG does not appear to be doing what the court sought to discourage.[1]  If it is,

_____

[1]      For example, it appears that UMG has produced documents regarding its revenues and the profitability of the allegedly infringed works to the extent that it is able to. [See UMG's Opposition at 6].  It does not appear that UMG is relying on the argument previously rejected by the court in the March 17, 2008 order in the Myspace case, namely, that such mate

EXHIBIT 18 PAGE 341

then Veoh is going to have to make that more clear than it has in this ex parte application.

Of course, the court would prefer that UMG simply produce every type of document which it produced in the <u>Myspace</u> or <u>Grouper</u> cases that would be relevant to this case, regardless of whether it was ordered to do so or merely agreed to do so. UMG, however, is only prohibited from litigating in this case issues that were both contested and decided adversely to UMG in the <u>Myspace</u> case or the <u>Grouper</u> case. Naturally, to the extent that there is evidence of an agreement by UMG to produce particular types of documents in the <u>Myspace</u> case or the <u>Grouper</u> case, the court is likely to be heavily influenced by it in this case because that agreement probably reflects a reasonable compromise of the disputed issue that even UMG found acceptable in the past.

**IT IS SO ORDERED.**

cc:  Parties

MINUTES FORM 11                                    Initials of Deputy Clerk_____
CIVIL-GEN

---

because UMG is seeking only statutory damages.
      Similarly, although UMG's production of documents related to so-called "viral marketing" may or may not be complete, it does not appear from the present record that UMG is withholding such documents based on the contention that its viral marketing, if any, is irrelevant. [<u>See</u> UMG's Opposition at 5 n.1].

EXHIBIT 18  PAGE 842

# EXHIBIT 19

EXHIBIT 19  PAGE 843

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

No.    CV 07-5744-AHM(AJWx)                          Date: December 17, 2008

Title: UMG RECORDINGS, INC. VS. VEOH NETWORKS, INC., ET AL.

Present: The
 Honorable    ANDREW J. WISTRICH, U.S. MAGISTRATE JUDGE

| Ysela Benavides | CS-17-2008 | n/a |
|---|---|---|
| Deputy Clerk | Court Smart Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Steven Marenerg | Rebecca Lawlor Calkins |
| Brian Ledahl | Jennifer Goinveaux |
| Benjamin Glatstein | Erin Ranahan |

**Proceedings:**   1) VEOH'S RENEWED MOTION TO COMPEL VERIFIED
INTERROGATORY RESPONSES; 2) VEOH'S RENEWED MOTION TO
COMPEL PLAINTIFF TO IDENTIFY WORKS AT ISSUE; 3) VEOH'S
RENEWED MOTION TO PRODUCE CHAIN OF TITLE/RIGHTS
INFORMATION RE ALLEGEDLY INFRINGED WORKS; 4)VEOH'S
RENEWED MOTION TO COMPEL PRODUCTION OF DOCUMENTS
RELATING TO FINANCIAL INFORMATION AND DAMAGES; 5)
VEOH'S MOTION TO COMPEL THE ADDITION OF CUSTODIANS AND
PRODUCTION OF DOCUMENTS AND 6)UMG'S MOTION TO COMPEL
RE (1)SEARCH TERMS, (2)CUSTODIANS AND (3)"SKYPE"
ACCOUNTS

Case called.  Counsel make their appearances.  Court questions counsel and listens to their responses.

The parties have resolved part of Veoh's renewed motion to compel plaintiff to identify the works at
issue.  As stated on the record, plaintiff will serve supplemental responses  to interrogatories 1, 2 and 3,
and plaintiff will produce documents in response to request 26 by January 9, 2009.  In addition, the
deadline for plaintiff to provide a complete list of the allegedly infringed works at issue in this case is
January 16, 2009. Plaintiff may seek an extension of that deadline, if necessary. To this extent, the
motion is granted.

All other motions are argued and submitted for decision.

cc:  Parties

|  | 2 | : | 43 |
|---|---|---|---|
| Initials of Preparer | yb | | |

EXHIBIT 19  PAGE 844

# EXHIBIT 20

EXHIBIT 20  PAGE 845

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

**CIVIL MINUTES--GENERAL**

Case No. CV 07-5744 AHM (AJWx)                 Date: December 29, 2008

Title: <u>UMG RECORDINGS, INC., et al. v. VEOH NETWORKS, INC., et al.</u>
================================================================
PRESENT:    **HON.  <u>ANDREW J. WISTRICH</u>, MAGISTRATE JUDGE**

        <u>      Ysela Benavides      </u>          <u>                        </u>
            Deputy Clerk                            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:
        None Present                                None Present

**ORDER REGARDING VEOH'S MOTION TO COMPEL THE ADDITION OF CUSTODIANS AND PRODUCTION OF DOCUMENTS**

As to issue 1, the motion is **granted** as to Iovine and Urie, but **denied** as to Geller, Holt, Kossowicz, Oliver, and Roberts.

As to issue 2, the motion is **denied** as moot.  The focus of this issue appears to be on documents referring to Veoh.  UMG has represented to the Court that it has "produced all non-privileged documents that were identified by the search term 'Veoh'". [Joint Stipulation at 31].

As to issue 3, the motion is **granted** in part. UMG must serve a supplemental response confirming completeness of its production of its organization charts, produce any additional, non-duplicative organization charts, and unless the date is apparent from the document, provide the approximate time period to which each organization chart it has produced pertains.

Compliance by **January 20, 2009** is required.

**IT IS SO ORDERED.**

cc:  Parties

MINUTES FORM 11                          Initials of Deputy Clerk_____
CIVIL-GEN

EXHIBIT 20  PAGE 846

# EXHIBIT 21

EXHIBIT 21  PAGE 847

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

**CIVIL MINUTES--GENERAL**

Case No.   CV 07-5744 AHM (AJWx)                    Date: February 4, 2009

Title: <u>UMG RECORDINGS, INC., et al. v. VEOH NETWORKS, INC., et al.</u>
=================================================================
PRESENT:    **HON.  ANDREW J. WISTRICH, MAGISTRATE JUDGE**

<u>        Ysela Benavides        </u>        <u>                        </u>
        Deputy Clerk                          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:
     None Present                                  None Present

**ORDER REGARDING VEOH'S MOTION TO COMPEL UMG TO PRODUCE CHAIN OF TITLE/RIGHTS INFORMATION REGARDING ALLEGEDLY INFRINGED WORKS**

The motion is **granted** in part and **denied** without prejudice in part. The parties are directed to lodge by February 10, 2009 a joint proposed order in substantially the same form as the order concerning this issue that was filed in <u>UMG Recordings, Inc. v. DivX, Inc.</u>, Case No. CV 07-6835-AHM (AJWx) on February 3, 2009.

**IT IS SO ORDERED.**

cc:  Parties

MINUTES FORM 11                          Initials of Deputy Clerk_____
CIVIL-GEN

EXHIBIT 21  PAGE 848

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

**CIVIL MINUTES--GENERAL**

Case No.  CV 07-5744 AHM (AJWx)                Date: February 11, 2009

Title: <u>UMG RECORDINGS, INC., et al. v. VEOH NETWORKS, INC., et al.</u>
=================================================================
PRESENT:   **HON.  ANDREW J. WISTRICH, MAGISTRATE JUDGE**

          _____Ysela Benavides_____          _____
              Deputy Clerk                          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:       ATTORNEYS PRESENT FOR DEFENDANTS:
      None Present                              None Present

**AMENDED ORDER REGARDING VEOH'S MOTION TO COMPEL UMG TO PRODUCE CHAIN OF TITLE/RIGHTS INFORMATION REGARDING ALLEGEDLY INFRINGED WORKS**

The motion is **granted** in part and **denied** without prejudice in part. The parties are directed to lodge by **February 18, 2009** a joint proposed order in substantially the same form as the order concerning this issue that was filed in <u>UMG Recordings, Inc. v. DivX, Inc.</u>, Case No. CV 07-6835-AHM (AJWx) on February 11, 2009.

**IT IS SO ORDERED.**

cc:  Parties

MINUTES FORM 11                          Initials of Deputy Clerk_____
CIVIL-GEN

EXHIBIT 21  PAGE 849

1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                          WESTERN DIVISION

11   UMG RECORDINGS, INC., *et al.*,     )    Case No. CV-07-05744 AHM (AJWx)
                                         )
12              Plaintiffs,              )    **ORDER RE: VEOH'S RENEWED**
                                         )    **MOTION TO COMPEL**
13        vs.                            )    **PLAINTIFFS TO PRODUCE**
                                         )    **CHAIN OF TITLE/RIGHTS**
14   VEOH NETWORKS, INC., *et al.*,      )    **INFORMATION RE: ALLEGEDLY**
                                         )    **INFRINGING WORKS**
15              Defendants.              )
                                         )    Magistrate: Hon. Andrew J. Wistrich
16                                       )    Ctrm:   690
                                         )
17                                       )    Discovery Cutoff:  April 13, 2009
                                         )    Pretrial Conference: July 13, 2009
18   _____)    Trial Date:  July 28, 2009

19

20

21

22

23

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Liability
Law Partnership Including
Professional Corporations

2016092

[PROPOSED] ORDER RE: VEOH NETWORKS, INC.'S
RENEWED MOTION TO COMPEL PLAINTIFFS TO
PRODUCE CHAIN OF TITLE/RIGHTS INFORMATION
RE: ALLEGEDLY INFRINGING WORKS

EXHIBIT 21  PAGE 850

1    Veoh Networks, Inc's ("Veoh") Renewed Motion to Compel Plaintiff UMG

2  Recordings, Inc. to Produce Chain of Title/Rights Information Re Allegedly

3  Infringing Works ("Motion") came on for hearing before this Court on December

4  17, 2008.  The Court, having reviewed the Motion, memoranda, declarations and

5  other evidence submitted, and such other and further evidence as may be considered

6  by this Court, and good cause appearing, hereby rules as follows:

7    **IT IS HEREBY ORDERED** that Veoh's Motion is **GRANTED in part and**

8  **DENIED without prejudice in part** as follows:

9    (1)    <u>Documents to be Produced</u>.  For the sample works-in-suit[1] identified as

10  set forth in items (2) and (3) below, Plaintiffs shall produce:

11          a.    All chain of title documents directly bearing on Plaintiffs'

12  ownership of, or claims of rights in, the works-in-suit, including but not limited to,

13  all assignment agreements, recording agreements, work-for-hire agreements,

14  songwriter agreements, artist agreements and acquisition agreements;

15          b.    All copyright registrations and renewals;

16          c.    All Plaintiffs' correspondence with the copyright office, the

17  copyright holder, the copyright registrant, and the copyright applicant pertaining to

18  the copyright registration; and

19          d.    All correspondence regarding ownership of the works-in-suit

20  reflecting disagreement or dispute regarding Plaintiffs' ownership of, control over,

21  right to administer, or other interest in any of the works-in-suit which rose to a

22  sufficiently serious level that inside or outside counsel became involved.

23    (2)    <u>Sample Selection</u>.  The sample works-in-suit shall be chosen

24  exclusively by Veoh.

25

26

27    [1] "Works-in-suit" refers to the alleged infringements identified by Plaintiffs in

28  response to Veoh's Interrogatory No. 25, which Plaintiffs shall have the right to
supplement upon receipt of Audible Magic metadata from Veoh.

[PROPOSED] ORDER RE: VEOH NETWORKS, INC.'S
RENEWED MOTION TO COMPEL PLAINTIFFS TO
PRODUCE CHAIN OF TITLE/RIGHTS INFORMATION
RE: ALLEGEDLY INFRINGING WORKS

1     (3)   <u>Sample Size</u>.  Veoh may select up to TWENTY PERCENT (20%) of

2 the works-in-suit identified by Plaintiffs.

3     (4)   <u>Deadlines</u>.

4        a.    Plaintiffs must produce the documents set forth above within

5 THIRTY (30) days after Veoh identifies in writing the selection of the sample

6 works-in-suit.

7        b.    Within TEN (10) days after Plaintiffs' production of documents,

8 Veoh shall identify to Plaintiffs any deficiencies in Plaintiffs' claimed ownership of

9 the sample works-in-suit. Within TWO (2) days thereafter, the Parties shall meet

10 and confer to try and reach agreement as to whether Plaintiffs should produce

11 additional ownership documents for the remaining works-in-suit.  If the Parties

12 cannot reach agreement, they are directed to contact the Court for instructions for

13 bringing the issue to the Court for resolution in an expedited manner.

14

15     **IT IS SO ORDERED.**

16

17 **Dated:  March 5, 2009**                                                _____

18                                       Hon. Andrew J. Wistrich

19                                       United States Magistrate Judge

                                       Central District of California

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER RE: VEOH NETWORKS, INC.'S
RENEWED MOTION TO COMPEL PLAINTIFFS TO
PRODUCE CHAIN OF TITLE/RIGHTS INFORMATION
RE: ALLEGEDLY INFRINGING WORKS

# EXHIBIT 22

EXHIBIT 22  PAGE 853

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

**CIVIL MINUTES--GENERAL**

Case No.  CV 07-5744 AHM (AJWx)                    Date: March 31, 2009

Title: <u>UMG RECORDINGS, INC., et al. v. VEOH NETWORKS, INC., et al.</u>
==================================================================
PRESENT:   **HON.  <u>ANDREW J. WISTRICH</u>, MAGISTRATE JUDGE**

         <u>    Ysela Benavides    </u>              <u>                        </u>
             Deputy Clerk                            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:
         None Present                              None Present


**ORDER REGARDING VEOH'S RENEWED MOTION TO COMPEL VERIFIED INTERROGATORY RESPONSES**

<u>Issue 1 - Interrogatories Regarding UMG's Viral Marketing</u>

As to interrogatory 9, the motion is **denied.**

As to interrogatory 10, the motion is **denied.**

As to interrogatory 11, the motion is **denied.**

As to interrogatory 13, the motion is **denied.**

As to interrogatory 15, the motion is **granted** in part and **denied** in part.  The interrogatory is narrowed to persons acting at the direction or request of UMG, or persons acting with the permission or authorization of UMG, and it is further narrowed to Veoh.com or other internet sites not licensed by UMG.

As to interrogatory 16, the motion is **granted** in part, but the interrogatory is narrowed to the identity of the allegedly infringed works and the number of copies of each such work distributed without charge.

As to interrogatory 19, the motion is **denied.**

As to interrogatory 24, the motion is **denied.**  It is not so-called "viral marketing," but rather the uploading of allegedly infringed works to veoh.com or internet sites not licensed by UMG that is relevant, and, if such activity occurred, information concerning it will be provided in response to interrogatory 15.

EXHIBIT 22  PAGE 854

Issue 2 - Discovery Relating to UMG's Damages, Promotion, Protection, and Value of the Allegedly Infringed Works

As to interrogatory 4, the motion is **granted** in part, but the time period is narrowed to the past 5 years.  The information must be provided work-by-work when UMG maintains it on that basis, and on an aggregate basis when UMG does not.

As to interrogatory 12, the motion is **granted**.  If UMG contends that it suffered no actual damages, it must say so explicitly. Otherwise, UMG must provide the requested information.

As to interrogatory 14, the motion is **granted** in part and **denied** in part.  This interrogatory is narrowed to the allegedly infringed works, and UMG is obligated merely to produce the licenses (to the extent it has not already done so).  To the extent that defendant wishes to compile information from those licenses, it may do so for itself.

Issue 3 - Discovery Relating to Notice to Veoh

As to interrogatory 20, the motion is **granted**.  UMG must serve a supplemental response describing any oral notices.  As to written notices, it is sufficient if UMG produces them.

As to interrogatory 21, the motion is **granted**.

Issue 4 - Interrogatory Regarding "Standard Technical Measures"

As to interrogatory 17, the motion is **granted**. If UMG contends that it did not employ any "standard technical measures" as that term is defined in 17 U.S.C. § 512(i)(2), it must say so explicitly.

Issue 5 - Previous Ownership Disputes Regarding Copyrights at Issue

As to interrogatory 23, the motion is **granted** in part and **denied** in part.  If such a dispute rose to the level of litigation, then UMG must provide the court, the names of the parties, the docket number, and the date on which the complaint was filed.  If such a dispute did not rise to the level of litigation, but did rise to a sufficiently serious level that inside counsel or outside counsel for UMG became involved, then UMG must describe the dispute in a supplemental response and produce the documents relating to the dispute.

EXHIBIT 22  PAGE 855

Nothing in this order is intended to restrict UMG's ability to invoke Fed. R. Civ. P. 33(d).

Compliance within 21 days is required.

**IT IS SO ORDERED.**

cc:  Parties

MINUTES FORM 11                                    Initials of Deputy Clerk_____
CIVIL-GEN

3

EXHIBIT 22  PAGE 856

# EXHIBIT 23

EXHIBIT 23  PAGE 857

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

**CIVIL MINUTES--GENERAL**

Case No.  CV 07-5744 AHM (AJWx)                Date: April 6, 2009

Title: <u>UMG RECORDINGS, INC., et al. v. VEOH NETWORKS, INC., et al.</u>
================================================================
PRESENT:    **HON.  <u>ANDREW J. WISTRICH</u>, MAGISTRATE JUDGE**

  <u>  Ysela Benavides  </u>   <u>       </u>
   Deputy Clerk        Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:  ATTORNEYS PRESENT FOR DEFENDANTS:
   None Present         None Present

**ORDER REGARDING VEOH'S MOTION TO COMPEL PRODUCTION OF UMG'S DIGITAL BLOG AND INSTANT MESSAGES**

As to UMG's Digital Blog, the motion is **denied** as moot.  Veoh concedes that it has been produced. [Veoh's Reply at 1].

As to UMG's instant messages, the motion is **granted** in part.  UMG must ask each of its custodians who are currently employees of UMG about their work-related instant messaging during the relevant period, determine whether additional responsive instant messages exist, and, if so, produce them.

All requests for sanctions are **denied.**

Compliance within 30 days is required.

**IT IS SO ORDERED.**

cc:  Parties

MINUTES FORM 11          Initials of Deputy Clerk_____
CIVIL-GEN

EXHIBIT 23  PAGE 858

# EXHIBIT 24

EXHIBIT 24  PAGE 859

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

**CIVIL MINUTES--GENERAL**

Case No.  CV 07-5744 AHM (AJWx)                Date: April 10, 2009

Title: <u>UMG RECORDINGS, INC., et al. v. VEOH NETWORKS, INC., et al.</u>
==================================================================
PRESENT:    **HON.  <u>ANDREW J. WISTRICH</u>, MAGISTRATE JUDGE**

<u>     Ysela Benavides     </u>          <u>                         </u>
         Deputy Clerk                          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:
        None Present                             None Present


**ORDER REGARDING VEOH'S RENEWED MOTION TO COMPEL PRODUCTION OF
DOCUMENTS RELATING TO FINANCIAL INFORMATION AND DAMAGES**

Veoh describes the relief sought by this motion as follows:

> This Motion seeks to compel the production of the
> following critical documents relating to Plaintiffs'
> alleged damages:
>
> * valuation and analyses regarding the allegedly infringed
>   works (Request Nos. 142, 190-191, 193-194, 196-197, 198,
>   200, 212-213, 227-229);
> * documents relating to deals with third parties with
>   respect to the allegedly infringed works (Request Nos.
>   98, 110, 126-127, 129, 130-132, 135-138);
> * documents specifically relating to the value of the
>   allegedly infringing works with respect to distribution
>   over the internet, including on veoh.com (Request Nos.
>   161-162, 164-165, 167-168, 192, 201); and
> * documents regarding Plaintiffs' efforts to protect the
>   allegedly infringing works (Request Nos. 175, 177-178,
>   182, 184-187, 216, 218, 221, 235).

[Joint Stipulation at 1-2].

Veoh has organized the requests as to which it seeks further
responses and production into the four categories or issues
outlined above.  For convenience, the court adopts the same
organization.

EXHIBIT 24  PAGE 860

As explained during the hearing, this motion, like its predecessor, fails to adequately explain the relevance of much of what is sought or to take into account material that UMG already has produced or already has been ordered to produce. In addition, as also explained during the hearing, some of the requests are very broad and the record does not reflect a conscientious effort by Veoh to narrow them or to tailor them to the needs of this case.  While Veoh may have reduced the number of requests at issue since it filed its previous motion, it has not narrowed the broad "relating to" language used in some of the surviving requests. This essentially invites the court to rewrite Veoh's requests itself – a task which the court declines to undertake.  Except as indicated below, the motion is **denied** on these grounds, or on the ground that the likely benefit of production is categorized by the likely burden of production.  See generally Fed. R. Civ. P. 26(b)(2)(C)(iii).

Unless otherwise indicated, the temporal scope of these requests is narrowed to the period January 1, 2003 to the present.

UMG already may have produced much of what this order directs it to produce.  Nothing UMG already has produced need be produced again.

Compliance within 21 days is required.

**Issue 1 - Valuations of the Allegedly Infringed Works**

As to request 213, the motion is **granted**, but the request is narrowed to such "analyses" or "studies" themselves.

As to request 227, the motion is **granted**, but the request is narrowed to such valuations themselves.

As to request 228, the motion is **granted** but the request is narrowed to plans, forecasts, budgets, and comparisons to plan with respect to revenues, costs, and profits.

**Issue 2 - Deals With Third Parties Relating to the Allegedly Infringed Works**

Veoh's perfunctory one paragraph discussion of the requests in this category [see Joint Stipulation at 32] demonstrates neither that these overly broad requests seek relevant materials nor that requiring production in response to these requests would be worth the effort and expense.  See Fed. R. Civ. P. 26(b)(2)(C)(iii). They also seek documents relating to things such as "Pressplay," "Total Music," etc., that are not adequately defined and the relevance of which is never adequately explained.  Of course, UMG already has been ordered to produce its licenses of the allegedly infringed works [see Order filed March 31, 2009], and even prior to that order probably had produced many of them.

EXHIBIT 24  PAGE 861

**Issue 3 - Information About the Value of Promoting the Allegedly Infringed Works Over the Internet**

As to requests 161, 162, and 164, the motion is **granted**, but the requests are narrowed to veoh.com or other websites not licensed by UMG.

As to requests 165 and 167, the motion is **granted**, but the requests are narrowed to the allegedly infringed works.

As to requests 192 and 201, the motion is **granted**, but the requests are narrowed to the "financial analyses" or "business plans or marketing plans" themselves.

**Issue 4 - Information Regarding the Allegedly Infringed Works**

As to request 175, the motion is **granted**, but the request is narrowed to veoh.com.

**IT IS SO ORDERED.**

cc:  Parties

MINUTES FORM 11                                    Initials of Deputy Clerk_____
CIVIL-GEN

EXHIBIT 24  PAGE 862