ORIGINAL

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1  Rebecca Lawlor Calkins (SBN: 195593)
   Email: rcalkins@winston.com
2  Erin R. Ranahan (SBN: 235286)
   Email: eranahan@winston.com
3  **WINSTON & STRAWN LLP**
   333 South Grand Avenue, 38th Floor
4  Los Angeles, CA 90071-1543
   Telephone: (213) 615-1700
5  Facsimile: (213) 615-1750

6  Jennifer A. Golinveaux (SBN 203056)
   Email: jgolinveaux@winston.com
7  **WINSTON & STRAWN LLP**
   101 California Street
8  San Francisco, CA 94111
   Tel: (415) 591-1506/Fax: (415) 591-1400

9
10 Michael S. Elkin (*pro hac vice*)
   Email: melkin@winston.com
   Thomas Lane (*pro hac vice*)
11 Email: tlane@winston.com
   **WINSTON & STRAWN LLP**
12 200 Park Avenue
   New York, New York 10166
13 Tel: (212) 294-6700/Fax: (212) 294-4700

14 Attorneys for Defendant,
   VEOH NETWORKS, INC.
15

16          **UNITED STATES DISTRICT COURT**

17          **CENTRAL DISTRICT OF CALIFORNIA**

18

19 UMG RECORDINGS, INC., a Delaware )    **Case No. CV 07 5744 -- AHM (AJWx)**
   Corporation, et al.,                )
20                                      )    **VEOH NETWORKS, INC.'S**
              Plaintiffs,              )    **APPLICATION TO FILE UNDER**
21                                      )    **SEAL:**
          vs.                          )
22                                      )    **-- DECLARATION OF MICHAEL S.**
   VEOH NETWORKS, INC., a California   )    **ELKIN IN SUPPORT OF VEOH'S**
23 Corporation, et al.,                )    **MOTION FOR ATTORNEYS' FEES**
                                        )    **AND COSTS; AND**
24            Defendants.              )
                                        )    **-- EXHIBIT 1 TO THE**
25                                      )    **DECLARATION OF REBECCA**
                                        )    **LAWLOR CALKINS IN SUPPORT**
26                                      )    **OF VEOH'S MOTION FOR**
                                        )    **ATTORNEYS' FEES AND COSTS**
27                                      )
28

FILED
2009 DEC 15 AM 10: 16
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

Dockets.Justia.com

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1    Pursuant to Local Rule 79-5 of the Stipulated Protective Order [attached hereto

2 as Exhibit A], Defendant Veoh Networks, Inc. ("Veoh"), seeks leave to file under seal

3 (1) the Declaration of Michael S. Elkin in Support of Veoh's Motion for Attorneys'

4 Fees and Costs; and (2) Exhibit 1 to the Declaration of Rebecca Lawlor Calkins in

5 Support of Veoh's Motion for Attorneys' Fees and Costs.

6    These documents describe and include information that contains attorney-work

7 product and attorney-client privilege with respect to Veoh's attorneys' fees and costs.

8 Accordingly, Veoh seeks to seal the documents to preserve the confidentiality of this

9 information.

10    This Application is narrowly tailored to seal only those materials containing

11 confidential information Veoh seeks to protect.

12    Thus, Veoh respectfully requests that the Court grant Veoh's application to file

13 the aforementioned document under seal, pursuant to Stipulated Interim Protective

14 Order governing this action.

15

16 Dated: December 14, 2009          WINSTON & STRAWN LLP

17

18                    By: _Erin R. Ranahan_

19                         Michael S. Elkin
                          Thomas Lane
20                         Jennifer A. Golinveaux
                          Rebecca Lawlor Calkins
                          Erin R. Ranahan
21
                          Attorneys for Defendant
22                         VEOH NETWORKS, INC.

23

24

25

26

27

28

---

1

# EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, <br><br>       Plaintiffs, <br><br>     v. <br><br> VEOH NETWORKS, INC., a California corporation, DOES 1-10, inclusive, <br><br>       Defendants. | Case No. CV 07-05744 AHM (AJWx) <br><br> **PROTECTIVE ORDER** <br><br> Judge:  Hon. Andrew J. Wistrich <br> Ctrm:   690 |

1       The Court, having considered the Motion for Entry of Protective Order

2   hereby enters the following Protective Order to govern disclosure of confidential

3   materials for this case:

4       1.    This Protective Order shall govern all Discovery Materials produced or

5   disclosed in the Litigation by any Party, or by any non-party, or their respective

6   counsel, retained experts, directors, officers, employees, or agents (referred to herein

7   collectively as "Representatives") (the "Producing Party") to any other Party or its

8   Representatives (the "Receiving Party").  The term "Discovery Materials" shall

9   mean and include Documents (as defined below); answers to interrogatories;

10  responses to requests for admissions; depositions; expert reports; briefs,

11  memoranda, or writings filed with or otherwise supplied to the Court; and such other

12  materials and information as may be produced or disclosed during the course of

13  discovery in the Litigation.  The term "Documents" shall mean every means of

14  recording any form of communication or representation upon any tangible thing,

15  including letters, words, pictures, sounds, or symbols, or combinations thereof,

16  whether recorded by handwriting, printing, photostatic, or photographic means,

17  magnetic impulse, tape, computer disk, CD-ROM or any other form of data storage,

18  data compilation, or mechanical or electronic recording, and all other tangible

19  things, including writings, drawings, graphs, charts, photographs, sound recordings,

20  images, and other data or data compilations stored in any medium from which

21  information can be obtained, which come within the meaning of "writing" contained

22  in Rule 1001 of the Federal Rules of Evidence, or within the meaning of

23  "document" or "tangible thing" contained in Rule 34 of the Federal Rules of Civil

24  Procedure.

25      2.    The term "CONFIDENTIAL INFORMATION" shall mean and include

26  non-public confidential information of or in the possession of the Producing Party as

27  to which the Producing Party considers in good faith to contain Trade Secrets (as

28

[PROPOSED] PROTECTIVE ORDER    EXHIBIT A  PAGE 4

1   that term is defined in California Civil Code § 3426.1)[1] or confidential business,

2   financial, or technical information that may be protected from public disclosure

3   under the Federal Rules of Civil Procedure or California law, including without

4   limitation non-public financial information regarding the party's goods, services and

5   businesses and potential businesses, including cost information, and profit and loss

6   information; non-public financial projections and forecasts; internal P&L statements

7   and other non-public financial and economic information including financial

8   analyses, budgets, sales projections and forecasts; non-public information regarding

9   business development, marketing and sales plans; non-public surveys; non-public

10  technical information including non-public engineering, manufacturing and

11  commercial information and know-how; non-public competitive analyses; customer

12  and member information; confidential agreements with third parties; confidential

13  communications with third parties; information received from third parties under

14  conditions of confidentiality, for example, pursuant to non-disclosure agreements or

15  confidentiality provisions; source code, proprietary databases and other proprietary

16  electronically stored information.

17        3.    The term "ATTORNEYS' EYES ONLY INFORMATION" shall mean

18  the subset of CONFIDENTIAL INFORMATION that contains information of an

19  extremely sensitive nature as to which the Producing Party has a good faith belief

20  that disclosure to a Receiving Party, even pursuant to the restrictions of this

21  Protective Order governing CONFIDENTIAL INFORMATION, could pose a

22  significant risk of competitive harm. The Parties agree that ATTORNEYS' EYES

23  ONLY information should be produced on more restrictive terms than other

24  CONFIDENTIAL INFORMATION to reduce the risk of competitive harm.

25        [1] "Trade Secrets" accordingly means "information, including a formula,
26  pattern, compilation, program, device, method, technique, or process, that: (1)
    Derives independent economic value, actual or potential, from not being generally
27  known to the public or to other persons who can obtain economic value from its
    disclosure or use; and (2) Is the subject of efforts that are reasonable under the
28  circumstances to maintain its secrecy." Cal. Civ. Code § 3426.1.

1        4.    Recognizing that the ordinary ATTORNEYS' EYES ONLY category

2    should generally protect parties and non-parties against the risk of having even

3    sensitive information exposed to business personnel, the Parties agree that some

4    information is so sensitive that greater protection is warranted.  Therefore, the

5    Parties agree that such highly sensitive information may be designated as

6    "OUTSIDE COUNSEL EYES ONLY," where they reasonably and in good faith

7    believe that providing such information to the limited House Counsel (as defined in

8    Paragraphs 6 and 7) under the Protective Order represents an unreasonable risk of

9    intentional or inadvertent disclosure, including without limitation:

10           (a)    Proprietary and confidential business plans that the other parties

11                   could utilize to their competitive advantage if they were provided

12                   access to them;

13           (b)    Proprietary and confidential financial information that the other

14                   parties could utilize to their competitive advantage if they were

15                   provided access to them; and

16           (c)    Other types of proprietary and confidential trade secrets such as

17                   lists of customers not publicly known, technical information, cost

18                   information, and individual pricing information not either

19                   publicly available or available upon the request of a customer

20                   that competitors could utilize to their competitive advantage.

21       5.    Any Discovery Materials filed with the Court or produced or provided

22   by any Party or non-party in the course of discovery or other proceedings in this

23   action may be designated by such Party or non-party as CONFIDENTIAL

24   INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE

25   COUNSEL EYES ONLY, so long as a good faith and reasonable basis exists for

26   such a designation.

27       6.    The term "Counsel" shall mean counsel of record in the Litigation and

28   in-house counsel for the companies who are attorneys actively involved in the

1  management and supervision of litigation for their employers ("House Counsel")

2  (subject to the limitations set forth in paragraph 7), and the supporting personnel

3  employed by the attorneys, such as paralegals, translators, secretaries, clerks,

4  shorthand reporters and document copiers.

5       7.     (a) Each party hereby designates the following individuals as their

6  "House Counsel" unless adjusted pursuant to the terms of this Paragraph:

7       For UMG:

8            (1) Michael Ostroff, (2) Harvey Geller, and (3) Scott Bauman.

9       For Veoh:

10            (1) Joshua Metzger, (2) Reserved, and (3) Reserved.

11       (b) Unless otherwise ordered by the Court or agreed in writing by the

12  parties, a Party that seeks to designate new House Counsel ("Designating Party"),

13  must first serve a written request on the other Party (1) that sets forth the full name,

14  current employer(s) and job title(s) of the proposed new House Counsel, and (2) that

15  identifies which of the previously-designated House Counsel will be relieved of

16  authority to review Attorneys' Eyes Only Discovery Materials.

17       (c)     A Designating Party that serves a request in accordance with the

18  preceding subparagraph may disclose confidential Discovery Materials to the

19  proposed new House Counsel unless, within seven court days of serving the

20  request, the other party serves the Designating Party with a written objection

21  to the proposed new House Counsel. Any such objection must set forth with

22  particularity the ground(s) on which it is based. The Parties must then

23  promptly meet and confer to try to resolve their disagreement. If no

24  agreement is reached, the Parties shall contact the Court to determine whether

25  it is the Court's preference to resolve the dispute by (1) teleconference, (2)

26  letter briefs, or (3) joint stipulation in accordance with the Local Rule

27  governing discovery disputes.

28

1      8.    A party or non-party disclosing information or producing documents

2 that are not to be accessed by any House Counsel shall designate such information

3 or documents as OUTSIDE COUNSEL EYES ONLY.

4      9.    An "Independent Expert or Consultant" is any person or organization

5 with whom counsel or a party may deem it necessary to consult concerning

6 technical, financial or other aspects of this case for the preparation or trial thereof.

7 For the purposes of this Order, an Independent Expert or Consultant shall be

8 restricted to a person who is retained or employed as a bona fide consultant or

9 expert for purposes of this litigation, whether full or part time, by or at the direction

10 of counsel for a party, and is not a past employee or independent contractor of, or

11 otherwise retained on behalf of (other than solely as a consultant or expert in

12 connection with litigation, subject to conflict of interest considerations), any party or

13 of a competitor of any party to this action, and who, at the time of retention, is not a

14 current employee or independent contractor of, or otherwise retained on behalf of

15 (other than solely as a consultant or expert of the retaining party in connection with

16 litigation, subject to conflict of interest considerations), a Party or a competitor of a

17 Party's, and does not anticipate becoming so engaged. For purposes of this Order,

18 defendant's competitors refers to Google Inc., Dailymotion S.A., Metacafe Inc.,

19 Hulu L.L.C., Crackle, Inc., Comcast, Truveo, Inc., and Brightcove, Inc. No

20 Independent Expert or Consultant may be shown any CONFIDENTIAL

21 INFORMATION, including ATTORNEYS' EYES ONLY INFORMATION or

22 OUTSIDE COUNSEL EYES ONLY INFORMATION, until such person or

23 organization reads this Protective Order and agrees to be bound by its terms by

24 signing the Non-Disclosure Agreement attached hereto as Exhibit A. The Party who

25 has retained such an Independent Expert or Consultant shall keep the original Non-

26 Disclosure Agreement signed by the Independent Expert or Consultant and, if

27 requested, make it available for inspection or copying by the Producing Party at the

28 conclusion of the litigation and all appeals, unless the Independent Expert or

1  Consultant has already been designated as a testifying expert, in which case it may

2  be requested by the Producing Party after such designation.

3      10.    Except as provided for below in Paragraphs 11, 12 or 13, any

4  Discovery Materials containing or including any CONFIDENTIAL

5  INFORMATION shall be designated as such by the Producing Party by stamping or

6  labeling it with, or otherwise affixing thereto, the following legend on every page of

7  the Document:

8                          **CONFIDENTIAL**

9      11.    Except as provided for in Paragraphs 12 or 13 below, any Discovery

10 Materials containing or including any ATTORNEYS' EYES ONLY

11 INFORMATION shall be designated as such by the Producing Party by stamping or

12 labeling it with, or otherwise affixing thereto, the following legend on every page of

13 the Document:

14            **CONFIDENTIAL - ATTORNEYS' EYES ONLY**

15     12.    Except as provided for in Paragraph 13 below, any Discovery Materials

16 containing or including any OUTSIDE COUNSEL EYES ONLY INFORMATION

17 shall be designated as such by the Producing Party by stamping or labeling it with,

18 or otherwise affixing thereto, the following legend on every page of the Document:

19       **CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY**

20     13.    All CONFIDENTIAL INFORMATION, including ATTORNEYS'

21 EYES ONLY INFORMATION and OUSIDE COUNSEL EYES ONLY

22 INFORMATION, not reduced to documentary or tangible form or which cannot be

23 conveniently designated in the manner set forth in Paragraphs 9, 10, and 11 above

24 shall be designated by the Producing Party by informing the Receiving Party in

25 writing of the appropriate designation.

26     14.    If a Producing Party discloses Discovery Materials which, during the

27 pendency of this litigation, it later determines were not, but should have been,

28 designated CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY

1  INFORMATION, or OUTSIDE COUNSEL EYES ONLY, the Producing Party may

2  so designate such Discovery Material by serving a written notice upon the Receiving

3  Party within ten (10) Court days of learning of the incorrect designation, along with

4  a copy of such Discovery Materials marked with the appropriate designation.  The

5  Receiving Party shall then take reasonable steps to destroy or return to the

6  Producing Party all unmarked copies of such Discovery Materials within ten (10)

7  Court days and certify in writing that it has done so.  The Receiving Party is relieved

8  of liability for any good faith reliance on the previous designation.

9       15.    If a Receiving Party wishes to challenge a Producing Party's

10  designation of Discovery Materials as CONFIDENTIAL INFORMATION,

11  ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES

12  ONLY, the Receiving Party may, at any time, notify the Producing Party in writing

13  that it requests a redesignation or release of confidentiality, stating the basis for its

14  request.  Within ten (10) Court days of such a written request, the Producing Party

15  shall either (1) grant in writing the request; or (2) communicate in writing its refusal

16  to do so, stating the basis for its refusal.  If the Producing Party fails to communicate

17  in writing its refusal to release confidentiality within ten (10) Court days, the

18  Producing Party shall be deemed to have refused and the parties shall meet and

19  confer and attempt to resolve the matter without Court intervention.  Similarly, if a

20  refusal is made or deemed made, the parties shall make a good faith effort to resolve

21  the matter without Court intervention.  If a refusal is made and not resolved by the

22  parties, the Receiving Party shall file, within ten (10) Court days of such written

23  request for release, a motion with the Court in support of its request for

24  redesignation or release of confidentiality in which the Receiving Party shall bear

25  first the burden of showing its need for additional disclosure.  If the Receiving Party

26  meets this burden, the burden shifts so that the Producing Party shall bear the burden

27  of showing the appropriateness of the confidentiality designation.  If the Receiving

28  Party fails to file a motion in the prescribed time, the Receiving Party shall be

1 deemed to have withdrawn its objection.  Discovery Materials designated

2 CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY

3 INFORMATION, or OUTSIDE COUNSEL EYES ONLY INFORMATION shall

4 be given the CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY

5 INFORMATION, or OUTSIDE COUNSEL EYES ONLY INFORMATION

6 treatment provided for in this Protective Order until the parties resolve the matter,

7 the refusal to release confidentiality is withdrawn, or the Court orders re-designation

8 of the Discovery Materials.

9        16.    In the event the Producing Party elects to produce CONFIDENTIAL

10 INFORMATION, including ATTORNEYS' EYES ONLY INFORMATION or

11 OUTSIDE COUNSEL EYES ONLY INFORMATION, for inspection by the

12 Receiving Party before copying, no marking need be made by the Producing Party

13 in advance of the inspection, but the Producing Party shall inform the Receiving

14 Party of the intended designation of the Discovery Materials to be inspected.  The

15 Receiving Party shall treat all such CONFIDENTIAL MATERIAL, including

16 ATTORNEYS' EYES ONLY INFORMATION and OUTSIDE COUNSEL EYES

17 ONLY INFORMATION, inspected, during the inspection and thereafter, pursuant

18 to this Protective Order.  Should Documents be copied by or for the Receiving

19 Party, the Producing Party shall mark the copies of such Documents as may contain

20 protected subject matter with the appropriate confidentiality marking at the time the

21 copies are produced to the Receiving Party.

22        17.    Whenever a deposition taken on behalf of any party involves the

23 reference to or disclosure of CONFIDENTIAL INFORMATION, ATTORNEYS'

24 EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES ONLY

25 INFORMATION:

26              (a)    said deposition or portions thereof (including exhibits) that

27                     contains CONFIDENTIAL INFORMATION, ATTORNEYS'

28                     EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES

- 8 -

1    ONLY INFORMATION shall be so designated by a statement to

2    such effect on the record in the course of the deposition.

3    Alternatively, within twenty (20) Court days after receiving the

4    transcript containing CONFIDENTIAL INFORMATION,

5    ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE

6    COUNSEL EYES ONLY INFORMATION the party whose

7    CONFIDENTIAL INFORMATION, ATTORNEYS' EYES

8    ONLY INFORMATION, or OUTSIDE COUNSEL EYES

9    ONLY INFORMATION has been disclosed may designate pages

10    of the transcript as confidential by listing the pages of the

11    transcript containing CONFIDENTIAL INFORMATION,

12    ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE

13    COUNSEL EYES ONLY INFORMATION and serving copies

14    of the list to counsel for all parties so that it may be affixed to the

15    face of the transcript and each copy thereof.  Pending such

16    designation by counsel, the entire deposition transcript, including

17    exhibits, shall be deemed ATTORNEYS' EYES ONLY

18    INFORMATION or, if Discovery Materials designated as

19    OUTSIDE COUNSEL EYES ONLY INFORMATION are used

20    during that deposition, as OUTSIDE COUNSEL EYES ONLY.

21    If no designation is made within the prescribed time, the

22    transcript shall be considered not to contain CONFIDENTIAL

23    INFORMATION, ATTORNEYS' EYES ONLY

24    INFORMATION, or OUTSIDE COUNSEL EYES ONLY

25    INFORMATION other than those portions designated on the

26    record during the deposition, if any; and

27    (b)    either party shall have the right to exclude from attendance at

28    said deposition, during such time as the CONFIDENTIAL

- 9 -

1    INFORMATION, including ATTORNEYS' EYES ONLY
2    INFORMATION or OUTSIDE COUNSEL EYES ONLY
3    INFORMATION, is to be referenced or disclosed, every
4    individual excluding the deponent and his attorney, the court
5    reporter, videographer and those individuals authorized under
6    this Protective Order to receive the CONFIDENTIAL
7    INFORMATION, including ATTORNEYS' EYES ONLY
8    INFORMATION or OUTSIDE COUNSEL EYES ONLY
9    INFORMATION.

10    18.    All Discovery Materials designated as CONFIDENTIAL
11    INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE
12    COUNSEL EYES ONLY INFORMATION shall be treated as confidential by the
13    Receiving Party and shall not be used by the Receiving Party for any purpose other
14    than in connection with this Action unless and until such designation is removed by
15    agreement of Counsel or by Order of the Court.

16    19.    Except as provided herein, all Discovery Materials designated as
17    ATTORNEYS' EYES ONLY shall not be disclosed by the Receiving Party to
18    anyone other than: (i) Counsel, (ii) Independent Experts or Consultants; and (iii) the
19    Court, pursuant to the terms of this Protective Order.

20    20.    Except as provided herein, all Discovery Materials designated as
21    CONFIDENTIAL INFORMATION but not as ATTORNEYS' EYES ONLY
22    INFORMATION shall not be disclosed by the Receiving Party to anyone other than:
23    (i) Counsel, (ii) Independent Experts or Consultants, (iii) any officer, director or
24    employee of UMG and/or Veoh, to the extent deemed necessary by counsel for
25    purposes only in connection with this litigation; and (iv) the Court, pursuant to the
26    terms of this Protective Order.

27

28

[PROPOSED] PROTECTIVE ORDER        EXHIBIT A  PAGE 13

1     21.   Unless as otherwise ordered by the Court, information and documents

2 designated as OUTSIDE COUNSEL EYES ONLY shall not be disclosed to any

3 person other than:

4           (a)   the attorneys of record for the Parties (but not including in-house

5               counsel for the Parties or any attorney who is an officer, director,

6               shareholder, or employee of any Party or its corporate affiliates)

7               and their partners, shareholders, associates, document clerks and

8               paralegals who are assigned to and necessary to assist such

9               attorneys. For the purpose of this subparagraph, "affiliate" shall

10              mean any corporate parent or subsidiary of any Party, or any

11              other entity that is under common control with any Party or

12              corporate parent or subsidiary of any Party, or any of their

13              successors or predecessors in interest;

14           (b)   secretaries, stenographers and other office or clerical personnel

15              employed by said attorneys and who assist them with respect to

16              litigation;

17           (c)   the authors, senders, addressees and designated copy recipients

18              of any document or thing which has been designated as

19              OUTSIDE COUNSEL EYES ONLY information;

20           (d)   such other persons as may be consented to by the Party

21              designating such information as OUTSIDE COUNSEL EYES

22              ONLY information;

23           (e)   outside litigation support vendors, including commercial

24              photocopying vendors, scanning services vendors, coders and

25              keyboard operators;

26           (f)   "independent experts or consultants" as defined and provided for

27              in paragraph 9; and

28

1       (g)   professional court reporters engaged to transcribe deposition

2              testimony, professional videographers engaged to videotape

3              deposition testimony and translators.

4     22.   In addition to the authorized persons listed in Paragraphs 19, 20, and

5 21, with respect to Documents designated as including CONFIDENTIAL

6 INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE

7 COUNSEL EYES ONLY INFORMATION, any person indicated on the face of the

8 Document to be its originator or author or a recipient thereof may be shown the

9 Document. Additionally, any Document designated as including CONFIDENTIAL

10 INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, OUTSIDE

11 COUNSEL EYES ONLY INFORMATION may be shown during a deposition to

12 the deposition witness if the witness is employed, at the time of his or her

13 deposition, by the party that produced the Document so designated during the

14 deposition of that person. A Document designated as including CONFIDENTIAL

15 INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE

16 COUNSEL EYES ONLY INFORMATION that contains handwriting may be

17 shown to a deposition witness for the purpose of determining whether the deposition

18 witness is the author of the Document or the handwriting, provided that the attorney

19 establishes through deposition testimony a reasonable and good faith basis for

20 believing that the Document or handwriting was or could have been authored by the

21 deposition witness, and provided that the attorney takes reasonable steps to ensure

22 that no unnecessary disclosure of CONFIDENTIAL INFORMATION,

23 ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES

24 ONLY INFORMATION takes place (e.g., by showing the deposition witness a

25 limited sample of the handwriting at issue).

26     23.   Nothing contained in this Protective Order shall preclude the Producing

27 Party from using or disseminating its own CONFIDENTIAL INFORMATION,

28

1  ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES

2  ONLY INFORMATION.

3      24.    CONFIDENTIAL INFORMATION, including ATTORNEYS' EYES

4  ONLY INFORMATION, or OUTSIDE COUNSEL EYES ONLY

5  INFORMATION, and all items which reveal the contents thereof to be filed with the

6  Court by any party or non-party shall be filed in sealed envelopes or other

7  appropriately sealed containers on which shall appear a legend which provides as

8  follows:

9                         FILED UNDER SEAL
                 CONTAINS CONFIDENTIAL INFORMATION
10                   SUBJECT TO PROTECTIVE ORDER
           The enclosed materials are subject to a Protective Order of the United
11          States District Court for the Central District of California.  This
           envelope may not be opened without Court Order by any person other
12              than this Court, court personnel or counsel of record.

13  In order to enable the Court to determine whether there is evidence that the Court

14  should attempt not to disclose, if a party or non-party files with the Court any

15  documents that contain, refer to, or rely on CONFIDENTIAL INFORMATION, all

16  such documents shall clearly identify the particular aspects of the documents that

17  contain, refer to, or rely upon such CONFIDENTIAL INFORMATION.  Absent

18  such notification, the Court will be free to incorporate all such documents and any

19  information contained, referred to, or relied upon therein in its written and oral

20  rulings.  The parties may do so at any time prior to the hearing or trial at which the

21  material may be used.  Under circumstances in which a ruling is likely to be made

22  without a hearing, the parties may do so within one court day of the filing.

23      25.    No provision of this Protective Order shall be deemed to create a

24  waiver as to inadvertently-produced Discovery Materials that are protected from

25  discovery on the basis of privilege or the work-product doctrine under Rule 26 of

26  the Federal Rules of Civil Procedure.  The inadvertent production of such

27  documents does not waive any privilege or immunity with respect to such

28  production or with respect to other materials or information referred to in the

- 13 -

1  materials produced, so long as a request for the return of such documents or

2  information is made within ten (10) Court days after the Producing Party learns of

3  its inadvertent production.  Within five (5) Court days of such request, the

4  Receiving Party shall take reasonable efforts to return the inadvertently produced

5  documents identified and all copies thereof, and certify in writing that it has done so.

6  Nothing in this Paragraph shall prejudice the right of any party to seek discovery of

7  communications, documents and things as to which a claim of privilege has been

8  made.

9      26.    If CONFIDENTIAL INFORMATION, including ATTORNEYS'

10  EYES ONLY INFORMATION or OUTSIDE COUNSEL EYES ONLY

11  INFORMATION, or any portion thereof is disclosed by the Receiving Party,

12  through inadvertence or otherwise, to any person or party not authorized under this

13  Protective Order, then the Receiving Party shall use its best efforts to retrieve

14  immediately all copies of such CONFIDENTIAL INFORMATION, including

15  ATTORNEYS' EYES ONLY INFORMATION or OUTSIDE COUNSEL EYES

16  ONLY INFORMATION, and to bind such person to the terms of this Protective

17  Order.  In such event, the Receiving Party shall also (a) promptly inform such

18  person of all the provisions of this Protective Order; (b) identify such person

19  immediately to the Producing Party; and (c) request such person to execute the Non-

20  Disclosure Agreement attached hereto as Exhibit A.  The foregoing shall not relieve

21  a party of liability, if any, for disclosing CONFIDENTIAL INFORMATION,

22  including ATTORNEYS' EYES ONLY INFORMATION or OUTSIDE COUNSEL

23  EYES ONLY INFORMATION, in violation of this Protective Order.

24      27.    Nothing in this Protective Order shall be deemed to preclude any party

25  or third party from seeking and obtaining, on an appropriate showing, additional

26  protection regarding materials or information designated as CONFIDENTIAL

27  INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE

28  COUNSEL EYES ONLY INFORMATION, or relief from this Protective Order.  In

[PROPOSED] PROTECTIVE ORDER          EXHIBIT A  PAGE 17

1   any such request to the Court, the party seeking to obtain additional protection or to

2   obtain relief from this Protective Order, shall bear the burden of showing why such

3   additional protection or relief should be granted.

4        28.    Nothing in this Protective Order shall bar or otherwise restrict any

5   attorney herein from rendering advice to the attorney's party-client relying upon an

6   examination of CONFIDENTIAL INFORMATION, including ATTORNEYS'

7   EYES ONLY INFORMATION or OUTSIDE COUNSEL EYES ONLY

8   INFORMATION, provided, however, that in rendering such advice and in otherwise

9   communicating with the party-client, the attorney shall not disclose any

10  CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY

11  INFORMATION, or OUTSIDE COUNSEL EYES ONLY INFORMATION, nor

12  the source of any CONFIDENTIAL INFORMATION, ATTORNEYS' EYES

13  ONLY INFORMATION, or OUTSIDE COUNSEL EYES ONLY INFORMATION

14  to anyone not authorized to receive such Discovery Materials pursuant to the terms

15  of this Protective Order.

16       29.    Notwithstanding any other provision of this Protective Order, the

17  confidentiality obligations of this Protective Order shall not apply or shall cease to

18  apply (as the case may be) to any CONFIDENTIAL INFORMATION, including

19  ATTORNEYS' EYES ONLY INFORMATION or OUTSIDE COUNSEL EYES

20  ONLY INFORMATION, that:

21          (1)    at the time of disclosure hereunder, was already in the public

22               domain by publication or otherwise;

23          (2)    has become, through no act or failure on the part of the

24               Receiving Party, part of the public domain by authorized

25               publication or otherwise lawful means;

26          (3)    at the time of disclosure, was already in the lawful possession of

27               the Receiving Party;

28

[PROPOSED] PROTECTIVE ORDER     EXHIBIT A  PAGE 18

1      (4)    after disclosure hereunder, was acquired by the Receiving Party

2             from a third party lawfully possessing such CONFIDENTIAL

3             INFORMATION,  ATTORNEYS' EYES ONLY

4             INFORMATION, or OUTSIDE COUNSEL EYES ONLY

5             INFORMATION, and having no confidentiality obligation to the

6             Producing Party;

7      (5)    the Producing Party agrees may be disclosed to a third party

8             under no confidentiality obligation; or

9      (6)    the Court, after notice to the parties and upon good cause, orders

10            to be disclosed.

11    30.    In the event that the case proceeds to trial, the parties may move the

12 Court, at any time within the deadlines set by the Court for the service and hearing

13 of motions in limine, to maintain the protected status of any information designated

14 as CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY

15 INFORMATION, or OUTSIDE COUNSEL EYES ONLY pursuant to this

16 Protective Order, or to implement alternative or additional protections for such

17 information at trial.  If the moving party shows sufficient cause to maintain the

18 protected status of the information or to implement alternative or additional

19 protections at trial, the Court will enter an order to that effect.  If no party makes a

20 motion under this Paragraph or if the Court denies a party's motion under this

21 Paragraph with respect to any information previously designated as

22 CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY

23 INFORMATION, or OUTSIDE COUNSEL EYES ONLY such information will

24 become public upon commencement of the trial and will be presumptively available

25 to all members of the public.

26    31.    If a Receiving Party in possession of Discovery Materials designated as

27 CONFIDENTIAL INFORMATION, including ATTORNEYS' EYES ONLY

28 INFORMATION or OUTSIDE COUNSEL EYES ONLY INFORMATION,

1   receives a subpoena or other request from a non-party to either action seeking
2   production or other disclosure of such Discovery Materials, the Receiving Party
3   shall immediately give written notice to the Producing Party, specifying the
4   Discovery Materials sought and enclosing a copy of the request, subpoena or other
5   form of compulsory process.  The Receiving Party shall not produce or otherwise
6   disclose any Discovery materials containing CONFIDENTIAL INFORMATION,
7   including ATTORNEYS' EYES ONLY INFORMATION or OUTSIDE COUNSEL
8   EYES ONLY INFORMATION, without prior written authority from the Producing
9   Party or order of this Court.

10          32.    Neither the taking of any action in accordance with the provisions of
11  this Protective Order, nor the failure to object thereto, shall be construed as a waiver
12  of any claim or defense in this action.  The entry of this Protective Order shall not be
13  construed as a waiver of any right to object to the furnishing of information in
14  response to discovery or to object to a requested inspection of Documents or things,
15  and, except as expressly provided, shall not relieve any party of the obligation of
16  producing information in the course of discovery.

17          33.    In the event anyone shall violate or threaten to violate the terms of this
18  Protective Order, the parties agree that the aggrieved party may immediately apply
19  to obtain injunctive relief against any such person violating or threatening to violate
20  any of the terms of the Protective Order, and in the event the aggrieved party shall
21  do so, the respondent person, subject to the provisions of this Protective Order, shall
22  not employ as a defense thereto the claim that the aggrieved party possesses an
23  adequate remedy at law.  The parties and any other person subject to the terms of
24  this Protective Order agree that this Court shall retain jurisdiction over it and them
25  for the purpose of enforcing this Protective Order.  The foregoing shall not be
26  construed as limiting a party's right to seek other remedies, including damages, if
27  any, in the event of a violation of this Protective Order.

28

34.    Either party may request any reasonable amendment to this Protective Order to facilitate the efficient and appropriate handling of CONFIDENTIAL INFORMATION, including ATTORNEYS' EYES ONLY INFORMATION or OUTSIDE COUNSEL EYES ONLY INFORMATION.  Non-parties from whom discovery is sought in connection with this action may designate their Discovery Materials as CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES ONLY INFORMATION, under the provisions of this Order.  Any amendment to this Protective Order must be entered by the Court to be effective.

35.    All Discovery Materials together with all copies thereof, which have been designated as including CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES ONLY INFORMATION and any documents containing such information, shall be destroyed or returned to the respective Producing Party, and as preferred by the Producing Party, within thirty (30) calendar days after the entry of final judgment and conclusion of any and all appeals, or the final settlement of this case, and certify in writing that it has done so.  Notwithstanding the foregoing, outside Counsel may maintain archival copies of pleadings, motion papers, legal memoranda, correspondence and work product that contain any CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or OUTSIDE COUNSEL EYES ONLY INFORMATION.  At all times while in existence, such archival copies shall be treated pursuant to the terms of this Protective Order.

36.    All notices, objections and other communications required or permitted to be made pursuant to any provision of this Protective Order shall be in writing.

- 18 -

1      37.   Except as specifically provided herein, the terms, conditions, and

2 limitations of this Protective Order shall survive the termination of this action. This

3 Protective Order shall remain in force and effect until modified, superseded, or

4 terminated by consent of the parties or by order of the Court made upon reasonable

5 written request. This Court shall retain jurisdiction over the subject matter of this

6 Order and the parties herein for purposes of enforcing this Order.

7

8 **SO ORDERED.**

9 Dated: 9/30/2008

10                                 Hon. Andrew J. Wistrich

11                               United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] PROTECTIVE ORDER     EXHIBIT A  PAGE 22

1

**EXHIBIT A**

2

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

3

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, ) | Case No. CV 07-05744 AHM (AJWx) |
| Plaintiffs, ) | **CONSENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER GOVERNING DISCLOSURE OF CONFIDENTIAL MATERIALS** |
| v. ) | |
| VEOH NETWORKS, INC., a California ) corporation; and DOES 1-10, inclusive, ) | |
| Defendants. ) | Judge: Hon. A. Howard Matz |
| ) | Ctrm: 14 |

4

5

6

7

8

9

10

11

12      I hereby certify that I have read the Protective Order governing disclosure of

13 confidential materials in the above-entitled action. I agree to be bound by its terms.

14 I also agree that any information I receive pursuant to the Stipulated Protective

15 Order shall not be used other than as provided in the Stipulated Protective Order. I

16 confirm that I meet the requirements for an Independent Expert or Consultant set

17 forth in Paragraph 9 of the Protective Order. I also hereby consent to be subject to

18 the personal jurisdiction of the United States District Court for the Central District

19 of California for any proceedings relating to the enforcement of the Stipulated

20 Protective Order.

21 Dated:_____

22                                              _____
                                                              [Signature]

23                                              Name:_____

24                                              Affiliation:_____

25                                              Address:_____
                                                              _____

26                                              _____

27                                              Phone:_____

28

- 20 -