UMG Recordings, Inc. et al v. Veoh Networks, Inc. et al                                                             Doc. 617

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5744 AHM (AJWx) | Date | January 15, 2010 |
|---|---|---|---|
| Title | UMG RECORDINGS, INC., et al. v. VEOH NETWORKS INC., et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:    Attorneys **NOT** Present for Defendants:

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

The Investor Defendants have moved for an award of attorneys fees from UMG.[1] After applying the factors set forth in *Fogerty v. Fantasy, Inc.*, 510, U.S. 517, 114 S.Ct. 1023 (1994), the Court DENIES the motion, for the following reasons.

## THE *FOGERTY* FACTORS

1.  Degree of Success on Plaintiff's Claims

Plaintiff lost. This factor favors the Investor Defendants, who were the prevailing parties.

2.  Frivolousness of the Plaintiffs' Claims

A claim could be frivolous for more than one reason. Here, the Investor Defendants contend that, assessed objectively, there was no tenable basis for UMG's claims against the Investor Defendants. The fact that ultimately this Court found that the claims lacked merit does not demonstrate, nor even imply, that they were frivolous. As aptly phrased in *Luken v. Int'l Yacht Council, Ltd.*, 581 F.Supp. 2d 1226, 1240 (S.D. Fla. 2008),

Alone, the fact that a court and its reviewing court in succession ultimately

---

[1] Dkt. No. 488. The parties are familiar with these shorthand references and with the background, so extensive recitals are unnecessary.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5744 AHM (AJWx) | Date | January 15, 2010 |
|---|---|---|---|
| Title | UMG RECORDINGS, INC., et al. v. VEOH NETWORKS INC., et al. | | |

repeatedly reject a legal proposition in a single case does not necessarily mean that that legal position was objectively unreasonable or frivolous at the time that it was taken.[*] Courts regularly reject reasonable legal positions in favor of other reasonable legal arguments. Indeed, precisely because the law may be susceptible to more than one reasonable interpretation, litigation occurs. Thus, the cases applying this *Fogerty* factor teach that a court must consider not how many times in the litigation at issue the presiding court rejected a non-prevailing party's legal position, but rather, the clarity of the law with respect to the losing party's position at the time that the losing party pressed its argument.

There was no clear appellate precedent upholding (or rejecting, for that matter) the validity of UMG's claims. The Investor Defendants hammer away at the absence of such support, arguing that it shows the claims were fanciful. In some cases, that factor (the absence of precedent) could be an indication that a claim is frivolous, but not here. In allowing UMG to amend the complaint to assert these claims, the Court noted that based on the proposed amendment "the claims against the investor defendants would not 'clearly be subject to dismissal.'" The Court's admonition to UMG about the consequences of pursuing such claims in a Second Amended Complaint were primarily about calendar-driven practical considerations; they were not tantamount to a warning that such claims were, or would be, frivolous. Claims that present a substantial question of first impression are not frivolous and not a reflection of bad faith. *Lifshitz v. Walker Drake & Sons, Inc.*, 806 F.2d 1426, 1435 (9th Cir. 1986).

3. <u>Motivation of UMG and its Counsel</u>

Nothing in the conduct of UMG or its counsel demonstrated an invidious motivation. UMG's lawyers could be described as having "played hardball," but they did not exceed the imprecise (and sometimes too-elastic) bounds of acceptable advocacy.

4. <u>Policy Considerations</u>

In *Fogerty* the Supreme Court acknowledged as a relevant factor "the need in

---

[*] Footnote deleted.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5744 AHM (AJWx) | Date | January 15, 2010 |
|---|---|---|---|
| Title | UMG RECORDINGS, INC., et al. v. VEOH NETWORKS INC., et al. | | |

particular circumstances to advance considerations of compensation and deterrence." 114 S.Ct. at 1033. That factor is not necessarily identical to whether the claim (or defense) furthers the purposes of the Copyright Act, although there is a connection between the two concepts. In any event, what UMG sought to do here was consistent with the kind of vigorous advocacy that can lead to clarification and more predictable application of principles of secondary copyright liability. That the Investor Defendants incurred such whopping fees in contributing to that clarification is regrettable (from their point of view), but sound principles of compensation and deterrence do not require that they be compensated. The Court reaches that conclusion with full recognition that the determination to be made "is whether a successful *defense* of the action furthered the purposes of the Act, not whether a *fee award* would do so." *Mattel, Inc. v. Walking Mountain Productions*, 353 F.3d 792, 816 (9th Cir. 2003) (emphasis in original).

|  | : |
|---|---|
| Initials of Preparer | SMO |