O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5744 AHM (AJWx) | Date | April 6, 2010 |
|---|---|---|---|
| Title | UMG RECORDINGS, INC., et al. v. VEOH NETWORKS INC., et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:              Attorneys **NOT** Present for Defendants:

**Proceedings:**         IN CHAMBERS (No Proceedings Held)

Veoh has moved for an award of attorneys' fees from UMG. The parties are familiar with their respective contentions and claimed authorities. For the following reasons, the Court DENIES the motion.[1]

## I.   DISCUSSION

### A.   Veoh was the "Prevailing Party"

In granting partial summary judgment to Veoh, the Court determined that Veoh was immune from liability because Veoh satisfied all the requirements for Section 512(c) safe harbor. Veoh was thus the prevailing party on the core issue in the litigation, which was its right to immunity under the DMCA. This victory was not *de minimis*.

Nonetheless, under the Copyright Act, Veoh is not necessarily entitled to recover attorneys' fees, because fees are awarded at the court's discretion. *See* 17 U.S.C. § 505 ("In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."). *See also Fogerty v. Fantasy, Inc.*, 510, U.S. 517, 533 (1994) ("The word 'may' [in the Copyright Act] clearly connotes discretion. The automatic awarding of attorney's fees to the prevailing party would pretermit the exercise of that discretion.") While the Act itself does not specify under what

---

[1] Docket No. 587.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5744 AHM (AJWx) | Date | April 6, 2010 |
|---|---|---|---|
| Title | UMG RECORDINGS, INC., et al. v. VEOH NETWORKS INC., et al. | | |

circumstances a court should award fees to the prevailing party, the factors that courts should consider have been developed through caselaw, including binding Ninth Circuit and Supreme Court authority. The Court will now address those factors.

### B.   Application of the *Fogerty* Factors

#### 1.   UMG's Motivation

In its order denying the Investor-Defendants' motion for attorneys' fees, the Court noted:

> Nothing in the conduct of UMG or its counsel demonstrated an invidious motivation. UMG's lawyers could be described as having "played hardball," but they did not exceed the imprecise (and sometimes too-elastic) bounds of acceptable advocacy.

January 15, 2010 Order at 2. The same is true of UMG's conduct and motivation with respect to Veoh. UMG is the owner of valid copyrights and it brought this action to stop what it believed was widespread infringement of those copyrights (and there is no doubt that some of UMG's copyrights had, in fact, been infringed). That UMG declined to avail itself of the DMCA's notice and takedown procedures could as easily reflect a good-faith belief on UMG's part that Veoh did not qualify for DMCA safe-harbor protection as it could permit a finding of willful indifference to applicable legal standards and requirements. Veoh has failed to demonstrate that UMG's legal challenge was improper, in bad faith, or contrary to the purposes of the Copyright Act.

#### 2.   Objective Unreasonableness

The Court, in its ruling on the Investor Defendants' motion for attorneys fees, stated that "[t]here was no clear appellate precedent upholding (or rejecting, for that matter) the validity of UMG's claims." The same applies to UMG's claims against Veoh. Although the Court ultimately disagreed with UMG on the safe harbor issue, UMG's position regarding the obligations and responsibilities of user-uploaded video services to police themselves was not unreasonable. Notwithstanding that the Court denied UMG's motion for summary judgment that the DMCA did not apply to Veoh, UMG's position

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5744 AHM (AJWx) | Date | April 6, 2010 |
|---|---|---|---|
| Title | UMG RECORDINGS, INC., et al. v. VEOH NETWORKS INC., et al. | | |

was not legally untenable.  *See UMG Recordings, Inc. v. Veoh Networks, Inc.*, 620 F. Supp. 2d 1081 (C.D. Cal. 2008) (denying summary judgment). Veoh and UMG each had a different interpretation of the phrase "by reason of storage," and the Court ultimately found Veoh's interpretation "more persuasive."  *Id*. at 1088.  The Court noted, however, that in the context of Veoh's software and technology, the phrase "by reason of storage" had "not previously been addressed judicially." *Id*. at 1083.

Similarly, although summary judgment was granted in favor of Veoh on the issue of whether it satisfied the remaining requirements of section 512(c) (and thus qualified for the safe harbor), the issue on which that ruling hinged had not been definitively addressed by an appellate court.  That issue was "the extent to which the DMCA obligates internet-based services like Veoh, which rely on content contributed by users, to police their systems to prevent all copyright infringement."   The same is true with respect to the related issue of whether Veoh had "adopted and *reasonably* implemented . . . a policy that provides for the termination in *appropriate* circumstances of subscribers and account holders of the service provider's system or network who are *repeat* infringers," as it was required to do under 17 U.S.C. § 512(i) in order to qualify for the safe harbor.  There has not been a great deal of caselaw interpreting under what circumstances a service provider's termination policies are "reasonably implemented" (or what are the "appropriate circumstances" for terminating a repeat infringer).  Although the Court ultimately found that the four software functions that UMG was challenging did fall within the scope of § 512(c), Veoh has not established that UMG's claims were "objectively unreasonable."  This is understanding given the changing nature of technological measures available to service providers to monitor and filter content uploaded to their systems.

Nor was the manner in which UMG pursued its claims unreasonable.  While Veoh argues that UMG pursued discovery in an "unnecessarily aggressive manner," many of UMG's discovery motions were granted, and Veoh itself engaged in aggressive discovery practices (for example, filing so many *ex parte* applications that the Court eventually ordered Veoh to stop filing them without prior approval).

   3.   Policy Considerations

There are policy considerations both for and against awarding Veoh attorneys'

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5744 AHM (AJWx) | Date | April 6, 2010 |
|---|---|---|---|
| Title | UMG RECORDINGS, INC., et al. v. VEOH NETWORKS INC., et al. | | |

fees. As the Court noted in its order denying the Investor Defendants' motion for attorneys fees, "what UMG sought to do here was consistent with the kind of vigorous advocacy that can lead to clarification and more predictable application of principles of secondary copyright liability." January 15, 2010 Order at 3. On the other hand, Veoh advanced a meritorious defense and awarding it fees would encourage it (and other defendants) to litigate such important defenses "to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement." *Fogerty*, 510 U.S. at 527.

Giving full consideration to the purposes of the Copyright Act, the Court concludes that Veoh is not entitled to recover attorneys' fees. "[T]here is typically no award of fees in cases involving issues of first impression or advancing claims that were neither frivolous nor objectively unreasonable." 4 Nimmer on Copyright § 14.10. Both Veoh and UMG advanced positions that were neither frivolous nor objectively unreasonable.

### C.    Because Veoh is Not Entitled to Attorneys' Fees under the Copyright Act, Veoh May Not Recover Attorneys' Fees under Rule 68

Veoh argues that Rule 68 provides an independent basis for the Court to grant it fees and costs incurred since October 2008, which is when Veoh made its Rule 68 offer. Veoh argues that this award is automatic, so the Court must award these fees regardless of whether it finds Veoh is otherwise entitled to attorneys' fees under the Copyright Act. UMG disputes this, and argues that Veoh may not recover fees under Rule 68 if it is not entitled to such recovery under the Copyright Act. Neither party has pointed to the Court to any authority that addresses this precise question.

The case that the Court finds to be most on-point is *United States v. Trident Seafoods Corp.*, 92 F.3d 855 (9th Cir. 1996), an action brought under the Clean Air Act. The defendant made a Rule 68 offer which was rejected, and after the trial, which defendant won, it sought recovery of its attorneys' fees. Under the Clean Air Act, fees may be awarded to a prevailing defendant only where the court finds that the action the plaintiff filed was "unreasonable." The *Trident* court found that the action was reasonable. For that reason, the defendant could not recover attorneys' fees pursuant to Rule 68, despite the defendant's lament "that this interpretation frustrates the purpose of Rule 68 by robbing it of any operative force." *Id*. at 860. As the Ninth Circuit explained, "Rule 68 is not intended to expand the bases for recovery of attorneys fees." *Id*. *Accord*

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5744 AHM (AJWx) | Date | April 6, 2010 |
|---|---|---|---|
| Title | UMG RECORDINGS, INC., et al. v. VEOH NETWORKS INC., et al. | | |

*Boisson v. Banian Ltd.*, 221 F.R.D. 378, 382 (E.D.N.Y. 2004) ("The court finds persuasive those cases . . . holding that attorneys' fees may be recovered pursuant to Rule 68 only if they are 'properly awarded' pursuant to the relevant statute.").

Accordingly, the Court finds that Veoh may not recover attorneys' fees pursuant to Rule 68 because, notwithstanding that it was the "prevailing party" under 17 U.S.C. § 505, the Court has found that attorneys fees are not "properly awardable" to Veoh under the Copyright Act.

## II.   CONCLUSION

For the reasons explained above, the Court DENIES Veoh's motion for the recovery of attorneys' fees.

No hearing is necessary. Fed. R. Civ. P. 78; L. R. 7-15.

|  | : |  |
|---|---|---|
| Initials of Preparer | SMO | |